

onebeaconhc.com

| RE: Excess Medical Facilities Liability Coverage<br>Sonic Healthcare Investments, G.P. | Policy |
|---|---|
| 06.26.2017 | Account No: 34379      Policy No: MFX-002013-0617 |

199 Scott Swamp Road
Farmington, CT 06032

877.701.0171 t
866.625.3590 f

# U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC") ADVISORY NOTICE TO POLICYHOLDERS

No coverage is provided by this Policyholder Notice nor can it be construed to replace any provisions of your policy. You should read your policy and review your Declarations page for complete information on the coverages you are provided.

This Notice provides information concerning possible impact on your insurance coverage due to directives issued by OFAC. **Please read this Notice carefully.**

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous:

- Foreign agents;
- Front organizations;
- Terrorists;
- Terrorist organizations; and
- Narcotics traffickers;

as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's web site – http//www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance are immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.

**Homeland Insurance Company of New York**
1000 Woodbury Road, Suite 403
Woodbury, NY 11797

**Policy Number:** MFX-002013-0617

# DECLARATIONS

# FOLLOW FORM EXCESS POLICY

**NOTICE: PORTIONS OF THIS POLICY APPLY ONLY TO CLAIMS FIRST MADE AGAINST THE INSURED AND REPORTED TO THE UNDERWRITER DURING THE POLICY PERIOD.** *PLEASE READ THIS POLICY CAREFULLY.*

| | |
|---|---|
| ITEM 1. | **NAMED INSURED**<br>Name and Principal Address:<br><br>Sonic Healthcare Investments, G.P.<br>9737 Great Hills Trl Ste 100<br>Austin, TX 78759-6449 |
| ITEM 2. | **POLICY PERIOD:**<br><br>(a) Inception Date: June 30, 2017<br>(b) Expiration Date: June 30, 2018<br>Both dates at 12:01 a.m. at the Principal Address in ITEM 1. |
| ITEM 3. | **LIMIT(S) OF LIABILITY** (subject to Section IV and inclusive of **Defense Expenses**):<br><br>█████ Per Claim<br>█████ Aggregate |
| ITEM 4. | **UNDERLYING INSURANCE:**<br>**Carrier**   **Policy Number**   **Limits of Liability**   **Coverage**<br>See Schedule of Underlying Insurance Endorsement |
| ITEM 5. | **PREMIUM:** █████<br><br>☐ *Gross Premium:* The Underwriter will pay a percentage of the Premium shown above as brokerage commission. The Underwriter does not pay contingent or deferred commissions. Consult your broker for information concerning commission.<br><br>☒ *Net Premium:* The Premium shown above is net, and the Underwriter will pay no brokerage commission of any kind thereon.<br><br>N/A  This Policy provides coverage for acts of terrorism as defined in the Terrorism Risk Insurance Act in accordance with all the terms and conditions of this Policy (including all endorsements attached hereto). The premium attributable to this coverage is $0<br><br> X   This Policy specifically excludes coverage for acts of terrorism in accordance with all of the terms and conditions of this Policy (including all endorsements attached hereto). |

| | |
|---|---|
| ITEM 6. | **ALL NOTICES REQUIRED TO BE GIVEN TO THE UNDERWRITER UNDER SECTION VIII OF THE POLICY MUST BE ADDRESSED TO:**<br><br>Claims<br>OneBeacon Insurance<br>199 Scott Swamp Road<br>Farmington, CT 06032<br>obiclaims@onebeacon.com |
| ITEM 7. | **POLICY FORM AND ENDORSEMENTS ATTACHED AT ISSUANCE:** |
| PF-0008-05-07 | Follow Form Excess Policy |
| AMP-00008-10-15 | Service of Suit |
| HPL-X-0004 | Minimum Earned Premium |
| HPL-X-0006 | Mold, Mildew And Other Fungi Exclusion |
| HPL-X-0009 | Schedule of Underlying Insurance |
| HPL-X-0029FF-06-07 | Grace Period for Notice of Claims Upon Renewal of Policy |
| HPL-X-0037 | Pollution Exclusion |
| HPL-X-0107FF-03-09 | Not Follow Form Of Sublimited Coverage(s) |
| HPL-X-0122FF | Network Security and Privacy Exclusion |

These Declarations, the completed signed Application, and the Policy (together with any and all endorsements thereto) shall constitute the entire agreement between the Underwriter and the Insured(s).

**Homeland Insurance Company of New York**
By:

_____     ___06.26.2017_____
Its Authorized Representative                                                      Date

**THIS IS A CLAIMS MADE POLICY WHICH APPLIES ONLY TO ANY CLAIM FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD.  THE LIMITS OF LIABILITY AVAILABLE TO PAY DAMAGES OR SETTLEMENTS SHALL BE REDUCED AND MAY BE EXHAUSTED BY PAYMENT OF DEFENSE EXPENSES.**

**Homeland Insurance Company of New York**

**FOLLOW FORM EXCESS POLICY**

**In consideration of the payment of the premium, and in reliance on all statements made and information furnished to  Homeland Insurance Company of New York  (hereinafter called the "Underwriter") and to the Insurer(s) of the Underlying Insurance, and subject to all of the terms, conditions and endorsements of this Policy, the Underwriter and the Insured agree as follows:**

**I.     INSURING AGREEMENT**

(A)     The Underwriter shall provide the **Insured** with insurance excess of the **Underlying Insurance** set forth in ITEM 4 of the Declarations, provided that the **Underlying Insurance** also applies and has been exhausted by actual payment thereunder, or would apply but for the exhaustion of the applicable limit(s) of liability thereunder.

(B)     With respect to any coverage provided by the **Underlying Insurance** on a claims-made basis, this Policy applies only to **Claims** first made against the **Insured** during the **Policy Period**.  In all events, Professional Liability coverage shall be deemed to apply on a claims-made basis.

(C)     With respect to any coverage (other than Professional Liability coverage) provided by the **Underlying Insurance** on an occurrence basis, this Policy applies only to **Claims** arising out of an occurrence during the **Policy Period**.

(D     This Policy will apply in conformance with, and will follow the form of, the terms, conditions, agreements, exclusions, definitions and endorsements of the **Underlying Insurance,** except:

(1)     the Underwriter will have no obligation under this Policy with respect to any **Claim** that is settled without the Underwriter's written consent;

(2)     with respect to any provisions to the contrary contained in this Policy;

(3)     the applicable limit of liability of the **Underlying Insurance** shall be deemed to be reduced or exhausted solely as a result of payments for loss or damages (including costs, charges and expenses) that are covered under this Policy; and

(4)     the coverage provided by this Policy shall not be broader than any **Underlying Insurance** unless expressly provided herein, including any endorsement hereto.

(E)     The Underwriter will not have any obligation to make any payment hereunder unless and until the full amount of the applicable limit of liability of the **Underlying Insurance** has been paid by the issuer(s) of

the **Underlying Insurance,** the **Insured** or by another party on behalf, or for the benefit, of the **Insured** or the issuer(s) of the **Underlying Insurance**.

## II. DEFINITIONS

(A) "**Application**" means the application attached to and forming part of this Policy, including any materials submitted in connection with such application, all of which are on file with the Underwriter and are a part of the Policy, as if physically attached.

(B) "**Claim**" has the meaning ascribed to it (or similar term) in the **Underlying Insurance**.

(C) "**Defense Expenses**" has the meaning ascribed to it (or similar term) in the **Underlying Insurance**.

(D) "**Insured**" means the persons or organizations insured under the **Underlying Insurance**.

(E) "**Policy Period**" means the period from the inception date to the expiration date in ITEM 2 of the Declarations, or to any earlier cancellation date.

(F) "**Primary Policy**" means the policy scheduled as such in ITEM 4 of the Declarations.

(G) "**Underlying Insurance**" means all insurance policies or risk transfer instruments (including, but not limited to, self-insured retentions or other alternative arrangements) scheduled in ITEM 4 of the Declarations and any policies or risk transfer arrangements renewing or replacing them.

## III. UNDERLYING INSURANCE

(A) All of the **Underlying Insurance** scheduled in ITEM 4 of the Declarations shall be maintained during the **Policy Period** in full force and effect, except for any reduction of the limits of liability available under the **Underlying Insurance** solely by reason of actual payment of **Claims** or losses thereunder. Subject at all times to clause (D) of this SECTION III, this Policy shall not be invalidated solely by reason of any failure of the **Insured** to comply with the foregoing, but under no circumstances shall the Underwriter be liable under this Policy earlier, or to any greater extent, than it would have been if the **Insured** had complied with this provision.

(B) Without prejudice to any rights of the Underwriter, in the event of any actual or alleged (1) failure by the **Insured** to give any notice or to exercise any extensions under any **Underlying Insurance**, or (2) misrepresentation or breach of warranty by the **Insured** with respect to any **Underlying Insurance**, the Underwriter will not be liable under this Policy earlier or to any greater extent than it would have been in the absence of such actual or alleged failure, misrepresentation or breach of warranty.

(C) No amendment or modification to any **Underlying Insurance** shall be binding upon the Underwriter or effective in extending the coverage or limits of liability afforded by this Policy without the express written agreement of the Underwriter.

(D) Notwithstanding anything to the contrary contained in this Policy, this Policy shall terminate immediately upon the rescission of any **Underlying Insurance**.

## IV. LIMIT OF LIABILITY

The amount stated in ITEM 3 of the Declarations is the limit of the Underwriter's liability under this Policy, and shall be the maximum amount, including **Defense Expenses**, payable by the Underwriter under this Policy. The limit of liability available to pay damages or settlements shall be reduced, and may be exhausted, by the payment of **Defense Expenses.**

### V. DEFENSE EXPENSES AND SETTLEMENTS

In the event a **Claim** is made which involves the coverage afforded by this Policy, no **Defense Expenses** shall be incurred without the Underwriter's prior written consent, which consent shall not be unreasonably withheld.

The **Insured** shall not admit liability for, or settle or offer to settle any **Claim** for, any amount that would involve the coverage afforded by this Policy without the Underwriter's prior written consent.

### VI. CLAIM PARTICIPATION

The Underwriter may, at its sole discretion, elect to associate in the investigation, settlement or defense of any **Claim** against the **Insured,** even if the **Underlying Insurance** has not been exhausted. If the Underwriter so elects, the **Insured** will cooperate with the Underwriter and will make available all such information and records as the Underwriter may reasonably require.

### VII. SUBROGATION AND RECOVERIES

In the event of any payment under this Policy, the Underwriter will be subrogated to all the **Insured's** rights of recovery against any person or entity, and the **Insured** shall execute and deliver all instruments and papers and do whatever else is necessary to secure such rights. The **Insured** shall do nothing that may prejudice the Underwriter's position or potential or actual right of recovery. The obligations of the **Insured** under this provision shall survive the expiration or termination of this Policy. The expenses of all such recovery proceedings shall be first subtracted from the amount of any recovery and the remaining amount so recovered shall be apportioned in the inverse order of payment to the extent of actual payment.

### VIII. NOTICE

As a condition precedent to any right to payment of the **Insured** under this Policy, and in accordance with ITEM 6 of the Declarations, the **Insured** shall give the Underwriter's Claims Department written notice of:

(A) any **Claim** under the **Underlying Insurance** as soon as possible, and in any event within the time period set forth by the **Underlying Insurance** with respect to notice of **Claims**; and

(B) any matter with respect to which notice has been provided under any **Underlying Insurance.**

With respect to Underlying Insurance written on a claims-made basis, if the **Insured** exercises the right under the **Underlying Insurance** to report a Notice of Circumstance (as defined below), then the **Insured** must also report such Notice of Circumstance to the Underwriter prior to the expiration of the **Policy Period**, and in such event any **Claim** that subsequently may arise out of such circumstance shall be deemed to have been made during the **Policy Period** in which such Notice of Circumstance first was reported.

As used herein, the term "Notice of Circumstance" means written notice of specific facts or circumstances of which the **Insured** becomes aware during the **Policy Period** that may subsequently give rise to a **Claim**.

### IX. ALTERATION

No change in or modification of this Policy shall be effective unless made by endorsement signed by an authorized employee or agent of the Underwriter.

### X. POLICY TERMINATION

(A) The **Insured** may cancel this Policy at any time by delivering by hand delivery or overnight mail service or by mailing registered, certified or other first-class mail, written notice stating when thereafter such cancellation is to be effective.

(B) The Underwriter may cancel this Policy only in accordance with the terms and conditions of the **Underlying Insurance**.

(C) The Underwriter will refund any unearned premium computed at its customary short rate if the Policy is canceled by the **Insured.** Under all other circumstances, any unearned premium shall be computed pro rata.

(D) The Underwriter will have no obligation to renew this Policy upon its expiration.

### XI. REPRESENTATIONS; SEVERABILITY

The **Insured** represents that the particulars and statements contained in the **Application** are true, accurate and complete, and agree that this Policy is issued in reliance on the truth of that representation, and that such particulars and statements, which are deemed to be incorporated into and to constitute a part of this Policy, are the basis of this Policy. No knowledge or information possessed by any **Insured** will be imputed to any other **Insured** except for material facts or information known to the person or persons who signed the **Application**. In the event that any of the particulars or statements in the **Application** is untrue, this Policy will be void with respect to any **Insured** who knew of such untruth or to whom such knowledge is imputed.

### XII. AUTHORIZATION AND NOTICES

The person or entity first named in ITEM 1 of the Declarations shall be the sole agent, and shall act on behalf, of the **Insured** with respect to all matters under this Policy, including but not limited to giving and receiving notices and other communications, effecting or accepting any endorsements to or notice of cancellation of this Policy, the payment of premium and the receipt of any return premiums.

**In Witness Whereof, the Underwriter has caused this Policy to be executed by its authorized officers.**

ENDORSEMENT NO. 1

## SERVICE OF SUIT ENDORSEMENT

This Endorsement, effective at 12:01 a.m. on June 30, 2017         , forms part of:

    Policy No.    MFX-002013-0617
    Issued by    Homeland Insurance Company of New York
    Issued to    Sonic Healthcare Investments, G.P.

In consideration of the premium charged:

(1)    We designate and authorize the following person as our agent for service of process for any proceeding brought by or on behalf of the insured, or any beneficiary under this policy, and arising out of this policy of insurance. Such service of process must be made by certified mail return receipt requested to:

        General Counsel
        OneBeacon Insurance Group - Legal Department
        605 North Highway 169
        Suite 800
        Plymouth, MN 55441

(2)    If required by applicable statute, we also designate the Superintendent, Commissioner or Director of Insurance, or other officer or individual specified in the law of the jurisdiction in which this policy is issued, to receive on our behalf service of process for any proceeding brought by or on behalf of the insured, or any beneficiary under this policy, and arising out of this policy of insurance. We authorize the Superintendent, Commissioner, Director or other officer or individual upon whom service is made to mail a copy of the process to the person identified in Paragraph 1. above.

(3)    In Rhode Island, we also designate and authorize the following person as our agent for service of process for any proceeding brought by or on behalf of the insured, or any beneficiary under this policy, and arising out of this policy of insurance:

        Sherry A. Goldin
        10 Weybosset Street
        Providence, Rhode Island 02903

(4)    In Oregon, service of process for any proceeding brought by or on behalf of the insured, or any beneficiary under this policy, and arising out of this policy of insurance may be made upon the insurance producer in the courts for the county where the insurance producer who registered or delivered the policy resides or transacts business.

(5)    By agreeing to the service of process provisions above, we do not waive our right to commence an action in any court of competent jurisdiction in the United States, remove an action to a United States District Court or seek a transfer of a case to another court as permitted by the laws of the United States or of any state within the United States.

As used above, the word "insured" means any person or organization qualifying as an insured under the policy, and the words "we" and "our" refer to the company providing this insurance.

All other terms, conditions and limitations of this Policy shall remain unchanged.

ENDORSEMENT NO. 2

# HEALTHCARE EXCESS INDEMNITY POLICY
# MINIMUM EARNED PREMIUM ENDORSEMENT

This Endorsement, which is effective at 12:01 a.m. on <u>June 30, 2017</u>, forms part of:

    Policy No.    MFX-002013-0617
    Issued by    Homeland Insurance Company of New York
    Issued to    Sonic Healthcare Investments, G.P.

In consideration of the premium charged:

It is understood and agreed that, for all purposes under the Policy, premium in the amount of $▮▮▮▮▮▮ will be deemed fully earned as of the Inception Date set forth in Item 2(a) of the Declarations.

All other terms, conditions and limitations of this Policy shall remain unchanged.

ENDORSEMENT NO. 3

# HEALTHCARE EXCESS INDEMNITY POLICY
# MOLD, MILDEW AND OTHER FUNGI EXCLUSION

This Endorsement, which is effective at 12:01 a.m. on <u>June 30, 2017</u>, forms part of:

Policy No.    MFX-002013-0617
Issued by    Homeland Insurance Company of New York
Issued to    Sonic Healthcare Investments, G.P.


In consideration of the premium charged:

(1)    No coverage will be available under this Policy for

     (a)    Claims for Bodily Injury, Property Damage, Personal Injury or Advertising Injury based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving exposure to, or the manifestation, release, dispersal, seepage, migration, discharge, appearance, presence, reproduction or growth of, mold, mildew, spores, mycotoxins, fungi, organic pathogens or other micro organisms of any type, nature or description whatsoever;

     (b)    any cost, expense or charge to test for, monitor, clean up, remediate, mitigate, remove, contain, treat, detoxify, neutralize, rehabilitate, or in any other way respond to or assess the effect(s) of mold, mildew, spores, mycotoxins, fungi, organic pathogens or other micro organisms of any type, nature or description whatsoever; or

     (c)    any cost, expense, charge, fine or penalty incurred, sustained or imposed by order, direction, request or agreement of any court, governmental agency, regulatory body or civil, public or military authority in connection with or in any way relating to mold, mildew, spores, mycotoxins, fungi, organic pathogens or other micro organisms of any type, nature or description whatsoever;

provided, however, that this exclusion shall not apply to any Claim based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the Insured's use of mold, mildew, spores, mycotoxins, fungi, organic pathogens or other micro organisms of any type, nature or description whatsoever in connection with the rendering of Medical Services, including medical research activities.

(2)    For the purposes of this endorsement:

     (i)    "Advertising Injury" means injury arising out of one or more of the following offenses:

         (a)    oral or written publication of material that slanders or libels a person or an organization or disparages a person's or an organization's goods, products or services;

         (b)    oral or written publication of material that violates a person's right of privacy; or

         (c)    misappropriation of advertising ideas or style of doing business.

     (ii)    "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time; mental anguish; and mental injury.

     (iii)    "Medical Services" means health care, medical care, or treatment provided to any individual.

     (iv)    "Personal Injury" means injury, other than Bodily Injury, arising out of one or more of the following

offenses:

(a) false arrest, detention or imprisonment;

(b) malicious prosecution;

(c) the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

(d) oral or written publication of material that slanders or libels a person or an organization or disparages a person's or an organization's goods, products or services; or

(e) oral or written publication of material that violates a person's right of privacy.

(v) "Property Damage" means

(a) physical injury to tangible property, including all resulting loss of use of that property; provided, that such loss of use shall be deemed to have occurred at the time of the physical injury that caused it; or

(b) loss of use of tangible property that is not physically injured; provided, that such loss of use shall be deemed to occur at the time of the occurrence that caused it.

All other terms, conditions and limitations of this Policy shall remain unchanged.

ENDORSEMENT NO. 4

# HEALTHCARE EXCESS INDEMNITY POLICY
# SCHEDULE OF UNDERLYING INSURANCE ENDORSEMENT

This Endorsement, which is effective at 12:01 a.m. on <u>June 30, 2017</u>, forms part of:

Policy No.   MFX-002013-0617
Issued by    Homeland Insurance Company of New York
Issued to    Sonic Healthcare Investments, G.P.

In consideration of the premium charged:

The term "Underlying Insurance," as used in the Policy shall mean the following:

| Carrier | Policy# | Limit | Coverage |
| --- | --- | --- | --- |
| A OneBeacon Company | MFL-004062-0617 | ■■■ Each Claim<br>■■■ Aggregate | Professional Liability |

All other terms, conditions and limitations of this Policy shall remain unchanged.

HPL-X-0009                                                                                       Page 1 of 1

ENDORSEMENT NO. 5

# GRACE PERIOD FOR NOTICE OF CLAIMS UPON RENEWAL OF POLICY

This Endorsement, which is effective at 12:01 a.m. on <u>June 30, 2017</u>, forms part of:

Policy No.   MFX-002013-0617
Issued by   Homeland Insurance Company of New York
Issued to   Sonic Healthcare Investments, G.P.

In consideration of the premium charged, in the event that this Policy is renewed by the Underwriter:

1. Clause (A) of Section VIII, NOTICE, of this Policy is amended to read in its entirety as follows:

    (A) any **Claim** under the **Underlying Insurance** as soon as possible, but in no event later than sixty (60) days after the expiration date set forth in ITEM 2(b) of the Declarations; and

2. The penultimate paragraph of Section VIII, NOTICE, of this Policy is amended to read in its entirety as follows:

    With respect to **Underlying Insurance** written on a claims-made basis, if the **Insured** exercises a right under the **Underlying Insurance** to provide Notice of Circumstance (as defined below), then the **Insured** must also provide such Notice of Circumstance to the Underwriter as soon as possible, but in no event later than sixty (60) days after the expiration date set forth in ITEM 2(b) of the Declarations, and in such event any **Claim** that subsequently may arise out of such circumstance shall be deemed to have been made during the **Policy Period**.

It is understood and agreed that the amendments set forth above shall apply *only* in the event this Policy is renewed by the Underwriter. In the event that this Policy is not renewed by the Underwriter, Clause (A) of Section VIII, NOTICE, of this Policy shall remain unchanged, such that as a condition precedent to any right to payment of the **Insured** under this Policy, the **Insured** shall give the Underwriter written notice of any **Claim** under the **Underlying Insurance** as soon as possible, and in any event within the time period set forth by the **Underlying Insurance** with respect to notice of **Claims**.

No other provision of Section VIII, NOTICE of this Policy shall be deemed or construed to have been modified or amended in any way by reason of this endorsement.

All other terms, conditions and limitations of this Policy shall remain unchanged.

ENDORSEMENT NO. 6

# HEALTHCARE EXCESS INDEMNITY POLICY
# POLLUTION EXCLUSION

This Endorsement, which is effective at 12:01 a.m. on <u>June 30, 2017</u>, forms part of:

Policy No.   MFX-002013-0617
Issued by    Homeland Insurance Company of New York
Issued to    Sonic Healthcare Investments, G.P.

In consideration of the premium charged:

1. No coverage will be available under this Policy for any Claim based on, arising out of, directly or indirectly resulting from, or in any way involving any:

    (a) actual or alleged exposure to, or generation, storage, manifestation, transportation, discharge, emission, release, dispersal, seepage, migration, escape, appearance, presence, reproduction, growth, treatment, removal or disposal of, any Pollutant, except where such exposure, generation, storage, manifestation, transportation, discharge, emission, release, dispersal, seepage, migration, escape, appearance, presence, reproduction, growth, treatment, removal or disposal was caused by an unintentional fire or any heat, smoke or fumes issuing from such unintentional fire;

    (b) fee, cost, expense or charge to test for, monitor, clean up, remediate, mitigate, remove, contain, treat, detoxify, neutralize or rehabilitate any Pollutant;

    (c) fee, cost, expense, charge, fine or penalty incurred, sustained or imposed by order, direction, request or agreement of any court, governmental agency, regulatory body or civil, public or military authority in connection with or in any way relating to any Pollutant;

    except this exclusion will not apply to any Claim for Bodily Injury or Property Damage caused by heat, smoke or fumes from a Hostile Fire.

2. For the purposes of this endorsement:

    (a) The terms Bodily Injury and Property Damage shall have the meanings ascribed to them in the Underlying Insurance;

    (b) the term "Pollutant" means smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, medical waste, waste materials (including materials which are intended to be or have been recycled, reconditioned or reclaimed) or other irritants, pollutants or contaminants. Pollutant does not include smoke, fumes, vapor or soot emanating from equipment used to heat or cool a building owned or operated by the Named Insured; and

    (c) the term "Hostile Fire" means a fire which becomes uncontrollable or breaks out from where it was intended to be contained; provided, that Hostile Fire does not include any fire that originates at any site operating as a waste disposal facility or waste storage facility.

All other terms, conditions and limitations of the Policy shall remain unchanged.

ENDORSEMENT NO. 7

# NOT FOLLOW FORM OF SUBLIMITED COVERAGE(S) ENDORSEMENT
# (RECOGNITION OF UNDERLYING EROSION)

This Endorsement, which is effective at 12:01 a.m. on June 30, 2017, forms part of:

Policy No.  MFX-002013-0617
Issued by   Homeland Insurance Company of New York
Issued to   Sonic Healthcare Investments, G.P.


In consideration of the premium charged:

(1)   It is understood and agreed that notwithstanding any provision to the contrary in this Policy, no coverage will be available under this Policy for any **Claim** which is subject to a **Sublimit** (as defined below) in any **Underlying Insurance**.

(2)   Notwithstanding Section I INSURING AGREEMENT (D)(3) of this Policy and solely with respect to **Claims** which are subject to a **Sublimit** in any **Underlying Insurance**, for purposes of determining when coverage afforded under this Policy shall attach, it is understood and agreed that the applicable limit(s) of liability of any **Underlying Insurance** shall be deemed to have been reduced, and may be exhausted, by the payment of loss or damages (including **Defense Expenses**) in connection with any such **Claim**.

(3)   For purposes of this endorsement, the term "**Sublimit**" means any limit of liability of any **Underlying Insurance** which:

   (a)   applies only to a particular grant of coverage under such **Underlying Insurance**, and

   (b)   is part of, and not in addition to the otherwise applicable limits of liability of such **Underlying Insurance**.

All other terms, conditions and limitations of this Policy shall remain unchanged.

ENDORSEMENT NO. 8

NETWORK SECURITY AND PRIVACY EXCLUSION

This Endorsement, which is effective at 12:01 a.m. on June 30, 2017, forms part of:

Policy No.      MFX-002013-0617
Issued by       Homeland Insurance Company of New York
Issued to       Sonic Healthcare Investments, G.P.

In consideration of the premium charged:

(1) No coverage will be available under this Policy for any **Claim** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:

   (a) unauthorized, unlawful, or unintentional taking, obtaining, accessing, using, disclosing, distributing, disseminating, transmitting, gathering, collecting, acquiring, corrupting, damaging, destroying, deleting, or impairing of any information or data of any kind, including but not limited to any **Personally Identifiable Information**;

   (b) failure or inability of any computer, computer component (including but not limited to any hardware, network, terminal device, data storage device, input and output device, or back up facility), application, program, software, code, or script of any kind (a "System") to perform or function as planned or intended, including but not limited to any failure or inability of any System to prevent any hack, virus, contaminant, worm, trojan horse, logic bomb, or unauthorized or unintended accessing or use involving any System; or

   (c) creation, development, design, manufacture, programming, leasing, licensing, distribution, assembly, installation, alteration, modification, or sale of any computer, computer component (including but not limited to any hardware, network, terminal device, data storage device, input and output device, or back up facility), application, program, software, code, script, or data of any kind.

(2) For the purposes of this endorsement, the term "**Personally Identifiable Information**" means a natural person's name used in combination with one or more of the following:

   (a) health care or other medical information, including "protected health information" as defined in the Health Insurance Portability and Accountability Act of 1996, as amended, or any rules or regulations promulgated thereunder;

   (b) "non-public personal information" as defined in the Gramm-Leach Bliley Act of 1999, as amended, or any rules or regulations promulgated thereunder;

   (c) social security, driver's license, or other state identification numbers or credit, debit, or other financial account numbers with their related security and access codes, passwords or pin numbers that provide access to the natural person's financial account information; or

    (d)    any other non-public personally identifiable information protected under any federal, state or local statutory or common law or any rules or regulations promulgated thereunder.

    **Personally Identifiable Information** does not include information that is lawfully available to the general public, including but not limited to information from any federal, state or local governmental or regulatory agency or entity.

All other terms, conditions and limitations of this Policy shall remain unchanged.