# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC., SONIC HEALTHCARE USA, INC., MEDLAB PATHOLOGY, SONIC HEALTHCARE (IRELAND) LIMITED, AND SONIC HEALTHCARE LIMITED.<br><br>　　　　Defendants. | CIVIL ACTION NO.: 1-20-cv-783 |

**CERTAIN DEFENDANTS' MOTION TO DISMISS
AND MEMORANDUM OF LAW IN SUPPORT**

**TABLE OF CONTENTS**

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND .......................................................................................................... 2

    I.    The Foreign Defendants are Domiciled Abroad; Sonic USA is Domiciled in Texas. . 2

    II.    The Homeland Primary and Excess Policies. ................................................................. 2

    III.    Plaintiff's Complaint Centers on One Underlying Claim. ............................................ 2

    IV.    Moving Defendants Affirm They Do Not Seek (And Will Not Seek) Coverage For The Ms. S Claim Under the Policies. ............................................................................. 3

ARGUMENT .................................................................................................................................. 3

    I.    The Court Lacks Subject Matter Jurisdiction Over Moving Defendants. .................... 3

    II.    The Court Lacks Personal Jurisdiction Over Foreign Defendants. ............................... 5

        A.    Foreign Defendants Are Not Subject to "General or All-Purpose" Jurisdiction Because They Are Not "At Home" in Texas. .................................................. 6

        B.    Foreign Defendants Are Not Subject to "Specific or Case-Linked" Jurisdiction Because Plaintiff's Suit Does Not Arise Out of Any Texas-Based Conduct of Foreign Defendants. ....................................................................................... 7

    III.    Plaintiff Fails to State a Claim Against Moving Defendants. ...................................... 8

CONCLUSION ................................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...........................................................................................................8

*Atain Specialty Ins. Co. v. Villager's Lodging Grp., LLC*,
    No. 18-cv-4664, 2019 WL 3080823 (S.D. Tex. Mar. 15, 2019) ........................................4

*Atlanta Int'l Ins. Co. v. Atchison, Topeka & Santa Fe Ry.*,
    938 F.2d 81 (7th Cir. 1991) ...............................................................................................5

*Bauer v. Texas*,
    341 F.3d 352 (5th Cir. 2003) .............................................................................................4

*BNSF Railway Co. v. Tyrrell*,
    137 S. Ct. 1549 (2017) .......................................................................................................6

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
    137 S. Ct. 1773 (2017) .......................................................................................................7

*Century Indemnity Co. v. Anheuser-Busch, Inc.*,
    No. 11-cv-1097, 2012 WL 919008 (E.D. Mo. Mar. 19, 2012) ..........................................5

*Colony Nat'l Ins. Co. v. DeAngelo Bros., Inc.*
    No. 3:13-cv-00401, 2014 WL 1159776 (M.D. Pa. Mar. 21, 2014) ...................................5

*Combustion Eng'g, Inc. v. Travelers Indem. Co.*,
    75 A.D.2d 777 (N.Y. App. Div. 1980) ..............................................................................5

*Howery v. Allstate Ins. Co.*,
    243 F.3d 912 (5th Cir. 2001) .............................................................................................4

*MedImmune, Inc. v. Genentech, Inc.*,
    127 S. Ct. 764 (2007) .........................................................................................................4

*Moncrief Oil Int'l Inc. v. OAO Gazprom*,
    481 F.3d 309 (5th Cir. 2007) ..........................................................................................7, 8

*Orix Credit All., Inc. v. Wolfe*,
    212 F.3d 891 (5th Cir. 2000) .............................................................................................4

*Perkins v. Benguet Consol. Mining Co.*
    342 U.S. 437 (1952) ...........................................................................................................6

*Rowan Companies, Inc. v. Griffin*,
   876 F.2d 26 (5th Cir. 1989) ...................................................................................................4

*Stockman v. Fed. Election Comm'n*,
   138 F.3d 144 (5th Cir. 1998) .................................................................................................4

*TXU Energy Retail Co., LP v. Emanuel Med. Ctr., Inc.*,
   No. 3:02-cv-2400, 2003 WL 21281651 (N.D. Tex. May 28, 2003) ...................................7, 8

*Val-Com Acquisitions Tr. v. Chase Home Fin., L.L.C.*,
   420 F. App'x 405 (5th Cir. 2011) ..........................................................................................8

*Zoch v. Magna Seating (Germany) GmbH*,
   810 F. App'x 285 (5th Cir. 2020) ..........................................................................................6

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)..........................................................................................................3, 4, 8

Fed. R. Civ. P. 12(b)(2).............................................................................................................3, 8

Fed. R. Civ. P. 12(b)(6).............................................................................................................3, 8

Defendants Sonic Healthcare USA, Inc. ("Sonic USA"), Medlab Pathology ("Medlab"), Sonic Healthcare (Ireland) Ltd. ("Sonic Ireland"), and Sonic Healthcare Ltd. ("Sonic Australia") (collectively, the "Moving Defendants") submit this Motion to Dismiss and Memorandum of Law in Support against Plaintiff Homeland Insurance Company of New York ("Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff's Complaint must be dismissed as to the Moving Defendants for three reasons. First, there is no "case or controversy" between the parties and thus no subject matter jurisdiction. Second, three of the Moving Defendants have no connection to the forum (the "Foreign Defendants") and thus there is no personal jurisdiction. Third, and lastly, because there is no "case or controversy" between the parties, Plaintiff also fails to state a claim against Moving Defendants.

Plaintiff, a domestic insurance company, filed this declaratory judgment action against five separate and distinct policyholder-defendants in order to receive a discrete declaration regarding its coverage obligations for one underlying tort claim: the "Ms. S Claim." However, Plaintiff alleges that only one defendant—Clinical Pathology Laboratory, Inc. ("CPL")—seeks coverage for the Ms. S Claim. Plaintiff does not allege that the four Moving Defendants also seek coverage for the Ms. S Claim, nor could Plaintiff make such an allegation, as Moving Defendants have affirmed that they do not seek, and will not seek, coverage from Plaintiff for the Ms. S Claim. Therefore, there is no "case or controversy" between Plaintiff and Moving Defendants.

Because there is no case or controversy, there is no subject matter jurisdiction (12(b)(1)) and no well-pled claim (12(b)(6)). There is likewise no personal jurisdiction (12(b)(2)) because Foreign Defendants do not reside in Texas and because Plaintiff does not allege that its suit arises out of any Texas-based conduct of Foreign Defendants. Plaintiff nevertheless seeks to hale Moving Defendants to this Court, some from nearly ten thousand miles away. Plaintiff has no basis to do so, and its Complaint must be dismissed.

## FACTUAL BACKGROUND

### I. The Foreign Defendants are Domiciled Abroad; Sonic USA is Domiciled in Texas.

Three of the four Moving Defendants do not reside in Texas or elsewhere in the United States. Indeed, Plaintiff acknowledges that Medlab and Sonic Ireland are incorporated in, and maintain their principal places of business in, Ireland, and that Sonic Australia is incorporated in, and maintains its principal place of business in, Australia. *See* Compl. ¶ 7–9 [Doc. No. 1]. Plaintiff acknowledges that Sonic USA, the only domestic Moving Defendant, is incorporated in Delaware with its principal place of business in Texas. *See id.* ¶ 6.

### II. The Homeland Primary and Excess Policies.

Plaintiff's Complaint pertains to coverage under two insurance policies. *Id.* ¶¶ 158–159. Specifically, Plaintiff's Complaint pertains to coverage under (1) Primary Medical Facilities and Providers Professional Liability Policy number MFL-004062-0617, which was issued to First Named Insured Sonic Healthcare Investments, G.P. and has a policy period of June 30, 2017 through June 30, 2018 (the "Primary Policy") (*see id.* ¶ 117), and (2) Excess Medical Facilities Liability Policy number MFX-002013-0617, which also was issued to First Named Insured Sonic Healthcare Investments, G.P. with a policy period of June 30, 2017 through June 30, 2018 (the "Excess Policy," collectively with the Primary Policy, the "Policies"). *Id.* ¶ 144.

### III. Plaintiff's Complaint Centers on One Underlying Claim.

Through its Complaint, Plaintiff seeks a narrow and discrete declaration regarding "whether there is coverage for the Ms. S Claim under the [Policies]." *Id.* at ¶¶ 158–59. Notably, Plaintiff acknowledges that that **only CPL—and not Moving Defendants—seek coverage for the Ms. S Claim**. *See* Compl. ¶¶ 103–116 (noting that "**CPL** now seeks reimbursement under the [Policies] for defense expenses and settlement of the Ms. S claim") (emphasis added). Thus, Plaintiff's dispute is with CPL and not the Moving Defendants.

2

### IV.     Moving Defendants Affirm They Do Not Seek (And Will Not Seek) Coverage For The Ms. S Claim Under the Policies.

Consistent with Plaintiff's allegation that only CPL seeks coverage for the Ms. S Claim, Moving Defendants have executed declarations in which they state that they do not seek and will not seek insurance coverage for any costs associated with the Ms. S Claim under either the Homeland Primary Policy or the Homeland Excess Policy.  *See* Ex. 1, Decl. of R. Moore in Supp. of Certain Defs.' Mot. to Dismiss (Sept. 28, 2020); Ex. 2, Decl. of T. Seeto in Supp. of Certain Defs.' Mot. to Dismiss (Sept. 28, 2020); Ex. 3, Decl. of J. West in Supp. of Certain Defs.' Mot. to Dismiss (Sept. 28, 2020).  Each declarant goes on to state that, "[b]ecause of that, [each of the Moving Defendants have] no dispute with Plaintiff Homeland Insurance Company of New York regarding insurance coverage for the Ms. S Claim."  *Id.*

## ARGUMENT

The Court should dismiss Plaintiff's Complaint on one or more of the following grounds: (1) because Moving Defendants do not seek, and will not seek, coverage from Plaintiff for the Ms. S Claim, there is no justiciable controversy between Plaintiff and Moving Defendants (calling for dismissal pursuant to Fed. R. Civ. P. 12(b)(1)); (2) because Foreign Defendants do not reside in Texas and Plaintiff's Complaint does not arise out of any Texas-based conduct of Foreign Defendants, this Court has no personal jurisdiction over Foreign Defendants (calling for dismissal pursuant to Fed. R. Civ. P. 12(b)(2)); and (3) because there is no justiciable controversy between Moving Defendants and Plaintiff, Plaintiff cannot state a declaratory judgment claim against Moving Defendants (calling for dismissal pursuant to Fed. R. Civ. P. 12(b)(6)).

### I.     The Court Lacks Subject Matter Jurisdiction Over Moving Defendants.

Plaintiff's Complaint seeks a declaratory judgment regarding insurance coverage for the Ms. S Claim under the Policy.  Because Moving Defendants do not seek (and never will seek)

coverage under the Policy for the Ms. S Claim, there is no justiciable controversy between Moving Defendants and Plaintiff, and on that basis, the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

Article III of the United States Constitution requires that an "actual controversy" exist before a federal court can declare the rights of parties pursuant to the Federal Declaratory Judgment Act. *See Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 898 (5th Cir. 2000).[1] The "party suing for declaratory relief bears the burden of proving, by a preponderance of the evidence, that an actual controversy exists." *Id.* at 897.[2] To satisfy its burden, the party bringing the action must demonstrate that it "seeks specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts" or "a factual situation that may never develop." *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007); *Rowan Cos. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989). If the party bringing the action fails to satisfy its burden, the court must dismiss it pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *See Atain Specialty Ins. Co. v. Villager's Lodging Grp.*, No. 18-cv-4664, 2019 WL 3080823, at *1 (S.D. Tex. Mar. 15, 2019) (citing Fed. R. Civ. P. 12(b)(1)). Indeed, "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

Because declaratory judgment actions may not be premised upon a "hypothetical state of facts" or "a factual situation that may never develop," courts routinely dismiss declaratory judgment actions brought by insurers when the policyholder "*may*" assert a claim for coverage.

---

[1] *See also Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) ("The actual controversy required under 28 U.S.C. § 2201(a)"—the Federal Declaratory Judgment Act—"is identical to the meaning of case or controversy for the purposes of Article III.").

[2] The baseline presumption is that "a suit lies outside [the Court's] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

4

*See Century Indemnity Co. v. Anheuser-Busch, Inc.*, No. 11-cv-1097, 2012 WL 919008, at *3 (E.D. Mo. Mar. 19, 2012) (emphasis added); *Combustion Eng'g, Inc. v. Travelers Indem. Co.*, 75 A.D.2d 777, 779 (N.Y. App. Div. 1980), *aff'd*, 53 N.Y.2d 875 (N.Y. 1981).[3]  Indeed, in *Anheuser-Busch*, the court dismissed the insurer's declaratory judgment action because the insurer "failed to specifically identify a single underlying claim for which defendant has demanded payment." 2012 WL 919008, at *3. In its dismissal order, the *Anheuser-Busch* court also rejected the insurer's argument that its complaint was valid because it sought "clarification on several legal questions that will aid the parties in interpreting the insurance policies at issue." *Id.*

Here, dismissal is more appropriate than it was in *Anheuser-Busch* because, unlike in that case, there is no possibility that Moving Defendants "may" demand coverage for the subject claim. Plaintiff seeks a narrow declaration regarding "whether there is coverage for the Ms. S Claim under the [Policies]," and Plaintiff alleges that only Clinical Pathology Laboratories, Inc.—and not Moving Defendants—seek coverage for the Ms. S Claim. *See* Compl. ¶¶ 103–109 [Doc No. 1]. Consistent with Plaintiff's allegations, Moving Defendants have affirmed that they do not seek, and never will seek, coverage under the Policy for the Ms. S Claim. *See* Exs. 1–3. In sum, there is no "actual controversy" between Plaintiff and Moving Defendants with respect to the Ms. S Claim, and the Complaint therefore must be dismissed as to Moving Defendants.

## II.   The Court Lacks Personal Jurisdiction Over Foreign Defendants.

Plaintiff's Complaint should be dismissed as to the Foreign Defendants for lack of personal jurisdiction. To establish personal jurisdiction, Plaintiffs have the burden of proving that the Court

---

[3] *See also Atlanta Int'l Ins. Co. v. Atchison, Topeka & Santa Fe Ry.*, 938 F.2d 81, 83–84 (7th Cir. 1991) (finding no actual controversy where insured had not made any demand under the policy reasoning that "the requisite 'injury' – a claim for payment by [the insured] – neither occurred nor was it immediately threatened by any of [the insured's] actions"); *Colony Nat'l Ins. Co. v. DeAngelo Bros., Inc.*, No. 3:13-cv-00401, 2014 WL 1159776 (M.D. Pa. Mar. 21, 2014) (rejecting carrier's argument that the insured was a necessary party to the declaratory judgment action based on abstract speculation about future indemnity actions that may be brought by the additional insured to the policy).

has either (1) "general or all-purpose" jurisdiction or (2) "specific or case-linked" jurisdiction. *See BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (setting forth the two-pronged analysis); *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 287 (5th Cir. 2020) (holding that "[t]he plaintiff has the burden of establishing jurisdiction"). Here, Plaintiff cannot satisfy its burden with respect to either prong. Foreign Defendants are not subject to "general or all-purpose" jurisdiction because Foreign Defendants are incorporated abroad where they maintain their principal places of business. Likewise, Foreign Defendants are not subject to "specific or case-linked" jurisdiction because Plaintiff's suit does not arise out of any Texas-based conduct of Foreign Defendants. Accordingly, and as explained in more detail below, dismissal is appropriate.

      **A.    Foreign Defendants Are Not Subject to "General or All-Purpose" Jurisdiction Because They Are Not "At Home" in Texas.**

This Court does not have "general or all-purpose" jurisdiction over Foreign Defendants because they are not incorporated in, and do not maintain their principal places of business in, the State of Texas. Generally, the exercise of "general or all-purpose" jurisdiction over a corporate defendant is limited to the "the corporation's place of incorporation and its principal place of business." *BNSF*, at 1558. That is because "the Fourteenth Amendment's Due Process Clause does not permit a State to hale an out-of-state corporation before its courts when the corporation is not 'at home' in the State." *Id.* at 1554. Courts may also exercise "general or all-purpose" jurisdiction in the "exceptional case" where a corporate defendant's operations in a particular state are "so substantial and of such a nature as to render the corporation at home in that State." *Id.* For example, in *Perkins v. Benguet Consol. Mining Co.*, the United States Supreme Court upheld the exercise of personal jurisdiction over a corporate defendant who was forced to temporarily relocate to the forum jurisdiction because of the outbreak of war. 342 U.S. 437, 448 (1952).

Here, Foreign Defendants are incorporated in Ireland and Australia, respectively, where they also maintain their principal places of business. *See* Compl. ¶¶ 7–9. This is also no "exceptional case" where a contingency has caused the Foreign Defendants to relocate to Texas. Simply put, Foreign Defendants are "at home" abroad, thousands of miles away from Texas, and therefore Plaintiff cannot satisfy its burden of establishing that the Court has "general or all-purpose" jurisdiction over Foreign Defendants.

### B. Foreign Defendants Are Not Subject to "Specific or Case-Linked" Jurisdiction Because Plaintiff's Suit Does Not Arise Out of Any Texas-Based Conduct of Foreign Defendants.

Plaintiff also cannot satisfy its burden of establishing that the Court has "specific or case-linked" jurisdiction over Foreign Defendants. To do so, Plaintiff would have to establish that its suit "arise[s] out of or relate[s] to [Foreign Defendants'] contacts with the forum." *Bristol-Myers Squibb v. Superior Ct. of California*, 137 S. Ct. 1773, 1780 (2017). And, the mere "activity of entering into a contract [in the forum], without more, is not sufficient to establish [specific or case-linked jurisdiction]." *TXU Energy v. Emanuel Med. Ctr.*, No. 02-cv-2400, 2003 WL 21281651, at *4 (N.D. Tex. May 28, 2003) (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 478–79 (1985)); *Moncrief Oil v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007) (holding that "merely contracting with a resident of Texas is not enough to establish minimum contacts").[4]

Plaintiff cannot meet its burden of establishing that its suit arises out of or relates to Foreign Defendants' contacts with Texas because Plaintiff's suit arises out of <u>CPL's conduct</u>—*i.e.*, CPL's claim for insurance coverage, and not a claim made (or even threatened) by Foreign Defendants. *See* Compl. ¶¶ 103–109 [Doc No. 1]. And, Foreign Defendants have affirmed that they do not seek, and never will seek, coverage under the Policy for the Ms. S Claim. *See* Exs. 1–3. Thus,

---

[4] Moreover, it is not enough that the defendant-corporation generally conducts business in the state—even a lot of it—if the business it conducts has nothing to do with the claim at issue. *See Bristol-Myers*, 137 S. Ct. 1773 at 1781.

7

Plaintiff's Complaint simply does not arise out of Foreign Defendants' contacts with Texas. And, as established in *TXU* and *Moncrief*, the mere fact that the Policy was issued to a Texas-based insured (namely, Sonic USA) does not save Plaintiff's Complaint. In sum, Plaintiff cannot satisfy its burden of establishing that the Court has "specific or case-linked" jurisdiction over Foreign Defendants, and its Complaint therefore must be dismissed.

### III.  Plaintiff Fails to State a Claim Against Moving Defendants.

For the same reason Plaintiff's Complaint fails under Rule 12(b)(1) because of the lack of an "actual controversy," Plaintiff's Complaint fails under Rule 12(b)(6) for failure to state a claim. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a "federal declaratory judgment action" claim, there must be "an actual case or controversy, not a mere hypothetical issue." *Val-Com Acquisitions Tr. v. Chase Home Fin.*, 420 F. App'x 405, 406 (5th Cir. 2011). Plaintiff cannot state such a claim because there is no case or controversy—real or hypothetical—between Moving Defendants and Plaintiff.

Plaintiff seeks two narrow declarations regarding coverage for the Ms. S Claim. *See* Compl. ¶¶ 158–59 [Doc No. 1]. However, Plaintiff alleges that only CPL—and not Moving Defendants—seek coverage for the Ms. S Claim. *See id.* ¶¶ 103–109. Such is consistent with Moving Defendants' affirmations that they do not seek, and will not seek, coverage under the Policy for the Ms. S Claim. *See* Exs. 1–3. Thus, there is no case or controversy between Plaintiff and Moving Defendants, and Plaintiff's Complaint must be dismissed for failure to state a claim.

### CONCLUSION

Plaintiff's Complaint must be dismissed for three reasons. First, it must be dismissed with respect to Moving Defendants pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Second, it must be dismissed with respect to Foreign Defendants pursuant to Rule 12(b)(2) for lack of personal jurisdiction. And, third, it must be dismissed with respect to Moving Defendants pursuant to Rule 12(b)(6) for failure to state a claim.

Dated: September 28, 2020

Respectfully submitted,

By: /s/ Ernest Martin, Jr.
Ernest Martin, Jr. [Bar No. 13063300]
Greg Van Houten*
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
214-651-5651 Direct
214-651-5000 Main
214-200-0519 Fax
ernest.martin@haynesboone.com
greg.vanhouten@haynesboone.com
*Pro Hac Vice Admission Pending

-and-

Mark T. Beaman [Bar No. 01955700]
Ryan Bueche [Bar. No. 24064970]
GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S Mopac Expy Suite A400
Austin, TX 78746
512-482-3504 Direct
512-472-0288 Main
512-472-0721 Fax
mbeaman@germer-austin.com
rbueche@germer-austin.com

**ATTORNEYS FOR MOVING DEFENDANTS**

**CERTIFICATE OF SERVICE**

  I hereby certify that, consistent with Local Court Rule CV-5, a true and correct copy of the foregoing was sent to all parties of record pursuant to the Electronic Filing Procedures and the Federal Rules of Civil Procedure on this 28th day of September 2020.

                /s/ Ernest Martin, Jr.
                Ernest Martin, Jr.