# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>    Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC., SONIC HEALTHCARE USA, INC., MEDLAB PATHOLOGY, SONIC HEALTHCARE (IRELAND) LIMITED, AND SONIC HEALTHCARE LIMITED.<br><br>    Defendants. | CIVIL ACTION NO.: 1-20-cv-783 |

## **DECLARATION OF JAMES WEST IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO DISMISS**

I, James West, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am over twenty-one years of age, have never been convicted of a felony, and am fully competent and qualified to testify to the matters set forth in this declaration.

2. The facts contained in this declaration are based on my personal knowledge and are true and accurate.

3. I am Interim Chief Financial Officer at Defendant Sonic Healthcare USA, Inc. ("Sonic Healthcare USA").

4. I have held that position since March 2, 2020. Prior to March 2, 2020, I held the VP Finance Position at Sonic USA since on/around 2012.

5. I am generally familiar with the above-captioned matter (the "Lawsuit").

6. I understand that the Lawsuit pertains to whether and to what extent there is insurance coverage under the Homeland Primary Policy and Homeland Excess Policy for the Ms. S Claim.[1] It is my understanding Clinical Pathology Laboratories, Inc. ("CPL") has made the following payments in connection with the defense and settlement of the Ms. S Claim:

Legal fees and litigation expenses from William Fry for services from March 14, 2019 through November 18, 2019 ($812,103.62/€751,599.83);

$1,310,980.00/€1,180,000.00 settlement payment made by CPL; and

$279,175.00/€250,000.00 interim payment for Plaintiff's legal fees and litigation expenses.

7. On behalf of Defendant Sonic Healthcare USA, I hereby state that Defendant Sonic Healthcare USA did not contribute toward the above costs arising out of the Ms. S Claim.

8. Defendant Sonic Healthcare USA did, however, pay the fees and expenses of Dr. Marcela del Carmen, who was retained as a potential expert (the "Expert Costs").

9. On behalf of Defendant Sonic Healthcare USA, I hereby state that Defendant Sonic Healthcare USA does not and will not seek coverage for any costs associated with the Ms. S Claim (including but not limited to the costs outlined in paragraph 6 and the Expert Costs) under the Homeland Primary Policy or the Homeland Excess Policy.

10. Because of that, Defendant Sonic USA has no dispute with Plaintiff Homeland Insurance Company of New York regarding insurance coverage for the Ms. S Claim.[2]

_____
James West
Interim Chief Financial Officer

---

[1] Capitalized terms are defined in Homeland Insurance Company of New York's Complaint for Declaratory Judgment (July 24, 2020) [Doc. No. 1].
[2] Other entities, including but not limited to Defendant Clinical Pathology Laboratories, Inc., may have such a dispute, but Defendant Sonic USA does not.

2