**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>      Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC. AND SONIC HEALTHCARE USA, INC.,<br><br>      Defendants. | CIVIL ACTION NO.: 1-20-cv-783 |

<u>**DEFENDANTS' CROSS-MOTION TO RECONSIDER**</u>

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 2

   I.  The Economic Loss Rule Precludes Homeland's Negligent Misrepresentation Claim. ..... 2

   II. Texas Insurance Code § 705.005 Applies to Affirmative Claims. ..................................... 5

CONCLUSION ........................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bettes v. Stonewall Ins. Co.*,
    480 F.2d 92 (5th Cir. 1973) (Godbold, J., dissenting) ............................................................5

*Byrd v. Lakeview Loan Servicing*,
    No. 20-50254, 2021 WL 1235807 (5th Cir. Apr. 1, 2021) ......................................................3

*Colbert v. Wells Fargo*,
    No. 20-10394, 2021 WL 921526 (5th Cir. Mar. 10, 2021) ....................................................3, 4

*Commonwealth Bonding & Cas. Ins. v. Wright*,
    171 S.W. 1043 (Tex. Civ. App.—Fort Worth 1914, no writ) ..................................................5

*D.S.A., Inc. v. Hillsboro Indep.*,
    973 S.W.2d 662 (Tex. 1998) ....................................................................................................4

*Essex Ins. Co. v. Redtail Products, Inc.*,
    No. 97-cv-21, 1999 WL 627379 (N.D. Tex. Aug. 17, 1999), *aff'd sub nom.*,
    213 F.3d 636 (5th Cir. 2000) ...................................................................................................7

*Fed. Land Bank Ass'n v. Sloane*,
    825 S.W.2d 439 (Tex. 1991) ....................................................................................................3

*Ferguson v. Tex. Farm*,
    No. 17-cv-111-RP, 2018 WL 1598675 (W.D. Tex. Apr. 2, 2018) ...........................................2

*Fulgham v. Allied Prop.*,
    No. 05-14-00189-CV, 2015 WL 3413525 (Tex. App.—Dallas May 28, 2015,
    no pet.) ......................................................................................................................................6

*Ibe v. Jones*,
    836 F.3d 516 (5th Cir. 2016) ...................................................................................................4

*Kilpatrick v. Riddle*,
    907 F.2d 1523 (5th Cir. 1990) .................................................................................................7

*Koral Indus., Inc. v. Sec.-Connecticut Life Ins. Co.*,
    788 S.W.2d 136 (Tex. App.—Dallas 1990), *writ denied sub nom.*, 802 S.W.2d
    650 (Tex. 1990) ........................................................................................................................7

*LAN/STV v. Martin K. Eby Const. Co., Inc.*,
    435 S.W.3d 234 (Tex. 2014) ....................................................................................................3

*Myers v. Mega Life & Health Ins. Co.*,
    No. 07-06-0233-CV, 2008 WL 1758640 (Tex. App.—Amarillo Apr. 17, 2008,
    pet. denied) ............................................................................................................................7

*New Century v. Olympic Credit*,
    487 F. App'x 912 (5th Cir. 2012) ..........................................................................................4

*Prudential Ins. Co. of Am. v. Torres*,
    449 S.W.2d 335 (Tex. Civ. App.—San Antonio 1969, writ ref'd n.r.e.) ................................6

*Riese v. Stutts*,
    No. 09-19-00092, 2021 WL 1031144 (Tex. App.—Beaumont Mar. 18, 2021,
    pet. filed) ................................................................................................................................3

*Rio Grande City Consol. Indep. Sch. Dist. v. Puentes*,
    No. 13-19-00033, 2020 WL 6878736 (Tex. App.—Corpus Christi Nov. 24,
    2020, no pet. h.) ......................................................................................................................3

*Roberson v. Ford Life Ins. Co.*,
    474 S.W.2d 314 (Tex. Civ. App.—Amarillo 1971, writ ref'd n.r.e.) .......................................7

*Sanders v. Jefferson Nat. Life Ins. Co.*,
    510 S.W.2d 407 (Tex. Civ. App.—Dallas 1974, no writ) ........................................................7

*Smith v. FleetCor*,
    No. 18-cv-1000-RP, 2021 WL 1026058 (W.D. Tex. Mar. 17, 2021) ......................................2

*Sterling Chemicals v. Texaco*,
    259 S.W.3d 793 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) .....................................3

*Strobach v. WesTex Cmty. Credit Union*,
    No. 08-17-00182, 2021 WL 1248493 (Tex. App.—El Paso Apr. 5, 2021, no
    pet. h.) ....................................................................................................................................3

*Thompson v. Diamond State Ins.*,
    No. 06-cv-154, 2008 WL 11344903 (E.D. Tex. May 2, 2008) ................................................6

*Urban Developers v. City of Jackson*,
    468 F.3d 281 (5th Cir. 2006) .................................................................................................5

*Wilkens v. Toyotetsu Am.*,
    No. 09-cv-515, 2010 WL 986049 (W.D. Tex. Mar. 15, 2010) ................................................2

*Yumilicious Franchise v. Barrie*,
    819 F.3d 170 (5th Cir. 2016) .................................................................................................4

**Statutes**

Texas Insurance Code Article 21.17 ................................................................................5

Texas Insurance Code § 705.005 ........................................................................... *passim*

**Other Authorities**

6 COUCH ON INS. § 81:53 ..................................................................................5

Federal Rule of Civil Procedure 54(b) ........................................................................2

Defendants respectfully submit this Cross-Motion to Reconsider the Court's Order on Defendants' Motion to Dismiss (the "Order," Dkt. 28).

## PRELIMINARY STATEMENT

Motions to reconsider are almost always denied.  And they should be, especially when they hinge on recycled arguments that the Court has considered and rejected.  There are rare circumstances, however, where reconsideration is necessary and appropriate.  This is one of those instances.  Although this Court properly narrowed Homeland's negligent misrepresentation claim in its Order, Defendants respectfully submit that the Court did not go far enough.  Allowing any portion of that claim to survive is inconsistent with (a) the Court's other holdings, and (b) settled Texas law.  Reconsideration is therefore warranted on two grounds.

*First*, the Court's Order limited Homeland's negligent misrepresentation damages to the amount it may owe under the insurance contract—but that alone reveals that Homeland's claim fails under Texas's economic loss rule, which precludes a recovery in tort for damages arising out of a contract.  Having already laid bare this foundational problem with Homeland's tort claim, the Court should go the extra step and dismiss it altogether.

*Second*, in holding that the notice requirements of Texas Insurance Code § 705.005 do not apply to Homeland's negligent misrepresentation claim, the Court inadvertently created a loophole that will wreak havoc on Texas insurance law.  Read broadly, the Court's ruling appears to say that this statutory duty does not ever apply to affirmative claims.  But a long line of Texas appellate decisions have reached the opposite conclusion, and for good reason: even if the insurance company recasts its arguments as an affirmative cause of action, any attempt to escape the promises of an insurance policy is—and should be—subject to the notice statute.

Both of these issues stem from a central problem:  Homeland did not comply with its basic statutory requirements to allege a misrepresentation, and so it attempted to plead around that failure

by recasting this defense as an affirmative claim.  Texas policyholders and the legislature would be surprised to hear that such a simple maneuver allows an insurer to dodge its statutory obligations.  They would be pleased to hear, however, that settled Texas law has consistently rejected that maneuver.  This Court should do the same.  For that reason and the reasons set forth below, Defendants respectfully submit that the Court should reconsider the Order and further streamline this case by dismissing Homeland's negligent misrepresentation claim for failing to plead (1) recoverable damages, and (2) compliance with Texas Insurance Code § 705.005.

## ARGUMENT

The Order, which resolves some but not all the claims at issue in this case, "may be revised at any time" before a final judgment pursuant to Federal Rule of Civil Procedure 54(b).  *Smith v. FleetCor*, No. 18-cv-1000-RP, 2021 WL 1026058, at *1 (W.D. Tex. Mar. 17, 2021).  "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for *any reason* it deems sufficient . . . ." *Id.* (emphasis added).  That said, when considering such a motion, courts often look for, among other things, whether the relevant order is incompatible with settled law and therefore contains a "manifest error."  *See Ferguson v. Tex. Farm*, No. 17-cv-111-RP, 2018 WL 1598675, at *2 (W.D. Tex. Apr. 2, 2018) (granting in part plaintiffs' motion to reconsider); *Wilkens v. Toyotetsu Am.*, No. 09-cv-515, 2010 WL 986049, at *3 (W.D. Tex. Mar. 15, 2010) (same).  Defendants respectfully submit that the Order is incompatible with settled Texas law and therefore reconsideration and revision of the Order is necessary and appropriate.

## I.    The Economic Loss Rule Precludes Homeland's Negligent Misrepresentation Claim.

Although the Court allowed Homeland's negligent misrepresentation claim to survive, it held that Homeland's damages for that cause of action are limited to "the amount of the Ms. S claim in the event it is covered under the 2017 Policy."  (Order, Dkt. 28 at 14.).  This conclusion

runs directly into Texas's economic loss rule and requires dismissal of Homeland's negligent misrepresentation claim.

Texas's economic loss rule, also known as the independent injury rule, "precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties." *Colbert v. Wells Fargo*, No. 20-10394, 2021 WL 921526, at *5 (5th Cir. Mar. 10, 2021); *Byrd v. Lakeview Loan Servicing*, No. 20-50254, 2021 WL 1235807, at *4 (5th Cir. Apr. 1, 2021) (holding that the rule bars tort claims when a "contract spells out the parties' respective rights about a subject matter").[1]  It is the plaintiff's burden to establish that the damages they seek do not arise out of, or are not associated with, a contract.  *See, e.g.*, *Sterling Chemicals v. Texaco*, 259 S.W.3d 793, 797 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("The burden is on the plaintiff claiming negligent misrepresentation to provide evidence of this independent injury.").  Homeland cannot meet that burden because the loss it complains of is, quite literally, the subject matter of the contract between Homeland and CPL: "damages in the amount of the Ms. S claim in the event it is covered under the 2017 Policy."  (Order, Dkt. 28 at 14).[2]

Both the Texas Supreme Court and the Fifth Circuit have held that the economic loss rule applies to negligent misrepresentation claims like this one, including those that arise out of alleged

---

[1] A series of recent Texas appellate decisions have reaffirmed this longstanding proposition.  *See, e.g.*, *Strobach v. WesTex Cmty. Credit Union*, No. 08-17-00182, 2021 WL 1248493, at *15 (Tex. App.—El Paso Apr. 5, 2021, no pet. h.) (affirming trial court's dismissal of negligence claim because it sounded in contract); *Rio Grande City Consol. Indep. Sch. Dist. v. Puentes*, No. 13-19-00033, 2020 WL 6878736, at *7 (Tex. App.—Corpus Christi Nov. 24, 2020, no pet. h.) (same); *Riese v. Stutts*, No. 09-19-00092, 2021 WL 1031144, at *5 (Tex. App.—Beaumont Mar. 18, 2021, pet. filed) (noting that "[w]hen the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone.").

[2] Defendants argued in their Motion to Dismiss that Homeland could not recover these amounts—also known as the "benefit of [its] contract"—as damages for its negligent misrepresentation claim.  *See* Defs.' Motion to Dismiss at 18 (Oct. 26, 2020) (Dkt. 24) (citing *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 443, n.6 (Tex. 1991)).  Although Defendants did not use the term "economic loss rule" in their Motion, neither did the Supreme Court in *Sloane*—but it stands for the same principle.  *See, e.g.*, *LAN/STV v. Martin K. Eby Const. Co., Inc.*, 435 S.W.3d 234, 243 (Tex. 2014) (citing *Sloane* and explaining that "there is no liability in tort for economic loss caused by negligence in the performance or negotiation of a contract between the parties").  This settled principle has become all the more important—and dispositive—in light of the Court's other rulings.  It is therefore a proper ground for reconsideration.

misrepresentations made during contract formation.  *See, e.g.*, *D.S.A., Inc. v. Hillsboro Indep.*, 973 S.W.2d 662, 664 (Tex. 1998) (holding that plaintiff's negligent misrepresentation claim failed for seeking damages associated with a contract when the alleged misrepresentation was made "during the contract formation stage"); *New Century v. Olympic Credit*, 487 F. App'x 912, 915–16 (5th Cir. 2012) (same); *Ibe v. Jones*, 836 F.3d 516, 521–26 (5th Cir. 2016) (same); *see also Yumilicious Franchise v. Barrie*, 819 F.3d 170, 178 (5th Cir. 2016) (rule "restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence").

Demonstrating the application of the rule, in *Ibe*, the Fifth Circuit affirmed the dismissal of negligent misrepresentation claims brought by persons who purchased tickets to Super Bowl XLV even though they sought damages tangential to the ticket contract like travel costs.  836 F.3d at 521–26.  Likewise, in *Colbert*, the Fifth Circuit applied the rule to bar a negligence claim filed by two homeowners for alleged misrepresentations made during the negotiation of a mortgage, even though they sought extracontractual damages such as "loss of their home equity, moving expenses, storage expenses, and mental anguish."  No. 20-10394, 2021 WL 921526, at *5.  The Fifth Circuit held that the economic loss rule applied because even if some of the damages were "not recoverable in contract law," they nevertheless were not "independent of the contractual undertaking."  *Id.* at *5–6.

The economic loss rule applies with even greater force here than in *Ibe* and *Colbert* because, unlike in those cases, Homeland seeks as its damages *exactly what it may owe under the relevant contract*.  At least in *Ibe*, *Colbert*, and other similar cases, the plaintiffs tried to argue that their sought-after damages were tangential to the relevant contract.  Homeland doesn't even make that effort.  Even under Homeland's theory, its only remaining damages are the amounts it may

have to pay under the 2017 Policy.[3]   The economic loss rule therefore applies and precludes Homeland's negligent misrepresentation claim as a matter of law.

## II.      Texas Insurance Code § 705.005 Applies to Affirmative Claims.

For over 100 years, insurers issuing policies in Texas have been required by statute to provide their policyholders with notice in the event they believe a misrepresentation may preclude coverage.  *See* TEX. INS. CODE § 705.005 (2021).[4]   The purpose of the statute is simple:  it would be unfair to policyholders to permit insurers to collect premiums and lull their policyholders into thinking they have coverage when the insurer plans to rely on a misrepresentation to avoid having to cover a claim.  *See* 6 COUCH ON INS. § 81:53 (citing Texas cases); *Bettes v. Stonewall Ins. Co.*, 480 F.2d 92, 96 (5th Cir. 1973) (Godbold, J., dissenting) ("The rationale is, of course, that the company may not . . . continue to collect and retain premiums while holding to its chest the 'ace in the hole' of denying liability . . . .").

Here, Homeland did not give the required statutory notice and so it tried to plead around the statute by asserting both a misrepresentation defense (which is directly prohibited by the statute) and an affirmative tort claim that would transparently have the exact same effect:  to free Homeland from its obligations under the policy by requiring Defendants to return any payments as "damages."  This triggers § 705.005, which applies whenever an insurer refuses to be "bound by the policy" because of an alleged misrepresentation.  *See Thompson v. Diamond State Ins.*,

---

[3] To be clear, Homeland has no actual damages at this point.  That is because Homeland has not covered, and indeed Homeland argues that it should *never* have to cover, any costs arising out of the Ms. S claim.  Under settled Fifth Circuit law, a claim is not ripe if it relies upon damages that may never arise, and here Homeland argues that its damages should never arise.  *See, e.g.*, *Urban Developers v. City of Jackson*, 468 F.3d 281, 295 (5th Cir. 2006) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").  Homeland's negligent misrepresentation claim fails for that reason, too, but the Court need not reach this issue if it finds that Homeland's negligent misrepresentation claim is barred by the economic loss rule.

[4] Texas Insurance Code § 705.005 replaced Texas Insurance Code Article 21.17 on April 1, 2005.  The latter code provision was enacted in 1951 and replaced an earlier statute that was in place as of October 17, 1914.  *See Commonwealth Bonding & Cas. Ins. v. Wright*, 171 S.W. 1043, 1044 (Tex. Civ. App.—Fort Worth 1914, no writ).

No. 06-cv-154, 2008 WL 11344903, at *3 (E.D. Tex. May 2, 2008) ("Denial of a claim that, but for the [alleged] misrepresentation, would be covered under the policy is a refusal to be bound by the policy."). Homeland nevertheless argued that § 705.005 does not apply to affirmative claims based on a single citation to an intermediate court of appeals opinion: *Fulgham v. Allied Prop.*, No. 05-14-00189-CV, 2015 WL 3413525, at *4 (Tex. App.—Dallas May 28, 2015, no pet.). Homeland is wrong.

Among other distinctions, *Fulgham* does not apply here because the insurer in that case was not merely refusing to be bound by the policy—it brought fraud and unjust enrichment claims to recoup money it paid the policyholder upon fraudulent invoices submitted during the claims process for repair work that never happened (the policyholder went so far as to "enlist[] his employees to manufacture evidence in support of his fraud"). *Id.* at *1–4. *Fulgham* involved active *fraud* in the *claims process*, it was not a case like this one (or the scores of others described below), where an insurer raised an alleged misrepresentation in the application process as a ground for disclaiming coverage. It is this latter set of cases for which § 705.005 was designed.

Worse yet, Homeland's errant citation to *Fulgham* walked the Court into inadvertently creating a loophole in § 705.005 that renders the statute a dead letter. Insurers issuing policies in Texas can now dodge the statute by pleading an affirmative misrepresentation claim instead of (or in addition to) an ordinary misrepresentation defense. This new loophole runs directly counter to over fifty years of Texas jurisprudence where appellate courts have applied the statutory notice provision to affirmative claims:

- *Prudential Ins. Co. of Am. v. Torres*, 449 S.W.2d 335, 336–37 (Tex. Civ. App.—San Antonio 1969, writ ref'd n.r.e.) (applying the statute when insurer brought an affirmative claim "to rescind and cancel a policy of life insurance").

- *Sanders v. Jefferson Nat. Life Ins. Co.*, 510 S.W.2d 407, 407–08 (Tex. Civ. App.—Dallas 1974, no writ) (applying the statute to insurer's affirmative claim).

- *Koral Indus., Inc. v. Sec.-Connecticut Life Ins. Co.*, 788 S.W.2d 136, 137, 148–49 (Tex. App.—Dallas 1990), *writ denied sub nom.*, 802 S.W.2d 650 (Tex. 1990) (applying the statute when insurer "counterclaimed for a declaratory judgment").

- *Essex Ins. Co. v. Redtail Products, Inc.*, No. 97-cv-21, 1999 WL 627379, at *1 (N.D. Tex. Aug. 17, 1999), *aff'd sub nom.*, 213 F.3d 636 (5th Cir. 2000) (analyzing statute when insurer sued policyholder "to obtain a declaratory judgment that it had no duty under a commercial general liability policy to defend or indemnify [policyholder] in a trademark infringement suit").

- *Myers v. Mega Life & Health Ins. Co.*, No. 07-06-0233-CV, 2008 WL 1758640, at *1 (Tex. App.—Amarillo Apr. 17, 2008, pet. denied) (applying the statute in the context of an insurer's affirmative counterclaim).[5]

Given the above case law, there can be no doubt that § 705.005 applies to both affirmative claims *and* defenses.  That makes sense because no matter how an insurer pleads misrepresentation in the application process—as an affirmative claim or as an affirmative defense—the insurer is necessarily using the misrepresentation *as a defense* to coverage.  Here, Homeland seeks as its damages what it may owe under the policy:  it says that if it owes $10 under the policy, it wants that $10 back as damages so that it ends up paying nothing, which is exactly what a coverage defense is—a grounds for paying nothing under an insurance contract.  It does not matter how Homeland pleads misrepresentation, it will always be a defense (and indeed it is, as Homeland expressly pleads misrepresentation as an affirmative defense).

For those reasons, and to close the loophole created by the Order, Defendants respectfully submit that the Court should reconsider the portion of its Order that regards § 705.005 and revise it to provide that the statute applies to Homeland's negligent misrepresentation claim.

---

[5] Those appellate decisions are not unique—the Fifth Circuit has refused to allow artful pleading to nullify long-standing rules of law in other contexts.  *See, e.g.*, *Kilpatrick v. Riddle*, 907 F.2d 1523, 1528 (5th Cir. 1990) (refusing to allow party to recast its defenses as causes of action to avoid the *D'Oench, Duhme* doctrine "because any other result would nullify the doctrine").

**CONCLUSION**

Defendants respectfully request that the Court reconsider the portion of its Order that regards Homeland's negligent misrepresentation claim because it (1) is irreconcilable with Texas' economic loss rule, and (2) inadvertently created a loophole in § 705.005 when Texas appellate courts have refused to create the same loophole for over fifty years.

Respectfully submitted,

By: /s/ Greg Van Houten

Ernest Martin, Jr. [Bar No. 13063300]
Greg Van Houten*
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
214-651-5651 Direct
ernest.martin@haynesboone.com
greg.vanhouten@haynesboone.com
*Admitted Pro Hac Vice

-and-

Mark T. Beaman [Bar No. 01955700]
Ryan Bueche [Bar. No. 24064970]
GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S Mopac Expy Suite A400
Austin, TX 78746
512-482-3504 Direct
mbeaman@germer-austin.com
rbueche@germer-austin.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a Local Rule CV-7(i) conference was not required prior to the filing of this motion because it regards a dispositive motion and seeks dispositive relief, but that, in any event, counsel for Defendants and counsel for Plaintiff conferred regarding this motion prior to its filing and were unable to reach an agreement regarding the same.  I further certify that, consistent with Local Court Rule CV-5, a true and correct copy of the foregoing was sent to all parties of record pursuant to the Electronic Filing Procedures and the Federal Rules of Civil Procedure on this 26th day of May 2021.

                                 /s/  Greg Van Houten
                                    Greg Van Houten