# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

<table>
<tr>
<td>
HOMELAND INSURANCE COMPANY OF<br>
NEW YORK,<br><br>
     Plaintiff,<br><br>
  v.<br><br>
CLINICAL PATHOLOGY<br>
LABORATORIES, INC., SONIC<br>
HEALTHCARE USA, INC., MEDLAB<br>
PATHOLOGY, SONIC HEALTHCARE<br>
(IRELAND) LIMITED, AND SONIC<br>
HEALTHCARE LIMITED.<br><br>
     Defendants.
</td>
<td>
CIVIL ACTION NO. 1:20-cv-00783-RP
</td>
</tr>
</table>

## HOMELAND INSURANCE COMPANY OF NEW YORK'S
## RESPONSE TO DEFENDANTS' CROSS-MOTION TO RECONSIDER

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................1

II.     DEFENDANTS' MOTION IS PROCEDURALLY IMPROPER ......................................2

III.    DEFENDANTS' "ECONOMIC LOSS " ARGUMENT FAILS ON THE MERITS ........................................................................................4

IV.     DEFENDANTS' SECTION 705.005 ARGUMENT FAILS ON THE MERITS ..............7

        A.      Section 705.005 By Its Plain Language Applies to Defenses, Not to Claims for Damages ................................................................7

        B.      Defendants' Cited Cases Are Inapposite ................................................8

        C.      The Public Policy Behind Section 705.005 Is Not Implicated Here........................9

V.      CONCLUSION................................................................................10

SMRH:4845-6080-0495.1

TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Apodaca-Fisk v. Allen*
    2021 WL 616999 (W.D. Tex. Feb. 16, 2021)............................................................2

*Bettes v. Stonewall Ins. Co.*
    480 F.2d 92 (5th Cir. 1973) (Godbold, J. dissenting)...............................................9

*Colbert v. Wells Fargo Bank, N.A.*
    2021 WL 921526 (5th Cir. Mar. 10, 2021)...........................................................4, 5

*Crawford v. Ace Sign Co.*
    917 S.W.2d 12 (Tex. 1996)......................................................................................6

*D.S.A., Inc. v. Hillsboro Independent School Dist.*
    973 S.W.2d 662 (Tex. 1998)....................................................................................5

*Dos Santos v. Bell Helicopter Textron, Inc. District*
    651 F.Supp.2d 550 (N.D.Tex. 2009) ......................................................................3

*Essex Ins. Co. v. Redtail Prod., Inc.*
    1999 WL 627379 (N.D. Tex. Aug. 17, 1999), aff'd sub nom., 213 F.3d 636
    (5th Cir. 2000)..........................................................................................................9

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*
    881 F.Supp.2d 745 (E.D. Tex. 2012).......................................................................2

*Federal Land Bank Ass'n of Tyler v. Sloane*
    825 S.W.2d 439 (Tex. 1991).....................................................................................5

*Fishman Jackson PLLC v. Israely*
    180 F.Supp.3d 476 (N.D. Tex. 2016) ......................................................................2

*Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*
    960 S.W.2d 41 (Tex. 1998).......................................................................................5

*Fulgham v. Allied Prop. & Cas. Ins. Co.*
    2015 WL 3413525 (Tex.App.—Dallas, May 28, 2015)..............................2, 7, 8, 9

*Halprin v. Fed. Deposit Ins. Corp.*
    2017 WL 9808438 (W.D. Tex. Oct. 17, 2017) ........................................................3

-ii-

*Koral Indus., Inc. v. Sec.-Connecticut Life Ins. Co.*
788 S.W.2d 136 (Tex.App.—Dallas 1990, writ denied sub nom., 802 S.W.2d 650 (Tex. 1990)) ........................................................................................................9

*Lamar Homes, Inc. v. Mid-Continent Cas. Co.*
242 S.W.3d 1 (Tex. 2007)........................................................................................4

*Myers v. Mega Life & Health Ins. Co.*
2008 WL 1758640 (Tex.App.—Amarillo Apr. 17, 2008, no writ) ..........................9

*Prudential Ins. Co. of Am. v. Torres*
449 S.W.2d 335 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.)...................9

*Sanders v. Jefferson Nat. Life Ins. Co.*
510 S.W.2d 407 (Tex.Civ.App.—Dallas 1974, no writ) .........................................9

*Sterling Chemicals, Inc. v. Texaco Inc.*
259 S.W.3d 793 (Tex.App.—Houston [1st Dist.] 2007, pet. denied)........................4

*Texas Instruments, Inc. v. Hyundai Elecs. Indus.*
Co., 50 F. Supp. 2d 619 (E.D. Tex. 1999) ..............................................................3

*Thompson v. Diamond State Ins. Co.*
2008 WL 11344903 (E.D. Tex. May 2, 2008).........................................................8

*Wilkens v. Toyotetsu Am. Inc.*
2010 WL 986049 (W.D. Tex. Mar. 15, 2010) .........................................................2

Statutes

Insurance Code §§ 705.003 and 705.005 ....................................................................7

Texas Insurance Code § 705.005 ....................................................1, 2, 3, 7, 8, 9, 10

Other Authorities

Rule 54(b) ...............................................................................................................2, 3

Rule 59(e)....................................................................................................................2

Rules 59 and 60...........................................................................................................2

## I.      INTRODUCTION

Defendants' reconsideration motion, which asks the Court to dismiss Homeland's negligent misrepresentation claim, is both procedurally improper and substantively meritless.  It is procedurally improper because reconsideration is not a vehicle to raise new arguments that could have been raised before or to rehash losing arguments – but that is what Defendants are doing here.  And, substantively, Defendants' arguments fail for many reasons.

The economic loss rule – which Defendants now raise for the first time – prevents litigants from "tortifying" breach of contract claims.  The rule provides that, when a plaintiff's claim is rooted in the defendant's breach of contractual duties and seeks contract damages, a plaintiff can't use tort law to pursue the same contract damages.  But Homeland isn't attempting anything of the sort.  Indeed, Homeland has never asserted a claim for contract damages of any kind in this suit.   Rather, Homeland seeks reliance damages arising from a negligent misrepresentation: Defendants falsely asserted that they (1) were not aware of any claim against any proposed insured, (2) were not aware of any fact or circumstance that might result in a claim against any proposed insured and (3) had engaged in a diligent inquiry in order to determine whether any claims or potential claims against any proposed insured might exist.  In reality, Defendants knew (or, at a minimum, should have known) that there was an impending avalanche of claims by sick or dying Irish women.   In reliance on the misrepresentation, Homeland expanded an existing insurance policy to potentially cover such claims.  Because the only damages Homeland seeks are reliance damages (not "benefit-of-the-bargain" damages), and because Defendants' duty not to misrepresent arises from common law rather than contract, the economic loss rule doesn't apply.  Case after case, including cases cited by Defendants, so hold.

Defendants' rehashed argument regarding Texas Insurance Code section 705.005 fares no

better – which is hardly a surprise since Defendants have raised neither new facts nor new law that might justify reconsideration.  Section 705.005 – by its plain language – applies only to an insurer's "defense" to coverage based on a misrepresentation in the application.  It does *not* apply to an insurer's tort claim for damages, as the Texas Court of Appeals held in *Fulgham*. Defendants don't cite a single case to the contrary.  Every case they cite involves an insurer seeking to avoid coverage obligations *to* an insured.  Not a single one involves an insurer, like Homeland here, attempting to recover tort damages *from* an insured.

Because Defendants' motion is procedurally improper and substantively meritless, Homeland respectfully requests that the Court deny the motion.

## II.      DEFENDANTS' MOTION IS PROCEDURALLY IMPROPER

Defendants seek to evade the well-known limits on reconsideration motions by styling their motion as one under Rule 54(b).  (Dkt. 36, p. 2.)  But even when ruling on a motion for reconsideration under the rubric of Rule 54(b), "'considerations similar to those under Rules 59 and 60 inform the [c]ourt's analysis.'"  *Fishman Jackson PLLC v. Israely*, 180 F.Supp.3d 476, 481 (N.D. Tex. 2016) (quoting *Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F.Supp.2d 550, 553 (N.D.Tex. 2009)); *see also eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 748 (E.D. Tex. 2012) (noting that "the same policy considerations apply both to motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e)," so courts "frequently apply the same standards to the two") (citing numerous cases); *Wilkens v. Toyotetsu Am. Inc.*, 2010 WL 986049, at *2 (W.D. Tex. Mar. 15, 2010) (citing several authorities for same proposition).

Three of these considerations apply here to demonstrate the procedural impropriety of Defendants' motion.  First, "motions filed under Rule 54(b) are 'not the proper vehicle for . . . arguments that could have been offered or raised'" in the original motion.  *Apodaca-Fisk v.*

*Allen*, 2021 WL 616999, at *2 (W.D. Tex. Feb. 16, 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).  Second, "motions filed under Rule 54(b) are not the proper vehicle . . . 'to support old arguments that are merely reconfigured.'"  *Id.* (quoting *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316, n.18 (S.D. Tex. 1994)); *see also Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F.Supp.2d at 553 ("That is, considerations such as whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification bear upon the Court's review of the motion for reconsideration.").  Third, a court should assess whether there has been "any subsequent evolution in the case at hand" justifying reconsideration, and may deny the motion if no change justifies reconsideration.  *Halprin v. Fed. Deposit Ins. Corp.*, 2017 WL 9808438, at *2 (W.D. Tex. Oct. 17, 2017) (denying motion because moving parties "point to no evolution in the case that would warrant reconsideration").

Here, Defendants never raised the "economic loss" rule argument in their motion to dismiss, and it is thus improper to raise it here for the first time.  If the rule were otherwise, then pleading challenges could stretch on for as long as a defendant's counsel could keep thinking up new arguments.  If Defendants have a winning "economic loss rule" argument (they don't), then they will get the chance to make it on summary judgment where the court can consider it with the benefit of a full record.

With regard to Defendants' section 705.005 argument, they have already made and lost it. "[L]itigants are expected to present their strongest case when the matter is first considered.  A motion to reconsider based on recycled arguments only serves to waste the resources of the court."  *Texas Instruments, Inc. v. Hyundai Elecs. Indus.*, Co., 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) (quoting additional cases).  This is especially true here, where Defendants have

-3-

pointed to no "subsequent evolution" in the case justifying reconsideration.  Defendants don't like the decision the Court reached, but that's not a proper basis for reconsideration.

## III.    DEFENDANTS' "ECONOMIC LOSS " ARGUMENT FAILS ON THE MERITS

Defendants' belated "economic loss rule" argument also fails on the merits as well.  The point of the economic loss rule is to prevent the "tortification" of breach of contract claims.  As explained by the Texas Supreme Court, "[t]he rule generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract."  *Lamar Homes, Inc. v. Mid-Continent Cas. Co.,* 242 S.W.3d 1, 12 (Tex. 2007).  The rule thus limits damages for breach of contract to contract damages, "even when the breach might reasonably be viewed as a consequence of a contracting party's negligence*." Id*.  In other words, "under the economic loss rule, a plaintiff may not bring a claim for negligent misrepresentation unless the plaintiff can establish that he suffered an injury that is distinct, separate, and independent from the economic losses recoverable under a breach of contract claim."  *Sterling Chemicals, Inc. v. Texaco Inc.,* 259 S.W.3d 793, 797 (Tex.App.—Houston [1st Dist.] 2007, pet. denied).

Here, however, Homeland has not sued Defendants for breach of contract and does not seek breach of contract (i.e., "benefit-of-the-bargain") damages based on Defendants' failure to perform.  Instead, it seeks out-of-pocket reliance damages flowing from Defendants' breach of their common law duty to refrain from negligently making misrepresentations.  These reliance damages don't result from Defendants' failure to perform their contractual obligations; rather, they are damages that Defendants caused by their tortious conduct.  The economic loss rule thus has no application here.

Indeed, the lead case cited by Defendants themselves drives home this point.  In *Colbert v. Wells Fargo Bank, N.A.*, 2021 WL 921526, at *5 (5th Cir. Mar. 10, 2021), borrowers sued a lender both for breach of contract and for negligently performing the contract by failing to use

reasonable care when providing information to them and failing to correct misleading statements. The court found the negligence claim barred because the *only* source of duty for the lender was the contract, and "no separate common-law duty exists as a basis for [borrowers'] negligence claim and their pursuit of non-economic damages." *Id.* Here, in contrast, a separate common law duty not to misrepresent does exist, and so the rule does not apply. *See Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (listing elements of negligent misrepresentation, none of which depend on the existence of a contract); *see also Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 46-47 (Tex. 1998) ("the legal duty not to fraudulently procure a contract is separate and independent from the duties established by the contract itself").

Another case cited by Defendants reflects the same rule against attempts to "tortify" contract claims. In *D.S.A., Inc. v. Hillsboro Independent School Dist.,* 973 S.W.2d 662 (Tex. 1998), the plaintiff sued for breach of a building contract. The plaintiff also sought to recover identical "benefit-of-the bargain" damages – as well as punitive damages – by adding claims for negligent and grossly negligent misrepresentation. The court held that any award of tort damages was improper because negligent misrepresentation claims only permit recovery of reliance damages, not benefit-of-the-bargain damages, and the plaintiff failed to prove any reliance damages that were independent of its contractual "benefit-of-the-bargain." *Id.* at 663-64. Here, in contrast, Homeland is not seeking benefit-of-the-bargain damages from Defendants. Rather, it is seeking out-of-pocket reliance damages flowing not from Defendants' failure to perform their contractual duties, but from their breach of their common law duty to refrain from misrepresentation.

SMRH:4845-
6080-0495.1

Picking phrases from case law out of context, Defendants wrongly suggest that negligent misrepresentation claims are barred any time that the claimed damages have some relationship to a contract between the parties. That is not the law. Rather, as the Texas Supreme Court explained, the Court must consider "the source of the defendant's duty to act (whether it arose solely out of the contract or from some common-law duty) and the nature of the remedy sought by the plaintiff." *Crawford v. Ace Sign Co.*, 917 S.W.2d 12, 13-14 (Tex. 1996). To that end, a Court should consider whether Defendants' conduct "would give rise to liability only because it breaches the parties' agreement" and whether the only damages sought are "economic loss caused by [Defendants'] failure to perform." *Id.*

Here, all of these considerations demonstrate that Homeland is properly seeking tort damages based on tort duties. Defendants' *duty* not to misrepresent arises from common law rather than contract. Defendants' *liability* arises not because they breached the contract, but because they breached their common law duty. And the resulting *damages* are not contract damages arising from Defendants' failure to perform. Rather, they are reliance damages resulting from Defendants' failure to tell the truth. Defendants' attempt to avoid liability for the damages it caused should thus be rejected.

Finally, it is worth noting the irony in Defendants even raising the economic loss rule argument. In other briefing, Defendants' position has been that the 2016 Letter never became a part of the contract in the first place. Now they flip-flop, arguing that Homeland's claims based on that letter in fact sound in contract and thus bar any tort claim. As shown above, they are simply wrong on the law: whether or not the 2016 Letter is part of the contract, Homeland's negligent misrepresentation claim based upon it is rooted in tort duties and seeks tort rather than

contract damages.  The goal of Defendants' flip-flop is obvious – to avoid answering under *any*

theory for their misrepresentations.  Neither law nor justice supports that result.

## IV.   DEFENDANTS' SECTION 705.005 ARGUMENT FAILS ON THE MERITS

Defendants' attempt to re-argue their losing argument under Texas Insurance Code

section 705.005 also fails on the merits for multiple reasons.

### A.   Section 705.005 By Its Plain Language Applies to Defenses, Not to Claims for Damages

Defendants' section 705.005 argument is contrary to the statute's plain language, which

makes clear that it applies only to an insurer's attempt to rely on a misrepresentation "as a

***defense***" in a lawsuit.  (Emphasis added.)  This was expressly recognized by the Texas Court of

Appeals in *Fulgham v. Allied Prop. & Cas. Ins. Co.*, 2015 WL 3413525, at *4 (Tex.App.—

Dallas, May 28, 2015), which explained:

> These provisions [Insurance Code sections 705.003 and 705.005] govern an insurer's
> use of a policyholder's misrepresentations as grounds for defense against a
> policyholder's claims or to void or rescind a policy based on a provision in the policy
> prohibiting insured's misrepresentations. [Citations.] In the instant case, the insurance
> policy provided that any material misrepresentations made by Fulgham in the
> application or claims process would void the insurance policy, but Allied did not seek
> to rescind or void the policy on that provision and did not obtain relief on those
> grounds. Instead, Allied sought and obtained relief on the grounds of its own
> affirmative claims of common-law fraud and unjust enrichment.

(rejecting insured's attempt to apply section 705.005 to insurer's claims for damages).  Here, the

Court has already agreed with Homeland and *Fulgham* on this issue.  (Dkt. 28, p. 15.)  Nothing

has changed since then.  The same result should still apply.

Defendants cite no authority to the contrary.  Instead, they try an end-run around

*Fulgham* by insinuating that it involved only alleged misrepresentations during the claim

process.  This attempted distinction wouldn't make a difference even if it were accurate, because

the rationale of Fulgham focused on the fact that the insurer was seeking damages for

-7-

misrepresentation and not on *when* the misrepresentation occurred.   Further, Defendants'
attempted distinction is simply inaccurate.   One of the issues in *Fulgham* was the insured's
misrepresentations in the application about the insured building's purpose and whether there was
"evidence that [the insurer] relied on any of the various false statements [the insured] made in the
application process."  *See Fulgham*, 2015 WL 3413525 at *1-2.  Nowhere did *Fulgham* limit its
holding to just fraud during a claim; rather, its rationale for not applying section 705.005 was
because the insurer "did not seek to rescind or void the policy on that provision and did not
obtain relief on those grounds."  *Id.* at *4.

   **B.      Defendants' Cited Cases Are Inapposite**

   The cases cited by Defendant regarding section 705.005 are uniformly inapposite because
they all involve insurers seeking to avoid coverage under a policy.   Homeland's negligent
misrepresentation claim does not seek to avoid coverage.   Rather, it contends that -- assuming
there *is* coverage and thus a contractual duty to pay -- the existence of that duty is a result of
Defendants' tortious conduct and that Homeland is entitled to recover any resulting damages.
Because Homeland is making a claim for damages, not a defensive claim to be released from
contractual obligations, Defendants' cases are inapposite.

   Defendants try to create a false impression by characterizing their cases as involving
"affirmative" claims for relief.  But uniformly they involve insurers raising misrepresentations as
a defense to contractual liability (even though, in some of the cases, the insurer asserted its
defense in a declaratory judgment action rather than as an affirmative defense):

- *Thompson v. Diamond State Ins. Co.*, 2008 WL 11344903 (E.D. Tex. May 2, 2008) –
  Insurer defendant sought to avoid contractual liability based on insured's failure to
  disclose insured horse's health problems.

- *Prudential Ins. Co. of Am. v. Torres*, 449 S.W.2d 335 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.) – Insurer sought to rescind and cancel a life insurance policy based on false answers in the insurance application.

- *Sanders v. Jefferson Nat. Life Ins. Co.*, 510 S.W.2d 407 (Tex.Civ.App.—Dallas 1974, no writ) – Insurer sought to rescind based on a misrepresentation in the application.

- *Koral Indus., Inc. v. Sec.-Connecticut Life Ins. Co.*, 788 S.W.2d 136 (Tex.App.—Dallas 1990, writ denied sub nom., 802 S.W.2d 650 (Tex. 1990)) – Insurer asserted a counterclaim for declaratory relief of no coverage.

- *Essex Ins. Co. v. Redtail Prod., Inc.*, 1999 WL 627379, at *1 (N.D. Tex. Aug. 17, 1999), aff'd sub nom., 213 F.3d 636 (5th Cir. 2000) – Insurer asserted a claim for declaratory relief of no coverage and that the policy was void and properly cancelled.

- *Myers v. Mega Life & Health Ins. Co.*, 2008 WL 1758640 (Tex.App.—Amarillo Apr. 17, 2008, no writ) – Insurer brought counterclaim to rescind a life insurance policy.

None of these cases applied section 705.005 to an insurer's affirmative claim for damages. Thus, they are irrelevant to the issue at hand. Instead, *Fulgham* remains the only on-point authority, and it directly contradicts Defendants' position.

### C.   The Public Policy Behind Section 705.005 Is Not Implicated Here

Defendants' motion also affirmatively demonstrates that section 705.005 is not applicable here – not merely to Homeland's claims for damages, where the statute manifestly does not apply, but also to Homeland's defenses as well.

As Defendants concede in their motion, the purpose of the statute is to avoid situations where an insurer "continue[s] to collect and retain premiums while holding to its chest the 'ace in the hole' of denying liability" after a claim is made due to a known misrepresentation in the application. *Bettes v. Stonewall Ins. Co.*, 480 F.2d 92, 96 n.1 (5th Cir. 1973) (Godbold, J. dissenting); *accord* 6 COUCH ON INS. § 81:53 ("The underlying concern of the courts is that

-9-

the insurer otherwise may collect premiums and simultaneously lull the insured into believing that it has coverage.").

Here, the facts will show that Homeland never "lulled" Defendants into any false belief in coverage. Rather, Homeland promptly raised its coverage concerns with Defendants – including the *possibility* that the 2016 Letter was false and that such falsity would be a defense to coverage. Homeland thereafter investigated, making numerous requests to Defendants for more information and giving Defendants every chance to explain why the 2016 Letter should be considered truthful.[1] Apparently, Defendants' theory is that Homeland should have raced out and denied coverage within 90 days of its first suspicion of potential falsity, rather than putting Defendants on notice of the issue and conducting a careful and good faith investigation. It is absurd to contend that section 705.005 compels such a rush to judgment. When the Court hears the evidence, Homeland believes it will conclude that Homeland fully satisfied its statutory obligations regarding any issues as to which section 705.005 may actually apply.

## V.    CONCLUSION

For the reasons discussed above, Homeland respectfully requests that the Court deny Defendants' motion to reconsider its prior ruling on Defendants' motion to dismiss.

Respectfully submitted this 16th day of June, 2021.

---

[1] Even to the extent section 705.005 potentially applies here, the proper time to assess whether Homeland complied with it is on a full evidentiary record. Although Homeland could readily allege facts showing that it satisfied both the letter and the spirit of the statute, Defendants have not cited (and Homeland is unaware of) any authorities imposing such a pleading burden. But if the Court for any reason concludes that Homeland has this burden at the pleading stage, Homeland requests leave to amend to add the necessary allegations.

By:    */s/ John T. Brooks*
John T. Brooks (CA Bar #167793)
Jenna A. Fasone (CA Bar #308886)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
Telephone:  (619) 338-6500
Fax:  (619) 234-3815
jbrooks@sheppardmullin.com
jfasone@sheppardmullin.com
*Admitted Pro Hac Vice*

Joseph R. Little (#784483)
THE LITTLE LAW FIRM, P.C.
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone:  (713) 222-1368
Fax:  (281) 200-0115
jrl@littlelawtexas.com

*Attorneys for Plaintiff Homeland Insurance
Company of New York*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of this document was served upon counsel of record for all parties who have made an appearance in this case at the addresses indicated by CM/ECF electronic notification on this 16th day of June 2021.  I declare under penalty of perjury that the foregoing is true and correct.


*/s/ John T. Brooks*

_____

SMRH:4845-
6080-0495.1