**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>            Plaintiff,<br><br>   v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC. SONIC HEALTHCARE USA, INC., MEDLAB PATHOLOGY, SONIC HEALTHCARE (IRELAND) LIMITED, AND SONIC HEALTHCARE LIMITED.<br><br>            Defendants. | CIVIL ACTION NO. 1:20-cv-783 |

**<u>HOMELAND INSURANCE COMPANY OF NEW YORK'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S RULING ON DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

SMRH:4830-3527-4223.7

## I.      INTRODUCTION

Defendants wanted expanded insurance coverage.  To get that coverage, they signed a letter that—on its face—unambiguously expressed that it would form a part of the expanded insurance policy.  Now they want the Court to set aside their own words, at the pleading stage, based on arguments they failed to raise until their Rule (12)(b)(6) reply brief.

Homeland seeks reconsideration of one straightforward issue: whether Homeland "plausibly pleaded" that the 2016 Letter was incorporated into the 2016 Policy.  Defendants raise neither procedural nor substantive arguments sufficient to deny the granting of Homeland's motion in the interests of "substantial justice."  *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981).  Because the 2016 Letter expressly said it "will be deemed to be a part of the policy"—a fact that the Court's order did not mention, likely because Defendants didn't raise their argument until reply—Homeland has, at a minimum, "plausibly pleaded" that the 2016 Letter is part of the 2016 Policy.  Whether it in fact *is* part of the 2016 Policy is a question to be decided later, on a full record at the appropriate time.   "Substantial justice" favors reconsideration.

## II.      DEFENDANTS' PROCEDURAL ARGUMENTS ARE MERITLESS

Defendants first attempt two procedural evasions of the reconsideration motion, but neither has merit.  *First*, they try to justify their failure to raise their argument (that the 2016 Letter was not incorporated into the 2016 Policy) until their reply brief.  (Resp., Dkt. 43, at 3).  This justification fails because Homeland made the allegation in its complaint (Dkt. 21 at ¶ 54), and so Defendants should have addressed it in their opening brief.  But in any event, what matters is that Defendants admittedly did not raise the argument until their reply.  Consequently, Homeland had no opportunity to respond and, as a result, the Court issued its order without

apparently considering the express language of the 2016 Letter that it "will be deemed to be a part of the policy."  Homeland believes that, now that this language is brought to the Court's attention, the Court will agree that Homeland has at least "plausibly pleaded" incorporation of the 2016 Letter into the 2016 Policy.

*Second*, Defendants argue that Homeland should have filed a sur-reply, not a motion for reconsideration, citing *Berkman v. City of Keene*, 2011 WL 3268214, at *5 (N.D. Tex. July 29, 2011).  (Resp., Dkt. 43, at 3 and n. 12).  But nothing in *Berkman* holds that filing a sur-reply is the proper procedural vehicle here.  To the contrary, the court in *Berkman* <u>denied</u> the plaintiff's motion for leave to file a sur-reply.  *Id.  Berkman* neither considered a motion for reconsideration nor articulated the standard for when a sur-reply is appropriate.  Thus, *Berkman* does not apply.

## III.   DEFENDANTS' MERITS ARGUMENTS FAIL AS WELL

Defendants' merits arguments fare no better.  Because Homeland's only pleading burden is to "plausibly allege" that the 2016 Letter was incorporated into the 2016 Policy, Defendants have a tough argument indeed.  They need to show that it is not plausible that Homeland could prove such incorporation—where Homeland has alleged an express agreement, signed by CPL's president, that the 2016 Letter "will be deemed to be part of the policy."  Defendants' strained arguments to evade the clear import of their own words can, and should, be rejected as a matter of law.  At a minimum, however, Homeland has met its pleading burden, and the final call should be made by the Court or the trier of fact on a full evidentiary record, including any admissible extrinsic evidence of the Parties' intent.

### A.      Defendants Don't Even Defend Condition (U)'s Application Here

In its moving papers, Homeland established that Condition (U)—the provision that requires amendments to the policy be via written endorsement—does not apply to the 2016 Letter because it does not "alter[], waive[], or change[]" the Policy.  Rather, the Worldwide

Territory Endorsement is what "changed" the policy.  The 2016 Letter merely detailed the warranties and conditions precedent Homeland relied on in issuing that expanded coverage. Defendants do not even attempt to argue to the contrary.  Thus, the major premise of their merits argument—i.e., that the letter should be disregarded because it does not comply with the policy's integration provision—fails.

For this reason, Defendants' reliance on *Deepwater Horizon*, *Ironshore Spec.,* and *Exxon Mobile* is misplaced.  All of those cases involved insurers that sought to rely on extrinsic documents to <u>restrict or limit</u> coverage.[1]  Here, on the other hand, the Parties explicitly agreed that the 2016 Letter would be incorporated into the 2016 Policy to show the "conditions and statements" upon which Homeland relied in issuing the expanded coverage.  Those are two very different things.

### B.    Endorsements Need Not Be Attached to a Policy to Be Valid

But even assuming, arguendo, Condition (U) applies, the 2016 Letter satisfies its requirements.  The gist of Defendants' argument is that the Letter can't be an endorsement—and thus that they aren't bound by their own words—because Homeland didn't physically attach the letter to the policy.  (Resp., Dkt. 43, at 3).  But Texas law rejects that notion.  Under Texas law, it is true that "[a]ll endorsements agreed to by the contracting parties should be attached to insurance policies, but *failure to attach them does not invalidate them*."  *Fid. Union Life Ins. Co. v. Methven*, 162 Tex. 323, 328 (1961) (emphasis added).

Defendants' authorities do not hold to the contrary.

---

[1] *In re Deepwater Horizon*, 470 S.W.3d 452, 460 (Tex. 2015) (discussing incorporation of coverage limitations and restrictions from other contracts into an insurance policy); *Ironshore Specialty Ins. Co. v. Aspen Underwriting, Ltd.,* 788 F.3d 456, 460 (5th Cir. 2015) (same); *Exxon Mobil Corp. v. Ins. Co. of State*, 568 S.W.3d 650, 658 (Tex. 2019) (same).

In *Nat'l Union Fire Ins. Co. of Pittsburgh v. Clemtex, Inc.*, 807 S.W.2d 824, 826 (Tex. App.—Houston [14th Dist.] 1991, writ denied), an insurer attempted to *retroactively* assess the insured additional premiums by issuing an endorsement, *after the policy was cancelled*, based on computations using the State Board of Insurance's rating plan (as opposed to the insurer's own rating plan).  The insured "refused to sign or otherwise agree to the endorsement."  *Id.* at 825.  The court held that issuing the endorsement *after cancellation* didn't satisfy a requirement in the State Board's rating plan.  *Id.* at 826.

Defendants are not remotely like the insured in *Clemtex.*  First and foremost, Defendants expressly agreed in the 2016 Letter itself that it would form part of the 2016 Policy.  Additionally, Homeland sought the warranties in the 2016 Letter in response —and as conditions precedent—to Defendants' request to expand coverage.  Homeland never sought to retroactively change anything about the 2016 Policy after it was cancelled.  Moreover, *Clemtex* never addressed what extrinsic documents could specifically constitute an "endorsement."

*In re GuideOne Mut. Ins.*, No. 10-16-00404, 2017 WL 1749793 (Tex. App.—Waco May 3, 2017, no pet.) is similarly inapposite.  There, the insured argued the insurer waived its right to rely on an appraisal clause by delaying invocation of it.  *Id.* at *1.  The insurer argued, among other things, that it couldn't waive the appraisal clause because the policy contained a non-waiver provision that stated the "policy's terms can be . . . waived only by endorsement issued by us and made a part of this policy."  *Id.* at *1-2.

The court agreed with the insurer as there was *no indication* that an endorsement waiving the appraisal clause was issued and made a part of the policy.  *Id.* at *3.  Defendants' characterization of the court's holding as "ignoring anything extrinsic" (Resp., Dkt. 43, at 3 n. 7) is superficially true but substantively hollow given there was nothing extrinsic to consider.

Again, like *Clemtex*, the court never considered or discussed what qualifies as an endorsement under Texas law.

Further, there is nothing in Condition (U) that states an endorsement must be "attached" to the policy.  Nor does Condition (U) dictate any magic words,[2] titles, or other requirements (other than that it be "written") for an endorsement to "form a part of this Policy."

### C.    Defendants Should Not Be Permitted to Evade Their Expressed Intent

Defendants' legal gymnastics are all aimed at a single goal: persuading the Court to ignore the Parties' manifested intent that the 2016 Letter be part of the 2016 Policy.  The Court should reject this effort.  The letter makes that intent clear on its face.  That, without more, should be enough to establish incorporation of the letter into the policy.  Further, even assuming some technical mistake or scrivener's error in expressing that intent, such mistake can readily be cured by reformation.  Homeland's allegations thus readily meet the pleading standard of "plausible" allegations.  Any final decision should be made in the context of a full evidentiary record.

### IV.    A FULL EVIDENTIARY RECORD WILL ESTABLISH INCORPORATION

Finally, a full evidentiary record will confirm that the Parties intended for the 2016 Letter to be incorporated into at least the 2016 Policy.  On April 11, 2016, Sheridan Foster signed the application for insurance on behalf of all individuals and entities proposed for coverage.  (Brooks Decl., ¶ 2 and Ex. A thereto.)  The application contained the following provisions establishing that both the application and "information submitted with this Application" are deemed to be "physically attached to, part of, and incorporated into the policy":

---

[2] As Defendants' authority holds, "magic words" are not required for incorporation.  *Deepwater Horizon*, 470 S.W.3d at 460.

> [T]he statements in this Application and any attachments *or information submitted with this Application* (together referred to as the "Application") are true and complete . . . .  We will maintain the information contained in and submitted with this Application on file and along with the Application *will be considered physically attached to, part of, and incorporated into the policy*, if issued.

*Id.* (emphasis added).

Defendants concede that the 2016 Letter "was requested and executed in conjunction with the application process"—i.e., information submitted with the Application.  (Mot. to Dismiss, Dkt. 24, at 3).  Homeland has plausibly alleged the 2016 Letter was incorporated into the 2016 Policy.  The language of the application itself will confirm this.  The Court should decide the incorporation issue on a full evidentiary record.  For now, Homeland has met its low burden at the pleading stage.

## V.     CONCLUSION

Homeland has, at a minimum, "plausibly alleged" that the 2016 Letter is part of the 2016 Policy.  Homeland respectfully requests that the Court reconsider its prior ruling to the extent that it is based on a finding that Homeland did not adequately plead that the 2016 Policy incorporated the 2016 Letter.

-6-

Respectfully submitted this 30th day of June, 2021.


By:    */s/ John T. Brooks*
       John T. Brooks (CA Bar #167793)
       Jenna A. Fasone (CA Bar #308886)
       Jared K. LeBeau (CA Bar #292742)
       SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
       501 West Broadway, 19th Floor
       San Diego, CA 92101
       Telephone:  (619) 338-6500
       Fax:  (619) 234-3815
       jbrooks@sheppardmullin.com
       jfasone@sheppardmullin.com
       jlebeau@sheppardmullin.com
       *Admitted Pro Hac Vice*

       Joseph R. Little (#784483)
       The Little Law Firm
       440 Louisiana Street, Suite 900
       Houston, Texas 77002
       Telephone:  (713) 222-1368
       Fax:  (281) 200-0115
       jrl@littlelawtexas.com

       *Attorneys for Plaintiff Homeland Insurance*
       *Company of New York*

SMRH:4830-3527-4223.7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of this document was served upon counsel of record for all parties who have made an appearance in this case at the addresses indicated by CM/ECF electronic notification on this 30th day of June 2021.  I declare under penalty of perjury that the foregoing is true and correct.


*/s/ John T. Brooks*

_____

SMRH:4830-
3527-4223.7