IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>    Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC. AND SONIC HEALTHCARE USA, INC.,<br><br>    Defendants. | CIVIL ACTION NO.: 1-20-cv-783 |

**DEFENDANTS' OBJECTION TO AND MOTION TO STRIKE PLAINTIFF'S DECLARATIONS SUBMITTED IN SUPPORT OF PLAINTIFF'S REPLY BRIEFS**

Defendants object to and move to strike two declarations filed by Plaintiff on June 30, 2021 (Dkt. 48-1; 49-1) in conjunction with reply briefs it filed in support of its motions for reconsideration (Dkt. 48) and leave to amend (Dkt. 49).[1] Both declarations attach new evidence not previously before the Court—a portion of an application allegedly submitted in conjunction with the negotiation of the 2016 Policy. (*See* Dkt. 48-1; 49-1).[2] Plaintiff previously argued that it is inappropriate to raise new issues on reply (*see, e.g.*, Dkt. 35 at 5) and indeed that is the law. *See Spence v. Nationstar*, No. 15-cv-156, 2016 WL 11582545, at *6 (W.D. Tex. May 10, 2016) ("The Court disapproves of Plaintiffs submitting the appropriate evidence for the first time in their Reply Brief."). In any event, extrinsic evidence like the application is irrelevant in this insurance case, where the parties' rights and obligations are governed by the text of the insurance contract. *See, e.g.*, *Exxon Mobil v. Ins. Co. of State*, 568 S.W.3d 650, 657 (Tex. 2019) ("[A]n extrinsic document may not be considered unless the policy clearly manifests an intent to incorporate its terms.").

---

[1] Counsel for Defendants conferenced with counsel for Plaintiffs prior to the filing of this motion, by telephone, in accord with Local Rule CV-7(i).

[2] All undefined capitalized terms are as defined by the Court in its April 26, 2021 Order (Dkt. 28).

For those reasons, Defendants respectfully submit that the Court should strike and refuse to consider the two declarations filed by Plaintiff on June 30, 2021 (Dkt. 48-1; 49-1). In the alternative, Defendants respectfully request the opportunity to file two short sur-reply briefs, of no more than five pages each, in order to respond to the new evidence presented by Plaintiff. *See Davis v. United Health Services*, No. 18-cv-1093-RP, 2020 WL 33597, at *3 (W.D. Tex. Jan. 2, 2020) ("A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage.").

Dated: July 2, 2021

Respectfully submitted,

By: /s/ Ernest Martin, Jr.
Ernest Martin, Jr. [Bar No. 13063300]
Greg Van Houten*
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
214-651-5651 Direct
ernest.martin@haynesboone.com
greg.vanhouten@haynesboone.com
*Admitted Pro Hac Vice

-and-

Mark T. Beaman [Bar No. 01955700]
Ryan Bueche [Bar. No. 24064970]
GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S Mopac Expy Suite A400
Austin, TX 78746
512-482-3504 Direct
mbeaman@germer-austin.com
rbueche@germer-austin.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

I hereby certify that, consistent with Local Rule CV-7(i), counsel for Defendants and counsel for Plaintiff conferred by telephone regarding this motion prior to its filing and were unable to reach an agreement regarding the same.

/s/ Ernest Martin, Jr.
Ernest Martin, Jr.

**CERTIFICATE OF SERVICE**

I certify that, consistent with Local Court Rule CV-5, a true and correct copy of the foregoing was sent to all parties of record pursuant to the Electronic Filing Procedures and the Federal Rules of Civil Procedure on this 2nd day of July 2021.

/s/ Ernest Martin, Jr.
Ernest Martin, Jr.