**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, <br><br> Plaintiff, <br><br> v. <br><br> CLINICAL PATHOLOGY LABORATORIES, INC., SONIC HEALTHCARE USA, INC., MEDLAB PATHOLOGY, SONIC HEALTHCARE (IRELAND) LIMITED, AND SONIC HEALTHCARE LIMITED, <br><br> Defendants. | CIVIL ACTION NO.:  1-20-cv-783 |

<u>**PLAINTIFF HOMELAND INSURANCE COMPANY OF NEW YORK'S RESPONSE TO DEFENDANT CLINICAL PATHOLOGY LABORATORIES, INC.'S FIRST SET OF INTERROGATORIES**</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Homeland Insurance Company of New York ("Homeland"), by and through counsel, submits the following objections and responses to Defendant Clinical Pathology Laboratories, Inc.'s ("CPL" or "Defendant")'s first set of interrogatories to Homeland.

<u>**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**</u>

1.      These responses are made solely for the purpose of, and in relation to, this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility) that would require the exclusion of any statement contained herein if the interrogatory were asked of, or any statement contained herein were made by, a witness present and testifying in court.  All such objections and the grounds therefor are reserved and may be interposed at the time of trial.

2.	Homeland objects to each and every interrogatory, and the definitions and instructions that precede them, to the extent that they impose a burden or obligations beyond the scope of permissible discovery under the Federal Rules of Civil Procedure, seek information or materials without proper limit to their subject matter, or are not limited to the time period(s) relevant to the issues presented in this litigation. Homeland also objects to the extent that the information sought is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive, as provided by the Federal Rules of Civil Procedure. Homeland notes that some of the personnel responsible for the underwriting of the "Policies" and for handling the "ICC Claims" are no longer affiliated with Homeland, so its ability to provide responses is limited to information it can gather and assemble from written documents and current employees.

3.	Homeland objects to each and every interrogatory, and the definitions and instructions that precede them, to the extent that they are vague, ambiguous, overly broad, unduly burdensome, disproportionate to the needs of the case, seek irrelevant information, or are not calculated to lead to the discovery of admissible evidence. They are also compound, conjunctive and/or disjunctive making the total number of interrogatories asked in excess of the limitations contained in the Federal Rules of Civil Procedure.

4.	Homeland objects to each and every interrogatory to the extent that they seek the disclosure of highly confidential, trade secret and/or proprietary information and materials.

5.	Homeland objects to the definitions of "Homeland," "OneBeacon, "You" and "Your" on the grounds that they are overly broad, ambiguous, and improper because they include various third parties and would require Homeland to supply information that is not in its possession, custody, or control. Homeland objects to each and every interrogatory to the extent that they purport to require responses from or searches of files and the production of documents in the possession, custody, or control of third parties. Acquisition of the information necessary to respond to the interrogatories with respect to entities other than Homeland would place an unreasonable burden on Homeland.

CIVIL ACTION NO.: 1-20-cv-783

HOMELAND INSURANCE COMPANY OF NEW YORK'S OBJECTIONS AND
RESPONSES TO CPL'S FIRST SET OF INTERROGATORIES

6.     Homeland objects to the term "Describe" which seeks not only facts but persons, documents, meetings, communications and things related to the subject of the interrogatory.  As such, the terms makes each applicable interrogatory overbroad, compound and unduly burdensome.

7.     Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred.  The fact that an interrogatory herein has been answered should not be taken as an admission of, or a concession of the existence of, any facts set forth or assumed by such interrogatory, or that such response constitutes evidence of any fact thus set forth or assumed.  Any interrogatory deemed as continuing is objected to as oppressive, overburdensome, improper and not in compliance with the provisions of the Federal Rules of Civil Procedure Rule 33, and will not be regarded as continuing in nature.

8.     Homeland objects to each and every interrogatory, and the definitions and instructions that precede them, to the extent that the information sought is protected from disclosure by any privilege, doctrine, exemption, immunity, or protection, including, without limitation, the attorney-client privilege and work product doctrine, on the ground that such information is not properly discoverable under the Federal Rules of Civil Procedure.  The inadvertent disclosure or production by Homeland of any privileged or protected documents or information shall not constitute a waiver of any privilege, protection, or immunity, or any other ground for objecting to discovery of the documents or information.  Homeland reserves the right to request the return or destruction of any inadvertently produced document.

9.     Homeland responds to the interrogatories based on the best of its present knowledge, information, and belief.  Homeland objects to the interrogatories to the extent that they request the identification of all, any, or every fact, document, individual, or piece of evidence at this early stage of the litigation on the grounds that such Interrogatories are premature, overbroad, oppressive, and unduly burdensome.  The following responses and objections are made without waiving any objections that Homeland may have to the admission, use, or introduction at any hearing or trial of any documents, information, or other evidence,

including, without limitation, any documents that may be called for by the Interrogatories. The production of any document, answer, information, or thing by Homeland in connection with any of the interrogatories does not constitute an admission that the document, information, or thing is relevant to this proceeding.

10.     Homeland also objects to the procedural specifications of Plaintiff's interrogatories and will respond under the provisions of Federal Rule of Civil Procedure Rule 33 and Western District of Texas, Austin Division Local Rule CV-33.

11.     Homeland has not yet completed discovery in this action and has not yet completed preparation for trial. Consequently, the following responses are given without prejudice to Homeland producing evidence of any subsequently discovered facts. Homeland's responses are at all times subject to such additional or different information that discovery or further investigation may disclose. Homeland reserves the right to supplement, amend, modify, or withdraw any response set forth herein to the full extent permitted by law.

12.     The preceding information is incorporated into each of the following responses as if set forth in full.

## RESPONSE TO INTERROGATORIES

## INTERROGATORY NO. 1:

Identify all Persons involved in or with knowledge regarding the drafting, negotiation, placement, underwriting, evaluating, approving, brokering, and/or issuing of the Policies. For each Person Identified, Describe the nature of that Person's participation or knowledge.

## RESPONSE TO INTERROGATORY NO. 1:

In addition to its General Objections, Homeland objects to this interrogatory because it is overbroad and unduly burdensome to the extent it purports to seek information that: (1) is not within Homeland's possession, custody or control, (2) is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or (3) concerns prior versions of the Policies issued to other non-party insureds. The interrogatory is also overbroad

with respect to the term "Describe" which seeks not only facts but persons, documents, meetings, communications and things related to the matter. Homeland further objects that the interrogatory calls for an examination, audit, compilation, abstract or summary of documents, and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for the propounding party. *See* Fed. R. Civ. P. 33(d); the non-privileged portions of Homeland's underwriting files for the Policies and Homeland's Initial Disclosures. Finally, Homeland objects on the grounds this interrogatory is improperly compound and contains subparts, containing at least seven separate interrogatories, making the total number of interrogatories asked in excess of the limitations contained in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Homeland responds as follows:

| Name and Contact | Subject of Information |
| --- | --- |
| **Stephen R. Shumpert**<br>Former President, CPL<br>Former CEO, Sonic USA<br>**Sheridan A. Foster**<br>Former Secretary, CPL<br>Former SVP Legal Affairs, Sonic USA<br>**Nancy Stratton**<br>Former VP Quality Assurance, CPL<br>**Kenneth A. Johnson**<br>Chief General Counsel, Sonic USA<br>**Karen Pruett**<br>Vice President of Quality Improvement, CPL<br>12357-A Riata Trace Parkway, Suite 210<br>Austin, TX 78727<br><br>**Dr. Colin Goldschmidt**<br>CEO, Sonic<br>**Christopher Wilks**<br>CFO, Sonic<br>**Gordon Young**<br>Risk Manager, Sonic<br>Level 22, 225 George Street<br>Sydney NSW 2000<br>Australia<br>gordon.young@sonichealthcare.com.au | The identified individuals may have knowledge related to:<br><br>▪ The procurement of the Policies, including representations made to Homeland in furtherance of procurement of coverage. |

| Name and Contact | Subject of Information |
|---|---|
| **Brian Madden**<br>CEO, MedLab<br>**Sabrina Carter**<br>Operations Management, MedLab<br>**Lisa Clarke**<br>Quality Assurance Manager, MedLab<br>Unit 3, Sandyford Business Centre<br>Sandyford Business Park, Dublin 18<br>Telephone: +353 (1) 293 3690<br>Fax: +353 (1) 293 3671<br>Brian.Madden@medlabpathology.ie<br>Sabrina.Carter@medlabpathology.ie<br>lisa.clarke@medlabpathology.ie<br><br>Other relevant former and/or current employees of Defendants to be determined | |
| **Jakob Onken**<br>Assistant Vice President, Aon Risk Solutions<br>10700 W. Research Drive, Suite 450<br>Milwaukee, WI 53226<br>Telephone: (414) 225-5377<br>jakob.onken@aon.com<br><br>**Abby Bell**<br>Broker, Aon Risk Solutions<br>Aon Center, 200 E. Randolph, 13th Floor<br>Chicago, IL 60601<br>Telephone: (312) 381-4119<br>Fax: (312) 381-9012<br>abby.bell@aon.com<br><br>**Kathryn Shearman**<br>Senior Claims Consultant, Aon Risk Solutions<br>201 Kent Street Sydney NSW 2000<br>Telephone: +61 9253 8406<br>Fax: +61 9253 7128<br>kathryn.shearman@aon.com | The identified individuals may have knowledge related to:<br>▪ The procurement of the Policies, including representations made to Homeland in furtherance of procurement of coverage. |
| **Jennifer L. Clifford**<br>Former Vice President, Homeland | The identified individuals may have knowledge related to:<br>▪ The underwriting of the Policies. |

CIVIL ACTION NO.: 1-20-cv-783
HOMELAND INSURANCE COMPANY OF NEW YORK'S OBJECTIONS AND
RESPONSES TO CPL'S FIRST SET OF INTERROGATORIES

| Name and Contact | Subject of Information |
|---|---|
| **Brenda Craig**<br>Former President, Homeland<br><br>**Lisa M. Vumback**<br>Lead Product Counsel for Intact Services USA, LLC<br><br>*All may be contacted through Homeland's counsel, Sheppard, Mullin, Richter & Hampton, LLP* | |

Homeland also refers CPL to the non-privileged portions of Homeland's underwriting files for the Policies.

Discovery is ongoing and Homeland reserves the right to supplement this response.

**INTERROGATORY NO. 2:**

Identify all Persons (including but not limited to any outside or in-house counsel) who had any responsibility for, or who have knowledge regarding, the handling, investigation, evaluation, processing, adjusting, review, or determination of the Ms. S Claim [ICC Claims] under the Policies. For each Person Identified, Describe the nature of that Person's participation or knowledge.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, Homeland objects to this interrogatory because it is overbroad and unduly burdensome to the extent it purports to seek information that: (1) is not within Homeland's possession, custody or control and/or (2) is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. The interrogatory is also overbroad with respect to the term "Describe" which seeks not only facts but persons, documents, meetings, communications and things related to the matter. Homeland further objects that the interrogatory calls for an examination, audit, compilation, abstract or summary of

documents, and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for the propounding party. *See* Fed. R. Civ. P. 33(d); the non-privileged portions of Homeland's claim notes and claim file for the ICC Claims and Homeland's Initial Disclosures. Finally, Homeland objects on the grounds this interrogatory is improperly compound and contains subparts, containing at least seven separate interrogatories, making the total number of interrogatories asked in excess of the limitations contained in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Homeland responds as follows:

| Name and Contact | Subject of Information |
|---|---|
| **Stephen R. Shumpert**<br>Former President, CPL<br>Former CEO, Sonic USA<br>**Sheridan A. Foster**<br>Former Secretary, CPL<br>Former SVP Legal Affairs, Sonic USA<br>**Nancy Stratton**<br>Former VP Quality Assurance, CPL<br>**Kenneth A. Johnson**<br>Chief General Counsel, Sonic USA<br>**Karen Pruett**<br>Vice President of Quality Improvement, CPL<br>**Hector Garcia**<br>Cytology Manager, CPL<br>**Dr. Shannon Kratzer**<br>Laboratory Director Cytology, CPL<br>12357-A Riata Trace Parkway, Suite 210<br>Austin, TX 78727<br>9200 Wall Street<br>Austin, TX 78754<br><br>**Dr. Colin Goldschmidt**<br>CEO, Sonic<br>**Christopher Wilks**<br>CFO, Sonic<br>**Gordon Young**<br>Risk Manager, Sonic<br>Level 22, 225 George Street<br>Sydney NSW 2000<br>Australia<br>gordon.young@sonichealthcare.com.au | The identified individuals may have knowledge related to:<br><br>▪ The procurement of insurance for Defendants from Homeland, Vero and any other of Defendants' insurers, including representations made to insurers in furtherance of procurement of coverage.<br><br>▪ The ICC Claims and CervicalCheck program.<br><br>▪ The NCSS and NSS contracts.<br><br>▪ Communications with Homeland, Vero and other insurers regarding the ICC Claims. |

| Name and Contact | Subject of Information |
|---|---|
| **Brian Madden**<br>CEO, MedLab<br>**Sabrina Carter**<br>Operations Management, MedLab<br>**Lisa Clarke**<br>Quality Assurance Manager, MedLab<br>Unit 3, Sandyford Business Centre<br>Sandyford Business Park, Dublin 18<br>Telephone: +353 (1) 293 3690<br>Fax: +353 (1) 293 3671<br>Brian.Madden@medlabpathology.ie<br>Sabrina.Carter@medlabpathology.ie<br>lisa.clarke@medlabpathology.ie<br><br>Other relevant former and/or current employees of Defendants to be determined | |
| **Mark T. Beaman**<br>Germer Beaman & Brown PLLC<br>One Barton Skyway<br>1501 S Mopac Expy, Suite A400<br>Austin, TX 78746<br>Telephone: (512) 472-0288<br>Fax: (512) 472-0721<br>mbeaman@germer-austin.com | The identified individual may have knowledge related to:<br><ul><li>The ICC Claims and Homeland's coverage investigation of the ICC Claims.</li></ul> |
| **Margaret Muldowney**<br>**Fiona Barry**<br>**Sinead Keavey**<br>**Mary Cooney**<br>William Fry<br>2 Grand Canal Square<br>Dublin 2, D02 A342, Ireland<br>Telephone: +353 1 639 5000<br>Fax: +353 1 639 5333<br>Margaret.Muldowney@williamfry.com | The identified individuals may have knowledge related to:<br><ul><li>The defense and settlement of the ICC Claims.</li><li>Communication with Defendants relating to insurance coverage under the Policies.</li></ul> |
| **Nessa O'Roarty**<br>**Clifford Healy**<br>BLM Law<br>St. Stephens Green House<br>Earlsfort Terrace | The identified individuals may have knowledge related to:<br><ul><li>The defense and settlement of the ICC Claims.</li></ul> |

CIVIL ACTION NO.: 1-20-cv-783
HOMELAND INSURANCE COMPANY OF NEW YORK'S OBJECTIONS AND
RESPONSES TO CPL'S FIRST SET OF INTERROGATORIES

| Name and Contact | Subject of Information |
|---|---|
| Dublin 2, DO2 PH42, Ireland<br>Telephone: +353 1 246 4900<br>nessa.o'roarty@blmlaw.com | ▪ Communication with Defendants relating to insurance coverage under the Policies.<br><br>▪ Communications with Homeland, Vero and other insurers regarding the ICC Claims.<br><br>▪ Homeland's investigation of the ICC Claims. |
| **Jakob Onken**<br>Assistant Vice President, Aon Risk Solutions<br>10700 W. Research Drive, Suite 450<br>Milwaukee, WI 53226<br>Telephone:  (414) 225-5377<br>jakob.onken@aon.com<br><br>**Abby Bell**<br>Broker, Aon Risk Solutions<br>Aon Center, 200 E. Randolph, 13th Floor<br>Chicago, IL 60601<br>Telephone:  (312) 381-4119<br>Fax:  (312) 381-9012<br>abby.bell@aon.com<br><br>**Kathryn Shearman**<br>Senior Claims Consultant, Aon Risk Solutions<br>201 Kent Street Sydney NSW 2000<br>Telephone:  +61 9253 8406<br>Fax:  +61 9253 7128<br>kathryn.shearman@aon.com | The identified individuals may have knowledge related to:<br><br>▪ The procurement of insurance for Defendants from Homeland, Vero and any other of Defendants' insurers, including representations made to insurers in furtherance of procurement of coverage.<br><br>▪ The reporting of the ICC Claims to Homeland, Vero and any other of Defendants' insurers.<br><br>▪ Communications with Homeland, Vero and other insurers regarding the ICC Claims. |
| **Valeri May**<br>Former Claim Consultant, Homeland<br><br>**Maureen G. Ringland**<br>Senior Vice President, Homeland<br><br>**Daniele Freaner**<br>Former Assistant Vice President, Homeland<br><br>*All may be contacted through Homeland's counsel, Sheppard, Mullin, Richter & Hampton, LLP* | The identified individuals may have knowledge related to:<br><br>▪ Homeland's handling and investigation of the ICC Claims. |

| Name and Contact | Subject of Information |
|---|---|
| | |
| **John Brooks** **Jenna Fasone** Sheppard Mullin Richter & Hampton LLP | The identified individuals may have knowledge related to communications with CPL and its representatives. |

Homeland also refers CPL to the non-privileged portions of Homeland's claim notes and claim file for the ICC Claims.

Discovery is ongoing and Homeland reserves the right to supplement this response.

## INTERROGATORY NO. 3:

Identify all Persons You have communicated with regarding the Policies and/or the ICC Claims (including but not limited to the Ms. S Claim), including, for example, all Persons employed by (or associated with) OneBeacon, Aon, Vero, or Beazley. For each Person Identified, Describe the nature of the Communications You had with that Person (or those Persons) and Describe who was involved with such Communications on Your behalf.

## RESPONSE TO INTERROGATORY NO. 3:

In addition to its General Objections, Homeland objects to this interrogatory because it is overbroad and unduly burdensome with respect to the term "Describe" which seeks not only facts but persons, documents, meetings, communications and things related to the matter. Moreover, the interrogatory seeks information that is not relevant to any party's claims or defenses, nor proportional to the needs of the case, such as communications with Beazley. Homeland also objects that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Homeland further objects that the interrogatory calls for an examination, audit, compilation, abstract or summary of documents, and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for the propounding party. *See* Fed. R. Civ. P. 33(d); the non-privileged

CIVIL ACTION NO.: 1-20-cv-783
HOMELAND INSURANCE COMPANY OF NEW YORK'S OBJECTIONS AND
RESPONSES TO CPL'S FIRST SET OF INTERROGATORIES

portions of Homeland's claim notes and claim file for the ICC Claims and Homeland's Initial Disclosures.  Finally, Homeland objects on the grounds this interrogatory is improperly compound and contains subparts, containing at least thirteen separate interrogatories, making the total number of interrogatories asked in excess of the limitations contained in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Homeland responds as follows: See Homeland's response to interrogatories 1 and 2 above, along with the non-privileged portions of Homeland's claim notes and claim file for the ICC Claims and the non-privileged portions of the underwriting files for the Policies.

Discovery is ongoing and Homeland reserves the right to supplement this response.


**INTERROGATORY NO. 4:**

State the exact date on which You first determined that You were not obligated to provide coverage for the Ms. S Claim [ICC Claims] and Identify each individual Person who made, or assisted with making, that determination.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to its General Objections, Homeland objects to this interrogatory because it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  It is also premature and calls for a legal conclusion.  Moreover, Homeland objects on the grounds that an intelligible and straightforward response regarding an "exact date" is not possible on account of the piecemeal, conflicting, inaccurate, misleading and/or incomplete information Homeland received from Defendants over the course of Homeland's coverage investigation.  To date, Homeland has still not obtained all of the relevant information necessary to complete its coverage investigation; such information and documents are the subject of outstanding discovery propounded on Defendants.  Homeland further objects that the interrogatory calls for an examination, audit, compilation, abstract or summary of documents, and the burden of deriving or ascertaining the answer to this interrogatory is

CIVIL ACTION NO.:  1-20-cv-783
HOMELAND INSURANCE COMPANY OF NEW YORK'S OBJECTIONS AND
RESPONSES TO CPL'S FIRST SET OF INTERROGATORIES

substantially the same for the propounding party. *See* Fed. R. Civ. P. 33(d) and the non-privileged portions of Homeland's claim notes and claim file for the ICC Claims. Finally, Homeland objects on the grounds this interrogatory is improperly compound and contains subparts, containing at least two separate interrogatories, making the total number of interrogatories asked in excess of the limitations contained in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Homeland responds as follows: There is no exact date on which Homeland "first determined that [it was] "not obligated to provide coverage for the [ICC Claims]."

In or around July of 2015, Homeland's preliminary coverage investigation and analysis of the Ms. O'Brien claim determined that there was no coverage for the claim under CPL's 2014-2015 policy issued by Homeland. Homeland confirmed this determination when the survivors of Ms. O'Brien filed suit in or around April of 2016.

Shortly after this determination, Defendants, through their broker, sought expanded coverage from Homeland and procured such coverage after providing a Warranty Letter on behalf of all those entities proposed for coverage. That Warranty Letter provided assurances that the entities proposed for coverage were unaware of facts that might give rise to further ICC Claims brought against not only CPL but also Sonic Healthcare (Ireland) Limited and MedLab Pathology. The Warranty Letter also provided that any existing claims or facts that may result in a future ICC Claim had already been reported to prior insurance carriers.

In or around February 2018, CPL provided notice to Homeland of the Ms. Phelan claim which had been recently filed in Ireland. Homeland had serious questions about coverage of the Ms. Phelan claim from the beginning of its investigation as discussed in various emails and letters Homeland sent to CPL and expressed during phone calls with CPL, MedLab and/or broker AON beginning in March of 2018. Just by way of example, Homeland sought information concerning the first time any Sonic entity became aware of the Ms. Phelan claim and the potential for any other ICC Claims. Homeland also sought the notice earlier provided to

insurer Vero concerning the Ms. Phelan and any other ICC Claims. For the full list of coverage

concerns initially raised by Homeland, *see* Homeland's March 27, 2018 correspondence to

Sheridan Foster and the unprivileged portions of Homeland's claim file and claim notes for the

ICC Claims generally.

Homeland, giving the full benefit of the doubt to its insured, did not want to be rash and

quick to deny coverage without completing a full investigation. Defendants, however, were not

forthcoming and did not provide the majority of, or critical documents responsive to,

Homeland's requests.

In or around April of 2018, while Homeland was in the middle of its coverage

investigation for the Ms. Phelan matter, Homeland received notice that no further action from

Homeland would be required because the matter had been "settled as against Medlab/CPL" and

"another insurer (Vero) ha[d] granted indemnity in relation to the settlement." Homeland

therefore closed its file for the Ms. Phelan claim, the only pending ICC Claim noticed to

Homeland at that time.

In or around May of 2018, CPL reported a list of 101 slides to Homeland which CPL

believed may result in future claims against it. Homeland therefore immediately returned to its

coverage investigation, now for the various ICC Claims noticed in the bulk claim report, other

than the Ms. O'Brien and Ms. Phelan claims.

In or around June of 2018, Homeland received correspondence from broker Aon

concerning the Ms. Curtis matter and requesting defense and indemnity on behalf of CPL, Sonic

Healthcare Limited, Sonic Healthcare (Ireland) Limited, and MedLab Pathology. According to

the information and documents provided to Homeland, as of June 2018, only MedLab had been

named as a defendant. Additionally, Ms. Curtis appeared to have first made a claim in or around

April of 2016. According to Defendants, it was their "understanding CPL was involved in

interpreting slides in [the Ms. Curtis] matter."

On or about June 29, 2018, Homeland wrote to Aon and CPL in response to the request

for defense and indemnity of the Ms. Curtis claim on behalf of all Defendants aside from Sonic

HOMELAND INSURANCE COMPANY OF NEW YORK'S OBJECTIONS AND
RESPONSES TO CPL'S FIRST SET OF INTERROGATORIES

USA.  In that letter, Homeland pointed out, among other things, that: (1) the Worldwide Territory Endorsement precluded coverage for any claims made outside of the United States against any insured domiciled outside of the United States (eliminating any coverage for applicable Defendants aside from CPL); (2) CPL was not named in the Ms. Curtis lawsuit and no information had been provided to Homeland indicating CPL had done anything for which Ms. Curtis sought to hold CPL liable; and (3) the Ms. Curtis claim appeared to have first been made in April 2016, well before the 2016-17 Policy period under which the claim was tendered had commenced and was being reported outside of the notice period dictated by General Condition (C).  Therefore, Homeland's letter concluded that there did not appear to be any potential for coverage of the Ms. Curtis matter because there did not appear to be any pending claim against any potential insured, nor any claim that had been first made and timely noticed within the applicable policy and reporting period.  Homeland invited Defendants to provide any additional information in response to the analysis provided in the June 29 letter, but to date Homeland has not received a reply.  *See* correspondence from John T. Brooks to Sheridan Foster and Jake Onken dated June 29, 2018.

In order to continue its coverage investigation for the remaining ICC Claims noticed to it, Homeland resumed its reasonable requests for information and documents that it had requested during its coverage investigation of the Ms. Phelan claim.  But again, Defendants were not forthcoming and did not provide the critical information or documents Homeland needed to complete its investigation.

For example, it was not until December of 2018 that Defendants provided Homeland with some information concerning MedLab's knowledge of the Cancer Audit Reviews, MedLab's prior tender of the Ms. Curtis claim to Vero, and MedLab's March 2016 bulk claim report to Vero which concerned a list of 58 potential claimants, including, but not limited to, Ms. Swift and Ms. Aldred.  *See* correspondence from Mark T. Beaman to John T. Brooks dated December 14, 2018 and enclosed documents, including MedLab's March 2016 bulk claim report to Vero.

In or around February of 2019, Homeland responded to Defendants' coverage counsel after conducting a preliminary analysis of the information and documents provided in December of 2018. Homeland's letter provided its preliminary analysis of what it believed were the two most significant potential obstacles to coverage (the Prior Notice Exclusion and the Warranty Letter) and invited Defendants to respond with additional facts or documents that would assist Homeland in coming to the correct coverage determination. *See* correspondence from John T. Brooks to Mark T. Beaman dated February 4, 2019. Again, Homeland wanted to provide Defendants every opportunity to demonstrate coverage for any or all of the ICC Claims noticed to Homeland. Homeland also offered to set up a conference call to discuss the various issues raised in its correspondence over the prior several months. Defendants did not take Homeland up on this offer.

Defendants did not provide any meaningful response to the issues and questions raised in Homeland's February 2019 correspondence until September 2019. *See* correspondence from Mark T. Beaman to John T. Brooks dated September 18, 2019. At this point, Homeland had been investigating coverage for the ICC Claims for nearly a year and a half. And still, Defendants' September 2019 correspondence failed to provide all of the information and documents necessary to make a final coverage determination.

However, by October of 2019, CPL advised that there may soon be a settlement of the Ms. Swift matter and demanded a coverage determination at least with respect to the Ms. Swift claim. Notwithstanding Homeland's need to gather additional information, because CPL had represented that time was of the essence with respect to the Ms. Swift claim and the upcoming trial, Homeland decided that it would consider requests for reimbursement in the Ms. Swift matter subject to a full reservation of rights – including but not limited to the right to seek recoupment of any payment to CPL should coverage found to be lacking – as more fully discussed in Homeland's October 14, 2019 reservation of rights letter. That letter explained Homeland's position with respect to coverage based on all of the information and documents it had been provided to date, and reiterated the information and documents it required to make a

final coverage determination.

To date, Defendants have still failed to provide all of the requested information and documents requested by Homeland. Once CPL made a request for reimbursement from Homeland for the Ms. Swift claim in or around May of 2020, Homeland was left with no option but to file the instant lawsuit seeking a determination from the court with respect to coverage under the 2017-18 Policies.

*Persons*

Homeland's former employees, Daniele Freaner, Maureen Ringland, and Valeri May were involved in the investigation outlined above, as well as counsel for the parties involved in the communications described above.

Homeland also refers CPL to the non-privileged portions of Homeland's claim notes and claim file for the ICC Claims.

Discovery is ongoing and Homeland reserves the right to supplement this response.

**INTERROGATORY NO. 5:**

State the exact date on which You engaged outside counsel to assist with any work relating to the Policies and/or the ICC Claims (including but not limited to the Ms. S Claim) and Identify any such Persons.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to its General Objections, Homeland objects to this interrogatory because it is vague and ambiguous, particularly with respect to the term "engaged." Homeland also objects to the extent the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Finally, Homeland objects on the grounds this interrogatory is improperly compound and contains subparts, containing at least four separate interrogatories, making the total number of interrogatories asked in excess of the limitations contained in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Homeland responds as follows: Homeland first contacted outside counsel, Sheppard Mullin Richter & Hampton LLP, in or around March 2018.

**INTERROGATORY NO. 6:**

Identify all Persons who have knowledge regarding the (a) 2016 Shumpert Letter, (b) Prior Notice Exclusion, (c) Prior Knowledge Exclusion, (d) 2016 Rate Stabilization Endorsement, (e) Additional Named Insured Endorsement, or (f) Worldwide Territory Endorsement, including but not limited to Persons who drafted, revised, requested, negotiated, discussed, analyzed, and/or approved those documents, exclusions, or endorsements. For each Person identified, Describe the nature of that Person's participation or knowledge.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to its General Objections, Homeland objects to this interrogatory because it is overbroad and unduly burdensome to the extent it purports to seek information that: (1) is not within Homeland's possession, custody or control, (2) is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or (3) concerns prior versions of the Policies issued to other non-party insureds. The interrogatory is also overbroad with respect to the term "Describe" which seeks not only facts but persons, documents, meetings, communications and things related to the matter. Homeland further objects that the interrogatory calls for an examination, audit, compilation, abstract or summary of documents, and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for the propounding party. *See* Fed. R. Civ. P. 33(d); the non-privileged portions of Homeland's underwriting files for the Policies and Homeland's Initial Disclosures. Finally, Homeland objects on the grounds this interrogatory is improperly compound and contains subparts, containing at least twelve separate interrogatories, making the total number of interrogatories asked in excess of the limitations contained in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Homeland responds as follows: See Homeland's response to interrogatory 1 above, along with the non-privileged portions of Homeland's claim underwriting files for the Policies.

Discovery is ongoing and Homeland reserves the right to supplement this response.

## INTERROGATORY NO. 7:

State the exact date on which You allege that You first discovered the alleged misrepresentation described at paragraph 160 of Your First Amended Complaint [Doc. 21], Identify the specific Document(s) and/or Communication(s) that You allege caused You to discover the alleged misrepresentation, and Identify the specific individual(s) You allege discovered the alleged misrepresentation.

## RESPONSE TO INTERROGATORY NO. 7:

In addition to its General Objections, Homeland objects to this interrogatory because it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. It is also premature and calls for a legal conclusion. Moreover, Homeland objects on the grounds that an intelligible and straightforward response regarding an "exact date" is not possible on account of the piecemeal, conflicting, inaccurate, misleading and/or incomplete information Homeland received from Defendants over the course of Homeland's coverage investigation. To date, Homeland has still not obtained all of the relevant information necessary to complete its coverage investigation; such information and documents are the subject of outstanding discovery propounded on Defendants. Homeland further objects that the interrogatory calls for an examination, audit, compilation, abstract or summary of documents, and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for the propounding party. *See* Fed. R. Civ. P. 33(d) and the non-privileged portions of Homeland's claim notes and claim file for the ICC Claims. Finally, Homeland objects on the grounds this interrogatory is improperly compound and contains subparts, containing at least three separate interrogatories, making the total number of

SMRH:4850-5203-8873.6

interrogatories asked in excess of the limitations contained in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Homeland responds as follows: There is no "exact date on which [Homeland] allege[s] that [it] first discovered the alleged misrepresentation described at paragraph 160 of [Homeland's] First Amended Complaint." See Homeland's response to interrogatory 4 above, along with the non-privileged portions of Homeland's claim notes and claim file for the ICC Claims.

Discovery is ongoing and Homeland reserves the right to supplement this response.

**INTERROGATORY NO. 8:**

State the exact date on which You allege that You first informed CPL (or any other insured under the Policies) that You refused to be bound by the Policies due to an alleged misrepresentation in the 2016 Shumpert Letter, and Identify the specific Document(s) and/or Communication(s) through which You allege that You so informed CPL (or any other insured under the Policies).

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to its General Objections, Homeland objects to this interrogatory because it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. It is also premature and calls for a legal conclusion. Homeland further objects that the interrogatory calls for an examination, audit, compilation, abstract or summary of documents, and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for the propounding party. *See* Fed. R. Civ. P. 33(d) and the non-privileged portions of Homeland's claim notes and claim file for the ICC Claims. Finally, Homeland objects on the grounds this interrogatory is improperly compound and contains subparts, containing at least two separate interrogatories, making the total number of interrogatories asked in excess of the limitations contained in Federal Rule of Civil Procedure 33(a)(1).

CIVIL ACTION NO.: 1-20-cv-783
HOMELAND INSURANCE COMPANY OF NEW YORK'S OBJECTIONS AND
RESPONSES TO CPL'S FIRST SET OF INTERROGATORIES

Subject to and without waiving the foregoing objections, Homeland responds as follows: There is no "exact date on which [Homeland] allege[s] that [it] first informed CPL (or any other insured under the Policies) that [Homeland] refused to be bound by the Policies due to an alleged misrepresentation in the 2016 Shumpert Letter." See Homeland's response to interrogatory 4 above, along with the non-privileged portions of Homeland's claim notes and claim file for the ICC Claims.

Discovery is ongoing and Homeland reserves the right to supplement this response.

**INTERROGATORY NO. 9:**

List every lawsuit that you have participated in since January 25, 2011 in which you sought to rescind an insurance policy because of an alleged misrepresentation in an insurance application or in the insurance application process.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to its General Objections, Homeland objects to this interrogatory because it is overbroad and seeks information that is not relevant to any party's claims or defenses, nor proportional to the needs of the case. Homeland's participation in other potential lawsuits seeking rescission would concern unique facts and circumstances particular to other insureds with different policies and underwriting histories, making any such lawsuits irrelevant to the instant litigation.

**INTERROGATORY NO. 10:**

List every lawsuit that you have participated in since January 25, 2011 in which you sought monetary damages for, and not rescission of an insurance policy for, an alleged misrepresentation in an insurance application or in the insurance application process.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to its General Objections, Homeland objects to this interrogatory because it is overbroad and seeks information that is not relevant to any party's claims or defenses, nor

proportional to the needs of the case. Homeland's participation in other potential lawsuits seeking monetary damages would concern unique facts and circumstances particular to other insureds with different policies and underwriting histories, making any such lawsuits irrelevant to the instant litigation.

**INTERROGATORY NO. 11:**

Identify every exclusion, endorsement, provision, term, definition, or condition contained in the Policies that You contend defeats or limits the coverage CPL is entitled to under the Policies for the Ms. S Claim [ICC Claims]. For each such exclusion, endorsement, provision, term, definition, or condition, list and Describe all facts relating to your contention(s). In your response, Identify all Persons with knowledge of such facts and all Documents relating to your contention(s).

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to its General Objections, Homeland objects to this interrogatory because it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. It is also premature and calls for a legal conclusion. Homeland further objects that the interrogatory calls for an examination, audit, compilation, abstract or summary of documents, and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for the propounding party. *See* Fed. R. Civ. P. 33(d) and the non-privileged portions of Homeland's claim notes and claim file for the ICC Claims and the non-privileged portions of Homeland's underwriting files for the Policies. Finally, Homeland objects on the grounds this interrogatory is improperly compound and contains subparts, containing at least four separate interrogatories, making the total number of interrogatories asked in excess of the limitations contained in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Homeland responds as follows:

*The Warranty Letter*

This provision precludes coverage for all of the ICC Claims noticed to Homeland.

The Warranty Letter, which is deemed part of the Policies pursuant to its own terms and the Rate Stabilization Endorsement, expressly conditions the expanded coverage contained in the Worldwide Territory Endorsement (and Additional Named Insured Endorsement) on the veracity of the statements contained therein. The Warranty letter misrepresented material facts to Homeland, including misrepresenting that Defendants were not aware of any claims against the insureds or any facts, circumstances, situations, transactions, events, acts, errors or omissions that might give rise to a claim and misrepresenting a "diligent inquiry" had been made before making the statements in the letter. MedLab's bulk claim notice, the facts and circumstances showing that CPL would naturally have been aware of facts and circumstances suggesting potential claims, and CPL's admissions about the lack of diligent inquiry preceding the Warranty Letter all demonstrate the falsity of these statements. Further, Defendants now claim that the Warranty was made only on behalf of CPL, which if true demonstrates the falsity of the statement that the Warranty was given "on behalf of Sonic and any other person proposed for coverage (the insureds)."

### *Insuring Agreement (A)*

This provision precludes coverage for any of the ICC Claims first made prior to the 2017-18 Policy period, such as the Ms. Curtis claim which was filed in 2016. The term "**Claim**" is defined as "any written notice received by an **Insured** that any person or entity intends to hold an **Insured** responsible for a **Wrongful Act** or an **Occurrence**

### *Reporting of Claims Condition (C)*

This provision precludes coverage for any of the ICC Claims first made against an insured prior to the 2017-18 Policy period, such as the Ms. Curtis claim which was first made in 2016, and which was not timely noticed to Homeland "as soon as practicable thereafter" but in no event later than 30 days after the Expiration Date or the expiration of any Extended Reporting Period. Despite the Ms. Curtis claim being made in 2016, it was not noticed to Homeland until

2018.  The term "**Claim**" is defined as "any written notice received by an **Insured** that any person or entity intends to hold an **Insured** responsible for a **Wrongful Act** or an **Occurrence**."

### *The Related Claims Condition (C)*

To the extent the ICC Claims are deemed "Related Claims" under the 2017-18 Policy, all ICC Claims would relate back to the Ms. O'Brien claim and be deemed made under the 2014-15 policy, which did not contain the Worldwide Territory Endorsement and thus did not provide coverage for any of the ICC Claims made outside the United States or Canada.  The term "**Related Claims**" means "all **Claims** based upon, arising out of, directly or indirectly resulting from, in consequence of, in any way involving, or in any way having a common nexus of the same or related facts, circumstances, situations, transactions, or events, or the same or related series of facts, circumstances, situations, transactions or events."

### *The Prior Knowledge Exclusion (D)(1)*

Under this exclusion, there is no coverage under the 2017-18 Policy for a claim arising from an act, error, omission, or wrongful act if, prior to the inception date of the first policy providing such uninterrupted coverage, "the Risk Management Department or Legal Department or any Executive of the **Named Insured** knew or reasonably could have foreseen that such act, error, omission or **Wrongful Act** might result in a **Claim**."  Each Defendant is a Named Insured. Because each Defendant is a Named Insured, there is no coverage for each ICC Claim noticed to Homeland to the extent any one of Defendants knew of the potential for that claim before June 30, 2016—the inception date of the first policy providing coverage for suits outside the United States.  At a minimum, this exclusion would apply to the ICC Claims that were also tendered to Vero in March 2016.

### *The Prior Notice Exclusion (D)(2)*

Under this exclusion, there is no coverage for a claim under the 2017-18 Policy for acts,

errors, omissions or "**Wrongful Acts**" that were "the subject of any notice given under . . . any medical professional or similar policy of insurance" that was "in effect prior to the Inception Date set forth in ITEM 2 [June 30, 2017] of the Declarations." Here, the Vero policy constituted such medical professional insurance, and any ICC Claim that was the subject of notice given to Vero in March 2016—long before the inception of the 2017-18 policy—would be precluded by this exclusion. To the extent any of the Defendants provided notice of any of the ICC Claims to any other medical professional insurance in effect prior to June 30, 2017, those claims would also be excluded by this provision.

### *The Territory Condition (E)*

To the extent the 2017-18 Policy is reformed to delete the Worldwide Territory Endorsement, the Territory Condition (E) would preclude coverage for all of the ICC Claims noticed to Homeland to the extent the Claim or suit is brought outside of the United States, Puerto Rico or Canada. That condition provides: "This Policy applies to **Wrongful Acts** or **Occurrences** taking place anywhere in the world. **Claim** or suit must be made against an **Insured**, however, in the United States of America, including its territories or possessions, Puerto Rico, or Canada."

### *The Examination of Books and Records Condition (X)*

This provision conditions coverage on compliance with the following provision: "The Underwriter may examine and audit the books and records of the **Insured** as they relate to this Policy." To date, CPL has refused to permit Homeland to examine CPL's books and records. In particular, CPL has continuously refused to allow Homeland to examine CPL's board meeting minutes in any capacity. Those board meeting minutes are the subject of Homeland's currently pending discovery.

*Persons*

Homeland identifies the persons listed in response to interrogatory 2 above as persons with actual or potential knowledge of the facts that support its contentions above.

*Documents*

Homeland identified the Policies and also refers CPL to the non-privileged portions of Homeland's claim notes and claim file for the ICC Claims and the non-privileged portions of Homeland's underwriting files for the Policies. In particular, Homeland refers CPL to correspondence from Mark T. Beaman over the course of Homeland's coverage investigation, including but not limited to correspondence from Mark T. Beaman to John T. Brooks dated December 14, 2018 and enclosed documents, including MedLab's March 2016 bulk claim report to Vero, and correspondence from Mark T. Beaman to John T. Brooks dated September 18, 2019 and enclosed documents. Homeland also refers to the communications among Jennifer Clifford of Homeland and Jake Onken and Abby Bell of broker Aon between June and July 2016 leading up to the procurement of the Warranty Letter.

Discovery is ongoing and Homeland reserves the right to supplement this response.

**INTERROGATORY NO. 12:**

State the exact date on which You allege that you first learned of the CAR Program, Identify the specific Document(s) and/or Communication(s) that You allege caused You to first learn of the CAR Program, and Identify the specific individual(s) who You allege first learned of the CAR Program.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to its General Objections, Homeland objects to this interrogatory because it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. This interrogatory also seeks information that is not relevant to any party's claims or defenses because it is not Homeland's knowledge "of the CAR Program"

generally that matters, but rather the details of the CAR Program, the results of the audits of the CAR Program, which Defendants knew about the CAR Program and when, when the CAR Program and its results would be revealed to potential claimants, which Defendants learned that information and when, etc. Moreover, Homeland objects on the grounds that an intelligible and straightforward response regarding an "exact date" is not possible on account of the piecemeal, conflicting, inaccurate, misleading and/or incomplete information Homeland received from Defendants on the relevant aspects of the CAR Program over the course of Homeland's coverage investigation. To date, Homeland has still not obtained all of the relevant information concerning the CAR Program which is the subject of outstanding discovery propounded on Defendants. Homeland further objects that the interrogatory calls for an examination, audit, compilation, abstract or summary of documents, and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for the propounding party. *See* Fed. R. Civ. P. 33(d) and the non-privileged portions of Homeland's claim notes and claim file for the ICC Claims. Finally, Homeland objects on the grounds this interrogatory is improperly compound and contains subparts, containing at least three separate interrogatories, making the total number of interrogatories asked in excess of the limitations contained in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Homeland responds as follows: There is no "exact date on which [Homeland] allege[s] that [it] first learned of the CAR Program" because Homeland has still not obtained all of the information concerning the CAR Program that is relevant to its coverage investigation and thus the claims and defenses in this action.

Homeland also refers CPL to the non-privileged portions of Homeland's claim notes and claim file for the ICC Claims.

Discovery is ongoing and Homeland reserves the right to supplement this response.

SMRH:4850-5203-8873.6
CIVIL ACTION NO.: 1-20-cv-783
HOMELAND INSURANCE COMPANY OF NEW YORK'S OBJECTIONS AND
RESPONSES TO CPL'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 13:**

If You set reserves regarding any of the ICC Claims, including but not limited to the Ms. S Claim, state the date when You first set such reserves, the amount of such reserves, and each Person with knowledge regarding Your decision to set such reserves. If You ever increased or decreased such reserves, state all dates when You increased or decreased such reserves, the amount of such increases or decreases, and Identify each Person with knowledge about all such increases or decreases to Your reserves.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to its General Objections, Homeland objects to this interrogatory because it seeks information that is not relevant to any party's claims or defenses, nor proportional to the needs of the case. Homeland further objects to the extent this interrogatory seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Homeland also objects to the extent this interrogatory seeks documents containing highly confidential, trade secret and/or proprietary information. Finally, Homeland objects on the grounds this interrogatory is improperly compound and contains subparts, containing at least six separate interrogatories, making the total number of interrogatories asked in excess of the limitations contained in Federal Rule of Civil Procedure 33(a)(1).

**INTERROGATORY NO. 14:**

Identify any specific provisions of the Policies—by quoting the exact text—that You contend constitute mistakes, Identify any Documents and/or Communications that You contend support Your allegation(s) that the Policies contain such mistakes, and Describe the exact language—by quoting it—that You contend the parties agreed to in place of those alleged mistakes. Also, Identify the specific individual Person(s) who You allege first discovered the alleged mistake.

## RESPONSE TO INTERROGATORY NO. 14:

In addition to its General Objections, Homeland objects to this interrogatory because it is overbroad and unduly burdensome to the extent it seeks information that is not within Homeland's possession, custody or control such as when individuals external to Homeland first knew of or discovered any of the mistakes. The interrogatory is also overbroad and unduly burdensome with respect to the term "Describe" which seeks not only facts but persons, documents, meetings, communications and things related to the matter. Homeland also objects that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Moreover, Homeland objects on the grounds that a full and complete response is not possible on account of the piecemeal, conflicting, inaccurate, misleading and/or incomplete information Homeland received from Defendants over the course of Homeland's coverage investigation. To date, Homeland has still not obtained all of the relevant information necessary to complete its coverage investigation; such information and documents are the subject of outstanding discovery propounded on Defendants. Homeland further objects that the interrogatory calls for an examination, audit, compilation, abstract or summary of documents, and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for the propounding party. *See* Fed. R. Civ. P. 33(d); the non-privileged portions of Homeland's claim notes and claim file for the ICC Claims and Homeland's Initial Disclosures. Finally, Homeland objects on the grounds this interrogatory is improperly compound and contains subparts, containing at least nine separate interrogatories, making the total number of interrogatories asked in excess of the limitations contained in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Homeland responds as follows:

### *The Worldwide Territory Endorsement*

Condition (E) Territory:

This Policy applies to **Wrongful Acts** or **Occurrences** taking place anywhere in the world. **Claim** or suit must be made against an **Insured**, however, in the United States of America, including its territories or possessions, Puerto Rico, or Canada.

HOMELAND INSURANCE COMPANY OF NEW YORK'S OBJECTIONS AND
RESPONSES TO CPL'S FIRST SET OF INTERROGATORIES

(1)     Subject to paragraph (2) below and solely for the purposes of the coverage afforded under INSURING AGREEMENT (A) of this Policy, Section IV GENERAL CONDITIONS (E) of this Policy is amended to add the following at the end thereof:

>  (1)     Subject to the further provisions of this GENERAL CONDITION (E), if a **Claim** is made against an **Insured** outside the United States of America, including its territories or possessions, Puerto Rico or Canada, the Underwriter will have the right but not the duty to defend, investigate or settle such **Claim**. If the Underwriter elects not to defend, investigate or settle such **Claim**, the **Insured** shall be obligated to initiate such defense and investigation as is reasonably necessary and, subject to the Underwriter's prior written consent, may effect settlement.  The Underwriter will reimburse the **Insured,** up to the applicable Limit of Liability, for reasonable **Defense Expenses** and **Loss,** subject to the deductible or self-insured retention set forth in ITEM 4.A. of the Declarations and all other provisions of this Policy.

>  (2)     All monetary terms in this Policy are in U.S. dollars.  In the event the **Insured** incurs **Loss** or **Defense Expenses** in currency other than U.S. dollars, the Underwriter will reimburse the **Insured** for such amounts in U.S. dollars at the prevailing exchange rate at the time such **Loss** or **Defense Expenses** were incurred.

>  (3)     No coverage will be available under this Policy for **Loss** or **Defense Expenses** for any **Claim** made against an **Insured** in any country or jurisdiction which is the subject of trade or economic sanctions or embargo imposed by the laws or regulations of the United States of America to the extent such sanctions or embargo prohibit or limit this insurance.

(2)     It is understood and agreed that the amendment to Section IV GENERAL CONDITION (E) set forth in paragraph (1) above does not apply to **Claims** made against any **Named Insured** that is domiciled outside the United States of America, including its territories or possessions, Puerto Rico or Canada.  Accordingly, no coverage will be available under this Policy for **Loss** or **Defense Expenses** for any **Claim** made outside the United States of America, including its territories or possessions, Puerto Rico or Canada against any **Named Insured** that is domiciled outside the United States of America, including its territories or possessions, Puerto Rico or Canada.

All other terms, conditions and limitations of this Policy shall remain unchanged.

CIVIL ACTION NO.:  1-20-cv-783

HOMELAND INSURANCE COMPANY OF NEW YORK'S OBJECTIONS AND RESPONSES TO CPL'S FIRST SET OF INTERROGATORIES

Primary Policy, § IV, Condition (E) Territory as amended by Endorsement No. 13 Worldwide Territory Endorsement.

This Condition should be reformed to:

Condition (E) Territory:

This Policy applies to **Wrongful Acts** or **Occurrences** taking place anywhere in the world. **Claim** or suit must be made against an **Insured**, however, in the United States of America, including its territories or possessions, Puerto Rico, or Canada.

### *The Additional Named Insured Endorsement*

(1)     The term "**Named Insured**,"[1] as defined in Section II DEFINITIONS of this Policy, is amended to include the entity(ies) scheduled below (each an "Additional Named Insured"), but solely:

(a)     with respect to liability imposed or sought to be imposed on such Additional Named Insured that is based on or arises out of acts, errors or omissions committed or allegedly committed by such Additional Named Insured when and to the extent that, such Additional Named Insured is acting on behalf of, and within the capacity and scope of its duties for

Sonic Healthcare Investments, G.P.

; and

(b)     for **Wrongful Acts** happening on or after the Retroactive Date identified for each Additional Named Insured in the schedule below and **Occurrences** happening on or after the effective date of this endorsement [June 30, 2017]:

SCHEDULE

| Additional Named Insured: | Retroactive Date: |
|---|---|
| Sonic Healthcare USA, Inc | February 05, 2007 |
| … | |
| Clinical Pathology Laboratories, Inc | October 01, 2000 |
| … | |
| Sonic Healthcare Limited | February 05, 2007 |

---

[1] Bolded terms are terms that are defined in the policies.

SMRH:4850-5203-8873.6
HOMELAND INSURANCE COMPANY OF NEW YORK'S OBJECTIONS AND
RESPONSES TO CPL'S FIRST SET OF INTERROGATORIES

…

Sonic Healthcare (Ireland) Limited (term                August 01, 2010
date 06.30.2013)

Medlab Pathology (term date 06.30.2013)                 August 01, 2010

(2)    It is understood and agreed that the Additional Named Insured(s) share in
       the applicable Limits of Liability set forth in ITEM 4 of the Declarations.

(3)    ITEM 3 of the Declarations shall be deemed amended to the extent
       necessary to effect the purpose and intent of this endorsement.

All other terms, conditions and limitations of the Policy shall remain unchanged.

Primary Policy, § II, Definition (CC) Named Insured as amended by Endorsement No. 24,

Additional Named Insured.

This Endorsement should be reformed to exclude Sonic Healthcare (Ireland) Limited and

MedLab Pathology.


***The Warranty Letter***

The undersigned [Stephen R. Shumpert], on behalf of Sonic and any person
proposed for coverage (the insureds) does hereby represent to OneBeacon
Insurance and its writing company [Homeland] that:

The insureds, after diligent inquiry, are not aware of any claims against the
insured(s) or any fact, circumstance, situation, transaction, event, act, error, or
omission that may give rise to a claim against the insured(s) Sonic Healthcare
(Ireland) Limited, Medlab Pathology, and CPL of Austin as respect the cervical
cytology laboratory screening services conducted between 8/1/2010 to 6/30/2013
and all claims and facts, circumstances, situations, transactions, events, acts, errors,
or omissions against the insured(s) that may result in a claim have been reported to
prior insurance carrier(s).

OneBeacon Insurance and its writing company will be issuing its policy in reliance
upon the conditions and statements made in this letter and the application both of
which will be deemed to be a part of the policy.

The Warranty Letter, having been deemed part of the Policies, is based on unilateral or

mutual mistakes of fact that should be reformed according to the true facts which are still being

investigated by Homeland.  Thus far, it is unclear to Homeland whether anything in the first two

SMRH:4850-5203-8873.6
HOMELAND INSURANCE COMPANY OF NEW YORK'S OBJECTIONS AND
RESPONSES TO CPL'S FIRST SET OF INTERROGATORIES

paragraphs are in fact true. If that is the case, the entire Warranty Letter should be stricken from the Policies and the Policies reformed to delete the changes made in reliance on the Warranty Letter.

### Discovery of the Mistake

See response to interrogatory number 4 which details the process by which Homeland became aware of the mistakes.

### Documents

Homeland also refers CPL to the non-privileged portions of Homeland's claim notes and claim file for the ICC Claims and the non-privileged portions of Homeland's underwriting files for the Policies. In particular, Homeland refers CPL to correspondence from Mark T. Beaman over the course of Homeland's coverage investigation, including but not limited to correspondence from Mark T. Beaman to John T. Brooks dated December 14, 2018 and enclosed documents, including MedLab's March 2016 bulk claim report to Vero, and correspondence from Mark T. Beaman to John T. Brooks dated September 18, 2019 and enclosed documents. Homeland also refers to the communications among Jennifer Clifford of Homeland and Jake Onken and Abby Bell of broker Aon between June and July 2016 leading up to the procurement of the Warranty Letter.

Discovery is ongoing and Homeland reserves the right to supplement this response.

### INTERROGATORY NO. 15:

Describe the corporate relationship between and amongst OneBeacon and Homeland and Describe why employees of OneBeacon, but not Homeland, were those who primarily communicated with CPL (and other insureds under the Policies) regarding the procurement of the Policies and the adjustment of the ICC Claims (including the Ms. S Claim).

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to its General Objections, Homeland objects to this interrogatory because it is vague and ambiguous with respect to the terms "OneBeacon" and "Homeland" which Defendant defines as various entities, their affiliates, owners, employees, agents, etc. of those entities. The interrogatory is also overbroad with respect to the term "Describe" which seeks not only facts but persons, documents, meetings, communications and things related to the matter. As such, the interrogatory is also overbroad and unduly burdensome. Homeland also objects on the grounds that the interrogatory seeks information that is not relevant to any party's claims or defenses, nor proportional to the needs of the case. Homeland objects that this interrogatory seeks the disclosure of highly confidential, trade secret and/or proprietary information and materials such as the basis for Homeland and its affiliates' corporate structure and organization, which has no relevance to this lawsuit. Homeland further objects to the extent the information sought is publicly available and therefore equally available to Defendant. Moreover, Homeland objects on the grounds this interrogatory is improperly compound and contains subparts, containing at least twelve separate interrogatories, making the total number of interrogatories asked in excess of the limitations contained in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Homeland responds as follows: OneBeacon Healthcare Group is not a separate or distinct legal entity. OneBeacon Insurance Group, Ltd. is a holding company. OneBeacon Insurance Group LLC is an indirect subsidiary of OneBeacon Insurance Group, Ltd. Atlantic Specialty Insurance Company is a subsidiary of OneBeacon Services, LLC and Homeland Insurance Company of New York is a subsidiary of Atlantic Specialty Insurance Company. OneBeacon Services, LLC employs OneBeacon's underwriters and Atlantic Specialty Insurance Company employs OneBeacon's claims handlers.

**INTERROGATORY NO. 16:**

Identify all Persons who assisted You in responding to any of these Interrogatories, indicating for each Person the Interrogatory number(s) with which they assisted in answering,

regardless of whether the information they provided was included in the final response.

**RESPONSE TO INTERROGATORY NO. 16:**

In addition to its General Objections, Homeland objects to this interrogatory because it seeks information that is not relevant to any party's claims or defenses, nor proportional to the needs of the case. Discovery into another party's discovery process, or "meta-discovery," is disfavored and inappropriate especially where, as here, it is not relevant to any claim or defense in the case and Defendant has not shown any specific deficiency in Homeland's interrogatory responses which it is serving contemporaneously. As such, this interrogatory is also unduly burdensome. Homeland further objects to the extent this interrogatory seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Finally, Homeland objects on the grounds this interrogatory is improperly compound and contains subparts, containing at least two separate interrogatories, making the total number of interrogatories asked in excess of the limitations contained in Federal Rule of Civil Procedure 33(a)(1).

**INTERROGATORY NO. 17:**

Identify all Persons who participated in searching for Documents in response to CPL's First Set of Requests for Production of Documents. For each Person identified, Describe the nature of that Person's participation.

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to its General Objections, Homeland objects to this interrogatory because it seeks information that is not relevant to any party's claims or defenses, nor proportional to the needs of the case. Discovery into another party's discovery process, or "meta-discovery," is disfavored and inappropriate especially where, as here, it is not relevant to any claim or defense in the case and Defendant has not shown any specific deficiency in Homeland's document production which has not yet occurred. As such, this interrogatory is also unduly burdensome. Homeland further objects to the extent this interrogatory seeks information protected from

disclosure by the attorney-client privilege and/or the attorney work product doctrine. Finally, Homeland objects on the grounds this interrogatory is improperly compound and contains subparts, containing at least two separate interrogatories, making the total number of interrogatories asked in excess of the limitations contained in Federal Rule of Civil Procedure 33(a)(1).

**DATED:** March 12, 2021

By: _s/ John T. Brooks_

John T. Brooks (CA Bar #167793)
Jenna A. Fasone (CA Bar #308886)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
Telephone: (619) 338-6500
Fax: (619) 234-3815
jbrooks@sheppardmullin.com
jfasone@sheppardmullin.com

Joseph R. Little (#784483)
The Little Law Firm
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone: (713) 222-1368
Fax: (281) 200-0115
jrl@littlelawtexas.com

_Attorneys for Plaintiff Homeland Insurance Company of New York_

CIVIL ACTION NO.: 1-20-cv-783
HOMELAND INSURANCE COMPANY OF NEW YORK'S OBJECTIONS AND
RESPONSES TO CPL'S FIRST SET OF INTERROGATORIES

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | CIVIL ACTION NO.: 1-20-cv-783 |
| Plaintiff, | |
| v. | |
| CLINICAL PATHOLOGY LABORATORIES, INC., INC., SONIC HEALTHCARE USA, INC., MEDLAB PATHOLOGY, SONIC HEALTHCARE (IRELAND) LIMITED, AND SONIC HEALTHCARE LIMITED, | |
| Defendants. | |

## VERIFICATION

I, Valeri May, declare as follows:

1.       I am authorized to make this Verification for and on behalf of Homeland Insurance Company of New York, plaintiff in this action.

2.       I have read **PLAINTIFF HOMELAND INSURANCE COMPANY OF NEW YORK'S RESPONSE TO DEFENDANT CLINICAL PATHOLOGY LABORATORIES, INC.'S FIRST SET OF INTERROGATORIES**. The responses contained in that document are not within my personal, firsthand knowledge, but rather, are based upon information assembled by Homeland's employees and its attorneys. I am informed and believe that the responses are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___ day of March, 2021 at Parker, Colorado.

Valeri May

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, <br><br>         Plaintiff, <br><br> v. <br><br> CLINICAL PATHOLOGY LABORATORIES, INC. SONIC HEALTHCARE USA, INC., MEDLAB PATHOLOGY, SONIC HEALTHCARE (IRELAND) LIMITED, AND SONIC HEALTHCARE LIMITED. <br><br>         Defendants. | CIVIL ACTION NO. 1:20-cv-783 |

## **PROOF OF SERVICE**

       I, the undersigned, declare under penalty of perjury that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the action; and I am employed in the County of San Diego, State of California, in which county the within-mentioned service occurred.  My business address is 501 West Broadway, 19th Floor, San Diego, California 92101.

       On March 12, 2021, I served a copy of the following document(s):

**PLAINTIFF HOMELAND INSURANCE COMPANY OF NEW YORK'S RESPONSE TO DEFENDANT CLINICAL PATHOLOGY LABORATORIES, INC.'S FIRST SET OF INTERROGATORIES**

☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from nlautzenheiser@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  The document(s) were transmitted and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

                                                            

Mark T. Beaman
Ryan Bueche
GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S. Mopac Expy, Suite A400
Austin, TX 78746

*Attorneys for Defendants Clinical Pathology Laboratories, Inc., Sonic Healthcare USA, Inc., Medlab Pathology, Sonic Healthcare (Ireland) Limited, and Sonic Healthcare Limited*

| | |
|---|---|
| Telephone: | (512) 472-0667 |
| Facsimile: | (512) 472-0721 |
| E-mail: | mbeaman@germer-austin.com |
| | KSmith@germer.com |
| | gjohnson@germer-austin.com |
| | pross@germer-austin.com |
| | klindsay@germer-austin.com |
| | rbueche@germer-austin.com |
| | arobert@germer-austin.com |
| | bposadas@germer-austin.com |
| | cskehan@germer-austin.com |

Ernest Martin, Jr.
Gregory E. Van Houten
S. Benjamin Schindler
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219

*Attorneys for Defendants Clinical Pathology Laboratories, Inc., Sonic Healthcare USA, Inc., Medlab Pathology, Sonic Healthcare (Ireland) Limited, and Sonic Healthcare Limited*

| | |
|---|---|
| Telephone: | (214) 651-5000 |
| Facsimile: | (214) 200-0519 |
| E-mail: | ernest.martin@haynesboone.com |
| | mae.maddran@haynesboone.com |
| | greg.vanhouten@haynesboone.com |
| | s.benjamin.schindler@haynesboone.com |

Joseph R. Little
The Little Law Firm
440 Louisiana Street, Suite 900
Houston, Texas 77002

*Attorneys for Plaintiff and Counter Defendant Homeland Insurance Company of New York*

| | |
|---|---|
| Telephone: | (713) 222-1368 |
| Facsimile: | (281) 200-0115 |
| E-mail: | jrl@littlelawtexas.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 12, 2021, at San Diego, California.

_____
Nicole Lautzenheiser