# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>       Plaintiff,<br><br>   v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC. SONIC HEALTHCARE USA, INC., MEDLAB PATHOLOGY, SONIC HEALTHCARE (IRELAND) LIMITED, AND SONIC HEALTHCARE LIMITED.<br><br>       Defendants. | CIVIL ACTION NO. 1:20-cv-783 |

## DECLARATION OF JENNA FASONE IN SUPPORT OF HOMELAND INSURANCE COMPANY OF NEW YORK'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 1746, I, Jenna Fasone, declare as follows::

1. I am an attorney duly licensed to practice law in the state of California and am an attorney with Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for plaintiff Homeland Insurance Company of New York ("Homeland") in this matter. I am admitted *pro hac vice* for this case. I have personal knowledge of the facts set forth below.

2. Homeland initiated this action on July 24, 2020 (Dkt. 1) and filed an amended complaint on October 12, 2020 (Dkt. 21). On or about November 20, 2020, while Defendants' motion to dismiss the amended complaint was pending, the parties participated in a Rule 16 Conference. During that conference, Defendants requested that all parties stay discovery entirely pending the Court's ruling on the motion to dismiss, even as to Texas-based Defendant Clinical Pathology Laboratories, Inc. ("CPL"), which was not challenging jurisdiction and had a pending counterclaim against Homeland, and thus, would remain in the case regardless of the outcome of the motions. Homeland responded to that request by proposing that discovery between at least CPL and Homeland commence right away, but Defendants would not agree. Instead, Defendants requested that discovery amongst all parties be paused until the Court's ruling on the motion to dismiss, or January 15, 2021, whichever was earlier. Homeland agreed to this discovery stay.

3. On January 22, 2021, Homeland sent Defendants a first round of written discovery. Defendants requested an extension to respond to Homeland's discovery, and Homeland granted the request.

4. In September 2021, Defendants requested that the parties amend the scheduling order to permit more time for discovery, among other things. Homeland also agreed to this extension.

5.      In March, 2021, Defendants served written responses raising numerous objections, fully refusing to produce various categories of documents, and partially refusing production as to other categories of documents by imposing self-selected parameters on their agreed scope of production.  Attached hereto as **Exhibit 10** is a true and correct copy of CPL's responses and objections to Homeland's first set of requests for production of documents.

6.      Thereafter, Defendants began a rolling production of documents which, even today, still is not complete.  Further, Defendants have not produced a privilege log, which is essential to permit Homeland to evaluate the propriety of Defendants' very broad redactions.  Indeed, despite Homeland's ongoing efforts to meet and confer with Defendants about the deficiencies in their production, there remain key categories of documents that Defendants have not yet produced to Homeland, or that they have produced only with heavy redactions.  For example, Defendants' production of certain board or executive meeting documents to date has been limited with large redactions and unexplained gaps, including one of the most relevant timeframes in this action—the spring/summer of 2016 leading up to when CPL sent Homeland its July 27, 2016 "warranty letter."  In addition, various emails produced by Defendants are missing important attachments.  For example, Defendants produced an email exchange tending to show CPL's knowledge of potential claims *before* the 2017 Policy.  But the attached documents referenced in the email are inexplicably missing.  Homeland has asked for these missing attachments, but Defendants have yet to produce them, and instead have "confirm[ed] that e-mail attachments have already been produced, will be produced, or will appear on our privilege or redaction logs."  Defendants' non-response makes it impossible for Homeland to move forward with meeting and conferring or compelling discovery (if necessary) until Defendants have completed their production and produced the required privilege log.  Attached

hereto as **Exhibits 11-12** are true and correct copies of emails discussing some of Homeland's ongoing meet and confer efforts regarding deficiencies in Defendants' document production.[1]

7. Additionally, because Defendants refused to produce documents in the custody of their insurance broker, which acted as their agent in securing coverage from Homeland, Homeland accordingly had to subpoena the broker and will likely have to take depositions. But the broker has yet to produce a single document. Attached hereto as **Exhibit 13** is a true and correct copy of one of the subpoenas Homeland issued to the broker on September 9, 2021. Attached hereto as **Exhibit 14** is a true and correct copy of the broker's objections and responses to the subpoena.

8. As a result of not having a complete production of these important documents, Homeland has had to defer taking depositions and has yet to get any deposition testimony in this case. These depositions include that of Mr. Shumpert who signed the 2016 Letter, of the broker's personnel, of Sonic's and CPL's risk managers, and others.

9. The following documents[2] are true and correct copies of documents produced by CPL in discovery. Because each document was marked "Confidential" by CPL pursuant to the Protective Order, these exhibits are subject to Homeland's Unopposed Motion to Seal and so only a slip sheet appears:

   a. Attached hereto as **Exhibit 15** is a true and correct copy of emails from June 6, 2013 produced in discovery by CPL bearing bates number DEF-CPL-0000056898 – 56899.

---

[1] To the extent Defendants try to claim that Homeland is improperly raising these discovery issues while Defendants are waiting for responses from Homeland to their meet and confer letters (i.e., "the pot calling the kettle black"), Homeland reminds the Court that Homeland has not prematurely moved for summary judgment on all of CPL's claims.
[2] Some of the exhibits referenced herein have certain portions highlighted or annotated, which were not part of the original documents, but I understand to have been included now for ease of reference.

b. Attached hereto as **Exhibit 16** is a true and correct copy of what is believed to be the attachment to the June 6, 2013 emails produced in discovery by CPL bearing bates number DEF-CPL-0000056900 – 56905.

c. Attached hereto as **Exhibit 17** is a true and correct copy of what is believed to be documents sent to CPL in June 2013 and produced in discovery by CPL bearing bates number DEF-CPL-0000042912 – 42924.

d. Attached hereto as **Exhibit 18** is a true and correct copy of an email from June 25, 2013 produced in discovery by CPL bearing bates number DEF-CPL-0000042220 – 42221.

e. Attached hereto as **Exhibit 19** is a true and correct copy of an email chain from January 2017 produced in discovery by CPL bearing bates number DEF-CPL-0000062343 – 62344.

f. Attached hereto as **Exhibit 20** is a true and correct copy of the Ms. S Amended Personal Injuries Summons (i.e., Complaint) produced in discovery by CPL bearing bates number DEF-CPL-0000008156 – 8168.

g. Attached hereto as **Exhibit 21** is a true and correct copy of a Vero letter dated August 21, 2018 produced in discovery by CPL bearing bates number DEF-CPL-0000044914 – 44915.

10. As reflected in Defendants' Exhibits A-2 to A-8, numerous letters were exchanged with CPL's attorneys between 2018 and 2020 seeking information relevant to potential coverage and to correct the factual record as Homeland understood it. CPL's attorneys eventually provided certain of the critical documents requested but not others. For example, they provided only one set of board meeting minutes. In addition, CPL refused to provide assistance in facilitating informal interviews with employees of the Sonic entities and their broker. CPL

-4-
SMRH:4883-5022-6945                                                    DECLARATION OF JENNA FASONE

similarly refused to grant Homeland permission to communicate with Vero. Finally, CPL never responded with any factual corrections or further documents, and so, Homeland denied coverage (for the Ms. S claim that was pending a decision at that time) and filed this suit.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed on October 27, 2021 in San Diego, California.

                                                                                      _____
                                                                                                 Jenna Fasone

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of this document was served upon counsel of record for all parties who have made an appearance in this case at the addresses indicated by CM/ECF electronic notification on this 27th day of October 2021. I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Jenna A. Fasone*

-6-
SMRH:4883-5022-6945                                                DECLARATION OF JENNA FASONE