| | |
|---|---|
| **From:** | Van Houten, Greg |
| **To:** | Jenna Fasone |
| **Cc:** | John Brooks; Martin, Ernest; Schindler, S. Benjamin |
| **Subject:** | RE: Homeland v CPL - Discovery |
| **Date:** | Friday, October 22, 2021 11:11:00 AM |
| **Attachments:** | image001.jpg |

Jenna,

I write in response to your below e-mail regarding the discovery of Defendants' meeting agendas and minutes and also your e-mail from yesterday regarding attachments to certain documents produced by Defendants. In your below e-mail, Homeland asserts that, "[u]ntil this issue is resolved, [it] will not be in a position to move forward with additional discovery, including depositions of relevant personnel at Defendants."

Homeland's discovery-related e-mails are surprising to us because Homeland has not yet responded substantively to our October 6, 2021 e-mail regarding the discoverability of reserves, reinsurance communications, and certain Sheppard Mullin files. In fact, Homeland suggested, in your October 13, 2021 e-mail, that the parties should set those discovery issues aside for a few weeks while the parties complete the pending summary judgment motion sequence (which is unrelated to any outstanding discovery issues).

As we indicated in our October 12th and 13th e-mails, it is our position that the parties can walk and chew gum here, *i.e.*, we can tackle these discovery-related issues and the separate summary judgment motion sequence at the same time.

However, we are not inclined to spend the time and resources to fully address Homeland's discovery-related questions until Homeland commits to responding substantively to our October 6, 2021 e-mail regarding the discoverability of reserves, reinsurance communications, and certain Sheppard Mullin files. In that regard, can you let us know when we can expect a response?

Notwithstanding the above, in the spirit of good faith and trusting that Homeland will engage with our outstanding requests, I can provide you with some limited initial responses to Homeland's inquiries.

First, we can confirm that our forthcoming document production—our eighth and hopefully final production—will include some additional meeting agendas and minutes. The documents in that production will add to the 8,547 documents (at 62,490 pages) that we have already produced.

Second, we can confirm that the somewhat irregular nature of the agendas and minutes is explained by the fact that the meetings took place at irregular intervals because of need, cancellations, or rescheduling.

Third, we can confirm that e-mail attachments have already been produced, will be produced, or will appear on our privilege or redaction logs.

We will address any remaining issues under separate cover and hopefully after Homeland commits to addressing our outstanding October 6th requests.

Thanks,

Greg

**Greg Van Houten** | Associate
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Jenna Fasone <JFasone@sheppardmullin.com>
**Sent:** Friday, October 15, 2021 7:47 PM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Subject:** RE: Homeland v CPL - Discovery

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Greg,

We understand that Defendants have at least one more production of documents forthcoming. But in the interests of moving discovery along, we write to inquire re the nature of the documents in the final production, as well as the scope of Defendants' redactions on documents they have already produced pursuant to their responses to Homelands RFPs (Set One).

With respect to the first issue, as you are aware, Homeland has been seeking agendas/meeting minutes for some time now as part of its coverage investigation and in response to its Requests for Production of documents (see, e.g., RFPs 1-10). Based on the documents produced thus far, it appears several documents in that category may be missing.

As just one example, documents reflecting The Division Presidents' Calls/Reports (which appear to be monthly meetings) were included for January 2016, February 2016, March 2016, May 2016, May 2017, September 2018 [DEF-CPL-45383 to 45406], November 2018 [DEF-CPL-62033], and February 2020 [DEF-CPL-62060]. We did not locate documents reflecting meetings/calls/reports from pre-January 2016, April 2016, June 2016-April 2017, June 2017-August 2018, October 2018, December 2018-January 2020, or anything since February 2020. This includes one of the most relevant timeframes in this action – the spring/summer of 2016 leading up to when CPL sent OneBeacon its July 27, 2016 letter.

There are other examples of agendas or minutes missing for various periods of time for other types of meetings (e.g., Chief's Weekly Meetings, Executive Staff Meetings) but instead of getting into specifics on these issues, would you please confirm whether or not additional minutes/agendas will be forthcoming in any further productions from CPL? If we are mistaken re the Division Presidents' Calls/Reports as discussed above, would you please let us know the bates numbers/ranges where the remaining minutes/agendas can be found?

That said, after reviewing the agendas/meeting minutes that Defendants have produced, we would like to meet and confer regarding the scope of the redactions to those materials. For many of those documents, the vast majority of them were redacted with only a few sentences having been produced (e.g., May 8, 2017 minutes at DEF-CPL-45384 to 45388, November 2018 monthly report for CPL at DEF-CPL-62033 to 62046, etc.). But the extensive redacting makes it virtually impossible for Homeland to assess the legitimacy of the bases for those redactions.

For example, in the May 8, 2017 minutes from a SHUSA Division Presidents Call, only portions of a subsection titled "Southwest – Nancy Stratton" were produced. All other Division Updates were redacted, as were other sections on Budgeting & Forecasting and Discussion on Roche savings. What is Defendants' justification for making such sweeping redactions? We understand that certain topics may be irrelevant (e.g., 401(k) updates), but only limited portions of the minutes/agendas appear to

relate to such topics.

Even more problematic are Defendants' redactions to *CPL-specific* agendas/minutes. For example, a 14-page November 2018 Division President's Monthly Report for CPL has virtually everything redacted with the exception of a handful of sentences (some of which appear to have been redacted mid-sentence). There are several problems with this. First and foremost, Defendants have produced similar reports, *without redactions*, that address virtually the same substance (*cf.* February 2020 Monthly Report with the same headings/topics at DEF-CPL-62060 to 62070). If Defendants can produce that report without redactions, they should produce all such reports for CPL. Second, leaving aside other reports, some of the sections in the monthly reports are clearly relevant. For example, at DEF-CPL-62046, almost the entirety of a section from "Karen Pruitt, VP Quality Assurance" is redacted, including sections discussing staffing, inspections, legal concerns, initiatives, and challenges. Whether CPL was aware of issues with its quality control speaks directly to some of the coverage issues in this litigation (e.g., prior knowledge of potential claims, whether CPL diligently inquired about potential claims like they told Homeland, etc.). Finally, based on our review of reports that CPL did produce without redactions (e.g., DEF-CPL-62060 to 62070), it's clear that there is nothing overly sensitive in these agendas/minutes that cannot be adequately protected by the Confidentiality Agreement and Protective Order in place in this case.

For these reasons, we ask that Defendants produce unredacted versions of the requested agendas/meeting minutes. If Defendants refuse, Homeland hereby requests a detailed explanation for why such substantial redactions to those materials were made so that Homeland can assess the validity of those redactions, especially in light of the Confidentiality Agreement and Protective Order. Until this issue is resolved, Homeland will not be in a position to move forward with additional discovery, including depositions of relevant personnel at Defendants.

Jenna

**Jenna Fasone**
**SheppardMullin** | San Diego
+1 619-338-6642 | ext. 16642

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Thursday, October 7, 2021 4:29 AM
**To:** Jenna Fasone <JFasone@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Subject:** RE: Homeland v CPL - Discovery

More documents are forthcoming. We are in the process of QCing what we expect will be our last production.

**Greg Van Houten** | Associate
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Jenna Fasone <JFasone@sheppardmullin.com>
**Sent:** Thursday, October 7, 2021 12:04 AM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>

**Subject:** Homeland v CPL - Discovery

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Greg,

Does Defendants' 7th rolling production yesterday complete their document production or are more documents forthcoming?

I will respond under separate cover to your other emails.

Jenna

**Jenna A. Fasone**
+1 619-338-6642 | direct
JFasone@sheppardmullin.com | Bio

# SheppardMullin

501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.