AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:20-cv-00783-RP |
| CLINICAL PATHOLOGY LABORATORIES, INC., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records for Aon Risk Services Southwest, Inc.
    2711 N Haskell Avenue, Suite 800, Dallas, TX 75204-2932

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| | |
|---|---|
| Place: Compass Process Servers c/o USA Legal Network<br>448 W. 19th Street, #151<br>Houston, TX 77008; (888) 619-7499; (254) 220-4159 | Date and Time:<br>October 11, 2021 at 10:00 a.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 9, 2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Jenna A. Fasone |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ Homeland Insurance Company of New York _____, who issues or requests this subpoena, are:
John T. Brooks, Cal Bar No. 167793/Jenna A. Fasone, Cal Bar No. 308886, Sheppard, Mullin, Richter & Hampton, LLP; 501 West Broadway, 19th Floor; Tel: 619.338.6500; Email: jbrooks@sheppardmullin.com; jfasone@sheppardmullin.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Civil Action No. 1:20-cv-00783-RP

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

Ex. 13

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com 

*__Homeland Insurance Company of New York v. Clinical Pathologies__*
*__Laboratories, Inc., et al.__*
United States District Court, Western District of Texas – Austin Division
Case No. 1:20-cv-00783-RP

## ATTACHMENT A

**Exhibits:**    **1:**    **2016 SHUMPERT LETTER**
              **2:**    **2016 VERO BULK CLAIM REPORT**

## INSTRUCTIONS

1. Pursuant to Federal Rule of Civil Procedure 45(c) this subpoena calls for documents that are known or available to you, including documents in your custody, possession, or control, and including documents maintained at a home or office, on a remote server, or on any personal or portable computer devices, such as mobile telephones.

2. Each request seeks the requested documents or things in their entirety, including all attachments, as kept in the normal course of business.

3. If any document responsive to these requests is electronically stored, then it must be produced, as single-page TIFF images created from native files (endorsed with bates numbers and the appropriate confidentiality legend, if any), with document text (OCR or extracted from native files to the extent available) in a separate TXT file, with file name corresponding to the file name of the TIFF image, together with the following extracted metadata from the native files: visible email headers; file system metadata to the extent available; and application metadata to the extent available.

4. If any document or thing responsive to these requests has been destroyed, describe its contents, the location of any copies, the date such destruction took place, and the name of the person who ordered or authorized such destruction.

5. This subpoena seeks all responsive documents to the categories outlined below, **EXCEPT** for documents YOU have already provided to HOMELAND as part of YOUR updates concerning the status of the ICC CLAIMS in the 2018 HOMELAND BULK CLAIM REPORT. Please do not reproduce those documents unless they are part of COMMUNICATIONS (with any PERSON aside from HOMELAND) that are responsive to the requests outlined below.

***Homeland Insurance Company of New York v. Clinical Pathologies Laboratories, Inc., et al.***
United States District Court, Western District of Texas – Austin Division
Case No. 1:20-cv-00783-RP

## DEFINITIONS

1.     The terms "YOU" and "YOUR" refer to Aon PLC, Aon Risk Solutions, Aon Risk Services Southwest Inc., Aon Risk Services Central, Inc. and any of their related (parent or subsidiary) entities and anyone acting or purporting to act on their behalf including, but not limited to, employees, directors, officers, agents, insurance agents/brokers, or attorneys, which would include but is not limited to, Kathryn Shearman, Abby Bell, Kathryn Meyers, Emma Meyer, and Jakob Onken.

2.     The term "DOCUMENT(S)" means any handwriting, typewriting, printing, photostating, photograph, photocopy, electronic mail or facsimile, and any other "writings and recordings" defined in Rule 1001 of the Federal Rules of Evidence as "letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation."

3.     The term "COMMUNICATION(S)" means every manner or means of disclosure, transfer, or exchange of information, whether oral, electronic, by document, or otherwise, or whether face-to-face, in a meeting, by telephone mail, electronic mail, internet posting, personal delivery, or otherwise, including DOCUMENT(S) which evidence, discuss or reference such COMMUNICATION(S).

4.     The term "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

5.     The term "PERSON" or "PERSONS" refers to a natural person, corporation, association, organization, partnership, firm, business, trust, or public entity.

6.     The term "CPL" means Clinical Pathology Laboratories, Inc. and anyone acting or purporting to act on its behalf including, but not limited to, employees, directors, officers, agents, insurance agents/brokers, or attorneys of CPL or its related (parent or subsidiary) entities, which would include, but is not limited to, Gordon Young, Stephen Shumpert, Dr. Colin Goldschmidt,

Christopher Wilks, Brian Madden, Karen Pruett, Nancy Stratton, and Sheridan Foster.

7.     The term "MEDLAB" means MedLab Pathology and anyone acting or purporting to act on its behalf including, but not limited to, employees, directors, officers, agents, insurance agents/brokers, or attorneys of MEDLAB or its related (parent or subsidiary) entities, which would include but is not limited to, Gordon Young, Stephen Shumpert, Dr. Colin Goldschmidt, Christopher Wilks, Brian Madden, Karen Pruett, Nancy Stratton, and Sheridan Foster.

8.     The term "SONIC" means Sonic Healthcare Limited and anyone acting or purporting to act on its behalf including, but not limited to, employees, directors, officers, agents, insurance agents/brokers, or attorneys of SONIC or its related (parent or subsidiary) entities, which would include but is not limited to, Gordon Young, Stephen Shumpert, Dr. Colin Goldschmidt, Christopher Wilks, Brian Madden, Karen Pruett, Nancy Stratton, and Sheridan Foster.

9.     The term "SONIC USA" means Sonic Healthcare USA, Inc. and anyone acting or purporting to act on its behalf including, but not limited to, employees, directors, officers, agents, insurance agents/brokers, or attorneys of SONIC USA or its related (parent or subsidiary) entities, which would include but is not limited to, Gordon Young, Stephen Shumpert, Dr. Colin Goldschmidt, Christopher Wilks, Brian Madden, Karen Pruett, Nancy Stratton, and Sheridan Foster.

10.    The term "SONIC IRELAND" means Sonic Healthcare (Ireland) Limited and anyone acting or purporting to act on its behalf including, but not limited to, employees, directors, officers, agents, insurance agents/brokers, or attorneys of SONIC IRELAND or its related (parent or subsidiary) entities, which would include but is not limited to, Gordon Young, Stephen Shumpert, Dr. Colin Goldschmidt, Christopher Wilks, Brian Madden, Karen Pruett, Nancy Stratton, and Sheridan Foster.

11.    The term "SONIC ENTITIES" refers to CPL, MEDLAB, SONIC, SONIC USA, and SONIC IRELAND.

*__Homeland Insurance Company of New York v. Clinical Pathologies__*
*__Laboratories, Inc., et al.__*
United States District Court, Western District of Texas – Austin Division
Case No. 1:20-cv-00783-RP

12. The term "HOMELAND" refers to Homeland Insurance Company of New York and its affiliated companies including any of the OneBeacon entities (e.g., OneBeacon Healthcare Group, OneBeacon Insurance Group LLC, OneBeacon Insurance Group, Ltd., Atlantic Specialty Insurance Co.), and anyone acting on their behalf, including employees, underwriters, claims handlers and attorneys.

13. The term "VERO" refers to Vero Insurance Limited, AAI Limited ABN 48 005 297 807 trading as Vero Insurance, and their related (parent or subsidiary) or affiliated entities, and anyone acting or purporting to act on their behalf including, but not limited to, employees, directors, officers, agents, insurance agents/brokers, or attorneys of VERO or its related (parent or subsidiary) or affiliated entities.

14. The term "ZURICH" refers to Zurich American Insurance Company and its related (parent or subsidiary) or affiliated entities, and anyone acting or purporting to act on their behalf including, but not limited to, employees, directors, officers, agents, insurance agents/brokers, or attorneys of ZURICH or its related (parent or subsidiary) or affiliated entities.

15. The term "BEAZLEY" refers to Beazley Holdings, Inc., Beazley Insurance Company, Beazley America Insurance Company, Inc. and their related (parent or subsidiary) or affiliated entities, and anyone acting or purporting to act on their behalf including, but not limited to, employees, directors, officers, agents, insurance agents/brokers, or attorneys of BEAZLEY or its related (parent or subsidiary) or affiliated entities.

16. The term "INSURERS" refers to VERO, ZURICH, and BEAZLEY.

17. The term "GERMER" refers to the law firm Germer PLLC, and anyone acting or purporting to act on its behalf including, but not limited to, employees, directors, officers, members, partners, agents, attorneys, or staff of GERMER.

18. The term "WILLIAM FRY" refers to the law firm William Fry LLP, and anyone acting or purporting to act on its behalf including, but not limited to,

***Homeland Insurance Company of New York v. Clinical Pathologies Laboratories, Inc., et al.***
United States District Court, Western District of Texas – Austin Division
Case No. 1:20-cv-00783-RP

employees, directors, officers, members, partners, agents, attorneys, or staff of WILLIAM FRY.

19.    The term "HAYNES BOONE" refers to the law firm Haynes and Boone, LLP, and anyone acting or purporting to act on its behalf including, but not limited to, employees, directors, officers, members, partners, agents, attorneys, or staff of HAYNES BOONE.

20.    The term "BLM" refers to the law firm Berrymans Lace Mawer LLP (with trading name BLM) and its affiliate Berrymans Lace Mawer, Ireland, and anyone acting or purporting to act on their behalf including, but not limited to, employees, directors, officers, members, partners, agents, attorneys, or staff of BLM.

21.    The term "LAW FIRMS" refers to GERMER, WILLIAM FRY, HAYNES BOONE, and BLM.

22.    The term "NCSS" refers to Ireland's National Cancer Screening Service established by Ireland's Minister for Health and Children in January 2007 and its successor, Ireland's National Screening Service.

23.    The term "IRISH CERVICALCHECK PROGRAM" refers to Ireland's NCSS program that provides cervical cancer screening to all women and people with a cervix aged 25 to 65 who live in Ireland.

24.    The term "CAR PROGRAM" refers to the IRISH CERVICALCHECK PROGRAM's clinical cancer audit process initiated in or around 2010 as part of the quality assurance framework of the program wherein an individual who has developed cancer will have their screening history reviewed in a systematic way.

25.    The term "███████ CLAIM" refers to the ICC CLAIM made by, on behalf of, and/or by relatives of, ███████████.

26.    The term "███████ CLAIM" refers to the ICC CLAIM made by, on behalf of, and/or by relatives of, ███████████.

*__Homeland Insurance Company of New York v. Clinical Pathologies__*
*__Laboratories, Inc., et al.__*
United States District Court, Western District of Texas – Austin Division
Case No. 1:20-cv-00783-RP

27.     The term "█████ CLAIM" refers to the ICC CLAIM made by, on behalf
        of, and/or by relatives of, ████████.

28.     The term "████████CLAIM" refers to the ICC CLAIM made by, on
        behalf of, and/or by relatives of, ███████████.

29.     The term "██████CLAIM" refers to the ICC CLAIM made by, on behalf
        of, and/or by relatives of, ████████.

30.     The term "ICC CLAIM(S)" refers to the actual, potential and/or threatened
        claim(s) relating to the IRISH CERVICALCHECK PROGRAM brought or
        made against the SONIC ENTITIES, including but not limited to, the
        ██████ CLAIM, the ████████CLAIM, the ███████ CLAIM, the
        ████████ CLAIM, and the ██████ CLAIM.

31.     The term "2016 SHUMPERT LETTER" refers to the letter from Stephen R.
        Shumpert, then-President of CPL, addressed to OneBeacon Insurance
        Group, that is dated July 27, 2016, attached hereto as **EXHIBIT 1,** including
        any drafts of that letter.

32.     The term "2016-17 POLICIES" refers to Medical Facilities and Providers
        Professional Liability Insurance Policy No. MFL-004062-0616 (the "2016-
        17 PRIMARY POLICY") and Excess Medical Facilities Liability Insurance
        Policy No. MFX-002013-0616 (the "2016-17 EXCESS POLICY"), both of
        which Homeland issued to Sonic Healthcare Investments, G.P., and several
        additional insureds, including CPL, for the policy period of June 30, 2016 to
        June 30, 2017.

33.     The term "2017-18 POLICIES" refers to Medical Facilities and Providers
        Professional Liability Insurance Policy No. MFL-004062-0617 (the "2017-
        18 PRIMARY POLICY") and Excess Medical Facilities Liability Insurance
        Policy No. MFX-002013-0617 (the "2017-18 EXCESS POLICY"), both of
        which Homeland issued to Sonic Healthcare Investments, G.P., and several
        additional insureds, including CPL, for the policy period of June 30, 2017 to
        June 30, 2018.

34.  The term "WORLDWIDE TERRITORY ENDORSEMENT" refers to Endorsement No. 12 to the 2016-17 PRIMARY POLICY and No. 13 to the 2017-18 PRIMARY POLICY.

35.  The term "RATE STABILIZATION ENDORSEMENT" refers to Endorsement No. 11 to the 2016-17 PRIMARY POLICY and Nos. 12 and 15 to the 2017-18 PRIMARY POLICY.

36.  The term "ADDITIONAL NAMED INSURED ENDORSEMENT" refers to Endorsement Nos. 5 and 15 to the 2016-17 PRIMARY POLICY and Nos. 3, 22 and 24 to the 2017-18 PRIMARY POLICY.

37.  The term "PRIOR KNOWLEDGE ENDORSEMENT" refers to Endorsement No. 2 to the 2016-17 PRIMARY POLICY and Nos. 1 and 19 to the 2017-18 PRIMARY POLICY.

38.  The term "2016 VERO BULK CLAIM REPORT" refers to the March 23, 2016 email string attached hereto as **EXHIBIT 2** including that email's attached spreadsheet with information concerning 58 patients noticed to VERO by MEDLAB.

39.  The term "MEDLAB PATHOLOGY INCIDENT REPORT" refers to the MedLab Pathology Incident Report from February 26, 2016 as discussed in the March 17, 2016 email attached hereto in **EXHIBIT 2**, including any updates to that report.

40.  The term "2018 HOMELAND BULK CLAIM REPORT" refers to the May 15, 2018 bulk notice to HOMELAND by CPL and/or the SONIC ENTITIES concerning certain ICC CLAIMS.

*__Homeland Insurance Company of New York v. Clinical Pathologies__*
*__Laboratories, Inc., et al.__*
United States District Court, Western District of Texas – Austin Division
Case No. 1:20-cv-00783-RP

## DOCUMENTS TO BE PRODUCED

1.    All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the INSURERS, the LAW FIRMS, and the NCSS) CONCERNING the IRISH CERVICALCHECK PROGRAM.

2.    All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the INSURERS, the LAW FIRMS, and the NCSS), CONCERNING the CAR PROGRAM.

3.    All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the INSURERS, and the LAW FIRMS) CONCERNING the NCSS.

4.    All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the INSURERS, the LAW FIRMS, and the NCSS) CONCERNING insurance coverage for the ICC CLAIMS.

5.    All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the INSURERS, the LAW FIRMS, and the NCSS) CONCERNING the ICC CLAIMS (including but not limited to the noticing or tendering of any ICC CLAIMS to the INSURERS).

6.    All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the INSURERS, the LAW FIRMS, and the NCSS) CONCERNING the 2016 SHUMPERT LETTER (including but not limited to, the procurement of the 2016 SHUMPERT LETTER and any drafts of the same).

7.    All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON, (including, but not limited to, the SONIC ENTITIES, the INSURERS, the LAW FIRMS, and the NCSS) CONCERNING the 2016-

2017 POLICIES (including but not limited to, the procurement of the 2016-2017 POLICIES).

8. All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the INSURERS, the LAW FIRMS, and the NCSS) CONCERNING the 2017-2018 POLICIES (including but not limited to, the procurement of the 2017-2018 POLICIES).

9. All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the INSURERS, the LAW FIRMS, and the NCSS) CONCERNING the WORLDWIDE TERRITORY ENDORSEMENT (including but not limited to, the procurement of the WORLDWIDE TERRITORY ENDORSEMENT).

10. All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the INSURERS, the LAW FIRMS, and the NCSS) CONCERNING the RATE STABILIZATION ENDORSEMENT (including but not limited to, the procurement of the RATE STABILIZATION ENDORSEMENT).

11. All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the INSURERS, the LAW FIRMS, and the NCSS) CONCERNING the ADDITIONAL NAMED INSURED ENDORSEMENT (including but not limited to, the procurement of the ADDITIONAL NAMED INSURED ENDORSEMENT).

12. All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the INSURERS, the LAW FIRMS, and the NCSS) CONCERNING the PRIOR KNOWLEDGE ENDORSEMENT (including but not limited to, the procurement of the PRIOR KNOWLEDGE ENDORSEMENT).

13. All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the

INSURERS, the LAW FIRMS, and the NCSS) CONCERNING the Prior Notice Exclusion (D)2 in the 2016-2017 POLICIES and the 2017-2018 POLICIES .

14.    All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the INSURERS, the LAW FIRMS, and the NCSS) CONCERNING Condition (R) Representation; Incorporation of Application, in the 2016-2017 POLICIES and the 2017-2018 POLICIES.

15.    All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the INSURERS, the LAW FIRMS, and the NCSS) CONCERNING the 2016 VERO BULK CLAIM REPORT.

16.    All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the INSURERS, the LAW FIRMS, and the NCSS) CONCERNING the MEDLAB PATHOLOGY INCIDENT REPORT.

17.    All DOCUMENTS and COMMUNICATIONS between or among YOU and any PERSON (including, but not limited to, the SONIC ENTITIES, the INSURERS, the LAW FIRMS, and the NCSS) CONCERNING the 2018 HOMELAND BULK CLAIM REPORT, except for DOCUMENTS that YOU have already provided to HOMELAND.

18.    All COMMUNICATIONS between YOU and HOMELAND CONCERNING the 2016 SHUMPERT LETTER, the WORLDWIDE TERRITORY ENDORSEMENT, the RATE STABILIZATION ENDORSEMENT, the ADDITIONAL NAMED INSURED ENDORSEMENT, or procurement of insurance coverage for the ICC CLAIMS.

19.    All DOCUMENTS (including, but not limited to, COMMUNICATIONS between or among YOU and any of the SONIC ENTITIES) discussing the possibility that specific persons, or persons in general, might bring claims

*__Homeland Insurance Company of New York v. Clinical Pathologies Laboratories, Inc., et al.__*
United States District Court, Western District of Texas – Austin Division
Case No. 1:20-cv-00783-RP

against any of the SONIC ENTITIES related to the IRISH CERVICALCHECK PROGRAM.

20. The earliest COMMUNICATION between or among YOU and any of the SONIC ENTITIES discussing the possibility that specific persons, or persons in general, might bring claims against any of the SONIC ENTITIES related to the IRISH CERVICALCHECK PROGRAM subsequent to the ▮▮▮▮▮ CLAIM.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC. SONIC HEALTHCARE USA, INC., MEDLAB PATHOLOGY, SONIC HEALTHCARE (IRELAND) LIMITED, AND SONIC HEALTHCARE LIMITED.<br><br>Defendants. | CIVIL ACTION NO. 1:20-cv-783 |

## PROOF OF SERVICE

I, the undersigned, declare under penalty of perjury that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the action; and I am employed in the County of San Diego, State of California, in which county the within-mentioned service occurred. My business address is 501 West Broadway, 19th Floor, San Diego, California 92101.

On September 9, 2021, I served a copy of the following document(s):

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO THE CUSTODIAN OF RECORDS FOR AON RISK SERVICES SOUTHWEST, INC. (DALLAS, TX)**

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from nlautzenheiser@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the

correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

| | |
|---|---|
| Mark T. Beaman<br>Ryan Bueche<br>GERMER BEAMAN & BROWN PLLC<br>One Barton Skyway<br>1501 S. Mopac Expy, Suite A400<br>Austin, TX 78746 | ***Attorneys for Defendants Clinical Pathology Laboratories, Inc., Sonic Healthcare USA, Inc., Medlab Pathology, Sonic Healthcare (Ireland) Limited, and Sonic Healthcare Limited***<br><br>Telephone: (512) 472-0667<br>Facsimile: (512) 472-0721<br>E-mail: mbeaman@germer-austin.com<br> gjohnson@germer-austin.com<br> pross@germer-austin.com |
| Ernest Martin, Jr.<br>Gregory E. Van Houten<br>S. Benjamin Schindler<br>HAYNES AND BOONE, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, TX 75219 | ***Attorneys for Defendants Clinical Pathology Laboratories, Inc., Sonic Healthcare USA, Inc., Medlab Pathology, Sonic Healthcare (Ireland) Limited, and Sonic Healthcare Limited***<br><br>Telephone: (214) 651-5000<br>Facsimile: (214) 200-0519<br>E-mail: ernest.martin@haynesboone.com<br> mae.maddran@haynesboone.com<br> greg.vanhouten@haynesboone.com<br> s.benjamin.schindler@haynesboone.com<br> Patricia.Zerwas@haynesboone.com |
| Joseph R. Little<br>The Little Law Firm<br>440 Louisiana Street, Suite 900<br>Houston, Texas 77002 | ***Attorneys for Plaintiff and Counter Defendant Homeland Insurance Company of New York***<br><br>Telephone: (713) 222-1368<br>Facsimile: (281) 200-0115<br>E-mail: jrl@littlelawtexas.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 9, 2021, at San Diego, California.

_____
Nicole Lautzenheiser