

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
321 NORTH CLARK STREET, SUITE 2800
CHICAGO, IL 60654-5313
312.832.4500 TEL
312.832.4700 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
312.832.4539
jrlandis@foley.com EMAIL

CLIENT/MATTER NUMBER
061249-9000

September 30, 2021

*Via E-Mail and United States Mail*

John T. Brooks, Esq.
Jenna A. Fasone, Esq.
Sheppard, Mullin, Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, California 92101

Re: **Homeland Ins. Co. of New York v. Clinical Pathology Laboratories, Inc. et al./Subpoenas to Aon Risk Services Central, Inc., Aon Risk Services Southwest, Inc. and Aon**

Dear Mr. Brooks and Ms. Fasone:

We represent Aon Risk Services Central, Inc. ("ARSC") and Aon Risk Services Southwest, Inc. ("ARSSW") in connection with five subpoenas issued by Plaintiff in the above-captioned matter:

- A subpoena directed to Aon Risk Services Central, Inc. in Chicago, Illinois;
- A subpoena directed to Aon in Milwaukee, Wisconsin;
- A subpoena directed to Aon in Phoenix, Arizona;
- A subpoena directed to Aon Risk Services Southwest, Inc. in Dallas, Texas; and
- A subpoena directed to Aon Risk Services Southwest, Inc. in Houston, Texas.

The five subpoenas are identical and are hereinafter referred to collectively as the "Subpoenas."

This letter sets forth ARSC's and ARSSW's initial response, General Objections and Specific Objections to the Subpoenas.

**Initial Response**

As an initial matter, please be advised that "Aon" is a trade name, and is not a legal entity upon which a subpoena may be served.

With respect to the subpoena directed to Aon in Milwaukee, please note that the proper entity to receive a subpoena is ARSC. Given that you have issued a subpoena to ARSC at its Chicago office, you do not need to issue a separate subpoena to ARSC in Milwaukee.



John T. Brooks, Esq.
Jenna A. Fasone, Esq.
September 30, 2021
Page 2

With respect to the subpoena directed to Aon in Phoenix, please note that the proper entity to receive a subpoena is Aon Risk Insurance Services West, Inc. We are authorized to accept service of a new subpoena to Aon Risk Insurance Services West, Inc. at its Phoenix address. Please send the new subpoena to me via email.

Notwithstanding the foregoing, ARSC, ARSSW and we have commenced a search for documents that may be responsive to the Subpoenas. We will keep you apprised regarding our progress and we will produce responsive documents, subject to the objections set forth herein, to you as soon as practical.

**General Objections**

ARSC and ARSSW generally object to the Instructions, Definitions and Documents to be Produced set forth in Attachment A to the Subpoenas as follows:

1. ARSC and ARSSW object to the Subpoenas on the grounds that the Instructions and Definitions do not identify a reasonable time period governing the search and production of documents. Accordingly, the Subpoenas are overly broad, unduly burdensome and seek the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence.

2. ARSC and ARSSW object to the Subpoenas on the grounds that the Definition of the terms "YOU" and "YOUR" is overly broad. ARSC and ARSSW are separate legal entities and will respond to the Subpoenas solely on their own behalf and not on behalf of any "related (parent or subsidiary) entities or anyone acting or purporting to act on their behalf." ARSC and ARSSW will produce documents, subject to the objections set forth herein, that are solely within ARSC's and ARSSW's custody and control.

3. ARSC and ARSSW object to the Subpoenas to the extent the requests comprising the Documents to be Produced seek documents and information that are protected by the attorney-client privilege, attorney work product, or any other applicable privilege, rule or duty of confidentiality which precludes or limits production or disclosure of the documents and information.

**Specific Objections to Documents to be Produced**

ARSC and ARSSW specifically object to the individual Requests for production in the Documents to be Produced set forth in Attachment A to the Subpoenas as follows:



John T. Brooks, Esq.
Jenna A. Fasone, Esq.
September 30, 2021
Page 3

1. ARSC and ARSSW object to Request 1 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 1 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

2. ARSC and ARSSW object to Request 2 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 2 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

3. ARSC and ARSSW object to Request 3 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 3 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

4. ARSC and ARSSW object to Request 4 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 4 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

5. ARSC and ARSSW object to Request 5 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 5 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

6. ARSC and ARSSW object to Request 6 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 6 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

7. ARSC and ARSSW object to Request 7 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 7



John T. Brooks, Esq.
Jenna A. Fasone, Esq.
September 30, 2021
Page 4

on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

8.    ARSC and ARSSW object to Request 8 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 8 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

9.    ARSC and ARSSW object to Request 9 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 9 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

10.    ARSC and ARSSW object to Request 10 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 10 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

11.    ARSC and ARSSW object to Request 11 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 11 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

12.    ARSC and ARSSW object to Request 12 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 12 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

13.    ARSC and ARSSW object to Request 13 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 13 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.



John T. Brooks, Esq.
Jenna A. Fasone, Esq.
September 30, 2021
Page 5

14. ARSC and ARSSW object to Request 14 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 14 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

15. ARSC and ARSSW object to Request 15 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 15 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

16. ARSC and ARSSW object to Request 16 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 16 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

17. ARSC and ARSSW object to Request 17 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 17 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

18. ARSC and ARSSW object to Request 18 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 18 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost.

19. ARSC and ARSSW object to Request 19 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 19 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost. ARSC and ARSSW also object to Request 19 on the ground that the phrase "discussing the possibility that specific persons, or persons in general, might bring claims" is vague and ambiguous.

20. ARSC and ARSSW object to Request 20 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are not reasonably calculated to lead to



the discovery of relevant or admissible evidence. ARSC and ARSSW further object to Request 20 on the grounds that it seeks the production of electronic information and e-mail communications that are not reasonably or readily accessible due to undue burden or cost. ARSC and ARSSW also object to Request 20 on the ground that the phrase "discussing the possibility that specific persons, or persons in general, might bring claims" is vague and ambiguous.

ARSC and ARSSW reserve the right to supplement the foregoing General and Specific Objections.

Please note that we may engage a third party vendor to undertake duplication or scanning of ARSC's and ARSSW's responsive documents, if any. We may request that you work directly with the vendor and advance all associated costs in advance of any production.

We look forward to working with you regarding the Subpoenas.

Sincerely,

John R. Landis