IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC. SONIC HEALTHCARE USA, INC., MEDLAB PATHOLOGY, SONIC HEALTHCARE (IRELAND) LIMITED, AND SONIC HEALTHCARE LIMITED.<br><br>Defendants. | CIVIL ACTION NO. 1:20-cv-783 |

**DECLARATION OF BRENDA CRAIG IN SUPPORT OF HOMELAND INSURANCE COMPANY OF NEW YORK'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to 28 U.S.C. § 1746, I, Brenda Craig, declare as follows:

1.   I am a former President of OneBeacon Services LLC, an affiliate of Homeland Insurance Company of New York ("Homeland"), which was an underwriting company involved with the underwriting of medical facilities policies on behalf of Homeland in, among other states, Texas.  Except as the context indicates otherwise, I have firsthand knowledge of the facts set forth below.

2.   I have approximately 30 years of experience as an underwriter and approximately 25 years of experience as an underwriting manager.  I have spent all of my underwriting career specifically focused on healthcare underwriting.  Before working as an underwriter, I spent approximately ten years working as an underwriting insurance agent/broker for Alexander & Alexander Services Inc., prior to its acquisition by Aon Corp.

3.   I was personally involved in the underwriting of the Sonic Healthcare Investments, G.P. account no. 34379 (the "Sonic Account"), which is the account at issue in this lawsuit, from approximately 2013 until 2018 (i.e., the entire time the Sonic Account was with Homeland).  In my role as President of the healthcare underwriting division, I personally oversaw decisions to evaluate and accept certain kinds of risk, offer and approve pricing, issue insurance, and expand coverage, among other things.  I am also familiar with Homeland's typical medical facilities policies, which, absent an endorsement such as a Worldwide Territory Endorsement, provide coverage only for suits brought in the United States of America, including its territories or possessions, Puerto Rico, or Canada.

4.   In or around May or June of 2016, I became aware that the broker for the Sonic Account was requesting expanded coverage for claims made against the U.S.-based entities outside of the normal coverage area for Homeland's medical facilities policies (i.e., for suits filed

outside the United States).  During the same time, I also became aware that the broker was asking to add two Ireland-based entities (what would turn out to be MedLab Pathology ("MedLab") and Sonic Healthcare (Ireland) Limited ("Sonic Ireland")) as additional named insureds (for suits brought against them in the United States).  By that time, however, I had also become aware that one of the additional named insureds on the policy, Clinical Pathology Laboratories, Inc. ("CPL"), had recently tendered but been denied coverage under an existing Homeland policy for a suit brought against it in Ireland—which arose out of its alleged negligent misreading of pathology slides as part of the Irish government's CervicalCheck program.  I understood that CPL wanted to expand coverage to include any further suits that might be brought against it in Ireland arising out of the CervicalCheck program.  I further understood that MedLab and Sonic Ireland wanted to be added to the policy, for suits brought in the United States, because they had delegated or subcontracted to CPL some of their duties under their CervicalCheck contract with the Irish government—such that any negligent misreading of pathology slides by CPL might lead to suits against MedLab and/or Sonic Ireland in the United States.  Finally, my understanding based on representations by the insureds' broker was that CPL had ceased performing testing under the CervicalCheck contract some time in 2013, and therefore any claims made under this expanded coverage for CPL (for lawsuits filed outside of the United States) or MedLab and Sonic Ireland (for lawsuits filed within the United States related to CPL's work under the contract) would relate to services that had ceased some three years prior.

      5.      As is a standard best practice in such a situation where an insured(s) seeks expanded coverage for the exact type of claim for which coverage has recently been denied, Homeland requested that the Sonic Account insureds proposed for the expanded coverage (CPL,

MedLab and Sonic Ireland) provide a warranty of "no known loss," the truth of which Homeland would rely upon if it were to issue the requested expansion in coverage. I was personally involved in the decision to request this warranty.

6.      In my capacity working on Homeland's behalf, my intention in seeking a warranty letter from all three insureds proposed for the expanded coverage (CPL, MedLab and Sonic Ireland) was that the statements in the letter would operate as warranties or conditions precedent to the expanded coverage requested (including both expanding coverage for CPL to suits filed outside the United States, and adding the Irish entities as named insureds for suits inside the United States, with respect to claims under the CervicalCheck contract). Based on Homeland's communications with the insureds' broker, it was my understanding that the broker (on behalf of the insureds) understood that intent as well.

7.      I have reviewed a copy of a letter dated July 27, 2016, bates stamped UW2016002330. That is a true and correct copy of the warranty letter that Homeland received in connection with the insureds' request for the above-noted expanded coverage. The warranty letter was kept on file along with the renewal application submitted for the 2016-2017 policy period in the underwriting file for that year. As information submitted with the application, it was my understanding and intent that the warranty letter would be deemed part of the "Application" which, by operation of the terms of the Application and the policy, becomes part of the policy. My understanding is that Homeland, in fact, relied on the warranties in that 2016 letter in issuing the insureds their requested expanded coverage.

8.      On behalf of Homeland, my intent in requiring the warranty letter as a condition to issuing the expanded coverage (that the insureds had requested) was that the warranties would continue as long as the expanded coverage did (i.e., as long as the worldwide territory was

endorsed to the policy and as long as the Irish entities were named as additional named insureds). That is because these were claims-made policies (i.e., policies that provided coverage for claims first made during the subject policy period), so it would not make sense to request a warranty letter only for the initial policy period (i.e., 2016-2017) when a claim could be submitted in a subsequent policy period that also implicated the warranties in the 2016 letter.  Moreover, there would be no need to continuously ask for a warranty letter in every subsequent year that Homeland renewed the policy because CPL ceased performing work under the CervicalCheck contract in 2013, so there would be no new services by CPL that could result in a lawsuit.

9. On behalf of Homeland, my intent was that the warranty letter would be incorporated into the 2016-2017 policy and into any subsequent renewal of that policy for as long as the expanded coverage was issued.  It was my understanding, based on Homeland's communications with the broker, that the broker (on behalf of the insureds) understood this intent as well.  Homeland would not have issued these policies (including the renewal policies) with the expanded coverage without receiving and relying on the warranties in the 2016 letter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed on 10/26/2021 in Houston, Texas.

DocuSigned by:

_____
Brenda Craig

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of this document was served upon counsel of record for all parties who have made an appearance in this case at the addresses indicated by CM/ECF electronic notification on this 29th day of October 2021. I declare under penalty of perjury that the foregoing is true and correct.

                                                               */s/ Jenna A. Fasone*
                                                                  Jenna A. Fasone