IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-783-RP |
| CLINICAL PATHOLOGY LABORATORIES, INC., et al., | § § § § | |
| Defendants. | § § | |

## **ORDER**

On October 29, 2021, Plaintiff Homeland Insurance Company of New York ("Homeland") filed an Unopposed Motion for Leave to File its Opposed Rule 56(d) Motion under seal. (Dkt. 67).

Generally, the public has a right to inspect judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[and] serves as a check on the integrity of the system." *Bradley on behalf of AJW v. Ackal*, No. 18-31052, 2020 WL 1329658, at *4 (5th Cir. Mar. 23, 2020) (citing *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017)).

This right is not absolute and the "common law merely establishes a presumption of public access to judicial records." *Id.* (citing *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). The Fifth Circuit has neither assigned a particular weight to this presumption nor interpreted the presumption in favor of access as creating a burden of proof. *Bradley*, 2020 WL 1329658, at *4. But in light of the public's right to access judicial records, courts are required to "use caution in exercising [their] discretion to place records under seal." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689–90 (5th Cir. 2010) (citing *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395,

1

399 (5th Cir. 1987)). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Bradley*, 2020 WL 1329658, at *4 (citing *Van Waeyenberghe*, 990 F.2d at 848). "The presumption however gauged in favor of public access to judicial records is one of the interests to be weighed on the public's side of the scales." *Id.* (cleaned up).

"Not every document, however, is a judicial record subject to the common law right of access." *Id.* at *5. "[S]ealing may be appropriate where orders incorporate confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015). In some cases, such as those involving "trade secrets, the identity of informants, and the privacy of children," *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), or those in which information could be used for "scandalous or libelous purposes," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), the interest in secrecy is compelling. But when the party seeking leave to file under seal "does not identify any particular confidential information in the orders that may cause it harm, and much of the information therein is available elsewhere," sealing is generally unwarranted. *N. Cypress*, 781 F.3d at 204; *see also Powers v. Duff & Phelps, LLC*, No. 1:13-CV-768, 2015 WL 1758079, at *7–8 (W.D. Tex. Apr. 17, 2015) ("[T]he parties' decision to designate documents as confidential does not mandate that the Court seal the record. The standard for sealing court documents is more stringent than [the] standard for protecting discovery materials under a protective order."). "[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to this document." *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (citing *N. Cypress*, 781 F.3d at 204).

In Homeland's motion for Leave to File its Opposed Rule 56(d) Motion under seal, (Dkt. 67), Homeland notes that the Rule 56(d) motion contains references throughout to material deemed

2

"confidential" under the parties' agreed confidentiality and protective order, (Dkt. 40). Homeland requests additional time after the conclusion of "all briefing related to" the 56(d) motion to confer with Defendant Clinical Pathology Laboratories to produce redacted versions of the briefing that may be filed publicly. (Dkt. 67). The Court will allow Homeland to so confer with CPL and submit proposed redacted versions of the briefing within fourteen (14) days after the conclusion of all briefing related to Homeland's 56(d) motion. *See In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876, 895 (S.D. Tex. 2008) ("Legitimate confidentiality interests will almost always be fully accommodated by redacting the troublesome words or passages."). In conclusion, and pursuant to the foregoing analysis, the Court issues the following:

In light of the lack of opposition, **IT IS ORDERED** that Homeland's motion for Leave to File its Opposed Rule 56(d) Motion under seal, (Dkt. 67), is **GRANTED**. The Clerk of the Court shall file Homeland's Opposed Rule 56(d) Motion, (Dkt. 67-2), under seal.

**IT IS FURTHER ORDERED** that upon the conclusion of all briefing related to Homeland's Rule 56(d) motion, the parties shall file proposed redacted versions of all sealed filings (the Rule 56(d) motion, and, if filed under seal, the related response and reply), **within fourteen (14) days**.

    **SIGNED** on November 1, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE