# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, *Plaintiff*, | § § § § | |
| v. | § § | CIVIL NO. 1-20-CV-783-RP |
| CLINICAL PATHOLOGY LABORATORIES, INC. and SONIC HEALTHCARE USA, INC., *Defendants*. | § § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Homeland Insurance Company of New York's Opposed Motion to Deny or Delay Consideration of Defendant's Motion for Summary Judgment under Rule 56(d), filed under seal on November 1, 2021 (Dkt. 74); Defendants' Response to Plaintiff's Rule 56(d) Motion, filed November 9, 2021 (Dkt. 79) (sealed); Plaintiff's Reply, filed November 16, 2021 (Dkt. 86) (sealed); and Defendants' Sur-Reply, filed with leave of Court on February 3, 2022 (Dkt. 96). On February 2, 2022, the District Court referred the Rule 56(d) Motion and related filings to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. General Background

As the District Court has stated: This case is about an insurance coverage dispute. Dkt. 55 at 1. Homeland Insurance Company of New York ("Homeland") provides insurance coverage to Defendants Clinical Pathology Laboratories, Inc. ("CPL") and Sonic Healthcare USA, Inc. ("Sonic USA") (collectively, "Defendants"), which provide cervical cytology laboratory screening services to detect cervical cancer.

Around March 2010, as part of a national program in Ireland called CervicalCheck, the National Screening Service of Ireland ("NSS") entered into contracts with two Irish companies to provide screening services for cervical cancer. The contracts identified CPL, in Austin, Texas, as the laboratory that would read the cancer screening slides. Also in 2010, CervicalCheck began an audit process called Cancer Audit Reviews ("CARs"), which reviewed women's screening history after they developed cervical cancer to determine whether any slides in previous screenings had been misread. Around 2016, the NSS changed its protocol to require CARs results where slides had been misread to be reported to the patients' physicians.

Before 2016, Homeland insured Defendants only for claims made inside the United States. Around 2015 and 2016, Homeland informed CPL and Defendants' broker that there was no insurance coverage for a claim about misread slides because the claim was made outside the United States. Later in 2016, Defendants sought to expand coverage, in relevant part, to include claims made outside the United States against Defendants. Homeland agreed to the requested expanded coverage for the 2016-17 insurance policy ("2016 Policy"), allegedly conditioned on a July 27, 2016 letter ("2016 Letter") provided by Stephen Shumpert, CPL's President and Director and Sonic USA's Chief Executive Director and Director, stating that, on behalf of the insureds, they were not aware of any potential claims against the insureds. Homeland alleges that the assurances in this letter were false because at least some of the original five defendants in this case were aware

of potential claims based on misread slides. Defendants' insurance coverage later was extended to 2017-18 ("2017 Policy"). In 2018, a lawsuit was filed on behalf of "Ms. S" based on a misread slide (the "Ms. S claim"). CPL settled the matter in October 2019 and sought reimbursement from Homeland in May 2020, alleging that the claim is covered under the 2017 Policy. Homeland denied the claim in July 2020.

Homeland filed this lawsuit on July 24, 2020. In its First Amended Complaint, Homeland named both Defendants and three foreign defendants: MedLab Pathology; Sonic Healthcare (Ireland), Limited; and Sonic Healthcare, Limited. Dkt. 21. Pursuant to the Agreed Scheduling Order issued by the Court on May 19, 2021, discovery was to be completed by January 21, 2022. Dkt. 32 ¶ 7.

All five original defendants moved to dismiss the foreign defendants for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and to dismiss all of the claims against Defendants under Rule 12(b)(6) for failure to state a claim. Dkt. 24. In an Amended Order issued August 4, 2021, the District Court granted the motion to dismiss the claims against the three foreign defendants for lack of personal jurisdiction under Rule 12(b)(2). Dkt. 55 at 16. The Court also granted in part and denied in part the motion to dismiss Homeland's claims. *Id.*

On August 17, 2021, Homeland filed a Second Amended Complaint against Defendants, asserting claims for (1) declaratory judgment that there is no coverage for the Ms. S claim, three other specific claims, or any additional ongoing claims under the 2017 Policy; (2) breach of warranty based on the 2016 Letter; (3) reformation of the 2016 and 2017 Policies to reflect that the 2016 Letter was meant to exclude certain claims from coverage; and (4) promissory estoppel that Defendants cannot contend the 2016 Letter was not incorporated into the policies. Dkt. 56.

On September 28, 2021, the Court issued an Amended Agreed Scheduling Order, extending the deadline to complete discovery until March 18, 2022. Dkt. 59 ¶ 9. On October 14, 2021, Defendants filed a 25-page motion for summary judgment on all of Homeland's claims and several defenses.[1] Dkt. 63. On November 1, 2021, Homeland filed a 25-page response to Defendants' motion for summary judgment, attaching 293 pages of exhibits, as well as the instant Rule 56(d) Motion. Dkts. 73, 74. Defendants filed a reply brief in support of their motion for summary judgment on November 9, 2021, and on February 11, 2022, the Court issued an Amended Agreed Scheduling Order extending the discovery deadline until September 30, 2022. Dkts. 81, 98.

## II. Plaintiff's Rule 56(d) Motion

Homeland asks the Court to deny or defer Defendants' motion for summary judgment pursuant to Rule 56(d). Defendants respond that their summary judgment motion turns on questions of law, asserting that: "Homeland's Rule 56(d) motion fails because *none* of the facts Homeland seeks to adduce can influence the outcome of Defendants' summary judgment motion, which is predicated on the insurance policies, the pleadings, Texas law, and the Court's prior rulings—not issues of fact." Dkt. 77 (redacted) at 14.

### A. Legal Standard

The Federal Rules of Civil Procedure give district courts the power to grant summary judgment motions before the parties have completed discovery. *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, --- F.4th ----, No. 21-20207, 2022 WL 391951, at *3 (5th Cir. Feb. 9, 2022) (citing Rule 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all

---

[1] Defendants' motion for summary judgment is not referred to the undersigned Magistrate Judge.

4

discovery.") and *Mendez v. Poitevent*, 823 F.3d 326, 336 (5th Cir. 2016) ("Rule 56 does not require that *any* discovery take place before summary judgment can be granted.") (citation omitted)).

But Rule 56 also "protects a party opposing a summary judgment motion who for valid reasons cannot by affidavit—or presumably by any other means authorized under Rule 56(c)—present facts essential to justify the adverse party's opposition to the motion." 10B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2740 (4th ed. 2021 Update). Specifically, Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Although the rule protects parties from premature summary judgment motions, "non-moving parties requesting Rule 56(d) relief may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *MDK*, 2022 WL 391951, at *3 (internal quotation marks omitted). "Instead, the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).

The court's disposition of a Rule 56(d) motion is reviewed for abuse of discretion. *MDK*, 2022 WL 391951, at *3.

**B. Analysis**

Homeland's Rule 56(d) Motion begins with the statement: "The evidence to date already defeats Defendants' motion for summary judgment." Dkt. 84 (redacted) at 5. Homeland continues: "But if the Court for any reason finds the existing factual record is not sufficient to defeat Defendants' motion, Homeland moves in the alternative pursuant to Federal Rule of Civil Procedure 56(d) to deny or defer Defendants' motion on grounds of prematurity." *Id.* Homeland thus does not show that insufficient discovery has been taken for it to present facts essential to oppose Defendants' motion; rather, it seeks a fallback plan should the Court find Defendants' motion meritorious. Homeland's argument is not persuasive.

As stated above, Homeland filed a fulsome 25-page response to Defendants' motion for summary judgment advancing numerous legal and factual arguments. First, Homeland asserts that "every argument Defendants make asks the Court to find coverage in violation of a bedrock principle of Texas insurance law: the fortuity doctrine." Dkt. 83 (redacted) at 11. Homeland then proceeds to address Defendants' arguments in detail, making only two passing references to evidence not yet produced. In its arguments concerning reformation to incorporate the 2016 Letter, Homeland cites "ample" record evidence "establishing there is at a minimum a factual issue," then states: "The record will also likely include more evidence, once more document production is completed and depositions are taken, that Homeland cannot produce now because of the prematurity of Defendants' motion." *Id.* at 20-21. Because Homeland contends that the existing record is sufficient for it to defeat summary judgment, its assertion that more probative evidence likely will be produced is not grounds for denial or delay under Rule 56(d).

Similarly, on the penultimate page of its brief in response to Defendants' summary judgment motion, Homeland points out that Defendants, in a footnote to their opening brief, failed to address

6

several of Homeland's arguments for declaratory relief. Homeland states: "As discussed in Homeland's Rule 56(d) motion, these matters are all the subject of ongoing discovery and are not ripe for adjudication." Dkt. 83 at 30; *see also* Dkt. 84 at 17 ("Defendants' failure to even address these additional bases is reason enough to deny their motion."). Homeland has not shown that Defendants' summary judgment motion should be denied or delayed to permit discovery on arguments Defendants' motion does not address.

Turning to the Rule 56(d) Motion, Homeland makes numerous complaints about Defendants' document production, but nowhere identifies "specified facts" which "will influence the outcome of the pending summary judgment motion." *Am. Family Life Assurance*, 714 F.3d at 894 (internal quotation marks omitted). Instead, Homeland posits that: "Additional discovery is likely to generate important evidence on numerous issues that will, at a minimum, establish further triable issues to Defendants' pending motion, if not affirmatively establish Homeland's right to summary judgment." Dkt. 84 at 9. Homeland repeatedly relies on similar "vague assertions that additional discovery will produce needed, but unspecified, facts." *MDK*, 2022 WL 391951, at *3 (internal quotation marks omitted). These include:

- "Existing evidence already establishes at least triable issues on these points, and further discovery that has been denied to Homeland so far is reasonably expected to shed even more light." Dkt. 84 at 10;
- "All the same discovery mentioned in section A above is likely to generate further evidence showing that there is, at a minimum, a triable issue about the falsity of these representations." *Id.* at 15; and
- "Homeland believes it has already offered sufficient evidence to show a triable issue on [incorporation of the 2016 Letter], including language in the letter itself, the Application, and the Policies showing (or at least arguably showing) a mutual intent to incorporate. But if the Court concludes there is insufficient current evidence of such intent, further discovery is likely to provide it." *Id.* (citation omitted).

Rule 56(d) permits the Court to defer considering or deny Defendants' motion for summary judgment if Homeland shows that, "for specified reasons, it cannot present facts essential to justify

7

its opposition" to the motion. Homeland has not met this burden. Rather, it is apparent that Homeland can, and has, presented facts it characterizes as sufficient to defeat Defendants' motion, as well as numerous legal arguments. Therefore, Homeland's Rule 56(d) Motion should be denied.

## III. Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Plaintiff Homeland Insurance Company of New York's Opposed Motion to Deny or Delay Consideration of Defendant's Motion for Summary Judgment under Rule 56(d) (Dkt. 74).

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 22, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE