# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC., AND SONIC HEALTHCARE USA, INC.,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 1-20-cv-783 |

**OPPOSED MOTION TO CLARIFY THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE [DKT. 112]**

**TO:　THE HONORABLE SUSAN HIGHTOWER
　　　UNITED STATES MAGISTRATE JUDGE**

　　　Defendants Clinical Pathology Laboratories, Inc. and Sonic Healthcare USA, Inc. (collectively, "Defendants") respectfully request that the Court clarify three discrete aspects of its Report and Recommendation granting in part and denying in part Defendants' summary judgment motion (Dkt. 112, the "R&R").  Specifically, Defendants seek clarification of the Court's recommendations regarding Homeland's (1) prior knowledge defense, (2) misrepresentation defense, and (3) second reformation claim.  *Id.* at 20–21, 24–27.

　　　Defendants do not move to challenge or object to the R&R; Defendants seek to clarify a few components and consequences of the R&R for the good of the case moving forward. Defendants respectfully submit that clarifying these issues now will streamline the case and conserve resources by ensuring that the parties understand the precise factual issues that will be the subject of further discovery and that must be tried by a jury.  Clarification will also ensure that the parties do not waste the Court's resources relitigating issues the Court already decided after considering the parties' extensive briefing and oral argument.

**I.       Defendants Believe the Court Implicitly Held the "Inception Date" in the Prior Knowledge Exclusion is June 30, 2013.**

With respect to Homeland's prior knowledge defense, Defendants' summary judgment motion first asked the Court to decide a pure legal question of contract interpretation: whether the "Inception Date" in the 2017 Policy is June 30, 2013, or June 30, 2016, under the plain language of the prior knowledge exclusion. *See* Dkt. 63 at 21–22; Dkt. 82 at 12. Defendants then asked the Court to decide whether Homeland adequately pled the requisite knowledge prior to the contractually relevant Inception Date. *See* Dkt. 63 at 21–22; Dkt. 82 at 12–13. The R&R clearly decides the second question; Defendants seek clarity as to Court's holding on the first.

The R&R provides that Defendants are not entitled to summary judgment on Homeland's prior knowledge defense because "CPL could have been aware of potential ICC claims as early as June 2013." Dkt. 112 at 25. Defendants interpret this holding to mean that the Court determined the "Inception Date" is June 30, 2013, which is when Homeland first began to issue Defendants professional medical liability insurance. *Id.* at 3. Defendants respectfully seek clarification as to whether their understanding is correct, as that would definitively resolve a question of law that has been fully briefed and argued, and would narrow the scope of this case by focusing the parties and the Court on what Defendants allegedly knew before June 30, 2013.

**II.      Clarification That Homeland's Misrepresentation in the Letter Defense Fails for Lack of Incorporation Would Harmonize the Court's Holding With its Reasoning.**

Defendants moved for summary judgment on Homeland's multi-faceted misrepresentation defense. By this defense, Homeland asserts Defendants made misrepresentations (1) during the claim, and (2) in the 2016 Letter. *See* Dkt. 73 at 23–24. Defendants moved for summary judgment on this defense because the 2016 Letter was not incorporated into the 2017 Policy and because Homeland did not comply with a Texas notice statute. *See* Dkt. 63 at 23; Dkt. 82 at 14.

On the lack of incorporation argument, the Court held that because Homeland's "defense is not limited to misrepresentations in the 2016 Letter" but extends to "misrepresentations during the claim," it could not dismiss Homeland's entire misrepresentation defense for lack of incorporation. Dkt. 112 at 25. Defendants interpret this to mean that, although Homeland's misrepresentation during the claim defense does not fail for lack of incorporation of the 2016 Letter, its misrepresentation in the 2016 Letter defense fails for lack of incorporation. Defendants respectfully seek clarification as to whether their understanding, which appears to be a natural consequence of the Court's ruling, is correct. Defendants' requested clarification would also narrow the scope of this case by focusing the parties and the Court on the merits of Homeland's misrepresentation "during the claim" defense.

### III. Clarification That Homeland Has Not Adequately Alleged or Shown a Mutual Intent to Reform the 2017 Policy Would Harmonize the Court's Ruling with the Evidence it Cites in Support.

Defendants moved for summary judgment on Homeland's second reformation claim because: (1) Homeland has no plausible allegations or evidence supporting a mutual intent to incorporate the 2016 Letter into the 2016 Policy, and (2) Homeland has no allegations or evidence—plausible or otherwise—supporting a mutual intent to incorporate the 2016 Letter into the 2017 Policy. *See* Dkt. 63 at 11–15; Dkt. 82 at 6–7. Since the 2017 Policy is the operative contract in this case, Defendants argued that failure of proof necessitated the dismissal of Homeland's second reformation claim. *See* Dkt. 63 at 14–15; Dkt. 82 at 7. The R&R definitively resolves the first aspect of Defendants' argument, but not the second.

The Court held Defendants are not entitled to summary judgment because the 2016 Letter provides that it "will be deemed to be a part of the policy," and therefore the letter itself is plausible evidence of a mutual intent to incorporate. Dkt. 112 at 21. Defendants seek clarification as to how far that ruling extends. The 2016 Letter refers only to "the policy"—*i.e.*, the 2016 Policy—and

3

therefore is not evidence of the parties' mutual intent regarding the 2017 Policy. *Id.* at 4. The R&R doesn't say anything to the contrary, and therefore Defendants believe the R&R supports Homeland's claim to reform the 2016 Policy with the 2016 Letter, but not the 2017 Policy. Defendants seek clarification as to whether their understanding is correct.

## CONCLUSION

In sum, Defendants respectfully request that the Court clarify that: (1) the "Inception Date" under the prior knowledge exclusion is June 30, 2013; (2) although Homeland's misrepresentation "during the claim" defense does not fail for lack of incorporation of the 2016 Letter, its misrepresentation in the 2016 Letter defense fails for that reason; and (3) although the 2016 Letter may support a claim to reform the 2016 Policy, it does not support Homeland's claim to reform the 2017 Policy. Defendants submit that the clarification they request would harmonize the R&R with the Court's reasoning and would further streamline this case and conserve resources by ensuring that the record reflects the precise factual issues that must be tried by a jury.

\*   \*   \*

Dated:  July 27, 2022

    Respectfully submitted,

    By: /s/ *Ernest Martin, Jr.*
        Ernest Martin, Jr. [Bar No. 13063300]
        Greg Van Houten*
        HAYNES AND BOONE, LLP
        2323 Victory Avenue, Suite 700
        Dallas, TX 75219
        214-651-5651 Direct
        214-651-5000 Main
        214-200-0519 Fax
        ernest.martin@haynesboone.com
        greg.vanhouten@haynesboone.com
        *Admitted *Pro Hac Vice*

    -*and*-

    Mark T. Beaman [Bar No. 01955700]
    Ryan Bueche [Bar. No. 24064970]
    GERMER BEAMAN & BROWN PLLC
    One Barton Skyway
    1501 S Mopac Expy Suite A400
    Austin, TX 78746
    512-482-3504 Direct
    512-472-0288 Main
    512-472-0721 Fax
    mbeaman@germer-austin.com
    rbueche@germer-austin.com

    **ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

This is to certify that I conferred via telephone with counsel for Plaintiff regarding the instant motion before its filing, and counsel for Plaintiff indicated that Plaintiff was opposed to the relief sought.

/s/ *Greg Van Houten*
Greg Van Houten

**CERTIFICATE OF SERVICE**

I hereby certify that, consistent with Local Court Rule CV-5, a true and correct copy of the foregoing was sent to all parties of record via ECF on this 27th day of July 2022.

/s/ *Ernest Martin, Jr.*
Ernest Martin, Jr.