IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>  Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC., AND SONIC HEALTHCARE USA, INC.,<br><br>  Defendants. | CIVIL ACTION NO.: 1-20-cv-783 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO CLARIFY THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Homeland's response (Dkt. 127) reinforces why clarification would be beneficial to the disposition of the case. The parties have different views about what the R&R decided (or did not decide) with respect to three key issues raised in Defendants' motion. Defendants respectfully request that the Court clarify the R&R with respect to those issues to avoid unnecessary re-litigation during depositions, subsequent motion practice, and trial. Rather than contesting the need for clarification, Homeland devotes much of its response to arguments about *how* the Court should resolve these issues. In the event the Court did not already make those determinations in drafting the R&R, Defendants provide the following brief responses.

ARGUMENT

I.  **Requested Clarification #1: What Is The Proper Interpretation Of The Policy Language Related To The "Inception Date" in The Prior Knowledge Exclusion?**

The first issue is more straightforward than Homeland makes it out to be: Defendants request clarification on an important issue of contract interpretation, nothing more. Under the policy language for the Prior Knowledge Exclusion, the relevant "inception date" is when

1

Homeland first began to provide the insureds with "continuous and uninterrupted coverage." *See* Dkt. 81 at 12. The parties fully briefed their competing views on what that contract term means. Defendants will not repeat their arguments in full, but in short: it is undisputed that Homeland first issued this insurance in June 2013; that coverage continued uninterrupted until June 2018; and policy modifications along the way did not change that because the text of the provision does not require "continuous and uninterrupted *identical* coverage." *Id.*; Dkt. 63 at 21. The R&R acknowledges that the "interpretation of an insurance policy is a question of law for a court to determine." Dkt. 112 at 9. Defendants simply ask the Court to resolve the contract dispute.

In its response, Homeland doesn't really engage the contract question; it says the determination of the "inception date" is a mixed question of law and fact, and it focuses on alleged fact issues. Dkt. 127 at 2. Even if Homeland were right about that characterization (it is not), that shouldn't stop the Court from resolving the first step of the equation. Construing the policy language will make clear what fact issues remain. For example, whether the 2016 Policy was a "sufficient alteration" of coverage, as Homeland argues, is *not* a relevant fact issue (*id.*); it is a legal issue that turns on the meaning of "continuous and uninterrupted coverage." The same is true for Homeland's misguided voidness argument; even if Homeland could void the 2016 Policy (it cannot), that would not affect the inception date under the policy language. Dkt. 81 at 12 n.37. The only possible fact question is whether Defendants had knowledge to trigger the exclusion in June 2013, the date their "continuous and uninterrupted coverage" began. While Defendants do not believe there is any such evidence, they have not challenged the finding of a fact issue on that point. Defendants just ask the Court to make clear its ruling on the contract issue so that their alleged pre-June 2013 knowledge is the only fact issue the parties need to litigate on this exclusion.

## II.  Requested Clarification #2: Does Homeland Have Any Legally Viable Claim Remaining For Misrepresentations in The 2016 Letter?

Homeland's response on the second issue similarly crystalizes the dispute.  Homeland claims that the R&R allows it to continue pursuing its misrepresentation defense using representations made in the 2016 Letter.  Dkt. 127 at 3.  Defendants read the R&R differently, to hold that Homeland's misrepresentation-in-the-letter theory does not survive for lack of incorporation.  *See* Dkt. 112 at 25.  That is the issue Defendants ask the Court to clarify.

The rest of Homeland's response is an argument about what the Court should conclude.  Homeland says incorporation is unnecessary for the 2016 Letter to support a misrepresentation defense, but that is incorrect.  Dkt. 127 at 3.  The context of the claim is important: Homeland asserts these alleged misrepresentations as a defense to coverage, and the parties bargained for policy language governing alleged misrepresentations.  As the R&R notes, the policy says a misrepresentation only voids the policy "[i]n the event of any material untruth, misrepresentation or omission in connection with any of the particulars or statements ***in the Application***."  Dkt. 112 at 4-5 (emphasis added).  But the 2016 Letter wasn't in the application for the 2016 Policy.  The District Court held as much, and the R&R confirms it.  *Id*. at 19.  The 2016 Letter *certainly* wasn't in the application for the 2017 Policy—the policy under which Defendants are seeking coverage.  The only way to get the representations in the 2016 Letter into the 2017 application, as necessary to defeat coverage, is by incorporation (which never happened and is why Homeland is seeking to reform the policy).  Whether the shortcoming here is framed as a lack of incorporation or just a failure to meet the plain language of the policies' misrepresentation clause, the 2016 Letter cannot support Homeland's misrepresentation defense.  Defendants ask the Court to say so.

Defendants agree that such a ruling appears in tension with the last paragraph of the R&R's misrepresentation section, which references fact issues about when Homeland discovered

3

misrepresentations "in the 2016 Letter." *Id.* at 27. That discussion appeared to be focused exclusively on timing issues related to the application of Insurance Code § 705.005. For the reasons above, however, the alleged misrepresentations in the 2016 Letter should not be relevant to the misrepresentation defense moving forward. This is all the more reason to clarify the issue.

**III.     Requested Clarification #3: Did Homeland Present Any Evidence To Reform The 2017 Policy?**

As for the final issue, Defendants read the R&R as merely allowing Homeland to pursue its claim to reform the 2016 Policy, but not the 2017 Policy as well. Dkt. 119 at 3-4. Although the R&R broadly references Homeland's *allegation* that "the parties intended for the 2016 Letter to be part of the 2016 and 2017 Policies," the evidence that the R&R credits—the 2016 Letter—reflects, at best, some intent to make the letter "part of the policy." Dkt. 112 at 21. Which policy? The only policy under consideration at that time: the 2016 Policy. The 2016 Letter cannot be evidence of an agreement to incorporate anything into the 2017 Policy because that policy wasn't a twinkle in anyone's eye at that point. Without any such evidence, Homeland's claim to reform the 2017 Policy cannot survive summary judgment.

So, Homeland scrambles in its response to revive that claim; but each of its arguments falls short. Homeland argues, for instance, that "deemed to be a part of the policy" in the 2016 Letter means "deemed a part of the policy for so long as the policy continued to include the Worldwide Territory Endorsement." Dkt. 127 at 4. In other words, Homeland asks the Court to rewrite the endorsement to include language it wishes it would have negotiated in the 2017 Policy—but did not. Dkt. 63 at 13-14 & n.51. Texas courts have consistently held that the insurer must bear the burden of such a shortcoming (*see id.*), and Homeland cannot reform its way around the problem. Further, Defendants have already addressed and the Court has already considered Homeland's remaining two pieces of evidence (Dkt. 112 at 18; Dkt. 28 at 10)—neither evinces an agreement

to incorporate the 2016 Letter into the 2017 Policy. *See* Dkt. 81 at 4-5. For these and other reasons that have been fully briefed, Defendants ask the Court to clarify that Homeland has no remaining claim to reform the 2017 Policy, meaning its second reformation claim fails. Dkt. 119 at 3.

## CONCLUSION

Defendants respectfully request that the Court clarify its rulings on the three issues addressed above, for the good of the case moving forward.

Dated: August 12, 2022

Respectfully submitted,

*/s/ Ernest Martin, Jr.*
Ernest Martin, Jr.
Bar No. 13063300
Greg Van Houten*
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
214-651-5651 Direct
214-200-0519 Fax
ernest.martin@haynesboone.com
greg.vanhouten@haynesboone.com
*Admitted *Pro Hac Vice*

-and-

Mark T. Beaman
Bar No. 01955700
Ryan Bueche
Bar. No. 24064970
GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S Mopac Expy Suite A400
Austin, TX 78746
512-482-3504 Direct
512-472-0721 Fax
mbeaman@germer-austin.com
rbueche@germer-austin.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that, consistent with Local Court Rule CV-5, a true and correct copy of the foregoing was sent to all parties of record pursuant to the Electronic Filing Procedures and the Federal Rules of Civil Procedure on this 12th day of August 2022.

                                        */s/ Ernest Martin, Jr.*
                                        Ernest Martin, Jr.