# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br>*Plaintiff*, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL NO. 1-20-CV-783-RP |
| CLINICAL PATHOLOGY LABORATORIES, INC. and SONIC HEALTHCARE USA, INC.,<br>*Defendants*. | §<br>§<br>§<br>§<br>§ | |

## ORDER

Before the Court are Defendants' Clinical Pathology Laboratories, Inc. and Sonic Healthcare USA, Inc.'s Opposed Motion to Clarify the Report and Recommendation of the United States Magistrate Judge (Dkt. 119), filed July 27, 2022; Plaintiff Homeland Insurance Company of New York's Response (Dkt. 127), filed August 4, 2022; and Defendants' Reply (Dkt. 132), filed August 12, 2022. On July 28, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

On July 19, 2022, the undersigned issued a Report and Recommendation that the District Court grant in part and deny in part Defendants' Motion for Summary Judgment (Dkt. 63). Dkt. 112 at 29. Specifically, the Court recommended that the District Court grant the Motion as to Plaintiff Homeland's breach of warranty claim, promissory estoppel claim, first reformation claim, Prior Notice Exclusion affirmative defense, and Defendants' request that defense costs incurred in

defending the ICC claims do not erode policy limits under the 2017 Policy. *Id.* at 30. The undersigned further recommended that the District Court deny the Motion as to Plaintiff Homeland's claim for declaratory relief, second reformation claim, Prior Knowledge Exclusion affirmative defense, and misrepresentation affirmative defense. *Id.*

Defendants now move to clarify the Report and Recommendation as to Homeland's prior knowledge defense, misrepresentation defense, and second reformation claim.

The Court **GRANTS** the Motion to Clarify (Dkt. 119) and clarifies the Report and Recommendation as follows.

1. **Prior Knowledge Defense**

Defendants assert that they "believe the court implicitly held the 'inception date' in the prior knowledge exclusion is June 30, 2013." Dkt. 119 at 2. The Court did not make a ruling on the inception date under the Prior Knowledge Exclusion affirmative defense. Rather, the Court found only that Homeland "has presented sufficient evidence to create a material fact issue as to its Prior Knowledge affirmative defense." Dkt. 112 at 25.

2. **Misrepresentation Defense**

Next, Defendants state that they interpret the Report and Recommendation to mean that Homeland's "misrepresentation in the 2016 Letter defense fails for lack of incorporation." Dkt. 119 at 3. The Court did not so find. As Homeland states in its response, the Court denied Defendants' argument that Homeland's misrepresentation defense failed because the 2016 Letter was not incorporated in to the 2017 Policy, but did not rule that Homeland could not rely on misrepresentations made in the 2016 Letter. Dkt. 112 at 25. Stated affirmatively, the undersigned recommended that the District Court deny summary judgment on Homeland's affirmative defense that Defendants made misrepresentations "during the claim." *Id.*

3. **Second Reformation Claim**

Finally, Defendants state that they "believe the R&R supports Homeland's claim to reform the 2016 Policy with the 2016 Letter, but not the 2017 Policy." Dkt. 119 at 4. The Court ruled that Homeland's allegations in its second reformation claim state a plausible claim under Texas law based on Homeland's allegations that "the parties intended for the 2016 Letter to part of the 2016 and 2017 Policies." Dkt. 112 at 21. The Court did not rule that the 2016 Letter could not support Homeland's claim to reform the 2017 Policy.

**SIGNED** on August 16, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE