UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, *Plaintiff*, | § § § § |
| v. | § § CIVIL NO. 1-20-CV-783-RP |
| CLINICAL PATHOLOGY LABORATORIES, INC. and SONIC HEALTHCARE USA, *Defendants*. | § § § § § |

## ORDER

Before the Court are Defendant Clinical Pathology Laboratories, Inc.'s Motion to Contest Homeland's Clawback Request and To Compel the production of Similar Documents, filed July 18, 2022 (Dkt. 111); Plaintiff Homeland Insurance Company of New York's Response, filed July 25, 2022 (Dkt. 118); and Defendant's Reply, filed July 29, 2022 (Dkt. 121).[1] On July 18, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I. Background

Homeland Insurance Company of New York ("Homeland") brings this insurance coverage lawsuit against Clinical Pathology Laboratories, Inc. ("CPL") and CPL's parent company, Sonic

---

[1] Defendant's Motion and many of the related filings are sealed. In this Order, the Court cites redacted versions of the relevant filings and quotes no sealed documents.

Healthcare USA, Inc. ("Sonic USA") (collectively, "Defendants"). Homeland seeks a declaration that it has no duty to reimburse Defendants for defending medical negligence lawsuits filed against them in Ireland relating to allegedly misread pap smear slides used in cervical cancer screening. Homeland's Second Amended Complaint, Dkt. 56. Homeland also brings claims for breach of warranty, reformation, and promissory estoppel. *Id.* CPL asserts several counterclaims against Homeland, including breach of contract, anticipatory breach of contract, violations of the Texas Insurance Code, and a claim for attorneys' fees. CPL's First Amended Counterclaim, Dkt. 46.

In the instant Motion, CPL asked the Court to (a) contest Homeland's request to "claw back" a document[2] and (b) compel Homeland to produce unredacted copies of six similar documents, pursuant to ¶¶ 18-20 of the parties' protective order.[3] Dkt. 40 at 11; Dkt. 117 at 4. Homeland opposes the Motion, asserting attorney-client privilege. In its Reply Brief, CPL significantly narrows its Motion by conceding that the contested documents contain privileged material and asks the Court to order Homeland to produce them in redacted form. Dkt. 121 at 1.

## II.   Legal Standards

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). After a party

---

[2] Document control number HOMELAND001500.

[3] Document control numbers HOMELAND001248, HOMELAND001394, HOMELAND001474, HOMELAND001486, HOMELAND001490, and HOMELAND001495. The parties are commended for their efforts to reduce the number of documents in dispute from eighteen to seven. Dkt. 117 at 4.

has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003). A trial court "enjoys wide discretion in determining the scope and effect of discovery." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (citation omitted).

When a party withholds information otherwise discoverable by claiming that the information is privileged, the party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A). The party asserting the privilege bears the burden of proof. *BDO USA*, 876 F.3d at 695. The parties agree that Texas law applies to this diversity action, and that the attorney-client privilege protects from disclosure "confidential communications made to facilitate the rendition of professional legal services." TEX. R. EVID. 503(b)(1); *Huie v. DeShazo*, 922 S.W.2d 920, 922 (Tex. 1996).

### III.  Analysis

Each of the seven documents at issue (the "Disputed Documents") contains internal Homeland emails sent between February 22 and March 1, 2018, just after CPL tendered the Irish claims and Homeland stated that it would provide coverage under a reservation of rights. Dkt. 117 at 5, 9; Dkt. 117-3 at 3. The relevancy of the Disputed Documents is not contested. Dkt. 117 at 9. In its Reply Brief, CPL concedes that the portions of the Disputed Documents regarding the solicitation and provision of legal advice are protected by attorney-client privilege and may be withheld from production. Dkt. 121 at 3-4.

Accordingly, on the facts presented, the Court finds that all messages in the Disputed Documents to, from, or copying in-house counsel Jennifer L. Young and Christopher Paar, all of which include "Confidential Communication" in the subject line, constitute material protected by the attorney-client privilege and need not be produced by Homeland. Dkt. 122 at 2, 5. The Court further finds that, to the extent the email strings in any of the Disputed Documents contain messages that do not include Young or Paar and are not identified in the subject line as "Confidential Communication," they are not protected by the attorney-client privilege and should be produced. This includes, for example, the first five messages in the document Homeland disclosed inadvertently, dated May 25, 2016 through February 22, 2018. Dkt. 117-7 at 3-5 (HOMELAND001502-04).

## IV.  Conclusion

Based on the foregoing, Defendant Clinical Pathology Laboratories, Inc.'s Motion to Contest Homeland's Clawback Request and To Compel the production of Similar Documents (Dkt. 111) is **GRANTED IN PART** as to the relief sought in CPL's Reply Brief (Dkt. 121). Homeland shall produce documents HOMELAND001248, HOMELAND001394, HOMELAND001474, HOMELAND001486, HOMELAND001490, HOMELAND001495, and HOMELAND001500 with all communications protected by the attorney-client privilege **REDACTED**, as detailed above. If any of these documents contain no non-privileged content, they may be withheld from production entirely rather than produced in redacted form.

All other relief not expressly granted herein is **DENIED**.

**SIGNED** on August 18, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE