IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>    Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC., AND SONIC HEALTHCARE USA, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 1-20-cv-783 |

**DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S CLARIFIED REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

As permitted by this Court's August 17, 2022 order (Dkt. 134), Defendants file this objection to one specific piece of the Magistrate Judge's clarified report and recommendation on summary judgment. In short, the Magistrate Judge erred in allowing Homeland to maintain its misrepresentation defense, which fails as a matter of law regardless of the statutory notice issues on which the R&R found a fact question. Dkt. 133 at 2; Dkt. 112 at 26-27. Defendants object to the R&R's recommendation on this defense and ask the Court to conduct a *de novo* review, reject that recommendation, and grant summary judgment on misrepresentation. FED. R. CIV. P. 72(b)(3).

**ARGUMENT**

In the initial R&R, the Magistrate Judge denied Defendants' summary-judgment motion on Homeland's misrepresentation defense after finding a fact issue on whether Homeland timely gave notice of its intent to rely on this theory, as required by Texas Insurance Code § 705.005. Dkt. 112 at 25-27. But that was not the only ground on which Defendants had moved for summary judgment on misrepresentation. Defendants also argued that Homeland's misrepresentation defense fails as a matter of law because it turns on representations in a letter (the 2016 Letter) that

1

was not incorporated into the 2017 Policy and therefore has no bearing on the viability of that policy—the policy under which Defendants are seeking coverage.  Dkt. 63 at 23.  After issuance of the R&R, Defendants sought clarification as to this matter-of-law argument, and specifically, whether the R&R had permitted Homeland to maintain both of its asserted misrepresentation theories: that Defendants (1) allegedly made misrepresentations in the 2016 Letter, and (2) allegedly made misrepresentation "in the claims process."  *See* Dkt. 119 at 2-3; Dkt. 132 at 3-4.  The Magistrate Judge appeared to find that both theories are potentially valid.  *See* Dkt. 133 at 2.

Respectfully, that conclusion is legally incorrect—neither misrepresentation theory is valid under the controlling terms of the 2017 Policy.  The context of Homeland's claim is important here: Homeland asserts these alleged misrepresentations as a defense to coverage under the 2017 Policy (Dkt. 53 at 45-46), and the parties bargained for policy language governing alleged misrepresentations.  As the R&R properly noted, that provision only says a misrepresentation voids the policy "[i]n the event of any material untruth, misrepresentation or omission in connection with any of the particulars or statements **in the Application**."  Dkt. 112 at 4-5 (emphasis added).

But the 2016 Letter wasn't attached to the application or the 2016 Policy.  This Court found as much, and the R&R confirmed it.  *See id*. at 19.  The 2016 Letter *certainly* wasn't in the application for the 2017 Policy.  The only way to get the 2016 Letter into the 2017 application, as necessary to defeat coverage, is by incorporation (which never happened, as this Court and the Magistrate Judge have found, *see* Dkt. 112 at 19; Dkt. 136 at 7).  So, whether the shortcoming in Homeland's theory is framed as a lack of incorporation or just a failure to meet the plain language of the policies' misrepresentation provision, the 2016 Letter cannot support Homeland's misrepresentation defense as a matter of law.  The Magistrate Judge erred in concluding otherwise.

Homeland's late-breaking theory about alleged misrepresentations "during the claim" process fails for similar reasons. *See* Dkt. 112 at 25; Dkt. 73 at 10-11. Although it is unclear what, exactly, Homeland is alleging under this theory, one thing is clear—any alleged misrepresentations during the claim process were not included "in the Application" as required by the policy's misrepresentation provision. *See* Dkt. 112 at 4-5, 19. So even if Homeland could prove such misrepresentations (and it cannot), they would be contractually irrelevant.

For those reasons, all of Homeland's misrepresentation theories fail as a matter of law regardless of the statutory notice issues under Section 705.005. The Magistrate Judge should have granted summary judgment dismissing this defense and erred in declining to do so.

## CONCLUSION

Defendants respectfully request that the Court reject the clarified R&R's recommended disposition on Homeland's misrepresentation defense and instead grant summary judgment dismissing that defense.

Dated:  August 24, 2022

Respectfully submitted,

*/s/ Ernest Martin, Jr.*
Ernest Martin, Jr.
Bar No. 13063300
Greg Van Houten*
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
214-651-5651 Direct
214-200-0519 Fax
ernest.martin@haynesboone.com
greg.vanhouten@haynesboone.com
*Admitted *Pro Hac Vice*

-and-

Mark T. Beaman
Bar No. 01955700
Ryan Bueche
Bar. No. 24064970
GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S Mopac Expy Suite A400
Austin, TX 78746
512-482-3504 Direct
512-472-0721 Fax
mbeaman@germer-austin.com
rbueche@germer-austin.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that, consistent with Local Court Rule CV-5, a true and correct copy of the foregoing was sent to all parties of record pursuant to the Electronic Filing Procedures and the Federal Rules of Civil Procedure on this 24th day of August 2022.

                                              */s/ Ernest Martin, Jr.*
                                              Ernest Martin, Jr.