**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | |
| Plaintiff, | CIVIL ACTION NO. 1-20-cv-783 |
| v. | |
| CLINICAL PATHOLOGY LABORATORIES, INC., AND SONIC HEALTHCARE USA, INC., | |
| Defendants. | |

## DEFENDANTS' RESPONSE TO HOMELAND INSURANCE COMPANY OF NEW YORK'S MOTION FOR LEAVE TO FILE AMENDED PLEADINGS (DKT. 131)

Defendants oppose Homeland's motion for leave to amend its pleadings, yet again, to allege a new defense (the fortuity doctrine) that it raised for the first time in its summary-judgment response. Dkt. 131 at 1. Homeland's proffered explanation for this untimely request demonstrates, in significant part, why it is improper: Homeland says it seeks leave to amend only because the Magistrate Judge found it had waived the right to rely on this doctrine. *See id.* Exactly. The Magistrate Judge's report and recommendation on summary judgment found that Homeland had delayed too long in raising this doctrine; that Homeland had failed to bring it up in prior requests for leave to amend; and that allowing a new argument this late in the game would unfairly surprise and prejudice Defendants. Dkt. 112 at 15. It is hard to see how those findings—if adopted by this Court, as they should be (Dkt. 136 at 2-6)—leave open the door for another amendment.

Even assuming this motion is proper, it can be denied for many of the same reasons. But the Court need not even get that far in the analysis because Homeland filed its motion for leave to amend more than a year after the pleading deadline in this Court's scheduling orders (which

Homeland agreed to). In this circumstance, requests for leave to amend are governed by the good-cause standard of Federal Rule of Civil Procedure 16(b)—yet Homeland does not mention that rule or attempt to satisfy its standard. The motion can be denied for that reason alone.

Whatever the standard, though, allowing another amended pleading would be inappropriate because Homeland has had every opportunity to plead the fortuity doctrine—and appears to suggest that it has always planned to rely on it—but it failed to do so for the first two years of this litigation. Allowing Homeland leave to amend now would again expand this case after this Court and the Magistrate Judge have substantially narrowed the live claims and defenses through rulings on Defendants' motion to dismiss; on the parties' cross-motions for reconsideration; and now on Defendants' motion for summary judgment. Dkts. 28, 54, 112. At some point, the pleadings have to close; Homeland has not nearly justified an exception to that rule. For those and other reasons below, Defendants respectfully ask the Court to deny Homeland's motion for leave to amend.

## ARGUMENT

### I. Homeland Must Show "Good Cause" For Its Untimely Motion for Leave to Amend.

In seeking leave to amend, Homeland invokes only Rule 15(a) (*see* Dkt. 131 at 1-2)—but that is not the correct standard here. When a party seeks leave to amend its pleadings after the deadline imposed by a court's scheduling order, "the Court must apply Rule 16(b)'s more stringent standard." *See, e.g.*, *Ryan Law Firm, LLC v. N.Y. Marine & Gen. Ins. Co.*, No. 1:19-cv-00629-RP, Dkt. 81 at 2 (W.D. Tex. Nov. 3, 2020) (Pitman, J.); *see also S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").

This is just such a case because the Court's scheduling orders set an *agreed* deadline of June 18, 2021 for the parties to "file all motions to amend or supplement pleadings." Dkt. 59 ¶ 4;

*see also* Dkt. 32 ¶ 4.[1]  Because that deadline passed more than a year before Homeland filed the present motion for leave to amend (in August 2022), Homeland must meet the heightened standard of Rule 16(b).

Rule 16(b) provides that the deadlines in a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).  Good cause requires the party seeking relief to show the prior deadlines could not "reasonably be met despite the diligence of the party needing the extension." *S&W Enters.*, 315 F.3d at 535 (citation and quotations omitted).  To determine whether the moving party had acted diligently and established good cause for leave to amend, courts consider four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.* at 536.  "Only when the movant demonstrates good cause to modify the scheduling order 'will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.'" *Ryan Law Firm*, No. 1:19-cv-00629-RP, Dkt. 81 at 2 (citing *S&W Enters.*, 315 F.3d at 536).

Even under Rule 15(a), however, leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citations and quotations omitted); *see also Fillmore v. Equifax Info. Servs., LLC*, No. 16-cv-1042-RP, 2017 WL 9292186, at *1 (W.D. Tex. July 17, 2017) (same).  If the analysis reaches this point, the court may deny leave to amend if it has a substantial reason to do so, which can include any of the following: (1) undue delay by the movant; (2) undue prejudice to the opposing party; (3) repeated failures to cure deficiencies by amendments previously allowed; (4) futility of amendment; and (5) the movant's bad faith or dilatory motive. *See Fillmore*, 2017 WL 9292186, at *1, 3 (denying leave); *Quirk v. Life Time*

---

[1] Although the Court has issued subsequent agreed scheduling orders amending some of the remaining case deadlines (Dkt. 98; Dkt. 123), the Court has not modified the deadline for amended pleadings.

*Fitness, Inc.*, No. SA-09-CV-0998-FB, 2011 WL 13324302, at *1 (W.D. Tex. Apr. 8, 2011) (denying leave).

## II.      Homeland Has Failed to Demonstrate Good Cause For Excusing Its Failure to Timely Allege the Fortuity Doctrine.

Initially, Homeland's motion for leave should be denied because it does not attempt to establish the "good cause" required under Rule 16(b).  Homeland never even mentions the rule. Nor does Homeland explain *why* it could not have sought leave to amend within the deadline in this Court's scheduling orders, the central inquiry of the good-cause analysis.  *See S&W Enters.*, 315 F.3d at 535; *see also Bakner v. Xerox Corp. Emp. Stock Ownership Plan*, No. SA-98-CA-0230-OG, 2000 WL 33348191, at *14 (W.D. Tex. Aug. 28, 2000) ("The 'good cause' standard primarily focuses on the diligence of the party seeking the modification" to the scheduling order.) Leave to amend can be denied for those reasons alone.[2]  But even if Homeland had argued the relevant standard, its request would still fall short under Rule 16(b)'s good-cause factors.

*First,* Homeland has "offered no adequate explanation for its failure to comply with the scheduling order."  *S&W Enters.*, 315 F.3d at 536.  In its motion for leave, Homeland says it "believed that pleading each factual predicate of the fortuity doctrine," albeit under the rubric of separate policy exclusions, was sufficient.  *See* Dkt. 131 at 2.  In other words, Homeland appears to concede that it knew about the fortuity doctrine all along and intended to rely on it—but simply declined to mention it.  This falls short of the diligence required under Rule 16(b): good cause does not exist where the party seeking leave had sufficient knowledge of the relevant facts prior to the amendment deadline but failed to timely seek leave to amend.  *See S&W Enters.*, 315 F.3d at 536 ("[T]he same facts were known to S&W from the time of its original complaint to the time it

---

[2] *See Canine Caviar Pet Foods, Inc. v. Pied Piper Pet & Wildlife, Inc.*, No. 3:09-CV-677-L, 2011 WL 1210975, at *1 (N.D. Tex. Mar. 30, 2011) (denying request for leave to amend where "Plaintiff relie[d] solely on Rule 15(a), which is the incorrect rule" and "has not discussed the 'good cause' standard under Rule 16.").

moved for leave to amend. S&W could have asserted interference with contract from the beginning, but fails to explain why it did not."); *Union Pac. R.R. Co. v. Oglebay Norton Minerals, Inc.*, No. EP-17-CV-47-PRM, 2017 WL 10841702, at *4 (W.D. Tex. Nov. 15, 2017) ("Where sufficient information is already known to the party prior to the amendment deadline, however, the Court is hard pressed to find that such good cause exists.").

Homeland had countless opportunities to plead the fortuity doctrine. It did not do so in its original complaint or its first amended complaint (Dkt. 1, 21); it did not do so in its original answer to Defendants' counterclaims or its amended answer (Dkt. 23, 53); it did not seek leave to add this theory in its last amended pleading, the Second Amended Complaint (Dkt. 34); and even after finally raising the fortuity doctrine in its summary-judgment response (and being challenged for lack of pleading), Homeland did not seek leave to amend for another ten months (Dkt. 69, 73). Instead, Homeland waited to see if the Magistrate Judge would deny summary judgment based on this unpleaded theory. Only after the R&R declined did Homeland move for leave to amend. That is not good cause. *See Powers v. Northside Indep. Sch. Dist.*, No. A-14-CV-01004-SS, 2018 WL 3946546, at *3 (W.D. Tex. Aug. 16, 2018) ("An adverse summary judgment ruling is not justification for Plaintiffs' untimeliness."), *aff'd*, 951 F.3d 298 (5th Cir. 2020); *see also, e.g., Briddle v. Scott*, 63 F.3d 364, 380 (5th Cir. 1995) ("A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim…. Much of the value of summary judgment procedure…would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory.") (citations and quotations omitted).

At a minimum, in the exercise of reasonable diligence, Homeland could have "foreseen" that Defendants would be surprised by its assertion of a new common-law doctrine. *See Hawthorne*

*Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 228 (5th Cir. 2005). Homeland's failure to seek leave earlier is inconsistent with the diligence required by Rule 16(b). *See id.* at 227-28 (affirming denial of leave where plaintiffs did not demonstrate "why this legal theory was not available [during earlier motion for leave] or why it could not have been anticipated at that time").

*Second*, Homeland has not established the importance of the proposed amendment to its case. *S&W Enters.*, 315 F.3d at 536. Up until this point, Homeland's position has been that the fortuity doctrine doesn't really change the case because it turns on the same allegations as the Prior Notice and Prior Knowledge Exclusions. *See* Dkt. 126 at 3-4. That means its proposed amendment doesn't accomplish anything—except to give Defendants one more misguided theory to beat back. If, on the other hand, the fortuity doctrine changes the case in some meaningful way, as Homeland now suggests (Dkt. 131 at 3), Defendants are prejudiced because they have litigated this case for two years and nearly completed written discovery without a pleading of this new theory. Either way, the fact that Homeland waited until now to try pleading this defense shows it is not that important. *See Am. Int'l. Specialty Lines Ins. Co. v. 7-Eleven, Inc.*, No. 3:08-CV-807M, 2009 WL 2337356, at *2 (N.D. Tex. July 28, 2009) ("[I]f the claims were important enough for it to desire to assert them with this suit, it could have amended its pleadings before the expiration of the deadline[.]"); *Columbia Hosp. at Medical City Dallas Subsidiary, L.P. v. Legend Asset Mgmt.*, No. 3:03-CV-3040-G, 2005 U.S. Dist. LEXIS 12951, at *7 (N.D. Tex. Jun. 25, 2005) ("Aetna's failure to timely raise such simple issues undercuts the importance of the counterclaim.").

*Third*, Defendants will be prejudiced by the allowance of another amendment. *S&W Enters.*, 315 F.3d at 536. The R&R effectively held as much, finding that "allowing Homeland to assert the fortuity doctrine at this late date constitutes unfair surprise that would prejudice defendants." Dkt. 112 at 15. That's especially true if, as Homeland now claims, the fortuity

doctrine changes the case by allowing Homeland to work around the flaws in its own policy language. *See* Dkt. 131 at 3. In that case, Defendants will be forced to formulate, yet again, a legal strategy to defeat this new theory and will likely be forced to file additional dispositive motions. That is undue prejudice. *See More, JB, Inc. v. NuTone, Inc.*, No. A-05-CV-338 LY, 2007 WL 9700713, at *2 (W.D. Tex. Apr. 18, 2007) (Pitman, M.J.) (denying leave where defendant "has prepared its defense in this action for twenty two months, without anticipating that it would have to defend against" the new claim), *report and recommendation adopted*, No. A-05-CA-338-LY, 2007 WL 9700712 (W.D. Tex. May 10, 2007); *Bailey v. Mansfield Indep. Sch. Dist.*, 425 F. Supp. 3d 696, 728 (N.D. Tex. 2019) (denying leave because, among other things, "[a]llowing another amended pleading would result in undue prejudice" to defendants by requiring them "to file another motion to dismiss").

Indeed, courts in this District have held that granting leave to amend "would prejudice the defendant by forcing it to defend against a new claim and basis for recovery *late in the litigation*." *See Joe Hand Promotions, Inc. v. Seay*, No. 6:17-CV-00310-ADA-JCM, 2018 U.S. Dist. LEXIS 223774, at *10 (W.D. Tex. Sept. 26, 2018) (emphasis added) (defining "late in the litigation" as eight and a half months after filing the case and four months before the discovery deadline). Homeland's request is much worse than that, as it moved for leave more than two years after filing the case and roughly two months before the close of discovery. Dkt. 1; Dkt. 123 ¶ 5. Defendants will be prejudiced by having to research this new theory of recovery at this late stage and to scramble for any additional discovery. *See Gilyard v. Texas Laurel Ridge Hosp. LP*, No. SA-07-CA-650-OG, 2008 WL 11334956, at *1 (W.D. Tex. May 6, 2008). Homeland says Defendants should have known this theory was coming and prepared for it. Dkt. 131 at 3. But there is no rule that requires pre-emptive discovery for legal theories not yet asserted. And it is no answer to say

that Defendants should blindly take depositions to discover, for the first time, Homeland's positions on the fortuity doctrine. *See id.*

In any event, Homeland's prejudice arguments miss the point to some extent under the Rule 16(b) analysis—because even the "absence of prejudice to the nonmovant or the ability to address prejudice through a further continuance in the dispositive motion deadline or trial are generally insufficient to demonstrate 'good cause.'" *Alex v. KHG of San Antonio, L.L.C.*, No. SA-13-CA-728-OLG, 2014 U.S. Dist. LEXIS 191139, at *7 (W.D. Tex. June 13, 2014).

*Fourth*, a continuance would not cure the prejudice to Defendants—it would increase it. Discovery closes in two months, and trial is set for February 2023. Dkt. 123 at 1-2. To this point in the case, Defendants have done everything in their power to winnow the claims and defense for trial so that they can (finally) recover the insurance proceeds that Homeland should have paid years ago. Continuing some or all of the remaining deadlines would not help anything because it would likely delay the trial date and prolong Defendants' request to be made whole. *See S&W Enters.*, 315 F.3d at 537; *see also Ryan Law Firm*, No. 1:19-cv-00629-RP, Dkt. 81 at 3 (denying motion for leave to amend because it "would cause significant disruption to the case schedule and pending motions"). Plus, even with a continuance, "Defendants would still need to expend time and money formulating new legal strategies and defenses associated with Plaintiff's new cause of action." *Joe Hand*, 2018 U.S. Dist. LEXIS 223774, at *11. The Fifth Circuit has "recognize[d] the insufficiency of a continuance in remedying increased litigation costs caused by an untimely motion to amend." *Id.* (citing *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 424 (5th Cir. 2013) (per curiam)).

For all of those reasons, Homeland has not satisfied the "more stringent standard" of Rule 16(b) and the motion for leave to amend should be denied without reference to Rule 15(a). *Ryan Law Firm*, No. 1:19-cv-00629-RP, Dkt. 81 at 2.

### III. Homeland Has Not Satisfied Rule 15(a) Either.

But even if the Court were to consider the Rule 15(a) standard, Homeland has still not established that leave to amend should be granted. As noted above, leave to amend can be denied under Rule 15(a) when there is a substantial reason to do so, including where the movant unduly delayed and the non-movant will be prejudiced. *See Quirk*, 2011 WL 13324302, at *1.

So it is here. Rule 15(a)'s delay and prejudice factors overlap to some extent. While courts certainly consider the sheer length of the delay, they also consider—in determining whether the delay was "undue"—whether granting leave would "prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (citing cases); *see also McConnell v. Sw. Bell Tel. L.P.*, No. 3:20-CV-01457-X 2021 WL 1561435, at *4 & n.30 (N.D. Tex. Apr. 21, 2021) (explaining that the Fifth Circuit has found undue delay when the movant seeks leave "after the court has rendered a decision on a motion to dismiss, or when there is ample evidence showing that leave would delay trial or otherwise prejudice the defendant" and citing cases).

The delay here was significant, as outlined above: Homeland waited more than two years after the filing of its original complaint to seek leave to amend; roughly sixteen months after this Court ruled on Defendants' motion to dismiss (Dkt. 28); roughly thirteen months after the agreed deadline for amended pleadings in this Court's scheduling orders (Dkt. 32, 59); and roughly ten months after raising the fortuity doctrine for the first time in its summary-judgment response (Dkt. 69, 73). The Fifth Circuit has found even shorter delays to be undue. *See B.A. Kelly Land Co., L.L.C. v. Aethon Energy Op., L.L.C.,* 25 F.4th 369, 384 (5th Cir. 2022) (the party "waited more than thirteen months after filing suit and eight months after it was aware of Aethon LP's existence to request leave to amend"). Further, Defendants will be prejudiced for the reasons addressed

above—and the reasons the Magistrate Judge relied upon in finding waiver. "Although Rule 15(a) does not impose a time limit 'for permissive amendment, at some point, time delay on the part of a plaintiff can be procedurally fatal.' In such a situation, the plaintiff bears the burden of showing the delay to be 'due to oversight, inadvertence, or excusable neglect.'" *Id*. Homeland has not done so, and its motion for leave can be denied under Rule 15(a) as well.

## CONCLUSION

Defendants respectfully request that the Court deny Homeland's Motion for Leave to File a Third Amended Complaint and First Amended Answer (Dkt. 131). Defendants also request any further relief to which they are entitled.

Dated: August 26, 2022

Respectfully submitted,

By: */s/ Ernest Martin Jr.*
    Ernest Martin, Jr. [Bar No. 13063300]
    Greg Van Houten*
    HAYNES AND BOONE, LLP
    2323 Victory Avenue, Suite 700
    Dallas, TX 75219
    214-651-5651 Direct
    214-651-5000 Main
    214-200-0519 Fax
    ernest.martin@haynesboone.com
    greg.vanhouten@haynesboone.com
    *Admitted *Pro Hac Vice*

    Mark T. Beaman [Bar No. 01955700]
    Ryan Bueche [Bar. No. 24064970]
    GERMER BEAMAN & BROWN PLLC
    One Barton Skyway
    1501 S Mopac Expy Suite A400
    Austin, TX 78746
    512-482-3504 Direct
    512-472-0288 Main
    512-472-0721 Fax
    mbeaman@germer-austin.com
    rbueche@germer-austin.com

    **ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that, consistent with Local Court Rule CV-5, a true and correct copy of the foregoing was sent to all parties of record pursuant to the Electronic Filing Procedures and the Federal Rules of Civil Procedure on this 26th Day of August 2022.

*/s/ Ernest Martin Jr.*
Ernest Martin Jr.