**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | CIVIL ACTION NO. 1:20-cv-783-RP |
| Plaintiff, | |
| v. | |
| CLINICAL PATHOLOGY LABORATORIES, INC., SONIC HEALTHCARE USA, INC., | |
| Defendants. | |

## HOMELAND INSURANCE COMPANY OF NEW YORK'S REPLY IN SUPPORT OF ITS FIRST MOTION TO COMPEL RE: AON DOCUMENTS AND WORK PRODUCT DOCUMENTS (DKT. 151)

**A.  CPL Fails to Offer the Specific Evidence Required to Establish Privilege.** [1]

CPL bears the burden to "demonstrate how *each* document or communication satisfies the elements of privilege." *Navigant Consulting v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004).  "A general allegation of privilege is insufficient." *Id.* Instead, "a clear showing must be made which sets forth the items or categories objected to and the reasons for that objection." *Id.* This showing requires "detailed affidavits or other evidence to enable the court to determine whether the privilege exists." *Id*.

CPL does not begin to meet this burden with respect to any of the documents at issue. The sole evidence CPL submits -- the declaration of Sheridan Foster -- fails to specifically address any of the Aon communications or supposed work product at issue.  Instead, Ms. Foster broadly claims that some unspecified "we" communicated with Aon and that unspecified members of "our team" believed those communications were confidential.  (Dkt. 155-2, ¶ 14.) In addition to the foundational defect of purporting to speak for others, Ms. Foster fails to establish that (i) Aon was a "client representative" for the purpose of even a single one of the many withheld communications, much less for all of them; or (ii) which, if any, communications were for the purpose of legal advice.

*LaneLogic* demonstrates the insufficiency of this 50,000 foot approach, holding that sweeping conclusions from a single witness were insufficient:

> The court agrees that, despite its prolix submissions, defendant has failed to adduce sufficient evidence to establish its claim of privilege. Significantly, *defendant has not shown how the attorney-client privilege applies to each document withheld from production*. Instead, defendant offers only its more than 200–page privilege log and the blanket assertion by its claims manager, Jo Ann Lovensheimer, that "[a]ll the documents identified on the Privilege Logs as to which the 'Attorney–Client Privilege' is asserted, as indicated therein, contain or constitute confidential communications made for the purpose of facilitating the rendition of professional legal services to Great American [.]" Although the Lovensheimer affidavit provides significant details about the facts and circumstances surrounding defendant's investigation and handling of the claims at

---

[1] CPL's response was filed on October 10, 2022, more than 24 days after Homeland filed its first motion to compel.  CPL's response is late and may be disregarded for that reason alone. *See* local rule CV-7.

>  issue, *it wholly fails to explain how these facts bring any particular document—or even categories of documents—within the scope of the attorney-client privilege.* . . . Such a categorical approach to privilege issues is improper.

*LaneLogic, Inc. v. Great Am. Spirit Ins. Co.*, 2010 WL 1839294 at *3 (N.D. Tex., May 6, 2010) (emphasis supplied, citations omitted). The court ordered production in full, reasoning that "[w]ithout evidence explaining these documents and how the information contained therein is confidential and communicated for the purpose of obtaining legal advice, defendant cannot prove that any of the documents are privileged." *Id*. CPL's response suffers exactly the same defects as the defendant's in *LaneLogic* and should be rejected as inadequate.[2]

**B. CPL Has Not Demonstrated That Its Communications With Aon Are Privileged.**

CPL's showing as to the Aon documents falls far short of the *Navigant/LaneLogic* standard in two respects. First, while CPL contends that Aon acted as its "client representative" for purposes of Rule 503, it fails to prove it. Unless Aon is a "client representative," there can be no attorney-client privilege on emails on which it was included (even if CPL's attorney is also on the email). *In re XL Specialty Ins. Co.,* 373 S.W.3d 46, 50 (Tex. 2012) (recognizing that Rule 503's extension of the attorney-client privilege to "client representatives" is an "exception to the general principle that the privilege is waived if the lawyer or client voluntarily discloses privileged communications to a third party."). But for Aon to qualify as a "client representative," CPL must demonstrate that third-party Aon falls into one of two categories set forth in Rule 503(a)(2)(A) or (B). CPL fails even to explain which subsection it claims Aon qualifies under, much less offer proof that Aon acted in that role for any given communication.

---

[2] CPL's arguments based on local rules are misplaced. Regarding CV-7(g), Homeland established its good faith meet and confer effort. (See Dkt. 151 at 4; Dkt. 151-1, ¶ 5; and Dkt. 151-1, ¶ 5, Ex. C.). Regarding CV-7(f), Homeland is also attaching a proposed order with this reply that addresses both motions to compel, which it believes is more efficient that submitting separate proposed orders for each motion. CV 26(a) is inapplicable here because Homeland is not contesting a response or objection listed in any written discovery request, but is instead challenging CPL's privilege designations themselves; however, out of an abundance of caution Homeland is also submitting its discovery requests and CPL's responses. Declaration of John Brooks, Ex. A.

Subsection (a)(2)(A) only applies to "a person who has authority to obtain professional legal services for the client or to act for the client on the legal advice rendered." This means that an individual must "actually hav[e] authority to hire counsel <u>and</u> to act on counsel's advice on behalf of the insured." *Nat'l Tank Co. v. Brotherton*, 851 S.W.2d 193, 199-200 (Tex. 1993) (emphasis added). But CPL provides no argument, let alone evidence (such as a contract between itself and Aon) demonstrating that Aon had "authority" to obtain advice or legal services for CPL. As a result, Aon was not CPL's "representative" under subsection (a)(2)(A).

Subsection (a)(2)(B) applies to "any other person who, to facilitate the rendition of professional legal services to the client, makes or receives a confidential communication while acting in the scope of employment for the client." CPL does not even contend that Aon was its employee and, even if so, acting within the scope of that employment, so it cannot invoke subsection (a)(2)(B).

<u>Second</u>, even if CPL had established that Aon was its client representative under the above standards for *some* communications (it hasn't), CPL did not even try to make that showing on a document-by-document basis as required by *Navigant* and *LaneLogic*. To do so, CPL would have to show for each withheld document that Aon was included for the purpose of obtaining or acting on legal advice. Indeed, many of the Aon communications do not include counsel and have no indicia of having been prepared to facilitate the rendition of professional legal services to CPL.[3] And even for communications where counsel is included, merely cc'ing an attorney does not cloak a communication in privilege, nor is it "cloaked with attorney-client privilege merely by the fact that is passed from a lawyer to a client." *Huie v. DeShazo*, 922 S.W.2d 920, 923 (Tex. 1996); *Navigant Consulting*, 220 F.R.D. 467 at fn. 6 (email with general counsel regarding plans to sue defendants was not privileged because it was circulated to other

---

[3] Dkt. 152-1, Ex. D; Dkt. 151-1, Ex. B  (privilege logs); *see*, AONCPLSONIC-0004775 - AONCPLSONIC-0004776, email chain without counsel discussing OneBeacon's document requests; AONCPLSONIC-0004777 - AONCPLSONIC-0004778, email chain without a lawyer, to, from, or cc'd; AONCPLSONIC-0005006 - AONCPLSONIC-0005012, email chain without counsel discussing CPL's defense of the Curtis claim; AONCPLSONIC-0005162 - AONCPLSONIC-0005166, email string without counsel discussing gathering documents for OneBeacon).

employees, none of whom were shown to be a representative of the client for purposes of Tex. R. Evid. 503(a)(2)).

CPL's response fails to make the necessary showing for any Aon communication, much less all of them. Ms. Foster's declaration only generally states that she began to anticipate litigation in March of 2018, and that Aon would help CPL "with respect to Homeland's requests for information and to help [Homeland] secure insurance coverage" from time to time. This blanket statement is clearly insufficient to bring every (or any) Aon documents within the attorney-client privilege under *LaneLogic* and *Navigant*.[4] Indeed, responding to requests for information and communications to "secure insurance coverage" – whatever that vague phrase means – does not appear to have anything to do with securing legal advice.

### C. CPL Fails to Establish Work Product Protection

Homeland's first motion to compel targeted several specific work product documents not involving Aon (Dkt. 151 at 9-10), but CPL's response ignores these documents. Because CPL has not addressed these records in its opposition, compelling their production is proper.

The only time CPL even tries to argue work product is with respect to a handful of the Aon documents: CPL withheld the vast majority of its communications with Aon based on the attorney-client privilege alone, so work product is mostly irrelevant to those records. *See* Dkt. 152-1, Ex. D; Dkt. 151-1, Ex. B. But even as to the few Aon documents that CPL claimed to be work product, Ms. Foster's declaration fails to establish the facts needed to claim that protection. It is CPL's burden to establish that each document being withheld was, in fact, created *because of* the anticipated litigation, and not just when litigation could be anticipated.[5] Ms. Foster was not even

---

[4] In Texas "the mere fact that the [party seeking to avoid discovery] may have been contemplating litigation does not establish that the communications . . . were made for the purpose of facilitating the rendition of legal advice." *Navigant Consulting, Inc. v. Wilkinson,* 220 F.R.D. 467, 476 (N.D. Tex. 2004).

[5] *OneBeacon Ins. Co. v. T. Wade Welch & Assoc.*, No. H-11-3061, 2013 WL 6002166, *5 (S.D. Tex. Nov. 12, 2013); *In re Professionals*, 578 F.3d 432, 439 (6th Cir. 2009). Furthermore, documents prepared for other non-litigation purposes are not protected, whether prepared before or after suit is filed. *Seibu Corp. v. KPMG LLP*, No. 3-00-CV-1639-X, 2002 WL 87461, at *4 (N.D. Tex. Jan. 18, 2002).

on all withheld Aon communications, and so she cannot speak to the reason for their creation.[6] But even as to documents she wrote, Ms. Foster does not state (much less provide facts to prove) that the Aon communications were created "because of" anticipated litigation with Homeland. Her failure to do so is unsurprising given that the Aon communications include records clearly unrelated to litigation, such as those pertaining to "Vero Coverage" and "Renewals."[7]

Contrary to CPL's assertion, *Zenith Ins. Co. v. Texas Inst. for Surgery, L.L.P.,* 328 F.R.D. 153, 158 (N.D. Tex. 2018) does not support its blanket assertion of work product. There, the defendant's declaration specifically demonstrated that each communication was "because of" anticipated litigation – which is exactly what CPL has failed to do.

Finally, CPL also ignores that the work product protection is qualified, meaning that even if CPL had established work product protection (it hasn't) the Court should still order production because Homeland has a substantial need for them. That's because CPL's knowledge of likely claims is an ultimate issue in this case, and it is probable that CPL's communications with its insurance broker will shed light on that knowledge since policyholders routinely communicate with brokers about potential claims.

## Appropriate Relief

Because CPL has failed to demonstrate attorney-client privilege or work product protection, Homeland asks that the Court compel CPL to produce all documents: (i) to, from, or cc'ing any Aon employee, and (ii) the several specific work product documents not involving Aon identified in Homeland's first motion to compel (*see* Dkt. 151 at 9-10).

---

[6] Dkt. 152-1, Ex. D; Dkt. 151-1, Ex. B. *See, e.g.,* AONCPLSONIC-0009922 - AONCPLSONIC-0009922.
[7] Dkt. 152-1, Ex. D; Dkt. 151-1, Ex. B. *See e.g.,* DEF-CPL_0000071555 - DEF-CPL_0000071555; DEF-CPL_0000068868 - DEF-CPL_0000068868; DEF-CPL_0000128164 - DEF-CPL_0000128164; DEF-CPL_0000125915 - DEF-CPL_0000125915.

Respectfully submitted this 17th day of October, 2022.

By:   */s/ John T. Brooks*
John T. Brooks (CA Bar #167793)
Jared K. LeBeau (CA Bar #292742)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
Telephone:  (619) 338-6500
Fax:  (619) 234-3815
jbrooks@sheppardmullin.com
jlebeau@sheppardmullin.com
*Admitted Pro Hac Vice*

Joseph R. Little (#784483)
The Little Law Firm
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone:  (713) 222-1368
Fax:  (281) 200-0115
jrl@littlelawtexas.com
*Attorneys for Plaintiff Homeland Insurance
Company of New York*

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that, consistent with Local Rule CV-7(i), counsel for Defendants and counsel for Plaintiff conferred, extensively, regarding the matters that are the subject of this motion. Specifically, counsel conferred via e-mail (they exchanged over a dozen e-mails on these matters) and via telephone conference. Those conferences confirmed that the parties had reached an impasse regarding the matters that are the subject of this motion.

*/s/ John T. Brooks*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of this document was served upon counsel of record for all parties who have made an appearance in this case at the addresses indicated by CM/ECF electronic notification and email on this 17th day of October, 2022.

*/s/ John T. Brooks*