IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC., SONIC HEALTHCARE USA, INC.,<br><br>Defendants. | CIVIL ACTION NO. 1:20-cv-783-RP |

**<u>HOMELAND INSURANCE COMPANY OF NEW YORK'S REPLY IN SUPPORT OF</u>**

**<u>ITS SECOND MOTION TO COMPEL (DKT 152)</u>**

**Reply**[1]

A.  **CPL Bore The Burden Of Demonstrating Privilege Over *Each* Document At Issue.**

Homeland set forth Texas law regarding CPL's strict burden of demonstrating how each document or communication satisfies the elements of privilege in its Reply in Support of Homeland's First Motion to Compel, filed contemporaneously with this reply.  For the sake of efficiency, Homeland incorporates that discussion and only briefly reiterates the most significant points.  Specifically, CPL needed to make a "clear showing" regarding how "*each* document or communication satisfies the elements of privilege." *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004).  Where, as here, a party only provides sweeping conclusions from a single witness without addressing any individual documents, the party does not satisfy his burden and the documents should be produced.  *LaneLogic, Inc. v. Great Am. Spirit Ins. Co.*, No. 3-08-CV-1164-BD, 2010 WL 1839294 at *3 (N.D. Tex., May 6, 2010) ("Without evidence explaining these documents and how the information contained therein is confidential and communicated for the purpose of obtaining legal advice, defendant cannot prove that any of the documents are privileged.").

B.  **CPL's Submission of Sheridan Foster's Declaration Does Not Justify Its Withholding of the Documents At Issue.**

CPL does not begin to meet this burden with respect to any of the documents at issue.  The sole evidence CPL submits is the declaration of Sheridan Foster.  Ms. Foster's declaration does not specifically discuss a single one of the actual communications at issue in this case.  Rather, she spends the first 13 paragraphs of her declaration asserting that she anticipated litigation with Homeland within six weeks of first submitting a claim, then she turns to a series of sweeping generalizations in which she purports to speak for unspecified others.

---

[1] CPL's response was filed on October 10, 2022, more than 15 days after Homeland filed its second motion to compel.  CPL's response is late and may be disregarded for that reason alone. *See* local rule CV-7.

For example, Ms. Foster claims that some unspecified "we" often communicated with Aon and that unspecified members of "our team" believed that those communications were confidential. (Doc. 155-2, ¶ 14.) But she does not establish an expectation of confidentiality for even a single one of the communications, much less all of them. Indeed, she plainly lacks personal knowledge to testify as to the expectations others on "our team" had. Similar observations apply to the sweeping statements Ms. Foster makes in paragraphs 15-20, in which she again purports to speak for others and fails to address the specific circumstances of even a single one of the communications at issue.[2]

### C. Application to Specific Documents.

#### 1. Documents To, From, or Discussing Vero.

CPL does not come close to meeting its burden with respect to documents to, from, or about Vero Insurance. Ms. Foster's declaration does not even mention the Vero documents, and CPL's brief devotes only a few sentences to them. (Doc. 155 at 3.) Further, none of those few sentences even *claims* that the Vero documents are privileged, much less backs up such a claim with evidence.

Instead, CPL now argues that the documents are irrelevant – an objection it didn't raise before, and that certainly doesn't justify asserting privilege where none applies. Further, the supposed grounds for irrelevance – that the documents were not created until 2018, and that the relevant events occurred in 2016 – doesn't hold water. A document created in 2018 can refer to and make admissions about events that happened earlier.

---

[2] CPL's arguments based on local rules are misplaced. Regarding CV-7(g), Homeland established its good faith meet and confer effort. (See Dkt. 151, p. 4; Dkt. 151-1, ¶ 5; and Dkt. 151-1, ¶ 5, Ex. C. ) . Regarding CV-7(f), Homeland is also attaching a proposed order with this reply that addresses both motions to compel, which it believes is more efficient that submitting separate proposed orders for each motion. CV 26(a) is inapplicable here because Homeland is not contesting a response or objection listed in any written discovery request, but is instead challenging CPL's privilege designations themselves; however, out of an abundance of caution Homeland is also submitting its discovery requests and CPL's responses. Declaration of John Brooks, Ex. A.

CPL's contention that Homeland could just subpoena documents from Vero is equally misplaced. Getting documents from Vero is easier said than done, given that Vero isn't subject to jurisdiction in the United States, because some of the documents discuss but do not include Vero, and because CPL aggressively asserts privilege even when Homeland does subpoena third-parties (as it did when Homeland subpoenaed Aon). But more importantly, the fact that documents might be available from a non-party is no excuse for a party withholding those documents based on unfounded assertions of privilege.

### 2. CPL's Underlying Litigation Documents.

CPL's communications with its Irish defense counsel simply are not privileged with respect to Homeland, the insurer it is asking to pay its defense expenses and indemnity in those cases. CPL already included (and has continued to include) Homeland within the umbrella of privilege when helpful to it in proving coverage, and, as a result, it cannot exclude Homeland from other similar documents.

CPL tries to get around that fact by claiming that it only let Homeland into the umbrella of privilege when it was seeking Homeland's consent to settle a claim and to prove its damages in this case. (Dkt. 155 at 8). This assertion is not supported by the evidence. CPL voluntarily provided to Homeland, for example, emails with underlying defense counsel regarding her assessment of evidence regarding whether CPL misread a pap smear slide, medical chronologies detailing the facts of underlying Irish claims, emails with defense counsel regarding case strategy and the facts of the underlying case, etc. (Dkt. 152-1 (Brooks Decl.), ¶ 5). CPL does not explain how these records, discussing certain evidence and facts, were required for purposes of securing Homeland's waiver of its lack of consent defense when settling a claim. Likewise, CPL and Homeland's March 9, 2021 Confidentiality and Non-Wavier Agreement explicitly states that CPL "has shared, and expect[s] to continue to share" "information, documents, materials, communications related to the ICC Claims and CPL's claim for coverage," and that that information shall be used in connection with "the submission, investigation, evaluation, and resolution of CPL's claims for coverage related to the ICC claims." (Dkt. 152-1, Ex. C).

CPL's reliance on *Fugro* is misplaced for two reasons.  First, the insurer in *Fugro* did "not rely upon Texas Rule 503." *Fugro-McClelland Marine Geosciences, Inc. v. Steadfast Ins. Co.,* No. CIV.A. H-07-1731, 2008 WL 5273304, at *1 (S.D. Tex. Dec. 19, 2008).  Second, the insured "submitted evidence that" its "counsel advised [the insurer] in February 2005 that due to a conflict of interest raised by the coverage dispute he would report only factual developments in the litigation and would not share his own [or the insured's] legal opinions regarding" the underlying claims. *Id.* at 3.  The exact opposite situation is present here – CPL has been and continues to share legal opinions regarding the Irish lawsuits, as shown by the example communications Homeland provided with its opening brief and by the 2021 Confidentiality and Non-Wavier Agreement which recognizes CPL's and Homeland's "shared interests" in the underlying lawsuits.  (Dkt. 152, ¶ 5, Ex. C).[3]

### 3. The MedLab Documents.

CPL's position that Homeland is not entitled to the communications between itself and MedLab under the "allied litigant doctrine" is nonsensical in the context of the records Homeland actually asked for.  The "allied litigant doctrine" applies to "communications "by ... the client's lawyer ... to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein." *In re XL Specialty Ins. Co.,* 373 S.W.3d 46, 54 (Tex. 2012).

---

[3] Furthermore, CPL acknowledges that Homeland is entitled to the underlying defense documents under the offensive use doctrine if those records are "outcome determinative" vis-à-vis its affirmative claims. Dkt. 155 at 8-9.  CPL argues that the underlying defense documents are only "outcome determinative" with respect to Homeland's defenses such as misrepresentation, rather than its affirmative claims, and therefore the doctrine does not apply.  But the Texas Supreme Court has acknowledged that documents which go to the heart of a party's defenses to affirmative claims qualify under the offensive use doctrine. *See, Ginsberg v. Fifth Circuit Court of Appeals,* 686 S.W.2d 105, 107-8 (Tex.1985) (finding that the Court of Appeals abused its discretion in refusing to allow a party further discovery into the plaintiff's otherwise privileged communications with her psychiatrist where the plaintiff previously produced some information demonstrating that those communications were relevant to the party's statute of limitations defense and were likely to "materially weaken or defeat her claims against him.").

For starters, CPL has not shown that any of the MedLab documents at issue involve the lawyer-to-lawyer communications contemplated by the allied litigant doctrine, and indeed Homeland has limited its motion to communications where no counsel was listed in CPL's log.

Moreover, even assuming lawyer-to-lawyer communications, CPL fails to carry its burden of showing a common interest. Homeland requested documents to, from, or cc'ing MedLab that (i) related to Homeland's coverage investigation, and/or (ii) reference Vero Insurance. (Dkt. 151 at 9-10). Manifestly, MedLab and CPL do not have a "common interest" with respect to CPL's claim for coverage with Homeland or any coverage claim to Vero. To the contrary, MedLab has not made a claim for coverage under the Homeland policy and it is not a party to this litigation. Further, CPL contends that it never made a claim to Vero and is not covered by the Vero policy for the Irish claims.

Because CPL has not met its burden of demonstrating that it is legitimately withholding these potentially crucial records from Homeland, Homeland respectfully requests that the Court grant Homeland's motion to compel.

### Appropriate Relief

Homeland asks that the Court compel CPL to produce all documents: (i) to, from, or cc'ing "Vero Claims"; (ii) referencing Vero claims in the subject line; (iii) to, from, or cc'ing underlying defense counsel about the Irish litigation; and (iv) to, from, or cc'ing MedLab (where no counsel was a party) discussing Vero or CPL's claim for coverage to OneBeacon. Homeland also renews its request that the Court conduct an *in camera* of documents to the extent the Court believes doing so would be useful.

Respectfully submitted this 17th day of October, 2022.

By: */s/ John T. Brooks*
John T. Brooks (CA Bar #167793)
Jared K. LeBeau (CA Bar #292742)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
501 West Broadway, 19th Floor
San Diego, CA 92101

Telephone: (619) 338-6500
Fax: (619) 234-3815
jbrooks@sheppardmullin.com
jlebeau@sheppardmullin.com
*Admitted Pro Hac Vice*

Joseph R. Little (#784483)
The Little Law Firm
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone: (713) 222-1368
Fax: (281) 200-0115
jrl@littlelawtexas.com
*Attorneys for Plaintiff Homeland Insurance Company of New York*

## CERTIFICATE OF CONFERENCE

     I hereby certify that, consistent with Local Rule CV-7(i), counsel for Defendants and counsel for Plaintiff conferred, extensively, regarding the matters that are the subject of this motion. Specifically, counsel conferred via e-mail (they exchanged over a dozen e-mails on these matters) and via telephone conference. Those conferences confirmed that the parties had reached an impasse regarding the matters that are the subject of this motion.

*/s/ John T. Brooks*

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a true copy of this document was served upon counsel of record for all parties who have made an appearance in this case at the addresses indicated by CM/ECF electronic notification and email on this 17th day of October, 2022.

*/s/ John T. Brooks*
