# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **HOMELAND INSURANCE** | § | |
| **COMPANY OF NEW YORK,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL NO. 1-20-CV-783-RP** |
| | § | |
| **CLINICAL PATHOLOGY** | § | |
| **LABORATORIES, INC. and** | § | |
| **SONIC HEALTHCARE USA,** | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE ROBERT PITMAN
### UNITED STATES DISTRICT JUDGE

Before the Court are Homeland Insurance Company of New York's Motion for Leave to File Third Amended Complaint and First Amended Answer, filed August 12, 2022 (Dkt. 131); Defendants' Response to Homeland Insurance Company of New York's Motion for Leave to File Amended Pleadings, filed August 26, 2022 (Dkt. 139); and Homeland Insurance Company of New York's Reply in Support of Its Motion for Leave File Amended Pleadings, filed on October 3, 2022 (Dkt. 150).[1] By Text Order entered October 4, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

---

[1] The Court quotes redacted versions of Homelands' briefs, which are filed under seal.

## I.    Procedural Background[2]

On July 24, 2020, Homeland Insurance Company of New York ("Homeland") filed this insurance coverage lawsuit against Clinical Pathology Laboratories, Inc. ("CPL"), Sonic Healthcare USA, Inc. ("Sonic USA"), MedLab Pathology ("MedLab"), Sonic Healthcare (Ireland) Limited ("Sonic Ireland"), and Sonic Healthcare Limited ("Sonic") (collectively, "Defendants"), seeking a declaratory judgment that it has no duty to reimburse Defendants for defending a medical negligence lawsuit in Ireland arising out of Ireland's CervicalCheck Program. Dkt. 1.

On October 12, 2020, Homeland filed its 45-page Amended Complaint, asserting additional claims of negligent misrepresentation, breach of warranty, and reformation. Dkt. 21. Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Dkt. 24. The District Court granted in part and denied in part the Motion to Dismiss. The District Court dismissed MedLab, Sonic Ireland, and Sonic for lack of personal jurisdiction under Rule 12(b)(2), and dismissed Homeland's second claim for negligent misrepresentation and claims for breach of warranty and reformation under Rule 12(b)(6). Dkt. 55. The District Court denied the motion as to Homeland's claim for declaratory relief that there was no coverage under the policy. *Id.*

On May 26, 2021, Homeland filed a Motion for Leave to File a Second Amended Complaint to (1) amend its claims for declaratory relief and negligent misrepresentation to include additional Irish CervicalCheck claims "that Defendants have noticed to Homeland since the filing of Homeland's first amended complaint"; (2) add a promissory estoppel claim; (3) "add allegations that make clear that the 2016 Warranty Letter was incorporated into the 2016 policies"; and (4) add an allegation that the 2017 Policy was a renewal of the 2016 Policy. Dkt. 34 at 2-3. The District Court granted the Motion for Leave except as to the negligent misrepresentation claim, which the

---

[2] For a summary of the factual background, see the Report and Recommendation of the United States Magistrate Judge issued July 19, 2022, Dkt. 112 at 2-7.

Court had dismissed with prejudice. Dkt. 54 at 5. On August 17, 2021, Homeland filed its 57-page Second Amended Complaint against CPL and Sonic USA, which is its operative complaint. Dkt. 56.

CPL asserts several counterclaims against Homeland, including breach of contract, anticipatory breach of contract, bad faith under the Texas Insurance Code, and a claim for attorneys' fees. Dkt. 46. Homeland has asserted twenty affirmative defenses to CPL's counterclaims. Dkt. 53 at 44-53.

On October 14, 2021, Defendants filed a Motion for Summary Judgment on all affirmative claims for relief asserted in Homeland's Second Amended Complaint and on several affirmative defenses in Homeland's Amended Answer. Dkt. 63. In its Response, Homeland argued for the first time that the "fortuity doctrine" bars all coverage in this case because Defendants were aware of potential claims against them before they sought and obtained a Worldwide Territory Endorsement extending coverage to claims filed against Defendants outside the United States. Dkt. 73 at 11-12.

On July 19, 2022, the undersigned Magistrate Judge issued a Report and Recommendation that the District Court grant Defendants' Motion for Summary Judgment as to Homeland's breach of warranty, promissory estoppel, and first reformation claims; Homeland's prior notice exclusion affirmative defense; and Defendants' request that defense costs incurred in defending the ICC claims do not erode policy limits under the 2017 Policy. Dkt. 112 at 30. The Court further recommended that the District Court deny Defendants' Motion for Summary Judgment as to Homeland's claims for declaratory relief and second reformation claim, as well as Homeland's prior knowledge exclusion and misrepresentation affirmative defenses. *Id.*

Relevant here, the Court also found that Homeland had waived its fortuity doctrine defense by failing to assert the defense in its Second Amended Complaint or as an affirmative defense in its

Amended Answer, as required under Rule 8(c). "Based on the specific facts of this case, the Court finds that Homeland's delay in raising the fortuity defense constitutes unfair surprise." *Id.* at 15. The Court pointed out that Homeland had filed a Motion for Leave to File Second Amended Complaint some ten months earlier, on May 26, 2021, to add four additional claims, but failed to seek leave to assert the fortuity doctrine defense. *Id.* Accordingly, the Court concluded that "allowing Homeland to assert the fortuity doctrine at this late date constitutes unfair surprise that would prejudice Defendants." *Id.*

Both parties filed objections to the Report and Recommendation. In its Objection, Homeland argued that the Court's finding that Homeland had waived the fortuity doctrine defense was "Contrary To The Law and Unsupported by Fact." Dkt. 126 at 2. On September 29, 2022, the District Court adopted the Report and Recommendation in full. Dkt. 149.

Homeland now seeks leave under Rule 15(a) to file a Third Amended Complaint to add the fortuity doctrine defense. Dkt. 131 at 2. Defendants oppose the Motion, arguing that Homeland has failed to demonstrate good cause under Rule 16(b) to file a third amended complaint.

## II.   Standard of Review

The amended pleading deadline in the Court's Agreed Scheduling Order required the parties to file any motions to amend or supplement pleadings by June 18, 2021. Dkt. 32 ¶ 4. Homeland filed the instant Motion for Leave on August 12, 2022, more than a year after the amended pleading deadline expired. Dkt. 128. While Homeland's Motion for Leave invokes the liberal pleading standard under Rule 15(a), "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *see also* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. April 2022 Update) ("[T]o the extent that other federal rules, such as Rule 15 governing pleading amendments, contain a more lenient

standard than good cause, the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15.").

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The good cause standard requires a showing by the movant that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enter.*, 315 F.3d at 535 (quotation omitted). Courts look to the following four factors to determine whether good cause exists: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.* at 536. When applying Rule 16(b), district courts have "broad discretion to preserve the integrity and purpose of the pretrial order." *Id.* at 535.

If the moving party has demonstrated good cause to modify the scheduling order under Rule 16(b), then the more liberal standard of Rule 15(a) applies to the district court's decision to grant or deny leave. *Id.* at 536. "Although Rule 15(a) requires the district court to grant leave to amend freely, leave to amend is in no way automatic." *Body by Cook, Inc. v. State Farm Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017). "The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

### III.  Analysis

After conducting the four-factor inquiry into good cause, the Court finds that leave to amend should be denied. *S & W Enters.*, 315 F.3d at 535.

5

### A.  Explanation for Failure to Timely Move to Amend

First, Homeland offers no "adequate explanation for its failure to comply with the scheduling order." *Id.* at 536. Homeland argues that it did not timely move to amend because it "believed (and still believes) its pleadings sufficiently raised the fortuity doctrine by setting forth every factual predicate underlying the doctrine's application," and that it "had no reason to believe otherwise until the R&R was issued on July 19, 2022." Dkt. 156 at 3. Rather, Homeland contends that its "proposed minor amendments are only to correct a purported technical deficiency should the Court rule that its pleadings do not sufficiently allege the fortuity doctrine as-is." Dkt. 137 at 3. Defendants respond that Homeland has not exercised the due diligence required under Rule 16(b) because it had sufficient knowledge of the relevant facts prior to the amendment deadline but failed to timely seek leave to amend.

Homeland has filed two previous lengthy amended complaints which clearly and unambiguously asserted all claims separately and in great detail (Dkts. 21 and 56), and has asserted twenty separate affirmative defenses to CPL's counterclaims (Dkt. 53 at 44-53). Thus, Homeland's argument that it "was not aware" that it had to plead the fortuity defense as a claim or affirmative defense is neither persuasive nor adequate. Inadvertence "is tantamount to no explanation at all." *S&W Enters.*, 315 F.3d at 536. It is Homeland's responsibility, "not the Court's, to timely plead its best case within the deadlines set by the Scheduling Order." *Avialae S. De R.L. De C.V. v. Cummins Inc.*, No. EP-19-CV-380-PRM, 2020 WL 7488177, at *3 (finding inadequate plaintiff's explanation for not timely moving to amend because "it did not yet know that there were defects in its pleadings"). Moreover, "[a]n adverse summary judgment ruling is not justification for Plaintiffs' untimeliness." *Powers v. Northside Indep. Sch. Dist.,* No. A-14-CV-01004-SS, 2018 WL 3946546, at *3 (W.D. Tex. Aug. 16, 2018), *aff'd*, 951 F.3d 298 (5th Cir. 2020).

As Homeland admits, it was aware of the facts underlying its fortuity doctrine defense theory from the time it filed its original complaint, but waited more than two years to move to amend. *See Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir.) (finding that movant failed to show good cause where he failed to demonstrate that facts and allegations pleaded in his third amended complaint "were unavailable when filing the previous three complaints"), *cert. denied*, 142 S. Ct. 713 (2021); *S&W Enters.*, 315 F.3d at 536 (affirming denial of leave to amend to add interference with contract claim where plaintiff was aware of facts underlying the claim at the time it filed its complaint but failed to explain why it did not assert such a claim). The Court finds that the first good cause factor weighs against amendment.

## B.  Importance of the Amendment

With respect to the second factor, Homeland argues that the proposed amendment is important because the fortuity doctrine provides an additional ground for relief, even though it "overlaps with some of Homeland's contract-based defenses." Dkt. 156 at 4. Defendants respond that: "Up until this point, Homeland's position has been that the fortuity doctrine doesn't really change the case because it turns on the same allegations as the Prior Notice and Prior Knowledge Exclusions." Dkt. 139 at 6. Defendants further argue that "the fact that Homeland waited until now to try pleading this defense shows it is not that important." *Id.* Agreeing that the lengthy delay undercuts Homeland's assertions concerning the importance of the fortuity doctrine to this case, the Court finds the second factor to be neutral.

## C.  Potential Prejudice

As the Court previously found, "allowing Homeland to assert the fortuity doctrine at this late date constitutes unfair surprise that would prejudice Defendants." Dkt. 112 at 15. The third factor therefore weighs heavily against amendment.

Homeland filed this suit more than two years ago and has amended its complaint twice. Discovery closes on October 28, 2022, and jury trial is set to commence on February 27, 2023. Dkt. 123. The District Court has ruled on the parties' motions to dismiss, for summary judgment, and for reconsideration. Any amendment of the pleadings at this late date would prejudice Defendants by way of imposing additional and avoidable costs in the form of more discovery and motion practice. *See Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) (holding that district court did not abuse its discretion in denying motion to amend where plaintiff's "attempt to broaden the issues would likely require additional discovery and another motion for summary judgment, which would unduly prejudice the defendants and raise concerns about seriatim presentation of facts and issues"); *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 470 (5th Cir. 1967) (holding that "a district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for failure to present the new theory at an earlier time"); *Gilyard v. Texas Laurel Ridge Hosp. LP*, No. SA-07-CA-650-OG, 2008 WL 11334956, at *1 (W.D. Tex. May 6, 2008) (finding prejudice where proposed amendment added new theories of recovery, which would have required defendant to conduct additional discovery and research).

**D.  Availability of a Continuance**

As for the final factor, the Court finds that granting a continuance would not adequately cure prejudice to Defendants, which would face unnecessary costs and delay. *See Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 423-24 (5th Cir. 2013) (finding that a continuance would not avoid inevitable prejudice to defendants in increasing litigation costs and delaying the case). Even if the prejudice could be cured by a continuance, such an extension would necessitate an extension of all remaining deadlines, including the trial date, further delaying disposition of this case. *See S&W*

*Enters.*, 315 F.3d at 537 (holding that fourth factor weighed against movant because continuance would unnecessarily delay trial); *Avialae S*, 2020 WL 7488177, at *4 (finding that continuance would delay trial date and not be in the interest of justice). In light of Homeland's failure to present any adequate explanation for its untimely motion, such disruption to the District Court's docket is unwarranted.

> A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation.

*Freeman*, 381 F.2d at 469 (cleaned up).

In sum, the Court finds that Homeland has failed to show good cause under Rule 16(b) for the amendment and recommends that its Motion for Leave should be denied.

## IV.   Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Homeland Insurance Company of New York's Motion for Leave to File Third Amended Complaint and First Amended Answer (Dkt. 131).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo

review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 19, 2022.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE