IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC., SONIC HEALTHCARE USA, INC.,<br><br>Defendants. | CIVIL ACTION NO. 1:20-cv-783-RP |

## HOMELAND INSURANCE COMPANY OF NEW YORK'S RESPONSE TO DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER TO ACHIEVE CONSISTENCY WITH LOCAL RULE CV-54

Homeland submits this opposition to Defendants' Motion to Modify the Scheduling order because Defendants' proposed course of action regarding attorneys' fees would deny Homeland any meaningful opportunity to challenge the reasonableness of those fees, and would materially prejudice Homeland in this proceeding.

**A. Homeland should be able conduct discovery into Defendants' attorneys' fee request.**

Defendants' proposal would effectively preclude Homeland from conducting any discovery into the reasonableness of its claimed attorneys' fees. Defendants request that the Court rule on its fee request based solely on an affidavit, and without expert testimony to address the reasonableness or necessity of the fees and without any chance for Homeland to cross-examine that expert.

As a result, Homeland will not be able to meaningfully weigh in on factors that go into determining the reasonableness and necessity of fees, such as the whether the amount of "time

and labor" was "required for the litigation" or whether it was "excessive, duplicative, or inadequately documented," and whether the fees incurred are "customary" and justified given the "amount involved and results obtained," "skill required to perform the legal services," "preclusion of other employment by the attorney due to acceptance of the case," and any "time limitations imposed by the client." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

Further, Defendants apparently intend to claim attorney fees not just for the work of its primary litigation counsel in this case (the Haynes Boone firm), but also for the work of Germer Beaman & Brown. The Germer firm's work for Defendants appears to fall into at least three categories – litigation work in this case, coverage work related to the insurance claim to Homeland, and work assisting Defendants with responding to the underlying litigation in Ireland. At least as to the latter category, Germer's fees may not be recoverable either under Local Rule CV 54 or as an element of contract damages. Homeland is entitled to discovery so that Germer's attorney fees can be appropriately allocated.

For both these reasons, litigating attorney fees by way of post-trial affidavits – unaccompanied by expert testimony on the foregoing issues and immune from any cross-examination by Homeland – would be unfair to Homeland.

**B. Homeland is entitled to use any testimony Defendants' attorney fee expert gives about the novelty of the issues to undermine CPL's expected opposite argument to the jury.**

Homeland expects that Defendants' attorney fee expert may testify that the attorney fees incurred in this action and/or in the underlying litigation are reasonable because of the novelty and difficulty of the issues involved in the insurance claim and related litigation. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (citing "novelty and difficulty of the questions involved" as a factor to be considered when determining the reasonableness of fees.); *USAA Cnty. Mut. Ins. Co. v. Cook,* 241 S.W.3d 93, 102 (Tex. App. 2007) (same).

But at trial on Defendants' counter-claim for declaratory relief, Homeland anticipates that Defendants will argue that the opposite is true to the jury; namely, that the issues in the coverage claim were straightforward such that Homeland acted unreasonably by conducting a lengthy investigation and ultimately denying coverage. Homeland should be entitled to use any testimony Defendants' witnesses, such as its attorney fee expert, may give about the difficulty and novelty of the issues to undermine Defendants' expected opposite argument to the jury.

**C. Homeland's defense costs incurred in the underlying litigation should be presented at trial.**

Homeland assumes that Defendants' motion is limited to its claim for attorney fees incurred in this litigation, as opposed to attorney fees that it incurred in connection with defending the underlying lawsuits in Ireland. But Defendants' motion does not clearly make that distinction.

If Defendants' motion is intended to apply to attorney fees incurred in defending the underlying litigation in Ireland, the motion must be denied because granting it would deprive Homeland of its right to a jury trial on all elements of damages. Defendants claim that Homeland's alleged breach of the insurance policy caused them to incur damages in the form of defense expenses in the underlying Irish litigation. (Dkt. 18 at 32-33). Defendants bear the burden of proving all elements of their breach of contract claim, including the amount of their damages, which allegedly includes underlying defense expenses. *Certain Underwriters at Lloyd's Subscribing to Pol'y No*. WDO-10000 v. KKM Inc., 215 S.W.3d 486, 489 (Tex. App. 2006) (A claimant in an action for breach of contract must show (1) the existence of a valid contract; (2) the plaintiff is a proper party to sue for breach of the contract, (3) performance or tendered performance by the plaintiff; (4) breach of the contract by the defendant; and (5) damages sustained as a result of the breach.); *Am. Home Assur. Co. v. United Space All., LLC*, 378 F.3d 482, 490 (5th Cir. 2004) (attorney's fees sought to be recovered as damages must be reasonable and necessary). Local Court Rule CV 54(b)(1) only applies that attorneys' fees are not required to be demonstrated as an "element of damages." Because the attorney fees incurred

by Defendants in defending the underlying litigation in Ireland must be proved as an element of damages, Homeland is entitled to a jury trial as to such fees.

Respectfully submitted this 26th day of October, 2022.

By: /s/ John T. Brooks
John T. Brooks (CA Bar #167793)
Jared K. LeBeau (CA Bar #292742)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
Telephone: (619) 338-6500
Fax: (619) 234-3815
jbrooks@sheppardmullin.com
jlebeau@sheppardmullin.com
*Admitted Pro Hac Vice*

Joseph R. Little (#784483)
The Little Law Firm
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone: (713) 222-1368
Fax: (281) 200-0115
jrl@littlelawtexas.com
*Attorneys for Plaintiff Homeland Insurance Company of New York*

-5-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of this document was served upon counsel of record for all parties who have made an appearance in this case at the addresses indicated by CM/ECF electronic notification and email on this 26th day of October, 2022.

*/s/ John T. Brooks*