IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>    Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC., SONIC HEALTHCARE USA, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 1:20-cv-783-RP |

**HOMELAND INSURANCE COMPANY OF NEW YORK'S MOTION FOR A PROTECTIVE ORDER TO QUASH CERTAIN CATEGORIES IN DEFENDANTS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)**

**Introduction**

Because Defendants' Notice of Deposition Pursuant to Federal Rule 30(b)(6) includes categories that (a) impermissibly require lay witnesses to testify regarding the application of facts to law, (b) invade the work product doctrine, and (c) are irrelevant and burdensome, Homeland requests that the Court issue a protective order quashing Defendants' categories 1-22, 26, 29-30, 34-39.

**Brief Factual Background**

Less than one month before the discovery cutoff date, Defendants served Homeland with a Notice of 30(b)(6) deposition that listed forty-four categories for testimony (the "Notice"). Declaration of John Brooks, Ex. A. Homeland identified and produced knowledgeable witnesses with respect to numerous categories over the next few weeks. Brooks Decl., ¶ 2

Homeland objected to the remaining categories listed in the Notice, and subsequently

conferred with CPL's counsel. Brooks Decl., ¶ 2. The disputed categories include: (1) every "factual bases" for Homeland's affirmative defenses, declaratory judgment claim, and legal theories (categories 1-22, 26, 29 and 34-38); (2) Homeland's objections/responses to all discovery requests in this case (category 30); and (4) whether and to what extent Homeland has insured (or currently insurers) other medical laboratories who provide cancer screening services, which is irrelevant to the facts at hand and would require Homeland to undertake an undue burden (category 39).

Homeland was hopeful that the parties could resolve their disagreement with respect to the remaining disputed topics before the discovery cutoff, but they have been unable to do so to-date. Brooks Decl., ¶ 3. As a result, Homeland brings the instant motion.

## Legal Analysis

### A. Categories 1-22, 26, 29 and 34-38.

Defendants' categories 1-22, 26, 29 and 34-38 are improper for the following reasons. First, each of those categories demand that Homeland produce a witness to testify about how the facts support Homeland's various legal arguments. That is not a job that any lay witness can fairly be expected to do. It is a job for lawyers in the case to argue how the facts fit the law. Indeed, courts have repeatedly recognized that asking lay witnesses to explain how facts support a parties legal positions is inappropriate. *Veroblue Farms USA Inc. v. Wulf,* No. 3:19-CV-764-X, 2022 WL 1644442, at *4 (N.D. Tex. May 23, 2022) ("Corporate representative deposition topics have been found 'inappropriate' and 'prohibited' when they require the witness to draw legal conclusions."); *Esparza v. Diaz, 802* S.W.2d 772, 775 (Tex. App. 1990) ("A party may not be compelled to answer legal conclusions."); *Jenkins v. Rotobec, Inc.*, No. 1:09CV150HSO-JMR, 2010 WL 11527364, at *2 (S.D. Miss. July 6, 2010) ("The Court finds that the questions presented required the witness to draw legal conclusions which were inappropriate."); *Firefighters' Ret. Sys. v. Citco Group Ltd.*, No. CV 13-373-SDD-EWD, 2018 WL 2158769, at *5 (M.D. La. May 10, 2018), *aff'd*, No. CV 13-373-SDD-EWD, 2018 WL

5993471 (M.D. La. Nov. 14, 2018) ("It is also generally prohibited for a lay witness to interpret statutes and to give legal opinions.").

Second, inquiry into these categories improperly invades the work-product doctrine. "When a party asks a Rule 30(b)(6) deponent about the 'facts and documents' which the corporation contends support each of its legal positions, that has been held akin to requesting insight into the corporation's litigation strategy, given the time that counsel had spent culling through thousands of documents to marshal the evidence in support of each separate legal theory; such a question is an intrusion upon protected work product. Requests for such 'contentions,' i.e., theories and legal bases of a corporate party for bringing suit, are often best explored via contention interrogatories. *Kaye v. Lone Star Fund V (U.S.), L.P.,* No. 3:09-CV-02263-M-BK, 2012 WL 13093400, at *3 (N.D. Tex. Mar. 23, 2012).

Third, CPL already had the opportunity to ask Homeland's witnesses about all the factual relevant facts in the case, which facts provide the basis for its claims, defenses, and legal assertions, so CPL's access to all relevant *facts* has been unhindered. For these reasons, the Court should grant a protective order to quash Defendants' categories 1-22, 26, 29 and 34-38.[1]

## B. Category 30.

Category 30 -- about Homeland's "objections and responses to written discovery requests (including interrogatories and requests for admission) served by one or both Defendants" -- seeks irrelevant "discovery about discovery." *See e.g., Salzgitter Mannesmann Int'l (USA) Inc. v. Sun Steel Co. LLC*, No. 3:22-CV-00030, 2022 WL 3041134, at *2 (S.D. Tex. Aug. 2, 2022) (Quashing subpoenas to depose employees to inquire into the steps they took to search for

---

[1] Category 26, comprising "Plaintiff's claims-handling obligations under the Texas Insurance Code," appears to call for a similar application of law to facts -- namely, to argue whether Homeland's conduct did or did not comply with the Insurance Code – and is therefore objectionable for the same reasons as the other categories. Alternatively, to the extent it seeks a witness simply to recite an insurer's obligations under the Texas Insurance Code, it pointlessly seeks pure legal conclusions that the Code itself can answer. To the extent Homeland's employees' own understanding of the Texas Insurance Code was relevant, Defendants were free to inquire (and did inquire) on that topic in the employees' depositions.

responsive emails because allowing "discovery on discovery" "without any factual reason to believe that any documents responsive to the subpoena have been withheld would send us off on a tangent that might never end."); *Edwards v. McDermott Int'l, Inc.*, No. 4:18-CV-04330, 2021 WL 5121853, at *3 (S.D. Tex. Nov. 4, 2021) (refusing to order defendant to conduct custodial interviews aimed at determining the existence, status, and content of various document repositories because there "should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia" "of a material failure by the responding party to meet its obligations."); *Ashcraft v. Experian Info. Sols., Inc.*, 2018 WL 6171772, at *2 n.2 (D. Nev. Nov. 26, 2018) ("Discovery into another party's discovery process is disfavored."); *Brewer v. BNSF Railway Co.*, 2018 WL 882812, at *2 (D. Mont. Feb. 14, 2018) (same); *Fish v. Air & Liquid Systems Corp.*, 2017 WL 697663, at *17 (D. Md. Feb. 21, 2017) (same).

### C. Category 39.

The final category concerns to what extent Homeland has ever insured laboratories engaged in cancer screening testing. This category is not relevant: whether Homeland has done so never, sometimes, or often has no impact on the issues in this case. Further, Homeland has no means of automated search of its records to determine which former policyholders fit the description in Category 39, making compliance unduly burdensome. Brooks Decl., ¶ 3. The Court should therefore grant a protective order on Category 39 as well.

### Conclusion

For the reasons discussed above, Homeland respectfully requests that the Court grant its motion for a protective order to quash Defendants' Notice of 30(b)(6) topics discussed above.

Respectfully submitted this 28th day of October, 2022.

By: <u>/s/ John T. Brooks</u>
John T. Brooks (CA Bar #167793)
Jared K. LeBeau (CA Bar #292742)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
Telephone: (619) 338-6500
Fax: (619) 234-3815
jbrooks@sheppardmullin.com
jlebeau@sheppardmullin.com
*Admitted Pro Hac Vice*

Joseph R. Little (#784483)
The Little Law Firm
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone: (713) 222-1368
Fax: (281) 200-0115
jrl@littlelawtexas.com
*Attorneys for Plaintiff Homeland Insurance Company of New York*

## CERTIFICATE OF CONFERENCE

    I hereby certify that, consistent with Local Rule CV-7(i), counsel for Defendants and counsel for Plaintiff conferred, extensively, regarding the matters that are the subject of this motion. Specifically, counsel conferred via e-mail (they exchanged over a dozen e-mails on these matters) and via telephone conference. Those conferences confirmed that the parties had reached an impasse regarding the matters that are the subject of this motion.

*/s/ John T. Brooks*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true copy of this document was served upon counsel of record for all parties who have made an appearance in this case at the addresses indicated by CM/ECF electronic notification and email on this 28st day of October, 2022.

*/s/ John T. Brooks*
