**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>                    Plaintiff,<br><br>     v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC., SONIC HEALTHCARE USA, INC.<br><br>                    Defendants. | CIVIL ACTION NO. 1:20-cv-783 |

**DECLARATION OF JOHN T. BROOKS IN SUPPORT OF HOMELAND INSURANCE COMPANY OF NEW YORK'S MOTION FOR A PROTECTIVE ORDER TO QUASH DEFENDANTS' NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE 30(b)(6)**

I, John T. Brooks, declare as follows:

1. I am a partner in the law firm of Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Homeland Insurance Company of New York ("Homeland") in this matter. I have personal knowledge of the facts set forth below.

2. Attached as Exhibit A is a true and correct copy of Defendants' Notice of Videotaped Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Notice").

3. Homeland identified and produced knowledgeable witnesses with respect to numerous categories in the Notice, but objected to several others. Homeland and CPL, through counsel, conferred regarding the disputed topics over the phone and in email correspondence. Homeland was hopeful that the parties would resolve their disagreement with respect to the disputed topics without the need for the Court's intervention, but they have been unable to do so.

3. From my conversations with Homeland, I understand that Homeland has no means of automated search of its records to determine which former policyholders fit the description in Category 39.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed on October 28, 2022 at San Diego, California.

_____
John T. Brooks

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true copy of this document was served upon counsel of record for all parties who have made an appearance in this case at the addresses indicated by CM/ECF electronic notification on this 28th day of October 2022.  I declare under penalty of perjury that the foregoing is true and correct.

                                                 */s/ John T. Brooks*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>      Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC., AND SONIC HEALTHCARE USA, INC.,<br><br>      Defendants. | CIVIL ACTION NO. 1-20-cv-783 |

**NOTICE OF VIDEOTAPED DEPOSITION PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

TO ALL PARTIES AND THEIR COUNSEL:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and all other applicable rules, Defendants Clinical Pathology Laboratories, Inc. ("CPL"), and Sonic Healthcare USA, Inc. ("SHUSA," together with CPL, "Defendants"), by and through their undersigned attorneys, will take the videotaped deposition of current or former agents and representatives designated by Plaintiff Homeland Insurance Company of New York ("Plaintiff") on Monday, October 24, 2022 at 9:00 a.m., at a location to be determined. The deposition will be by oral examination and may be recorded by any means permitted under the Federal Rules of Civil Procedure, including videotaping and stenographic recording.

Pursuant to Rule 30(b)(6), Plaintiff shall designate one or more officers, directors, or managing agents or other persons who consent to testify on behalf of Plaintiff with respect to the topics set forth herein. Plaintiff is also requested to provide written notice to counsel for Defendants prior to the date of the deposition of the name(s) and position(s) of the designee(s) who will testify on behalf of Plaintiff and to identify the matters to which each designee will testify.

## DEFINITIONS AND INSTRUCTIONS

1. "2016 Policy" shall mean Medical Facilities and Providers Professional Liability Insurance Policy No. MFL-004062-0616 (the "2016 Primary Policy") and Excess Medical Facilities Liability Insurance Policy No. MFX-002013-0616 (the "2016 Excess Policy"), both of which Homeland issued to Sonic Healthcare Investments, G.P., and several additional insureds, including CPL, for the policy period of June 30, 2016, to June 30, 2017.

2. "2017 Policy" shall mean Medical Facilities and Providers Professional Liability Insurance Policy No. MFL-004062-0617 (the "2017 Primary Policy") and Excess Medical Facilities Liability Insurance Policy No. MFX-002013-0617 (the "2017 Excess Policy"), both of which Homeland issued to Sonic Healthcare Investments, G.P., and several additional insureds, including CPL, for the policy period of June 30, 2017, to June 30, 2018.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

4. "Communication" or "communications" means any exchange or transmission of information by any means, including but not limited to, written, verbal, or electronic exchanges or transmissions including any attachments thereto.

5. "Homeland," "Plaintiff," "You," and "Your" shall mean Plaintiff Homeland Insurance Company of New York and its predecessors, successors, parent, sister or affiliated companies, partnerships, joint ventures, and all current and former officers, directors, employees, partners, shareholders, owners, members, sureties, assigns, agents, servants, or other representatives (including outside counsel) acting for or on their behalf.

6. "Irish CervicalCheck Claims" means all claims relating to the Irish CervicalCheck Program (as defined below) brought or made against CPL after January 1, 2018, and that have been tendered to Homeland, including, but not limited to, the Ms. S Claim.

7. "Irish CervicalCheck Program" means Ireland's national cervical cancer screening program that provides free cervical cancer screening to certain women who are residents of the Republic of Ireland.

8. "OneBeacon" shall mean OneBeacon Healthcare Group, OneBeacon Insurance Group LLC, OneBeacon Insurance Group, Ltd., Atlantic Specialty Insurance Co., and their respective predecessors, successors, parent, sister or affiliated companies, partnerships, joint ventures, and all current and former officers, directors, employees, partners, shareholders, owners, members, sureties, assigns, agents, servants, or other representatives (including outside counsel) acting for or on their behalf.

9. Referring" or "referred" or "regarding" or "relating" or "related" means relating in any way to, referring to, mentioning, discussing, describing, reflecting, concerning, memorializing, supporting, dealing with, consisting of, constituting, evidencing, comprising, recording, or in any other way pertaining to the subject matter of the discovery request, either in whole or in part whether directly or indirectly.

## DEPOSITION TOPICS

Plaintiff is requested to designate a representative (or multiple representatives) to testify about the following topics for the time period from 2010 to the present, unless indicated otherwise:

1. The factual bases for Plaintiff's First Affirmative Defense – Failure to State a Claim.

2. The factual bases for Plaintiff's Second Affirmative Defense – Prior Knowledge Exclusion.

3. The factual bases for Plaintiff's Third Affirmative Defense – Prior Notice Exclusion.

4. The factual bases for Plaintiff's Fourth Affirmative Defense – Material Misrepresentation.

5. The factual bases for Plaintiff's Fifth Affirmative Defense – Concealment.

6. The factual bases for Plaintiff's Sixth Affirmative Defense – Condition Precedent.

7. The factual bases for Plaintiff's Seventh Affirmative Defense – Breach of Warranty.

8. The factual bases for Plaintiff's Eighth Affirmative Defense – Unilateral or Mutual Mistake.

9. The factual bases for Plaintiff's Ninth Affirmative Defense – Failure to Mitigate.

10. The factual bases for Plaintiff's Tenth Affirmative Defense – Comparative or Contributory Fault.

11. The factual bases for Plaintiff's Eleventh Affirmative Defense – Conduct of Third Parties.

12. The factual bases for Plaintiff's Twelfth Affirmative Defense – Offset/Credit.

13. The factual bases for Plaintiff's Thirteenth Affirmative Defense – Breach or Failure to Comply With Contract Terms.

14. The factual bases for Plaintiff's Fourteenth Affirmative Defense – Exclusions From Coverage.

15. The factual bases for Plaintiff's Fifteenth Affirmative Defense – Failure to Cooperate.

16. The factual bases for Plaintiff's Sixteenth Affirmative Defense – Waiver.

17. The factual bases for Plaintiff's Seventeenth Affirmative Defense – Estoppel.

18. The factual bases for Plaintiff's Eighteenth Affirmative Defense – Unclean Hands.

19. The factual bases for Plaintiff's Nineteenth Affirmative Defense – Laches.

20. The factual bases for Plaintiff's Additional Unknown Defenses/Reservations of Rights.

21. The factual bases for Plaintiff's Reformation Claim.

22. The factual bases for Plaintiff's Declaratory Judgment Claim.

23. Your investigation of the coverage available under the 2017 Policy for the Irish CervicalCheck Claims, including (a) the reason(s) for each of the requests for information that Plaintiff sent one or both Defendants via letters sent between February 2018, and July 10, 2020, (b) the statements made in those letters and that alleged factual support for the same, (c) the specific documents or communications that Plaintiff contends it needed to complete its investigation into whether there was coverage available under the 2017 Policy for the Irish CervicalCheck Claims, and (d) who participated in, and was responsible for, each aspect of that investigation (including the drafting and reviewing of the information requests that you sent one or both Defendants).

24. The reason(s) why Plaintiff declined to issue a renewal of the 2017 Policy, and why Plaintiff no longer underwrites professional medical liability policies like the 2017 Policy.

25. Plaintiff's internal claims-handling practices, processes, guidelines, manuals, and/or procedures in force at any time between February 2018 and June 2020, applicable to claims

made under Medical Facilities Liability Coverage policies (like the 2017 Policy) issued by Plaintiff.

26. Plaintiff's claims-handling obligations under the Texas Insurance Code, including its obligations under Texas Insurance Code § 705.005, and § 541.060.

27. Your corporate relationship with OneBeacon, and the extent to which OneBeacon was involved with the underwriting of, and the handling of the Irish CervicalCheck Claims.

28. The documents Plaintiff has produced in this action, including but not limited to its claim notes and claim for the Irish CervicalCheck Claims, and its underwriting files, the authentication of those documents, and whether documents constitute business records.

29. The factual assertions made by Plaintiff in the briefing it has filed in this action.

30. Plaintiff's objections and responses to written discovery requests (including interrogatories and requests for admission) served by one or both Defendants.

31. Your communications with any other insurance company(ies) regarding the Irish CervicalCheck Claims, including but not limited to Vero and Zurich.

32. Your decision to deny coverage for the Irish CervicalCheck Claims, including the Ms. S Claim, and who at Homeland and/or OneBeacon was involved in making that decision.

33. When Plaintiff contends that it first discovered the alleged falsity in the letter from Mr. Steve Shumpert to OneBeacon Insurance Group that is dated July 27, 2016 (the "2016 Letter"), the factual bases for Plaintiff's contention that one or more statements in the 2016 Letter were false, and when Plaintiff first disclosed to one or both Defendants that it was refusing to be bound by the 2017 Policy, or that it was denying coverage under the 2017 Policy for one or more of the Irish CervicalCheck Claims, because of an alleged misrepresentation in the 2016 Letter.

34. The factual bases for Plaintiff's contention that the parties agreed that the 2016 Letter should be incorporated into, and that it was a mutual mistake that the 2016 Letter was not incorporated into, the 2016 Policy and 2017 Policy.

35. The factual bases for Plaintiff's contention that the statements in the 2016 Letter constitute "warranties."

36. The Interval Cancer Report, the Scally Report, the Supplemental Scally Report, and the factual basis for Plaintiff's contention that the Scally Report is not accurate and is unreliable.

37. The factual bases for Plaintiff's contention that the results of Cancer Audit Reviews may have been disclosed to treating clinicians and/or patients before February 2016, when exactly Plaintiff contends that the results of Cancer Audit Reviews were disclosed to treating clinicians and/or patients, when Plaintiff contends that one or both Defendants first knew of those disclosures, and the factual bases supporting the same.

38. The factual bases for Plaintiff's contention that Defendants knew or reasonably should have expected the Irish CervicalCheck Claims before June 30, 2013, June 30, 2016, and/or July 27, 2016.

39. Whether and to what extent Plaintiff has insured (or currently insurers) other medical laboratories who provide cancer screening services.

40. Plaintiff's understanding of the differences between cancer screening programs and diagnostic tests.

41. The reserves Plaintiff set, increased, or decreased for any of the Irish CervicalCheck Claims.

42. Plaintiff's underwriting of the 2016 Policy, including but not limited to its agreement to issue a Worldwide Territory Endorsement and to add certain Irish-based entities as

Additional Named Insureds, and including but not limited to the materials Plaintiff reviewed in connection with its underwriting of the 2016 Policy.

43. Plaintiff's underwriting of the 2017 Policy, including but not limited to the materials Plaintiff reviewed in connection with its underwriting of the 2017 Policy.

44. The bases for the premiums set for the 2016 Policy and the 2017 Policy

45. The existence of reinsurance for the 2017 Policy and, if reinsurance exists, the communications with the reinsurer concerning the Irish CervicalCheck Claims and/or this action.

\*   \*   \*

| | |
|---|---|
| Dated:  October 1, 2022 | Respectfully submitted, |

*/s/ Ernest Martin, Jr.*
Ernest Martin, Jr.
Bar No. 13063300
Greg Van Houten* [admitted *Pro Hac Vice*]
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
214-651-5651 Direct
214-200-0519 Fax
ernest.martin@haynesboone.com
greg.vanhouten@haynesboone.com

*-and-*

Mark T. Beaman
Bar No. 01955700
Ryan Bueche
Bar. No. 24064970
GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S Mopac Expy Suite A400
Austin, TX 78746
512-482-3504 Direct
512-472-0721 Fax
mbeaman@germer-austin.com
rbueche@germer-austin.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that, consistent with Local Court Rule CV-5, a true and correct copy of the foregoing was sent to all parties of record via e-mail on this 1st day of October 2022.

                                        */s/ Greg Van Houten*
                                        Greg Van Houten