IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC., SONIC HEALTHCARE USA, INC.,<br><br>　　　　Defendants. | CIVIL ACTION NO. 1:20-cv-783-RP |

**Homeland Insurance Company of New York's Opposed Motion For Leave To Depose Nancy Stratton After The Discovery Cutoff**

Despite its significant efforts to work collaboratively with Defendant Clinical Pathology Laboratories, Inc. ("CPL") to schedule and conduct the deposition of Ms. Nancy Stratton, CPL's former CEO/President and control group member (and also formerly CPL's Vice President for Quality Improvement and Risk Management), it was unable to do so before today's discovery cutoff of October 28, 2022. Homeland requests that the Court modify the scheduling order for the sole purpose of allowing Homeland to conduct this single additional deposition (which is currently noticed for only two business days after the October 28, 2022 cutoff date) for the good cause described below, and because CPL will suffer absolutely no prejudice.

**Brief Background**

A. **This Case Turns on CPL's Knowledge And, Specifically, CPL's "Executive's" Knowledge, Like Ms. Foster.**

The Court is well-acquainted with the factual background of this case. Should the Court want to review the record in detail, Homeland directs the Court to its Second Amended Complaint (Dkt. 56) and Opposition to CPL's Motion for Summary Judgment (Dkt. 69).

SMRH:4881-4082-8721.5　　　　　　　　　　-1-

For purposes of this motion, Homeland only briefly recites the basic and most pertinent facts. CPL performed pathology services for its affiliated company, MedLab, which, in turn, had contracted with the Irish government to perform services in connection with Ireland's Cervical Check ("ICC") program. (Dkt. 57, ¶ 25). By 2013, MedLab and CPL knew that they had misread at least fourteen women's slides who had subsequently developed cervical cancer. (Dkt. 55, p. 2). In 2014, an Irish woman's survivors made a claim for misreading her pap smear. CPL sought coverage from Homeland through its broker, Aon, but quickly realized no coverage existed for claims in Ireland. (Dkt. 57, ¶¶ 45-46). Because of that, CPL had Aon ask Homeland to broaden its policy. (Dkt. 63, p. 4; Dkt. 57, ¶ 53; Dkt. 68-3 (Declaration of B. Craig), ¶ 4). Through Aon, Mr. Stephen Shumpert of CPL provided a letter warrantying that none of the "insureds proposed for coverage" was aware of facts that might give rise to similar Irish claims, and, upon receipt, Homeland agreed to the expanded coverage beginning in 2016. (Dkt. 68-3, ¶¶ 4-9).

In 2016, MedLab (and potentially CPL)[1] submitted a bulk claim notice to its European liability carrier, Vero, also through Aon, with a list of dozens of women whose slides were known to have been misread. (Dkt. 112, p. 23). In February 2018, CPL submitted the first of many Irish medical negligence claims to Homeland under the broader coverage arising out of its ICC related work. (Dkt. 63, p. 5).

Eventually Homeland denied coverage and subsequently filed this suit alleging that CPL knew or should have known about CervicalCheck claims before it purchased the expanded coverage and issued the warranty letter. (*See,* Dkt. 1). Most relevant to this motion, Homeland asserted that the prior knowledge exclusion precluded coverage. The exclusion in part turns whether an "**executive**" or "risk management" or "legal" "of the Named Insured knew or reasonably could have foreseen that such an act, error, omission, or Wrongful Act might result in a Claim. (Dkt. 56 at 181).

---

[1] CPL may also have been involved in that bulk claim notice as subsequent communications from Vero refer to whether CPL is entitled to coverage under Vero's policy. *See* Dkt. 89-3 (Fasone Decl)., ¶9, Ex. 21.

### B. Homeland Diligently Pursues Ms. Stratton's Deposition.

Nancy Stratton served as CPL's Division Vice President of Quality Improvement and Risk Management and, later, CEO/President during the timeframe relevant to this case. On January 18, 2022, Homeland served a Notice of Deposition for Ms. Nancy Stratton on CPL's counsel designating a deposition date of February 22, 2022 beginning at 9:30am. Declaration of John Brooks, Ex. A. CPL's counsel confirmed that CPL could accept service for Ms. Stratton along with the other former CPL employees Homeland noticed. Brooks Decl., Ex. B. However, CPL's counsel later informed Homeland that depositions in February could not go forward due to scheduling conflicts. Brooks Decl., ¶ 2.

On February 10, 2022, the parties jointly moved the Court to extend the deadlines in the operative scheduling order by five months because one of the lead attorneys in the matter was diagnosed with a serious medical condition requiring surgery and significant medical leave. (Dkt. 97). On July 29, 2022, the parties requested a one month continuance of the discovery cutoff to October 28, 2022 in light of the fact that two lead attorneys recently welcomed children into their families and were out on paternity leave. (Dkt. 120). During that time, the parties exchanged significant written discovery and engaged in extensive meet and confer efforts. This resulted in Homeland's submission of significant motions to compel the production of thousands of pages of documents, two of which are still pending before the Court. (*See* Dkts. 151, 152).

In September of 2022, Homeland reached out to CPL about rescheduling the deposition of Ms. Stratton. Brooks Decl., Ex. C. Having heard nothing in response to that email, Homeland again contacted CPL requesting an update regarding Ms. Stratton's availability on September 28, 2022. Brooks Decl., Ex. C. In response, CPL indicated that it in fact did not -- at least "at th[at] time" -- represent Ms. Stratton, and could not accept service on her behalf. Brooks Decl., Ex. D.

Having been told for the first time that CPL could not accept service and was not representing its former CEO, Homeland located Ms. Stratton's contact information and reached out to her directly on October 3, 2022. Brooks Decl., Ex. E. But soon thereafter CPL's counsel informed Homeland that Ms. Stratton had reached out to CPL through counsel and that CPL was

now in contact with her. On October 11, 2022, Homeland send CPL an email inquiring as follows:

> Also I know your office was going to have a discussion with Ms. Stratton's counsel that reached out to you.  Do you have any update?  If we should be reaching out directly, can you share Ms. Stratton's counsel's information?

Brooks Decl., Ex. F. CPL's counsel responded that "I don't have an update regarding Ms. Stratton right now, but I hope to have an update by the end of the day."   Brooks Decl., Ex. G. On October 19, Homeland again wrote to CPL stating, "I don't believe we heard back after CPL indicated it was in contact with Ms. Stratton's counsel. Can you please provide an update so we can subpoena her this week if needed?"  Brooks Decl., Ex. F.

In the afternoon of Friday, October 21, 2022, CPL indicated that it could not coordinate her deposition, and was unable to say whether she was still represented.  Brooks Decl., ¶ 8.  With that new knowledge, Homeland again reached out to Ms. Stratton directly, informed CPL it would be serving Ms. Stratton personally, and issued a Subpoena to Ms. Stratton under Federal Rule 45 on Monday, October 24, 2022.  Brooks Decl., Ex. G.

Because Homeland and CPL had rescheduled or set depositions for Tuesday, Wednesday, Thursday, and Friday of that week in an effort to meet the October 28, 2022 cutoff, Homeland set Ms. Stratton's deposition for the following week on November 1, 2022.  Homeland requested CPL stipulate to Ms. Stratton's deposition taking place two business days after the cutoff pursuant to Local Court Rule CV 16(e).  Brooks Decl., ¶ 10.  CPL refused, forcing Homeland to file the instant motion.

## **Legal Position**

Under Federal Rule 16(b), the scheduling order may be modified whenever "good cause" exists. To evaluate "good cause," courts consider the following four factors: (1) the explanation for the failure to timely comply with the deadline; (2) the importance of the untimely evidence; (3) potential prejudice in allowing the untimely evidence; and (4) the availability of a continuance to cure such prejudice.  *Mailing & Shipping Sys., Inc. v. Neopost USA, Inc., 292*

F.R.D. 369, 373 (W.D. Tex. 2013).  Each of the four factors weighs heavily in Homeland's favor.

### A. Factor One: Explanation.

Homeland diligently pursued Ms. Stratton's deposition while mindful of potential ethical issues surrounding contacting an adverse party's former CEO and control group member, especially where that control group member has relevant knowledge that is potentially case dispositive and/or attorney-client privileged.  This is evident from the following:

<u>First</u>, Homeland was previously informed that CPL could accept service for Ms. Stratton as her representative in early 2022.  As a result, Homeland reasonably understood that CPL was representing Ms. Stratton and could accept service on her behalf until September 28, 2022, at which time only weeks were left in the discovery cutoff.

<u>Second</u>, Homeland located Ms. Stratton and reached out to her directly within days of September 28, 2022, and was informed soon thereafter by CPL's counsel that Ms. Stratton, presumably in response to Homeland's email and call, had reached out to CPL.  According to CPL, it was in contact with Ms. Stratton via her own counsel.

<u>Third</u>, given Ms. Stratton's status as a former CEO and control group member with (a) potentially relevant and attorney-client privileged knowledge, and (b) knowledge that may be binding on CPL and case dispositive, Homeland was rightly cautious in reaching out to her directly after CPL initially informed it that it was working with Ms. Stratton and would accept service on her behalf, and again when CPL stated it received word from Ms. Stratton via her counsel in October of 2022. *See e.g., Orchestrate HR, Inc. v. Trombetta,* 178 F. Supp. 3d 476, 487 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta,* No. 3:13-CV-2110-KS-BH, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016) (imposing sanctions where counsel contacted a former employee despite representations from the opposing party that the former employee should be contacted through them and the former employee may be represented); Model Rules of Prof'l Conduct R. 4.2 cmt. 7 (2005) (warning that the rule prohibits contact with any represented organization's "constituent" who "has authority to obligate the

organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil" liability)

Fourth, Homeland repeatedly checked-in with CPL regarding Ms. Stratton's status and in October of 2022 specifically asked for her counsel's information if, in fact, CPL was not ultimately representing her for purposes of her deposition.

Fifth, as soon as CPL informed Homeland that it actually was not coordinating with Ms. Stratton and that Ms. Stratton may or may not be represented, CPL issued a subpoena and again attempted to reach out to Ms. Stratton.  Because CPL and Homeland had scheduled (or rescheduled) numerous depositions for the final week before the discovery cutoff, Homeland indicated on the subpoena that Ms. Stratton's deposition would be taken *two business days* after the cutoff date when the parties could both actually attend another deposition.  Homeland also requested that CPL agree to this very minor delay according to Local Court Rule CV 16(e), which allows for "unopposed discovery" after the cutoff date if it "does not delay other pretrial preparations or the trial setting."  There is simply no way two business days' would impact CPL's pretrial preparations or the trial date which is in February of 2023, but CPL refused.

Finally, when Homeland learned that CPL would not agree to Ms. Stratton's deposition two business after the cutoff date, it promptly moved for leave of this Court.  Under these circumstances, the first factor strongly weighs in favor of finding "good cause."

**B.   Factor Two: The Importance of Ms. Stratton's Testimony.**

This case turns on whether CPL was aware (and, with respect to the prior knowledge exclusion in particular, whether its "executives" were aware) of potentially misread slides in the CervicalCheck program before it purchased the relevant coverage.  (*See* Dkt. 1).  Ms. Stratton is one of those few executives.  She is also an executive who appears on a number of emails, demonstrating that she had conversations about the CervicalCheck program with numerous people during relevant timeframes, including MedLab who submitted the bulk claim notice in 2016.  Brooks Decl., ¶ 11.

Ms. Stratton's testimony was made even more relevant by Ms. Sheridan Foster's recent deposition of October 25, 2022, in which she identified Ms. Stratton as the *only person* she contacted to verify the accuracy of the 2016 warranty letter before instructing Mr. Shumpert to sign it. Brooks Decl., ¶ 12. Ms. Foster's apparently belief that Ms. Stratton's knowledge was comprehensive demonstrates her potential importance as a witness. Thus, Ms. Stratton – as the only former executive who apparently is not going to be represented by CPL – may have highly relevant and potentially case dispositive information under the prior knowledge exclusion, or because her knowledge can be imputed to CPL.

Because Ms. Stratton's testimony is highly relevant to Homeland's case, factor two also weighs heavily in favor of finding good cause. Ms. Foster's testimony shows that she, the Risk Manager for Sonic Healthcare USA, believed Ms. Stratton was likely the most knowledgeable person at CPL about Irish claims. She's the one person Sheridan spoke to.

### C. Factor Three: CPL Will Suffer No Prejudice.

CPL was aware that Homeland believed Ms. Stratton's testimony was relevant and that Homeland would be deposing Ms. Stratton since early 2022. Indeed, CPL must have been in contact with Ms. Stratton and discussed this case when it received authority to accept service for her in January. There is no argument that this is a "surprise" such that CPL is prejudiced by the deposition now. Furthermore, Homeland's taking of Ms. Stratton's deposition a mere two business days after the close of discovery also cannot, under any plausible scenario, prejudice CPL's development of its case or time before trial. The complete lack of prejudice to CPL likewise weighs in favor of good cause.

### D. Factor Four: There is No Prejudice, So A Continuance Is Not Even Necessary.

If any prejudice existed, a continuance could very well "cure" it. However, a two business day delay cannot and will not result in any prejudice to begin with, so Homeland does not believe any continuance of other dates or deadlines is necessary.

For these reasons, Homeland has demonstrated "good cause" for the slight modification to the scheduling order for the sole purpose of conducting one deposition days after the cutoff date.

By: /s/ *John T. Brooks*
John T. Brooks (CA Bar #167793)
Jared K. LeBeau (CA Bar #292742)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
Telephone: (619) 338-6500
Fax: (619) 234-3815
jbrooks@sheppardmullin.com
jlebeau@sheppardmullin.com
*Admitted Pro Hac Vice*

Joseph R. Little (#784483)
The Little Law Firm
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone: (713) 222-1368
Fax: (281) 200-0115
jrl@littlelawtexas.com
 *Attorneys for Plaintiff Homeland Insurance*
 *Company of New York*

## **CERTIFICATE OF CONFERENCE**

I hereby certify that, consistent with Local Rule CV-7(g), counsel for Defendants and counsel for Plaintiff conferred regarding the matters that are the subject of this motion.

*/s/ John T. Brooks*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of this document was served upon counsel of record for all parties who have made an appearance in this case at the addresses indicated by CM/ECF electronic notification and email on this 28th day of October, 2022.

*/s/ John T. Brooks*