IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>             Plaintiff,<br><br>    v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC., SONIC HEALTHCARE USA, INC.,<br><br>             Defendants. | CIVIL ACTION NO. 1:20-cv-783-RP |

### Homeland Insurance Company of New York's Response to Defendants' Motion to File a Sur-reply

Sur-replies are "highly-disfavored," and courts only permit them in "exceptional or extraordinary" circumstances. *Lacher v. West,* 147 F. Supp. 2d 538, 540 (N.D. Tex. 2001). No such "exceptional" or "extraordinary" circumstances exist here for two reasons.

<u>First</u>, Homeland's counsel raised the untimeliness issue before Defendants filed their response briefs, so Defendants could have addressed the issue in their response brief. *Sidbury v. Dun & Bradstreet Emerging Businesses Corp.,* No. 1:19-CV-865-RP, 2020 WL 10758104, at *1 (W.D. Tex. May 27, 2020) (A sur-reply is not proper where, as here, the party seeks leave to argue a point that it had an opportunity to address in the "manner that the motion-response-reply framework contemplates."). Because Defendants chose not to do so (whether consciously, hoping that Homeland would drop the issue, or unconsciously) does not mean that they were without an opportunity within the normal motion-response-reply framework.

<u>Second</u>, Defendants' sur-reply is unnecessary because, contrary to their assertion, Homeland's reply briefs did not contain a "misstatement." A party's response to a "discovery or case management motion," such as Plaintiff's Motions to Compel (Dkts. 151-152), are due "not

later than 7 days after the filing of the motion." Local Rule CV-7(d)(2). There is no dispute that Defendants did not file their response to Homeland's first Motion to Compel until more than twenty-four days after it was originally filed, or their response to Homeland's second Motion to Compel until more than fifteen days after it was originally filed.

Defendants cite Local Rule CV-7(b) as justification for their belated filing, but that rule is not applicable to the situation at hand. Local rule CV-7(b) states:

- Leave to File. When a motion for leave to file a pleading, motion, or other submission is _**required**_, an executed copy of the proposed pleading, motion, or other submission shall be filed as an exhibit to the motion for leave. Unless otherwise ordered, if the motion for leave is granted, the clerk shall promptly file the pleading, motion, or other submission. **After leave is granted, any applicable time limits triggered by the pleading, motion, or other submission shall run from the filing of the pleading, motion, or other submission by the clerk or otherwise**

This rule will clearly apply, for example, when a party seeks to file an amended complaint under Federal Rule 15(a)(2), which only allows such a pleading "with the opposing party's written consent *or the court's leave*." In other words, the moving party clearly has to request permission to file such a pleading, which may or may not be given. It wouldn't make sense to require the opposing party to file a response to a pleading that may not be filed in the first place, so CV-7(b) addresses that issue.

Unlike an amended pleading after the relevant deadline, Homeland was not "required" to seek leave to file motions to compel, and as a result, Defendants' response time was not modified by Local Rule CV-7(b).

Homeland only submitted its motions to compel as exhibits to sealing motions: (a) to protect CPL's defense in the underlying Irish Litigation, and (b) in accordance with the parties' Agreed, Confidentiality, Protective, and Non-Waiver Order (the "Confidentiality Order"). The Parties' Confidentiality Order states in relevant part: "The clerk of this court is directed to maintain under seal all documents, transcripts or deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated in whole or in part, as Classified Information by any party to this litigation consistent

with the sealing requirements of the court." (Dkt. 40 at p. 8).  It did not do so because a court rule "required" that it be done in that manner.

Indeed, local rule CV 5.2 (which governs when parties may want to file "sealed documents") reinforces that fact. CV 5.2 does not require a party to seek permission to file the subject motion in the first place.  It only indicates that if "a party may need to submit a sealed document for consideration of the court" it should file the "sealed document" as a "exhibit to a motion requesting permission to <u>keep</u> the document under seal."  If the leave to keep the document under seal is not granted, a party can still move forward with the motion regardless.

Furthermore, Homeland was required to (and in fact did) serve a copy of the motions to compel on Defendants' counsel when Homeland filed them in compliance with CV-5.2 ("Counsel for a party moving to keep any document under seal is responsible for serving a copy of the sealed document on all counsel of record.").  Thus, if Defendants' interpretation is correct, Homeland's filing under seal in compliance with the Confidentiality Order would provide Defendants' with weeks of extra time to formulate a response to the motions to compel.  This cannot be how local rule CV-7(b) was intended to operate.

Defendants appear to have agreed with Homeland up until now.  For example, Homeland filed its Motion for Leave to File Its Response to CPL's Motion to Contest Homeland's Clawback Request on July 22, 2022. (Dkt. 116).  Homeland served Defendants' counsel a copy of its response brief filed as an exhibit to the sealing motion as required by the local rules that day. Homeland's sealing motion was subsequently granted on July 25, 2022 (so three days later) and Homeland filed a redacted version of the same motion on August 1, 2022.  (Dkt. 118). CPL did not take the position that the seven day period for their reply under local rule CV-7(e)(2) ran from when the motion for leave to file the sealed document was granted on July 25, 2022, and instead correctly filed its reply seven days after it was initially served on July 22, 2022. (Dkt. 121) For these reasons, Defendants' motion to file a sur-reply does not present "exceptional" or "extraordinary" circumstances, and should be denied.

By: */s/ John T. Brooks*
John T. Brooks (CA Bar #167793)
Jared K. LeBeau (CA Bar #292742)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
Telephone:  (619) 338-6500
Fax:  (619) 234-3815
jbrooks@sheppardmullin.com
jlebeau@sheppardmullin.com
*Admitted Pro Hac Vice*


Joseph R. Little (#784483)
The Little Law Firm
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone:  (713) 222-1368
Fax:  (281) 200-0115
jrl@littlelawtexas.com
 *Attorneys for Plaintiff Homeland Insurance*
 *Company of New York*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of this document was served upon counsel of record for all parties who have made an appearance in this case at the addresses indicated by CM/ECF electronic notification and email on this 31st day of October, 2022.

                                                      */s/ John T. Brooks*