**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>              Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC. SONIC HEALTHCARE USA, INC., MEDLAB PATHOLOGY, SONIC HEALTHCARE (IRELAND) LIMITED, AND SONIC HEALTHCARE LIMITED.<br><br>              Defendants. | CIVIL ACTION NO. 1:20-cv-783 |

**<u>HOMELAND INSURANCE COMPANY OF NEW YORK'S OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE DENYING ITS MOTION FOR LEAVE TO AMEND ITS PLEADINGS</u>**

As set forth below, the Magistrate Judge's Report and Recommendation ("R&R") to deny Homeland's Motion for Leave to File A Third Amended Complaint and First Amended Answer to add the word "fortuity" (Dkt. 161) commits plain errors of law by (a) fundamentally misunderstanding the reasons for Homeland's motion to amend; (b) misapplying Texas law; (c) rendering findings unsupported by any evidence; and (d) violating the very purpose of the federal rules by turning this case into a "technical exercise in the fine points of pleading."[1]

---

[1] Homeland reiterates that it believes its pleadings sufficiently set forth the fortuity doctrine by stating every single factual predicate for the doctrine's application, and requesting a declaratory judgment based on CPL's prior knowledge.  However, Homeland understands that the Court agrees with the Magistrate Judge that a more specific pleading was required, necessitating its motion to amend.

Because the R&R would wrongly deprive Homeland of a significant, potentially case dispositive alternative theory of recovery if adopted by this Court, Homeland objects.

## Argument

As the R&R recognizes, courts generally apply the following factors to determine whether "good cause" exists for a party to amend its pleadings: (1) the party's explanation; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  (Dkt. 161 at 5).  "Absent *any* of these factors, the leave sought should be freely given." *Smith v. EMC Corp.,* 393 F.3d 590, 595 (5th Cir. 2004) (emphasis added).

The R&R does not dispute that the above is the standard by which its analysis should be guided, but misunderstands Homeland's arguments, misapplies the law, and assumes prejudice and surprise with no basis in fact or evidence.  Because each factor actually weighs in favor of allowing Homeland's minor amendments to add the phrase "fortuity doctrine" to its complaint and answer as explained below, the R&R should not be adopted by this Court.[2]

### A. Explanation.

The R&R does not fairly characterize Homeland's legitimate reason for moving to amend, misapplies the law, and ignores that, at best, Homeland made an "unintentional, technical pleading mistake" which actually supports a finding of good cause.

First, the R&R finds Homeland's explanation insufficient because it was "aware of the facts underlying its fortuity doctrine defense theory from the time it filed its original complaint,"

---

[2] In ruling on objections to an R&R, the district judge applies a *de novo* standard, *i.e.,* giving "no deference" to the  magistrate court's "analysis and conclusions." *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1295 (11th Cir. 2001) (*citing Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1210 (7th Cir. 1984)); FRCP 72(b)(3).  The district court is in an "appellate" role when reviewing the magistrate's findings and recommendations; its function is to "correct those rulings made by the magistrate when the litigant has identified a possible error." *U.S. v. Remsing*, 874 F.2d 614, 616 (9th Cir. 2989).

but did not move to amend until after the Magistrate Judge's R&R Granting In-Part CPL's Motion for Summary Judgment. (Dkt. 161 at 7.)

But this is precisely Homeland's point.  Homeland – _and CPL_ – were well-aware of every single fact underlying Homeland's invocation of the doctrine from the outset of this litigation. (_See_ Dkt. 1). As soon as the Magistrate Judge found that Homeland needed to apply the label "fortuity" to those facts, Homeland immediately moved to amend.  The R&R's circular reasoning turns Homeland's good cause explanation on its head.[3]

Second, to supports its position, the R&R cites case law where the movant "failed to demonstrate that **_facts and allegations_** pleaded in his third amended complaint were unavailable when filing the previous three complaints" and where "plaintiff was aware of **_facts underlying the claim_** at the time it filed its complaint."  (Dkt. 161 at 7, citing _Olivarez v. T-mobile USA, Inc._, 997 F.3d 595, 602 (5th Cir.) and _S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA_, 315 F.3d 533, 536 (5th Cir. 2003) (emphasis added).  These cases, too, demonstrate that the R&R is based on errors of law.  Unlike _Olivarez_ and _S&W_, it is not as if Homeland was aware of facts necessary to raise a new doctrine when it originally filed this suit, but failed to plead those facts

---

[3] Indeed, courts generally grant motions to amend when the proposed amendment would merely propose alternative legal theories for recovery based on the same underlying facts.  _See, e.g., McCarty v. Bigge Crane & Rigging Co._, No. 5:16-CV-268, 2017 WL 10153538, at *2 (S.D. Tex. June 9, 2017) (granting leave to amend when the defendant conceded "the proposed amendment adds nothing to the facts pleaded in the original complaint, but rather merely places different labels on the same conduct" (cleaned up)); _Garza v. Nationstar Mortg., LLC_, No. 7:14-CV-48, 2014 WL 12599350, at *5 (S.D. Tex. Apr. 22, 2014) (granting leave to amend because the amendment sets forth "an alternative legal theory based on the existing facts" but denying leave to amend with respect to an "amendment [that] would not rely upon the same underlying facts"); _Rangel v. Gonzalez Mascorro_, No. 5:10-cv-104, 2011 WL 13353220, at *1–2 (S.D. Tex. Aug. 19, 2011) (granting leave to amend to "add causes of action for gross negligence and negligence _per se_" because "the contested claims and defenses do not fundamentally alter the nature of the case, but rather, merely propose a legal theory for recovery on the same underlying facts"); _Valdez v. Capital Mgmt. Servs., LP_, No. 1:09-CV-246, 2010 WL 11665010, at *4 (S.D. Tex. Aug. 20, 2010) (granting leave to amend when "[t]he facts underlying [the] amendment were provided to the defendants in the first amended complaint; [the amendment] arises out of the same events that gave rise to this lawsuit; and it merely adds an alternative statutory theory for recovery" and "the added allegations are not based upon previously unknown factual assertions").

or give CPL notice.  To the contrary, Homeland pled all the facts, and nothing about the facts of this case would change by granting the amendment -- Homeland's case has always turned on whether CPL knew or should have known about the Irish cases before purchasing the relevant coverage (i.e., whether the loss was "fortuitous").  The cases cited by the R&R are simply inapposite, and in fact demonstrate why Homeland satisfies the good cause standard.

Third, the R&R also rejects Homeland's explanation by finding that Homeland must have known that it had to explicitly "plead the fortuity defense as a claim or affirmative defense" because it filed "two previously lengthy amended complaints," and "has asserted twenty separate affirmative defenses to CPL's counterclaims." But this finding assumes a correlation when there is none.  It does not follow that Homeland must have understood it had to use the word "fortuity" just because it abundantly pled facts in its complaint and asserted a number of defenses. To the contrary, Homeland's prior pleadings and the Federal Rules of Evidence actually support the opposite.  Courts generally find pleadings sufficient when facts are alleged upon which relief can be granted, regardless of the specific legal theories pled.  *See e.g., Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 604 (5th Cir.1981) (the complaint must only "allege[] facts upon which relief can be granted," and is sufficient "even if it fails to categorize correctly the legal theory giving rise to a claim."); *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("An affirmative defense is subject to the same pleading requirements as is the complaint."); *Taylor v. HD & Assocs., L.L.C.,* No. 20-30815, 2022 WL 3368071, at *3 (5th Cir. Aug. 16, 2022) ("a defendant must affirmatively state an affirmative defense in its response with 'enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced.'"); *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("[T]he relaxed notice pleading standards of Federal Rule of Civil Procedure 8 is to prevent parties from being defaulted for

committing technical errors.").  Against that backdrop, Homeland reasonably concluded that its

pleadings adequately preserved the doctrine. Again, Homeland pled a litany of facts

substantiating its allegation that CPL's loss was not "fortuitous."  Based on those facts and

allegations, Homeland sought a declaration of non-coverage in its complaint. In addition,

Homeland denied CPL's allegations in its counter-claim related to its innocence; for example,

Homeland specifically stated in its answer: (a) Denied that [2018] was the first time CPL was on

notice of, aware of, or otherwise had constructive knowledge of these same claims and lawsuits,

and (b) Admitted that Homeland's coverage position was based, in part, on CPL misstating the

extent of its knowledge of the potential for additional claims against it, including the ICC claims.

(Dkt. 53 at 4).  Homeland likewise asserted several affirmative defenses, listing, for example,

concealment, condition precedent, unclean hands, and that coverage may be "barred . . .by one or

more . . .limitations contained within the Policies" (which all touch on CPL's prior knowledge

and the inherent requirement of fortuity in insurance contracts). Thus, the fact that Homeland

pled all facts supporting the doctrine, and sought declaratory relief and raised multiple defenses

all sounding in a lack of fortuity, actually supports that Homeland reasonably believed its

pleadings were sufficient under the federal pleading standards until the Magistrate Judge's R&R

Granting-In Part CPL's Motion for Summary Judgment.

Finally, the R&R ignores what Homeland's inadvertent failure to use the specific word

"fortuity" actually is – at best, an "unintentional, technical pleading mistake," which actually

supports a finding of good cause under Texas law.  *See e.g., Texas Indigenous Council v.

Simpkins,* 544 F. App'x 418, 421 (5th Cir. 2013) (reversing the district court and finding that a

motion to amend should have been granted under Rules 16(b) and 15(a) where the plaintiff's

"failure to specifically cite § 1983 was at best an unintentional, technical pleading mistake, which the officers did not raise until after it was too late for Diaz to cure the defect.").[4]

## B. Importance of the Amendment.

The R&R's finding relative to the importance of the amendment is based on the same flawed logic.  The R&R states that because "the lengthy delay undercuts Homeland's assertions concerning the importance of the fortuity doctrine to this case, the Court finds the second factor to be neutral."  (Dkt. 161 at 7).  Again, if Homeland knew that it must use the word "fortuity" to preserve its ability to argue this significant and potentially case dispositive doctrine earlier, it would have moved to amend at that time.  Homeland reiterates that the fortuity doctrine, as the R&R recognizes, "turns on the same factual allegations as the Prior Notice and Prior Knowledge Exclusions," but – importantly – the doctrine sounds in public policy rather than contract, and as a result, it is not subject to CPL's hyper-technical contract-based arguments (*i.e.*, whether the 2016 warranty letter was "incorporated" into the 2017 policy, or whether it was "attached" to the policy per Condition R).  (Dkt. 161 at 7.)

## C. Prejudice to CPL.

The R&R's finding that Homeland's amendment would constitute unfair surprise that would prejudice CPL is not based on any fact or evidence, and simply does not reflect the realities of this case.

---

[4] The R&R's passing citation to *Avialae S De RL De CV v. Cummins Inc*, No. EP-19-CV-380-PRM, 2020 WL 7488177, at *3 (W.D. Tex. Aug. 24, 2020) has no relevance to its ruling.  There, the moving party was seeking to "resurrect four breach of contract claims" arising from certain projects that the Court already dismissed before the motion to amend was filed.  The moving party had not committed an unintentional pleading mistake; indeed, allowing another amendment would be plaintiff's "sixth shot at pleading" in "two separate cases" relating to the specific claims at issue.

Neither the R&R *nor CPL* cited any actual <u>evidence</u> of prejudice or surprise.  That is because none truly exists.  CPL could not have been surprised, let alone "unfairly" surprised, given that Homeland's entire case has always been premised on the assertion that CPL knew of the Irish CervicalCheck claims before purchasing the relevant coverage.

Furthermore, because CPL concedes (and the R&R recognizes) that the *facts* underlying the fortuity doctrine and Homeland's other defenses such as the prior knowledge exclusion are the same, no additional discovery is needed.

The R&R raises the potential cost to CPL of filing another summary judgment motion as prejudice.  But the fact that CPL would have to defend against a meritorious claim cannot serve as a justification for depriving Homeland of asserting its claim in the first place.  Especially given that courts' desire to adjudicate cases on the merits, the R&R's findings are contrary to law.  *Doe v. Beaumont Indep. Sch. Dist.,* No. 1:21-CV-00132, 2022 WL 2783047, at *6 (E.D. Tex. July 14, 2022) ("pleading standard[s] should not be robotically applied, however, so as to overwhelm a plaintiff's right to adjudicate her claim on the merits – a right guarded jealously by the courts.").

### D. Availability of a Continuance to Cure Such Prejudice.

The R&R dismisses the possibility of a continuance to cure any potential prejudice because it would cause "unnecessary costs and delay."  (Dkt. 151 at 8.) However, the R&R does not explain *how* CPL would incur additional costs given that there is no evidence that additional discovery would be needed (and CPL was likewise unable to articulate the same).  Additionally, the R&R ignores that delay is not necessary.  Indeed, the parties' dispositive motion date has not passed and neither the R&R nor CPL identified a single additional fact needed to determine the merits of the doctrine here.  Moreover, even if the dispositive motion date were extended to

provide additional time for CPL to file any motion it desired, the current trial schedule could accommodate that as trial is not scheduled until February 27, 2023.  (Dkt. 123, Amended Agreed Scheduling Order.)

### E. Purpose of Federal Rules.

At a fundamental level, the R&R's conclusion is in error because it cuts against very purpose of the federal rules by denying Homeland the ability to argue a significant alternative theory of recovery which was very clearly at the heart of its case from the initiation of this lawsuit.  Federal Rules 15(a) or 16(b) are meant to "permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Texas Indigenous Council v. Simpkins*, 544 F. App'x 418, 421 (5th Cir. 2013).  *See also*, *Foman v. Davis*, 371 U.S. 178, 181–82, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) (reversing the district court's order denying a motion to amend to add a new theory based on the same facts already pled because it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.").

The R&R does exactly what the federal rules prohibit.  If the R&R is adopted by this Court, Homeland will be deprived of an adjudication on the merits – despite the fortuity doctrine's straightforward application in this case, without any evidence of prejudice to CPL by allowing the amendment, and where CPL was aware of every fact underlying the doctrine's application from the outset of litigation – simply because of a mere technical deficiency that could be cured by adding the single phrase "fortuity doctrine" to its pleadings.

For all of these reasons, Homeland respectfully requests that the Court decline to adopt the Magistrate Judge's Report and Recommendation Denying Homeland's Motion for Leave to File Its Third Amended Complaint and First Amended Answer.

Respectfully submitted this 2nd day of November, 2022.

By:

*/s/ John T. Brooks*
John T. Brooks (CA Bar #167793)
Jared K. LeBeau (CA Bar #292742)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
Telephone:  (619) 338-6500
Fax:  (619) 234-3815
jbrooks@sheppardmullin.com
jlebeau@sheppardmullin.com
*Admitted Pro Hac Vice*

Joseph R. Little (#784483)
The Little Law Firm
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone:  (713) 222-1368
Fax:  (281) 200-0115
jrl@littlelawtexas.com
 *Attorneys for Plaintiff Homeland Insurance*
 *Company of New York*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of this document was served upon counsel of record for all parties who have made an appearance in this case at the addresses indicated by CM/ECF electronic notification on this 2nd day of November 2022.  I declare under penalty of perjury that the foregoing is true and correct.


*/s/ John T. Brooks*