**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>      Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC., AND SONIC HEALTHCARE USA, INC.,<br><br>      Defendants. | CIVIL ACTION NO.: 1:20-cv-783 |

<u>**DECLARATION OF GREG VAN HOUTEN IN SUPPORT OF DEFENDANTS'**</u>
<u>**RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE NON-PARTY**</u>
<u>**MS. NANCY STRATTON AFTER THE DISCOVERY DEADLINE**</u>

1.      My name is Greg Van Houten. I am over the age of 21, am of sound mind, have never been convicted of a felony and am fully capable of making this declaration. All the statements in this declaration are based on my personal knowledge. The statements contained herein are true and correct.

2.      I am an Associate with the law firm of Haynes and Boone, LLP, attorneys of record for Defendants Clinical Pathology Laboratories, Inc. ("CPL") and Sonic Healthcare USA, Inc. ("SHUSA," together with CPL, the "Defendants").

3.      I am admitted *pro hac vice* for this case.

4.      In July 2013, Ms. Nancy Stratton communicated with who would later be Plaintiff's initial lead-claims handler on the Irish CervicalCheck Claims, Ms. Daniele Freaner.  In that July 2013 communication, Ms. Stratton identified herself as CPL's "Vice President of Quality Improvement and Risk Management." A true and correct copy of this communication, which is Bates stamped as DEF-CPL_0000062071, is attached hereto as <u>**Exhibit A**</u>.

5.      On September 18, 2019, Mr. Mark Beaman, outside counsel for Defendants, sent Homeland a letter stating that Ms. Stratton was involved with the diligence associated with the July 2016 representation letter that is at the heart of Plaintiff's case. A true and correct copy of this letter, which is Bates stamped DEF-CPL_0000071958, is attached hereto as **Exhibit B**.

6.      According to our document database, which stores all documents produced in this action, I can report that, by the end of November 2021, CPL had produced in this action 777 documents mentioning Ms. Stratton.

7.      On January 18, 2022, Plaintiff sent Defendants deposition notices and subpoenas for, among other individuals, Ms. Stratton, via e-mail.  In that e-mail, Plaintiff acknowledged that, because Ms. Stratton was a former employee of Defendant Clinical Pathology Laboratories, Inc. ("CPL"), counsel for Defendants may not be able to accept service on Ms. Stratton's behalf.  A true and correct copy of this communication, which is an e-mail chain between counsel, is attached hereto as **Exhibit C**.

8.      On January 19, 2022, I indicated that Defendants could accept service for Ms. Stratton, but indicated that the parties should meet and confer regarding depositions *after* Plaintiff completed its document production.  A true and correct copy of this communication, which is an e-mail chain between counsel, is attached hereto as **Exhibit D**.

9.      In early July 2022, the parties began to discuss scheduling depositions in earnest. In a July 8, 2022 e-mail, Plaintiff stated in an e-mail that it "would like to schedule the depositions of Stephen Shumpert [the former President of CPL], Sheridan Foster [a former SHUSA employee], Jakob Onken [a former insurance broker with Aon], and Abby Bell [a former insurance broker with Aon]."  Plaintiff did not identify Ms. Stratton.  A true and correct copy of this communication, which is an e-mail chain between counsel, is attached hereto as **Exhibit E**.

10.     On July 18, 2022, Plaintiff identified eleven additional individuals that it may want to depose, but none were Ms. Stratton.  A true and correct copy of this communication, which is an e-mail chain between counsel, is attached hereto as **<u>Exhibit F</u>**.

11.     From late July into early September of 2022, the parties continued to correspond regarding prioritizing certain depositions.  During this span of nearly three months, Plaintiff never brought up Ms. Stratton. A true and correct copy of communications supporting this proposition, all of which are e-mails between counsel, are attached hereto as **<u>Exhibits G and H</u>**.

12.     On September 23, 2022, Plaintiff reached out to Defendants attempting to schedule the deposition of Ms. Stratton.  A true and correct copy of this communication, which is an e-mail chain between counsel, is attached hereto as **<u>Exhibit I</u>**.

13.     Shortly thereafter, counsel for Defendants tried to reach Ms. Stratton by phone to discuss Plaintiff's request.  Despite several attempts, Ms. Stratton did not answer her phone.

14.     So, on September 29, 2022, I e-mailed Plaintiff and indicated that "[w]e do not represent Ms. Stratton at this time, and so cannot accept service of a subpoena for her deposition." *See supra* Ex. I.

15.     On October 4, 2022, I sent a comprehensive deposition schedule to Plaintiff that listed all the potential depositions the parties had been discussing.  Because Plaintiff had not mentioned connecting with Ms. Stratton and otherwise had not stated whether it would attempt to serve Ms. Stratton with a subpoena, I wrote in that schedule "TBD" next to Ms. Stratton's name. A true and correct copy of this communication is attached hereto as **<u>Exhibit J</u>**.

16.     On October 4, 2022, or October 5, 2022, Mr. Paul Fenn, an attorney who practices in Baltimore, Maryland, called me and stated that Ms. Stratton had retained him with regards to this action.  I did not learn this information from Ms. Stratton herself and in fact have never spoken

with Ms. Stratton.  And no counsel for Defendants have spoken with Ms. Stratton—at all—in 2022.

17.     On October 11, 2022, I e-mailed Plaintiff with another version of the comprehensive deposition schedule.  Having heard nothing from Plaintiff regarding Ms. Stratton, I added a question mark next to her name and wrote:  "Nancy Stratton – TBD?"  Later that day, Plaintiff acknowledged that Ms. Stratton had independent counsel, asked Defendants if they had an update, and then asked if Defendants would share Ms. Stratton's counsel's information.  *See supra* Ex. J.

18.     Shortly thereafter, I shared Ms. Stratton's counsel's information with Plaintiff's counsel during a telephone conference.

19.     On Monday, October 24, 2022—four days before the close of discovery—Plaintiff sent Defendants, but not Ms. Stratton's counsel, a notice of a deposition and subpoena for the deposition of, Ms. Stratton.  A true and correct copy of this communication, which is an e-mail chain between counsel, is attached hereto as **Exhibit K**.

20.     The notice and subpoena called for Ms. Stratton to be deposed on November 1, 2022—*i.e.*, *after* the October 28, 2022 discovery deadline.  True and correct copies of these documents are attached hereto as **Exhibit L**.

21.     Plaintiff did not conference with Defendants before e-mailing Defendants a notice and subpoena that called for Ms. Stratton's deposition to be held after the close of discovery.  Thirty minutes after receiving that e-mail, I responded on behalf of Defendants and asked: "What is the basis for convening a deposition after the close of fact discovery?"  Plaintiff did not respond. *See supra* Ex. K.

22.     Three days later, on October 27, 2022—the day before the discovery deadline—Ms. Stratton's counsel indicated during a telephone conference that Ms. Stratton had been served with a subpoena earlier that day.  Plaintiff did not disclose this to Defendants on October 27, 2022.

23.     As of the day discovery closed, October 28, 2022, Plaintiff had still not responded to my e-mail asking for the basis for convening a deposition after the close of discovery and for confirmation that Ms. Stratton had been served.

24.     So, on October 28, 2022, I e-mailed Plaintiff, again, asking for the basis for the late subpoena, confirmation of service, and whether Plaintiff would withdraw the subpoena since it called for a deposition after the close of fact discovery.  Plaintiff responded that night, hours before the discovery deadline lapsed, stating that Ms. Stratton had been served and that Plaintiff believed it had "good cause" to conduct her deposition after the October 28, 2022 discovery deadline.  *See supra* Ex. K.  Plaintiff didn't specify what that "good cause" was.  *See id.*

25.     Later that evening, Defendants' counsel alerted Plaintiff of Local Rule CV-16(e), which provides that "[n]otices served before the discovery deadline that purport to schedule depositions after the discovery deadline will not be enforced."  Defendants correspondingly requested that Plaintiff withdraw its subpoena.  Defendants further indicated that, if Plaintiff did not withdraw the subpoena, then Defendants would be forced to file a motion to quash and for protective order.  *See id.*

26.     Plaintiff did not respond, and instead, a few hours before the deadline, filed an Opposed Motion for Leave to Depose Nancy Stratton After the Discovery Deadline.  [Dkt. 167].

*        *        *

Dated:  November 4, 2022

Respectfully submitted,

By: /s/ *Greg Van Houten*

Ernest Martin, Jr. [Bar No. 13063300]
Greg Van Houten*
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
214-651-5651 Direct
ernest.martin@haynesboone.com
greg.vanhouten@haynesboone.com
*Admitted Pro Hac Vice*

-and-

Mark T. Beaman [Bar No. 01955700]
Ryan Bueche [Bar. No. 24064970]
GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S Mopac Expy Suite A400
Austin, TX 78746
512-482-3504 Direct
mbeaman@germer-austin.com
rbueche@germer-austin.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that, consistent with Local Court Rule CV-5, a true and correct copy of the foregoing was sent to all parties of record pursuant to the Electronic Filing Procedures and the Federal Rules of Civil Procedure on this 4th day of November 2022.

/s/ *Greg Van Houten*
Greg Van Houten

# EXHIBIT A

| | |
|---|---|
| **From**: | Freaner, Daniele M. [DFreaner@onebeaconpro.com] |
| **Sent**: | 7/22/2013 5:37:00 PM |
| **To**: | Sheridan Foster [sfoster@sonichealthcareusa.com] |
| **CC**: | Nancy Stratton [nstratton@cpllabs.com] |
| **Subject**: | RE: Getting Together |

Thank you, Sheridan.

Daniele Freaner
Senior Health Care Claims Specialist
**OneBeacon** Professional Insurance ™

781.332.9418 t
512.705.4820 c            dfreaner@OneBeaconpro.com
877.256.5067 f

3839 Dry Creek Drive #246
Austin, TX 78731
www.onebeaconpro.com

 If you need to print this email or any attachments, please reuse and recycle the paper.

-----Original Message-----
**From:** Sheridan Foster [mailto:sfoster@sonichealthcareusa.com]
**Sent:** Monday, July 22, 2013 12:36 PM
**To:** Freaner, Daniele M.
**Cc:** Nancy x. Stratton
**Subject:** RE: Getting Together

9200 Wall St., Austin 78754.  We are too!

Sheridan

---

**From:** Freaner, Daniele M. [mailto:DFreaner@onebeaconpro.com]
**Sent:** Thursday, July 18, 2013 10:22 AM
**To:** Sheridan Foster
**Subject:** RE: Getting Together

July 30th works. 10am at the lab (I will need the physical address). Looking forward to it!

Daniele Freaner
Senior Health Care Claims Specialist
**OneBeacon** Professional Insurance ™

781.332.9418 t
512.705.4820 c            dfreaner@OneBeaconpro.com
877.256.5067 f

3839 Dry Creek Drive #246

CONFIDENTIAL

DEF-CPL_0000062071

Austin, TX 78731

www.onebeaconpro.com

If you need to print this email or any attachments, please reuse and recycle the paper.

-----Original Message-----
**From:** Sheridan Foster [mailto:sfoster@sonichealthcareusa.com]
**Sent:** Thursday, July 18, 2013 9:48 AM
**To:** Freaner, Daniele M.
**Subject:** FW: Getting Together

Danielle: After comparing calendars, July 30th or 31st would work best for us – you pick between them.

Sheridan

---

**From:** Nancy Stratton [mailto:nstratton@cpllabs.com]
**Sent:** Tuesday, July 16, 2013 5:25 PM
**To:** Sheridan Foster
**Subject:** RE: Getting Together

Hi Sheridan,

The days that don't work are: Aug 2nd, Aug 5th and Aug 9th.

I am assuming meeting for lab tour around 10AM, then lunch?

Please let me know soon which day – July 30th, 31st, Aug 9th or Aug 7th.

Thanks
Nancy

Nancy Stratton
CLINICAL PATHOLOGY LABORATORIES
Vice President
Quality Improvement and Risk Management

Office: 512.873.1608 Fax: 512.873.5069
9200 Wall Street Austin, Texas 78754
www.cpllabs.com

---

**From:** Sheridan Foster [mailto:sfoster@sonichealthcareusa.com]
**Sent:** Tuesday, July 16, 2013 1:35 PM
**To:** Nancy Stratton
**Subject:** FW: Getting Together

Nancy, Daniele is the new primary contact for us at OneBeacon on PL claims. I'd like to have her tour the lab and have lunch with you and me. Check out her availability below and let me know what dates don't work for you. . .
SF

**From:** Freaner, Daniele M. [mailto:DFreaner@onebeaconpro.com]
**Sent:** Tuesday, July 16, 2013 7:00 AM
**To:** Sheridan Foster
**Subject:** RE: Getting Together

Good morning, Sheridan –

I completely understand. I like to blame the hectic nature of life on the internet.

For the week of July 29th, I am available the 30th, 31st, and the 2nd. The week of August 5th, I am free the 5th-7th and August 9th.

I am looking forward to meeting you and Nancy.

Best regards and happy Tuesday!

Daniele Freaner
Senior Health Care Claims Specialist

**OneBeacon** Professional Insurance ™

781.332.9418 t
512.705.4820 c                                                     | dfreaner@OneBeaconpro.com
877.256.5067 f

3839 Dry Creek Drive #246                                          |
Austin, TX 78731
www.onebeaconpro.com

 If you need to print this email or any attachments, please reuse and recycle the paper.

-----Original Message-----
**From:** Sheridan Foster [mailto:sfoster@sonichealthcareusa.com]
**Sent:** Monday, July 15, 2013 4:53 PM
**To:** Freaner, Daniele M.
**Subject:** Getting Together

Dear Danielle: My sincere apologies for not responding timely to your voice mail about getting together – things just got away from me, unfortunately.

I would relish getting together but probably have limited availability in the next couple of weeks. I would also like to introduce you to Nancy Stratton, VP of Quality and Risk Management at CPL here in Austin. CPL is our "flagship" lab in the US and Nancy is someone you will be interacting with. Of course, hopefully the interaction will not be frequent as we don't want cases to arise for discussion; but Nancy is very interested in forming a good working relationship. What do you have open for the week after next? I think it would be good to get together at the lab for a tour and then lunch. How does that sound to you?

Best Regards,

*Sheridan*

Sheridan Foster, J.D., Senior Vice President

CONFIDENTIAL                                                                                           DEF-CPL_0000062073

Legal Affairs and Risk Management
Sonic Healthcare USA
9737 Great Hills Trail, Suite 100
Austin, Texas 78759
Ph: 512.439.1645  Fax: 512.795.5069

This message contains privileged and confidential information intended only for the use of the addressee named above. If you are not the intended recipient of this message you must not disseminate, copy, or take any action in reliance on it.

DEF-CPL_0000062074

# EXHIBIT B



AUSTIN BEAUMONT HOUSTON
www.germer.com
**MARK T. BEAMAN**
Principal

**Direct Dial: 512.472.0667**
mbeaman@germer-austin.com

September 18, 2019

Mr. John T. Brooks
SHEPPARD MULLIN RICHTER & HAMPTON LLP
501 West Broadway, 19th Floor
San Diego, CA  92101-3598

|        |              |                                                                  |
|--------|--------------|------------------------------------------------------------------|
| Re:    | Insured:     | Clinical Pathology Laboratories, Inc. and Sonic Healthcare USA Inc. |
|        | Policy No.:  | MFL-004062-0617                                                  |
|        | Policy Period: | June 30, 2017 – June 30, 2018                                  |
|        | Underwriters: | Homeland Insurance Company of New York                         |
|        | Matter:      | *Bulk Claim Report/Louise Swift and Michael Gibbons*             |
|        | Claim No.:   | 0AB220536                                                        |
|        | GERMER No.:  | 95856                                                            |

Dear Mr. Brooks:

I am writing on behalf of my client, Clinical Pathology Laboratories, Inc. ("CPL"), in response to your May 31, 2019 and August 12, 2019 correspondence, which continues to assert that Homeland requires additional information to complete its "investigation" of coverage for the Irish litigation claims. CPL notes that Homeland's "investigation" of these claims first began in March 2018—more than seventeen months ago.

CPL has previously and ***repeatedly*** provided sufficient ***relevant*** information responsive to Homeland's requests via correspondence from me dated August 22, 2018, September 6, 2018, September 10, 2018, December 14, 2018, January 4, 2019, January 29, 2019, January 30, 2019, May 1, 2019, and August 5, 2019, as well as countless updates via email from Jakob Onken (with Aon). Nonetheless, in an effort to again push for Homeland's consideration of coverage, CPL provides the following information and documents which are confidential and should not be disclosed to anyone other than Homeland representatives directly handling the CPL claims.

Your May 31, 2019 correspondence asserts that the two most significant potential obstacles to coverage are the prior notice exclusion and Homeland's allegation that false representations were made in the letter from Stephen Shumpert dated July 27, 2016. It appears that Homeland continues to have misunderstandings as to both the facts and law on these issues, as set forth below.

DOCS #1686133

**GERMER BEAMAN & BROWN PLLC**
301 CONGRESS AVE, SUITE 1700 AUSTIN, TX  78701
PHONE: 512.472.0288 • FAX: 512.472.0721

Mr. John T. Brooks
September 18, 2019
Page 2

### Basic Principles of Pap Smear Screening

As explained in CPL's responses to you previously, knowledge of Cancer Audit Reviews ("CARs") would not have been sufficient to alert CPL of the potential for a claim. First, it is well-recognized that cervical cytology has an inherent probability of error. This probability of error is low, but it is well-documented that pap smears have an inherent false positive and false negative rate. False-negative results are, therefore, not uncommon.[1] It is a fact that while cytology laboratories regularly encounter such cases, cases that typically result in litigation are rare. Thus, the discovery of false positive/negative results as a result of a CAR is a routine event which personnel working in cervical screening laboratories would not associate with potential litigation risk.

Second, laboratories throughout the world actively attempt to identify false positive/negative cases through quality assurance auditing processes, of which CARs are an important activity. Laboratories perform these reviews for educational and internal quality improvement purposes only. In this setting, the results of any individual case reviewed, or aggregated data, constitute privileged information. Confidentiality of CARs creates a safe environment in which cytologists can review cases and identify opportunities for improvement of diagnostic performance without fear of legal or other repercussions. Indeed, Texas law provides that records and proceedings of medical peer review committees are confidential and privileged from discovery and subpoena. *See, e.g.,* TEX. OCC. CODE ANN. § 160.007; TEX. HEALTH & SAFETY CODE ANN. §161.032. The legislative intent of these statutes is to foster open, unhindered exchange among medical professionals about the medical competence of their peers, for the purpose of promoting improvement in health care through review, analysis, and evaluation of the work and procedures. On this basis, CPL's knowledge of the existence of a CAR review process would not have been an indication to CPL of litigation risk or potential claims.

Third, CPL was only temporarily involved in the Cervical Check Program to provide support for Med Labs while Med Labs was increasing its capacity to review slides. CPL provided screening services for the Irish Cytology program on a significant basis from August 2010 until January 1, 2013, although after transitioning out of the program it temporarily helped with Med Labs' backlog for two-and-a-half months during the May to July period of 2013. CPL was advised that CARs were for educational purposes only and would not be used for medico-legal purposes. CPL laboratory personnel would not have anticipated the risk of litigation during this period.

### Chronology of Relevant Events

CPL became aware of the *O'Brien* claim—the first Irish pathology cancer claim under the NCSS program—in 2014. CPL promptly tendered the *O'Brien* claim to OneBeacon/Homeland. When CPL was subsequently named as a Defendant in 2016, OneBeacon denied coverage under the

---

[1] Indeed, pursuant to the Clinical Laboratory Improvement Act, laboratories performing pap smear testing are required to include the following statement in their reports to physicians: "The Pap test is a screening test with an inherent, but low probability of error. Your patient should be reminded to consult you immediately if she experiences any suspicious signs or symptoms, regardless of her Pap test result.

DOCS #1686133

                                                                                  DEF-CPL_0000071957

Mr. John T. Brooks
September 18, 2019
Page 3

Policy effective June 30, 2014 to June 30, 2015 because it lacked a worldwide endorsement that would cover claims emanating from Ireland.

CPL's policy was subsequently renewed by OneBeacon to include a worldwide endorsement. In connection with the inclusion of this endorsement, CPL President Stephen Shumpert signed a letter on July 27, 2016 warranting that after a diligent inquiry, he was not aware of any claims against the insured(s) or any facts, circumstance, situation, transaction, event, act, error, or omission that may give rise to a claim with respect to the cervical cytology laboratory screening services conducted between August 1, 2010 and June 30, 2013. Referring to the *O'Brien* matter, Mr. Shumpert further warranted that "all claims and facts, circumstances, situations, transactions, events, acts, errors, or omissions against the insured that may result in a claim have been reported to prior insurance carrier(s)."

Prior to signing the July 27, 2016 letter, Mr. Shumpert consulted with Nancy Stratton who was Vice President of Quality Assurance, and with Sheridan Foster who was SHUSA's Senior Vice President of Legal Affairs and Risk Management. By virtue of their respective positions, it was Ms. Stratton and Ms. Foster's responsibility to coordinate the handling of any professional liability claims against CPL. However, CPL had an excellent performance record relating to pap smear screenings, and Ms. Stratton and Ms. Foster had no knowledge of any claims (other than *O'Brien* which was previously reported to OneBeacon) or of any facts or circumstances that might give rise to a claim with respect to CPL's cytology services. Mr. Shumpert likewise had no independent knowledge of any claims or circumstances.

Unbeknownst to CPL, MedLab had provided a bulk claim notice to its insurer, Vero, in February 2016. MedLab began conducting CARs in 2012 as part of a quality assurance/peer review program. Prior to 2016, the results of the CARs were considered to be for educational purposes and were not disclosed to patients. However, in 2016, the NCSS implemented a protocol change which resulted in CAR results being reported to the patients' treating physicians. See attached February 3, 2016 letter from CervicalCheck to MedLab. MedLab did not apprise CPL of any specific CAR results, that CAR results would be disclosed to patients, or that MedLab had tendered a bulk claim notice to Vero.

On January 26, 2017 (six months after the Shumpert representation letter), Brian Madden of MedLab notified CPL that it had received a request from solicitors at McElhinney & Associates to inspect Charlotte Gavigan's cytology slides and for information regarding the laboratory that reviewed, processed, and reported on the cytology. Mr. Madden advised CPL that Ms. Gavigan had not filed a lawsuit, and there does not appear to be evidence of further communications to CPL regarding a claim by Ms. Gavigan until eighteen months later in June 2018.

On December 5, 2017, Mr. Madden of MedLab notified CPL by email of a lawsuit relating to a cervical screening, and he scheduled a phone call with CPL to discuss the details. During a phone conference two days later, Mr. Madden informed CPL of a claim against MedLab involving a patient that had died, Michelle Curtis. Three of the patient's slides had been screened by CPL and two by MedLab. Mr. Madden provided a brief explanation that the Curtis slides were the subject of a CAR, but it was still CPL's understanding at that point that the CAR was for educational purposes only.

DOCS #1686133

DEF-CPL_0000071958

Mr. John T. Brooks
September 18, 2019
Page 4

**On February 12, 2018**, MedLab provided an update on the *Curtis* matter (via a phone call from Mr. Madden). **During that call, MedLab disclosed generally that CARs had been performed on a number of patient slides, and for the first time, that results of the audit reviews might be made known to the patients**. Specific mention was made of patient Vicky Phelan. Enclosed please find email correspondence dated February 12, 2018 from Karen Pruett (CPL's Director of Quality Improvement) to Sheridan Foster (SHUSA's Senior VP of Legal Affairs and Risk Management) which places the February 12, 2018 phone call from MedLab in context. Specifically, Ms. Pruett's email notes:

> "We had a phone call today with Brian Madden from MLP this morning concerning potential legal risks with Irish paps from 2010-2011 for patient Curtis, Michelle….
>
> It seems as though there may be some more cases out there for this type of review that we will receive from Brian at some point.
>
> What other information would be helpful at this point? Hopefully, we will know something soon about the rescreening service."

Two days later on February 14, 2018, Brian Madden advised that the *Phelan* case—first discussed with CPL on February 12, 2018, was progressing quickly and that CPL would be named as a defendant. Enclosed is email correspondence dated February 14, 2018 from Sheridan Foster to Stephen Shumpert advising of the rapid progression of the *Phelan* case and the need to report the matter immediately to OneBeacon. Ms. Sheridan's email further provides, "Also, if there are more than this one case we're aware of as a 'possible' we'll want to report that to OneBeacon now too."

The email exchanges in February 2018 demonstrate the timing of MedLab's disclosure to CPL of pertinent information regarding the CARs and CPL's understanding of potential claims or circumstances that might lead to potential claims. CPL immediately reported the *Curtis* and *Phelan* matters to OneBeacon/Homeland on February 14, 2018.

On May 1, 2018, MedLab provided CPL with a list of potential claimants who were identified from the CARs. See enclosed email correspondence from Mr. Madden dated May 1, 2018. See also email correspondence from Mr. Madden dated April 30, 2018, indicating:

> I have asked our QA department to summarise all cancer review cases and include result findings. I will forward this list tomorrow morning. This includes the Vero submission in 2016 and any additional reviews carried out since then that have been notified to Vero and Gordon Young. I will ask for the printed reports for each patient to be forwarded over the coming days.

DOCS #1686133

Mr. John T. Brooks
September 18, 2019
Page 5

      CPL promptly filed a bulk claim report with Homeland on May 15, 2018.  CPL has continued to provide additional information to Homeland as it has become available.

### The (D)(2) Notice to Prior Insurer Exclusion

      Your May 31, 2019 letter argues that the (D)(2) prior notice exclusion applies because MedLab submitted a bulk claim report to its insurer, Vero, in March 2016, providing notice of potential claims against MedLab by Ms. Swift and 57 other patients.  Ms. Swift and many of the other claimants have since asserted a claim against CPL, for which CPL provided notice to Homeland in May 2018.  Your argument ignores the facts, the Policy language, and sound case law interpreting the prior notice exclusion.

      The (D)(2) prior notice exclusion reads as follows:

**(D)**    **Exclusions Applicable to All INSURING AGREEMENTS:**

        Except as otherwise expressly provided in this Policy, this Policy does not apply to, and the Underwriter will not pay **Loss** or **Defense Expenses,** for any **Claim** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:

…

      (2)    act, error, omission, **Wrongful Act**, event, suit or demand which was the subject of any notice given under:

           (a)    any medical professional liability or similar policy of insurance or plan or program of self-insurance, with respect to any **Claim** otherwise covered under INSURING AGREEMENT (A);

           (b)    any general liability or similar policy of insurance or plan or program of self-insurance, with respect to any **Claim** otherwise covered under INSURING AGREEMENT (B); or

           (c)    any employee benefit liability or similar policy of insurance or plan or program of self-insurance, with respect to any **Claim** otherwise covered under INSURING AGREEMENT (C);

        in effect prior to the Inception Date set forth in ITEM 2 of the Declarations;

      CPL disagrees that the foregoing exclusion is applicable and that the Vero bulk claim report has any relevance whatsoever to CPL's entitlement to coverage under the Policy.  As noted above, it was not until February 12, 2018 that CPL learned that CAR results might be disclosed to patients because of recent changes in the Cervical Check program.  In May 2018, upon receipt from MedLab of the list of potential claimants identified from CARs, CPL promptly tendered the bulk notice to Homeland.  Accordingly, unlike MedLab, **CPL never submitted any bulk claim report to Vero or any other insurer under any other policy in effect prior to the inception of the Homeland Policy**.

      In response, Homeland has taken the position that the Policy language does not require the prior notice to have been given by a particular insured, and that the exclusion applies if the claim arises out of acts or omissions that were the subject of "any notice" under "any policy."  In support, you cite *Axis Insurance Co. v. HLTH Corp.*, 993 A.2d 1057 (Del. 2010), a case involving different policy language and different facts.  Homeland's conclusion is erroneous for several reasons.

DOCS #1686133

Mr. John T. Brooks
September 18, 2019
Page 6

First, Homeland is attempting to evade critical language included by Homeland in the Policy's Insuring Agreement that renders the exclusion applicable only when prior notice was given for claims that are ***"otherwise covered"*** under the Policy.  However, the claims tendered by MedLab to Vero in March 2016 were not claims "otherwise covered" under the Homeland policy.  MedLab's 2016 bulk notice to Vero concerned claims or potential claims against Medlab.  MedLab is not an insured under the Homeland policy per your June 11, 2018 correspondence written on behalf of Homeland (asserting that "MedLab and Sonic Ireland have not been insured under the above-referenced 'claims made' policy since June 2013, and therefore it is unclear what basis for coverage there could be for these two entities.").  Because the notice given by Medlab to Vero was not for a claim "otherwise covered" under the Homeland policy, the prior notice exclusion is not applicable.  This is a key fact which distinguishes the present matter from the facts in *Axis*.

Second, the notice that MedLab tendered to Vero in March 2016 was for MedLab's alleged wrongful acts.  However, the claims being tendered by CPL under the Homeland Policy are for CPL's own, separate alleged wrongful acts.  Other than being sister companies, CPL and MedLab are two separate defendants being sued for their own conduct, who have tendered claims to their respective insurance carriers.

Third, the prior notice exclusion is premised on the known loss/loss in progress doctrine, but its purpose is not served by applying the exclusion here because CPL had no knowledge of the alleged event which led MedLab to tender notice to its carrier, which was the Irish government's change in policy requiring the disclosure of previously confidential CAR results.

Homeland nonetheless continues to speculate and make assumptions about CPL's prior knowledge.  However, courts have refused to apply the prior notice exclusion based on an insurer's mere speculation about the insured's potential knowledge of prior claims.  For example, in *Lafayette Life Ins. Co. v. Arch Ins. Co.*, 784 F.Supp.2d 1034 (N.D. Ind. 2011), the insured (Lafayette Life Ins. Co.) was granted summary judgment on its breach of contract action against its error and omissions insurer (Arch), who refused to defend or indemnify Lafayette Life in a series of lawsuits alleging wrongdoing by Lafayette Life's sales agent (Kloppe).

Kloppe was alleged to have deceived dozens of people by making false and misleading statements about the policies he sold.  He first contracted with Lafayette Life in April 2006, but prior to, he sold policies for Amerus Life from 2000 to 2004.  Lafayette Life began to receive policyholder complaints about Kloppe's deceptive sales practices shortly after the inception of the Arch E&O policy in March 2008.  Over the next few months, twenty-one claims were made to Lafayette Life; it tendered ten of the claims to Arch.  Shortly thereafter, the attorney representing the policyholders sent a demand letter indicating that he was representing 52 clients against Kloppe and his employers, including both Amerus and Lafayette Life, and that all 52 claims involved the similar conduct.  The attorney's demand letter alleged that Lafayette Life was aware or should have been aware of Kloppe's alleged wrongdoing and that a simple inquiry would have revealed numerous complaints filed against Kloppe with various state agencies.

DOCS #1686133

Mr. John T. Brooks
September 18, 2019
Page 7

Arch denied coverage, eventually relying on two exclusions: (1) a prior notice exclusion that precluded coverage for claims "based upon, arising out of or in any way involving any fact, circumstance, or situation which has been the subject of any written notice given under any policy of which this Policy is a direct or indirect renewal or replacement or which preceded this policy"; and (2) a prior or pending litigation exclusion that precluded coverage for claims "based upon, arising out of or in any way involving any prior or pending litigation against any Insured filed on or before the inception date of this policy...." In support, Arch attached documents regarding claims brought by the Department of Insurance against Kloppe that were defended by another insurer, AAIC, in 2006. Arch argued that the claims against Lafayette Life were "related" because they involved the "common nexus" of Kloppe's deceptive salesmanship. Arch also argued that another plaintiff had filed suit against Kloppe and Amerus prior to the inception of the Arch policy, and that Kloppe's knowledge should be imputed to Lafayette Life.

Lafayette Life brought a declaratory judgment action against Arch and filed a Motion for Summary Judgment. Arch filed a motion for continuance to conduct discovery, admitting that it did not know what Lafayette Life knew about Kloppe and when it knew it. The court refused to impute Kloppe's knowledge to Lafayette Life. The court concluded that Arch's arguments relied on inferences unsupported by any evidence that Lafayette Life knew or should have known of the other claims or lawsuit before the inception of the Arch policy. The court explained:

> Lafayette Life hired what appears ... to have been a bad apple in 2006. Others knew he was a bad apple, but no evidence exists that Lafayette Life knew it until after March 1, 2008.... In the end, nothing in the record provides anything beyond a metaphysical doubt that Lafayette Life had any knowledge of or anything to do with Mr. Kloppe's deceptive sales practices.

Arch tried to use the Related Claims definition to tie the Lafayette claims to other claims made prior to the inception of the Arch policy, but the Court also rejected such argument because "Related Claims" was not a term used in the exclusions. The court further noted that the claim against Kloppe and Amerus in February 2008 did not preclude coverage because it was not the same as the claim filed by a different plaintiff under a different policy against an insurance company completely unrelated to Amerus. The court concluded that the Lafayette claims were not based upon, nor did they arise out of, nor did they involve any of the Amerus claims.

The same result is required here. How can notice by MedLab to Vero of potential claims against MedLab possibly affect CPL's entitlement to coverage under the Homeland policy when CPL had no prior knowledge of any potential claims or circumstances giving rise to claims against CPL (other than the *O'Brien* claim for which CPL tendered timely notice)?

Fourth, Homeland quotes language from the *Axis* opinion stating that the prior notice exclusion permits prior notice to be given by *any entity* under *any policy*. Homeland is essentially using its similar "*any* notice" language to impute MedLab's knowledge to CPL for purposes of the prior notice exclusion. Setting aside the absurd results which would occur if this position was taken to its logical

DOCS #1686133

DEF-CPL_0000071962

Mr. John T. Brooks
September 18, 2019
Page 8

conclusion, this interpretation is directly contrary to other terms of the Homeland Policy which expressly provide that "no knowledge or information possessed by any Insured shall be imputed to any other Insured." To the extent that "any notice" in the exclusion conflicts with the Policy provision rejecting imputed knowledge, it renders the exclusion ambiguous, in which case the Policy must be interpreted in favor of coverage for CPL.

## July 27, 2016 Representation Letter

Your letter also refers to the July 27, 2016 letter by Stephen Shumpert, President of CPL, representing that (1) the insureds were not aware of any claims against them or any fact, circumstance, situation, transaction, event, act, error, or omission that may give rise to a claim as respect the cervical cytology laboratory screening services conducted between 8/1/2010 to 6/30/2013, and (2) that all claims and facts, circumstances, situations, events, acts, errors, or omissions against the insured(s) that may result in a claim had been reported to prior insurance carriers.

When Mr. Shumpert signed the letter, he did not have knowledge that might give rise to a claim (other than the previously reported *O'Brien* matter[2]) because in any laboratory screening program, false negatives are known to be inherent in the screening process, and CPL believed the results of CARs were for educational purposes only and would not be disclosed. As previously stated multiple times to Homeland, prior to Mr. Shumpert's July 27, 2016 letter, CPL did not have the same knowledge as MedLab regarding the CARs. It is not clear why Homeland is focused on misrepresentations by MedLab, since (1) Homeland contends Medlab is not an insured under the Policy, and (2) Medlab is not seeking coverage under the Policy. To the extent MedLab made a misrepresentation, it is not material to Homeland's risk with respect to coverage for CPL.

Your letter suggests that knowledge of information possessed by MedLab might void coverage for CPL under the Homeland Policy. However, as we have previously stated, such a position is directly contrary to the Policy terms and the facts repeatedly reported to Homeland. General Condition (R) of the Policy expressly provides that "[n]o knowledge of information possessed by any **Insured** shall be imputed to any other **Insured.**" Regardless of whether MedLab is an insured under the Policy, its knowledge of potential claims cannot be imputed to CPL.

The Policy further provides that only material facts or information known by the person or persons who signed the Application may be imputed to an Insured. Stephen Shumpert, who signed the July 27, 2016 letter had no knowledge that CAR results might be disclosed to patients until nearly a year-and-a-half later. Accordingly, Mr. Shumpert's knowledge, even if imputed to CPL, would not void coverage for CPL.

---

[2] Although CPL was named as a defendant in the *O'Brien* lawsuit in 2016, notice of the potential claim was first tendered to Homeland in August 2014. Pleadings and other documents relevant to the *O'Brien* lawsuit were previously provided to Homeland in connection with the *O'Brien* claim.

DOCS #1686133

Mr. John T. Brooks
September 18, 2019
Page 9

In prior correspondence (February 4, 2019) you indicated that Homeland is incredulous of the fact that Shumpert, as the CEO of CPL, "was ignorant of the potential claims." However, it is surprising to CPL that Homeland is attempting to avoid any coverage decisions under the Policy **based on pure skepticism and speculation unsupported by any evidence rather than the facts reported by its insured.** The email correspondence enclosed herein demonstrates that MedLab's disclosure of relevant information regarding the CARs to CPL did not occur until nearly seventeen months **after** Mr. Shumpert signed the letter.

Your letter questions why Mr. Shumpert was not aware of potential claims if a "diligent inquiry" had been made before making the representations in his letter. As noted above, prior to signing the representation letter, Mr. Shumpert consulted with Nancy Stratton (VP of Quality Assurance) and Sheridan Foster (SHUSA's Senior VP of Legal Affairs and Risk Management). By virtue of their respective positions, it was Ms. Stratton and Ms. Foster's responsibility to coordinate the handling of any professional liability claims against CPL. However, Ms. Stratton and Ms. Foster had no knowledge of claims (other than *O'Brien* which was previously reported to OneBeacon) or of facts or circumstances that might give rise to a claim with respect to CPL's cytology services.

Your letter questions whether employees of CPL other than Mr. Shumpert may have been aware of potential claims. We have not located any evidence indicating the CPL staff was aware at the time of Mr. Shumpert's representation letter of circumstances suggesting potential claims. Your letter asks for documents supporting this fact, such as board minutes and agendas before and after February 12, 2018. Having reviewed board meeting minutes, it appears that Irish cytology matters were first discussed in a CPL board meeting on May 17, 2018. See attached redacted minutes from May 17, 2018 board meeting.

*Finally*, your letter suggests that CPL's ignorance of the CAR results is inconsistent with the document entitled "NCSS Cytology Services Provided by MedLab Pathology and Clinical Laboratories," providing that (1) any quality issues involving CPL would be initiated by MedLab and CPL would be informed at the earliest convenience and given an opportunity to perform Root Cause Analysis and Corrective and Preventative Actions where applicable, and (2) CPL and MedLab are required to audit the entire Cytology Process at least annually.

There is no such inconsistency. It appears CPL was involved in reviewing only one set of CAR slides for a group of CPL patients and that CPL was not privy to the results of other CARs. CPL's only CAR review was completed in August of 2013, immediately after CPL's screening services had ceased. See attached emails between Collin Clelland and Shannon Kratzer. Consistent with the discussion above, these emails confirm CPL was told the review was for educational purposes only and not for medico-legal purposes. There was simply no reason for CPL to anticipate claims or lawsuits under those circumstances. During the relevant time period that CPL provided screening services, CPL had an internal quality assurance program in place pursuant to U.S. laws and regulations. Slides from the Irish cytology process were reviewed or audited by CPL internally as part of CPL's overall quality assurance programs. CPL's audits would have been made available to MedLab upon request, but CPL is not aware that any such requests were made, and CPL was never notified by MedLab of any perceived deficiencies in CPL's cytology program. In addition, when CPL was

DOCS #1686133

DEF-CPL_0000071964

Mr. John T. Brooks
September 18, 2019
Page 10

inspected by a CervicalCheck inspection team, there were no deficiencies found with respect to false negatives.

In addition to CPL's internal quality assurance program, the NCSS performed an inspection in May 2011 and issued a Quality Assurance Report, which has been previously produced to Homeland. The NCSS Quality Assurance Report found no deficiencies in connection with CPL's review of the cytology slides. In fact, the NCSS investigators found that CPL was taking such a conservative approach to interpretation that it was actually overcalling slide abnormalities.

### Additional Documents Related to Ms. Swift's Claim

In connection with Homeland's coverage review of the *Swift* claim, you have requested all documents relied upon, requested or referenced in William Fry's letters dated April 18, 2019, April 22, 2019, and April 29, 2019. Per your request, enclosed please find pleadings, medical records, correspondence, expert materials, and other documents from William Fry's files. I also recently provided you with a letter dated August 5, 2019 regarding William Fry's reporting of the status of expert reviews in the case and issues regarding defenses against allegations of breach and causation.

### Adversity Between MedLab and CPL

Your May 31, 2019 letter further requests CPL's position regarding MedLab's liability in applicable claims, including Ms. Swift's. CPL's counsel in Ireland has thoroughly evaluated the potential responsibility of MedLab and how it may impact apportionment of fault. There have been ongoing meetings with MedLab's counsel where CPL's position has been asserted.

We previously informed you of Vero's interest in discussing an agreement concerning the defense of CPL in the Irish litigation and requested that you contact Vero to discuss the matter further. Your response indicated that such a discussion with Vero "would be both premature and potentially inappropriate."

However, in your August 12, 2019 letter, you noted that Homeland has changed its position, stating that it would be willing to contact Vero. Homeland's response is too little too late, as the opportunity to coordinate with Vero has passed. Homeland's failure to even discuss an apportionment with Vero has resulted in (1) Vero moving away from a joint defense posture and employing Kennedys to represent MedLab; (2) Kennedys writing to Plaintiffs' solicitors in every case in which a CPL slide is involved and urging them to sue CPL, as was done in the *Swift* case; and (3) Kennedys taking the posture that MedLab will file and pursue cross claims for contribution and indemnity from its sister company, CPL. These developments are detrimental to CPL and ultimately Homeland. These tactics have resulted in CPL being sued in more cases, increasing CPL's risk of exposure. Additionally, Homeland's reluctance to coordinate with Vero has resulted in a duplication of costs and fees which could have been avoided with a potential joint defense agreement. The meeting with Vero was originally suggested as an effort to have Homeland reach an agreement regarding the apportionment by two insurers on how they would provide coverage on these cases. Since Homeland still has not made a coverage decision, a meeting would be of no use at this point.

DOCS #1686133

Mr. John T. Brooks
September 18, 2019
Page 11


I reiterate that it is imperative that Homeland promptly make its coverage determination in *Swift* and other matters, including *Creaven*, *Gavigan*, *McNally*, *Moloney*, *O'Brien*, *O'Flynn*, *O'Donoghue*, *Phelan*, and *Trnkova*. Homeland is aware that time is of the essence, as the number of cases in Ireland continue to increase, and the pending cases are being set for trial in the upcoming months. Yet to date—after more than seventeen months of "investigation" regarding the Irish cytology claims—Homeland's only response has been repetitive requests for information of questionable relevance to coverage determinations.

CPL believes that it has provided sufficient information to support a coverage determination in favor of CPL. CPL will continue to provide additional information that it deems relevant. CPL would not decline a request by Homeland to interview key CPL employees. However, CPL is likewise interested in interviewing Homeland's decisionmakers to determine why they believe continued requests for information which is irrelevant or has already been provided is needed for Homeland to make a coverage decision. Should Homeland continue its efforts to avoid a coverage determination, CPL will soon be forced to pursue legal remedies.


Sincerely yours,

**GERMER BEAMAN & BROWN PLLC**

Mark T. Beaman

MTB:KBS:ph
Enclosures

DOCS #1686133

DEF-CPL_0000071966

# EXHIBIT C

| From: | Jenna Fasone |
|---|---|
| To: | mbeaman@germer-austin.com; gjohnson@germer-austin.com; pross@germer-austin.com; Martin, Ernest; |
| | Maddran, Mae; Van Houten, Greg; Schindler, S. Benjamin; Zerwas, Patti |
| Cc: | John Brooks; Jared LeBeau; "Joe Little" |
| Subject: | Homeland v CPL |
| Date: | Tuesday, January 18, 2022 9:41:35 PM |
| Attachments: | Sonic - Swift - Homeland DepoSub to Nancy Barlow Stratton (2-22-2022 Depo).pdf |
| | Sonic - Swift - Homeland DepoSub to Sheridan Ann Foster (2-24-2022 Depo).pdf |
| | Sonic - Swift - Homeland DepoSub to Steven Ralph Shumpert (2-23-2022 Depo).pdf |
| | Sonic - Swift - Homeland Notice of Deposition of Nancy Barlow Stratton (2-22-2022 Depo).pdf |
| | Sonic - Swift - Homeland Notice of Deposition of Steven Ralph Shumpert (2-23-2022 Depo).pdf |
| | Sonic - Swift - Homeland Notice of Deposition of Sheridan Ann Foster (2-24-2022 Depo).pdf |
| | Sonic - Swift - Homeland Notice of Deposition of Jakob Andrew Onken (2-21-2022 Depo).pdf |
| | Sonic - Swift - Homeland Notice of Deposition of Karen Pruett (2-25-2022 Depo).pdf |
| | Sonic - Swift - Homeland DepoSub to Jakob Andrew Onken (2-21-2022 Depo).pdf |

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Counsel,

Attached are notices of deposition for Karen Pruett, Jakob Onken, Nancy Stratton, Sheridan Foster and Stephen Shumpert, along with deposition subpoenas for all non-current employees of CPL/SHUSA.

As Jakob Onken is not a current or former employee of any party we will assume that you will not be accepting service on his behalf, but please let us know if we are mistaken.

With respect to CPL/SHUSA's former employees, please confirm that you will be accepting service on their behalf.  Otherwise, we will begin attempting service of those subpoenas if we do not hear from you by January 21, 2022.

We understand that you and/or the deponents may not be available on the noticed dates.  We will of course work with all parties involved to find mutually agreeable dates for these depositions.

Jenna

**Jenna A. Fasone**
+1 619-338-6642 | direct
JFasone@sheppardmullin.com | Bio

**Sheppard**Mullin

501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT D

| From: | Van Houten, Greg |
|---|---|
| To: | Jenna Fasone |
| Cc: | John Brooks; Martin, Ernest; Schindler, S. Benjamin |
| Subject: | Homeland v. CPL - Various Discovery-Related Matters |
| Date: | Wednesday, January 19, 2022 9:56:36 PM |

Jenna,

I write regarding several matters, which I have numbered below for reference:

1.  As to the deposition notices/subpoenas that Homeland served last night, we can accept service for Ms. Stratton, Ms. Foster, Mr. Shumpert, and Ms. Pruett.  We cannot accept service for Mr. Onken.

    We suggest that we set a meet and confer to discuss dates once (a) Homeland has confirmed that it has completed its document production and service of its privilege/redaction logs, (b) Defendants have served their deposition notices/subpoenas (we anticipate serving deposition notices/subpoenas shortly after Homeland confirms that it has completed its document production and has served all of its privilege/redaction logs), and (c) the parties have had an opportunity to further conference on the matters that John and Ernest discussed today (I understand they are reconvening early next week).

2.  Please let us know when we can expect a response to our January 13th e-mail on the Sheppard Mullin files.

3.  Please let us know when Homeland expects to complete its document production and when it anticipates serving the balance of its privilege/redaction logs.  If those things have already occurred, please let us know.

4.  We have re-reviewed the specific "broker communications" identified in your January 11, 2022 e-mail.  It remains Defendants position that those communications are protected under Texas law.  That is because all of those communications were made:

    a.  for the purpose of facilitating the rendition of professional legal services to CPL and/or SHUSA.  *See In re TETRA Techs., Inc. Sec. Litig.*, No. 08-cv-0965, 2010 WL 1335431, at *5 (S.D. Tex. Apr. 5, 2010) (refusing to compel the production of communications between policyholders, their counsel, and their insurance brokers); TEXAS R. EVID. 503(b) (providing that the attorney-client privilege extends to communications between the client and the "client's representatives" if made to facilitate the rendition of legal services); *Mo-Vac Servs. Co. v. Commerce & Industry Ins. Co.*, No. 2019CVK001025D4 (Tex. Dist. Ct. Webb Cty. Dec. 20, 2019) (denying insurer's motion to compel the production of policyholder's communications with its broker); *Lennar Corp. v. Markel Am. Ins. Co.*, No. 2000-30034 (Tex. Dist. Ct. Harris Cty. May 22, 2009) (denying insurer's motion requesting the "production of several documents in which Marsh, a third-party insurance broker, was allegedly a recipient or author").

And/or

b. to aid in possible future litigation with one or more of Defendants' liability insurers. *See Zenith Ins. Co. v. Tex. Inst. for Surgery, L.L.P.*, 328 F.R.D. 153, 171–72 (N.D. Tex. 2018) (refusing to compel the production of e-mails between the policyholder and its insurance broker); Tᴇx. R. Cɪv. P. 192.5(a) (providing that the work product doctrine extends to communications made in anticipation of litigation between a party and its representatives); *Mo-Vac Servs. Co. v. Commerce & Industry Ins. Co.*, No. 2019CVK001025D4 (Tex. Dist. Ct. Webb Cty. Dec. 20, 2019) (denying insurer's motion to compel the production of policyholder communications with its broker); *Lennar Corp. v. Markel Am. Ins. Co.*, No. 2000-30034 (Tex. Dist. Ct. Harris Cty. May 22, 2009) (denying insurer's motion requesting the "production of several documents in which Marsh, a third-party insurance broker, was allegedly a recipient or author").

To be clear, Defendants are <u>not</u> asserting that Aon always is or was acting as their "agent."  In fact, Defendants specifically assert that Aon was <u>not</u> acting as their "agent" during and with regard to, for example, underwriting.  All that Defendants are asserting through this e-mail is that they believe that the specific communications identified in your January 11, 2022 e-mail are protected and not discoverable under Texas law.

Please let us know if there are any other documents that appear on Defendants' privilege/redaction log that you would like us to re-review and assess.

5. Defendants will be producing the "Homeland" documents referenced in my January 14, 2022 e-mail later today under separate cover.

Thanks,

Greg

**HAYNES BOONE**

**Greg Van Houten**
Associate
greg.vanhouten@haynesboone.com

**Haynes and Boone, LLP**
800 17th Street, NW
Suite 500
Washington, DC 20006-3962

(t) +1 202.654.4562
(f) +1 202.654.4256

vCard | Bio | Website

# EXHIBIT E

| | |
|---|---|
| **From:** | Van Houten, Greg |
| **To:** | Jocelyn Whiteley |
| **Cc:** | John Brooks; Jared LeBeau; Zerwas, Patti; Schindler, S. Benjamin; Martin, Ernest; Jennifer Jones; Christine Kuhn |
| **Subject:** | Re: Homeland v. CPL - deposition scheduling |
| **Date:** | Friday, July 8, 2022 5:10:42 PM |

Jocelyn - We'll respond next week.  Have a good weekend.

Sent from my iPhone

On Jul 8, 2022, at 6:04 PM, Jocelyn Whiteley <JWhiteley@sheppardmullin.com> wrote:

> **EXTERNAL:** Sent from outside Haynes and Boone, LLP

Hi Greg:

We would like to schedule the depositions of Stephen Shumpert, Sheridan Foster, Jakob Onken and Abby Bell.  I believe you may have previously informed Jenna that you cannot accept service for Mr. Onken, but I wanted to double check.  Can you please let us know (a) if your office will be coordinating dates/accepting service for these witnesses and (b) what date(s) work in August or, in the alternative, late July?

Have a nice weekend,

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT F

| | |
|---|---|
| **From:** | Van Houten, Greg |
| **To:** | Jocelyn Whiteley; John Brooks; Jared LeBeau; Jennifer Jones |
| **Cc:** | Schindler, S. Benjamin; Martin, Ernest; Zerwas, Patti |
| **Subject:** | RE: Homeland v. CPL, et al. |
| **Date:** | Monday, July 25, 2022 12:50:00 PM |
| **Attachments:** | image001.jpg |

Jocelyn,

I write in response to your below July 18, 2022 e-mail.

First, regarding the scheduling order, it sounds like Homeland would join a motion to extend the fact discovery deadline to October 19, but does Homeland want to extend it further?  This week we will prepare a motion to extend the deadline and we can adjust the date accordingly.

Second, regarding depositions, it sounds like at this stage you want us to confirm dates for Ms. Foster and Mr. Shumpert.  We will endeavor to do so this week.  Relatedly, do you want to take these depositions remotely or in-person?

As for the depositions of Ms. Clifford and Ms. Freaner, we would like you to inquire as to their availability during the week of September 19 and, if necessary, September 26.  We do not want to depose them in mid-October because, as the lead underwriter and lead claims-handler, respectively, they are more likely than anyone else to lead us to other discoverable material.  Finding out about the possibility of additional discoverable material in mid-October would not be very helpful when we will have a mid or late-October fact discovery deadline.

Third, as to the Aon documents:

Category 1

-
We disagree that there were "misread slides."  There were slides that were interpreted differently by different people at different times based upon different information.

We also disagree regarding the relevance of the notices sent to Beazley.  They are irrelevant because, among other reasons, we are not asking Beazley and Homeland to cover the same liability.  What is submitted to Beazley has nothing to do with Homeland.  For that same reason we don't understand how "the individual circumstances" of the matters we send to Beazley are relevant to this case.  The submissions also include no relevant information regarding how Aon/CPL became aware of claims that were submitted to Beazley.  To the extent you're looking for some sort of admission regarding knowledge of the potential for claims before 2013 (or even 2016), it doesn't exist.

All that said, we might be amenable to sharing these materials via an attorneys' eyes only review.  Maybe after reviewing the materials Homeland will be convinced that they are irrelevant.  Let us know if Homeland is interested in that.

-
Category 2

It seems like we're all good here.  If Homeland wants us to look at other documents, just send us the Bates numbers.

Category 3

First, regarding which counsel do what:

- Germer provides counsel with respect to the defense against the CervicalCheck Claims and also regarding insurance coverage issues.
- Goodbody assisted with the negotiation of/drafting of contract terms (see the reference in Category 2).
- Otherwise it seems like we're good here.

Second, we will agree to produce AONCPLSONIC-0003402 and AONCPLSONIC-0003405 to further streamline this dispute.  By producing those documents, Defendants are not agreeing with any of Homeland's positions or characterizations regarding discoverability, relevance, or admissibility—Defendants are simply producing documents to streamline the parties' various disputes and to move this litigation forward.  Defendants reserve their right to supplement their production, clawback documents (consistent with the Protective Order), and to take other positions with respect to documents that Homeland may argue are "similar."  For the avoidance of doubt, by agreeing to produce certain documents through this e-mail, Defendants are *not* agreeing to produce any other documents.

Third, with respect to AONCPLSONIC-0003775, we disagree with everything Homeland has to say about and related to this document.  For example, we disagree with the proposition that it is inconsistent for CPL to claim it had no idea of the potential for claims before June 2013 and at the same time say it anticipated litigation in the spring of 2018.  We fail to see the inconsistency, as both statements are true.  CPL had no idea of the potential for claims before June 2013, and it was reasonable for CPL to begin anticipating the possibility of litigation with Homeland upon receiving Homeland's March 27, 2018 letter, which was drafted by Sheppard Mullin and included over eighteen discrete requests for information.  This was shortly after Homeland had said coverage would hinge on the underlying pleading and the policy (which is what coverage ordinarily hinges on).  It was apparent upon receiving that letter that something had shifted with Homeland, and it was reasonable to assume that Homeland had already made up its mind—it was denying coverage—and that it was requesting large volumes of information in an attempt to support the denial it had already decided upon.

In any event, we will produce AONCPLSONIC-0003775 to further streamline this dispute.  By producing this document, Defendants are not agreeing with any of Homeland's positions or characterizations regarding discoverability, relevance, or admissibility—Defendants are simply producing documents to streamline the parties' various disputes and to move this litigation forward.  Defendants reserve their right to supplement their production, clawback documents (consistent with the Protective Order), and to take other positions with respect to documents that Homeland may argue are "similar."  For the avoidance of doubt, by agreeing to produce this document, Defendants are *not* agreeing to produce any other documents.

fail to see how including individuals from Sonic Australia and Aon could have waived privilege or protection.  See my January 19, 2022 e-mail to Jenna regarding communications with representatives.  Also, it was entirely fair for the insureds to anticipate litigation upon receiving Homeland's requests for information, which were voluminous and well beyond what an insurer would typically request to investigate and adjust a claim.  It was apparent that Homeland had already made up its mind and was requesting information in an attempt to support an unfounded denial of coverage.

Fourth, and lastly, correct that we are not asserting attorney-client privilege over a document solely based on Ms. Foster's inclusion.  We only would have withheld a "top email" if it discussed or was in furtherance of a below e-mail including counsel or that was sent in the anticipation of litigation.

Category 4
-
We believe we have resolved all items in Category 4.
-
Category 5
-
We are very familiar with Illinois' *Waste Management* doctrine.  As far as we are aware, Texas has *not* adopted that doctrine.  If you have authority that says otherwise, we would be happy to review it.
-
Category 6
-
We produced plenty of Aon documents, so we are confused by this category—what specific documents are we talking about?  And what does agency have to do with anything?  As I noted in my January 9, 2022 e-mail to Jenna, we only withheld Defendants' communications with their broker to the extent they were made either (a) for the purpose of facilitating the rendition of professional legal services to CPL and/or SHUSA, or (b) to aid in possible future litigation with one or more of Defendants' liability insurers.  Neither (a) nor (b) hinge on agency.
-
Category 7
-
We believe we have resolved all items in Category 7.
-
Category 8
-
We believe we have resolved all items in Category 8.
-
Category 9
-
It sounds like you want authority that supports the proposition that co-defendants in a litigation (like MedLab in CPL in the underlying claims) do not waive privilege when they talk to each other?  We refer Homeland to Texas Rule of Evidence 503(b)(1)(C).

And I am confused about Homeland's second question—is Homeland suggesting CPL could waive privilege/protection by communicating with SHUSA, and vice versa?

Category 10

Homeland seems to suggest that it would be inconsistent for CPL to claim it had no idea of the potential for claims before June 2013 and at the same time say it anticipated litigation in the spring of 2018.  We fail to see the inconsistency.  Both statements are true.  CPL had no idea of the potential for claims before June 2013, and it was reasonable for CPL to begin anticipating the possibility of litigation with Homeland upon receiving Homeland's March 27, 2018 letter, which was drafted by Sheppard Mullin and included over eighteen discrete requests for information.  This was shortly after Homeland had said coverage would hinge on the underlying pleading and the policy (which is what coverage ordinarily hinges on).  It was apparent upon receiving that letter that something had shifted with Homeland, and it was reasonable to assume that Homeland had already made up its mind—it was denying coverage—and that it was requesting large volumes of information in an attempt to support the denial it had already decided upon.

//

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562
**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Friday, July 22, 2022 4:44 PM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Subject:** RE: Homeland v. CPL, et al.

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Thank you for the ETA.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Friday, July 22, 2022 1:24 PM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Subject:** RE: Homeland v. CPL, et al.

Jocelyn – I wanted to let you know that I plan to respond soon to your below July 18 e-mail.   I have been very busy this week.  I hope to respond over the weekend or very early next week.  Thanks.

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Tuesday, July 19, 2022 3:16 PM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Subject:** RE: Homeland v. CPL, et al.

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Yes, that is the information we were provided by Ms. Freaner, which I thought may work with your upcoming leave and Ernest's trial.   That said, we can reach back out to Ms. Freaner at the appropriate time to see if anything has opened up if it's important that she go earlier given your schedule and the availability of the other witnesses.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Tuesday, July 19, 2022 7:45 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>; Martin, Ernest

<Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>
**Subject:** RE: Homeland v. CPL, et al.

Jocelyn – I intended to write "single day deposition" and not "single day mediation."  Thanks.

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Tuesday, July 19, 2022 6:52 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>;
Jennifer Jones <JenniferJones@sheppardmullin.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>
**Subject:** Re: Homeland v. CPL, et al.

To confirm, Ms. Freaner has no availability for a single day mediation before October 11?  That is
surprising.  If you think it's possible that she may have additional pockets of availability before then,
would you mind checking with her?

Sent from my iPhone

> On Jul 19, 2022, at 12:26 AM, Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
> wrote:

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Greg:

We spoke with Daniele Freaner and she has mediations, personal travel, and work
travel scheduled back-to-back.  Her next availability is October 11, 12, 13, and 14.
Please let us know which of those dates works best for you.

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598

+1 619-338-6500 | main
[www.sheppardmullin.com](www.sheppardmullin.com) | [LinkedIn](LinkedIn) | [Twitter](Twitter)

**From:** Jocelyn Whiteley <[JWhiteley@sheppardmullin.com](JWhiteley@sheppardmullin.com)>
**Sent:** Monday, July 18, 2022 7:31 AM
**To:** Van Houten, Greg <[Greg.VanHouten@haynesboone.com](Greg.VanHouten@haynesboone.com)>
**Cc:** John Brooks <[JBrooks@sheppardmullin.com](JBrooks@sheppardmullin.com)>; Jared LeBeau
<[JLeBeau@sheppardmullin.com](JLeBeau@sheppardmullin.com)>; Jennifer Jones
<[JenniferJones@sheppardmullin.com](JenniferJones@sheppardmullin.com)>; Martin, Ernest
<[Ernest.Martin@haynesboone.com](Ernest.Martin@haynesboone.com)>; Schindler, S. Benjamin
<[S.Benjamin.Schindler@haynesboone.com](S.Benjamin.Schindler@haynesboone.com)>
**Subject:** RE: Homeland v. CPL, et al.

Greg:

Circling back to the rest of your email.

- We are fine with continuing the discovery date given your leave and Ernest's trial to at least October 19.  Will your office be sending over a motion for us to review?

- We have reached out regarding the depositions of Daniele Freaner and Jen Clifford, although given that it's already mid-July I don't know if we'll be able to get those done before your August 1 leave.  We will get back to you as soon as possible.

- Similarly, we understand that your schedule and Ernest's schedule are very limited starting in a couple of weeks from now.  For that reason (and given CPL's responses to the issues we identified with the documents below) we can push those depositions out.  However, I believe we will have a number of depositions to accomplish in a short period of time even pushing the discovery cutoff out until October 19.  We will want to take Shumpert and Foster, as well as a number of others.  We are finalizing our thoughts on whom to depose, but to give you a heads up the deponents are very likely to include Karen Pruett, Brian Madden, and Gordon Young, and may also include: Kathryn Shearman, Lisa Clarke, Hector Garcia, Dr. Shannon Kratzer, Sabrina Carter, Jennifer Blackwell, Christopher Wilks, and Dr. Colin Goldschmidt.  If we could get the witnesses' availability and set at least some of those dates now for late in August (assuming Ernest or someone else from your firm could be present while you're on leave) or September right after your leave/Ernest's trial that would be much appreciated and would help to make the extension to October 19 sufficient.

- Per your prior email, we will coordinate with John Landis for the AON

depositions, including Ms. Shearman.

Turning to CPL's production of the Aon documents, we have responded in blue below. Also, just a heads up, I added in the title of each category from my original email to help keep all of this straight.

**Category 1 – Notice of Claim**

Homeland requests that Defendants produce notices sent to healthcareclaims@beazley.com.

We fail to see how notices sent to Beazley are relevant to the parties' claims or defenses such that they would be subject to discovery.  Can you please explain how and how Homeland believes these notices are relevant?

CPL's submission of information to any carrier regarding misread slides that became part of the claim to Homeland (or similar allegedly misread slides) easily meets the low standard of relevance.  For example, these submissions may include some background regarding how Aon/CPL became aware of the claim, details regarding the individual circumstances of that claim, etc.  We also note that CPL has not objected to these documents on the grounds of relevance previously, and the log only references the A/C privilege.  The A/C privilege is inapplicable here because the documents went to Beazley and some do not even include counsel.  Furthermore, I believe CPL has already produced some submissions to Beazley in its non-Aon production so I'm not sure why these were withheld here.  Please let us know if CPL will produce these or not.

**Category 2 – Documents CPL Already Produced to Homeland**

We understand and appreciate that CPL will produce certain documents that we listed in our email to you as you state below.  However, I want to emphasize that we only listed those as examples to highlight that CPL's Aon production includes numerous documents that were already produced in other productions.  The list was not meant to be comprehensive, as it's difficult for us to identify these records from the log and CPL's documents alone.  We expect that CPL will endeavor to locate any other inadvertently withheld records already produced in other productions and supply Homeland with any additional documents in accordance with its discovery obligations.

Homeland claims that there are documents Defendants withheld from the AON production that have previously produced.

Homeland requests that Defendants produce various copies of a 3/16/2016 email from Lisa Clark of MedLab to Ms. Shearman of Aon (AONCPLSONIC-0005249, AONCPLSONIC-0005256, AONCPLSONIC-0009927, and AONCPLSONIC-0009929) (note:  we produced AONCPLSONIC-000521, and so are unsure why that is on your list).  Subject to the reservations mentioned above, and to streamline the resolution of this matter, we will

produce those documents, but we want to emphasize that Defendants did not receive any versions of that e-mail until 2018, at the earliest.  Such is evident from the privilege log, as it shows that:

- AONCPLSONIC-0005249 is a child of an e-mail sent by Jake Onken on August 1, 2018 (parent = AONCPLSONIC-0005209).
- AONCPLSONIC-0005256 is a child of an e-mail sent by Jake Onken on August 1, 2018 (parent = AONCPLSONIC-0005209).
- AONCPLSONIC-0009927 is a child of an e-mail sent by Jake Onken on October 8, 2018 (parent = AONCPLSONIC-0009920).
- AONCPLSONIC-0009929 is a child of an e-mail sent by Jake Onken on October 8, 2018 (parent = AONCPLSONIC-0009920).

The metadata associated with the documents that you note Defendants already produced establishes the same thing:

- DEF-CPL_0000066746 is a child of an e-mail sent by Gail Johnson on May 13, 2019 (parent = DEF-CPL_ 0000066708).
- DEF-CPL_0000066792 is a child of an e-mail sent by Gail Johnson on May 13, 2019 (parent = DEF-CPL_0000066754).
- DEF-CPL-0000120213 is a child of a parent dated May 12, 2018 (all copies have a parent date of no earlier than May 2018).
- DEF-CPL_0000073672 is a child of an e-mail sent by Gail Johnson on October 14, 2019 (parent = DEF-CPL_0000073664).

Next, Homeland requests that Defendants produce a document titled: "2018 10 02 – Vero seeking recovery from CPL."  Subject to the reservations mentioned above, and to streamline the resolution of this matter, Defendants will agree to produce AONCPLSONIC-0010926; AONCPLSONIC-0010941; AONCPLSONIC-0010958; and AONCPLSONIC-0010970.  You also list AONCPLSONIC-001093, but that is not a used Bates number.  Please advise on that one.  I think a number must have been left off.  I believe we were referring to AONCPLSONIC-0010932, but again we expect that CPL will make sure it has produced any inadvertently withheld records already present in other productions.

Similarly, Homeland requests that Defendants produce a document titled "2018 08 21 – Vero letter – Obrien."  Subject to the reservations mentioned above, and to streamline the resolution of this matter, Defendants will agree to produce AONCPLSONIC-0010924; AONCPLSONIC-0010937; AONCPLSONIC-0010946; AONCPLSONIC-0010963, and AONCPLSONIC-0010975.

Homeland claims that Defendants withheld as privileged AONCPLSONIC-0001013, an email titled "2010 03 19 Gordon Young of SH re Insurance Provisions" in the Aon production but already produced it as DEF-CPL_0000118364_0001 and DEF-CPL_0000142896.  Homeland's claim is incorrect.  AONCPLSONIC-0001013 is not the same as DEF-CPL_0000118364_0001 and/or DEF-CPL_0000142896.  That is because AONCPLSONIC-0001013 contains correspondence with outside counsel (A&L

Goodbody) regarding the negotiation of contract terms.  DEF-CPL_0000118364_0001 and DEF-CPL_0000142896, on the other hand, relate to the same contract but do not have attorneys on the email nor do they contain privileged material.  Please let us know if it is Homeland's position that a party may not withhold correspondence with legal counsel regarding draft contract terms.  No, Homeland is not taking the position that correspondences with counsel regarding the drafting of contract terms cannot qualify for protection.  We will review this record again and let you know if we have any follow-up.

Homeland requests that Defendants produce "NCSS Insurance Clause 17 Mark Ups."  Subject to the reservations mentioned above, and to streamline the resolution of this matter, CPL will agree to produce AONCPLSONIC-0010274 and AONCPLSONIC-0010178.

Lastly, Homeland requests that Defendants produce a 3/22/16 email from Kathryn Shearman to Jamilar Aung and its attachment.  Subject to the reservations mentioned above, and to streamline the resolution of this matter, CPL will agree to produce AONCPLSONIC-0009923 and its attachment (AONCPLSONIC-0009926).  Note that the privilege log shows that Defendants did not receive that e-mail until October 8, 2018, as both documents are children of an e-mail sent by Jake Onken on October 8, 2018 (parent = AONCPLSONIC-0009920).  The metadata for DEF-CPL_000066795 establishes the same thing, as it is a child of an e-mail sent by Gail Johnson on May 13, 2019 (DEF-CPL_000066754).

**Category 3 – Sheridan Foster documents without another lawyer on the communication**

Homeland claims that a number of communications involving Ms. Sheridan Foster and designated as privileged were incorrectly withheld.

Upon review, we believe that all of the documents Homeland highlights were properly withheld.  Virtually all the documents directly include *outside counsel* from A&L Goodbody, BLM, William Fry, or Germer.  However, Defendants understand that such participants may not be evident when the top email/cover email (*i.e.*, the email from which the fields on the privilege log are populated) does not include outside counsel.  Defendants are happy to continue clarifying documents Homeland believes may fall into this category.  However, for the sake of efficiency, where Defendants state on their log(s) that a document or communication involves or was created at the direction of outside counsel, "outside counsel" refers to one of the four law firms mentioned above (A&L Goodbody, BLM, William Fry, and Germer).  Can you please clarify which firms were engaged to do what?  As we currently understand it, BLM served as primary counsel relative to the underlying litigation along with William Fry and Goodbody.  Germer was engaged to assist with coverage.

Specifically, the properly withheld documents Homeland highlights with respect to this

category can be further described as follows:

- Forwarding and/or further discussing emails including outside counsel (A&L Goodbody) regarding NCSS contract terms and negotiations:
  - AONCPLSONIC-0000105 - AONCPLSONIC-0000108
  - AONCPLSONIC-0000125 - AONCPLSONIC-0000129
  - AONCPLSONIC-0000198 - AONCPLSONIC-0000204
  - AONCPLSONIC-0000213 - AONCPLSONIC-0000216
  - AONCPLSONIC-0000226 - AONCPLSONIC-0000230
  - AONCPLSONIC-0000733 - AONCPLSONIC-0000737
  - AONCPLSONIC-0000806 - AONCPLSONIC-0000812
  - AONCPLSONIC-0000821 - AONCPLSONIC-0000824
  - AONCPLSONIC-0010098 - AONCPLSONIC-0010102
- Forwarding and/or further discussing correspondence with and/or involving Mark Beaman (of Germer) regarding coverage for the underlying claims:
  - AONCPLSONIC-0001028 - AONCPLSONIC-0001030
  - AONCPLSONIC-0001031 - AONCPLSONIC-0001034
  - AONCPLSONIC-0004777 - AONCPLSONIC-0004778
  - AONCPLSONIC-0005323 - AONCPLSONIC-0005325
  - AONCPLSONIC-0005326 - AONCPLSONIC-0005328
  - AONCPLSONIC-0005644 - AONCPLSONIC-0005645
  - AONCPLSONIC-0005646 - AONCPLSONIC-0005647
  - AONCPLSONIC-0005648 - AONCPLSONIC-0005649
  - AONCPLSONIC-0005659 - AONCPLSONIC-0005659
  - AONCPLSONIC-0009874 - AONCPLSONIC-0009880
  - AONCPLSONIC-0009930 - AONCPLSONIC-0009931
  - AONCPLSONIC-0010469 - AONCPLSONIC-0010469
- Forwarding and/or discussing emails with BLM (Clifford Healy and/or Nessa O'Roarty) regarding legal strategy vis-à-vis the Phelan Claim.  We believe these documents likely fall within category five (documents regarding the underlying lawsuits) discussed below.
  - AONCPLSONIC-0003193 - AONCPLSONIC-0003195
  - AONCPLSONIC-0003632 - AONCPLSONIC-0003634
  - AONCPLSONIC-0003850 - AONCPLSONIC-0003851
  - AONCPLSONIC-0003857 - AONCPLSONIC-0003858
  - AONCPLSONIC-0003867 - AONCPLSONIC-0003868
  - AONCPLSONIC-0003869 - AONCPLSONIC-0003874
  - AONCPLSONIC-0003877 - AONCPLSONIC-0003879
  - AONCPLSONIC-0003882 - AONCPLSONIC-0003884
  - AONCPLSONIC-0003885 - AONCPLSONIC-0003887
  - AONCPLSONIC-0003891 - AONCPLSONIC-0003894
  - AONCPLSONIC-0003895 - AONCPLSONIC-0003898
  - AONCPLSONIC-0003933 - AONCPLSONIC-0003937
  - AONCPLSONIC-0003952 - AONCPLSONIC-0003956
  - AONCPLSONIC-0004470 - AONCPLSONIC-0004471
  - AONCPLSONIC-0004476 - AONCPLSONIC-0004479

Forwarding and/or discussing emails with outside counsel (BLM; Nessa O'Roarty) regarding the underlying claims generally and strategy regarding the same. We believe these documents likely fall within category five (documents regarding the underlying lawsuits) discussed below.

- AONCPLSONIC-0005592 - AONCPLSONIC-0005593

- Brian Madden and Sheridan Foster discuss emails involving Nessa O'Roarty (BLM) relating to the Phelan claim, in anticipation of (or regarding) litigation regarding the same. We believe these documents likely fall within category five (documents regarding the underlying lawsuits) discussed below.

    - AONCPLSONIC-0003544 - AONCPLSONIC-0003548
    - AONCPLSONIC-0003399 - AONCPLSONIC-0003401
    - AONCPLSONIC-0003550 - AONCPLSONIC-0003554
    - AONCPLSONIC-0003555 - AONCPLSONIC-0003560
    - AONCPLSONIC-0003561 - AONCPLSONIC-0003566
    - AONCPLSONIC-0003567 - AONCPLSONIC-0003572
    - AONCPLSONIC-0003573 - AONCPLSONIC-0003579
    - AONCPLSONIC-0003580 - AONCPLSONIC-0003586

- Sheridan forwarding internal emails between Sonic representatives discussing the Phelan claim, in anticipation of the litigation of that claim: First, because these emails include only Aon and Foster, please let us know if CPL still asserts that these are a/c privileged. On the log it says "Both (AC & WP)". Second, can you please explain why you believe CPL can assert w/p even though it's between Foster and third-party Aon? Finally, we believe these documents likely fall within category five (documents regarding the underlying lawsuits) discussed below.

    - AONCPLSONIC-0003402 - AONCPLSONIC-0003404
    - AONCPLSONIC-0003405 - AONCPLSONIC-0003406

- Sheridan and others discussing harassing letter from Homeland regarding its so-called "investigation" of the Phelan claim, in anticipation of litigation of the Phelan claim. Setting aside CPL's incorrect characterization of Homeland's correspondence which we obviously disagree with, we do not understand your basis for withholding this document. It was listed on the log as "Attorney/Client" but there is no lawyer involved. This communication is between Aon, Karen Pruett (CPL), Bobby Smithson (CPL), Gordon Young (Sonic), and Sheridan Foster. Furthermore, even if there was a lawyer involved, the inclusion of Aon and Sonic employees may destroy CPL's a/c privilege. Aon is a third-party to the litigation, and CPL has asserted that it is sufficiently separate from the other insureds such that knowledge of potential ICC claims by others cannot be imputed to CPL, so we do not understand how the two entities are sufficiently the same to not waive discovery protections by their inclusion on correspondences.

    CPL has not claimed this document is subject to w/p protection, but even if it had that protection is inapplicable here because when it was authored in March of 2018 CPL was still gathering documents for Homeland and discussing how to obtain relevant information for the claim internally so it could not have

been anticipating litigation at that time.  Indeed, just fifteen months earlier CPL had made the affirmative representation that there were no claims on the horizon.  CPL cannot, on the one hand, represent that it had no idea of the potential for any other related claims before the relevant time-period and, on the other, state that it was anticipating litigation just a year or so later while gathering documents and before any denial or reservation from Homeland.  And, like the a/c privilege, CPL may have waived the w/p protection by its inclusion of Aon and Sonic.  Please let us know if CPL will produce this document and, if not, its basis for refusing.

- AONCPLSONIC-0003775 - AONCPLSONIC-0003775
- Sheridan and Onken in 9/2018 discussing coverage under OneBeacon Policies for ICC claims in furtherance of privileged call with outside counsel (Germer) regarding insurance coverage strategy in light of Homeland's unreasonable and bad faith "claims investigation," which consisted of sending Defendants repetitive, invasive, and unnecessary requests for information.
  - AONCPLSONIC-0006205 - AONCPLSONIC-0006206
  - AONCPLSONIC-0006207 - AONCPLSONIC-0006208
  - AONCPLSONIC-0006209 - AONCPLSONIC-0006211
  - AONCPLSONIC-0006212 - AONCPLSONIC-0006214
  - AONCPLSONIC-0006215 - AONCPLSONIC-0006218
  - AONCPLSONIC-0006278 - AONCPLSONIC-0006281
  - AONCPLSONIC-0006282 - AONCPLSONIC-0006285
  - AONCPLSONIC-0008937 - AONCPLSONIC-0008941
  - AONCPLSONIC-0009262 - AONCPLSONIC-0009266

- Internal Tracking Document created with the help of and at the direction of counsel (M. Beaman- Germer) regarding existing claims: AONCPLSONIC-0005489 - AONCPLSONIC-0005489. We believe these documents likely fall within category five (documents regarding the underlying lawsuits) discussed below.


Subject to the reservations mentioned above, and to streamline the resolution of this matter, Defendants will agree to produce:
- AONCPLSONIC-0005494 - AONCPLSONIC-0005497.
- AONCPLSONIC-0005508 - AONCPLSONIC-0005511.
- AONCPLSONIC-0005523 - AONCPLSONIC-0005526.
- AONCPLSONIC-0005531 - AONCPLSONIC-0005534.
- AONCPLSONIC-0005705.
- AONCPLSONIC-0005761 - AONCPLSONIC-0005762.

To make sure I understand, CPL is not asserting a/c privilege over any document based on Ms. Foster's inclusion then, correct?  We are also concerned that the "top email" (which I now understand does not reflect outside counsel even though they were on earlier emails in the string) was not produced and we aren't clear whether the top

email includes discussion among only CPL entities regarding protected legal advice. Please advise.

**Category 4 – Emails forwarding communications from "outside counsel."**

Homeland states that some of the communications listed in Category 3 with Ms. Foster and "other non-lawyers" but that include in the description that they involve "outside counsel" "appear to be false descriptions." Defendants expect that their response to such Category 3 documents above, including but not limited to those relating to AONCPLSONIC-0001028 - AONCPLSONIC-0001030, ameliorate these concerns.

Homeland highlights additional documents with descriptions it believes to be similarly inaccurate.
However, as with the Category 3 documents discussed above, the descriptions were indeed accurate as they all involve outside counsel (but perhaps not on the cover email from which the log is created). To clarify, though, Defendants further describe each of the documents Homeland highlights as follows:
- AONCPLSONIC-0001028 - AONCPLSONIC-0001030: Ms. Foster following up with Jake Onken about an email from Mark Beaman containing legal advice.
- AONCPLSONIC-0000105 - AONCPLSONIC-0000108: Emails regarding NCSS Contract negotiation/terms including A&L Goodbody.
- AONCPLSONIC-0000733 - AONCPLSONIC-0000737: Emails regarding NCSS Contract negotiation/terms including A&L Goodbody.
- AONCPLSONIC-0003179 - AONCPLSONIC-0003180: Forwarding and discussing emails from and with Nessa O'Roarty and other representatives of BLM Law regarding legal advice vis-à-vis the Phelan claim. Homeland lists this document twice, please advise if this was a mistake or requires additional clarification. We believe these documents likely fall within category five (documents regarding the underlying lawsuits) discussed below.

As mentioned previously, where Defendants describe "outside counsel" in withheld documents, "outside counsel" means one of the following law firms, whose involvement in the case is also described:
- A&L Goodbody
- BLM Law
- William Fry
- Germer/Beaman
- Haynes Boone

Where "outside counsel" is described, an attorney from one of those law firms is directly on the communication or is otherwise involved in the communication/document such that it is properly withheld as a protected attorney-client communication or attorney work product (as indicated). Should Homeland seek additional clarification of other documents, though, Defendants are happy to address them in a similar fashion. This is helpful to know. We will review the log again with

this information and follow-up if necessary.

**Category 5 – Documents regarding the underlying lawsuit.**

Homeland next claims that Defendants have improperly withheld privileged communications relating to the defense against the underlying claims. To be clear, Defendants endeavored to provide Homeland with all non-privileged/protected material relating to the underlying claims. But, Defendants do not understand how they could be required to provide Homeland with underlying claims documents that are privileged or protected by the work product doctrine. It would be helpful if Homeland could provide authority that supports the proposition that such materials are discoverable in this case (where Homeland has denied coverage).

As we noted in our previous email, we do not believe that CPL can assert that Homeland has a duty to cover the claims, and simultaneously say that Homeland has no right to see the claim documents. The relevant claim documents specifically include those described in CPL's log. For example, CPL describes withheld records as "litigation developments," "litigation strategy," and communications regarding "resolution and settlement" of the underlying claims.

These are directly relevant to Homeland's claim and CPL's counterclaim for dec relief, as well as Homeland's defenses. While we understand that these records may have been created in anticipation of the underlying litigation, that does not justify CPL withholding documents in this action which may support (or disaffirm) its claim for affirmative relief from Homestead. Indeed, there is no a/c privilege because "[a] plaintiff cannot use one hand to seek affirmative relief in court and with the other lower an iron curtain of silence against otherwise pertinent and proper questions which may have a bearing on his right to maintain his action.'" Pillsbury Winthrop Shaw Pittman LLP v. Brown Sims, P.C., No. CIV. 4:09-MC-365, 2010 WL 56045, at *7 (S.D. Tex. Jan. 6, 2010). (quoting Ginsberg v. Fifth Circuit Court of Appeals, 686 S.W.2d 105, 108 (Tex.1985)). Likewise, the w/p doctrine does not apply because the claim documents are at issue in this litigation. See e.g., Waste Mgmt., Inc. v. Int'l Surplus Lines Ins. Co., 144 Ill. 2d 178, 198, 579 N.E.2d 322, 330 (1991) (while work product generated in "preparation for the pending declaratory action" is likely entitled to protection, work product in the underlying litigation for which the insured is seeking coverage is not); Feld v. Fireman's Fund Ins. Co., 991 F. Supp. 2d 242 (D.D.C. 2013) (work-product does not apply where an insured "place[s] prior attorney work product squarely 'at issue'" by filing suit for coverage of the underlying litigation, and finding that "allowing the privilege to shield documents at the heart of the proponent's case would undermine the adversary system, and would let the work-product privilege be used as a tool for manipulation of the truth-seeking process.")

**Category 6: Documents with Aon**

Next, Homeland contends that many of the documents include AON and have been

improperly withheld. Specifically, Homeland claims that there are numerous communications between AON and other non-lawyers that *cannot* be privileged or protected.  With respect to those documents that have already been addressed above, Defendants refer Homeland to its corresponding responses (*e.g.*, AONCPLSONIC-0005256 was addressed above in category 2).  Homeland also mentioned AONCPLSONIC-0005587, but we produced that document.

Homeland also states that "there are numerous instance in which AON's inclusion on a communication with an attorney may waive any privilege that existed," and then cites numerous documents.  Can Homeland clarify whether this is a request and, if so, what Homeland is requesting and the bases for the request?  We are a little confused because the authority you cite seems to support the proposition that including a broker on a privileged/protected communication does not waive privilege/protection if the communication regards the rendering of professional legal services (privilege) or was made in the anticipation of litigation (work product protection).  Maybe we're missing something, but some clarity would be helpful.

Lastly, we never said Aon was acting as CPL's agent (or SHUSA's agent), but we also don't see how that issue is relevant to this meet-and-confer.

Perhaps I should have attached your January 19, 2022 email to Jenna rather than just referencing it.  I know some of these issues were discussed before Jenna's medical leave and it has been some time since then.  In your email (which is attached) you state that you have reviewed the "broker communications" and believe that they are all protected because Aon was "facilitating the rendition of professional services" or "aiding in possible future litigation against liability insurers."  You cite the cases discussed in my discovery email of June 30.  As we explained in my June 30 email, we do not believe the case law you provided supports your position that the communications with Aon are protected.   If you have any additional support you'd like us to review, please let us know.  Or if I misinterpreted your email with Jenna and before my time at Sheppard, please let me know that as well.

You also say that you are "not asserting that Aon <u>always</u> is or was acting as [CPL's] agent."   This seems to imply that CPL believes that Aon was its agent during certain times relevant to this dispute.  We are seeking clarification on that statement and how it is relevant to CPL's refusal to produce communications with Aon.  If you could elaborate on CPL's position, that would be appreciated.

**Category 7:  Priv Log Descriptions**

Homeland claims that "CPL's  privilege log falls short of what is required under the law and has not enabled Homeland to fully evaluate some of its claims," citing two common entries, one on 10 documents and another on 5 documents. Those are as follows:

Confidential and privileged attorney-client communication involving CPL/SHUSA and outside counsel made for the purpose of, or in furtherance to the rendering of, professional legal advice.

- Privileged and confidential attachments to email from outside counsel made for the purpose of rendering legal advice.

If those entries are deficient (and we are not sure that they are), then Homeland needs to overhaul its logs, which are filled with similar entries.  For example, Homeland's privilege log for its claim file has at least 234 entries describing "Redacted document cover page and email [string] reflecting privileged communications with counsel for the purpose of obtaining legal advice relating to litigation and coverage issues, and/or attorney work product related to litigation."  (In its 123-page privilege/redaction log, Homeland has a total of about 5 different descriptions, each varying by just one or two words—those entries simply don't allow Defendants to accurately evaluate the propriety of Homeland's withholdings).

Notwithstanding the above, Defendants will agree to supplement their log entries regarding the documents Homeland mentions, if Homeland similarly agrees to supplement its logs, including but not limited to those generated for its Claim Notes and Claim File.

We are trying to determine whether communications on the log relate to, for example, the underlying litigation for which CPL is seeking coverage or advice of coverage counsel.  In many of the entries it's impossible to tell, which makes an evaluation of the privilege claim nearly impossible.  However, in light of your request I will take a look at our previous log and the documents to see whether we believe there is an issue with it/CPL being able to evaluate the withheld records based on the kind of document, date, party, etc.

**Category 8:  Redaction Issues**

Homeland asks if a few withheld emails should have been redacted rather than withheld based on their descriptions.  Here are our responses:
- AONCPLSONIC-0003924 - AONCPLSONIC-0003925:  We can produce a redacted version of this document.
- AONCPLSONIC-0004484 - AONCPLSONIC-0004485:  We can produce a redacted version of this document.
- AONCPLSONIC-0004486 - AONCPLSONIC-0004487:  Entire email chain builds off of BLM advice from Nessa O'Roarty of BLM relating to Phelan settlement.

Understood.  We appreciate CPL producing the first two.

**Category 9:  Non-CPL Entities**

Defendants do not assert common interest/joint defense as a privilege, because the common interest/joint defense doctrines are not bases for asserting privilege, but are exceptions to the rule that disclosure of privileged materials to a third party waives privilege.

For example, Defendants do not claim that by including brian@medpathology.com or "Anyone with a 'sonichealthcare.usa' email address" on communications, privilege has been created.  Rather, Defendants, may continue to claim privilege or protection as to certain materials notwithstanding their disclosure to certain third parties, such as where the parties have a common interest in defending claims against them – *e.g.*, co-defendants in an underlying litigation (*e.g.*, MedLab and CPL in the underlying claims), co-defendants in this litigation (*e.g.*, CPL and SHUSA), etc.

I understand CPL's position to be that wherever "medpathology.com" is included on an email in the Aon production the a/c privilege is not destroyed because of the common interest/joint defense doctrines.  We disagree that communications related to the underlying litigation are privileged in the first place as discussed above.  We also aren't sure that the doctrines would apply to those communications in a different proceeding where MPL is not a party.  If I misunderstood, please of course let us know that.  Otherwise, if you have some support for your position, we'd appreciate it if you could send that over.

Also, sonichealthcareusa.com is the domain name for Sonic Healthcare USA, Inc.—one of the two remaining defendants in this action.

We do not believe documents created before this litigation between two entities are automatically w/p protected because those entities were both sued.   The document is only subject to w/p if it was created in anticipation of litigation and not waived.  Is CPL taking the position that Sonic and CPL are sufficiently tied together that they should be treated as the same for w/p purposes?  Can you please explain why CPL believes no waiver of the w/p protection occurred?

If Homeland seeks further clarity on this point, we would be happy to discuss.

**Category 10: Incorrect W/P Designations**

Homeland states that it does not "believe [certain] entries meet the definition of w/p based on the parties to the communication, timing, and content." Homeland then copies and pastes Defendants' descriptions and notes the dates of each communication as between April and May of 2018, without further stating why Homeland does not believe each document constitutes protected work product.

To clarify, is it Homeland's position that Defendants could not have reasonably anticipated coverage litigation as of April 2018?

We laid out three descriptions and asked CPL to explain why it believes work product applies to those documents given the date, parties involved, and most importantly the descriptions in the log.  With respect to the first,  we do not believe that Homeland had "repeatedly requested" information as of April 2018, let alone information "that had no bearing on the adjustment of the Phelan claim" so CPL's assertion of w/p on that basis is confusing.   Again, CPL cannot claim that it had no idea of issues with coverage or potential related claims and simultaneously assert that it was anticipating litigation while gathering information for Homeland and before Homeland issued a coverage determination or reservation.  Can you provide CPL's reasoning and justification for withholding this record?

**Lastly,**

We provide the following information on certain individuals identified in your e-mail:
- jonathan.watts@bowewattsclargo.com:  Jonathan Watts.  According to online research, he is a former Managing Director with Bowe Watts Clargo Limited, and in that role he apparently acted as a "complex transaction consultant."
- eamadden@ireland.com:  Eamonn Madden.  According to online research, he is the former CEO of MedLab.
- Amanda.mudaliar@riskadvisoryservices.com.au:  Amanda Mudaliar.  According to online research, she is a risk and insurance consultant based in Sydney, Australia.
- roneill@ECF.ie:
- ChrisWilks@bigpond.com:   Chris Wilks. According to online research, he was CFO of Sonic Healthcare (in Australia) as of 2010 (and he might still be today).

Please let us know if you would like to discuss any of the matters discussed here.  Also, for any documents that we haven't agreed to produce, note that our offer to facilitate an attorneys' eyes only review remains open.  Just let us know what you might want to review, and we can then discuss whether we can agree to make the document(s) available.  That may be a way to streamline this process so we don't need these very long back-and-forths.

Thanks,

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio
**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Friday, July 15, 2022 9:59 AM

**To:** Jocelyn Whiteley <[JWhiteley@sheppardmullin.com](mailto:JWhiteley@sheppardmullin.com)>
**Cc:** John Brooks <[JBrooks@sheppardmullin.com](mailto:JBrooks@sheppardmullin.com)>; Jared LeBeau
<[JLeBeau@sheppardmullin.com](mailto:JLeBeau@sheppardmullin.com)>; Jennifer Jones
<[JenniferJones@sheppardmullin.com](mailto:JenniferJones@sheppardmullin.com)>; Martin, Ernest
<[Ernest.Martin@haynesboone.com](mailto:Ernest.Martin@haynesboone.com)>; Schindler, S. Benjamin
<[S.Benjamin.Schindler@haynesboone.com](mailto:S.Benjamin.Schindler@haynesboone.com)>
**Subject:** Re: Homeland v. CPL, et al.

Thanks for getting back to me.

At this time we're not moving on the other documents, but that doesn't preclude us from doing so later.

Sent from my iPhone

> On Jul 15, 2022, at 12:51 PM, Jocelyn Whiteley
> <[JWhiteley@sheppardmullin.com](mailto:JWhiteley@sheppardmullin.com)> wrote:

> ┌─────────────────────────────────────────────────────────┐
> │ **EXTERNAL:** Sent from outside Haynes and Boone, LLP │
> └─────────────────────────────────────────────────────────┘

Hi Greg:

We maintain that the seven emails you identified are privileged but we understand that CPL intends to file a motion regarding these documents later today.  We also wanted to clarify that at this point we have sufficiently met and conferred regarding *all* documents at issue with the claw back, but CPL's motion will only address the seven documents you referenced.  Let us know though if CPL intends to move on the other records.

We will respond separately regarding the other issues in your email today or on Monday.

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
[JWhiteley@sheppardmullin.com](mailto:JWhiteley@sheppardmullin.com) | [Bio](#)

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
[www.sheppardmullin.com](http://www.sheppardmullin.com) | [LinkedIn](#) | [Twitter](#)

---

**From:** Jocelyn Whiteley <[JWhiteley@sheppardmullin.com](mailto:JWhiteley@sheppardmullin.com)>

**Sent:** Wednesday, July 13, 2022 10:22 AM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Jennifer Jones
<JenniferJones@sheppardmullin.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>
**Subject:** Re: Homeland v. CPL, et al.

Hi Greg:  I am out of town in all day meetings today.  I'll review and talk
with the team once I'm back to get you a response.
Sent from my iPhone

> On Jul 13, 2022, at 11:28 AM, Van Houten, Greg
> <Greg.VanHouten@haynesboone.com> wrote:

> Jocelyn,

> I write in response to your below July 1, 2022 e-mail
> (regarding document production) and your July 8, 2022
> e-mail (regarding depositions), and also regarding
> Jared's June 29, 2022 e-mail (regarding Homeland's
> clawback request and its "mini privilege log").

> With respect to the latter, we have reviewed Homeland's
> log and continue to disagree with Homeland's
> withholdings.  We accordingly plan to file on Friday a
> motion to compel the production of unredacted versions
> of the seven e-mails that were sent between February 22,
> 2018 and March 1, 2018 and that appear on that log.  We
> believe those e-mails regard Homeland's investigation
> and adjustment of the underlying claims, and/or its
> coverage investigation, and therefore are discoverable
> under Texas law.  We of course won't file a motion to
> compel if we can reach a resolution on those documents
> in the interim, but we have been meeting and conferring
> on this for months now, have *significantly* narrowed
> what we're asking for, and feel as those we have reached
> an impasse.  Given that we plan to file on Friday, please
> let me know by no later than Friday at 12 PM ET if
> Homeland is willing to produce the unredacted versions
> of those seven e-mails.

> As to your July 8, 2022 e-mail regarding depositions, we
> can confirm that we can accept service for Mr. Shumpert
> and Ms. Foster.  I forwarded your e-mail to who I
> understand to be Aon's outside counsel—John Landis—

so that he can advise on Mr. Onken and Ms. Bell.  As for timing, I can do July 26, 28, or 29, but I am out on leave from August 1 to September 12.  And Ernest has a trial date—before Judge Pitman—on September 6, and another trial set for October 24th, and so his August and early September are going to be very busy.  Given our schedules and yours (we understand Jared is out on leave and that you are brand new to this case), perhaps it makes sense to extend our fact discovery deadline by two or three weeks.  Judge Pitman's Scheduling Order says all dates except the trial and dispositive motion dates can be moved, and so a short extension of the fact discovery deadline shouldn't be an issue.  Let me know what you think—perhaps we could extend it from September 30 to October 19.

Also, we'd like to depose Daniele Freaner before I am out on leave, and possibly Jennifer Clifford, too (although we are waiting on whether Sheppard Mullin is representing Ms. Clifford).  Can please let me know what you think will work for late July (preferably July 26, 28, or 29)?

As to your July 1, 2022 e-mail, here is our comprehensive response:

Upon review of your July 1, 2022 e-mail, Defendants have agreed, in the spirit of good faith and with the goal of reducing discovery disputes, to produce certain of the documents listed in your e-mail.  The various documents we plan to produce are listed below, and we plan to produce those documents sometime during the next two weeks.

By producing such documents, Defendants are not agreeing with any of Homeland's positions or characterizations regarding discoverability, relevance, or admissibility—Defendants are simply producing documents to streamline the parties' various disputes and to move this litigation forward.  Defendants reserves their right to supplement their production, clawback documents (consistent with the Protective Order), and to take other positions with respect to documents that Homeland may argue are "similar."  For the avoidance of doubt, by agreeing to produce certain documents through this e-mail, Defendants are *not* agreeing to produce any other documents.

Notwithstanding the above, Defendants respond on a category-by-category basis as follows:

**Category 1**

Homeland requests that Defendants produce notices sent to
healthcareclaims@beazley.com.

We fail to see how notices sent to Beazley are relevant to
the parties' claims or defenses such that they would be
subject to discovery.  Can you please explain how and how
Homeland believes these notices are relevant?

**Category 2**

Homeland claims that there are documents Defendants
withheld from the AON production that have previously
produced.

Homeland requests that Defendants produce various copies
of a 3/16/2016 email from Lisa Clark of MedLab to Ms.
Shearman of Aon (AONCPLSONIC-0005249, AONCPLSONIC-
0005256, AONCPLSONIC-0009927, and AONCPLSONIC-
0009929) (note:  we produced AONCPLSONIC-000521, and
so are unsure why that is on your list).  Subject to the
reservations mentioned above, and to streamline the
resolution of this matter, we will produce those documents,
but we want to emphasize that Defendants did not receive
any versions of that e-mail until 2018, at the earliest.  Such is
evident from the privilege log, as it shows that:
- AONCPLSONIC-0005249 is a child of an e-mail sent by
  Jake Onken on August 1, 2018 (parent =
  AONCPLSONIC-0005209).
- AONCPLSONIC-0005256 is a child of an e-mail sent by
  Jake Onken on August 1, 2018 (parent =
  AONCPLSONIC-0005209).
- AONCPLSONIC-0009927 is a child of an e-mail sent by
  Jake Onken on October 8, 2018 (parent =
  AONCPLSONIC-0009920).
- AONCPLSONIC-0009929 is a child of an e-mail sent by
  Jake Onken on October 8, 2018 (parent =
  AONCPLSONIC-0009920).

The metadata associated with the documents that you note
Defendants already produced establishes the same thing:
- DEF-CPL_0000066746 is a child of an e-mail sent by
  Gail Johnson on May 13, 2019 (parent = DEF-CPL_

0000066708).

- DEF-CPL_0000066792 is a child of an e-mail sent by Gail Johnson on May 13, 2019 (parent = DEF-CPL_0000066754).
- DEF-CPL-0000120213 is a child of a parent dated May 12, 2018 (all copies have a parent date of no earlier than May 2018).
- DEF-CPL_0000073672 is a child of an e-mail sent by Gail Johnson on October 14, 2019 (parent = DEF-CPL_0000073664).

Next, Homeland requests that Defendants produce a document titled: "2018 10 02 – Vero seeking recovery from CPL."  Subject to the reservations mentioned above, and to streamline the resolution of this matter, Defendants will agree to produce AONCPLSONIC-0010926; AONCPLSONIC-0010941; AONCPLSONIC-0010958; and AONCPLSONIC-0010970.  You also list AONCPLSONIC-001093, but that is not a used Bates number.  Please advise on that one.

Similarly, Homeland requests that Defendants produce a document titled "2018 08 21 – Vero letter – Obrien."  Subject to the reservations mentioned above, and to streamline the resolution of this matter, Defendants will agree to produce AONCPLSONIC-0010924; AONCPLSONIC-0010937; AONCPLSONIC-0010946; AONCPLSONIC-0010963, and AONCPLSONIC-0010975.

Homeland claims that Defendants withheld as privileged AONCPLSONIC-0001013, an email titled "2010 03 19 Gordon Young of SH re Insurance Provisions" in the Aon production but already produced it as DEF-CPL_0000118364_0001 and DEF-CPL_0000142896.  Homeland's claim is incorrect.  AONCPLSONIC-0001013 is not the same as DEF-CPL_0000118364_0001 and/or DEF-CPL_0000142896.  That is because AONCPLSONIC-0001013 contains correspondence with outside counsel (A&L Goodbody) regarding the negotiation of contract terms.  DEF-CPL_0000118364_0001 and DEF-CPL_0000142896, on the other hand, relate to the same contract but do not have attorneys on the email nor do they contain privileged material.  Please let us know if it is Homeland's position that a party may not withhold correspondence with legal counsel regarding draft contract terms.

Homeland requests that Defendants produce "NCSS Insurance Clause 17 Mark Ups."   Subject to the reservations mentioned above, and to streamline the resolution of this matter, CPL will agree to produce AONCPLSONIC-0010274 and AONCPLSONIC-0010178.

Lastly, Homeland requests that Defendants produce a 3/22/16 email from Kathryn Shearman to Jamilar Aung and its attachment.  Subject to the reservations mentioned above, and to streamline the resolution of this matter, CPL will agree to produce AONCPLSONIC-0009923 and its attachment (AONCPLSONIC-0009926).  Note that the privilege log shows that Defendants did not receive that e-mail until October 8, 2018, as both documents are children of an e-mail sent by Jake Onken on October 8, 2018 (parent = AONCPLSONIC-0009920).  The metadata for DEF-CPL_000066795 establishes the same thing, as it is a child of an e-mail sent by Gail Johnson on May 13, 2019 (DEF-CPL_000066754).

**<u>Category 3</u>**

Homeland claims that a number of communications involving Ms. Sheridan Foster and designated as privileged were incorrectly withheld.

Upon review, we believe that all of the documents Homeland highlights were properly withheld.  Virtually all the documents directly include *outside counsel* from A&L Goodbody, BLM, William Fry, or Germer.  However, Defendants understand that such participants may not be evident when the top email/cover email (*i.e.*, the email from which the fields on the privilege log are populated) does not include outside counsel.  Defendants are happy to continue clarifying documents Homeland believes may fall into this category.  However, for the sake of efficiency, where Defendants state on their log(s) that a document or communication involves or was created at the direction of outside counsel, "outside counsel" refers to one of the four law firms mentioned above (A&L Goodbody, BLM, William Fry, and Germer).

Specifically, the properly withheld documents Homeland highlights with respect to this category can be further described as follows:

Forwarding and/or further discussing emails including outside counsel (A&L Goodbody) regarding NCSS contract terms and negotiations:

- AONCPLSONIC-0000105 - AONCPLSONIC-0000108
- AONCPLSONIC-0000125 - AONCPLSONIC-0000129
- AONCPLSONIC-0000198 - AONCPLSONIC-0000204
- AONCPLSONIC-0000213 - AONCPLSONIC-0000216
- AONCPLSONIC-0000226 - AONCPLSONIC-0000230
- AONCPLSONIC-0000733 - AONCPLSONIC-0000737
- AONCPLSONIC-0000806 - AONCPLSONIC-0000812
- AONCPLSONIC-0000821 - AONCPLSONIC-0000824
- AONCPLSONIC-0010098 - AONCPLSONIC-0010102

- Forwarding and/or further discussing correspondence with and/or involving Mark Beaman (of Germer) regarding coverage for the underlying claims:
  - AONCPLSONIC-0001028 - AONCPLSONIC-0001030
  - AONCPLSONIC-0001031 - AONCPLSONIC-0001034
  - AONCPLSONIC-0004777 - AONCPLSONIC-0004778
  - AONCPLSONIC-0005323 - AONCPLSONIC-0005325
  - AONCPLSONIC-0005326 - AONCPLSONIC-0005328
  - AONCPLSONIC-0005644 - AONCPLSONIC-0005645
  - AONCPLSONIC-0005646 - AONCPLSONIC-0005647
  - AONCPLSONIC-0005648 - AONCPLSONIC-0005649
  - AONCPLSONIC-0005659 - AONCPLSONIC-0005659
  - AONCPLSONIC-0009874 - AONCPLSONIC-0009880
  - AONCPLSONIC-0009930 - AONCPLSONIC-

0009931

- ○ AONCPLSONIC-0010469 - AONCPLSONIC-0010469
- Forwarding and/or discussing emails with BLM (Clifford Healy and/or Nessa O'Roarty) regarding legal strategy vis-à-vis the Phelan Claim:
  - ○ AONCPLSONIC-0003179 - AONCPLSONIC-0003180
  - ○ AONCPLSONIC-0003193 - AONCPLSONIC-0003195
  - ○ AONCPLSONIC-0003632 - AONCPLSONIC-0003634
  - ○ AONCPLSONIC-0003850 - AONCPLSONIC-0003851
  - ○ AONCPLSONIC-0003857 - AONCPLSONIC-0003858
  - ○ AONCPLSONIC-0003867 - AONCPLSONIC-0003868
  - ○ AONCPLSONIC-0003869 - AONCPLSONIC-0003874
  - ○ AONCPLSONIC-0003877 - AONCPLSONIC-0003879
  - ○ AONCPLSONIC-0003882 - AONCPLSONIC-0003884
  - ○ AONCPLSONIC-0003885 - AONCPLSONIC-0003887
  - ○ AONCPLSONIC-0003891 - AONCPLSONIC-0003894
  - ○ AONCPLSONIC-0003895 - AONCPLSONIC-0003898
  - ○ AONCPLSONIC-0003933 - AONCPLSONIC-0003937
  - ○ AONCPLSONIC-0003952 - AONCPLSONIC-0003956
  - ○ AONCPLSONIC-0004470 - AONCPLSONIC-0004471
  - ○ AONCPLSONIC-0004476 - AONCPLSONIC-0004479
- Forwarding and/or discussing emails with outside counsel (BLM; Nessa O'Roarty) regarding the underlying claims generally and strategy regarding the same.
  - ○ AONCPLSONIC-0005592 - AONCPLSONIC-0005593
- Brian Madden and Sheridan Foster discuss emails

involving Nessa O'Roarty (BLM) relating to the Phelan
claim, in anticipation of (or regarding) litigation
regarding the same.

- AONCPLSONIC-0003544 - AONCPLSONIC-0003548
- AONCPLSONIC-0003399 - AONCPLSONIC-0003401
- AONCPLSONIC-0003550 - AONCPLSONIC-0003554
- AONCPLSONIC-0003555 - AONCPLSONIC-0003560
- AONCPLSONIC-0003561 - AONCPLSONIC-0003566
- AONCPLSONIC-0003567 - AONCPLSONIC-0003572
- AONCPLSONIC-0003573 - AONCPLSONIC-0003579
- AONCPLSONIC-0003580 - AONCPLSONIC-0003586

- Sheridan forwarding internal emails between Sonic representatives discussing the Phelan claim, in anticipation of the litigation of that claim:
  - AONCPLSONIC-0003402 - AONCPLSONIC-0003404
  - AONCPLSONIC-0003405 - AONCPLSONIC-0003406

- Sheridan and others discussing harassing letter from Homeland regarding its so-called "investigation" of the Phelan claim, in anticipation of litigation of the Phelan claim.
  - AONCPLSONIC-0003775 - AONCPLSONIC-0003775

- Sheridan and Onken in 9/2018 discussing coverage under OneBeacon Policies for ICC claims in furtherance of privileged call with outside counsel (Germer) regarding insurance coverage strategy in light of Homeland's unreasonable and bad faith "claims investigation," which consisted of sending Defendants repetitive, invasive, and unnecessary requests for information.
  - AONCPLSONIC-0006205 - AONCPLSONIC-0006206
  - AONCPLSONIC-0006207 - AONCPLSONIC-0006208
  - AONCPLSONIC-0006209 - AONCPLSONIC-

0006211
- ○ AONCPLSONIC-0006212 - AONCPLSONIC-0006214
- ○ AONCPLSONIC-0006215 - AONCPLSONIC-0006218
- ○ AONCPLSONIC-0006278 - AONCPLSONIC-0006281
- ○ AONCPLSONIC-0006282 - AONCPLSONIC-0006285
- ○ AONCPLSONIC-0008937 - AONCPLSONIC-0008941
- ○ AONCPLSONIC-0009262 - AONCPLSONIC-0009266
- Internal Tracking Document created with the help of and at the direction of counsel (M. Beaman- Germer) regarding existing claims: AONCPLSONIC-0005489 - AONCPLSONIC-0005489.

Subject to the reservations mentioned above, and to streamline the resolution of this matter, Defendants will agree to produce:
- AONCPLSONIC-0005494 - AONCPLSONIC-0005497.
- AONCPLSONIC-0005508 - AONCPLSONIC-0005511.
- AONCPLSONIC-0005523 - AONCPLSONIC-0005526.
- AONCPLSONIC-0005531 - AONCPLSONIC-0005534.
- AONCPLSONIC-0005705.
- AONCPLSONIC-0005761 - AONCPLSONIC-0005762.

## **Category 4**

Homeland states that some of the communications listed in Category 3 with Ms. Foster and "other non-lawyers" but that include in the description that they involve "outside counsel" "appear to be false descriptions."  Defendants expect that their response to such Category 3 documents above, including but not limited to those relating to AONCPLSONIC-0001028 - AONCPLSONIC-0001030, ameliorate these concerns.

Homeland highlights additional documents with descriptions it believes to be similarly inaccurate.
However, as with the Category 3 documents discussed above, the descriptions were indeed accurate as they all involve outside counsel (but perhaps not on the cover email from which the log is created).  To clarify, though,

Defendants further describe each of the documents Homeland highlights as follows:

- AONCPLSONIC-0001028 - AONCPLSONIC-0001030: Ms. Foster following up with Jake Onken about an email from Mark Beaman containing legal advice.
- AONCPLSONIC-0000105 - AONCPLSONIC-0000108: Emails regarding NCSS Contract negotiation/terms including A&L Goodbody.
- AONCPLSONIC-0000733 - AONCPLSONIC-0000737: Emails regarding NCSS Contract negotiation/terms including A&L Goodbody.
- AONCPLSONIC-0003179 - AONCPLSONIC-0003180: Forwarding and discussing emails from and with Nessa O'Roarty and other representatives of BLM Law regarding legal advice vis-à-vis the Phelan claim. Homeland lists this document twice, please advise if this was a mistake or requires additional clarification.

As mentioned previously, where Defendants describe "outside counsel" in withheld documents, "outside counsel" means one of the following law firms, whose involvement in the case is also described:

- A&L Goodbody
- BLM Law
- William Fry
- Germer/Beaman
- Haynes Boone

Where "outside counsel" is described, an attorney from one of those law firms is directly on the communication or is otherwise involved in the communication/document such that it is properly withheld as a protected attorney-client communication or attorney work product (as indicated). Should Homeland seek additional clarification of other documents, though, Defendants are happy to address them in a similar fashion.

## **Category 5**

Homeland next claims that Defendants have improperly withheld privileged communications relating to the defense against the underlying claims. To be clear, Defendants endeavored to provide Homeland with all non-privileged/protected material relating to the underlying claims. But, Defendants do not understand how they could

be required to provide Homeland with underlying claims documents that are privileged or protected by the work product doctrine.  It would be helpful if Homeland could provide authority that supports the proposition that such materials are discoverable in this case (where Homeland has denied coverage).

**<u>Category 6</u>**

Next, Homeland contends that many of the documents include AON and have been improperly withheld. Specifically, Homeland claims that there are numerous communications between AON and other non-lawyers that *cannot* be privileged or protected.  With respect to those documents that have already been addressed above, Defendants refer Homeland to its corresponding responses (*e.g.*, AONCPLSONIC-0005256 was addressed above in category 2).  Homeland also mentioned AONCPLSONIC-0005587, but we produced that document.

Homeland also states that "there are numerous instance in which AON's inclusion on a communication with an attorney may waive any privilege that existed," and then cites numerous documents.  Can Homeland clarify whether this is a request and, if so, what Homeland is requesting and the bases for the request?  We are a little confused because the authority you cite seems to support the proposition that including a broker on a privileged/protected communication does not waive privilege/protection if the communication regards the rendering of professional legal services (privilege) or was made in the anticipation of litigation (work product protection).  Maybe we're missing something, but some clarity would be helpful.

Lastly, we never said Aon was acting as CPL's agent (or SHUSA's agent), but we also don't see how that issue is relevant to this meet-and-confer.

**<u>Category 7</u>**

Homeland claims that "CPL's  privilege log falls short of what is required under the law and has not enabled Homeland to fully evaluate some of its claims," citing two common entries, one on 10 documents and another on 5 documents. Those are as follows:

- Confidential and privileged attorney-client communication involving CPL/SHUSA and outside counsel made for the purpose of, or in furtherance to the rendering of, professional legal advice.

- Privileged and confidential attachments to email from outside counsel made for the purpose of rendering legal advice.

If those entries are deficient (and we are not sure that they are), then Homeland needs to overhaul its logs, which are filled with similar entries.  For example, Homeland's privilege log for its claim file has at least 234 entries describing "Redacted document cover page and email [string] reflecting privileged communications with counsel for the purpose of obtaining legal advice relating to litigation and coverage issues, and/or attorney work product related to litigation." (In its 123-page privilege/redaction log, Homeland has a total of about 5 different descriptions, each varying by just one or two words—those entries simply don't allow Defendants to accurately evaluate the propriety of Homeland's withholdings).

Notwithstanding the above, Defendants will agree to supplement their log entries regarding the documents Homeland mentions, if Homeland similarly agrees to supplement its logs, including but not limited to those generated for its Claim Notes and Claim File.

## Category 8

Homeland asks if a few withheld emails should have been redacted rather than withheld based on their descriptions. Here are our responses:
- AONCPLSONIC-0003924 - AONCPLSONIC-0003925: We can produce a redacted version of this document.
- AONCPLSONIC-0004484 - AONCPLSONIC-0004485: We can produce a redacted version of this document.
- AONCPLSONIC-0004486 - AONCPLSONIC-0004487: Entire email chain builds off of BLM advice from Nessa O'Roarty of BLM relating to Phelan settlement.

## Category 9

Defendants do not assert common interest/joint defense as a privilege, because the common interest/joint defense doctrines are not bases for asserting privilege, but are exceptions to the rule that disclosure of privileged materials to a third party waives privilege.

For example, Defendants do not claim that by including brian@medpathology.com or "Anyone with a 'sonichealthcare.usa' email address" on communications, privilege has been created.  Rather, Defendants, in some instances, may continue to claim privilege or protection as to certain materials notwithstanding their disclosure to certain third parties, such as where the parties have a common interest in defending claims against them – *e.g.*, co-defendants in an underlying litigation (*e.g.*, MedLab and CPL in the underlying claims), co-defendants in this litigation (*e.g.*, CPL and SHUSA), etc.

Also, sonichealthcareusa.com is the domain name for Sonic Healthcare USA, Inc.—one of the two remaining defendants in this action.

If Homeland seeks further clarity on this point, we would be happy to discuss.

**<u>Category 10</u>**

Homeland states that it does not "believe [certain] entries meet the definition of w/p based on the parties to the communication, timing, and content." Homeland then copies and pastes Defendants' descriptions and notes the dates of each communication as between April and May of 2018, without further stating why Homeland does not believe each document constitutes protected work product.

To clarify, is it Homeland's position that Defendants could not have reasonably anticipated coverage litigation as of April 2018?

**<u>Lastly,</u>**

We provide the following information on certain individuals identified in your e-mail:

- jonathan.watts@bowewattsclargo.com:  Jonathan

Watts.  According to online research, he is a former Managing Director with Bowe Watts Clargo Limited, and in that role he apparently acted as a "complex transaction consultant."

- [eamadden@ireland.com](mailto:eamadden@ireland.com):  Eamonn Madden.  According to online research, he is the former CEO of MedLab.
- [Amanda.mudaliar@riskadvisoryservices.com.au](mailto:Amanda.mudaliar@riskadvisoryservices.com.au):  Amanda Mudaliar.  According to online research, she is a risk and insurance consultant based in Sydney, Australia.
- [roneill@ECF.ie](mailto:roneill@ECF.ie):  Can you please provide more context for this inquiry?
- [ChrisWilks@bigpond.com](mailto:ChrisWilks@bigpond.com):   Chris Wilks. According to online research, he was CFO of Sonic Healthcare (in Australia) as of 2010 (and he might still be today).

Please let us know if you would like to discuss any of the matters discussed here.  Also, for any documents that we haven't agreed to produce, note that our offer to facilitate an attorneys' eyes only review remains open.  Just let us know what you might want to review, and we can then discuss whether we can agree to make the document(s) available.  That may be a way to streamline this process so we don't need these very long back-and-forths.

Thanks,

Greg

**Greg Van Houten (he/him)** | Associate
[greg.vanhouten@haynesboone.com](mailto:greg.vanhouten@haynesboone.com) | (t) +1 202.654.4562

**From:** Van Houten, Greg
**Sent:** Monday, July 11, 2022 6:22 PM
**To:** 'Jocelyn Whiteley' <[JWhiteley@sheppardmullin.com](mailto:JWhiteley@sheppardmullin.com)>
**Cc:** John Brooks <[JBrooks@sheppardmullin.com](mailto:JBrooks@sheppardmullin.com)>; Zerwas, Patti <[Patricia.Zerwas@haynesboone.com](mailto:Patricia.Zerwas@haynesboone.com)>; Jared LeBeau <[JLeBeau@sheppardmullin.com](mailto:JLeBeau@sheppardmullin.com)>; Schindler, S. Benjamin <[S.Benjamin.Schindler@haynesboone.com](mailto:S.Benjamin.Schindler@haynesboone.com)>; Martin, Ernest <[Ernest.Martin@haynesboone.com](mailto:Ernest.Martin@haynesboone.com)>; Jennifer Jones <[JenniferJones@sheppardmullin.com](mailto:JenniferJones@sheppardmullin.com)>
**Subject:** RE: Homeland v. CPL, et al.

Jocelyn,

Thanks for the update, and we understand, we'd just ask that Homeland prioritize getting us their log at the same time they are prioritizing sending us a lot of feedback on ours.

Thanks,

Greg

image001.jpg

**Greg Van Houten (he/him)** | Associate
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

---

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Monday, July 11, 2022 6:18 PM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Zerwas, Patti <Patricia.Zerwas@haynesboone.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL, et al.

> **EXTERNAL:** Sent from outside Haynes and Boone, LLP

Greg:

We are aiming to get you the ESI log next week.  As I believe you know, Jenna has been unexpectedly unavailable for medical reasons and Jared is on paternity leave so we appreciate your patience.   I'm getting up to speed as quicky as possible and we will respond about Jen Clifford as soon as we are able.

Thanks,

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin

501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Jocelyn Whiteley
**Sent:** Monday, July 11, 2022 2:50 PM
**To:** 'Van Houten, Greg'
<Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Zerwas,
Patti <Patricia.Zerwas@haynesboone.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Jennifer Jones
<JenniferJones@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL, et al.

Thanks for the update.  Let me check with the team about
the two issues you raised and I'll get back to you.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin

501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Van Houten, Greg
<Greg.VanHouten@haynesboone.com>
**Sent:** Monday, July 11, 2022 2:14 PM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Zerwas,
Patti <Patricia.Zerwas@haynesboone.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Jennifer Jones
<JenniferJones@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL, et al.

Jocelyn,

The e-mail you sent was very long and it was sent just over a
week ago and shortly before the July 4th holiday.

Nevertheless, we hope to respond to it tomorrow, but will respond to it by no later than Wednesday of this week.  Our response will cover all ten categories included in your e-mail.

While we're asking about things, when can we expect to receive Homeland's privilege/redaction log for its ESI production?  That has been outstanding since late April.

And when can we expect a response on whether Sheppard Mullin will represent Jennifer Clifford in a deposition?  We hope to schedule her deposition for this month, and we have been asking about this since May.

Thanks,

Greg

image001.jpg

**Greg Van Houten (he/him)** | Associate
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

---

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Monday, July 11, 2022 4:50 PM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Zerwas, Patti <Patricia.Zerwas@haynesboone.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL, et al.

EXTERNAL: Sent from outside Haynes and Boone, LLP

Hi Greg:

Hope you had a nice weekend.  Just checking to see if you have a better sense of when CPL will be able to respond to the topics below.

Thank you,

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel

+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin

501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Tuesday, July 5, 2022 11:03 AM
**To:** Van Houten, Greg
<Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Zerwas,
Patti <Patricia.Zerwas@haynesboone.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Jennifer Jones
<JenniferJones@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL, et al.

Thanks Greg. We will look for your response. If it's more
expedient to deal with certain topics first and then turn to
others on a rolling basis, we're fine with that too. Whatever
works best.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin

501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Van Houten, Greg
<Greg.VanHouten@haynesboone.com>
**Sent:** Tuesday, July 5, 2022 7:24 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Zerwas,
Patti <Patricia.Zerwas@haynesboone.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Jennifer Jones
<JenniferJones@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL, et al.

Jocelyn,

Welcome to the fun, nice to meet you, and congratulations on your move to Sheppard Mullin.

We are in the process of reviewing and assessing your e-mail.  It's lengthy and so will take us some time.  We will try to respond sometime next week.

Thanks,

Greg

image001.jpg

**Greg Van Houten (he/him)** | Associate
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

---

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Friday, July 1, 2022 2:36 AM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>
**Subject:** Homeland v. CPL, et al.

EXTERNAL: Sent from outside Haynes and Boone, LLP

Greg:

I'm a new Special Counsel here at Sheppard Mullin and I'll be working with Jared and John moving forward, so I wanted to take a second and introduce myself.  Nice to "meet" you.

We're following up on the emails from Daniel and Jenna over the last little while regarding CPL's production of the Aon documents.  After reviewing the privilege log and production more fully, we have a number of issues we wanted to bring to your attention and discuss if necessary.  We have outlined them below with examples to try to help streamline the process and so that you can understand our concerns better.

**Category One: Notice of Claims**

CPL improperly withheld Aon's notices of claim sent to
healthcareclaims@beazley.com and the corresponding
attachments as a/c privilege protected and the description
references the "common interest doctrine and/or
cooperation clause."  These notices were not sent for the
purpose of obtaining legal advice, and in any event they
were sent to a third party insurer constituting a waiver if any
privilege existed.  Likewise, we see no reason why a
document sent to another carrier should be protected by a
"common interest doctrine" or "cooperation clause."  Please
let us know if you'll agree to produce this category of
documents.

See the following entries as examples of these withheld
documents:

Notices:

- AONCPLSONIC-0010548
- AONCPLSONIC-0010577
- AONCPLSONIC-0010614
- AONCPLSONIC-0010651
- AONCPLSONIC-0010698
- AONCPLSONIC-0010735
- AONCPLSONIC-0010767
- AONCPLSONIC-0010807
- AONCPLSONIC-0010847
- AONCPLSONIC-0010871

Attachments:

- AONCPLSONIC-0010549
- AONCPLSONIC-0010578
- AONCPLSONIC-0010615
- AONCPLSONIC-0010652
- AONCPLSONIC-0010699
- AONCPLSONIC-0010736
- AONCPLSONIC-0010768
- AONCPLSONIC-0010808
- AONCPLSONIC-0010848
- AONCPLSONIC-0010872

Note that CPL already produced a similar document at DEF-

CPL_0000094141.   If you believe these were not inadvertently withheld, please elaborate on your basis for withholding the notice of claim documents so we can evaluate your position more fully.

**Category Two:  Documents CPL Already Produced to Homeland**

CPL withheld several documents in the Aon production that CPL already produced to Homeland.  For example:

- CPL withheld a 3/16/2016 email from Lisa Clark of MedLab to Ms. Shearman of Aon, which cc'd Gordon Young of Sonic Healthcare but already produced both the email and its attachment. Compare (a) AONCPLSONIC-005249 (email), AONCPLSONIC-000521 (attachment) and AONCPLSONIC-0009927 (email), AONCPLSONIC-0009929 (attachment) and (b) DEF-CPL_0000066746 and DEF-CPL_0000066792 (emails), DEF-CPL-0000120213 (attachment)

- CPL already produced a 3/16/2016 email from Lisa Clarke (MedLab) to Ms. Shearman (Aon). Compare AONCPLSONIC-0005256 with DEF-CPL_0000073672.

- CPL withheld as a/c privileged a "2018 10 02 – Vero seeking recovery from CPL" document sent from Vero to Aon but already produced it in the CPL production.   Compare (a) AONCPLSONIC-0010926; AONCPLSONIC-001093; AONCPLSONIC-0010941; AONCPLSONIC-0010958, and; AONCPLSONIC-0010970 with (b) DEF-CPL_0000065547.

- CPL withheld as a/c privilege a "2018 08 21 – Vero letter – Obrien" document in the Aon production but produced it in the CPL production.  Compare (a) AONCPLSONIC-0010924; AONCPLSONIC-0010937; AONCPLSONIC-0010946; AONCPLSONIC-0010963, and AONCPLSONIC-0010975  with (b) DEF-CPL_0000065552.

- CPL withheld as a/c privileged a "2010 03 19 Gordon Young of SH re Insurance Provisions" document in the Aon production which was already produced. Compare (a) AONCPLSONIC-0001013 with (b) DEF-

CPL_0000118364_0001 and DEF-CPL_0000142896.

- CPL withheld the "NCSS Insurance Clause 17 Mark Ups" document in two places in the Aon production (AONCPLSONIC-0010274 and AONCPLSONIC-0010178) but produced it at AONCPLSONIC-0000115.

- CPL withheld a 03/22/2016 email that Kathryn Shearman sent to Jamilar Aung of Vero. *See* the email at AONCPLSONIC-0009923, and the attachment at AONCPLSONIC-0009926. We believe this was already produced at DEF-CPL_000066795.

We believe these were likely inadvertently withheld and should be produced based on the contents of those records, but of course please let us know if this is not the case.

**Category Three: Sheridan Foster documents without another lawyer on the communication**

We believe that a number of communications designated as "attorney client" privileged were incorrectly withheld because Ms. Foster was not acting as a licensed lawyer nor was she a "lawyer's representative." Under Texas law, which governs the resolution of a/c privilege issues in this case, the elements of the attorney-client privilege are: (1) a confidential communication; (2) made for the purpose of facilitating the rendition of professional legal services; (3) between or amongst the client, lawyer, and their representatives; and (4) the privilege has not been waived. TEX. R. EVID. 503(b).

"The attorney-client privilege protects communications between an attorney and his or her client that are intended to be confidential." Pillsbury Winthrop Shaw Pittman LLP v. Brown Sims, P.C., No. CIV. 4:09-MC-365, 2010 WL 56045, at *4 (S.D. Tex. Jan. 6, 2010). "What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from a lawyer." In re TETRA Techs., Inc. Sec. Litig., No. 4:08-CV-0965, 2010 WL 1335431, at *5 (S.D. Tex. Apr. 5, 2010) "Indeed, the privilege does not protect communications between the client and one not a lawyer." Sky Techs. LLC v. IBM, Inc., No. 2:03-CV-454 (DF), 2006 WL 8441534, at *3 (E.D. Tex. Feb. 13, 2006)

A "lawyer" is defined as "a person authorized or who the client reasonably believes is authorized to practice law in any state in the nation."  TEX. R. EVID. Rule 503(3).  A "lawyer's representative" is someone "employed by the lawyer to assist in the rendition of professional legal services" or "an accountant who is reasonably necessary for the lawyer's rendition of professional legal services."  TEX. R. EVID. Rule 503(4).   The burden is on the party asserting the privilege to demonstrate how each document satisfies these elements. Curlee v. United Parcel Serv., Inc., No. 3:13-cv-344-P, 2014 WL 4262036, at *4 (N.D. Tex. Aug. 29, 2014).

We have reason to believe that Ms. Foster was not licensed to practice law during the relevant timeframe, and therefore CPL's assertion of attorney-client privilege based on her inclusion in a communication are invalid.

Because of that, at least Ms. Foster's communications solely with other non-lawyers like Aon, Mr. Madden (MedLab employee), Karen Pruett (CPL employee), Bobby Smithson (CPL employee), Robert Conner (Dr. and CEO), Mr. Young (risk manager), and Mr. Shumpert which are designated as "attorney-client" privileged were inappropriately withheld. A sample of those documents is included below by bates number (with all the persons on those communications listed next to the bates numbers for your reference).

If we are mistaken about her licensure, please provide the jurisdiction(s) where she is/was admitted and the corresponding dates of when she was allowed to practice there.

- AONCPLSONIC-0000105 - AONCPLSONIC-0000108 (SF with Aon)
- AONCPLSONIC-0000125 - AONCPLSONIC-0000129 (Robert Conner and SF)
- AONCPLSONIC-0000198 - AONCPLSONIC-0000204 (Robert Conner)
- AONCPLSONIC-0000213 - AONCPLSONIC-0000216 Robert Conner)
- AONCPLSONIC-0000226 - AONCPLSONIC-0000230 (SF with Aon)
- AONCPLSONIC-0000806 - AONCPLSONIC-0000812 (Robert Conner)
- AONCPLSONIC-0000821 - AONCPLSONIC-0000824

(Robert Conner)

- AONCPLSONIC-0001028 - AONCPLSONIC-0001030 (SF with Aon)
- AONCPLSONIC-0001031 - AONCPLSONIC-0001034 (SF and Aon)
- AONCPLSONIC-0003179 - AONCPLSONIC-0003180 (SF, Mr. Foster, and Aon)
- AONCPLSONIC-0003193 - AONCPLSONIC-0003195 (SF with Aon and Gordon Young)
- AONCPLSONIC-0003399 - AONCPLSONIC-0003401 (SF, Mr. Madden, and Aon)
- AONCPLSONIC-0003402 - AONCPLSONIC-0003404 (SF with Aon)
- AONCPLSONIC-0003405 - AONCPLSONIC-0003406 (SF with Aon)
- AONCPLSONIC-0003544 - AONCPLSONIC-0003548 (SF with Aon, Brian Madden of MedLab, and Karen Pruett of CPL)
- AONCPLSONIC-0003550 - AONCPLSONIC-0003554 (SF with Mr. Madden, Ms. Pruett, and Aon)
- AONCPLSONIC-0003555 - AONCPLSONIC-0003560 (SF with Aon, Mr. Madden, and Ms. Pruett)
- AONCPLSONIC-0003573 - AONCPLSONIC-0003579 (SF with Aon and Ms. Pruett)
- AONCPLSONIC-0003561 - AONCPLSONIC-0003566 (SF with Aon, Mr. Madden, and Ms. Pruett)
- AONCPLSONIC-0003567 - AONCPLSONIC-0003572 (SF with Aon, Mr. Madden, and Ms. Pruett)
- AONCPLSONIC-0003580 - AONCPLSONIC-0003586 (SF with Aon and Ms. Pruett)
- AONCPLSONIC-0003632 - AONCPLSONIC-0003634 (SF with Aon and Ms. Pruett/Bobby Smithson (CPL))
- AONCPLSONIC-0003775 - AONCPLSONIC-0003775 (SF with Gordon Young, Aon, Stephen Shumpert (Sonic Care), Ms. Pruett, and Bobby Smithson (CPL))
- AONCPLSONIC-0003850 - AONCPLSONIC-0003851 (SF and Aon)
- AONCPLSONIC-0003857 - AONCPLSONIC-0003858 (SF with Aon)
- AONCPLSONIC-0003867 - AONCPLSONIC-0003868 (SF and Aon)
- AONCPLSONIC-0003869 - AONCPLSONIC-0003874 (SF and Aon)
- AONCPLSONIC-0003877 - AONCPLSONIC-0003879 (SF and Aon)

AONCPLSONIC-0003882 - AONCPLSONIC-0003884 (SF and Aon)
- AONCPLSONIC-0003885 - AONCPLSONIC-0003887 (SF and Aon)
- AONCPLSONIC-0003891 - AONCPLSONIC-0003894 (SF and Aon)
- AONCPLSONIC-0003895 - AONCPLSONIC-0003898 (SF and Aon)
- AONCPLSONIC-0003933 - AONCPLSONIC-0003937 (SF, Aon, and Mr. Shumpert)
- AONCPLSONIC-0003952 - AONCPLSONIC-0003956 (SF and Aon)
- AONCPLSONIC-0004470 - AONCPLSONIC-0004471 (SF and Aon)
- AONCPLSONIC-0004476 - AONCPLSONIC-0004479 (SF and Mr. Shumpert, Ms. Pruett, Mr. Young, and Aon)
- AONCPLSONIC-0004777 - AONCPLSONIC-0004778 (SF, Aon, and Ms. Pruett)
- AONCPLSONIC-0005323 - AONCPLSONIC-0005325 (SF and Aon)
- AONCPLSONIC-0005326 - AONCPLSONIC-0005328 (SF and Aon)
- AONCPLSONIC-0005489 - AONCPLSONIC-0005489 (Just SF)
- AONCPLSONIC-0005508 - AONCPLSONIC-0005511 (SF and Mr. Young)
- AONCPLSONIC-0005523 - AONCPLSONIC-0005526 (SF and Mr. Young)
- AONCPLSONIC-0005531 - AONCPLSONIC-0005534 (SF and Mr. Young)
- AONCPLSONIC-0005592 - AONCPLSONIC-0005593 (SF, Mr. Young, and Mr. Wilks)
- AONCPLSONIC-0005494 - AONCPLSONIC-0005497 (SF and Mr. Young)
- AONCPLSONIC-0005644 - AONCPLSONIC-0005645 (SF and Aon)
- AONCPLSONIC-0005646 - AONCPLSONIC-0005647 (SF and Aon)
- AONCPLSONIC-0005648 - AONCPLSONIC-0005649 (SF and Aon)
- AONCPLSONIC-0005659 - AONCPLSONIC-0005659 (SF and Aon)
- AONCPLSONIC-0005705 - AONCPLSONIC-0005705 (SF and Aon)
- AONCPLSONIC-0005761 - AONCPLSONIC-0005762 (SF

and Aon)

- AONCPLSONIC-0006205 - AONCPLSONIC-0006206 (SF and Aon)
- AONCPLSONIC-0006207 - AONCPLSONIC-0006208 (SF and Aon)
- AONCPLSONIC-0006209 - AONCPLSONIC-0006211 (SF and Aon)
- AONCPLSONIC-0006212 - AONCPLSONIC-0006214 (SF and Aon)
- AONCPLSONIC-0006215 - AONCPLSONIC-0006218 (SF and Aon)
- AONCPLSONIC-0006278 - AONCPLSONIC-0006281 (SF and Aon)
- AONCPLSONIC-0006282 - AONCPLSONIC-0006285 (SF and Aon)
- AONCPLSONIC-0000733 - AONCPLSONIC-0000737 (SF and Robert Conner)
- AONCPLSONIC-0008937 - AONCPLSONIC-0008941 (SF and Aon)
- AONCPLSONIC-0009262 - AONCPLSONIC-0009266 (SF and Aon)
- AONCPLSONIC-0009874 - AONCPLSONIC-0009880 (SF and Aon)
- AONCPLSONIC-0009930 - AONCPLSONIC-0009931 (SF and Aon)
- AONCPLSONIC-0010098 - AONCPLSONIC-0010102 (SF and Mr. Conner)
- AONCPLSONIC-0010469 - AONCPLSONIC-0010469 (SF and Aon)

**Category Four:  Emails forwarding communications from "outside counsel"**

There are a number of documents withheld on the basis of a/c privilege that are described as forwarding or referencing messages from "outside counsel" without (a) any other identifying information about who "outside counsel" is/their function and (b) no attorney actually on the communication.

Indeed, some of the communications listed in section three above, with just Ms. Foster and other non-lawyers, include descriptions such as: "Confidential and privileged attorney-client communication involving CPL/SHUSA and **outside counsel** made for the purpose of, or in furtherance to the rendering of, professional legal advice."   See e.g.,

AONCPLSONIC-0001028 - AONCPLSONIC-0001030.   This appears from the parties to the communication to be a false description of the document given that no "counsel" appears on the communication.

See other examples at: AONCPLSONIC-0000105 - AONCPLSONIC-0000108 ("E-mail forwarding another e-mail from 2010 including outside counsel and regarding the negotiation of contract terms" between SF and Aon); AONCPLSONIC-0000733 - AONCPLSONIC-0000737 ("E-mail forwarding another e-mail from 2010 including outside counsel and regarding the negotiation of contract terms" between SF and Conner); AONCPLSONIC-0003179 - AONCPLSONIC-0003180 ("E-mail forwarding e-mail from outside counsel regarding insurance coverage" between SF, Aon, and Young); AONCPLSONIC-0003179 - AONCPLSONIC-0003180 ("E-mail forwarding e-mail from outside counsel regarding insurance coverage" between SF, Aon, and Young)

Please let us know whether CPL will produce those documents.   For each document CPL will not produce where the description references "outside counsel" and there is no other identifying information, we request that you provide (a) who that "outside counsel" is, (b) what their role is relative to CPL, and (c) the basis for withholding the document.

**Category Five:  Documents regarding the underlying lawsuits**

CPL has withheld numerous communications discussing the underlying litigation and resolution of those claims from the Aon production.  CPL has routinely provided Homeland with similar communications in connection with seeking reimbursement, seeking consent to settle, or updating Homeland about the progress of the Irish claims.  This conduct demonstrates that communications with the underlying Irish counsel are not privileged or work product, and least not vis-à-vis Homeland.  CPL can't claim that Homeland has a duty to cover the claims, and simultaneously say Homeland has no right to see the claim documents.  Furthermore, certain documents between Ms. Foster and other non-lawyers (so not even counsel in the underlying matters-BLM) about underlying claims have been withheld as "a/c privileged" which is improper because (a)

there is no lawyer on the communication and (b) because it is likely only regarding the underlying suits for which CPL now seeks defense expenses and indemnity.

Examples of privilege log entries addressing only the underling claims are below:

- Draft work product prepared regarding the defense against the Phelan claim: AONCPLSONIC-0003181 - AONCPLSONIC-0003182; AONCPLSONIC-0003183 - AONCPLSONIC-0003187.
- Letter from defense counsel to client regarding strategy vis-a-vis Phelan claim: AONCPLSONIC-0003217 - AONCPLSONIC-0003218.
- Communication regarding and attaching letter drafted and prepared by outside legal team regarding the defense against the Phelan Claim:  AONCPLSONIC-0003402 - AONCPLSONIC-0003404; AONCPLSONIC-0003405 - AONCPLSONIC-0003406.
- Work product prepared by outside counsel, BLM, regarding the Phelan Claim: AONCPLSONIC-0003425 - AONCPLSONIC-0003426.
- E-mail correspondence regarding communications to/from outside counsel (BLM) regarding the defense against the underlying Phelan claim:  AONCPLSONIC-0003544 - AONCPLSONIC-0003548; AONCPLSONIC-0003550 - AONCPLSONIC-0003554; AONCPLSONIC-0003555 - AONCPLSONIC-0003560; AONCPLSONIC-0003561 - AONCPLSONIC-0003566; AONCPLSONIC-0003567 - AONCPLSONIC-0003572; AONCPLSONIC-0003573 - AONCPLSONIC-0003579; AONCPLSONIC-0003580 - AONCPLSONIC-0003586:
- Confidential communication with outside counsel (BLM) regarding the Phelan claim: AONCPLSONIC-0003603 - AONCPLSONIC-0003603; AONCPLSONIC-0003605 - AONCPLSONIC-0003606; AONCPLSONIC-0003609 - AONCPLSONIC-0003610.
- E-mail from underlying defense counsel regarding litigation developments, litigation strategy, and legal advice (all related to the Phelan Claim): AONCPLSONIC-0003902 - AONCPLSONIC-0003904; AONCPLSONIC-0003908 - AONCPLSONIC-0003911; AONCPLSONIC-0003912 - AONCPLSONIC-0003915; AONCPLSONIC-0003916 - AONCPLSONIC-0003917; AONCPLSONIC-0003920 - AONCPLSONIC-0003921

E-mail from underlying defense counsel regarding litigation developments in the Phelan Claim, litigation/resolution strategy, legal advice, and next steps for the litigation. AONCPLSONIC-0003926 - AONCPLSONIC-0003929; AONCPLSONIC-0003930 - AONCPLSONIC-0003932; AONCPLSONIC-0003933 - AONCPLSONIC-0003937; AONCPLSONIC-0003944 - AONCPLSONIC-0003946

- E-mail forwarding on and regarding correspondence from underlying defense counsel regarding litigation/resolution strategy vis-a-vis the Phelan Claim (and regarding obtaining the requisite settlement authority):  AONCPLSONIC-0003947 - AONCPLSONIC-0003951; AONCPLSONIC-0003952 - AONCPLSONIC-0003956

- E-mail from underlying defense counsel regarding litigation and trial developments in the Phelan claim and strategy associated with resolution/settlement: AONCPLSONIC-0004341 - AONCPLSONIC-0004342; AONCPLSONIC-0004464 - AONCPLSONIC-0004469; AONCPLSONIC-0004470 - AONCPLSONIC-0004471; AONCPLSONIC-0004472 - AONCPLSONIC-0004475.

- E-mail from underlying defense counsel regarding resolution strategy and developments vis-a-vis the Phelan claim:  AONCPLSONIC-0004491 - AONCPLSONIC-0004492; AONCPLSONIC-0004493 - AONCPLSONIC-0004494; AONCPLSONIC-0004495 - AONCPLSONIC-0004496; AONCPLSONIC-0004497 - AONCPLSONIC-0004498; AONCPLSONIC-0004499 - AONCPLSONIC-0004501.

- E-mail forwarding on, regarding, and building off of correspondence with underlying defense counsel regarding, among other things, costs information associated with Phelan claim: AONCPLSONIC-0004761 - AONCPLSONIC-0004762

- Correspondence regarding and in anticipation of potential for additional litigation/claims to be made against CPL regarding its Irish CervicalCheck work: AONCPLSONIC-0004764 - AONCPLSONIC-0004766

- E-mail from outside counsel regarding discovery and file-related issues associated with the Curtis matter, and several other matters: AONCPLSONIC-0004848 - AONCPLSONIC-0004851; AONCPLSONIC-0004852 - AONCPLSONIC-0004856; AONCPLSONIC-0004857 - AONCPLSONIC-0004861; AONCPLSONIC-0004862 -

AONCPLSONIC-0004867; AONCPLSONIC-0004868 -
AONCPLSONIC-0004873.

- Privileged and confidential spreadsheet prepared by outside counsel regarding pending litigation: AONCPLSONIC-0004993 - AONCPLSONIC-0004993.
- Internal tracking document created at the direction of counsel regarding the underlying Irish CervicalCheck Claims: AONCPLSONIC-0005489 - AONCPLSONIC-0005489

Homeland, of course, will not take any action that could adversely affect CPL in any ongoing underlying proceeding. If those concerns exist, Homeland will not object to the production of these documents with the appropriate designation according to the confidentiality, protective, and non-waiver order already in place.

**Category Six:  Documents with Aon**

Many of the documents in CPL's production include Aon and have been improperly withheld on the basis of (a) the a/c privilege alone, or (b) the a/c privilege and w/p protection.

First, there are numerous communications between only Aon and **_other non-lawyers_**, which cannot be a/c privileged or w/p privileged.   See for example, (a) the numerous documents between Aon and Sheridan Foster without other counsel listed above in category three, (b) as well as AONCPLSONIC-0005256 - AONCPLSONIC-0005256 (communications between Lisa Clarke, Aon, and Gordon Young) and AONCPLSONIC-0005587 - AONCPLSONIC-0005591 (communication between Aon and Gordon Young).

We have reviewed the case law you provided on January 19, 2020 and we do not believe it changes the analysis.  You stated that you believed, based on that cited law, that the "broker communications" were all privileged because they were made to (a) "facilitate the rendering of professional or legal services to CPL" or (b) "to aid in possible future litigation with" liability insurers.

With respect to "facilitating the rendering of professional legal services," the case law you provided indicates that helping to "facilitate" legal services does not create a/c privilege where there is no lawyer involved from the get-go;

that principle is only an exception to the rule that a/c privilege is waived if shared with a third party (but not a third party helping to facilitate litigation). For example, in <u>In re TETRA Techs., Inc. Sec. Litig.</u>, No. 4:08-CV-0965, 2010 WL 1335431, at *5 (S.D. Tex. Apr. 5, 2010) the court stated that "courts have in the past found that, even in situations where the insured and the insurer are in dispute, an insurance broker can act as an agent when 'its communications are made for the purpose of facilitating the rendition of professional legal services to the client.' **In order to fall within the privilege, however, these communications must involve an attorney**."

Likewise, the only May 22 decision in <u>Lennar</u> that we have been able to locate was a single sentence denying the motion without any analysis whatsoever; however, defendant's briefing describes the documents at issue as between "Lennar, Marsh, **and Lennar's counsel.**" <u>Lennar Corp. v. Market American Ins. Co.</u>, No. 2000-30034, 2009 WL 8233852 (Tex.Dist. May 22, 2009)

The cited case law also does not support your assertion relative to the w/p doctrine and your statement that Aon was "aiding in possible future litigation" with liability insurers. While the <u>Zenith</u> court found that the only four documents the insured sought to withhold on this basis actually were prepared for the purpose of imminent litigation with the carrier, it also recognized that "the primary motivating purpose behind the document's creation must be to aid in possible future litigation" and cannot be created "in the ordinary course of business" or for "other nonlitigation purposes" for w/p protection to apply.

We were unable to find the citation you provided for <u>Mo-Vac Services</u>, but we'd be happy to review it if you could send over a copy.

Second, there are numerous instances in which Aon's inclusion on a communication **with an attorney** may waive any privilege that existed. See, for example, AONCPLSONIC-0000927 - AONCPLSONIC-0000929; AONCPLSONIC-0001186 - AONCPLSONIC-0001187; AONCPLSONIC-0005488 - AONCPLSONIC-0005488; AONCPLSONIC-0005358 - AONCPLSONIC-0005358; AONCPLSONIC-0005306 - AONCPLSONIC-0005307; AONCPLSONIC-0005297 -

AONCPLSONIC-0005298;      AONCPLSONIC-0005257      -
AONCPLSONIC-0005258.

The "disclosure of any significant portion of a confidential communication waives the privilege as to the whole." <u>S.E.C. v. Brady</u>, 238 F.R.D. 429, 441 (N.D. Tex. 2006) citing <u>Nguyen v. Excel Corp.</u>, 197 F.3d 200, 208 (5th Cir.1999).

We understand from your January 19 email that you believe Aon was acting as CPL's agent during certain relevant timeframes but not others.  If Aon's purported agency is your basis for arguing that no waiver exists, please let us know and provide some information about exactly when/how Aon was acting as CPL's agent and the corresponding bates numbers for those entries.   Of course if that's not the basis for withholding those records, please let us know that as well.

**<u>Category Seven: Insufficient privilege log descriptions.</u>**

CPL's privilege log falls short of what is required under the law and has not enabled Homeland to fully evaluate some of its claims.  The burden is on the party asserting the privilege to demonstrate how each document or communication satisfies all four elements.  A general allegation or privilege is insufficient to meet this burden. <u>Navigant Consulting, Inc. v. Wilkinson</u>, 220 F.R.D. 467, 473 (N.D. Tex. 2004) (Kaplan, J.) (citing cases).  Instead, "a clear showing must be made which sets forth the items or categories objected to and the reasons for that objection." <u>Id.</u>, <u>quoting Caruso v. The Coleman Co.</u>, Civ. A. No. 93-CV-6733, 1995 WL 384602 at *1 (E.D. Pa. Jun. 22, 1995).   Rule 26 similarly provides that a privilege log must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

There are numerous entries in the log which are extremely vague and do not include the "nature of the documents or communications" such that we are unable to fully assess CPL's privilege claims.

For example, CPL only describes a large portion of the privilege log entries as "Confidential and privileged attorney-

client communication involving CPL/SHUSA and outside counsel made for the purpose of, or in furtherance to the rendering of, professional legal advice." (See e.g., AONCPLSONIC-0000850     -     AONCPLSONIC-0000850; AONCPLSONIC-0000925     -     AONCPLSONIC-0000926; AONCPLSONIC-0000927     -     AONCPLSONIC-0000929; AONCPLSONIC-0001016     -     AONCPLSONIC-0001018; AONCPLSONIC-0001028     -     AONCPLSONIC-0001030; AONCPLSONIC-0001031     -     AONCPLSONIC-0001034; AONCPLSONIC-0001186     -     AONCPLSONIC-0001187; AONCPLSONIC-0001188     -     AONCPLSONIC-0001189; AONCPLSONIC-0001190     -     AONCPLSONIC-0001192; AONCPLSONIC-0001193 - AONCPLSONIC-0001195).

CPL also has at least five documents described as "Privileged and confidential attachments to email from outside counsel made for the purpose of rendering legal advice." AONCPLSONIC-0005256     -     AONCPLSONIC-0005256; AONCPLSONIC-0005257     -     AONCPLSONIC-0005258; AONCPLSONIC-0005283     -     AONCPLSONIC-0005283; AONCPLSONIC-0005297     -     AONCPLSONIC-0005298; AONCPLSONIC-0005299 - AONCPLSONIC-0005301.

**Category Eight.  Redaction issues.**

At least three documents say that the "top email" was from counsel or "includes and builds" off of an email chain so we are wondering if these should be redacted, and not totally withheld.   See AONCPLSONIC-0003924 - AONCPLSONIC-0003925; AONCPLSONIC-0004484 - AONCPLSONIC-0004485; AONCPLSONIC-0004486 - AONCPLSONIC-0004487.   Please clarify this point as well.

**Category Nine:  Other waivers by non-CPL entities**

We understand that email addresses of "cpllabs.com" refers to individuals like Kathleen Pruett who are actually employed by CPL.  Please explain why these other entities included on certain communications also do not waive privilege:

- brian@medpathology.com is on some communications designated as a/c and/or w/p.  See e.g., AONCPLSONIC-0003603 - AONCPLSONIC-0003603; AONCPLSONIC-0003605 - AONCPLSONIC-0003606; AONCPLSONIC-0003609 - AONCPLSONIC-

0003610
- Anyone with a "sonichealthcareusa.com" email address.

Also, CPL does not seem to assert "common interest" as a privilege (it's just referenced in a description here and there) but let us know if we're wrong.

**Category Ten: Incorrect W/P designations**

We don't believe the following entries meet the definition of w/p based on the parties to the communication, timing, and content so please let us know your basis for withholding.

1. AONCPLSONIC-0003714 - AONCPLSONIC-0003719, AONCPLSONIC-0003753 - AONCPLSONIC-0003755, and AONCPLSONIC-0003756 - AONCPLSONIC-0003758.  These are communications between SF and Gordon Young with a cc to Aon, other "sonichealthcareusa" email addresses, and medlab dated April 2018.  The description reads: "E-mail exchange in anticipation of potential insurance coverage dispute and potential litigation with Homeland/OneBeacon.  Such was anticipated because Homeland/OneBeacon had continuously requested information that had no bearing on the adjustment of the Phelan claim and the determination of whether the Phelan claim is covered by the insurance policies issued by the Homeland policies."

2. AONCPLSONIC-0004775 - AONCPLSONIC-0004776. This is between Aon, Foster, and Pruett.  The description reads: "E-mail chain regarding strategy associated with gathering information to send to Homeland/OneBeacon, who at that time had already requested information that had no bearing on the adjustment of CPL's claim, and by doing so and otherwise had suggested that they would deny coverage for, or delay coverage for, the CPL's claim (and thus a dispute or litigation was possible)" and it's dated May of 2018.

3. AONCPLSONIC-0004764 - AONCPLSONIC-0004766. This is between Foster, Pruett (CPL), and MedLab

pathology folks.  The description is "correspondence regarding and in anticipation of potential for additional litigation/claims to be made against CPL regarding its Irish CervicalCheck work."  The date is 5/1/2018.

One final thing for now, there were a few emails/names on the log that we could not find.  Please let us know who the following individuals are and their relation to CPL: jonathan.watts@bowewattsclargo.com; eamadden@ireland.com; Amanda.mudaliar@riskadvisoryservices.com.au; roneill@ECF.ie, and; ChrisWilks@bigpond.com.

We are continuing with our review and will let you know if anything additional comes up.  Please let us know if you would like to discuss any of the above.  We're happy to hop on the phone.

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**SheppardMullin**
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

# EXHIBIT G

| From: | Jocelyn Whiteley |
|---|---|
| To: | Van Houten, Greg; John Brooks; Jared LeBeau; Jennifer Jones |
| Cc: | Martin, Ernest; Schindler, S. Benjamin; Zerwas, Patti; Thrasher, Tiffany |
| Subject: | RE: Homeland v. CPL, et al. |
| Date: | Friday, July 29, 2022 5:55:00 PM |

---

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Greg:

We will send you the ESI log on Monday.  With respect to Ms. Clifford, we were recently able to confirm that we can accept service on her behalf and will be representing her at her deposition.  We are inquiring with her as to dates and will get back to you.

Understood regarding directing emails to Ben (hi, Ben – nice to meet you).  I hope you can enjoy some of the time with your new kid on leave.

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

## SheppardMullin

501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Friday, July 29, 2022 8:57 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>; John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>
**Cc:** Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Zerwas, Patti <Patricia.Zerwas@haynesboone.com>; Thrasher, Tiffany <Tiffany.Thrasher@haynesboone.com>
**Subject:** RE: Homeland v. CPL, et al.

Jocelyn,

I write further to my below e-mails and on three issues:

First, to again follow up on Homeland's privilege and redaction log for its ESI production, which you previously stated you hoped you would have to us by the week of July 18, 2022.  Homeland served us with its ESI production over three months ago.  We request that Homeland send the corresponding log as soon as possible, and we request a specific date by which Homeland will send

its log.

Second, to inquire as to Ms. Clifford's and Ms. Freaner's availability to be deposed during the week of September 19 or, if necessary, during the week of September 26.

Third, note that, while I am out on leave (which begins tomorrow), all correspondence regarding this case should be directed to my colleagues Ben and Ernest (copied here), but please continue to copy me.

Thanks,

Greg

## HAYNES BOONE

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Van Houten, Greg
**Sent:** Tuesday, July 26, 2022 11:33 AM
**To:** 'Jocelyn Whiteley' <JWhiteley@sheppardmullin.com>; John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>
**Cc:** Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Zerwas, Patti <Patricia.Zerwas@haynesboone.com>
**Subject:** RE: Homeland v. CPL, et al.

**CONFIDENTIAL COMMUNICATION SUBJECT TO PROTECTIVE ORDER DATED JUNE 2, 2021**

Jocelyn,

I write for three reasons.  First, to produce the three Aon documents referenced in my below e-mail dated July 25, 2022 (AONCPLSONIC-0003402, AONCPLSONIC-0003405, and AONCPLSONIC-0003775).  Second, to let you know that later today or tomorrow we will produce the Aon documents referenced in my below e-mail dated July 13, 2022.  And third, to follow up on Homeland's privilege and redaction log for its ESI production, which you previously stated you hoped you would have to us by the week of July 18, 2022.  Homeland served us with its ESI production over three months ago.  We request that Homeland send the corresponding log as soon as possible, and we request a specific date by which Homeland will send the log.

As to the instant production, below please find a link that will allow you to download a .zip folder containing the three Aon documents (AONCPLSONIC-0003402, AONCPLSONIC-0003405, and AONCPLSONIC-0003775).  Defendants are producing these documents pursuant to the Protective Order dated June 2, 2021.

Please let us know if you have any questions or if you wish to discuss anything related to this

production.

The link to the files is here:  Supplemental Production of Three Aon Documents.

The password to access the documents is:  tU6@a(%12F7

Thanks,

Greg


**HAYNES BOONE**

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Van Houten, Greg
**Sent:** Monday, July 25, 2022 1:51 PM
**To:** 'Jocelyn Whiteley' <JWhiteley@sheppardmullin.com>; John Brooks
<JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Jennifer Jones
<JenniferJones@sheppardmullin.com>
**Cc:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Zerwas, Patti <Patricia.Zerwas@haynesboone.com>
**Subject:** RE: Homeland v. CPL, et al.

Jocelyn,

I write in response to your below July 18, 2022 e-mail.

First, regarding the scheduling order, it sounds like Homeland would join a motion to extend the fact discovery deadline to October 19, but does Homeland want to extend it further?  This week we will prepare a motion to extend the deadline and we can adjust the date accordingly.

Second, regarding depositions, it sounds like at this stage you want us to confirm dates for Ms. Foster and Mr. Shumpert.  We will endeavor to do so this week.  Relatedly, do you want to take these depositions remotely or in-person?

As for the depositions of Ms. Clifford and Ms. Freaner, we would like you to inquire as to their availability during the week of September 19 and, if necessary, September 26.  We do not want to depose them in mid-October because, as the lead underwriter and lead claims-handler, respectively, they are more likely than anyone else to lead us to other discoverable material.  Finding out about the possibility of additional discoverable material in mid-October would not be very helpful when we will have a mid or late-October fact discovery deadline.

Third, as to the Aon documents:

Category 1

-

We disagree that there were "misread slides."  There were slides that were interpreted differently by different people at different times based upon different information.

We also disagree regarding the relevance of the notices sent to Beazley.  They are irrelevant because, among other reasons, we are not asking Beazley and Homeland to cover the same liability.  What is submitted to Beazley has nothing to do with Homeland.  For that same reason we don't understand how "the individual circumstances" of the matters we send to Beazley are relevant to this case.  The submissions also include no relevant information regarding how Aon/CPL became of aware of claims that were submitted to Beazley.  To the extent you're looking for some sort of admission regarding knowledge of the potential for claims before 2013 (or even 2016), it doesn't exist.

All that said, we might be amenable to sharing these materials via an attorneys' eyes only review.  Maybe after reviewing the materials Homeland will be convinced that they are irrelevant.  Let us know if Homeland is interested in that.

Category 2

It seems like we're all good here.  If Homeland wants us to look at other documents, just send us the Bates numbers.

Category 3

First, regarding which counsel do what:

- Germer provides counsel with respect to the defense against the CervicalCheck Claims and also regarding insurance coverage issues.
- Goodbody assisted with the negotiation of/drafting of contract terms (see the reference in Category 2).
- Otherwise it seems like we're good here.

Second, we will agree to produce AONCPLSONIC-0003402 and AONCPLSONIC-0003405 to further streamline this dispute.  By producing those documents, Defendants are not agreeing with any of Homeland's positions or characterizations regarding discoverability, relevance, or admissibility— Defendants are simply producing documents to streamline the parties' various disputes and to move this litigation forward.  Defendants reserve their right to supplement their production, clawback documents (consistent with the Protective Order), and to take other positions with respect to documents that Homeland may argue are "similar."  For the avoidance of doubt, by agreeing to produce certain documents through this e-mail, Defendants are *not* agreeing to produce any other documents.

Third, with respect to AONCPLSONIC-0003775, we disagree with everything Homeland has to say about and related to this document.  For example, we disagree with the proposition that it is inconsistent for CPL to claim it had no idea of the potential for claims before June 2013 and at the same time say it anticipated litigation in the spring of 2018.  We fail to see the inconsistency, as both statements are true.  CPL had no idea of the potential for claims before June 2013, and it was

reasonable for CPL to begin anticipating the possibility of litigation with Homeland upon receiving Homeland's March 27, 2018 letter, which was drafted by Sheppard Mullin and included over eighteen discrete requests for information.  This was shortly after Homeland had said coverage would hinge on the underlying pleading and the policy (which is what coverage ordinarily hinges on).  It was apparent upon receiving that letter that something had shifted with Homeland, and it was reasonable to assume that Homeland had already made up its mind—it was denying coverage—and that it was requesting large volumes of information in an attempt to support the denial it had already decided upon.

In any event, we will produce AONCPLSONIC-0003775 to further streamline this dispute.  By producing this document, Defendants are not agreeing with any of Homeland's positions or characterizations regarding discoverability, relevance, or admissibility—Defendants are simply producing documents to streamline the parties' various disputes and to move this litigation forward. Defendants reserve their right to supplement their production, clawback documents (consistent with the Protective Order), and to take other positions with respect to documents that Homeland may argue are "similar."  For the avoidance of doubt, by agreeing to produce this document, Defendants are *not* agreeing to produce any other documents.

fail to see how including individuals from Sonic Australia and Aon could have waived privilege or protection.  See my January 19, 2022 e-mail to Jenna regarding communications with representatives.  Also, it was entirely fair for the insureds to anticipate litigation upon receiving Homeland's requests for information, which were voluminous and well beyond what an insurer would typically request to investigate and adjust a claim.  It was apparent that Homeland had already made up its mind and was requesting information in an attempt to support an unfounded denial of coverage.

Fourth, and lastly, correct that we are not asserting attorney-client privilege over a document solely based on Ms. Foster's inclusion.  We only would have withheld a "top email" if it discussed or was in furtherance of a below e-mail including counsel or that was sent in the anticipation of litigation.

Category 4
-
We believe we have resolved all items in Category 4.
-
Category 5
-
We are very familiar with Illinois' *Waste Management* doctrine.  As far as we are aware, Texas has *not* adopted that doctrine.  If you have authority that says otherwise, we would be happy to review it.
-
Category 6
-
We produced plenty of Aon documents, so we are confused by this category—what specific documents are we talking about?  And what does agency have to do with anything?  As I noted in my January 9, 2022 e-mail to Jenna, we only withheld Defendants' communications with their broker to

the extent they were made either (a) for the purpose of facilitating the rendition of professional legal services to CPL and/or SHUSA, or (b) to aid in possible future litigation with one or more of Defendants' liability insurers.  Neither (a) nor (b) hinge on agency.

Category 7

We believe we have resolved all items in Category 7.

Category 8

We believe we have resolved all items in Category 8.

Category 9

It sounds like you want authority that supports the proposition that co-defendants in a litigation (like MedLab in CPL in the underlying claims) do not waive privilege when they talk to each other?  We refer Homeland to Texas Rule of Evidence 503(b)(1)(C).

And I am confused about Homeland's second question—is Homeland suggesting CPL could waive privilege/protection by communicating with SHUSA, and vice versa?

Category 10

Homeland seems to suggest that it would be inconsistent for CPL to claim it had no idea of the potential for claims before June 2013 and at the same time say it anticipated litigation in the spring of 2018.  We fail to see the inconsistency.  Both statements are true.  CPL had no idea of the potential for claims before June 2013, and it was reasonable for CPL to begin anticipating the possibility of litigation with Homeland upon receiving Homeland's March 27, 2018 letter, which was drafted by Sheppard Mullin and included over eighteen discrete requests for information.  This was shortly after Homeland had said coverage would hinge on the underlying pleading and the policy (which is what coverage ordinarily hinges on).  It was apparent upon receiving that letter that something had shifted with Homeland, and it was reasonable to assume that Homeland had already made up its mind—it was denying coverage—and that it was requesting large volumes of information in an attempt to support the denial it had already decided upon.

//

**HAYNES BOONE**

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562
**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Friday, July 22, 2022 4:44 PM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>; Martin, Ernest

<Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>
**Subject:** RE: Homeland v. CPL, et al.

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Thank you for the ETA.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Friday, July 22, 2022 1:24 PM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>;
Jennifer Jones <JenniferJones@sheppardmullin.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>
**Subject:** RE: Homeland v. CPL, et al.

Jocelyn – I wanted to let you know that I plan to respond soon to your below July 18 e-mail.   I have
been very busy this week.  I hope to respond over the weekend or very early next week.  Thanks.

**HAYNES BOONE**

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Tuesday, July 19, 2022 3:16 PM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>;
Jennifer Jones <JenniferJones@sheppardmullin.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>
**Subject:** RE: Homeland v. CPL, et al.

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Yes, that is the information we were provided by Ms. Freaner, which I thought may work with your
upcoming leave and Ernest's trial.   That said, we can reach back out to Ms. Freaner at the

appropriate time to see if anything has opened up if it's important that she go earlier given your schedule and the availability of the other witnesses.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Tuesday, July 19, 2022 7:45 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Subject:** RE: Homeland v. CPL, et al.

Jocelyn – I intended to write "single day deposition" and not "single day mediation."  Thanks.

**HAYNES BOONE**

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Tuesday, July 19, 2022 6:52 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Subject:** Re: Homeland v. CPL, et al.

To confirm, Ms. Freaner has no availability for a single day mediation before October 11?  That is surprising.  If you think it's possible that she may have additional pockets of availability before then, would you mind checking with her?

Sent from my iPhone

> On Jul 19, 2022, at 12:26 AM, Jocelyn Whiteley <JWhiteley@sheppardmullin.com> wrote:

> **EXTERNAL:** Sent from outside Haynes and Boone, LLP

Greg:

We spoke with Daniele Freaner and she has mediations, personal travel, and work travel scheduled back-to-back. Her next availability is October 11, 12, 13, and 14. Please let us know which of those dates works best for you.

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Monday, July 18, 2022 7:31 AM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Subject:** RE: Homeland v. CPL, et al.

Greg:

Circling back to the rest of your email.

- We are fine with continuing the discovery date given your leave and Ernest's trial to at least October 19. Will your office be sending over a motion for us to review?

- We have reached out regarding the depositions of Daniele Freaner and Jen Clifford, although given that it's already mid-July I don't know if we'll be able to get those done before your August 1 leave. We will get back to you as soon as possible.

- Similarly, we understand that your schedule and Ernest's schedule are very limited starting in a couple of weeks from now. For that reason (and given CPL's

responses to the issues we identified with the documents below) we can push those depositions out.  However, I believe we will have a number of depositions to accomplish in a short period of time even pushing the discovery cutoff out until October 19.  We will want to take Shumpert and Foster, as well as a number of others.  We are finalizing our thoughts on whom to depose, but to give you a heads up the deponents are very likely to include Karen Pruett, Brian Madden, and Gordon Young, and may also include: Kathryn Shearman, Lisa Clarke, Hector Garcia, Dr. Shannon Kratzer, Sabrina Carter, Jennifer Blackwell, Christopher Wilks, and Dr. Colin Goldschmidt.  If we could get the witnesses' availability and set at least some of those dates now for late in August (assuming Ernest or someone else from your firm could be present while you're on leave) or September right after your leave/Ernest's trial that would be much appreciated and would help to make the extension to October 19 sufficient.

- Per your prior email, we will coordinate with John Landis for the AON depositions, including Ms. Shearman.

Turning to CPL's production of the Aon documents, we have responded in blue below.  Also, just a heads up, I added in the title of each category from my original email to help keep all of this straight.

**Category 1 – Notice of Claim**

Homeland requests that Defendants produce notices sent to healthcareclaims@beazley.com.

We fail to see how notices sent to Beazley are relevant to the parties' claims or defenses such that they would be subject to discovery.  Can you please explain how and how Homeland believes these notices are relevant?

CPL's submission of information to any carrier regarding misread slides that became part of the claim to Homeland (or similar allegedly misread slides) easily meets the low standard of relevance.  For example, these submissions may include some background regarding how Aon/CPL became aware of the claim, details regarding the individual circumstances of that claim, etc.  We also note that CPL has not objected to these documents on the grounds of relevance previously, and the log only references the A/C privilege.  The A/C privilege is inapplicable here because the documents went to Beazley and some do not even include counsel.  Furthermore, I believe CPL has already produced some submissions to Beazley in its non-Aon production so I'm not sure why these were withheld here.  Please let us know if CPL will produce these or not.

**Category 2 – Documents CPL Already Produced to Homeland**

We understand and appreciate that CPL will produce certain documents that we listed in our email to you as you state below.  However, I want to emphasize that we only

listed those as examples to highlight that CPL's Aon production includes numerous documents that were already produced in other productions. The list was not meant to be comprehensive, as it's difficult for us to identify these records from the log and CPL's documents alone. We expect that CPL will endeavor to locate any other inadvertently withheld records already produced in other productions and supply Homeland with any additional documents in accordance with its discovery obligations.

Homeland claims that there are documents Defendants withheld from the AON production that have previously produced.

Homeland requests that Defendants produce various copies of a 3/16/2016 email from Lisa Clark of MedLab to Ms. Shearman of Aon (AONCPLSONIC-0005249, AONCPLSONIC-0005256, AONCPLSONIC-0009927, and AONCPLSONIC-0009929) (note: we produced AONCPLSONIC-000521, and so are unsure why that is on your list). Subject to the reservations mentioned above, and to streamline the resolution of this matter, we will produce those documents, but we want to emphasize that Defendants did not receive any versions of that e-mail until 2018, at the earliest. Such is evident from the privilege log, as it shows that:

- AONCPLSONIC-0005249 is a child of an e-mail sent by Jake Onken on August 1, 2018 (parent = AONCPLSONIC-0005209).
- AONCPLSONIC-0005256 is a child of an e-mail sent by Jake Onken on August 1, 2018 (parent = AONCPLSONIC-0005209).
- AONCPLSONIC-0009927 is a child of an e-mail sent by Jake Onken on October 8, 2018 (parent = AONCPLSONIC-0009920).
- AONCPLSONIC-0009929 is a child of an e-mail sent by Jake Onken on October 8, 2018 (parent = AONCPLSONIC-0009920).

The metadata associated with the documents that you note Defendants already produced establishes the same thing:

- DEF-CPL_0000066746 is a child of an e-mail sent by Gail Johnson on May 13, 2019 (parent = DEF-CPL_ 0000066708).
- DEF-CPL_0000066792 is a child of an e-mail sent by Gail Johnson on May 13, 2019 (parent = DEF-CPL_0000066754).
- DEF-CPL-0000120213 is a child of a parent dated May 12, 2018 (all copies have a parent date of no earlier than May 2018).
- DEF-CPL_0000073672 is a child of an e-mail sent by Gail Johnson on October 14, 2019 (parent = DEF-CPL_0000073664).

Next, Homeland requests that Defendants produce a document titled: "2018 10 02 – Vero seeking recovery from CPL." Subject to the reservations mentioned above, and to streamline the resolution of this matter, Defendants will agree to produce AONCPLSONIC-0010926; AONCPLSONIC-0010941; AONCPLSONIC-0010958; and AONCPLSONIC-0010970. You also list AONCPLSONIC-001093, but that is not a used Bates number. Please advise on that one. I think a number must have been left off. I believe we were referring to AONCPLSONIC-0010932, but again we expect that CPL will

make sure it has produced any inadvertently withheld records already present in other productions.

Similarly, Homeland requests that Defendants produce a document titled "2018 08 21 – Vero letter – Obrien."  Subject to the reservations mentioned above, and to streamline the resolution of this matter, Defendants will agree to produce AONCPLSONIC-0010924; AONCPLSONIC-0010937; AONCPLSONIC-0010946; AONCPLSONIC-0010963, and AONCPLSONIC-0010975.

Homeland claims that Defendants withheld as privileged AONCPLSONIC-0001013, an email titled "2010 03 19 Gordon Young of SH re Insurance Provisions" in the Aon production but already produced it as DEF-CPL_0000118364_0001 and DEF-CPL_0000142896.  Homeland's claim is incorrect.  AONCPLSONIC-0001013 is not the same as DEF-CPL_0000118364_0001 and/or DEF-CPL_0000142896.  That is because AONCPLSONIC-0001013 contains correspondence with outside counsel (A&L Goodbody) regarding the negotiation of contract terms.  DEF-CPL_0000118364_0001 and DEF-CPL_0000142896, on the other hand, relate to the same contract but do not have attorneys on the email nor do they contain privileged material.  Please let us know if it is Homeland's position that a party may not withhold correspondence with legal counsel regarding draft contract terms.  No, Homeland is not taking the position that correspondences with counsel regarding the drafting of contract terms cannot qualify for protection.  We will review this record again and let you know if we have any follow-up.

Homeland requests that Defendants produce "NCSS Insurance Clause 17 Mark Ups." Subject to the reservations mentioned above, and to streamline the resolution of this matter, CPL will agree to produce AONCPLSONIC-0010274 and AONCPLSONIC-0010178.

Lastly, Homeland requests that Defendants produce a 3/22/16 email from Kathryn Shearman to Jamilar Aung and its attachment.  Subject to the reservations mentioned above, and to streamline the resolution of this matter, CPL will agree to produce AONCPLSONIC-0009923 and its attachment (AONCPLSONIC-0009926).  Note that the privilege log shows that Defendants did not receive that e-mail until October 8, 2018, as both documents are children of an e-mail sent by Jake Onken on October 8, 2018 (parent = AONCPLSONIC-0009920).  The metadata for DEF-CPL_000066795 establishes the same thing, as it is a child of an e-mail sent by Gail Johnson on May 13, 2019 (DEF-CPL_000066754).

**Category 3 – Sheridan Foster documents without another lawyer on the communication**

Homeland claims that a number of communications involving Ms. Sheridan Foster and designated as privileged were incorrectly withheld.

Upon review, we believe that all of the documents Homeland highlights were properly withheld.  Virtually all the documents directly include *outside counsel* from A&L Goodbody, BLM, William Fry, or Germer.  However, Defendants understand that such participants may not be evident when the top email/cover email (*i.e.*, the email from which the fields on the privilege log are populated) does not include outside counsel.  Defendants are happy to continue clarifying documents Homeland believes may fall into this category.  However, for the sake of efficiency, where Defendants state on their log(s) that a document or communication involves or was created at the direction of outside counsel, "outside counsel" refers to one of the four law firms mentioned above (A&L Goodbody, BLM, William Fry, and Germer).  Can you please clarify which firms were engaged to do what?  As we currently understand it, BLM served as primary counsel relative to the underlying litigation along with William Fry and Goodbody. Germer was engaged to assist with coverage.

Specifically, the properly withheld documents Homeland highlights with respect to this category can be further described as follows:

- Forwarding and/or further discussing emails including outside counsel (A&L Goodbody) regarding NCSS contract terms and negotiations:
  - AONCPLSONIC-0000105 - AONCPLSONIC-0000108
  - AONCPLSONIC-0000125 - AONCPLSONIC-0000129
  - AONCPLSONIC-0000198 - AONCPLSONIC-0000204
  - AONCPLSONIC-0000213 - AONCPLSONIC-0000216
  - AONCPLSONIC-0000226 - AONCPLSONIC-0000230
  - AONCPLSONIC-0000733 - AONCPLSONIC-0000737
  - AONCPLSONIC-0000806 - AONCPLSONIC-0000812
  - AONCPLSONIC-0000821 - AONCPLSONIC-0000824
  - AONCPLSONIC-0010098 - AONCPLSONIC-0010102
- Forwarding and/or further discussing correspondence with and/or involving Mark Beaman (of Germer) regarding coverage for the underlying claims:
  - AONCPLSONIC-0001028 - AONCPLSONIC-0001030
  - AONCPLSONIC-0001031 - AONCPLSONIC-0001034
  - AONCPLSONIC-0004777 - AONCPLSONIC-0004778
  - AONCPLSONIC-0005323 - AONCPLSONIC-0005325
  - AONCPLSONIC-0005326 - AONCPLSONIC-0005328
  - AONCPLSONIC-0005644 - AONCPLSONIC-0005645
  - AONCPLSONIC-0005646 - AONCPLSONIC-0005647
  - AONCPLSONIC-0005648 - AONCPLSONIC-0005649
  - AONCPLSONIC-0005659 - AONCPLSONIC-0005659
  - AONCPLSONIC-0009874 - AONCPLSONIC-0009880
  - AONCPLSONIC-0009930 - AONCPLSONIC-0009931
  - AONCPLSONIC-0010469 - AONCPLSONIC-0010469
- Forwarding and/or discussing emails with BLM (Clifford Healy and/or Nessa O'Roarty) regarding legal strategy vis-à-vis the Phelan Claim.  We believe these documents likely fall within category five (documents regarding the underlying lawsuits) discussed below.

AONCPLSONIC-0003193 - AONCPLSONIC-0003195
- AONCPLSONIC-0003632 - AONCPLSONIC-0003634
- AONCPLSONIC-0003850 - AONCPLSONIC-0003851
- AONCPLSONIC-0003857 - AONCPLSONIC-0003858
- AONCPLSONIC-0003867 - AONCPLSONIC-0003868
- AONCPLSONIC-0003869 - AONCPLSONIC-0003874
- AONCPLSONIC-0003877 - AONCPLSONIC-0003879
- AONCPLSONIC-0003882 - AONCPLSONIC-0003884
- AONCPLSONIC-0003885 - AONCPLSONIC-0003887
- AONCPLSONIC-0003891 - AONCPLSONIC-0003894
- AONCPLSONIC-0003895 - AONCPLSONIC-0003898
- AONCPLSONIC-0003933 - AONCPLSONIC-0003937
- AONCPLSONIC-0003952 - AONCPLSONIC-0003956
- AONCPLSONIC-0004470 - AONCPLSONIC-0004471
- AONCPLSONIC-0004476 - AONCPLSONIC-0004479

- Forwarding and/or discussing emails with outside counsel (BLM; Nessa O'Roarty) regarding the underlying claims generally and strategy regarding the same.  We believe these documents likely fall within category five (documents regarding the underlying lawsuits) discussed below.
    - AONCPLSONIC-0005592 - AONCPLSONIC-0005593
- Brian Madden and Sheridan Foster discuss emails involving Nessa O'Roarty (BLM) relating to the Phelan claim, in anticipation of (or regarding) litigation regarding the same.  We believe these documents likely fall within category five (documents regarding the underlying lawsuits) discussed below.
    - AONCPLSONIC-0003544 - AONCPLSONIC-0003548
    - AONCPLSONIC-0003399 - AONCPLSONIC-0003401
    - AONCPLSONIC-0003550 - AONCPLSONIC-0003554
    - AONCPLSONIC-0003555 - AONCPLSONIC-0003560
    - AONCPLSONIC-0003561 - AONCPLSONIC-0003566
    - AONCPLSONIC-0003567 - AONCPLSONIC-0003572
    - AONCPLSONIC-0003573 - AONCPLSONIC-0003579
    - AONCPLSONIC-0003580 - AONCPLSONIC-0003586
- Sheridan forwarding internal emails between Sonic representatives discussing the Phelan claim, in anticipation of the litigation of that claim: First, because these emails include only Aon and Foster, please let us know if CPL still asserts that these are a/c privileged.  On the log it says "Both (AC & WP)".  Second, can you please explain why you believe CPL can assert w/p even though it's between Foster and third-party Aon?  Finally, we believe these documents likely fall within category five (documents regarding the underlying lawsuits) discussed below.
    - AONCPLSONIC-0003402 - AONCPLSONIC-0003404
    - AONCPLSONIC-0003405 - AONCPLSONIC-0003406
- Sheridan and others discussing harassing letter from Homeland regarding its so-called "investigation" of the Phelan claim, in anticipation of litigation of the Phelan claim.  Setting aside CPL's incorrect characterization of Homeland's correspondence which we obviously disagree with, we do not understand your

basis for withholding this document. It was listed on the log as "Attorney/Client" but there is no lawyer involved.   This communication is between Aon, Karen Pruett (CPL), Bobby Smithson (CPL), Gordon Young (Sonic), and Sheridan Foster.  Furthermore, even if there was a lawyer involved, the inclusion of Aon and Sonic employees may destroy CPL's a/c privilege.  Aon is a third-party to the litigation, and CPL has asserted that it is sufficiently separate from the other insureds such that knowledge of potential ICC claims by others cannot be imputed to CPL, so we do not understand how the two entities are sufficiently the same to not waive discovery protections by their inclusion on correspondences.

CPL has not claimed this document is subject to w/p protection, but even if it had that protection is inapplicable here because when it was authored in March of 2018 CPL was still gathering documents for Homeland and discussing how to obtain relevant information for the claim internally so it could not have been anticipating litigation at that time.  Indeed, just fifteen months earlier CPL had made the affirmative representation that there were no claims on the horizon.  CPL cannot, on the one hand, represent that it had no idea of the potential for any other related claims before the relevant time-period and, on the other, state that it was anticipating litigation just a year or so later while gathering documents and before any denial or reservation from Homeland.  And, like the a/c privilege, CPL may have waived the w/p protection by its inclusion of Aon and Sonic.   Please let us know if CPL will produce this document and, if not, its basis for refusing.

- ○ AONCPLSONIC-0003775 - AONCPLSONIC-0003775
- Sheridan and Onken in 9/2018 discussing coverage under OneBeacon Policies for ICC claims in furtherance of privileged call with outside counsel (Germer) regarding insurance coverage strategy in light of Homeland's unreasonable and bad faith "claims investigation," which consisted of sending Defendants repetitive, invasive, and unnecessary requests for information.
  - ○ AONCPLSONIC-0006205 - AONCPLSONIC-0006206
  - ○ AONCPLSONIC-0006207 - AONCPLSONIC-0006208
  - ○ AONCPLSONIC-0006209 - AONCPLSONIC-0006211
  - ○ AONCPLSONIC-0006212 - AONCPLSONIC-0006214
  - ○ AONCPLSONIC-0006215 - AONCPLSONIC-0006218
  - ○ AONCPLSONIC-0006278 - AONCPLSONIC-0006281
  - ○ AONCPLSONIC-0006282 - AONCPLSONIC-0006285
  - ○ AONCPLSONIC-0008937 - AONCPLSONIC-0008941
  - ○ AONCPLSONIC-0009262 - AONCPLSONIC-0009266

- Internal Tracking Document created with the help of and at the direction of counsel (M. Beaman- Germer) regarding existing claims: AONCPLSONIC-0005489 - AONCPLSONIC-0005489. We believe these documents likely fall within category five (documents regarding the underlying lawsuits) discussed below.

Subject to the reservations mentioned above, and to streamline the resolution of this matter, Defendants will agree to produce:

- AONCPLSONIC-0005494 - AONCPLSONIC-0005497.
- AONCPLSONIC-0005508 - AONCPLSONIC-0005511.
- AONCPLSONIC-0005523 - AONCPLSONIC-0005526.
- AONCPLSONIC-0005531 - AONCPLSONIC-0005534.
- AONCPLSONIC-0005705.
- AONCPLSONIC-0005761 - AONCPLSONIC-0005762.

To make sure I understand, CPL is not asserting a/c privilege over any document based on Ms. Foster's inclusion then, correct?  We are also concerned that the "top email" (which I now understand does not reflect outside counsel even though they were on earlier emails in the string) was not produced and we aren't clear whether the top email includes discussion among only CPL entities regarding protected legal advice. Please advise.

**Category 4 – Emails forwarding communications from "outside counsel."**

Homeland states that some of the communications listed in Category 3 with Ms. Foster and "other non-lawyers" but that include in the description that they involve "outside counsel" "appear to be false descriptions."  Defendants expect that their response to such Category 3 documents above, including but not limited to those relating to AONCPLSONIC-0001028 - AONCPLSONIC-0001030, ameliorate these concerns.

Homeland highlights additional documents with descriptions it believes to be similarly inaccurate.
However, as with the Category 3 documents discussed above, the descriptions were indeed accurate as they all involve outside counsel (but perhaps not on the cover email from which the log is created).  To clarify, though, Defendants further describe each of the documents Homeland highlights as follows:

- AONCPLSONIC-0001028 - AONCPLSONIC-0001030:  Ms. Foster following up with Jake Onken about an email from Mark Beaman containing legal advice.
- AONCPLSONIC-0000105 - AONCPLSONIC-0000108:  Emails regarding NCSS Contract negotiation/terms including A&L Goodbody.
- AONCPLSONIC-0000733 - AONCPLSONIC-0000737:  Emails regarding NCSS Contract negotiation/terms including A&L Goodbody.
- AONCPLSONIC-0003179 - AONCPLSONIC-0003180:  Forwarding and discussing emails from and with Nessa O'Roarty and other representatives of BLM Law regarding legal advice vis-à-vis the Phelan claim. Homeland lists this document twice, please advise if this was a mistake or requires additional clarification.  We believe these documents likely fall within category five (documents regarding the underlying lawsuits) discussed below.

As mentioned previously, where Defendants describe "outside counsel" in withheld documents, "outside counsel" means one of the following law firms, whose involvement in the case is also described:

- A&L Goodbody
- BLM Law
- William Fry
- Germer/Beaman
- Haynes Boone

Where "outside counsel" is described, an attorney from one of those law firms is directly on the communication or is otherwise involved in the communication/document such that it is properly withheld as a protected attorney-client communication or attorney work product (as indicated).  Should Homeland seek additional clarification of other documents, though, Defendants are happy to address them in a similar fashion.  This is helpful to know.  We will review the log again with this information and follow-up if necessary.

**Category 5 – Documents regarding the underlying lawsuit.**

Homeland next claims that Defendants have improperly withheld privileged communications relating to the defense against the underlying claims.  To be clear, Defendants endeavored to provide Homeland with all non-privileged/protected material relating to the underlying claims.  But, Defendants do not understand how they could be required to provide Homeland with underlying claims documents that are privileged or protected by the work product doctrine.  It would be helpful if Homeland could provide authority that supports the proposition that such materials are discoverable in this case (where Homeland has denied coverage).

As we noted in our previous email, we do not believe that CPL can assert that Homeland has a duty to cover the claims, and simultaneously say that Homeland has no right to see the claim documents.  The relevant claim documents specifically include those described in CPL's log.  For example, CPL describes withheld records as "litigation developments," "litigation strategy," and communications regarding "resolution and settlement" of the underlying claims.

These are directly relevant to Homeland's claim and CPL's counterclaim for dec relief, as well as Homeland's defenses.   While we understand that these records may have been created in anticipation of the underlying litigation, that does not justify CPL withholding documents in this action which may support (or disaffirm) its claim for affirmative relief from Homestead.  Indeed, there is no a/c privilege because "[a] plaintiff cannot use one hand to seek affirmative relief in court and with the other lower an iron curtain of silence against otherwise pertinent and proper questions which may have a bearing on his right to maintain his action.'" Pillsbury Winthrop Shaw Pittman LLP v. Brown Sims, P.C., No. CIV. 4:09-MC-365, 2010 WL 56045, at *7 (S.D. Tex. Jan. 6, 2010). (quoting Ginsberg v. Fifth Circuit Court of Appeals, 686 S.W.2d 105, 108

(Tex.1985)).  Likewise, the w/p doctrine does not apply because the claim documents are at issue in this litigation.  See e.g., Waste Mgmt., Inc. v. Int'l Surplus Lines Ins. Co., 144 Ill. 2d 178, 198, 579 N.E.2d 322, 330 (1991) (while work product generated in "preparation for the pending declaratory action" is likely entitled to protection, work product in the underlying litigation for which the insured is seeking coverage is not); Feld v. Fireman's Fund Ins. Co., 991 F. Supp. 2d 242 (D.D.C. 2013) (work-product does not apply where an insured "place[s] prior attorney work product squarely 'at issue'" by filing suit for coverage of the underlying litigation, and finding that "allowing the privilege to shield documents at the heart of the proponent's case would undermine the adversary system, and would let the work-product privilege be used as a tool for manipulation of the truth-seeking process.")

**Category 6: Documents with Aon**

Next, Homeland contends that many of the documents include AON and have been improperly withheld. Specifically, Homeland claims that there are numerous communications between AON and other non-lawyers that *cannot* be privileged or protected.  With respect to those documents that have already been addressed above, Defendants refer Homeland to its corresponding responses (*e.g.*, AONCPLSONIC-0005256 was addressed above in category 2).  Homeland also mentioned AONCPLSONIC-0005587, but we produced that document.

Homeland also states that "there are numerous instance in which AON's inclusion on a communication with an attorney may waive any privilege that existed," and then cites numerous documents.  Can Homeland clarify whether this is a request and, if so, what Homeland is requesting and the bases for the request?  We are a little confused because the authority you cite seems to support the proposition that including a broker on a privileged/protected communication does not waive privilege/protection if the communication regards the rendering of professional legal services (privilege) or was made in the anticipation of litigation (work product protection).  Maybe we're missing something, but some clarity would be helpful.

Lastly, we never said Aon was acting as CPL's agent (or SHUSA's agent), but we also don't see how that issue is relevant to this meet-and-confer.

Perhaps I should have attached your January 19, 2022 email to Jenna rather than just referencing it.   I know some of these issues were discussed before Jenna's medical leave and it has been some time since then.  In your email (which is attached) you state that you have reviewed the "broker communications" and believe that they are all protected because Aon was "facilitating the rendition of professional services" or "aiding in possible future litigation against liability insurers."  You cite the cases discussed in my discovery email of June 30.  As we explained in my June 30 email, we do not believe the case law you provided supports your position that the communications with Aon are protected.   If you have any additional support you'd like us to review, please let us know.  Or if I misinterpreted your email with Jenna and

before my time at Sheppard, please let me know that as well.

You also say that you are "not asserting that Aon always is or was acting as [CPL's] agent."  This seems to imply that CPL believes that Aon was its agent during certain times relevant to this dispute.  We are seeking clarification on that statement and how it is relevant to CPL's refusal to produce communications with Aon.  If you could elaborate on CPL's position, that would be appreciated.

**Category 7:  Priv Log Descriptions**

Homeland claims that "CPL's  privilege log falls short of what is required under the law and has not enabled Homeland to fully evaluate some of its claims," citing two common entries, one on 10 documents and another on 5 documents. Those are as follows:

- Confidential and privileged attorney-client communication involving CPL/SHUSA and outside counsel made for the purpose of, or in furtherance to the rendering of, professional legal advice.

- Privileged and confidential attachments to email from outside counsel made for the purpose of rendering legal advice.

If those entries are deficient (and we are not sure that they are), then Homeland needs to overhaul its logs, which are filled with similar entries.  For example, Homeland's privilege log for its claim file has at least 234 entries describing "Redacted document cover page and email [string] reflecting privileged communications with counsel for the purpose of obtaining legal advice relating to litigation and coverage issues, and/or attorney work product related to litigation."  (In its 123-page privilege/redaction log, Homeland has a total of about 5 different descriptions, each varying by just one or two words—those entries simply don't allow Defendants to accurately evaluate the propriety of Homeland's withholdings).

Notwithstanding the above, Defendants will agree to supplement their log entries regarding the documents Homeland mentions, if Homeland similarly agrees to supplement its logs, including but not limited to those generated for its Claim Notes and Claim File.

We are trying to determine whether communications on the log relate to, for example, the underlying litigation for which CPL is seeking coverage or advice of coverage counsel.  In many of the entries it's impossible to tell, which makes an evaluation of the privilege claim nearly impossible.  However, in light of your request I will take a look at our previous log and the documents to see whether we believe there is an issue with it/CPL being able to evaluate the withheld records based on the kind of document, date, party, etc.

**Category 8:  Redaction Issues**

Homeland asks if a few withheld emails should have been redacted rather than withheld based on their descriptions.  Here are our responses:

- AONCPLSONIC-0003924 - AONCPLSONIC-0003925:  We can produce a redacted version of this document.
- AONCPLSONIC-0004484 - AONCPLSONIC-0004485:  We can produce a redacted version of this document.
- AONCPLSONIC-0004486 - AONCPLSONIC-0004487:  Entire email chain builds off of BLM advice from Nessa O'Roarty of BLM relating to Phelan settlement.

Understood.  We appreciate CPL producing the first two.

**Category 9:  Non-CPL Entities**

Defendants do not assert common interest/joint defense as a privilege, because the common interest/joint defense doctrines are not bases for asserting privilege, but are exceptions to the rule that disclosure of privileged materials to a third party waives privilege.

For example, Defendants do not claim that by including brian@medpathology.com or "Anyone with a 'sonichealthcare.usa' email address" on communications, privilege has been created.  Rather, Defendants, in some instances, may continue to claim privilege or protection as to certain materials notwithstanding their disclosure to certain third parties, such as where the parties have a common interest in defending claims against them – *e.g.*, co-defendants in an underlying litigation (*e.g.*, MedLab and CPL in the underlying claims), co-defendants in this litigation (*e.g.*, CPL and SHUSA), etc.

I understand CPL's position to be that wherever "medpathology.com" is included on an email in the Aon production the a/c privilege is not destroyed because of the common interest/joint defense doctrines.  We disagree that communications related to the underlying litigation are privileged in the first place as discussed above.  We also aren't sure that the doctrines would apply to those communications in a different proceeding where MPL is not a party.  If I misunderstood, please of course let us know that.  Otherwise, if you have some support for your position, we'd appreciate it if you could send that over.

Also, sonichealthcareusa.com is the domain name for Sonic Healthcare USA, Inc.—one of the two remaining defendants in this action.

We do not believe documents created before this litigation between two entities are automatically w/p protected because those entities were both sued.   The document is only subject to w/p if it was created in anticipation of litigation and not waived.  Is CPL taking the position that Sonic and CPL are sufficiently tied together that they should be treated as the same for w/p purposes?  Can you please explain why CPL believes no

waiver of the w/p protection occurred?

If Homeland seeks further clarity on this point, we would be happy to discuss.

**Category 10: Incorrect W/P Designations**

Homeland states that it does not "believe [certain] entries meet the definition of w/p based on the parties to the communication, timing, and content." Homeland then copies and pastes Defendants' descriptions and notes the dates of each communication as between April and May of 2018, without further stating why Homeland does not believe each document constitutes protected work product.

To clarify, is it Homeland's position that Defendants could not have reasonably anticipated coverage litigation as of April 2018?

We laid out three descriptions and asked CPL to explain why it believes work product applies to those documents given the date, parties involved, and most importantly the descriptions in the log.  With respect to the first,  we do not believe that Homeland had "repeatedly requested" information as of April 2018, let alone information "that had no bearing on the adjustment of the Phelan claim" so CPL's assertion of w/p on that basis is confusing.   Again, CPL cannot claim that it had no idea of issues with coverage or potential related claims and simultaneously assert that it was anticipating litigation while gathering information for Homeland and before Homeland issued a coverage determination or reservation.  Can you provide CPL's reasoning and justification for withholding this record?

**Lastly,**

We provide the following information on certain individuals identified in your e-mail:
- jonathan.watts@bowewattsclargo.com:  Jonathan Watts.  According to online research, he is a former Managing Director with Bowe Watts Clargo Limited, and in that role he apparently acted as a "complex transaction consultant."
- eamadden@ireland.com:  Eamonn Madden.  According to online research, he is the former CEO of MedLab.
- Amanda.mudaliar@riskadvisoryservices.com.au:  Amanda Mudaliar.  According to online research, she is a risk and insurance consultant based in Sydney, Australia.
- roneill@ECF.ie:
- ChrisWilks@bigpond.com:   Chris Wilks. According to online research, he was CFO of Sonic Healthcare (in Australia) as of 2010 (and he might still be today).

Please let us know if you would like to discuss any of the matters discussed here.  Also, for any documents that we haven't agreed to produce, note that our offer to facilitate an attorneys' eyes only review remains open.  Just let us know what you might want to review, and we can then discuss whether we can agree to make the document(s)

available.  That may be a way to streamline this process so we don't need these very long back-and-forths.

Thanks,

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Friday, July 15, 2022 9:59 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Jennifer Jones
<JenniferJones@sheppardmullin.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>
**Subject:** Re: Homeland v. CPL, et al.

Thanks for getting back to me.

At this time we're not moving on the other documents, but that doesn't preclude us from doing so later.

Sent from my iPhone

> On Jul 15, 2022, at 12:51 PM, Jocelyn Whiteley
> <JWhiteley@sheppardmullin.com> wrote:
>
>
> | **EXTERNAL:** Sent from outside Haynes and Boone, LLP |
> | --- |
>
> Hi Greg:
>
> We maintain that the seven emails you identified are privileged but we
> understand that CPL intends to file a motion regarding these documents
> later today.  We also wanted to clarify that at this point we have
> sufficiently met and conferred regarding *all* documents at issue with the
> claw back, but CPL's motion will only address the seven documents you
> referenced.  Let us know though if CPL intends to move on the other

records.

We will respond separately regarding the other issues in your email today
or on Monday.

Jocelyn
**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Wednesday, July 13, 2022 10:22 AM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Jennifer Jones
<JenniferJones@sheppardmullin.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>
**Subject:** Re: Homeland v. CPL, et al.

Hi Greg: I am out of town in all day meetings today. I'll review and talk
with the team once I'm back to get you a response.
Sent from my iPhone

> On Jul 13, 2022, at 11:28 AM, Van Houten, Greg
> <Greg.VanHouten@haynesboone.com> wrote:
>
> Jocelyn,
>
> I write in response to your below July 1, 2022 e-mail
> (regarding document production) and your July 8, 2022
> e-mail (regarding depositions), and also regarding
> Jared's June 29, 2022 e-mail (regarding Homeland's
> clawback request and its "mini privilege log").
>
> With respect to the latter, we have reviewed Homeland's
> log and continue to disagree with Homeland's
> withholdings. We accordingly plan to file on Friday a
> motion to compel the production of unredacted versions
> of the seven e-mails that were sent between February 22,

2018 and March 1, 2018 and that appear on that log. We believe those e-mails regard Homeland's investigation and adjustment of the underlying claims, and/or its coverage investigation, and therefore are discoverable under Texas law. We of course won't file a motion to compel if we can reach a resolution on those documents in the interim, but we have been meeting and conferring on this for months now, have *significantly* narrowed what we're asking for, and feel as those we have reached an impasse. Given that we plan to file on Friday, please let me know by no later than Friday at 12 PM ET if Homeland is willing to produce the unredacted versions of those seven e-mails.

As to your July 8, 2022 e-mail regarding depositions, we can confirm that we can accept service for Mr. Shumpert and Ms. Foster. I forwarded your e-mail to who I understand to be Aon's outside counsel—John Landis—so that he can advise on Mr. Onken and Ms. Bell. As for timing, I can do July 26, 28, or 29, but I am out on leave from August 1 to September 12. And Ernest has a trial date—before Judge Pitman—on September 6, and another trial set for October 24th, and so his August and early September are going to be very busy. Given our schedules and yours (we understand Jared is out on leave and that you are brand new to this case), perhaps it makes sense to extend our fact discovery deadline by two or three weeks. Judge Pitman's Scheduling Order says all dates except the trial and dispositive motion dates can be moved, and so a short extension of the fact discovery deadline shouldn't be an issue. Let me know what you think—perhaps we could extend it from September 30 to October 19.

Also, we'd like to depose Daniele Freaner before I am out on leave, and possibly Jennifer Clifford, too (although we are waiting on whether Sheppard Mullin is representing Ms. Clifford). Can please let me know what you think will work for late July (preferably July 26, 28, or 29)?

As to your July 1, 2022 e-mail, here is our comprehensive response:

Upon review of your July 1, 2022 e-mail, Defendants have agreed, in the spirit of good faith and with the goal of reducing discovery disputes, to produce certain of the documents listed in your e-mail. The various documents we plan to produce are listed below, and we plan to produce those documents sometime during the next two weeks.

By producing such documents, Defendants are not agreeing
with any of Homeland's positions or characterizations
regarding discoverability, relevance, or admissibility—
Defendants are simply producing documents to streamline
the parties' various disputes and to move this litigation
forward.  Defendants reserves their right to supplement
their production, clawback documents (consistent with the
Protective Order), and to take other positions with respect
to documents that Homeland may argue are "similar."  For
the avoidance of doubt, by agreeing to produce certain
documents through this e-mail, Defendants are *not* agreeing
to produce any other documents.

Notwithstanding the above, Defendants respond on a
category-by-category basis as follows:

**<u>Category 1</u>**

Homeland requests that Defendants produce notices sent to
<u>healthcareclaims@beazley.com</u>.

We fail to see how notices sent to Beazley are relevant to
the parties' claims or defenses such that they would be
subject to discovery.  Can you please explain how and how
Homeland believes these notices are relevant?

**<u>Category 2</u>**

Homeland claims that there are documents Defendants
withheld from the AON production that have previously
produced.

Homeland requests that Defendants produce various copies
of a 3/16/2016 email from Lisa Clark of MedLab to Ms.
Shearman of Aon (AONCPLSONIC-0005249, AONCPLSONIC-
0005256, AONCPLSONIC-0009927, and AONCPLSONIC-
0009929) (note:  we produced AONCPLSONIC-000521, and
so are unsure why that is on your list).  Subject to the
reservations mentioned above, and to streamline the
resolution of this matter, we will produce those documents,
but we want to emphasize that Defendants did not receive
any versions of that e-mail until 2018, at the earliest.  Such is
evident from the privilege log, as it shows that:

- AONCPLSONIC-0005249 is a child of an e-mail sent by

Jake Onken on August 1, 2018 (parent = AONCPLSONIC-0005209).

- AONCPLSONIC-0005256 is a child of an e-mail sent by Jake Onken on August 1, 2018 (parent = AONCPLSONIC-0005209).
- AONCPLSONIC-0009927 is a child of an e-mail sent by Jake Onken on October 8, 2018 (parent = AONCPLSONIC-0009920).
- AONCPLSONIC-0009929 is a child of an e-mail sent by Jake Onken on October 8, 2018 (parent = AONCPLSONIC-0009920).

The metadata associated with the documents that you note Defendants already produced establishes the same thing:

- DEF-CPL_0000066746 is a child of an e-mail sent by Gail Johnson on May 13, 2019 (parent = DEF-CPL_0000066708).
- DEF-CPL_0000066792 is a child of an e-mail sent by Gail Johnson on May 13, 2019 (parent = DEF-CPL_0000066754).
- DEF-CPL-0000120213 is a child of a parent dated May 12, 2018 (all copies have a parent date of no earlier than May 2018).
- DEF-CPL_0000073672 is a child of an e-mail sent by Gail Johnson on October 14, 2019 (parent = DEF-CPL_0000073664).

Next, Homeland requests that Defendants produce a document titled: "2018 10 02 – Vero seeking recovery from CPL."  Subject to the reservations mentioned above, and to streamline the resolution of this matter, Defendants will agree to produce AONCPLSONIC-0010926; AONCPLSONIC-0010941; AONCPLSONIC-0010958; and AONCPLSONIC-0010970.  You also list AONCPLSONIC-001093, but that is not a used Bates number.  Please advise on that one.

Similarly, Homeland requests that Defendants produce a document titled "2018 08 21 – Vero letter – Obrien."  Subject to the reservations mentioned above, and to streamline the resolution of this matter, Defendants will agree to produce AONCPLSONIC-0010924; AONCPLSONIC-0010937; AONCPLSONIC-0010946; AONCPLSONIC-0010963, and AONCPLSONIC-0010975.

Homeland claims that Defendants withheld as privileged

AONCPLSONIC-0001013, an email titled "2010 03 19 Gordon Young of SH re Insurance Provisions" in the Aon production but already produced it as DEF-CPL_0000118364_0001 and DEF-CPL_0000142896.  Homeland's claim is incorrect.  AONCPLSONIC-0001013 is not the same as DEF-CPL_0000118364_0001 and/or DEF-CPL_0000142896.  That is because AONCPLSONIC-0001013 contains correspondence with outside counsel (A&L Goodbody) regarding the negotiation of contract terms.  DEF-CPL_0000118364_0001 and DEF-CPL_0000142896, on the other hand, relate to the same contract but do not have attorneys on the email nor do they contain privileged material.  Please let us know if it is Homeland's position that a party may not withhold correspondence with legal counsel regarding draft contract terms.

Homeland requests that Defendants produce "NCSS Insurance Clause 17 Mark Ups."   Subject to the reservations mentioned above, and to streamline the resolution of this matter, CPL will agree to produce AONCPLSONIC-0010274 and AONCPLSONIC-0010178.

Lastly, Homeland requests that Defendants produce a 3/22/16 email from Kathryn Shearman to Jamilar Aung and its attachment.  Subject to the reservations mentioned above, and to streamline the resolution of this matter, CPL will agree to produce AONCPLSONIC-0009923 and its attachment (AONCPLSONIC-0009926).  Note that the privilege log shows that Defendants did not receive that e-mail until October 8, 2018, as both documents are children of an e-mail sent by Jake Onken on October 8, 2018 (parent = AONCPLSONIC-0009920).  The metadata for DEF-CPL_000066795 establishes the same thing, as it is a child of an e-mail sent by Gail Johnson on May 13, 2019 (DEF-CPL_000066754).

**<u>Category 3</u>**

Homeland claims that a number of communications involving Ms. Sheridan Foster and designated as privileged were incorrectly withheld.

Upon review, we believe that all of the documents Homeland highlights were properly withheld.  Virtually all the documents directly include *outside counsel* from A&L

Goodbody, BLM, William Fry, or Germer.  However, Defendants understand that such participants may not be evident when the top email/cover email (*i.e.*, the email from which the fields on the privilege log are populated) does not include outside counsel.  Defendants are happy to continue clarifying documents Homeland believes may fall into this category.  However, for the sake of efficiency, where Defendants state on their log(s) that a document or communication involves or was created at the direction of outside counsel, "outside counsel" refers to one of the four law firms mentioned above (A&L Goodbody, BLM, William Fry, and Germer).

Specifically, the properly withheld documents Homeland highlights with respect to this category can be further described as follows:

- Forwarding and/or further discussing emails including outside counsel (A&L Goodbody) regarding NCSS contract terms and negotiations:
  - AONCPLSONIC-0000105 - AONCPLSONIC-0000108
  - AONCPLSONIC-0000125 - AONCPLSONIC-0000129
  - AONCPLSONIC-0000198 - AONCPLSONIC-0000204
  - AONCPLSONIC-0000213 - AONCPLSONIC-0000216
  - AONCPLSONIC-0000226 - AONCPLSONIC-0000230
  - AONCPLSONIC-0000733 - AONCPLSONIC-0000737
  - AONCPLSONIC-0000806 - AONCPLSONIC-0000812
  - AONCPLSONIC-0000821 - AONCPLSONIC-0000824
  - AONCPLSONIC-0010098 - AONCPLSONIC-0010102
- Forwarding and/or further discussing correspondence with and/or involving Mark Beaman (of Germer) regarding coverage for the underlying claims:
  - AONCPLSONIC-0001028 - AONCPLSONIC-0001030
  - AONCPLSONIC-0001031 - AONCPLSONIC-0001034
  - AONCPLSONIC-0004777 - AONCPLSONIC-

0004778
- AONCPLSONIC-0005323 - AONCPLSONIC-0005325
- AONCPLSONIC-0005326 - AONCPLSONIC-0005328
- AONCPLSONIC-0005644 - AONCPLSONIC-0005645
- AONCPLSONIC-0005646 - AONCPLSONIC-0005647
- AONCPLSONIC-0005648 - AONCPLSONIC-0005649
- AONCPLSONIC-0005659 - AONCPLSONIC-0005659
- AONCPLSONIC-0009874 - AONCPLSONIC-0009880
- AONCPLSONIC-0009930 - AONCPLSONIC-0009931
- AONCPLSONIC-0010469 - AONCPLSONIC-0010469

- Forwarding and/or discussing emails with BLM (Clifford Healy and/or Nessa O'Roarty) regarding legal strategy vis-à-vis the Phelan Claim:
  - AONCPLSONIC-0003179 - AONCPLSONIC-0003180
  - AONCPLSONIC-0003193 - AONCPLSONIC-0003195
  - AONCPLSONIC-0003632 - AONCPLSONIC-0003634
  - AONCPLSONIC-0003850 - AONCPLSONIC-0003851
  - AONCPLSONIC-0003857 - AONCPLSONIC-0003858
  - AONCPLSONIC-0003867 - AONCPLSONIC-0003868
  - AONCPLSONIC-0003869 - AONCPLSONIC-0003874
  - AONCPLSONIC-0003877 - AONCPLSONIC-0003879
  - AONCPLSONIC-0003882 - AONCPLSONIC-0003884
  - AONCPLSONIC-0003885 - AONCPLSONIC-0003887
  - AONCPLSONIC-0003891 - AONCPLSONIC-0003894
  - AONCPLSONIC-0003895 - AONCPLSONIC-

0003898
  - AONCPLSONIC-0003933 - AONCPLSONIC-0003937
  - AONCPLSONIC-0003952 - AONCPLSONIC-0003956
  - AONCPLSONIC-0004470 - AONCPLSONIC-0004471
  - AONCPLSONIC-0004476 - AONCPLSONIC-0004479
- Forwarding and/or discussing emails with outside counsel (BLM; Nessa O'Roarty) regarding the underlying claims generally and strategy regarding the same.
  - AONCPLSONIC-0005592 - AONCPLSONIC-0005593
- Brian Madden and Sheridan Foster discuss emails involving Nessa O'Roarty (BLM) relating to the Phelan claim, in anticipation of (or regarding) litigation regarding the same.
  - AONCPLSONIC-0003544 - AONCPLSONIC-0003548
  - AONCPLSONIC-0003399 - AONCPLSONIC-0003401
  - AONCPLSONIC-0003550 - AONCPLSONIC-0003554
  - AONCPLSONIC-0003555 - AONCPLSONIC-0003560
  - AONCPLSONIC-0003561 - AONCPLSONIC-0003566
  - AONCPLSONIC-0003567 - AONCPLSONIC-0003572
  - AONCPLSONIC-0003573 - AONCPLSONIC-0003579
  - AONCPLSONIC-0003580 - AONCPLSONIC-0003586
- Sheridan forwarding internal emails between Sonic representatives discussing the Phelan claim, in anticipation of the litigation of that claim:
  - AONCPLSONIC-0003402 - AONCPLSONIC-0003404
  - AONCPLSONIC-0003405 - AONCPLSONIC-0003406
- Sheridan and others discussing harassing letter from Homeland regarding its so-called "investigation" of the Phelan claim, in anticipation of litigation of the

Phelan claim.
- ○ AONCPLSONIC-0003775 - AONCPLSONIC-0003775
- Sheridan and Onken in 9/2018 discussing coverage under OneBeacon Policies for ICC claims in furtherance of privileged call with outside counsel (Germer) regarding insurance coverage strategy in light of Homeland's unreasonable and bad faith "claims investigation," which consisted of sending Defendants repetitive, invasive, and unnecessary requests for information.
  - ○ AONCPLSONIC-0006205 - AONCPLSONIC-0006206
  - ○ AONCPLSONIC-0006207 - AONCPLSONIC-0006208
  - ○ AONCPLSONIC-0006209 - AONCPLSONIC-0006211
  - ○ AONCPLSONIC-0006212 - AONCPLSONIC-0006214
  - ○ AONCPLSONIC-0006215 - AONCPLSONIC-0006218
  - ○ AONCPLSONIC-0006278 - AONCPLSONIC-0006281
  - ○ AONCPLSONIC-0006282 - AONCPLSONIC-0006285
  - ○ AONCPLSONIC-0008937 - AONCPLSONIC-0008941
  - ○ AONCPLSONIC-0009262 - AONCPLSONIC-0009266
- Internal Tracking Document created with the help of and at the direction of counsel (M. Beaman- Germer) regarding existing claims: AONCPLSONIC-0005489 - AONCPLSONIC-0005489.

Subject to the reservations mentioned above, and to streamline the resolution of this matter, Defendants will agree to produce:
- AONCPLSONIC-0005494 - AONCPLSONIC-0005497.
- AONCPLSONIC-0005508 - AONCPLSONIC-0005511.
- AONCPLSONIC-0005523 - AONCPLSONIC-0005526.
- AONCPLSONIC-0005531 - AONCPLSONIC-0005534.
- AONCPLSONIC-0005705.
- AONCPLSONIC-0005761 - AONCPLSONIC-0005762.

**<u>Category 4</u>**

Homeland states that some of the communications listed in Category 3 with Ms. Foster and "other non-lawyers" but that include in the description that they involve "outside counsel" "appear to be false descriptions."  Defendants expect that their response to such Category 3 documents above, including but not limited to those relating to AONCPLSONIC-0001028 - AONCPLSONIC-0001030, ameliorate these concerns.

Homeland highlights additional documents with descriptions it believes to be similarly inaccurate.
However, as with the Category 3 documents discussed above, the descriptions were indeed accurate as they all involve outside counsel (but perhaps not on the cover email from which the log is created).  To clarify, though, Defendants further describe each of the documents Homeland highlights as follows:

- AONCPLSONIC-0001028 - AONCPLSONIC-0001030: Ms. Foster following up with Jake Onken about an email from Mark Beaman containing legal advice.
- AONCPLSONIC-0000105 - AONCPLSONIC-0000108: Emails regarding NCSS Contract negotiation/terms including A&L Goodbody.
- AONCPLSONIC-0000733 - AONCPLSONIC-0000737: Emails regarding NCSS Contract negotiation/terms including A&L Goodbody.
- AONCPLSONIC-0003179 - AONCPLSONIC-0003180: Forwarding and discussing emails from and with Nessa O'Roarty and other representatives of BLM Law regarding legal advice vis-à-vis the Phelan claim. Homeland lists this document twice, please advise if this was a mistake or requires additional clarification.

As mentioned previously, where Defendants describe "outside counsel" in withheld documents, "outside counsel" means one of the following law firms, whose involvement in the case is also described:

- A&L Goodbody
- BLM Law
- William Fry
- Germer/Beaman
- Haynes Boone

Where "outside counsel" is described, an attorney from one

of those law firms is directly on the communication or is otherwise involved in the communication/document such that it is properly withheld as a protected attorney-client communication or attorney work product (as indicated). Should Homeland seek additional clarification of other documents, though, Defendants are happy to address them in a similar fashion.

**Category 5**

Homeland next claims that Defendants have improperly withheld privileged communications relating to the defense against the underlying claims. To be clear, Defendants endeavored to provide Homeland with all non-privileged/protected material relating to the underlying claims. But, Defendants do not understand how they could be required to provide Homeland with underlying claims documents that are privileged or protected by the work product doctrine. It would be helpful if Homeland could provide authority that supports the proposition that such materials are discoverable in this case (where Homeland has denied coverage).

**Category 6**

Next, Homeland contends that many of the documents include AON and have been improperly withheld. Specifically, Homeland claims that there are numerous communications between AON and other non-lawyers that *cannot* be privileged or protected. With respect to those documents that have already been addressed above, Defendants refer Homeland to its corresponding responses (*e.g.*, AONCPLSONIC-0005256 was addressed above in category 2). Homeland also mentioned AONCPLSONIC-0005587, but we produced that document.

Homeland also states that "there are numerous instance in which AON's inclusion on a communication with an attorney may waive any privilege that existed," and then cites numerous documents. Can Homeland clarify whether this is a request and, if so, what Homeland is requesting and the bases for the request? We are a little confused because the authority you cite seems to support the proposition that including a broker on a privileged/protected communication does not waive privilege/protection if the communication

regards the rendering of professional legal services
(privilege) or was made in the anticipation of litigation (work
product protection).  Maybe we're missing something, but
some clarity would be helpful.

Lastly, we never said Aon was acting as CPL's agent (or
SHUSA's agent), but we also don't see how that issue is
relevant to this meet-and-confer.

## Category 7

Homeland claims that "CPL's  privilege log falls short of what
is required under the law and has not enabled Homeland to
fully evaluate some of its claims," citing two common
entries, one on 10 documents and another on 5 documents.
Those are as follows:

- Confidential and privileged attorney-client
  communication involving CPL/SHUSA and outside
  counsel made for the purpose of, or in furtherance to
  the rendering of, professional legal advice.

- Privileged and confidential attachments to email from
  outside counsel made for the purpose of rendering
  legal advice.

If those entries are deficient (and we are not sure that they
are), then Homeland needs to overhaul its logs, which are
filled with similar entries.  For example, Homeland's privilege
log for its claim file has at least 234 entries describing
"Redacted document cover page and email [string] reflecting
privileged communications with counsel for the purpose of
obtaining legal advice relating to litigation and coverage
issues, and/or attorney work product related to litigation."
 (In its 123-page privilege/redaction log, Homeland has a
total of about 5 different descriptions, each varying by just
one or two words—those entries simply don't allow
Defendants to accurately evaluate the propriety of
Homeland's withholdings).

Notwithstanding the above, Defendants will agree to
supplement their log entries regarding the documents
Homeland mentions, if Homeland similarly agrees to
supplement its logs, including but not limited to those
generated for its Claim Notes and Claim File.

**Category 8**

Homeland asks if a few withheld emails should have been redacted rather than withheld based on their descriptions. Here are our responses:

- AONCPLSONIC-0003924 - AONCPLSONIC-0003925: We can produce a redacted version of this document.
- AONCPLSONIC-0004484 - AONCPLSONIC-0004485: We can produce a redacted version of this document.
- AONCPLSONIC-0004486 - AONCPLSONIC-0004487: Entire email chain builds off of BLM advice from Nessa O'Roarty of BLM relating to Phelan settlement.

**Category 9**

Defendants do not assert common interest/joint defense as a privilege, because the common interest/joint defense doctrines are not bases for asserting privilege, but are exceptions to the rule that disclosure of privileged materials to a third party waives privilege.

For example, Defendants do not claim that by including brian@medpathology.com or "Anyone with a 'sonichealthcare.usa' email address" on communications, privilege has been created.  Rather, Defendants, in some instances, may continue to claim privilege or protection as to certain materials notwithstanding their disclosure to certain third parties, such as where the parties have a common interest in defending claims against them – *e.g.*, co-defendants in an underlying litigation (*e.g.*, MedLab and CPL in the underlying claims), co-defendants in this litigation (*e.g.*, CPL and SHUSA), etc.

Also, sonichealthcareusa.com is the domain name for Sonic Healthcare USA, Inc.—one of the two remaining defendants in this action.

If Homeland seeks further clarity on this point, we would be happy to discuss.

**Category 10**

Homeland states that it does not "believe [certain] entries meet the definition of w/p based on the parties to the

communication, timing, and content." Homeland then copies and pastes Defendants' descriptions and notes the dates of each communication as between April and May of 2018, without further stating why Homeland does not believe each document constitutes protected work product.

To clarify, is it Homeland's position that Defendants could not have reasonably anticipated coverage litigation as of April 2018?

**<u>Lastly,</u>**

We provide the following information on certain individuals identified in your e-mail:

- [jonathan.watts@bowewattsclargo.com](mailto:jonathan.watts@bowewattsclargo.com):  Jonathan Watts.  According to online research, he is a former Managing Director with Bowe Watts Clargo Limited, and in that role he apparently acted as a "complex transaction consultant."
- [eamadden@ireland.com](mailto:eamadden@ireland.com):  Eamonn Madden. According to online research, he is the former CEO of MedLab.
- [Amanda.mudaliar@riskadvisoryservices.com.au](mailto:Amanda.mudaliar@riskadvisoryservices.com.au): Amanda Mudaliar.  According to online research, she is a risk and insurance consultant based in Sydney, Australia.
- [roneill@ECF.ie](mailto:roneill@ECF.ie):  Can you please provide more context for this inquiry?
- [ChrisWilks@bigpond.com](mailto:ChrisWilks@bigpond.com):   Chris Wilks. According to online research, he was CFO of Sonic Healthcare (in Australia) as of 2010 (and he might still be today).

Please let us know if you would like to discuss any of the matters discussed here.  Also, for any documents that we haven't agreed to produce, note that our offer to facilitate an attorneys' eyes only review remains open.  Just let us know what you might want to review, and we can then discuss whether we can agree to make the document(s) available.  That may be a way to streamline this process so we don't need these very long back-and-forths.

Thanks,

Greg

**HAYNES BOONE**

**Greg Van Houten (he/him)** | Associate
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

___

**From:** Van Houten, Greg
**Sent:** Monday, July 11, 2022 6:22 PM
**To:** 'Jocelyn Whiteley' <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Zerwas, Patti <Patricia.Zerwas@haynesboone.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL, et al.

Jocelyn,

Thanks for the update, and we understand, we'd just ask that Homeland prioritize getting us their log at the same time they are prioritizing sending us a lot of feedback on ours.

Thanks,

Greg

**HAYNES BOONE**

**Greg Van Houten (he/him)** | Associate
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

___

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Monday, July 11, 2022 6:18 PM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Zerwas, Patti <Patricia.Zerwas@haynesboone.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL, et al.

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Greg:

We are aiming to get you the ESI log next week.  As I believe you know, Jenna has been unexpectedly unavailable for medical reasons and Jared is on paternity leave so we appreciate your patience.   I'm getting up to speed as quicky as possible and we will respond about Jen Clifford as soon as we are able.

Thanks,

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Jocelyn Whiteley
**Sent:** Monday, July 11, 2022 2:50 PM
**To:** 'Van Houten, Greg'
<Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Zerwas, Patti <Patricia.Zerwas@haynesboone.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL, et al.

Thanks for the update.  Let me check with the team about the two issues you raised and I'll get back to you.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Van Houten, Greg

<Greg.VanHouten@haynesboone.com>
**Sent:** Monday, July 11, 2022 2:14 PM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Zerwas,
Patti <Patricia.Zerwas@haynesboone.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Jennifer Jones
<JenniferJones@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL, et al.

Jocelyn,

The e-mail you sent was very long and it was sent just over a
week ago and shortly before the July 4th holiday.
Nevertheless, we hope to respond to it tomorrow, but will
respond to it by no later than Wednesday of this week.  Our
response will cover all ten categories included in your e-mail.

While we're asking about things, when can we expect to
receive Homeland's privilege/redaction log for its ESI
production?  That has been outstanding since late April.

And when can we expect a response on whether Sheppard
Mullin will represent Jennifer Clifford in a deposition?  We
hope to schedule her deposition for this month, and we have
been asking about this since May.

Thanks,

Greg

**HAYNES BOONE**

**Greg Van Houten (he/him)** | Associate
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

---

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Monday, July 11, 2022 4:50 PM
**To:** Van Houten, Greg
<Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Zerwas,
Patti <Patricia.Zerwas@haynesboone.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Jennifer Jones
<JenniferJones@sheppardmullin.com>

**Subject:** RE: Homeland v. CPL, et al.

---
**EXTERNAL:** Sent from outside Haynes and Boone, LLP
---

Hi Greg:

Hope you had a nice weekend.  Just checking to see if you have a better sense of when CPL will be able to respond to the topics below.

Thank you,

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Tuesday, July 5, 2022 11:03 AM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Zerwas, Patti <Patricia.Zerwas@haynesboone.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Jennifer Jones <JenniferJones@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL, et al.

Thanks Greg.  We will look for your response.  If it's more expedient to deal with certain topics first and then turn to others on a rolling basis, we're fine with that too.  Whatever works best.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor

San Diego,  CA 92101-3598
+1 619-338-6500 | main
[www.sheppardmullin.com](www.sheppardmullin.com) | [LinkedIn](LinkedIn) | [Twitter](Twitter)

---

**From:** Van Houten, Greg
<[Greg.VanHouten@haynesboone.com](mailto:Greg.VanHouten@haynesboone.com)>
**Sent:** Tuesday, July 5, 2022 7:24 AM
**To:** Jocelyn Whiteley <[JWhiteley@sheppardmullin.com](mailto:JWhiteley@sheppardmullin.com)>
**Cc:** John Brooks <[JBrooks@sheppardmullin.com](mailto:JBrooks@sheppardmullin.com)>; Zerwas,
Patti <[Patricia.Zerwas@haynesboone.com](mailto:Patricia.Zerwas@haynesboone.com)>; Jared LeBeau
<[JLeBeau@sheppardmullin.com](mailto:JLeBeau@sheppardmullin.com)>; Schindler, S. Benjamin
<[S.Benjamin.Schindler@haynesboone.com](mailto:S.Benjamin.Schindler@haynesboone.com)>; Martin, Ernest
<[Ernest.Martin@haynesboone.com](mailto:Ernest.Martin@haynesboone.com)>; Jennifer Jones
<[JenniferJones@sheppardmullin.com](mailto:JenniferJones@sheppardmullin.com)>
**Subject:** RE: Homeland v. CPL, et al.

Jocelyn,

Welcome to the fun, nice to meet you, and congratulations
on your move to Sheppard Mullin.

We are in the process of reviewing and assessing your e-
mail.  It's lengthy and so will take us some time.  We will try
to respond sometime next week.

Thanks,

Greg

**HAYNES BOONE**

**Greg Van Houten (he/him)** | Associate
[greg.vanhouten@haynesboone.com](mailto:greg.vanhouten@haynesboone.com) | (t) +1 202.654.4562

---

**From:** Jocelyn Whiteley <[JWhiteley@sheppardmullin.com](mailto:JWhiteley@sheppardmullin.com)>
**Sent:** Friday, July 1, 2022 2:36 AM
**To:** Van Houten, Greg
<[Greg.VanHouten@haynesboone.com](mailto:Greg.VanHouten@haynesboone.com)>; Schindler, S.
Benjamin <[S.Benjamin.Schindler@haynesboone.com](mailto:S.Benjamin.Schindler@haynesboone.com)>;
Martin, Ernest <[Ernest.Martin@haynesboone.com](mailto:Ernest.Martin@haynesboone.com)>
**Cc:** John Brooks <[JBrooks@sheppardmullin.com](mailto:JBrooks@sheppardmullin.com)>; Jared
LeBeau <[JLeBeau@sheppardmullin.com](mailto:JLeBeau@sheppardmullin.com)>; Jennifer Jones
<[JenniferJones@sheppardmullin.com](mailto:JenniferJones@sheppardmullin.com)>
**Subject:** Homeland v. CPL, et al.

EXTERNAL: Sent from outside Haynes and Boone, LLP

Greg:

I'm a new Special Counsel here at Sheppard Mullin and I'll be working with Jared and John moving forward, so I wanted to take a second and introduce myself.  Nice to "meet" you.

We're following up on the emails from Daniel and Jenna over the last little while regarding CPL's production of the Aon documents.  After reviewing the privilege log and production more fully, we have a number of issues we wanted to bring to your attention and discuss if necessary.  We have outlined them below with examples to try to help streamline the process and so that you can understand our concerns better.

**Category One: Notice of Claims**

CPL improperly withheld Aon's notices of claim sent to healthcareclaims@beazley.com and the corresponding attachments as a/c privilege protected and the description references the "common interest doctrine and/or cooperation clause."  These notices were not sent for the purpose of obtaining legal advice, and in any event they were sent to a third party insurer constituting a waiver if any privilege existed.  Likewise, we see no reason why a document sent to another carrier should be protected by a "common interest doctrine" or "cooperation clause."  Please let us know if you'll agree to produce this category of documents.

See the following entries as examples of these withheld documents:

Notices:

- AONCPLSONIC-0010548
- AONCPLSONIC-0010577
- AONCPLSONIC-0010614
- AONCPLSONIC-0010651
- AONCPLSONIC-0010698
- AONCPLSONIC-0010735
- AONCPLSONIC-0010767
- AONCPLSONIC-0010807
- AONCPLSONIC-0010847
- AONCPLSONIC-0010871

Attachments:

- AONCPLSONIC-0010549
- AONCPLSONIC-0010578
- AONCPLSONIC-0010615
- AONCPLSONIC-0010652
- AONCPLSONIC-0010699
- AONCPLSONIC-0010736
- AONCPLSONIC-0010768
- AONCPLSONIC-0010808
- AONCPLSONIC-0010848
- AONCPLSONIC-0010872

Note that CPL already produced a similar document at DEF-CPL_0000094141.   If you believe these were not inadvertently withheld, please elaborate on your basis for withholding the notice of claim documents so we can evaluate your position more fully.

**Category Two:  Documents CPL Already Produced to Homeland**

CPL withheld several documents in the Aon production that CPL already produced to Homeland.  For example:

- CPL withheld a 3/16/2016 email from Lisa Clark of MedLab to Ms. Shearman of Aon, which cc'd Gordon Young of Sonic Healthcare but already produced both the email and its attachment. Compare (a) AONCPLSONIC-005249 (email), AONCPLSONIC-000521 (attachment) and AONCPLSONIC-0009927 (email), AONCPLSONIC-0009929 (attachment) and (b) DEF-CPL_0000066746 and DEF-CPL_0000066792 (emails), DEF-CPL-0000120213 (attachment)

- CPL already produced a 3/16/2016 email from Lisa Clarke (MedLab) to Ms. Shearman (Aon). Compare AONCPLSONIC-0005256 with DEF-CPL_0000073672.

- CPL withheld as a/c privileged a "2018 10 02 – Vero seeking recovery from CPL" document sent from Vero to Aon but already produced it in the CPL production.   Compare (a) AONCPLSONIC-0010926; AONCPLSONIC-001093; AONCPLSONIC-0010941;

AONCPLSONIC-0010958, and; AONCPLSONIC-0010970 with (b) DEF-CPL_0000065547.

- CPL withheld as a/c privilege a "2018 08 21 – Vero letter – Obrien" document in the Aon production but produced it in the CPL production.  Compare (a) AONCPLSONIC-0010924; AONCPLSONIC-0010937; AONCPLSONIC-0010946; AONCPLSONIC-0010963, and AONCPLSONIC-0010975  with (b) DEF-CPL_0000065552.

- CPL withheld as a/c privileged a "2010 03 19 Gordon Young of SH re Insurance Provisions" document in the Aon production which was already produced.  Compare (a) AONCPLSONIC-0001013 with (b) DEF-CPL_0000118364_0001 and DEF-CPL_0000142896.

- CPL withheld the "NCSS Insurance Clause 17 Mark Ups" document in two places in the Aon production (AONCPLSONIC-0010274 and AONCPLSONIC-0010178) but produced it at AONCPLSONIC-0000115.

- CPL withheld a 03/22/2016 email that Kathryn Shearman sent to Jamilar Aung of Vero.  *See* the email at AONCPLSONIC-0009923, and the attachment at AONCPLSONIC-0009926.  We believe this was already produced at DEF-CPL_000066795.

We believe these were likely inadvertently withheld and should be produced based on the contents of those records, but of course please let us know if this is not the case.

**Category Three:  Sheridan Foster documents without another lawyer on the communication**

We believe that a number of communications designated as "attorney client" privileged were incorrectly withheld because Ms. Foster was not acting as a licensed lawyer nor was she a "lawyer's representative."  Under Texas law, which governs the resolution of a/c privilege issues in this case, the elements of the attorney-client privilege are:  (1) a confidential communication; (2) made for the purpose of facilitating the rendition of professional legal services; (3) between or amongst the client, lawyer, and their representatives; and (4) the privilege has not been waived.

TEX. R. EVID. 503(b).

"The attorney-client privilege protects communications between an attorney and his or her client that are intended to be confidential." Pillsbury Winthrop Shaw Pittman LLP v. Brown Sims, P.C., No. CIV. 4:09-MC-365, 2010 WL 56045, at *4 (S.D. Tex. Jan. 6, 2010). "What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from a lawyer." In re TETRA Techs., Inc. Sec. Litig., No. 4:08-CV-0965, 2010 WL 1335431, at *5 (S.D. Tex. Apr. 5, 2010) "Indeed, the privilege does not protect communications between the client and one not a lawyer." Sky Techs, LLC v. IBM, Inc., No. 2:03-CV-454 (DF), 2006 WL 8441534, at *3 (E.D. Tex. Feb. 13, 2006)

A "lawyer" is defined as "a person authorized or who the client reasonably believes is authorized to practice law in any state in the nation." TEX. R. EVID. Rule 503(3). A "lawyer's representative" is someone "employed by the lawyer to assist in the rendition of professional legal services" or "an accountant who is reasonably necessary for the lawyer's rendition of professional legal services." TEX. R. EVID. Rule 503(4). The burden is on the party asserting the privilege to demonstrate how each document satisfies these elements. Curlee v. United Parcel Serv., Inc., No. 3:13-cv-344-P, 2014 WL 4262036, at *4 (N.D. Tex. Aug. 29, 2014).

We have reason to believe that Ms. Foster was not licensed to practice law during the relevant timeframe, and therefore CPL's assertion of attorney-client privilege based on her inclusion in a communication are invalid.

Because of that, at least Ms. Foster's communications solely with other non-lawyers like Aon, Mr. Madden (MedLab employee), Karen Pruett (CPL employee), Bobby Smithson (CPL employee), Robert Conner (Dr. and CEO), Mr. Young (risk manager), and Mr. Shumpert which are designated as "attorney-client" privileged were inappropriately withheld. A sample of those documents is included below by bates number (with all the persons on those communications listed next to the bates numbers for your reference).

If we are mistaken about her licensure, please provide the jurisdiction(s) where she is/was admitted and the corresponding dates of when she was allowed to practice

there.

- AONCPLSONIC-0000105 - AONCPLSONIC-0000108 (SF with Aon)
- AONCPLSONIC-0000125 - AONCPLSONIC-0000129 (Robert Conner and SF)
- AONCPLSONIC-0000198 - AONCPLSONIC-0000204 (Robert Conner)
- AONCPLSONIC-0000213 - AONCPLSONIC-0000216 Robert Conner)
- AONCPLSONIC-0000226 - AONCPLSONIC-0000230 (SF with Aon)
- AONCPLSONIC-0000806 - AONCPLSONIC-0000812 (Robert Conner)
- AONCPLSONIC-0000821 - AONCPLSONIC-0000824 (Robert Conner)
- AONCPLSONIC-0001028 - AONCPLSONIC-0001030 (SF with Aon)
- AONCPLSONIC-0001031 - AONCPLSONIC-0001034 (SF and Aon)
- AONCPLSONIC-0003179 - AONCPLSONIC-0003180 (SF, Mr. Foster, and Aon)
- AONCPLSONIC-0003193 - AONCPLSONIC-0003195 (SF with Aon and Gordon Young)
- AONCPLSONIC-0003399 - AONCPLSONIC-0003401 (SF, Mr. Madden, and Aon)
- AONCPLSONIC-0003402 - AONCPLSONIC-0003404 (SF with Aon)
- AONCPLSONIC-0003405 - AONCPLSONIC-0003406 (SF with Aon)
- AONCPLSONIC-0003544 - AONCPLSONIC-0003548 (SF with Aon, Brian Madden of MedLab, and Karen Pruett of CPL)
- AONCPLSONIC-0003550 - AONCPLSONIC-0003554 (SF with Mr. Madden, Ms. Pruett, and Aon)
- AONCPLSONIC-0003555 - AONCPLSONIC-0003560 (SF with Aon, Mr. Madden, and Ms. Pruett)
- AONCPLSONIC-0003573 - AONCPLSONIC-0003579 (SF with Aon and Ms. Pruett)
- AONCPLSONIC-0003561 - AONCPLSONIC-0003566 (SF with Aon, Mr. Madden, and Ms. Pruett)
- AONCPLSONIC-0003567 - AONCPLSONIC-0003572 (SF with Aon, Mr. Madden, and Ms. Pruett)
- AONCPLSONIC-0003580 - AONCPLSONIC-0003586 (SF with Aon and Ms. Pruett)

AONCPLSONIC-0003632 - AONCPLSONIC-0003634 (SF with Aon and Ms. Pruett/Bobby Smithson (CPL))

- AONCPLSONIC-0003775 - AONCPLSONIC-0003775 (SF with Gordon Young, Aon, Stephen Shumpert (Sonic Care), Ms. Pruett, and Bobby Smithson (CPL))
- AONCPLSONIC-0003850 - AONCPLSONIC-0003851 (SF and Aon)
- AONCPLSONIC-0003857 - AONCPLSONIC-0003858 (SF with Aon)
- AONCPLSONIC-0003867 - AONCPLSONIC-0003868 (SF and Aon)
- AONCPLSONIC-0003869 - AONCPLSONIC-0003874 (SF and Aon)
- AONCPLSONIC-0003877 - AONCPLSONIC-0003879 (SF and Aon)
- AONCPLSONIC-0003882 - AONCPLSONIC-0003884 (SF and Aon)
- AONCPLSONIC-0003885 - AONCPLSONIC-0003887 (SF and Aon)
- AONCPLSONIC-0003891 - AONCPLSONIC-0003894 (SF and Aon)
- AONCPLSONIC-0003895 - AONCPLSONIC-0003898 (SF and Aon)
- AONCPLSONIC-0003933 - AONCPLSONIC-0003937 (SF, Aon, and Mr. Shumpert)
- AONCPLSONIC-0003952 - AONCPLSONIC-0003956 (SF and Aon)
- AONCPLSONIC-0004470 - AONCPLSONIC-0004471 (SF and Aon)
- AONCPLSONIC-0004476 - AONCPLSONIC-0004479 (SF and Mr. Shumpert, Ms. Pruett, Mr. Young, and Aon)
- AONCPLSONIC-0004777 - AONCPLSONIC-0004778 (SF, Aon, and Ms. Pruett)
- AONCPLSONIC-0005323 - AONCPLSONIC-0005325 (SF and Aon)
- AONCPLSONIC-0005326 - AONCPLSONIC-0005328 (SF and Aon)
- AONCPLSONIC-0005489 - AONCPLSONIC-0005489 (Just SF)
- AONCPLSONIC-0005508 - AONCPLSONIC-0005511 (SF and Mr. Young)
- AONCPLSONIC-0005523 - AONCPLSONIC-0005526 (SF and Mr. Young)
- AONCPLSONIC-0005531 - AONCPLSONIC-0005534 (SF and Mr. Young)

AONCPLSONIC-0005592 - AONCPLSONIC-0005593 (SF, Mr. Young, and Mr. Wilks)

- AONCPLSONIC-0005494 - AONCPLSONIC-0005497 (SF and Mr. Young)
- AONCPLSONIC-0005644 - AONCPLSONIC-0005645 (SF and Aon)
- AONCPLSONIC-0005646 - AONCPLSONIC-0005647 (SF and Aon)
- AONCPLSONIC-0005648 - AONCPLSONIC-0005649 (SF and Aon)
- AONCPLSONIC-0005659 - AONCPLSONIC-0005659 (SF and Aon)
- AONCPLSONIC-0005705 - AONCPLSONIC-0005705 (SF and Aon)
- AONCPLSONIC-0005761 - AONCPLSONIC-0005762 (SF and Aon)
- AONCPLSONIC-0006205 - AONCPLSONIC-0006206 (SF and Aon)
- AONCPLSONIC-0006207 - AONCPLSONIC-0006208 (SF and Aon)
- AONCPLSONIC-0006209 - AONCPLSONIC-0006211 (SF and Aon)
- AONCPLSONIC-0006212 - AONCPLSONIC-0006214 (SF and Aon)
- AONCPLSONIC-0006215 - AONCPLSONIC-0006218 (SF and Aon)
- AONCPLSONIC-0006278 - AONCPLSONIC-0006281 (SF and Aon)
- AONCPLSONIC-0006282 - AONCPLSONIC-0006285 (SF and Aon)
- AONCPLSONIC-0000733 - AONCPLSONIC-0000737 (SF and Robert Conner)
- AONCPLSONIC-0008937 - AONCPLSONIC-0008941 (SF and Aon)
- AONCPLSONIC-0009262 - AONCPLSONIC-0009266 (SF and Aon)
- AONCPLSONIC-0009874 - AONCPLSONIC-0009880 (SF and Aon)
- AONCPLSONIC-0009930 - AONCPLSONIC-0009931 (SF and Aon)
- AONCPLSONIC-0010098 - AONCPLSONIC-0010102 (SF and Mr. Conner)
- AONCPLSONIC-0010469 - AONCPLSONIC-0010469 (SF and Aon)

**Category Four:  Emails forwarding communications from "outside counsel"**

There are a number of documents withheld on the basis of a/c privilege that are described as forwarding or referencing messages from "outside counsel" without (a) any other identifying information about who "outside counsel" is/their function and (b) no attorney actually on the communication.

Indeed, some of the communications listed in section three above, with just Ms. Foster and other non-lawyers, include descriptions such as: "Confidential and privileged attorney-client communication involving CPL/SHUSA and **outside counsel** made for the purpose of, or in furtherance to the rendering of, professional legal advice."  See e.g., AONCPLSONIC-0001028 - AONCPLSONIC-0001030.  This appears from the parties to the communication to be a false description of the document given that no "counsel" appears on the communication.

See other examples at: AONCPLSONIC-0000105 - AONCPLSONIC-0000108 ("E-mail forwarding another e-mail from 2010 including outside counsel and regarding the negotiation of contract terms" between SF and Aon); AONCPLSONIC-0000733 - AONCPLSONIC-0000737 ("E-mail forwarding another e-mail from 2010 including outside counsel and regarding the negotiation of contract terms" between SF and Conner); AONCPLSONIC-0003179 - AONCPLSONIC-0003180 ("E-mail forwarding e-mail from outside counsel regarding insurance coverage" between SF, Aon, and Young); AONCPLSONIC-0003179 - AONCPLSONIC-0003180 ("E-mail forwarding e-mail from outside counsel regarding insurance coverage" between SF, Aon, and Young)

Please let us know whether CPL will produce those documents.   For each document CPL will not produce where the description references "outside counsel" and there is no other identifying information, we request that you provide (a) who that "outside counsel" is, (b) what their role is relative to CPL, and (c) the basis for withholding the document.

**Category Five:  Documents regarding the underlying lawsuits**

CPL has withheld numerous communications discussing the underlying litigation and resolution of those claims from the Aon production.  CPL has routinely provided Homeland with similar communications in connection with seeking reimbursement, seeking consent to settle, or updating Homeland about the progress of the Irish claims.  This conduct demonstrates that communications with the underlying Irish counsel are not privileged or work product, and least not vis-à-vis Homeland.  CPL can't claim that Homeland has a duty to cover the claims, and simultaneously say Homeland has no right to see the claim documents.  Furthermore, certain documents between Ms. Foster and other non-lawyers (so not even counsel in the underlying matters-BLM) about underlying claims have been withheld as "a/c privileged" which is improper because (a) there is no lawyer on the communication and (b) because it is likely only regarding the underlying suits for which CPL now seeks defense expenses and indemnity.

Examples of privilege log entries addressing only the underling claims are below:

- Draft work product prepared regarding the defense against the Phelan claim: AONCPLSONIC-0003181 - AONCPLSONIC-0003182; AONCPLSONIC-0003183 - AONCPLSONIC-0003187.
- Letter from defense counsel to client regarding strategy vis-a-vis Phelan claim: AONCPLSONIC-0003217 - AONCPLSONIC-0003218.
- Communication regarding and attaching letter drafted and prepared by outside legal team regarding the defense against the Phelan Claim:  AONCPLSONIC-0003402 - AONCPLSONIC-0003404; AONCPLSONIC-0003405 - AONCPLSONIC-0003406.
- Work product prepared by outside counsel, BLM, regarding the Phelan Claim: AONCPLSONIC-0003425 - AONCPLSONIC-0003426.
- E-mail correspondence regarding communications to/from outside counsel (BLM) regarding the defense against the underlying Phelan claim:  AONCPLSONIC-0003544 - AONCPLSONIC-0003548; AONCPLSONIC-0003550 - AONCPLSONIC-0003554; AONCPLSONIC-0003555 - AONCPLSONIC-0003560; AONCPLSONIC-0003561 - AONCPLSONIC-0003566; AONCPLSONIC-0003567 - AONCPLSONIC-0003572; AONCPLSONIC-

0003573 - AONCPLSONIC-0003579; AONCPLSONIC-0003580 - AONCPLSONIC-0003586:

- Confidential communication with outside counsel (BLM) regarding the Phelan claim: AONCPLSONIC-0003603 - AONCPLSONIC-0003603; AONCPLSONIC-0003605 - AONCPLSONIC-0003606; AONCPLSONIC-0003609 - AONCPLSONIC-0003610.
- E-mail from underlying defense counsel regarding litigation developments, litigation strategy, and legal advice (all related to the Phelan Claim): AONCPLSONIC-0003902 - AONCPLSONIC-0003904; AONCPLSONIC-0003908 - AONCPLSONIC-0003911; AONCPLSONIC-0003912 - AONCPLSONIC-0003915; AONCPLSONIC-0003916 - AONCPLSONIC-0003917; AONCPLSONIC-0003920 - AONCPLSONIC-0003921
- E-mail from underlying defense counsel regarding litigation developments in the Phelan Claim, litigation/resolution strategy, legal advice, and next steps for the litigation. AONCPLSONIC-0003926 - AONCPLSONIC-0003929; AONCPLSONIC-0003930 - AONCPLSONIC-0003932; AONCPLSONIC-0003933 - AONCPLSONIC-0003937; AONCPLSONIC-0003944 - AONCPLSONIC-0003946
- E-mail forwarding on and regarding correspondence from underlying defense counsel regarding litigation/resolution strategy vis-a-vis the Phelan Claim (and regarding obtaining the requisite settlement authority):  AONCPLSONIC-0003947 - AONCPLSONIC-0003951; AONCPLSONIC-0003952 - AONCPLSONIC-0003956
- E-mail from underlying defense counsel regarding litigation and trial developments in the Phelan claim and strategy associated with resolution/settlement: AONCPLSONIC-0004341 - AONCPLSONIC-0004342; AONCPLSONIC-0004464 - AONCPLSONIC-0004469; AONCPLSONIC-0004470 - AONCPLSONIC-0004471; AONCPLSONIC-0004472 - AONCPLSONIC-0004475.
- E-mail from underlying defense counsel regarding resolution strategy and developments vis-a-vis the Phelan claim:  AONCPLSONIC-0004491 - AONCPLSONIC-0004492; AONCPLSONIC-0004493 - AONCPLSONIC-0004494; AONCPLSONIC-0004495 - AONCPLSONIC-0004496; AONCPLSONIC-0004497 - AONCPLSONIC-0004498; AONCPLSONIC-0004499 - AONCPLSONIC-0004501.

E-mail forwarding on, regarding, and building off of correspondence with underlying defense counsel regarding, among other things, costs information associated with Phelan claim: AONCPLSONIC-0004761 - AONCPLSONIC-0004762

- Correspondence regarding and in anticipation of potential for additional litigation/claims to be made against CPL regarding its Irish CervicalCheck work: AONCPLSONIC-0004764 - AONCPLSONIC-0004766
- E-mail from outside counsel regarding discovery and file-related issues associated with the Curtis matter, and several other matters: AONCPLSONIC-0004848 - AONCPLSONIC-0004851; AONCPLSONIC-0004852 - AONCPLSONIC-0004856; AONCPLSONIC-0004857 - AONCPLSONIC-0004861; AONCPLSONIC-0004862 - AONCPLSONIC-0004867; AONCPLSONIC-0004868 - AONCPLSONIC-0004873.
- Privileged and confidential spreadsheet prepared by outside counsel regarding pending litigation: AONCPLSONIC-0004993 - AONCPLSONIC-0004993.
- Internal tracking document created at the direction of counsel regarding the underlying Irish CervicalCheck Claims: AONCPLSONIC-0005489 - AONCPLSONIC-0005489

Homeland, of course, will not take any action that could adversely affect CPL in any ongoing underlying proceeding. If those concerns exist, Homeland will not object to the production of these documents with the appropriate designation according to the confidentiality, protective, and non-waiver order already in place.

**Category Six:  Documents with Aon**

Many of the documents in CPL's production include Aon and have been improperly withheld on the basis of (a) the a/c privilege alone, or (b) the a/c privilege and w/p protection.

First, there are numerous communications between only Aon and **other non-lawyers**, which cannot be a/c privileged or w/p privileged.   See for example, (a) the numerous documents between Aon and Sheridan Foster without other counsel listed above in category three, (b) as well as AONCPLSONIC-0005256 - AONCPLSONIC-0005256 (communications between Lisa Clarke, Aon, and Gordon

Young) and AONCPLSONIC-0005587 - AONCPLSONIC-0005591 (communication between Aon and Gordon Young).

We have reviewed the case law you provided on January 19, 2020 and we do not believe it changes the analysis.  You stated that you believed, based on that cited law, that the "broker communications" were all privileged because they were made to (a) "facilitate the rendering of professional or legal services to CPL" or (b) "to aid in possible future litigation with" liability insurers.

With respect to "facilitating the rendering of professional legal services," the case law you provided indicates that helping to "facilitate" legal services does not create a/c privilege where there is no lawyer involved from the get-go; that principle is only an exception to the rule that a/c privilege is waived if shared with a third party (but not a third party helping to facilitate litigation).  For example, in In re TETRA Techs., Inc. Sec. Litig., No. 4:08-CV-0965, 2010 WL 1335431, at *5 (S.D. Tex. Apr. 5, 2010) the court stated that "courts have in the past found that, even in situations where the insured and the insurer are in dispute, an insurance broker can act as an agent when 'its communications are made for the purpose of facilitating the rendition of professional legal services to the client.'  **In order to fall within the privilege, however, these communications must involve an attorney**."

Likewise, the only May 22 decision in Lennar that we have been able to locate was a single sentence denying the motion without any analysis whatsoever; however, defendant's briefing describes the documents at issue as between "Lennar, Marsh, **and Lennar's counsel**."  Lennar Corp. v. Market American Ins. Co., No. 2000-30034, 2009 WL 8233852 (Tex.Dist. May 22, 2009)

The cited case law also does not support your assertion relative to the w/p doctrine and your statement that Aon was "aiding in possible future litigation" with liability insurers.  While the Zenith court found that the only four documents the insured sought to withhold on this basis actually were prepared for the purpose of imminent litigation with the carrier, it also recognized that "the primary motivating purpose behind the document's creation must be to aid in possible future litigation" and cannot be

created "in the ordinary course of business" or for "other nonlitigation purposes" for w/p protection to apply.

We were unable to find the citation you provided for Mo-Vac Services, but we'd be happy to review it if you could send over a copy.

Second, there are numerous instances in which Aon's inclusion on a communication **with an attorney** may waive any privilege that existed. See, for example, AONCPLSONIC-0000927 - AONCPLSONIC-0000929; AONCPLSONIC-0001186 - AONCPLSONIC-0001187; AONCPLSONIC-0005488 - AONCPLSONIC-0005488; AONCPLSONIC-0005358 - AONCPLSONIC-0005358; AONCPLSONIC-0005306 - AONCPLSONIC-0005307; AONCPLSONIC-0005297 - AONCPLSONIC-0005298; AONCPLSONIC-0005257 - AONCPLSONIC-0005258.

The "disclosure of any significant portion of a confidential communication waives the privilege as to the whole." S.E.C. v. Brady, 238 F.R.D. 429, 441 (N.D. Tex. 2006) citing Nguyen v. Excel Corp., 197 F.3d 200, 208 (5th Cir.1999).

We understand from your January 19 email that you believe Aon was acting as CPL's agent during certain relevant timeframes but not others. If Aon's purported agency is your basis for arguing that no waiver exists, please let us know and provide some information about exactly when/how Aon was acting as CPL's agent and the corresponding bates numbers for those entries. Of course if that's not the basis for withholding those records, please let us know that as well.

**Category Seven: Insufficient privilege log descriptions.**

CPL's privilege log falls short of what is required under the law and has not enabled Homeland to fully evaluate some of its claims. The burden is on the party asserting the privilege to demonstrate how each document or communication satisfies all four elements. A general allegation or privilege is insufficient to meet this burden. Navigant Consulting, Inc. v. Wilkinson, 220 F.R.D. 467, 473 (N.D. Tex. 2004) (Kaplan, J.) (citing cases). Instead, "a clear showing must be made which sets forth the items or categories objected to and the reasons for that objection." Id., quoting Caruso v. The

<u>Coleman Co</u>., Civ. A. No. 93-CV-6733, 1995 WL 384602 at *1 (E.D. Pa. Jun. 22, 1995). Rule 26 similarly provides that a privilege log must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

There are numerous entries in the log which are extremely vague and do not include the "nature of the documents or communications" such that we are unable to fully assess CPL's privilege claims.

For example, CPL only describes a large portion of the privilege log entries as "Confidential and privileged attorney-client communication involving CPL/SHUSA and outside counsel made for the purpose of, or in furtherance to the rendering of, professional legal advice." (See e.g., AONCPLSONIC-0000850 - AONCPLSONIC-0000850; AONCPLSONIC-0000925 - AONCPLSONIC-0000926; AONCPLSONIC-0000927 - AONCPLSONIC-0000929; AONCPLSONIC-0001016 - AONCPLSONIC-0001018; AONCPLSONIC-0001028 - AONCPLSONIC-0001030; AONCPLSONIC-0001031 - AONCPLSONIC-0001034; AONCPLSONIC-0001186 - AONCPLSONIC-0001187; AONCPLSONIC-0001188 - AONCPLSONIC-0001189; AONCPLSONIC-0001190 - AONCPLSONIC-0001192; AONCPLSONIC-0001193 - AONCPLSONIC-0001195).

CPL also has at least five documents described as "Privileged and confidential attachments to email from outside counsel made for the purpose of rendering legal advice." AONCPLSONIC-0005256 - AONCPLSONIC-0005256; AONCPLSONIC-0005257 - AONCPLSONIC-0005258; AONCPLSONIC-0005283 - AONCPLSONIC-0005283; AONCPLSONIC-0005297 - AONCPLSONIC-0005298; AONCPLSONIC-0005299 - AONCPLSONIC-0005301.

**Category Eight.  Redaction issues.**

At least three documents say that the "top email" was from counsel or "includes and builds" off of an email chain so we are wondering if these should be redacted, and not totally withheld. See AONCPLSONIC-0003924 - AONCPLSONIC-0003925; AONCPLSONIC-0004484 - AONCPLSONIC-0004485;

AONCPLSONIC-0004486 - AONCPLSONIC-0004487.   Please clarify this point as well.

**Category Nine:  Other waivers by non-CPL entities**

We understand that email addresses of "cpllabs.com" refers to individuals like Kathleen Pruett who are actually employed by CPL.  Please explain why these other entities included on certain communications also do not waive privilege:

- [brian@medpathology.com](mailto:brian@medpathology.com) is on some communications designated as a/c and/or w/p.  See e.g., AONCPLSONIC-0003603 - AONCPLSONIC-0003603; AONCPLSONIC-0003605 - AONCPLSONIC-0003606; AONCPLSONIC-0003609 - AONCPLSONIC-0003610
- Anyone with a "sonichealthcareusa.com" email address.

Also, CPL does not seem to assert "common interest" as a privilege (it's just referenced in a description here and there) but let us know if we're wrong.

**Category Ten:  Incorrect W/P designations**

We don't believe the following entries meet the definition of w/p based on the parties to the communication, timing, and content so please let us know your basis for withholding.

1. AONCPLSONIC-0003714 - AONCPLSONIC-0003719, AONCPLSONIC-0003753 - AONCPLSONIC-0003755, and AONCPLSONIC-0003756 - AONCPLSONIC-0003758.  These are communications between SF and Gordon Young with a cc to Aon, other "sonichealthcareusa" email addresses, and medlab dated April 2018.  The description reads: "E-mail exchange in anticipation of potential insurance coverage dispute and potential litigation with Homeland/OneBeacon.  Such was anticipated because Homeland/OneBeacon had continuously requested information that had no bearing on the adjustment of the Phelan claim and the determination of whether the Phelan claim is covered by the insurance policies issued by the Homeland policies."

2. AONCPLSONIC-0004775 - AONCPLSONIC-0004776. This is between Aon, Foster, and Pruett. The description reads: "E-mail chain regarding strategy associated with gathering information to send to Homeland/OneBeacon, who at that time had already requested information that had no bearing on the adjustment of CPL's claim, and by doing so and otherwise had suggested that they would deny coverage for, or delay coverage for, the CPL's claim (and thus a dispute or litigation was possible)" and it's dated May of 2018.

3. AONCPLSONIC-0004764 - AONCPLSONIC-0004766. This is between Foster, Pruett (CPL), and MedLab pathology folks. The description is "correspondence regarding and in anticipation of potential for additional litigation/claims to be made against CPL regarding its Irish CervicalCheck work." The date is 5/1/2018.

One final thing for now, there were a few emails/names on the log that we could not find. Please let us know who the following individuals are and their relation to CPL: jonathan.watts@bowewattsclargo.com; eamadden@ireland.com; Amanda.mudaliar@riskadvisoryservices.com.au; roneill@ECF.ie, and; ChrisWilks@bigpond.com.

We are continuing with our review and will let you know if anything additional comes up. Please let us know if you would like to discuss any of the above. We're happy to hop on the phone.

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

<u>Attention:</u> This message is sent by a law firm and may

contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please

immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

# EXHIBIT H

| | |
|---|---|
| **From:** | Jocelyn Whiteley |
| **To:** | Schindler, S. Benjamin |
| **Cc:** | John Brooks; Jared LeBeau; Martin, Ernest; Van Houten, Greg; Christine Kuhn |
| **Subject:** | RE: CPL-Homeland: No Stipulation and Depositions |
| **Date:** | Monday, September 12, 2022 7:32:20 PM |

> **EXTERNAL:** Sent from outside Haynes and Boone, LLP

Ben:

Do you have a few minutes tomorrow to hop on a call?  I just want to connect on the upcoming depositions and a few other outstanding issues.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

## SheppardMullin

501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Sent:** Wednesday, September 7, 2022 7:53 PM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>;
Martin, Ernest <Ernest.Martin@haynesboone.com>; Van Houten, Greg
<Greg.VanHouten@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>
**Subject:** RE: CPL-Homeland: No Stipulation and Depositions

Jocelyn,

Thank you for confirming and for letting us know of your current preference for a virtual setting. We will talk internally and with our client about that. Further, I hope to get you an answer about Ms. Foster's availability tomorrow.

### HAYNES BOONE

**S. Benjamin Schindler** | Associate | He/Him/His
s.benjamin.schindler@haynesboone.com | (t) +1 214.651.5386
**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Tuesday, September 6, 2022 10:04 PM
**To:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>;
Martin, Ernest <Ernest.Martin@haynesboone.com>; Van Houten, Greg
<Greg.VanHouten@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>
**Subject:** RE: CPL-Homeland: No Stipulation and Depositions

---

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

---

Ben:

Circling back to this.  We heard back from Ms. Clifford today, and we can confirm her deposition on October 6.  Thank you for letting us know about Mr. Shumpert's location, but just to let you know we are considering taking these depositions remotely.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Sent:** Tuesday, August 30, 2022 4:07 PM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Van Houten, Greg <Greg.VanHouten@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>
**Subject:** RE: CPL-Homeland: No Stipulation and Depositions

Quick follow up; Mr. Shumpert's deposition will take place in Austin.

**HAYNES BOONE**

**S. Benjamin Schindler** | Associate | He/Him/His
s.benjamin.schindler@haynesboone.com | (t) +1 214.651.5386

**From:** Schindler, S. Benjamin
**Sent:** Tuesday, August 30, 2022 6:06 PM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Van Houten, Greg <Greg.VanHouten@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>
**Subject:** RE: CPL-Homeland: No Stipulation and Depositions

Thanks, Jocelyn. We can depose Ms. Clifford on October 6. Where will the Freaner and Clifford depositions be taking place?

As for Ms. Foster, I am just awaiting one more word, but I believe she may be tentatively available that first full week in October and then after that the third week in October. I will let you know this week.

As a heads up, Ms. Foster will need to be deposed in Kerville, TX (about an hour away from Austin and San Antonio), the town nearest her home in Utopia, TX. Mr. Shumpert will either be deposed in Austin or Dallas, I will let you know.

**HAYNES BOONE**

**S. Benjamin Schindler** | Associate | He/Him/His
s.benjamin.schindler@haynesboone.com | (t) +1 214.651.5386

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Tuesday, August 30, 2022 11:34 AM
**To:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Van Houten, Greg <Greg.VanHouten@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>
**Subject:** RE: CPL-Homeland: No Stipulation and Depositions

| **EXTERNAL:** Sent from outside Haynes and Boone, LLP |
|---|

Ben:

Do you have an update on Ms. Foster's availability?  We are confirming with Ms. Clifford, but I believe she is available October 3, 4, 6, and 7.   Let us know if any of those dates work on your end.

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Jocelyn Whiteley
**Sent:** Thursday, August 25, 2022 3:11 PM
**To:** 'Schindler, S. Benjamin' <S.Benjamin.Schindler@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Van Houten, Greg <Greg.VanHouten@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>
**Subject:** RE: CPL-Homeland: No Stipulation and Depositions

Okay, thanks.  Do you have an estimate of when you'll have Ms. Foster's availability?  We anticipate being able to provide dates for Ms. Clifford early next week.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin

501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Sent:** Thursday, August 25, 2022 3:07 PM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>;
Martin, Ernest <Ernest.Martin@haynesboone.com>; Van Houten, Greg
<Greg.VanHouten@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>
**Subject:** Re: CPL-Homeland: No Stipulation and Depositions

Jocelyn,

Apologies, was hoping to hear about Ms. Foster's availability, but still waiting. 9/26 works for
Freaner, thank you much for making that earlier date work. Any update on Ms. Clifford?

**S. Benjamin Schindler** | Associate
Haynes & Boone, LLP | Insurance Recovery
s.benjamin.schindler@haynesboone.com
(c)+1 214.938.2299


> On Aug 25, 2022, at 5:04 PM, Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
> wrote:

> **EXTERNAL:** Sent from outside Haynes and Boone, LLP

> Ben:

> Following-up on the below.  Please let us know asap if September 26 works for you.

> **Jocelyn J. Whiteley** | Special Counsel
> +1 619-338-6583 | direct
> JWhiteley@sheppardmullin.com | Bio

> **Sheppard**Mullin

> 501 West Broadway, 19th Floor
> San Diego,  CA 92101-3598
> +1 619-338-6500 | main
> www.sheppardmullin.com | LinkedIn | Twitter

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Tuesday, August 23, 2022 12:25 PM
**To:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>;
Van Houten, Greg <Greg.VanHouten@haynesboone.com>; Christine Kuhn
<CKuhn@sheppardmullin.com>
**Subject:** RE: CPL-Homeland: No Stipulation and Depositions

Ben:

Any update on Ms. Foster?  Also, Ms. Freaner now has September 26 available which
will work for us.  I assume you want to move forward with that date given your prior
emails on the subject?

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Sent:** Thursday, August 18, 2022 7:35 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>;
Van Houten, Greg <Greg.VanHouten@haynesboone.com>; Christine Kuhn
<CKuhn@sheppardmullin.com>
**Subject:** RE: CPL-Homeland: No Stipulation and Depositions

Jocelyn,

Thank you, we will look out for Ms. Clifford's dates. We similarly plan to provide Ms.
Foster's availability shortly; just waiting on the latest word.

As for Ms. Freaner, we will agree to October 11 in the case that the September 20th
date will not work. Please let us know about that as soon as you can.

<image001.jpg>

**S. Benjamin Schindler** | Associate | He/Him/His
s.benjamin.schindler@haynesboone.com | (t) +1 214.651.5386

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Thursday, August 18, 2022 9:21 AM
**To:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>;
Van Houten, Greg <Greg.VanHouten@haynesboone.com>; Christine Kuhn
<CKuhn@sheppardmullin.com>
**Subject:** RE: CPL-Homeland: No Stipulation and Depositions

> **EXTERNAL:** Sent from outside Haynes and Boone, LLP

Ben:

We anticipate sending you dates for Ms. Clifford shortly.  Have you received any word
about Ms. Foster?

We will know more about our trial conflict on September 20 soon, but for now October
11 is the earliest date for Ms. Freaner's deposition.  Given her very busy end of
summer-fall schedule, we'd really like to at least tell her to hold one of those dates in
October, as well as September 20 if we end up able to do it that date.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Sent:** Tuesday, August 16, 2022 12:14 PM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>;
Van Houten, Greg <Greg.VanHouten@haynesboone.com>; Christine Kuhn
<CKuhn@sheppardmullin.com>
**Subject:** RE: CPL-Homeland: No Stipulation and Depositions

Jocelyn,

Sure thing. Thank you for confirming Ms. Freaner's  9/20 availability subject to your
trial conflict changing. And, sorry to be a stickler, but you have confirmed that Ms.
Freaner is not available to be deposed on September 21st, 22nd, 26th, 27th, or 28th? We
are really trying to avoid taking depositions that close to the end of discovery, and so

we want to be sure those dates do not work before agreeing to get into mid-October. Please confirm as much.

Please also let me know when we might know about Ms. Clifford's availability. We intend to get to you on Ms. Foster's availability this week.

Best,

<image001.jpg>

**S. Benjamin Schindler** | Associate | He/Him/His
s.benjamin.schindler@haynesboone.com | (t) +1 214.651.5386
**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Monday, August 15, 2022 1:31 PM
**To:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>;
Van Houten, Greg <Greg.VanHouten@haynesboone.com>; Christine Kuhn
<CKuhn@sheppardmullin.com>
**Subject:** RE: CPL-Homeland: No Stipulation and Depositions

> **EXTERNAL:** Sent from outside Haynes and Boone, LLP

Ben:

Thank you for confirming Mr. Shumpert's availability.

As I mentioned before, Ms. Freaner's availability is extremely limited in September. She may be available the 20th but we currently have a trial conflict on that date.  We will let you know if that changes.  Please let us know whether October 11, 12, 13, or 14 work for you as it looks like those dates may be the earliest available.  We'd like to let Ms. Freaner know which of those dates to reserve on her calendar.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

## SheppardMullin

501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Sent:** Wednesday, August 10, 2022 7:52 PM

**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>;
Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Subject:** RE: CPL-Homeland: No Stipulation and Depositions

Jocelyn,

Mr. Shumpert is available to be deposed in Austin, TX on October 5th. We will get back
to you as soon as we know Ms. Foster's availability, which I am told she is confirming
this week.

As for Ms. Freaner's deposition, we would like to aim for the September 20th date, if at
all possible, given how close the mid-October dates are to the discovery deadline.
Alternatively, can Ms. Freaner's deposition take place on September 21st, 22nd, 26th,
27th, or 28th? We will look out for dates of availability for Ms. Clifford.


Best,


<image001.jpg>

**S. Benjamin Schindler** | Associate | He/Him/His
s.benjamin.schindler@haynesboone.com | (t) +1 214.651.5386
**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Tuesday, August 9, 2022 12:14 PM
**To:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>;
Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Subject:** RE: CPL-Homeland: No Stipulation and Depositions

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Thanks, Ben.

We are available the first week of October for Shumpert's deposition.  Please let us
know what specific dates work for your office and the witness.  Appreciate you getting
us availability for Ms. Foster.

We previously provided Ms. Freaner's availability for October 11, 12, 13, and 14.  Will
any of those dates work so we can get something on the calendar? She has extremely
limited availability before then due to work commitments and personal summer
travel.   That said, we may be able to move it to 9/20 but we currently have a trial

conflict on that date.  If that resolves, we will let you know.  We have followed up with Ms. Clifford and will get back to you.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Sent:** Saturday, August 6, 2022 8:31 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Jared LeBeau
<JLeBeau@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>;
Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Subject:** CPL-Homeland: No Stipulation and Depositions

Jocelyn,

I write on two fronts. First, per our call yesterday, to confirm that Defendants will not stipulate to Homeland's proposed amended pleading nor will Defendants agree to any Motion for Leave to file same.

Second, to follow up on our email last week to provide information regarding the depositions of Mr. Shumpert and Ms. Foster.  Mr. Shumpert can be available in Austin, TX between September 27-29, or in the first week of October. Ms. Shumpert can be available in Kerrville, TX, the town nearest her hometown of Utopia, TX. We do not have Ms. Foster's dates of availability yet, but will get them to you as soon as we do.

What are Ms. Clifford and Ms. Freaner's dates of availability? Can they be deposed the week of September 26?

Best,

<image001.jpg>

**S. Benjamin Schindler**
Associate
s.benjamin.schindler@haynesboone.com

**Haynes and Boone, LLP**

2323 Victory Avenue
Suite 700
Dallas, TX 75219-7672

(t) +1 214.651.5386

vCard | Bio | Website

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system. Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

# EXHIBIT I

| | |
|---|---|
| **From:** | Jocelyn Whiteley |
| **To:** | Van Houten, Greg |
| **Cc:** | John Brooks; Martin, Ernest; Schindler, S. Benjamin; Christine Kuhn; Tamara Siemers; Jared LeBeau; Lineberger, Storm; Thrasher, Tiffany; Maddran, Mae |
| **Subject:** | RE: Homeland v. CPL - Depositions |
| **Date:** | Thursday, September 29, 2022 8:31:33 PM |
| **Attachments:** | image001.jpg |

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Greg,

Thanks for your email.

Regarding **Ms. Foster**, our understanding is that if you designate her as PMK we would be entitled to two days of 7 hours with her. I'm not saying we'd need more than a day, but I can't rule that out either. Please let me know if you disagree. FYI, we may have a similar issue going the other way re your PMK topics, so there may be room for an agreement here if it's bilateral and fair.

Regarding both **Ms. Foster** and **Mr. Shumpert**, imposing a hard stop of 3 pm PST is problematic even with an earlier start time, since we are entitled to 7 hours not including breaks. Again, not saying we'll need all 7 hours but we need to preserve our rights. We can move the start time back to 8 am Pacific, but need your confirmation that the witnesses will be available for the full 7 hours excluding breaks.

Regarding **Ms. Pruett**, October 20 is good.

Regarding our witnesses, it is possible that one or more of them may be designated as PMKs, but we won't know until after we see your topics. This may lead us to require more time before presenting them for deposition, for the same reason you have raised regarding Ms. Foster. Please get us your PMK topics as early as possible tomorrow so that we can assess this. For our meet and confer on PMK topics, 11 am Tuesday is not good but 9 am Pacific would work. OK by you?

Also, assuming we are able to move forward with Ms. Clifford's deposition next week, our Chicago office confirmed that we can host it there.

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin

501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Thursday, September 29, 2022 9:44 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>;
Tamara Siemers <TSiemers@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>;
Lineberger, Storm <Storm.Lineberger@haynesboone.com>; Thrasher, Tiffany
<Tiffany.Thrasher@haynesboone.com>; Maddran, Mae <Mae.Maddran@haynesboone.com>
**Subject:** RE: Homeland v. CPL - Depositions

Jocelyn,

I write regarding depositions, generally.  I've organized this e-mail by witness.  Please let me know if
you'd like to discuss.

Thanks,

Greg

**Deposition of CPL, and Certain of its Employees/Former Employees**

Deposition of Ms. Foster
We anticipate that Ms. Foster will be designated to testify regarding certain of Homeland's 30(b)(6)
topics (probably six or more topics).  Meaning, Ms. Foster will provide deposition testimony both in
her personal capacity *and* as a 30(b)(6) witness.  We will present Ms. Foster for one deposition
during which she will wear both hats.  However, because we were served with Homeland's 30(b)(6)
topics less than two days ago (Tuesday night), we need to postpone her deposition to ensure that
she can adequately cover her respective 30(b)(6) topics.  Ms. Foster, and our team, are available on
the following days:  October 24, 25, 26, and 28.  (Ms. Foster is away on a long-planned vacation to
Florida during the weeks of October 10 and 17).

Please let us know if any of those dates work for your team.

Deposition of Mr. Shumpert
Subject to the below "deposition logistics," Mr. Shumpert will be ready to proceed with a remote
deposition on Friday, October 14, 2022.
-
Deposition Logistics for Ms. Foster and Mr. Shumpert
At their respective ages, Ms. Foster (76) and Mr. Shumpert (67) find it very challenging to read
documents presented on computer screens.  We therefore request that Homeland make paper
copies of deposition exhibits available to Ms. Foster and Mr. Shumpert.  In previous remote
depositions, we have had success sending/receiving sealed boxes of exhibits that are opened by the
witness on screen.  We suggest we do the same here.

As far as the start time—9 a.m. PST will <u>not</u> work, unless both depositions will conclude by 3 p.m. PST.  Both Ms. Foster and Mr. Shumpert live in and operate on central standard time.  Their daily routines and schedules are such that both depositions must conclude by 5 p.m. CST (3 p.m. PST).  By way of example as to why that is important:  Ms. Foster has to drive over an hour from her home in Utopia, Texas to get to a location that is suitable for a remote deposition (Kerrville, Texas).

<u>Dr. Kratzer</u>
We are still working on getting date that will work for the deposition of Dr. Kratzer.
-
<u>Ms. Stratton</u>
We do not represent Ms. Stratton at this time, and so cannot accept service of a subpoena for her deposition.
-
<u>Ms. Pruett</u>
Ms. Pruett is available to be deposed, in Austin, Texas, on October 19 or 20.
-
<u>30(b)(6)</u>
We will be prepared to discuss our initial thoughts on Homeland's 30(b)(6) notice during our meet and confer early next week.  Does 11 a.m. PST on Tuesday work for a call?

**<u>Depositions of Homeland/OneBeacon, and Certain of its Employees/Former Employees</u>**
-
<u>Ms. Clifford</u>
We need confirmation from Sheppard Mullin, as soon as possible, regarding whether it will host Ms. Clifford's in-person deposition on Thursday, October 6, 2022.  We would like to begin that deposition promptly at 9 a.m. CST.

<u>Ms. Freaner</u>
Ms. Freaner's deposition has been confirmed for October 12, 2022.  We are working on a location in Houma.  We will start at 9 a.m. CST.

<u>Ms. Valeri May</u>
We would like to lock-in October 20, 2022 for Ms. May's deposition.  We anticipate taking Ms. May's deposition remotely.
-
<u>30(b)(6)</u>
We hope to serve our 30(b)(6) topics by the end of this week and will be prepared for our meet and confer next week (see above for proposed date/time).

//

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Wednesday, September 28, 2022 4:57 PM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>;
Tamara Siemers <TSiemers@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL - Depositions

---

| **EXTERNAL:** Sent from outside Haynes and Boone, LLP |
|---|

Greg:

Ms. May is available October 19 or October 20 for her deposition.  Do either of those work for your
team?  Also will this deposition be in person or remote?  She is located around the Knoxville, TN
area.

Any update on Karen Pruett, Dr. Kratzer, or Nancy Stratton?

Thanks,

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Friday, September 23, 2022 4:25 PM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL - Depositions

Hi Greg:

Okay, we will look into dates and get back to you soon re: Ms. May.

We're also hoping to get dates for the following individuals from CPL:  Karen Pruett, Dr. Kratzer, and

Nancy Stratton.  Would you mind sending over some dates for these individuals?

Thanks,

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin

501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Friday, September 23, 2022 3:03 PM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>
**Subject:** Homeland v. CPL - Depositions

Jocelyn,

We'd like to depose Valeri May (claims-handler) sometime in October.  Would it be possible for your team to send us some dates that might work?

Thanks so much,

Greg

**Greg Van Houten**
He/Him/His
Associate
greg.vanhouten@haynesboone.com

**Haynes and Boone, LLP**
800 17th Street, NW
Suite 500
Washington, DC 20006-3962

(t) +1 202.654.4562
(f) +1 202.654.4256

vCard | Bio | Website

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,

may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

# EXHIBIT J

| From: | Van Houten, Greg |
|---|---|
| To: | Jocelyn Whiteley |
| Cc: | Schindler, S. Benjamin; John Brooks; Martin, Ernest; Lineberger, Storm; Thrasher, Tiffany; Lakawicz, Teresa; Maddran, Mae; Christine Kuhn; Tamara Siemers |
| Subject: | RE: Homeland v. CPL - Deposition Schedule |
| Date: | Tuesday, October 11, 2022 10:03:44 AM |
| Attachments: | image001.jpg |
| | image002.jpg |

Noted.

Also, one thing I do not want us to lose sight of is that I expect there will be "leftover" 30(b)(6) topics for Homeland to testify regarding *after* the depositions of Ms. Clifford and Ms. Freaner.  If Ms. Clifford is deposed on the 27th, then that leaves the 28th, which is when Aon and Jake Onken are to be deposed.  So, I guess we'll need to convene two depositions on the same day.

Also, does Homeland intend to move for a protective order vis-à-vis our 30(b)(6) topics?  After our discussion with John and Ben, during which I articulated the bases for certain of our topics, you (or maybe John) stated that Homeland would not be designating someone on more than twenty topics.  That's not how it works.  *Ferko v. Nat'l Ass'n for Stock Car Auto Racing,* 218 F.R.D. 125, 142 (E.D. Tex. 2003) ("When a Rule 30(b)(6) deposition notice references multiple topics, the party named in the deposition notice must either move for a protective order regarding each topic or designate a person to testify regarding each topic.").  We are of course open to continuing to meet and confer regarding our topics—and perhaps we could agree to narrow some of our topics—but we just want to make sure that we are on the same page from a process perspective.

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Tuesday, October 11, 2022 10:58 AM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>; Thrasher, Tiffany <Tiffany.Thrasher@haynesboone.com>; Lakawicz, Teresa <Teresa.Lakawicz@haynesboone.com>; Maddran, Mae <Mae.Maddran@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>; Tamara Siemers <TSiemers@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL - Deposition Schedule

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Hi Greg:

I noticed the 30(b)(6) notice doesn't mention Daniele's 30(b)(6) testimony.  Just confirming that she will be testifying to the topics we sent over last week as well as in her personal capacity.  Thanks.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Tuesday, October 11, 2022 7:50 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; John Brooks
<JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Lineberger,
Storm <Storm.Lineberger@haynesboone.com>; Thrasher, Tiffany
<Tiffany.Thrasher@haynesboone.com>; Lakawicz, Teresa <Teresa.Lakawicz@haynesboone.com>;
Maddran, Mae <Mae.Maddran@haynesboone.com>; Christine Kuhn
<CKuhn@sheppardmullin.com>; Tamara Siemers <TSiemers@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL - Deposition Schedule

I don't have an update regarding Ms. Stratton right now, but I hope to have an update by the end of
the day.

Also, here is a final deposition notice for Ms. Freaner.

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Tuesday, October 11, 2022 10:22 AM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; John Brooks
<JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Lineberger,
Storm <Storm.Lineberger@haynesboone.com>; Thrasher, Tiffany
<Tiffany.Thrasher@haynesboone.com>; Lakawicz, Teresa <Teresa.Lakawicz@haynesboone.com>;
Maddran, Mae <Mae.Maddran@haynesboone.com>; Christine Kuhn
<CKuhn@sheppardmullin.com>; Tamara Siemers <TSiemers@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL - Deposition Schedule

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Also I know your office was going to have a discussion with Ms. Stratton's counsel that reached out
to you.  Do you have any update?  If we should be reaching out directly, can you share Ms. Stratton's
counsel's information?

Thanks,

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin

501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Tuesday, October 11, 2022 6:50 AM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; John Brooks
<JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Lineberger,
Storm <Storm.Lineberger@haynesboone.com>; Thrasher, Tiffany
<Tiffany.Thrasher@haynesboone.com>; Lakawicz, Teresa <Teresa.Lakawicz@haynesboone.com>;
Maddran, Mae <Mae.Maddran@haynesboone.com>; Christine Kuhn
<CKuhn@sheppardmullin.com>; Tamara Siemers <TSiemers@sheppardmullin.com>
**Subject:** Re: Homeland v. CPL - Deposition Schedule

Greg:

We've spoken with Ms. Clifford and her deposition will need to go forward on October 27.  We are
finalizing our thoughts on the remaining PMK designations and will get back to you shortly.  I know
we discussed this at a high level previously, but can you also please send over a list of who will testify
to what topics for CPL?  Thanks!
Sent from my iPhone


> On Oct 11, 2022, at 8:40 AM, Van Houten, Greg
> <Greg.VanHouten@haynesboone.com> wrote:
>
>
> Jocelyn –
>
> We'd like to confirm that Ms. Clifford's deposition will be on 10/21 in Chicago (given
> that Aon's deposition is on 10/28).  We'd also like to know which 30(b)(6) topics you
> are designating Ms. Clifford to testify regarding.
>
> Here is an updated schedule:
>
> 1. Ms. Freaner – 10/12 in Houma, to begin at 9 AM CT.
> 2. Mr. Shumpert – 10/14, remote, to begin at 9 AM CT.

3.  Ms. Pruett – 10/19, remote, to begin at 9 AM CT.
4.  Ms. May – 10/20, remote, to begin at 9 AM CT.
5.  Ms. Clifford – SM TO CONFIRM to be held on 10/21.
6.  Ms. Foster – holding 10/24 and 10/26, probably (but SM to confirm) remote
7.  Ms. Stratton – TBD?
8.  Dr. Kratzer – 10/25, probably (but SM to confirm) remote
9.  30(b)(6) of CPL – Greg to get date(s) for person designated on Topic No. 11
10. 30(b)(6) of Homeland – reserving 10/28 for any leftover topics.
11. 30(b)(6) of Aon and Jake Onken – 10/28.

Thanks,

Greg

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Van Houten, Greg
**Sent:** Tuesday, October 4, 2022 1:02 PM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>
**Subject:** Homeland v. CPL - Deposition Schedule

Jocelyn –

Confirmed that 10/19 works for Ms. Pruett's deposition.  That rounds us to:

12. Ms. Clifford – TBD (maybe on 10/21 or 10/27)
13. Ms. Freaner – 10/12 in Houma
14. Ms. May – 10/20, remote
15. Ms. Foster – holding 10/24 and 10/26, probably (but SM to confirm) remote
16. Mr. Shumpert – 10/14, probably (but SM to confirm) remote
17. Ms. Stratton – TBD
18. Dr. Kratzer – 10/25, probably (but SM to confirm) remote
19. Ms. Pruett – 10/19, probably (but SM to confirm) remote
20. 30(b)(6) of CPL – Greg to get date(s) for person designated on Topic No. 11
21. 30(b)(6) of Homeland – reserving 10/28 for any leftover topics.

Please confirm this is correct by your side.

Thanks,

Greg

image003.jpg

**Greg Van Houten**
He/Him/His
Associate
greg.vanhouten@haynesboone.com

**Haynes and Boone, LLP**
800 17th Street, NW
Suite 500
Washington, DC 20006-3962

(t) +1 202.654.4562
(f) +1 202.654.4256

vCard | Bio | Website

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

# EXHIBIT K

| | |
|---|---|
| **From:** | Martin, Ernest |
| **To:** | Jocelyn Whiteley; Van Houten, Greg; John Brooks |
| **Cc:** | mbeaman@germer-austin.com; Gail Johnson; Schindler, S. Benjamin; Lineberger, Storm |
| **Subject:** | RE: Homeland v. CPL - Homeland"s NOD and Deposition Subpoena |
| **Date:** | Friday, October 28, 2022 5:24:05 PM |

Jocelyn-

Thank you for your email.

We want to alert you to Local Rule CV-16(e), which provides that "[n]otices served before the discovery deadline that purport to schedule depositions after the discovery deadline will not be enforced."

In light of this Local Rule, we request that Homeland withdraw the subpoena to Ms. Stratton. If Homeland refuses, we will be filing a motion to quash and for protective order.

Thanks,

Ernest

**HAYNES BOONE**

**Ernest Martin** | Partner
ernest.martin@haynesboone.com | (t) +1 214.651.5641 (m) +1 214.448.8862

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Friday, October 28, 2022 4:49 PM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>; John Brooks
<JBrooks@sheppardmullin.com>
**Cc:** mbeaman@germer-austin.com; Gail Johnson <gjohnson@germer-austin.com>; Martin, Ernest
<Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin
<S.Benjamin.Schindler@haynesboone.com>; Lineberger, Storm
<Storm.Lineberger@haynesboone.com>
**Subject:** RE: Homeland v. CPL - Homeland's NOD and Deposition Subpoena

| |
|---|
| **EXTERNAL:** Sent from outside Haynes and Boone, LLP |

Hi Greg:

We served Ms. Stratton with the subpoena we provided to you on Monday.  We will forward the proof of service as soon as we receive it from the process server.  We believe we have good cause to

conduct the deposition next week, and we plan on moving forward on Tuesday if Ms. Stratton will appear then or a mutually agreeable time/date hopefully later next week.  We understand that CPL will not agree to this, but please let us know if we're mistaken about that.  Unless we are, we plan on filing a motion later today.

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

# Sheppard Mullin

501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Friday, October 28, 2022 8:21 AM
**To:** John Brooks <JBrooks@sheppardmullin.com>; Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** mbeaman@germer-austin.com; Gail Johnson <gjohnson@germer-austin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>
**Subject:** RE: Homeland v. CPL - Homeland's NOD and Deposition Subpoena
**Importance:** High

John and Jocelyn –

I write to follow up on the below and our two questions.  First, what is the basis for convening a deposition after the close of fact discovery?  And second, have you served Ms. Stratton with a subpoena?  Or, is Homeland withdrawing the subpoena (or has it withdrawn the subpoena) since it calls for a deposition after the close of fact discovery?

Thanks,

Greg

## HAYNES BOONE

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Van Houten, Greg
**Sent:** Monday, October 24, 2022 6:30 PM
**To:** John Brooks <JBrooks@sheppardmullin.com>; Jocelyn Whiteley <JWhiteley@sheppardmullin.com>

**Cc:** mbeaman@germer-austin.com; Gail Johnson <gjohnson@germer-austin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>
**Subject:** RE: Homeland v. CPL - Homeland's NOD and Deposition Subpoena

Jocelyn and John –

Homeland's subpoena and notice contemplate a deposition of Ms. Stratton on November 1, 2022. Fact discovery in this case closes on October 28, 2022. What is the basis for convening a deposition after the close of fact discovery? Also, have you served Ms. Stratton with a subpoena? We ask because the Proof of Service portion of the subpoena is blank.

Thanks,

Greg

**HAYNES BOONE**

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Jennifer Jones <JenniferJones@sheppardmullin.com>
**Sent:** Monday, October 24, 2022 5:58 PM
**To:** mbeaman@germer-austin.com; Gail Johnson <gjohnson@germer-austin.com>; pross@germer-austin.com; Martin, Ernest <Ernest.Martin@haynesboone.com>; Maddran, Mae <Mae.Maddran@haynesboone.com>; Van Houten, Greg <Greg.VanHouten@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Zerwas, Patti <Patricia.Zerwas@haynesboone.com>
**Cc:** jrl@littlelawtexas.com; John Brooks <JBrooks@sheppardmullin.com>; Jocelyn Whiteley <JWhiteley@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Tamara Siemers <TSiemers@sheppardmullin.com>; Christine Kuhn <CKuhn@sheppardmullin.com>; Nicole Lautzenheiser <NLautzenheiser@sheppardmullin.com>
**Subject:** Homeland v. CPL - Homeland's NOD and Deposition Subpoena

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Dear Counsel.

Please see attached Subpoena to Testify at a Deposition, and Notice of Deposition, to Nancy Stratton.

Thank you,

**Jennifer A. Jones** | Paralegal
+1 619-338-6658 | direct
JenniferJones@sheppardmullin.com

**Sheppard**Mullin

501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

# EXHIBIT L

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>               Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC. SONIC HEALTHCARE USA, INC., MEDLAB PATHOLOGY, SONIC HEALTHCARE (IRELAND) LIMITED, AND SONIC HEALTHCARE LIMITED.<br><br>               Defendants. | CIVIL ACTION NO. 1:20-cv-783 |

## <u>NOTICE OF DEPOSITION OF NANCY STRATTON</u>

Pursuant to Fed. R. Civ. P. 30, Plaintiff Homeland Insurance Company of New York ("Plaintiff") gives notice that they will take the deposition of Nancy Stratton on **November 1, 2022, beginning at 8:00 a.m. PST.** The deposition will take place via videoconference through Veritext Legal Solutions.

Said deposition will take place before a certified shorthand stenographer and notary public who is authorized to administer oaths and shall continue day to day, excluding Sundays and holidays, until completed. Pursuant to Rule 30 of the Federal Rules of Civil Procedure, the deposing party intends to cause the proceedings to be recorded by stenograph and videotape.

If an interpreter is required to translate testimony in a different language or dialect other than English, notice of same must be given to the noticing attorney at least five (5) days prior to the deposition date with the language / dialect specified.

Due to restrictions and measures related to the COVID-19 pandemic, this deposition will be taken via videoconference utilizing a secure web-based deposition option afforded by Veritext Legal Solutions to provide remote/virtual access for those parties wishing to participate in the depositions via the internet and/or telephone. Also take notice that, the court reporter may also be remote via one of the options above for the purposes of reporting the processing and may or may not be in the presence of the deponent. Please contact the noticing attorney at least five (5) calendar days prior to the deposition to advise that it is your desire to appear via this remote participating means so that the necessary credentials, call-in numbers, testing and information, if necessary, can be provided to you prior to the proceedings.

Plaintiff reserves the right to present exhibits electronically in real time through the use of Exhibit Share provided and supported by Veritext Legal Solutions, or other such similar software, which shall be made available to the witness and counsel. The parties are advised that one paper set of exhibits will be utilized at or after the deposition for the court reporter's purposes of compiling, exhibit stamping, and ultimate production of the final certified transcript. However, no other paper copies will be provided during the deposition as they will be available for visual display using Exhibit Share. Please contact the noticing attorney at least five (5) calendar days prior to the deposition to advise that it is your desire to be set up for Exhibit Share access so that the necessary credentials, testing and information, can be provided to you prior to the proceedings. For information and available tutorial videos demonstrating Exhibit Share, please utilize this link to access additional information: https://www.veritext.com/services/exhibitshare/.

Respectfully submitted this 24th day of October, 2022.

By:
    */s/ John T. Brooks*
    John T. Brooks (CA Bar #167793)
    Jenna A. Fasone (CA Bar #308886)
    Jared K. LeBeau (CA Bar #292742)
    SHEPPARD, MULLIN, RICHTER & HAMPTON,

LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
Telephone:  (619) 338-6500
Fax:  (619) 234-3815
jbrooks@sheppardmullin.com
jfasone@sheppardmullin.com
jlebeau@sheppardmullin.com
*Admitted Pro Hac Vice*

Joseph R. Little (#784483)
The Little Law Firm
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone:  (713) 222-1368
Fax:  (281) 200-0115
jrl@littlelawtexas.com
*Attorneys for Plaintiff Homeland Insurance
Company of New York*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2022, a true and correct copy of the above and foregoing document was electronically served via e-mail upon the following counsel of record as authorized by the Federal Rules of Civil Procedure.

Mark T. Beaman
Ryan Bueche
GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S. Mopac Expy, Suite A400
Austin, TX 78746
E-mail: mbeaman@germer-austin.com
          gjohnson@germer-austin.com
          pross@germer-austin.com

Ernest Martin, Jr.
Gregory E. Van Houten
S. Benjamin Schindler
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
E-mail: ernest.martin@haynesboone.com
          greg.vanhouten@haynesboone.com
          s.benjamin.schindler@haynesboone.com
          Patricia.Zerwas@haynesboone.com

Joseph R. Little
The Little Law Firm
440 Louisiana Street, Suite 900
Houston, Texas 77002
E-mail: jrl@littlelawtexas.com

*/s/ Jennifer A. Jones*
Jennifer A. Jones

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. 1:20-cv-00783-RP |
| | ) |
| CLINICAL PATHOLOGY LABORATORIES, INC., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Nancy Barlow Stratton - 4575 Harney Road, Taneytown, MD 21787
*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:<br>Via Videoconference through Veritext | Date and Time:<br>November 1, 2022 at 8:00 a.m. PST |
|---|---|

The deposition will be recorded by this method:  Stenographically and Via Videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/24/2022

|  *CLERK OF COURT*  | |
|---|---|
| | OR |
| _____ | *s/ John T. Brooks* |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Homeland Insurance Company of New York _____, who issues or requests this subpoena, are:
John T. Brooks, Cal Bar No. 167793/Jenna A. Fasone, Cal Bar No. 308886, Sheppard, Mullin, Richter & Hampton, LLP; 501 West Broadway, 19th Floor; Tel: 619.338.6500; Email: jbrooks@sheppardmullin.com; jfasone@sheppardmullin.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:20-cv-00783-RP

### PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ;or

☐ I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:

    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---


American LegalNet, Inc.
www.FormsWorkFlow.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

HOMELAND INSURANCE COMPANY OF
NEW YORK,

          Plaintiff,

v.

CLINICAL PATHOLOGY
LABORATORIES, INC. SONIC
HEALTHCARE USA, INC., MEDLAB
PATHOLOGY, SONIC HEALTHCARE
(IRELAND) LIMITED, AND SONIC
HEALTHCARE LIMITED.

          Defendants.

CIVIL ACTION NO. 1:20-cv-783

**PROOF OF SERVICE**

I, the undersigned, declare under penalty of perjury that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the action; and I am employed in the County of San Diego, State of California, in which county the within-mentioned service occurred.  My business address is 501 West Broadway, 19th Floor, San Diego, California 92101.

On October 24, 2022, I served a copy of the following document(s):

1.     **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION TO NANCY BARLOW STRATTON**

☒     **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from jenniferjones@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  The document(s) were transmitted and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Mark T. Beaman
Ryan Bueche
GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S. Mopac Expy, Suite A400
Austin, TX 78746

***Attorneys for Defendants Clinical Pathology
Laboratories, Inc., Sonic Healthcare USA, Inc.,
Medlab Pathology, Sonic Healthcare (Ireland)
Limited, and Sonic Healthcare Limited***

Telephone:    (512) 472-0667
Facsimile:    (512) 472-0721
E-mail:       mbeaman@germer-austin.com
              gjohnson@germer-austin.com
              pross@germer-austin.com

Ernest Martin, Jr.
Gregory E. Van Houten
S. Benjamin Schindler
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219

***Attorneys for Defendants Clinical Pathology
Laboratories, Inc., Sonic Healthcare USA, Inc.,
Medlab Pathology, Sonic Healthcare (Ireland)
Limited, and Sonic Healthcare Limited***

Telephone:    (214) 651-5000
Facsimile:    (214) 200-0519
E-mail:       ernest.martin@haynesboone.com
              mae.maddran@haynesboone.com
              greg.vanhouten@haynesboone.com
              s.benjamin.schindler@haynesboone.com
              Patricia.Zerwas@haynesboone.com

Joseph R. Little
The Little Law Firm
440 Louisiana Street, Suite 900
Houston, Texas 77002

***Attorneys for Plaintiff and Counter Defendant
Homeland Insurance Company of New York***

Telephone:    (713) 222-1368
Facsimile:    (281) 200-0115
E-mail:       jrl@littlelawtexas.com

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed on October 24, 2022, at San Diego, California.

*s/ Jennifer A. Jones*
Jennifer A. Jones