**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

HOMELAND INSURANCE COMPANY OF
NEW YORK,

       Plaintiff,

v.

CLINICAL PATHOLOGY
LABORATORIES, INC., AND SONIC
HEALTHCARE USA, INC.,

       Defendants.

CIVIL ACTION NO.: 1-20-cv-783

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH CERTAIN CATEGORIES IN DEFENDANTS NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

On October 28, 2022, mere *hours* before the discovery deadline lapsed, Plaintiff filed the instant Motion for a Protective Order (the "Motion") [Dkt. 164] and to quash thirty-one topics set forth in Defendants' Rule 30(b)(6) deposition notice. All those topics ask Plaintiff to designate someone to testify regarding the *facts* that Plaintiff asserts support its various claims, defenses, and supporting contentions. So, in essence, Plaintiff's Motion is designed to facilitate a trial by ambush, where Defendants will be blind as to the alleged factual bases for Plaintiff's claims and defenses. That is not how the discovery process is supposed to work.

For example, Defendants' 30(b)(6) Topic Number 5 asks Plaintiff to designate someone to testify regarding "[t]he factual bases for Plaintiff's Sixth Affirmative Defense – Concealment." Through its Motion, Plaintiff seeks a protective order with respect to that topic; meaning, if the Motion were to be granted, Defendants would proceed to trial with *no knowledge whatsoever* regarding what, exactly, Plaintiff contends Defendants "concealed."

The Fifth Circuit and United States Supreme Court have stated that one of the purposes of discovery—and perhaps the key purpose—is "avoiding the use of concealment and surprise as trial tactics, making a trial 'less a game of blind man's bluff and more a fair contest." *Caskey v. Man Roland, Inc*., 83 F.3d 418 (5th Cir. 1996) (citing *United States v. Procter & Gamble*, 356 U.S. 677, 682, (1958)) (cleaned up).  The Fifth Circuit has similarly stated that "[t]he purpose of discovery is to permit the parties to develop fully and crystalize concise factual issues for trial." *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 304 (5th Cir. 1973).  Plaintiff seeks to turn those statements on their head and create a dynamic where Defendants have *no knowledge at all* regarding the factual issues that Plaintiff contends are key to its claims and defenses.  Worse, Plaintiff seeks to do so through a Motion filed at the last possible moment.

Considering the above, and for the reasons stated more fully below, at best for Plaintiff its Motion fails because it attempts to conceal from Defendants key facts they need to prepare for trial.  Defendants respectfully submit that the appropriate remedy in that instance is denial of Plaintiff's Motion and an order requiring Plaintiff to *immediately* produce a 30(b)(6) designee to testify regarding the topics that are at issue.  At worst for Plaintiff, its Motion fails, at the threshold level, because it was filed at the last possible moment, *on the discovery deadline*, when the dispositive motions deadline was just 15 days away.  Sister districts in Texas have remarked that waiting until the day before a deposition is scheduled to file a motion for a protective order is to present the other side with a *fait accompli*, and the motion may be denied, for that reason alone. *Caraway v. Chesapeake Expl.*, 269 F.R.D. 627, 628 (E.D. Tex. 2010) (remarking that waiting until the day before deposition was scheduled to file a motion for protective order were tactics "dredged up from the cesspool of 'Rambo' litigation" that "cannot be countenanced").  This situation is similar, and Defendants respectfully submit the Motion should be denied.

Notwithstanding the fact that Defendants submit that Plaintiff's Motion should be denied, in its entirety, in an effort to continue to streamline this dispute, and to narrow the issues before the Court, Defendants agree to withdraw the following topics from their 30(b)(6) notice:  topics 2, 3, 4, 7, 8, 26, 30, and 39.  Defendants respectfully submit that Plaintiff's Motion should be denied with respect to all other challenged topics (*i.e.*, 1, 5, 6, 9–22, 29, and 34–38).

## FACTUAL BACKGROUND

On October 1, 2022, Defendants served Plaintiff with a Notice of Videotaped Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6).  *See* Van Houten Decl. ("GVH Decl.") ¶ 4, Ex. A.  That notice called for Plaintiff to produce a corporate representative (or corporate representatives) for a deposition on Monday, October 24, 2022.  *See id.*  The notice included forty-five topics, all of which were designed at eliciting facts needed to prepare for trial, including regarding Homeland's multiple claims and *twenty* affirmative defenses.  *See id.*

On or around October 4, 2022, counsel for Defendants and Plaintiff conferred on the telephone regarding, among other issues, Defendants' 30(b)(6) topics.  *See id.* ¶ 5.  During that conference, Plaintiff inquired as to the bases for certain of Defendants' topics, and counsel for Defendants accordingly provided explanations supporting each of its topics.  *See id.*  Notwithstanding those explanations, Plaintiff indicated, on October 7, 2022, that it would not be designating someone to testify regarding twenty-nine topics in Defendants' 30(b)(6) notice.  *See id.* ¶ 5, Ex. B.

On October 11, 2022, counsel for Defendants instructed counsel for Plaintiff that, under the relevant rules, Plaintiff had to either (a) designate someone to testify, or (b) move for a protective order.  *See id.* ¶ 6, Ex. C.  Defendants added that they were "of course open to continuing to meet and confer regarding our topics—and perhaps we could agree to narrow some of [the]

topics—but we just want to make sure that we are on the same page from a process perspective." *See id.*

On October 13, 2022, Defendants reminded Plaintiff that, if they objected to Defendants' 30(b)(6) notice, then they had to move for a protective order.  *See id.* ¶ 7, Ex. C.  Defendants also sent Plaintiff a detailed list of legal authority—including from this Court—that supported each of its 30(b)(6) topics.  *See id.*

On October 16, 2022, Defendants had received no response to their October 13, 2022 email, and asked "who [Plaintiff] Homeland is designating in response to all of CPL's topics." *See id.* ¶ 8, Ex. D.  On October 19, 2022, Plaintiff finally responded and indicated that they planned to move for a protective order "in short order."  *See id.* ¶ 9, Ex. E.  Plaintiff added that "if CPL believes there is a compromise to be had we're of course open to hearing it." *See id.*

On October 19, 2022, Defendants noted that they had supported their topics with case law, and that—with respect to a compromise—it seemed like Plaintiff was asking Defendants to bid against themselves, and that it would be more appropriate for Plaintiff to propose a solution in the first instance, "particularly when [Defendants] cited case law supporting [their] topics and given the liberality of discovery."  *See id.* ¶ 10, Ex. F.

On October 25, 2022, Defendants served Plaintiff with an updated Rule 30(b)(6) deposition notice, which called for Plaintiff to be deposed remotely on October 28, 2022—the day of the close of discovery.  *See id.* ¶ 11, Ex. G.

On October 26, 2022, counsel for Plaintiff emailed counsel for Defendants and stated that Plaintiff was evaluating a possible compromise and asked whether Defendants would agree to permit Plaintiff to file a motion for a protective order on November 4—*i.e.*, after the October 28, 2022 discovery deadline—if necessary.  *See id.* ¶ 12, Ex. G.  Defendants respectfully declined that

request, as they had already indicated that they intended to operate in accord with the Court's Scheduling Order, which called for discovery to close on October 28, 2022. *See id.* ¶ 13, Ex. H.

On October 27, 2022, Plaintiff indicated that it would be "moving for a protective order tomorrow." *See id.* ¶ 14, Ex. I. The next day—*i.e.*, the day of the 30(b)(6) deposition and the day discovery closed—Plaintiff proceeded to file the instant Motion. *See* Dkt. 164.

Since then, the parties have been conferring regarding a potential compromise. *See id.* ¶ 15. However, the parties have been unable to resolve their dispute as of the date of this filing. *See id.*

## ARGUMENT

The purpose of discovery is to permit the parties "to develop fully and crystalize concise factual issues for trial." *Burns*, 483 F.2d at 304. Put differently, the goal is to help the parties obtain the fullest possible knowledge of the issues and facts before trial, and to eliminate surprise. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978).

Consistent with the purpose and goal of discovery at large, the purpose and goal of Rule 30(b)(6) depositions is to "streamline" the discovery process. *Resolution Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993). Through a Rule 30(b)(6) deposition, a party can, among other things, inquire as to facts that are relevant to the claims and defenses at issue in the case. *Kansas City S. Ry. Co. v. Lone Star R.R. Contractors*, No.16-cv-1260, 2018 WL 11373528, at *2 (N.D. Tex. Mar. 21, 2018). "If the corporation objects to any matter set forth in the deposition notice, it bears the burden of demonstrating to the court that the notice is objectionable or insufficient and may file a motion for a protective order . . . in order to make that showing." *Westheimer Regency v. Great Lakes Reinsurance*, No. 18-cv-14, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018).

And, courts "do[] not condone" the "last-minute filing of" protective orders related to 30(b)(6) corporate representative depositions, particularly when, as here, the motion doesn't indicate "in the title or related filing information associated with the motion that the motion is time-sensitive and might require expedited consideration." *Alvarez v. Aldi (Tex.) LLC*, No. 13-cv-4122, 2014 WL 3624929, at *1 (N.D. Tex. July 22, 2014).  Indeed, such tactics may be "grounds alone for denial."  *See id.* (considering motion for protective order filed "just two days prior to the date of the deposition").[1]   For those reasons and the reasons stated in more detail below, Defendants respectfully submit that Plaintiff's last-minute Motion should be denied.

## I.    Plaintiff Cannot Meet its Burden of Establishing That Topic Nos. 1, 5, 6, 9–22, 29, and 34–38 are Inappropriate and Objectionable.

Through Topic Numbers 1–22, Defendants ask Plaintiff to designate someone to testify regarding the "factual bases" for Plaintiff's claims, its twenty affirmative defenses, and certain key contentions advanced by Plaintiff.  Without corresponding testimony, Defendants would go to trial with little or no information regarding the factual issues that Plaintiff believes needs to be submitted to the Jury.  For example, Plaintiff's ninth affirmative defense is "failure to mitigate"—specifically, Plaintiff contends that "CPL's purported Counterclaims are barred to the extent that CPL failed to mitigate its damages, if any, alleged or otherwise, and is therefore estopped from making or pursuing any claim thereon."  *See* Pl.'s Answer to CPL First Am. Countercl. at 47 [Dkt. 53].  What damages does Plaintiff contend CPL failed to mitigate?[2]   How does Plaintiff

---

[1] One of Plaintiff's cases, *Jenkins v. Rotobec, Inc.*, No. 09-cv-150-JMR, 2010 WL 11527364, at *1 (S.D. Miss. July 6, 2010), supports this same proposition.  In *Jenkins*, the court, applying the Southern District of Mississippi's local rules, held that certain discovery motions should be "denied as untimely" because they were not filed sufficiently in advance of the discovery deadline. *Id.*   Here, Plaintiff could have filed its Motion long before the October 28, 2022 discovery deadline—indeed, Defendants served Plaintiff with their 30(b)(6) notice on October 1, 2022.  Yet, Plaintiff waited until the last possible minute to file the Motion.

[2] Defendant Clinical Pathology Laboratories, Inc.—referred to herein as CPL—claims that it is entitled to multiple types of damages.  *See* Def. CPL's First Am. Countercl. [Dkt. 46].

contend CPL was supposed to mitigate its damages?  Under settled Fifth Circuit law, and according to this Court, those are questions Plaintiff *must* answer at a 30(b)(6) deposition.  *See San Marcos v. U.S. Fire Ins.*, No. 08-cv-216, 2010 WL 11506381, at *3 (W.D. Tex. Jan. 4, 2010) (reasoning that a defendant-corporation was required to disclose factual allegations underpinning its claims and positions: "counsel for [the defendant-insurer] had a duty to instruct [the 30(b)(6) witness] to answer the questions by relating the factual basis of [the insurer]'s positions in order to fulfill the purpose of discovery").

In *San Marcos*, the plaintiff asked the defendant's corporate representative during a deposition for the factual bases for "why various requests for admission were denied" and for the "reasons for Defendant's denial of various factual allegations in its answer to Plaintiff's complaint."  *Id.* at *3.  The defendant objected to those questions on the same bases that Plaintiff advances in its Motion—that they improperly call for legal positions and work product.  *Id.*  Judge Pitman, presiding over the *San Marcos* case, held that "[t]he clear intent of this questioning was to obtain the underpinnings for Defendant's positions which [its corporate] representative, was required to disclose."  *Id.*  Judge Pitman added that counsel for defendants "had a duty to instruct [the corporate representative] to answer the questions by relating the factual basis of [the defendant's] positions in order to fulfill the purpose of discovery."  *Id.*[3]

One of Plaintiff's cases—*Veroblue Farms USA Inc. v. Wulf*—is in accord with *San Marcos*.[4]  There, the plaintiff sought a protective order as to 30(b)(6) topic seeking "the documents and facts supporting [plaintiff's] damages."  *Veroblue Farms USA Inc. v. Wulf*, No. 19-cv-764,

---

[3] Defendants made Plaintiff aware of this case in mid-October, yet Plaintiff filed this Motion anyway.  *See* GVH Decl. ¶ 7, Ex. C

[4] The parenthetical Plaintiff included for *Veroblue* came from the Court's recitation of plaintiff's *argument*, which the Court did *not* expressly adopt.  *Veroblue Farms USA Inc. v. Wulf*, No. 19-cv-764, 2022 WL 1644442, at *4 (N.D. Tex. May 23, 2022).

2022 WL 1644442, at *3 (N.D. Tex. May 23, 2022).  The court held that topic did *not* require the plaintiff "to testify to legal conclusions" and added that "testimony regarding facts related to the cause of damages and specifically who and what caused [plaintiff's] damages are fair to ask of a corporate representative."  *Id.*  That is akin to what Defendants have asked here:  for the facts supporting Plaintiff's various claims, defenses, and contentions.[5]

Further, to the extent there are any real work product concerns, by "asking explicitly for the documents and facts which support each of the [claims or defenses]"—which is what Defendants do here—they "avoid impermissibly crossing the boundary into protected information."  *In re Reagor-Dykes Motors*, No. 18-50217, 2021 WL 5226485, at *4 (Bankr. N.D. Tex. Nov. 4, 2021).  During discovery, parties are entitled to discover *facts*, and that is all Topic Numbers 1, 5, 6, 9–22, 29, and 34–38 ask for—facts.  Indeed, they each ask for the "factual bases" for one or more claims, defenses, or contentions advanced by Plaintiff in this litigation.  Per *San Marcos*, *Veroblue*, and *In re Reagor-Dykes*, Defendants are entitled to such discovery.

The *San Marcos*, *Veroblue*, and *In re Reagor-Dykes* decisions make perfect sense because, if Defendants were *not* allowed to ask Plaintiff for testimony regarding the factual bases supporting

---

[5] Plaintiff's other cases, *Esparza*, *Firefighters' Retirement Systems*, and *Kaye*, also support Defendants' position that inquiries as to the facts supporting claims and defenses are permissible. *See Esparza v. Diaz*, 802 S.W.2d 772, 775 (Tex. App.—Houston [14th Dist.] 1990, no writ) (addressing "admissions of law" as answers to requests for admission—not 30(b)(6) deposition topics—and relying on Texas precedent that distinguishes between admissions of legal conclusions, which "are not binding on the court" and the facts upon which they are formed); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-cv-00373, 2018 WL 2158769, at *5 (M.D. La. May 10, 2018) (distinguishing questions calling for underlying facts, policies, and procedures— which "are appropriate—from questions calling for an interpretation of whether such policies and procedures were violated by those facts—which are not); *Kaye v. Lone Star Fund V (U.S.), L.P.*, No. 09-cv-02263, 2012 WL 13093400, at *3 (N.D. Tex. Mar. 23, 2012) (distinguishing between "strictly fact-based inquiries" and those that are "akin to requesting insight into the corporation's litigation strategy").

its claims, defenses, and contentions, then the *first time* Defendants would learn about the factual underpinnings of many of Plaintiff's claims, defenses, and contentions would be <u>*at trial*</u>.

For example, without this discovery, how could Defendants know—in advance of trial—what, exactly, Plaintiff contends defendants "concealed" (Pl.'s Aff. Defense No. 5)?  Or what "conditions precedent" Plaintiff contends Defendants breached (Pl.'s Aff. Defense No. 6)?  Or what "conduct of third parties" damaged CPL (Pl.'s Aff. Defense No. 11)?  Or how and why Plaintiff is entitled to "credits" or "offsets" (Pl.'s Aff. Defense No. 12)?  Or how Defendants have "unclean hands" (Pl.'s Aff. Defense No. 18)?  Is all of that supposed to be a surprise at trial?  The Federal Rules of Civil Procedure, Fifth Circuit, and United States Supreme Court all agree—the resounding answer to that question is "no." *See Caskey*, 83 F.3d at 418 (citing United States Supreme Court precedent and holding that "surprise" is not supposed be a trial tactic).

## CONCLUSION

To narrow the scope of this dispute, Defendants have agreed to withdraw Topic Numbers 2, 3, 4, 7, 8, 26, 30, and 39.  Defendants respectfully submit that Plaintiff's Motion should be denied with respect to, and that Plaintiff's should be ordered to immediately present a corporate designee to testify regarding Topic Numbers 1, 5, 6, 9–22, 29, and 34–38, because otherwise Defendants will be shielded from facts that they need to prepare for trial.  Plaintiff's Motion should also be denied because it was filed at the last minute—hours before the discovery deadline lapsed.[6]

---

[6] Although Defendants respectfully submit that they should be immediately entitled to depose Plaintiff's corporate designee on Topic Numbers 1, 5, 6, 9–22, 29, and 34–38, Defendants <u>do not</u> seek to reopen discovery, which closed on October 28, 2022.  Unlike Plaintiff, who sought to depose Ms. Nancy Stratton *after* the close of discovery (*see* Dkt. No. 167), Defendants sought to depose Plaintiff's corporate designee on October 24, 2022 (originally) and then on October 28, 2022.  Defendants sought to do so through a notice Defendants originally served on October 1, 2022.  Defendants *never* intended to depose Plaintiff's corporate designee *after* the deadline—doing so has only become necessary because Plaintiff, at the very last minute, filed the instant Motion for a protective order.

Dated:  November 4, 2022

Respectfully submitted,

By: */s/ Ernest Martin*
    Ernest Martin, Jr. [Bar No. 13063300]
    Greg Van Houten*
    HAYNES AND BOONE, LLP
    2323 Victory Avenue, Suite 700
    Dallas, TX 75219
    214-651-5651 Direct
    214-651-5000 Main
    214-200-0519 Fax
    ernest.martin@haynesboone.com
    greg.vanhouten@haynesboone.com
    *Admitted *Pro Hac Vice*

    *-and-*

    Mark T. Beaman [Bar No. 01955700]
    Ryan Bueche [Bar. No. 24064970]
    GERMER BEAMAN & BROWN PLLC
    One Barton Skyway
    1501 S Mopac Expy Suite A400
    Austin, TX 78746
    512-482-3504 Direct
    512-472-0288 Main
    512-472-0721 Fax
    mbeaman@germer-austin.com
    rbueche@germer-austin.com

    **ATTORNEYS FOR DEFENDANTS**

10

## **CERTIFICATE OF SERVICE**

I hereby certify that, consistent with Local Court Rule CV-5, a true and correct copy of the foregoing was sent to all parties of record pursuant to the Electronic Filing Procedures and the Federal Rules of Civil Procedure on this 4th day of November 2022.

*/s/ Ernest Martin*

Ernest Martin