**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, <br><br>     Plaintiff, <br><br> v. <br><br> CLINICAL PATHOLOGY LABORATORIES, INC., AND SONIC HEALTHCARE USA, INC., <br><br>     Defendants. | CIVIL ACTION NO. 1:20-cv-783 |

**DECLARATION OF GREG VAN HOUTEN IN SUPPORT OF
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
AND TO QUASH CERTAIN CATEGORIES IN DEFENDANTS' NOTICE OF
DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

1.      My name is Greg Van Houten. I am over the age of 21, am of sound mind, have never been convicted of a felony and am fully capable of making this declaration. All the statements in this declaration are based on my personal knowledge. The statements contained herein are true and correct.

2.      I am an Associate with the law firm of Haynes and Boone, LLP, attorneys of record for Defendants Clinical Pathology Laboratories, Inc. ("CPL") and Sonic Healthcare USA, Inc. ("SHUSA," together with CPL, the "Defendants").

3.      I am admitted *pro hac vice* for this case.

4.      On October 1, 2022, Defendants served Plaintiff with a Notice of Videotaped Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6), which called for Homeland to produce a corporate representative on Monday, October 24, 2022 to testify on forty-five topics, all

of which were designed to aid in preparation for trial. A true and correct copy of that notice is attached hereto as **Exhibit A**.

5.      On or around October 4, 2022, counsel for Defendants and Plaintiff conferred on the telephone regarding, among other issues, Defendants' 30(b)(6) topics.  During that conference, Plaintiff inquired as to the bases for certain of Defendants' topics, and counsel for Defendants accordingly provided explanations supporting each of its topics.   Notwithstanding those explanations, Plaintiff indicated, on October 7, 2022, that it would not be designating someone to testify regarding more than twenty-nine topics in Defendants' 30(b)(6) notice.  A true and correct copy of that correspondence is attached hereto as **Exhibit B**.

6.      On October 11, 2022, counsel for Defendants informed counsel for Plaintiff that, under the relevant rules, Plaintiff had to either (a) designate someone to testify, or (b) move for a protective order.  Defendants added that they were "of course open to continuing to meet and confer regarding our topics—and perhaps we could agree to narrow some of [the] topics—but we just want to make sure that we are on the same page from a process perspective."  A true and correct copy of that correspondence is attached hereto as part of **Exhibit C**.

7.      On October 13, 2022, Defendants reminded Plaintiff that, if they objected to Defendants' 30(b)(6) notice, then they had to move for a protective order.  Defendants also sent Plaintiff a detailed list of legal authority—including from this Court—that supported each of its 30(b)(6) topics.  A true and correct copy of that correspondence is attached hereto as  **Exhibit C**.

8.      On October 16, 2022, Defendants had received no response to their October 13, 2022 email, and asked "who Homeland is designating in response to all of CPL's topics."  A true and correct copy of this correspondence is attached hereto as **Exhibit D**.

9.      On October 19, 2022, Plaintiff finally responded and indicated that they planned to move for a protective order "in short order."  Plaintiff added that "if CPL believes there is a compromise to be had we're of course open to hearing it."  A true and correct copy of this correspondence is attached hereto as **Exhibit E**.

10.     On October 19, 2022, Defendants noted that they had supported their topics with case law, and that—with respect to a compromise—it seemed like Plaintiff was asking Defendants to bid against themselves, and that it would be more appropriate for Plaintiff to propose a solution in the first instance, "particularly when [Defendants] cited case law supporting [their] topics and given the liberality of discovery."  A true and correct copy of this correspondence is attached hereto as **Exhibit F**.

11.     On October 25, 2022, Defendants served Plaintiff with an updated Rule 30(b)(6) deposition notice, which called for Plaintiff to be deposed remotely on October 28, 2022—the day of the close of discovery.  A true and correct copy of this correspondence is attached hereto as **Exhibit G**.

12.     On October 26, 2022, counsel for Plaintiff emailed counsel for Defendants and stated that Plaintiff was evaluating a possible compromise and asked whether Defendants would agree to permit Plaintiff to file a motion for a protective order on November 4—*i.e.*, after the October 28, 2022 discovery deadline—if necessary.  A true and correct copy of this correspondence is attached hereto as **Exhibit G**.

13.     Defendants respectfully declined that request, as they had already indicated that they intended to operate in accord with the Court's Scheduling Order, which called for discovery to close on October 28, 2022.  A true and correct copy of this correspondence is attached hereto as **Exhibit H**.

14.     On October 27, 2022, Plaintiff indicated that it would be "moving for a protective order tomorrow."  A true and correct copy of this correspondence is attached hereto as **Exhibit I**.

15.     Since then, the parties have been conferring regarding a potential compromise, but have been unable to resolve their dispute.

*       *       *

Dated:  November 4, 2022

Respectfully submitted,

By: */s/ Greg Van Houten*
    Ernest Martin, Jr. [Bar No. 13063300]
    Greg Van Houten*
    HAYNES AND BOONE, LLP
    2323 Victory Avenue, Suite 700
    Dallas, TX 75219
    214-651-5651 Direct
    214-651-5000 Main
    214-200-0519 Fax
    ernest.martin@haynesboone.com
    greg.vanhouten@haynesboone.com
    *Admitted *Pro Hac Vice*

    *-and-*

    Mark T. Beaman [Bar No. 01955700]
    Ryan Bueche [Bar. No. 24064970]
    GERMER BEAMAN & BROWN PLLC
    One Barton Skyway
    1501 S Mopac Expy Suite A400
    Austin, TX 78746
    512-482-3504 Direct
    512-472-0288 Main
    512-472-0721 Fax
    mbeaman@germer-austin.com
    rbueche@germer-austin.com

    **ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that, consistent with Local Court Rule CV-5, a true and correct copy of the foregoing was sent to all parties of record pursuant to the Electronic Filing Procedures and the Federal Rules of Civil Procedure on this 4th day of November 2022.


*/s/  Ernest Martin*
Ernest Martin

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, <br><br>      Plaintiff, <br><br> v. <br><br> CLINICAL PATHOLOGY LABORATORIES, INC., AND SONIC HEALTHCARE USA, INC., <br><br>      Defendants. | CIVIL ACTION NO. 1-20-cv-783 |

## NOTICE OF VIDEOTAPED AND REMOTE DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

TO ALL PARTIES AND THEIR COUNSEL:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and all other applicable rules, Defendants Clinical Pathology Laboratories, Inc. ("CPL"), and Sonic Healthcare USA, Inc. ("SHUSA," together with CPL, "Defendants"), by and through their undersigned attorneys, will take the oral and videotaped deposition of current or former agents and representatives designated by Plaintiff Homeland Insurance Company of New York ("Plaintiff") on Friday, October 28, 2022 at 9:00 a.m. CT. The deposition will take place via video-conference through VeriText Legal Solutions. The deposition will be by oral examination and may be recorded by any means permitted under the Federal Rules of Civil Procedure, including videotaping and stenographic recording.

Pursuant to Rule 30(b)(6), Plaintiff shall designate one or more persons who consent to testify on behalf of Plaintiff with respect to the topics set forth herein. Plaintiff is also requested to provide written notice to counsel for Defendants prior to the date of the deposition of the name(s) and position(s) of the designee(s) who will testify on behalf of Plaintiff and to identify the matters to which each designee will testify.

## DEFINITIONS AND INSTRUCTIONS

1.     "2016 Policy" shall mean Medical Facilities and Providers Professional Liability Insurance Policy No. MFL-004062-0616 (the "2016 Primary Policy") and Excess Medical Facilities Liability Insurance Policy No. MFX-002013-0616 (the "2016 Excess Policy"), both of which Homeland issued to Sonic Healthcare Investments, G.P., and several additional insureds, including CPL, for the policy period of June 30, 2016, to June 30, 2017.

2.     "2017 Policy" shall mean Medical Facilities and Providers Professional Liability Insurance Policy No. MFL-004062-0617 (the "2017 Primary Policy") and Excess Medical Facilities Liability Insurance Policy No. MFX-002013-0617 (the "2017 Excess Policy"), both of which Homeland issued to Sonic Healthcare Investments, G.P., and several additional insureds, including CPL, for the policy period of June 30, 2017, to June 30, 2018.

3.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

4.     "Communication" or "communications" means any exchange or transmission of information by any means, including but not limited to, written, verbal, or electronic exchanges or transmissions including any attachments thereto.

5.     "Homeland," "Plaintiff," "You," and "Your" shall mean Plaintiff Homeland Insurance Company of New York and its predecessors, successors, parent, sister or affiliated companies, partnerships, joint ventures, and all current and former officers, directors, employees, partners, shareholders, owners, members, sureties, assigns, agents, servants, or other representatives (including outside counsel) acting for or on their behalf.

6.      "Irish CervicalCheck Claims" means all claims relating to the Irish CervicalCheck Program (as defined below) brought or made against CPL after January 1, 2018, and that have been tendered to Homeland, including, but not limited to, the Ms. S Claim.

7.      "Irish CervicalCheck Program" means Ireland's national cervical cancer screening program that provides free cervical cancer screening to certain women who are residents of the Republic of Ireland.

8.      "OneBeacon" shall mean OneBeacon Healthcare Group, OneBeacon Insurance Group LLC, OneBeacon Insurance Group, Ltd., Atlantic Specialty Insurance Co., and their respective predecessors, successors, parent, sister or affiliated companies, partnerships, joint ventures, and all current and former officers, directors, employees, partners, shareholders, owners, members, sureties, assigns, agents, servants, or other representatives (including outside counsel) acting for or on their behalf.

9.      Referring" or "referred" or "regarding" or "relating" or "related" means relating in any way to, referring to, mentioning, discussing, describing, reflecting, concerning, memorializing, supporting, dealing with, consisting of, constituting, evidencing, comprising, recording, or in any other way pertaining to the subject matter of the discovery request, either in whole or in part whether directly or indirectly.

## DEPOSITION TOPICS

Plaintiff is requested to designate a representative (or multiple representatives) to testify about the following topics for the time period from 2010 to the present, unless indicated otherwise:

1.      The factual bases for Plaintiff's First Affirmative Defense – Failure to State a Claim.

2.      The factual bases for Plaintiff's Second Affirmative Defense – Prior Knowledge Exclusion.

3.      The factual bases for Plaintiff's Third Affirmative Defense – Prior Notice Exclusion.

4.      The factual bases for Plaintiff's Fourth Affirmative Defense – Material Misrepresentation.

5.      The factual bases for Plaintiff's Fifth Affirmative Defense – Concealment.

6.      The factual bases for Plaintiff's Sixth Affirmative Defense – Condition Precedent.

7.      The factual bases for Plaintiff's Seventh Affirmative Defense – Breach of Warranty.

8.      The factual bases for Plaintiff's Eighth Affirmative Defense – Unilateral or Mutual Mistake.

9.      The factual bases for Plaintiff's Ninth Affirmative Defense – Failure to Mitigate.

10.     The factual bases for Plaintiff's Tenth Affirmative Defense – Comparative or Contributory Fault.

11.     The factual bases for Plaintiff's Eleventh Affirmative Defense – Conduct of Third Parties.

12.     The factual bases for Plaintiff's Twelfth Affirmative Defense – Offset/Credit.

13.     The factual bases for Plaintiff's Thirteenth Affirmative Defense – Breach or Failure to Comply With Contract Terms.

14.     The factual bases for Plaintiff's Fourteenth Affirmative Defense – Exclusions From Coverage.

15.     The factual bases for Plaintiff's Fifteenth Affirmative Defense – Failure to Cooperate.

16.     The factual bases for Plaintiff's Sixteenth Affirmative Defense – Waiver.

17.     The factual bases for Plaintiff's Seventeenth Affirmative Defense – Estoppel.

18.      The factual bases for Plaintiff's Eighteenth Affirmative Defense – Unclean Hands.

19.     The factual bases for Plaintiff's Nineteenth Affirmative Defense – Laches.

20.     The factual bases for Plaintiff's Additional Unknown Defenses/Reservations of Rights.

21.     The factual bases for Plaintiff's Reformation Claim.

22.     The factual bases for Plaintiff's Declaratory Judgment Claim.

23.     Your investigation of the coverage available under the 2017 Policy for the Irish CervicalCheck Claims, including (a) the reason(s) for each of the requests for information that Plaintiff sent one or both Defendants via letters sent between February 2018, and July 10, 2020, (b) the statements made in those letters and that alleged factual support for the same, (c) the specific documents or communications that Plaintiff contends it needed to complete its investigation into whether there was coverage available under the 2017 Policy for the Irish CervicalCheck Claims, and (d) who participated in, and was responsible for, each aspect of that investigation (including the drafting and reviewing of the information requests that you sent one or both Defendants).

24.     The reason(s) why Plaintiff declined to issue a renewal of the 2017 Policy, and why Plaintiff no longer underwrites professional medical liability policies like the 2017 Policy.

25.     Plaintiff's internal claims-handling practices, processes, guidelines, manuals, and/or procedures in force at any time between February 2018 and June 2020, applicable to claims

made under Medical Facilities Liability Coverage policies (like the 2017 Policy) issued by Plaintiff.

26.     Plaintiff's claims-handling obligations under the Texas Insurance Code, including its obligations under Texas Insurance Code § 705.005, and § 541.060.

27.     Your corporate relationship with OneBeacon, and the extent to which OneBeacon was involved with the underwriting of, and the handling of the Irish CervicalCheck Claims.

28.     The documents Plaintiff has produced in this action, including but not limited to its claim notes and claim for the Irish CervicalCheck Claims, and its underwriting files, the authentication of those documents, and whether documents constitute business records.

29.     The factual assertions made by Plaintiff in the briefing it has filed in this action.

30.     Plaintiff's objections and responses to written discovery requests (including interrogatories and requests for admission) served by one or both Defendants.

31.     Your communications with any other insurance company(ies) regarding the Irish CervicalCheck Claims, including but not limited to Vero and Zurich.

32.     Your decision to deny coverage for the Irish CervicalCheck Claims, including the Ms. S Claim, and who at Homeland and/or OneBeacon was involved in making that decision.

33.     When Plaintiff contends that it first discovered the alleged falsity in the letter from Mr. Steve Shumpert to OneBeacon Insurance Group that is dated July 27, 2016 (the "2016 Letter"), the factual bases for Plaintiff's contention that one or more statements in the 2016 Letter were false, and when Plaintiff first disclosed to one or both Defendants that it was refusing to be bound by the 2017 Policy, or that it was denying coverage under the 2017 Policy for one or more of the Irish CervicalCheck Claims, because of an alleged misrepresentation in the 2016 Letter.

6

34.     The factual bases for Plaintiff's contention that the parties agreed that the 2016 Letter should be incorporated into, and that it was a mutual mistake that the 2016 Letter was not incorporated into, the 2016 Policy and 2017 Policy.

35.     The factual bases for Plaintiff's contention that the statements in the 2016 Letter constitute "warranties."

36.     The Interval Cancer Report, the Scally Report, the Supplemental Scally Report, and the factual basis for Plaintiff's contention that the Scally Report is not accurate and is unreliable.

37.     The factual bases for Plaintiff's contention that the results of Cancer Audit Reviews may have been disclosed to treating clinicians and/or patients before February 2016, when exactly Plaintiff contends that the results of Cancer Audit Reviews were disclosed to treating clinicians and/or patients, when Plaintiff contends that one or both Defendants first knew of those disclosures, and the factual bases supporting the same.

38.     The factual bases for Plaintiff's contention that Defendants knew or reasonably should have expected the Irish CervicalCheck Claims before June 30, 2013, June 30, 2016, and/or July 27, 2016.

39.     Whether and to what extent Plaintiff has insured (or currently insurers) other medical laboratories who provide cancer screening services.

40.     Plaintiff's understanding of the differences between cancer screening programs and diagnostic tests.

41.     The reserves Plaintiff set, increased, or decreased for any of the Irish CervicalCheck Claims.

42.     Plaintiff's underwriting of the 2016 Policy, including but not limited to its agreement to issue a Worldwide Territory Endorsement and to add certain Irish-based entities as

Additional Named Insureds, and including but not limited to the materials Plaintiff reviewed in connection with its underwriting of the 2016 Policy.

43.     Plaintiff's underwriting of the 2017 Policy, including but not limited to the materials Plaintiff reviewed in connection with its underwriting of the 2017 Policy.

44.     The bases for the premiums set for the 2016 Policy and the 2017 Policy

45.     The existence of reinsurance for the 2017 Policy and, if reinsurance exists, the communications with the reinsurer concerning the Irish CervicalCheck Claims and/or this action.

*       *       *

Dated:  October 25, 2022            Respectfully submitted,

*/s/ Ernest Martin, Jr.*

Ernest Martin, Jr.
Bar No. 13063300
Greg Van Houten* [admitted *Pro Hac Vice*]
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
214-651-5651 Direct
214-200-0519 Fax
ernest.martin@haynesboone.com
greg.vanhouten@haynesboone.com

*-and-*

Mark T. Beaman
Bar No. 01955700
Ryan Bueche
Bar. No. 24064970
GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S Mopac Expy Suite A400
Austin, TX 78746
512-482-3504 Direct
512-472-0721 Fax
mbeaman@germer-austin.com
rbueche@germer-austin.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, consistent with Local Court Rule CV-5, a true and correct copy of the foregoing was sent to all parties of record via e-mail on this 25th day of October 2022.

*/s/ Greg Van Houten*
Greg Van Houten

# EXHIBIT B

**Lineberger, Storm**

| | |
|---|---|
| **From:** | Jocelyn Whiteley <JWhiteley@sheppardmullin.com> |
| **Sent:** | Friday, October 7, 2022 3:54 PM |
| **To:** | Van Houten, Greg |
| **Cc:** | John Brooks; Martin, Ernest; Schindler, S. Benjamin; Christine Kuhn; jrl@littlelawtexas.com; Tamara Siemers; Jared LeBeau; Lineberger, Storm; Thrasher, Tiffany; Maddran, Mae |
| **Subject:** | RE: Homeland v. CPL - Depositions |

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Greg:

We are following up about CPL's PMK topics.  As we discussed, Homeland objects to the following topics for the reasons outlined below and, as a result, will not be designating a deponent.  If you have any contrary authority you'd like us to review or if you'd like to schedule a call to discuss please let us know.

- Categories 1-22, 29, 30, 36, 37:  As we mentioned previously, we believe that these categories are improper because they call for the factual basis for Homeland's claims/defenses and in its briefing.  *See e.g., Kaye v. Lone Star Fund V (U.S.), L.P.,* No. 3:09-CV-02263-M-BK, 2012 WL 13093400, at *3 (N.D. Tex. Mar. 23, 2012) ("when a party asks a Rule 30(b)(6) deponent about the 'facts and documents' which the corporation contends support each of its legal positions, that has been held akin to requesting insight into the corporation's litigation strategy" and are not allowed; instead such questions are more appropriately posed as Interrogatories).

- Category 26: Homeland objects to this topics because it calls for legal conclusions.

- Category 28:  We believe authentication is better handled through the RFAs CPL served, so we won't be designating someone for this topic.

- Category 40: We don't believe that the distinction (if any exists) between a screening test and a diagnostic test ever came up during the claim, and therefore this category is irrelevant.

Homeland also objects to the extent that any of the topics call for attorney-client or other privileged information, including but not limited to topic 23.

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Saturday, October 1, 2022 7:55 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>

**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>; jrl@littlelawtexas.com; Tamara Siemers <TSiemers@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>; Thrasher, Tiffany <Tiffany.Thrasher@haynesboone.com>; Maddran, Mae <Mae.Maddran@haynesboone.com>
**Subject:** RE: Homeland v. CPL - Depositions

Jocelyn,

As promised, here are Defendants' initial 30(b)(6) topics.

Thanks,

Greg

## HAYNES BOONE

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Van Houten, Greg
**Sent:** Friday, September 30, 2022 3:27 PM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>; jrl@littlelawtexas.com; Tamara Siemers <TSiemers@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>; Thrasher, Tiffany <Tiffany.Thrasher@haynesboone.com>; Maddran, Mae <Mae.Maddran@haynesboone.com>
**Subject:** RE: Homeland v. CPL - Depositions

Jocelyn,

Here is an updated deposition notice for Ms. Clifford's deposition.

Thanks,

Greg

## HAYNES BOONE

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Van Houten, Greg
**Sent:** Friday, September 30, 2022 10:53 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>; Tamara Siemers <TSiemers@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>; Thrasher, Tiffany <Tiffany.Thrasher@haynesboone.com>; Maddran, Mae <Mae.Maddran@haynesboone.com>
**Subject:** RE: Homeland v. CPL - Depositions

Jocelyn,

I am not sure we share Homeland's understanding regarding 30(b)(6) depositions, but we can discuss next week.

Regarding Ms. Foster's and Ms. Shumpert's depositions, I am not sure what to tell you about their hard stops. They are what they are and we'll just have to get started earlier. Particularly with Ms. Foster, she doesn't feel comfortable driving around dusk or in the dark because of the deer activity at those times.

We now have a date for the deposition of Dr. Shannon Kratzer – Tuesday, October 25.

Regarding our 30(b)(6) topics, we hope to send those today, but it may spill into this weekend.

Regarding a meet and confer on 30(b)(6) topics, I can do Tuesday at 9 a.m. PST. I'll follow this e-mail with a calendar invite.

Thanks for the confirmation regarding the deposition of Ms. Clifford.

Thanks,

Greg

## HAYNES BOONE

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Thursday, September 29, 2022 9:30 PM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>; Tamara Siemers <TSiemers@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>; Thrasher, Tiffany <Tiffany.Thrasher@haynesboone.com>; Maddran, Mae <Mae.Maddran@haynesboone.com>
**Subject:** RE: Homeland v. CPL - Depositions

---

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

---

Greg,

Thanks for your email.

Regarding **Ms. Foster**, our understanding is that if you designate her as PMK we would be entitled to two days of 7 hours with her. I'm not saying we'd need more than a day, but I can't rule that out either. Please let me know if you disagree. FYI, we may have a similar issue going the other way re your PMK topics, so there may be room for an agreement here if it's bilateral and fair.

Regarding both **Ms. Foster** and **Mr. Shumpert**, imposing a hard stop of 3 pm PST is problematic even with an earlier start time, since we are entitled to 7 hours not including breaks. Again, not saying we'll need all 7 hours but we need to preserve our rights. We can move the start time back to 8 am Pacific, but need your confirmation that the witnesses will be available for the full 7 hours excluding breaks.

Regarding **Ms. Pruett**, October 20 is good.

Regarding our witnesses, it is possible that one or more of them may be designated as PMKs, but we won't know until after we see your topics.  This may lead us to require more time before presenting them for deposition, for the same reason you have raised regarding Ms. Foster.  Please get us your PMK topics as early as possible tomorrow so that we can assess this.  For our meet and confer on PMK topics, 11 am Tuesday is not good but 9 am Pacific would work.  OK by you?

Also, assuming we are able to move forward with Ms. Clifford's deposition next week, our Chicago office confirmed that we can host it there.

Jocelyn
**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

## SheppardMullin

501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Thursday, September 29, 2022 9:44 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>; Tamara Siemers <TSiemers@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>; Thrasher, Tiffany <Tiffany.Thrasher@haynesboone.com>; Maddran, Mae <Mae.Maddran@haynesboone.com>
**Subject:** RE: Homeland v. CPL - Depositions

Jocelyn,

I write regarding depositions, generally.  I've organized this e-mail by witness.  Please let me know if you'd like to discuss.

Thanks,

Greg

### Deposition of CPL, and Certain of its Employees/Former Employees

### Deposition of Ms. Foster
We anticipate that Ms. Foster will be designated to testify regarding certain of Homeland's 30(b)(6) topics (probably six or more topics).  Meaning, Ms. Foster will provide deposition testimony both in her personal capacity *and* as a 30(b)(6) witness.  We will present Ms. Foster for one deposition during which she will wear both hats.  However, because we were served with Homeland's 30(b)(6) topics less than two days ago (Tuesday night), we need to postpone her deposition to ensure that she can adequately cover her respective 30(b)(6) topics.  Ms. Foster, and our team, are available on the following days:  October 24, 25, 26, and 28.  (Ms. Foster is away on a long-planned vacation to Florida during the weeks of October 10 and 17).

Please let us know if any of those dates work for your team.

### Deposition of Mr. Shumpert

Subject to the below "deposition logistics," Mr. Shumpert will be ready to proceed with a remote deposition on Friday, October 14, 2022.

Deposition Logistics for Ms. Foster and Mr. Shumpert
At their respective ages, Ms. Foster (76) and Mr. Shumpert (67) find it very challenging to read documents presented on computer screens. We therefore request that Homeland make paper copies of deposition exhibits available to Ms. Foster and Mr. Shumpert. In previous remote depositions, we have had success sending/receiving sealed boxes of exhibits that are opened by the witness on screen. We suggest we do the same here.

As far as the start time—9 a.m. PST will not work, unless both depositions will conclude by 3 p.m. PST. Both Ms. Foster and Mr. Shumpert live in and operate on central standard time. Their daily routines and schedules are such that both depositions must conclude by 5 p.m. CST (3 p.m. PST). By way of example as to why that is important: Ms. Foster has to drive over an hour from her home in Utopia, Texas to get to a location that is suitable for a remote deposition (Kerrville, Texas).

Dr. Kratzer
We are still working on getting date that will work for the deposition of Dr. Kratzer.

Ms. Stratton
We do not represent Ms. Stratton at this time, and so cannot accept service of a subpoena for her deposition.

Ms. Pruett
Ms. Pruett is available to be deposed, in Austin, Texas, on October 19 or 20.

30(b)(6)
We will be prepared to discuss our initial thoughts on Homeland's 30(b)(6) notice during our meet and confer early next week. Does 11 a.m. PST on Tuesday work for a call?

**Depositions of Homeland/OneBeacon, and Certain of its Employees/Former Employees**

Ms. Clifford
We need confirmation from Sheppard Mullin, as soon as possible, regarding whether it will host Ms. Clifford's in-person deposition on Thursday, October 6, 2022. We would like to begin that deposition promptly at 9 a.m. CST.

Ms. Freaner
Ms. Freaner's deposition has been confirmed for October 12, 2022. We are working on a location in Houma. We will start at 9 a.m. CST.

Ms. Valeri May
We would like to lock-in October 20, 2022 for Ms. May's deposition. We anticipate taking Ms. May's deposition remotely.

30(b)(6)
We hope to serve our 30(b)(6) topics by the end of this week and will be prepared for our meet and confer next week (see above for proposed date/time).

//


**HAYNES BOONE**

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Wednesday, September 28, 2022 4:57 PM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>; Tamara Siemers <TSiemers@sheppardmullin.com>; Jared LeBeau <JLeBeau@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL - Depositions

---

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Greg:

Ms. May is available October 19 or October 20 for her deposition.  Do either of those work for your team?  Also will this deposition be in person or remote?  She is located around the Knoxville, TN area.

Any update on Karen Pruett, Dr. Kratzer, or Nancy Stratton?

Thanks,

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Friday, September 23, 2022 4:25 PM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL - Depositions

Hi Greg:

Okay, we will look into dates and get back to you soon re: Ms. May.

We're also hoping to get dates for the following individuals from CPL:  Karen Pruett, Dr. Kratzer, and Nancy Stratton.  Would you mind sending over some dates for these individuals?

Thanks,

Jocelyn
**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin

501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Friday, September 23, 2022 3:03 PM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>
**Subject:** Homeland v. CPL - Depositions

Jocelyn,

We'd like to depose Valeri May (claims-handler) sometime in October. Would it be possible for your team to send us some dates that might work?

Thanks so much,

Greg

**HAYNES BOONE**

**Greg Van Houten**
He/Him/His
Associate
greg.vanhouten@haynesboone.com

**Haynes and Boone, LLP**
800 17th Street, NW
Suite 500
Washington, DC 20006-3962

(t) +1 202.654.4562
(f) +1 202.654.4256

vCard | Bio | Website

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.
Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended

recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

# EXHIBIT C

## Lineberger, Storm

| | |
|---|---|
| **From:** | Van Houten, Greg |
| **Sent:** | Thursday, October 13, 2022 6:45 PM |
| **To:** | Jocelyn Whiteley; 'John Brooks' |
| **Cc:** | Martin, Ernest; Schindler, S. Benjamin; Lineberger, Storm |
| **Subject:** | RE: 30(b)(6) Topics |

Jocelyn -

We write again regarding the 30(b)(6) topics that we sent to Homeland on October 1, 2022. It is our understanding that Homeland "objects" to, and does not plan to designate a deponent for, at least twenty-nine of CPL's topics.

As a preliminary matter, we want to reiterate that to avoid designating a deponent for a 30(b)(6) topic, Homeland must move for a protective order. And that motion must articulate a good cause basis for objecting to each specific topic that Homeland seeks to avoid. *Westheimer Regency I, L.P. v. Great Lakes Reinsurance*, No. 18-cv-00014, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 142 (E.D. Tex. 2003) ("When a Rule 30(b)(6) deposition notice references multiple topics, the party named in the deposition notice must either move for a protective order regarding each topic or designate a person to testify regarding each topic"; "failing to appear and testify as to designative topics for a Rule 30(b)(6) deposition is not excused on the ground that the discovery sought was objectionable, unless the party failed to act has a pending motion for a protective order under Rule 26(c)"; and "a pending motion for a protective order only protects a party from designating a witness to appear and testify as to the particular topics addressed in the pending motion."). For the reasons stated below, we don't see how any of Homeland's objections satisfy the standard. That said, please know that we are always open to discussion, and meeting and conferring, to try to find mutually-agreeable ways to move forward.

### CPL's 30(b)(6) Topics Are Appropriate

***Homeland's Objection #1:*** Categories 1–22, 29, 30, 36, 37—Improper because they call for the factual basis for Homeland's claims/defenses and in its briefing.

Judge Pitman has made clear that, in the context of a Rule 30(b)(6) deposition, parties may ask for the factual basis underpinning another party's positions and claims. *San Marcos Willow Springs, Ltd. v. U.S. Fire Ins.*, No. 08-CA-00216, 2010 WL 11506381, at *3 (W.D. Tex. Jan. 4, 2010) (Pitman, J.) (reasoning that a defendant-corporation was required to disclose factual allegations underpinning its claims and positions; "counsel for [corporation] had a duty to instruct [the 30(b)(6) witness] to answer the questions by relating the factual basis of [corporation]'s positions in order to fulfill the purpose of discovery").

In *Kaye v. Lone Star Fund V (U.S.), L.P.* (Homeland's authority), the district court noted that in some cases, topics may be more appropriate as interrogatories because they "veer into protected work-product territory." No. 3:09-CV-92263, 2012 WL 13093400, at *3 (N.D. Tex. Mar. 23, 2012). But it is well settled that parties have wide latitude as to which discovery tools they use; in fact, most motions to restrict the discovery methods are denied unless the moving party shows some special circumstances. *Nguyen v. Excel Corp.*, 197 F.3d 200, 208–09 (5th Cir. 1999).

We note that in the only case that cites to *Kaye*, the court found that 30(b)(6) deposition topics that request the factual basis to a claim or position of the corporation "avoid[ed] impermissibly crossing the boundary into protected information." *In re Reagor-Dykes Motors, LP*, No. 18-50214, 2021 WL 5226485, at *4 (Bankr. N.D. Tex. Nov. 4, 2021). Moreover, Judge Pitman made clear in *San Marcos Willow Springs* that a corporation "cannot evade" the designation and preparation requirements simply "on the ground that [the topics] might implicate protected information." 2010 WL 11506381, at *3.

***Homeland's Objection #2:*** Category 26—calls for legal conclusions.

We don't understand this objection.  Insurance companies who issue policies in Texas must handle claims in accordance with the Texas Insurance Code.  That's not a legal conclusion, that's a fact, and we're entitled to inquire as to what Homeland understood it had to do (and what it should not do) under the Texas Insurance Code.  Moreover, a corporation's subjective beliefs and opinions regarding its claims-handling obligations under the various statutes are permissibly requested topics in this jurisdiction. *Service Lloyds Ins. Co. v. N.A. Risk Servs., Inc.*, No. 19-CV-00518-RP, 2020 WL 4825773, at *2 (W.D. Tex. Aug. 18, 2020) (Pitman, J.) (quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433–34 (5th Cir. 2006)) ("[A] representative [of a corporation] must be prepared to testify to as whatever is 'within the collective knowledge or subjective belief of [the corporation].").  If Homeland has contrary authority, we welcome further discussion.

***Homeland's Objection #3:*** Category 28—Authentication is better handled through the RFAs CPL served, so we won't be designating someone for this topic.

Homeland has provided no authority—and we have found none—that suggests CPL may not use a 30(b)(6) topic to discover relevant predicate facts for business records and authentication purposes.

***Homeland's Objection #4:*** Category 40—The distinction (if any exists) between a screening test and a diagnostic test has never come up during the claim, and therefore this category is irrelevant.

The fact that Homeland said "if any exists," with respect to whether there is a distinction between a screening test and a diagnostic test, is exactly why we want to discuss the topic during Homeland's 30(b)(6) deposition.  The issue is discussed at length with respect to the Irish CervicalCheck Claims, including in the Interval Cancer Report, which Homeland has cited in this litigation.  And the issue may be relevant to Homeland's contention that CPL should have expected the Irish CervicalCheck Claims.

***Homeland's Objection #5:*** Category 23—the extent that it calls for attorney-client or other privileged information

Counsel is free to object, *during the deposition*, to questions that call for privileged information.  But, Topic 23 regards Homeland's claims investigation.  Is it Homeland's position that CPL can ask nothing regarding Homeland's claims investigation because all information regarding its investigation is privileged?

//

In closing, I want to reiterate our openness to meeting and conferring with Homeland on each of these topics to find ways to clarify or to mitigate Homeland's concerns.  We appreciate Homeland's swift action with respect to its positions on the above issues going forward given the closing discovery window.

Thanks,

Greg

## HAYNES BOONE

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Wednesday, October 12, 2022 9:41 AM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; John Brooks <JBrooks@sheppardmullin.com>;

Martin, Ernest <Ernest.Martin@haynesboone.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>; John Brooks <JBrooks@sheppardmullin.com>; Thrasher, Tiffany <Tiffany.Thrasher@haynesboone.com>; Lakawicz, Teresa <Teresa.Lakawicz@haynesboone.com>; Maddran, Mae <Mae.Maddran@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>; Tamara Siemers <TSiemers@sheppardmullin.com>
**Subject:**

---

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

---

Okay, I think we can make two depositions on the 28th work.  We can also discuss taking depositions for any leftover topics on October 31 (or sometime that week), although of course that's after the discovery cutoff.  Let's discuss further after we both send over our final list of 30(b)(6) designees and discuss the below.

We sent over the attached email with our objections to certain 30(b)(6) topics last week.  Can you or someone from your team please let us know in writing if they disagree with our positions?  We're happy to confer further on the phone after that to see if we can come to a resolution or, if needed, we'll move for a protective order.

Thanks,

Jocelyn


**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Tuesday, October 11, 2022 8:04 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>; Thrasher, Tiffany <Tiffany.Thrasher@haynesboone.com>; Lakawicz, Teresa <Teresa.Lakawicz@haynesboone.com>; Maddran, Mae <Mae.Maddran@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>; Tamara Siemers <TSiemers@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL - Deposition Schedule

Noted.

Also, one thing I do not want us to lose sight of is that I expect there will be "leftover" 30(b)(6) topics for Homeland to testify regarding *after* the depositions of Ms. Clifford and Ms. Freaner.  If Ms. Clifford is deposed on the 27th, then that leaves the 28th, which is when Aon and Jake Onken are to be deposed.  So, I guess we'll need to convene two depositions on the same day.

Also, does Homeland intend to move for a protective order vis-à-vis our 30(b)(6) topics?  After our discussion with John and Ben, during which I articulated the bases for certain of our topics, you (or maybe John) stated that Homeland would not be designating someone on more than twenty topics.  That's not how it works.  *Ferko v. Nat'l Ass'n for Stock Car Auto Racing,* 218 F.R.D. 125, 142 (E.D. Tex. 2003) ("When a Rule 30(b)(6) deposition notice references multiple topics, the party named in the deposition notice must either move for a protective order regarding each topic or designate a

person to testify regarding each topic."). We are of course open to continuing to meet and confer regarding our topics—and perhaps we could agree to narrow some of our topics—but we just want to make sure that we are on the same page from a process perspective.

## HAYNES BOONE

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Tuesday, October 11, 2022 10:58 AM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>; Thrasher, Tiffany <Tiffany.Thrasher@haynesboone.com>; Lakawicz, Teresa <Teresa.Lakawicz@haynesboone.com>; Maddran, Mae <Mae.Maddran@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>; Tamara Siemers <TSiemers@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL - Deposition Schedule

---

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

---

Hi Greg:

I noticed the 30(b)(6) notice doesn't mention Daniele's 30(b)(6) testimony. Just confirming that she will be testifying to the topics we sent over last week as well as in her personal capacity. Thanks.

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

## SheppardMullin
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Tuesday, October 11, 2022 7:50 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>; Thrasher, Tiffany <Tiffany.Thrasher@haynesboone.com>; Lakawicz, Teresa <Teresa.Lakawicz@haynesboone.com>; Maddran, Mae <Mae.Maddran@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>; Tamara Siemers <TSiemers@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL - Deposition Schedule

I don't have an update regarding Ms. Stratton right now, but I hope to have an update by the end of the day.

Also, here is a final deposition notice for Ms. Freaner.

## HAYNES BOONE

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Tuesday, October 11, 2022 10:22 AM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>; Thrasher, Tiffany <Tiffany.Thrasher@haynesboone.com>; Lakawicz, Teresa <Teresa.Lakawicz@haynesboone.com>; Maddran, Mae <Mae.Maddran@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>; Tamara Siemers <TSiemers@sheppardmullin.com>
**Subject:** RE: Homeland v. CPL - Deposition Schedule

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Also I know your office was going to have a discussion with Ms. Stratton's counsel that reached out to you.  Do you have any update?  If we should be reaching out directly, can you share Ms. Stratton's counsel's information?

Thanks,

Jocelyn
**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Tuesday, October 11, 2022 6:50 AM
**To:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>; Thrasher, Tiffany <Tiffany.Thrasher@haynesboone.com>; Lakawicz, Teresa <Teresa.Lakawicz@haynesboone.com>; Maddran, Mae <Mae.Maddran@haynesboone.com>; Christine Kuhn <CKuhn@sheppardmullin.com>; Tamara Siemers <TSiemers@sheppardmullin.com>
**Subject:** Re: Homeland v. CPL - Deposition Schedule

Greg:

We've spoken with Ms. Clifford and her deposition will need to go forward on October 27.  We are finalizing our thoughts on the remaining PMK designations and will get back to you shortly.  I know we discussed this at a high level previously, but can you also please send over a list of who will testify to what topics for CPL?  Thanks!
Sent from my iPhone

On Oct 11, 2022, at 8:40 AM, Van Houten, Greg <Greg.VanHouten@haynesboone.com> wrote:

Jocelyn –

We'd like to confirm that Ms. Clifford's deposition will be on 10/21 in Chicago (given that Aon's deposition is on 10/28).  We'd also like to know which 30(b)(6) topics you are designating Ms. Clifford to testify regarding.

Here is an updated schedule:

1. Ms. Freaner – 10/12 in Houma, to begin at 9 AM CT.
2. Mr. Shumpert – 10/14, remote, to begin at 9 AM CT.
3. Ms. Pruett – 10/19, remote, to begin at 9 AM CT.
4. Ms. May – 10/20, remote, to begin at 9 AM CT.
5. Ms. Clifford – <span style="color:red">SM TO CONFIRM to be held on 10/21.</span>
6. Ms. Foster – holding 10/24 and 10/26, probably (but SM to confirm) remote
7. Ms. Stratton – TBD?
8. Dr. Kratzer – 10/25, probably (but SM to confirm) remote
9. 30(b)(6) of CPL – Greg to get date(s) for person designated on Topic No. 11
10. 30(b)(6) of Homeland – reserving 10/28 for any leftover topics.
11. 30(b)(6) of Aon and Jake Onken – 10/28.

Thanks,

Greg

**HAYNES BOONE**

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562

**From:** Van Houten, Greg
**Sent:** Tuesday, October 4, 2022 1:02 PM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>
**Subject:** Homeland v. CPL - Deposition Schedule

Jocelyn –

Confirmed that 10/19 works for Ms. Pruett's deposition.  That rounds us to:

12. Ms. Clifford – TBD (maybe on 10/21 or 10/27)
13. Ms. Freaner – 10/12 in Houma
14. Ms. May – 10/20, remote
15. Ms. Foster – holding 10/24 and 10/26, probably (but SM to confirm) remote
16. Mr. Shumpert – 10/14, probably (but SM to confirm) remote
17. Ms. Stratton – TBD
18. Dr. Kratzer – 10/25, probably (but SM to confirm) remote
19. Ms. Pruett – 10/19, probably (but SM to confirm) remote
20. 30(b)(6) of CPL – Greg to get date(s) for person designated on Topic No. 11
21. 30(b)(6) of Homeland – reserving 10/28 for any leftover topics.

Please confirm this is correct by your side.

Thanks,

Greg

**HAYNES BOONE**

**Greg Van Houten**
He/Him/His
Associate
greg.vanhouten@haynesboone.com

**Haynes and Boone, LLP**
800 17th Street, NW
Suite 500
Washington, DC 20006-3962

(t) +1 202.654.4562
(f) +1 202.654.4256

vCard | Bio | Website

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

# EXHIBIT D

**Lineberger, Storm**

| | |
|---|---|
| **From:** | Van Houten, Greg |
| **Sent:** | Sunday, October 16, 2022 10:33 AM |
| **To:** | 'Jocelyn Whiteley'; 'John Brooks' |
| **Cc:** | Martin, Ernest; Schindler, S. Benjamin; Lineberger, Storm |
| **Subject:** | Homeland v. CPL - Four Time-Sensitive Issues re Discovery and our Scheduling Order |
| **Attachments:** | Motion in Ryan Law.pdf; Ryan Law Scheduling Order.pdf |
| | |
| **Importance:** | High |

Jocelyn and John –

I write regarding:  (1) Homeland's motions to compel, (2) Ms. Valeri May's upcoming deposition, (3) CPL's 30(b)(6) topics directed at Homeland, and (4) our scheduling order, and whether to bifurcate the issue of attorneys' fees from the rest of this case to save both sides costs.

Given that discovery closes in twelve days, we would appreciate a prompt response to this e-mail.

1) Homeland's Motions to Compel.

   a. We remain open to resolving the discovery disputes that are addressed in Homeland's motions to compel.  We have not heard from you since our October 7, 2022 proposal, despite follow up e-mails on October 10, 2022 and October 14, 2022.  Please let us know where Homeland stands.

2) Valeri May's Deposition.

   a. As noted in my e-mail from yesterday (October 15, 2022), we need an e-mail address for Ms. May to facilitate her remote deposition (scheduled for October 20, 2022).

   b. Also, will Ms. May be Homeland's designee on any 30(b)(6) topics?  We need to know ASAP.

3) CPL's 30(b)(6) Topics Directed @ Homeland.

   a. We need a response, ASAP, to my October 13, 2022 e-mail regarding the 30(b)(6) topics that we sent to Homeland on October 1, 2022.  As a part of that response, we need to know who Homeland is designating in response to *all* of CPL's topics (so far, Ms. Freaner was designated on two topics, in full, and two topics, in part, but we served Homeland with forty-five topics).  To the extent Ms. May and Ms. Clifford do not cover the balance of Homeland's topics, then we need to set aside a day for the rest of the topics to be covered.  That may need to be October 28, 2022.

4) Proposal to Bifurcate Attorneys' Fees From the Rest of the Case to Save Costs.

   a. The Scheduling Order currently does <u>not</u> bifurcate the issues of attorneys' fees from the rest of the case, although doing so is common in federal coverage cases in Texas, including with Judge Pitman (*see* attached example scheduling order from Judge Pitman).

   b. To save both sides costs, we propose that the parties jointly move to bifurcate the issue of attorneys' fees, such that the issue of attorneys' fees would become germane only if the Court enters a judgment in CPL's favor.  We propose a motion that conforms with the attached example joint motion, which

Judge Pitman granted in another coverage case that we are handling (*see* "Motion in Ryan Law").  Here is what we would propose saying, in essence:

> The Parties are in agreement that any discovery and/or expert designations regarding the reasonableness and necessity of Plaintiff's claimed attorneys' fees would be premature, unless and until the Court enters a judgment in favor of Plaintiff. The Parties therefore jointly request that Plaintiff be permitted to present its claim for attorneys' fees by motion, with any adversary submission by Defendant, in accordance with Federal Rule of Civil Procedure 54, without requiring either party to designate attorneys' fees experts. The Parties believe this will reduce costs for all involved and will streamline issues for trial.

Please let us know, ASAP, if Homeland agrees with this approach.  If it does, we will prepare a joint motion for Homeland's consideration.

//

Thanks,

Greg

**HAYNES BOONE**

**Greg Van Houten**
He/Him/His
Associate
greg.vanhouten@haynesboone.com

**Haynes and Boone, LLP**
800 17th Street, NW
Suite 500
Washington, DC 20006-3962

(t) +1 202.654.4562
(f) +1 202.654.4256

vCard | Bio | Website

# EXHIBIT E

## Lineberger, Storm

| | |
|---|---|
| **From:** | Jocelyn Whiteley <JWhiteley@sheppardmullin.com> |
| **Sent:** | Wednesday, October 19, 2022 3:37 PM |
| **To:** | Martin, Ernest; Van Houten, Greg |
| **Cc:** | John Brooks; Ryan Bueche; Schindler, S. Benjamin; Lineberger, Storm |
| **Subject:** | RE: Homeland v. CPL - Four Time Sensitive Issues |

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Greg:

Writing in response to the other topics raised in your email of last night. Also, I don't believe we heard back after CPL indicated it was in contact with Ms. Stratton's counsel. Can you please provide an update so we can subpoena her this week if needed?

**Homeland's reply brief**

Local Rule CV-7 states:

- Leave to File. When a motion for leave to file a pleading, motion, or other submission ***is required***, an executed copy of the proposed pleading, motion, or other submission shall be filed as an exhibit to the motion for leave. Unless otherwise ordered, if the motion for leave is granted, the clerk shall promptly file the pleading, motion, or other submission. **After leave is granted, any applicable time limits triggered by the pleading, motion, or other submission shall run from the filing of the pleading, motion, or other submission by the clerk or otherwise**

The reply was filed pursuant to CV 5.2(a) ("Documents Filed Under Seal"). This rule requires parties to ask for leave to **keep** a document under seal (rather than asking for permission to file in the first place, like a motion to file an amended pleading past the relevant deadlines). Local rule 5 reads in relevant part:

- In limited circumstances, a party may need to submit a sealed document for consideration by the court. For purposes of this rule, the term "sealed document" may include any pleading, motion, paper, physical item, or other submission that the Federal Rules of Civil Procedure or these rules permit or require to be filed. If the sealed document is associated with a pleading, motion, or other submission requesting or opposing relief from the court, as in the case of an exhibit to such submission, the sealed document must not be filed with the submission. Instead, the sealed document must be separately filed as an exhibit to a motion requesting permission to keep the document under seal (a "sealing motion"). All documents intended to be kept under seal must be filed as an exhibit to a sealing motion.

- If the court grants a sealing motion, the clerk will keep the sealed document under seal unless otherwise ordered by the court, and, if appropriate, the clerk shall link the sealed document to its associated pleading, motion, or other submission. The court may order that the sealing motion, without the sealed document, be unsealed. If the court denies a sealing motion, the clerk, on order of the court, shall delete the sealed document. (e) Counsel for a party moving to keep any document under seal is responsible for serving a copy of the sealed document on all counsel of record. Counsel for a party submitting documents containing redactions is responsible for serving an unredacted copy of the document on all counsel of record, except that material may be left redacted if it is protected from disclosure by an applicable statute or order. Counsel may not use the court's electronic notice facilities to serve the sealed or unredacted document

- Counsel for a party moving to keep any document under seal is responsible for serving a copy of the sealed document on all counsel of record. Counsel for a party submitting documents containing redactions is responsible for serving an unredacted copy of the document on all counsel of record, except that material may be left redacted if it is protected from disclosure by an applicable statute or order. Counsel may not use the court's electronic notice facilities to serve the sealed or unredacted document

Also, it wouldn't make any sense for the court to make us file a sealed motion as an exhibit, serve an unredacted copy, and then give the other side more time to respond.  In light of the above, we believe our statement in the brief about CPL's response was correct.

With respect to John's declaration, we still do not believe CPL offered an unfettered AEO review of all documents. Nevertheless, we anticipate filing a revised declaration attaching additional emails with CPL regarding this issue today so that the Court has all relevant information.

**Documents referenced in Homeland's 30(b)(6) notice topic 2**

The NCSS Cytology Services provided by MedLab Pathology Clinical Pathology Laboratories is bates numbered AONCPLSONIC-0003311-AONCPLSONIC-0003316.  That document references the "Root Cause Analysis and Corrective & Preventative Actions." We believed the "Root Cause Analysis and Corrective & Preventative Actions" would exist separately from the NCSS cytology document, but we have been unable to locate a copy in any of the produced records.  Note that this document would fall within our prior requests for production, see e.g., No 33, 35, 81, 82,   If CPL is in possession of such a document, please let us know and send that over asap.  Regardless, we understand Ms. Kratzer will be knowledgeable regarding the NCSS cytology document and the Root Cause Analysis which is referenced therein (as well as numerous claims correspondence).

**CPL's forty-four 30(b)(6) topics**

- We reviewed the cases you referenced in your email and we still believe the *Kaye* decision supports our position with respect to categories: 1-22, 29, 30, 34, 35, 36, 37, 38. In light of our disagreement, we plan to move for a protective order in short order. However, if CPL believes there is a compromise to be had we're of course open to hearing it.

- With respect topic 26 (claims-handling regulations), CPL is free to ask Homeland witnesses individually what they understood about the Texas insurance regs.  However, asking "Homeland" what Texas law actually requires is a legal contention.  Unless we hear otherwise from CPL, we anticipate including this topic in our motion.

- Finally, with respect to category 39 (whether and to what extent Homeland insured (or currently) insured medical labs who provide cancer screenings), we understand from Homeland that making this determination would require looking at every single Homeland policy.  Given that, and the fact that we do not see the relevance of this category, we also anticipate including this category unless we hear otherwise from CPL.

With respect to the topics not already designated or referenced above, we anticipate the following:

- Jen Clifford will likely testify regarding the following: topic 24 (the reasons Homeland declined to renew); topic 27 (your relationship with OneBeacon, and the extent to which OneBeacon was involved in the underwriting of Irish CervicalCheck claims), and; the remaining underwriting-related topics.

- In addition to the topics already designated, Valeri will also testify to the following: topic 40 (plaintiff's understanding of the differences between screening programs/diagnostic tests) and topic 33 (when plaintiff contends it first discovered the alleged falsity in the Shumpert letter).  Also I mentioned this before but I can confirm Valeri will testify regarding category 45.

Thanks,

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

On Oct 18, 2022, at 7:41 PM, John Brooks <JBrooks@sheppardmullin.com> wrote:

> **EXTERNAL:** Sent from outside Haynes and Boone, LLP

Greg, I am at the Padres playoff game so I apologize for brevity. We will oppose the bifurcation motion. Regarding my declaration, I believed it to be accurate based upon the review of emails that I did but of course I will correct any accuracy.  Will work on the other responses you asked for.

Sent from my iPhone

> On Oct 18, 2022, at 5:10 PM, Van Houten, Greg <Greg.VanHouten@haynesboone.com> wrote:
>
> John and Jenna –
>
> I write for four reasons, all of which are time sensitive and connected with deadlines.  I apologize for including the deadlines.  Please be assured that we have not done so to be adversarial, but rather because discovery in this case closes in ten days, and we want to do everything that we can to comply with the Court's Scheduling Order.
>
> First, as noted in my e-mails from 10/16 and 10/17, we need to know, **by the end of the day today**, whether Homeland will join or oppose Defendants' motion to bifurcate the issue of attorneys' fees.  Our motion will mirror the attached motion filed and granted by Judge Pitman in another case.
>
> Second, we wanted to bring to your attention a misrepresentation in Homeland's reply brief in support of its motions to compel, and a misrepresentation in John's corresponding declaration.
>
> First, at page 2 of the reply brief, Homeland states that CPL's response brief was late.  That is incorrect.  Homeland filed motions for leave to file its motions to compel under seal.  Thus, Local Rule 7(b) applies:

Here, leave was granted on 10/3.  The clerk then filed the motions on 10/3.  That means CPL had until 10/10 to file its response (per Local Rule 7(d)(2)), which is exactly when CPL filed its response.

Second, John's declaration states that I raised the issue of an attorneys' eyes only review on January 20, 2022, in July 2022, and then again on October 17, 2022.  That is incorrect, as we raised the issue on several other occasions.  See my attached e-mails of April 26, 2022, May 11, 2022, August 22, 2022 (from Ben).

John's declaration also states that CPL's offer allowed it to "pick and choose" the documents CPL would make available.  In my April 26, 2022 e-mail I said this:  "Your below e-mail also states that we suggested we would 'pick and choose' the non-privileged but withheld documents we would make available for inspection.  My January 20th e-mail also doesn't say that, it says the opposite—that defendants will consider making available for inspection any document they have withheld."  My May 11, 2022 e-mail likewise says: "note that our offer to facilitate an attorneys' eyes only review of documents we have logged remains on the table."

In light of the above, **please let us know, by the end of the day tomorrow**, whether Homeland plans to correct the record with respect to the above misrepresentations.  If it does not, then CPL plans to move for leave to file a short sur-reply addressing those issues.  Please let us know if Homeland consents to the filing of such a motion.

Third, we were promised, I think about two weeks ago, the two documents referenced in Homeland's 30(b)(6) Notice, at Topic No. 2.  **Please send those immediately so we can adequately prepare for depositions**.

Fourth, we wanted to let you know that we are designating Sheridan Foster on 30(b)(6) topic nos. 1 and 5–10; Dr. Kratzer on topic nos. 2–4; and Scott West on topic no. 11.  **In return, please let us know, as soon as possible, who Homeland is designating on the balance of our 30(b)(6) topics.**

Thank you,

Greg


**Greg Van Houten**
He/Him/His
Associate
greg.vanhouten@haynesboone.com

**Haynes and Boone, LLP**
800 17th Street, NW
Suite 500
Washington, DC 20006-3962

(t) +1 202.654.4562
(f) +1 202.654.4256

4

vCard | Bio | Website

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

<u>Attention:</u> This message is sent by a law firm and may contain information that is
privileged or confidential. If you received this transmission in error, please notify the
sender by reply e-mail and delete the message and any attachments.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

# EXHIBIT F

**Lineberger, Storm**

| | |
|---|---|
| **From:** | Van Houten, Greg |
| **Sent:** | Wednesday, October 19, 2022 3:59 PM |
| **To:** | Jocelyn Whiteley; Martin, Ernest |
| **Cc:** | John Brooks; Ryan Bueche; Schindler, S. Benjamin; Lineberger, Storm |
| **Subject:** | RE: Homeland v. CPL - Four Time Sensitive Issues |

Jocelyn,

My responses are below.

Homeland's Reply
We don't understand Homeland's argument regarding the timeliness of our response brief, and so we'll plan to address that issue with the Court via a Notice or Motion for Leave to File a Sur-Reply.

Thank you regarding the corrections to John's declaration, although we disagree with the notion that CPL did not offer "an unfettered AEO review of all documents." I said in April that "defendants will consider making available for inspection any document they have withheld." That sounds "unfettered." And let's not lose sight of the fact that Homeland never asked for an AEOR when an offer for such a review was outstanding for, as of today, almost ten months.

Documents Referenced in Homeland's 30(b)(6) Notice Topic No. 2
So Homeland wants Dr. Kratzer to be knowledgeable regarding a document that has not been produced in this litigation? Unless you send us a copy, I don't see how he can adequately prepare to discuss that document (and how can Homeland ask questions about it?).

CPL's 30(b)(6) Topics
Regarding Topic Nos. 1-22, 29, 30, and 34–39, which we supported with case law (including decisions issued by Judge Pitman), it sounds like you want us to bid against ourselves? We think it would be more appropriate for Homeland to propose an alternative in the first instance, particularly when we cited case law supporting our topics and given the liberality of discovery.

Thanks,

Greg

**HAYNES BOONE**

**Greg Van Houten** | Associate | He/Him/His
greg.vanhouten@haynesboone.com | (t) +1 202.654.4562
**From:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Sent:** Wednesday, October 19, 2022 3:37 PM
**To:** Martin, Ernest <Ernest.Martin@haynesboone.com>; Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Ryan Bueche <rbueche@germer-austin.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>
**Subject:** RE: Homeland v. CPL - Four Time Sensitive Issues

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Greg:

Writing in response to the other topics raised in your email of last night. Also, I don't believe we heard back after CPL indicated it was in contact with Ms. Stratton's counsel. Can you please provide an update so we can subpoena her this week if needed?

**Homeland's reply brief**

Local Rule CV-7 states:

- Leave to File. When a motion for leave to file a pleading, motion, or other submission *is required*, an executed copy of the proposed pleading, motion, or other submission shall be filed as an exhibit to the motion for leave. Unless otherwise ordered, if the motion for leave is granted, the clerk shall promptly file the pleading, motion, or other submission. **After leave is granted, any applicable time limits triggered by the pleading, motion, or other submission shall run from the filing of the pleading, motion, or other submission by the clerk or otherwise**

The reply was filed pursuant to CV 5.2(a) ("Documents Filed Under Seal"). This rule requires parties to ask for leave to **keep** a document under seal (rather than asking for permission to file in the first place, like a motion to file an amended pleading past the relevant deadlines). Local rule 5 reads in relevant part:

- In limited circumstances, a party may need to submit a sealed document for consideration by the court. For purposes of this rule, the term "sealed document" may include any pleading, motion, paper, physical item, or other submission that the Federal Rules of Civil Procedure or these rules permit or require to be filed. If the sealed document is associated with a pleading, motion, or other submission requesting or opposing relief from the court, as in the case of an exhibit to such submission, the sealed document must not be filed with the submission. Instead, the sealed document must be separately filed as an exhibit to a motion requesting permission to keep the document under seal (a "sealing motion"). All documents intended to be kept under seal must be filed as an exhibit to a sealing motion.

- If the court grants a sealing motion, the clerk will keep the sealed document under seal unless otherwise ordered by the court, and, if appropriate, the clerk shall link the sealed document to its associated pleading, motion, or other submission. The court may order that the sealing motion, without the sealed document, be unsealed. If the court denies a sealing motion, the clerk, on order of the court, shall delete the sealed document. (e) Counsel for a party moving to keep any document under seal is responsible for serving a copy of the sealed document on all counsel of record. Counsel for a party submitting documents containing redactions is responsible for serving an unredacted copy of the document on all counsel of record, except that material may be left redacted if it is protected from disclosure by an applicable statute or order. Counsel may not use the court's electronic notice facilities to serve the sealed or unredacted document

- Counsel for a party moving to keep any document under seal is responsible for serving a copy of the sealed document on all counsel of record. Counsel for a party submitting documents containing redactions is responsible for serving an unredacted copy of the document on all counsel of record, except that material may be left redacted if it is protected from disclosure by an applicable statute or order. Counsel may not use the court's electronic notice facilities to serve the sealed or unredacted document

Also, it wouldn't make any sense for the court to make us file a sealed motion as an exhibit, serve an unredacted copy, and then give the other side more time to respond. In light of the above, we believe our statement in the brief about CPL's response was correct.

With respect to John's declaration, we still do not believe CPL offered an unfettered AEO review of all documents. Nevertheless, we anticipate filing a revised declaration attaching additional emails with CPL regarding this issue today so that the Court has all relevant information.

**Documents referenced in Homeland's 30(b)(6) notice topic 2**

The NCSS Cytology Services provided by MedLab Pathology Clinical Pathology Laboratories is bates numbered AONCPLSONIC-0003311-AONCPLSONIC-0003316.  That document references the "Root Cause Analysis and Corrective & Preventative Actions." We believed the "Root Cause Analysis and Corrective & Preventative Actions" would exist separately from the NCSS cytology document, but we have been unable to locate a copy in any of the produced records.  Note that this document would fall within our prior requests for production, see e.g., No 33, 35, 81, 82,    If CPL is in possession of such a document, please let us know and send that over asap.  Regardless, we understand Ms. Kratzer will be knowledgeable regarding the NCSS cytology document and the Root Cause Analysis which is referenced therein (as well as numerous claims correspondence).

**CPL's forty-four 30(b)(6) topics**

- We reviewed the cases you referenced in your email and we still believe the *Kaye* decision supports our position with respect to categories: 1-22, 29, 30, 34, 35, 36, 37, 38.  In light of our disagreement, we plan to move for a protective order in short order. However, if CPL believes there is a compromise to be had we're of course open to hearing it.

- With respect topic 26 (claims-handling regulations), CPL is free to ask Homeland witnesses individually what they understood about the Texas insurance regs.  However, asking "Homeland" what Texas law actually requires is a legal contention.  Unless we hear otherwise from CPL, we anticipate including this topic in our motion.

- Finally, with respect to category 39 (whether and to what extent Homeland insured (or currently) insured medical labs who provide cancer screenings), we understand from Homeland that making this determination would require looking at every single Homeland policy.  Given that, and the fact that we do not see the relevance of this category, we also anticipate including this category unless we hear otherwise from CPL.

With respect to the topics not already designated or referenced above, we anticipate the following:

- Jen Clifford will likely testify regarding the following: topic 24 (the reasons Homeland declined to renew); topic 27 (your relationship with OneBeacon, and the extent to which OneBeacon was involved in the underwriting of Irish CervicalCheck claims), and; the remaining underwriting-related topics.

- In addition to the topics already designated, Valeri will also testify to the following: topic 40 (plaintiff's understanding of the differences between screening programs/diagnostic tests) and topic 33 (when plaintiff contends it first discovered the alleged falsity in the Shumpert letter)  Also I mentioned this before but I can confirm Valeri will testify regarding category 45.

Thanks,

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

On Oct 18, 2022, at 7:41 PM, John Brooks <JBrooks@sheppardmullin.com> wrote:

---

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

---

Greg, I am at the Padres playoff game so I apologize for brevity. We will oppose the bifurcation motion. Regarding my declaration, I believed it to be accurate based upon the review of emails that I did but of course I will correct any accuracy.  Will work on the other responses you asked for.

Sent from my iPhone

> On Oct 18, 2022, at 5:10 PM, Van Houten, Greg <Greg.VanHouten@haynesboone.com> wrote:

> John and Jenna –

> I write for four reasons, all of which are time sensitive and connected with deadlines.  I apologize for including the deadlines.  Please be assured that we have not done so to be adversarial, but rather because discovery in this case closes in ten days, and we want to do everything that we can to comply with the Court's Scheduling Order.

> First, as noted in my e-mails from 10/16 and 10/17, we need to know, **by the end of the day today**, whether Homeland will join or oppose Defendants' motion to bifurcate the issue of attorneys' fees.  Our motion will mirror the attached motion filed and granted by Judge Pitman in another case.

> Second, we wanted to bring to your attention a misrepresentation in Homeland's reply brief in support of its motions to compel, and a misrepresentation in John's corresponding declaration.

> First, at page 2 of the reply brief, Homeland states that CPL's response brief was late.  That is incorrect.  Homeland filed motions for leave to file its motions to compel under seal.  Thus, Local Rule 7(b) applies:

> Here, leave was granted on 10/3.  The clerk then filed the motions on 10/3.  That means CPL had until 10/10 to file its response (per Local Rule 7(d)(2)), which is exactly when CPL filed its response.

> Second, John's declaration states that I raised the issue of an attorneys' eyes only review on January 20, 2022, in July 2022, and then again on October 17, 2022.  That is incorrect, as we raised the issue on several other occasions.  See my attached e-mails of April 26, 2022, May 11, 2022, August 22, 2022 (from Ben).

> John's declaration also states that CPL's offer allowed it to "pick and choose" the documents CPL would make available.  In my April 26, 2022

e-mail I said this: "Your below e-mail also states that we would 'pick and choose' the non-privileged but withheld documents we would make available for inspection. My January 20th e-mail also doesn't say that, it says the opposite—that defendants will consider making available for inspection any document they have withheld." My May 11, 2022 e-mail likewise says: "note that our offer to facilitate an attorneys' eyes only review of documents we have logged remains on the table."

In light of the above, **please let us know, by the end of the day tomorrow**, whether Homeland plans to correct the record with respect to the above misrepresentations. If it does not, then CPL plans to move for leave to file a short sur-reply addressing those issues. Please let us know if Homeland consents to the filing of such a motion.

<u>Third</u>, we were promised, I think about two weeks ago, the two documents referenced in Homeland's 30(b)(6) Notice, at Topic No. 2. **Please send those immediately so we can adequately prepare for depositions**.

<u>Fourth</u>, we wanted to let you know that we are designating Sheridan Foster on 30(b)(6) topic nos. 1 and 5–10; Dr. Kratzer on topic nos. 2–4; and Scott West on topic no. 11. **In return, please let us know, as soon as possible, who Homeland is designating on the balance of our 30(b)(6) topics.**

Thank you,

Greg


**Greg Van Houten**
He/Him/His
Associate
greg.vanhouten@haynesboone.com

**Haynes and Boone, LLP**
800 17th Street, NW
Suite 500
Washington, DC 20006-3962

(t) +1 202.654.4562
(f) +1 202.654.4256

vCard | Bio | Website


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

# EXHIBIT G

**Lineberger, Storm**

| | |
|---|---|
| **From:** | Jocelyn Whiteley <JWhiteley@sheppardmullin.com> |
| **Sent:** | Wednesday, October 26, 2022 7:54 PM |
| **To:** | Van Houten, Greg |
| **Cc:** | John Brooks |
| **Subject:** | FW: Homeland v. CPL - Updated 30(b)(6) Notice and Updated J. Clifford Deposition Notice |
| **Attachments:** | 2022.10.25 Deposition Notice for Jennifer L. Clifford.pdf; 2022.10.25 Defs.' 30(b)(6) Notice to Homeland.pdf |

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Hi, Greg:

I know we discussed that CPL may be open to a compromise where it would potentially agree not to pursue testimony on the remaining topics Homeland objected to (although I understand that you had not conferred with your client). We are working with our client to evaluate that possibility, and we think we may be able to work something out. But we're concerned that we won't be able to get anything finalized before Friday.

Would CPL agree to Homeland holding off on filing for a protective order (if ultimately needed) until Friday, November 4 to give us some time to see if we can resolve this between us? If not, we will have to file a protective order in-line with our objections this Friday.

Thanks,

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Tuesday, October 25, 2022 11:10 AM
**To:** Jocelyn Whiteley <JWhiteley@sheppardmullin.com>; Joshua Weber <jweber@veritext.com>
**Cc:** John Brooks <JBrooks@sheppardmullin.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Maddran, Mae <Mae.Maddran@haynesboone.com>
**Subject:** Homeland v. CPL - Updated 30(b)(6) Notice and Updated J. Clifford Deposition Notice

Jocelyn – Attached, and further to our phone call from earlier today, please find (1) an updated 30(b)(6) notice (calling for Homeland to appear remotely for a deposition on the balance of the topics on Friday starting at 9 AM CT), and (2) an updated deposition notice for Ms. Clifford. With respect to Ms. Clifford, we understand that Homeland is designating her to testify regarding 30(b)(6) Topic Nos. 24, 42, 43, and 44.

Josh – Can you please arrange for a remote deposition to be held on Friday, October 28, 2022, starting at 9 AM CT?  We will utilize ExhibitShare and the deposition will need to be videotaped.  Please send links to Ernest, Ben, myself, John, and Jocelyn (*i.e.*, everyone on this email), and then whomever Homeland decides to designate to testify.

Thank you,

Greg

## HAYNES BOONE

**Greg Van Houten**
He/Him/His
Associate
greg.vanhouten@haynesboone.com

**Haynes and Boone, LLP**
800 17th Street, NW
Suite 500
Washington, DC 20006-3962

(t) +1 202.654.4562
(f) +1 202.654.4256

vCard | Bio | Website

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.
Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT H

## Lineberger, Storm

| | |
|---|---|
| **From:** | Van Houten, Greg |
| **Sent:** | Wednesday, October 26, 2022 10:01 AM |
| **To:** | Jocelyn Whiteley |
| **Cc:** | John Brooks; Martin, Ernest; Schindler, S. Benjamin; Christine Kuhn; Lineberger, Storm |
| **Subject:** | RE: Homeland Topic No. 11 and SF Deposition |

Jocelyn -

We are amenable to that approach, except we <u>cannot</u> agree to a deposition after the close of discovery.  It is CPL's position that discovery closes at the end of the day on Friday, October 28, 2022, as reflected in the current scheduling order.  I can tell you that, before the close of discovery on Friday, we will be (a) serving Homeland with an updated Appendix B, (b) completing our production of all supporting invoices (to the extent that hasn't happened already), and (c) completing our production of all proofs of payment (to the extent that hasn't happened already).

We absolutely will work with Homeland to resolve any issues and to provide any necessary clarification, including regarding whether any amounts were paid on behalf of MedLab, and we absolutely will execute a declaration (or affidavit) attesting to the truth of the information set forth in Appendix B and to cover any related issues (like, *e.g.*, proof of payment) (although query whether that is necessary when our interrogatory responses are signed and verified).

I am very confident (if not 100% confident) that we will resolve any such issues and that there will be no need for a deposition.  I'll add that a deposition on this topic would likely be unproductive.  We're talking about hundreds (if not thousands) of invoices, and the best proof of what has been incurred and paid is in the supporting documents themselves, which are then aggregated and reported via Appendix B (where indemnity sums and defense expenses are reported—which is exactly what Topic No. 11 asks for).  It would be impossible to educate someone to discuss every line item, every invoice, etc., and I doubt that is what Homeland is looking for.

In any event, we are committed to working with Homeland on this one, and I am confident that we can do so.

Thanks,

Greg

Greg Van Houten
Associate
(t) +1 202.654.4562
-----Original Message-----
From: Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
Sent: Wednesday, October 26, 2022 10:49 AM
To: Van Houten, Greg <Greg.VanHouten@haynesboone.com>
Cc: John Brooks <JBrooks@sheppardmullin.com>; Christine Kuhn <CKuhn@sheppardmullin.com>
Subject: RE: Homeland Topic No. 11 and SF Deposition

EXTERNAL: Sent from outside Haynes and Boone, LLP


Greg,

We're still working through Appendix B and the supporting documents, including the documents we received yesterday.  We won't move forward with a deposition on topic 11 if CPL agrees to work with Homeland over the next two weeks to resolve any issues/clarifications (such as whether certain amounts claimed were paid on behalf of MedLab) with Appendix B, and execute a declaration attesting to the basic facts in Appendix B and any related issues.  If for some reason we can't resolve any of those issues in that timeframe (which I don't anticipate will be the case), CPL will allow Homeland to take a deposition on topic 11 after the cutoff at a mutually agreeable time/place.  Please let us know if that works for CPL.

If CPL is not amenable to that approach, we will need to move forward with the deposition on Friday afternoon.  We will send a revised notice to that effect.

Thanks,

Jocelyn

Jocelyn J. Whiteley | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com |
https://urldefense.com/v3/__http://www.sheppardmullin.com/jwhiteley__;!!KzIVK9q-
m3Ij!PAgZihvFLWWwe2CAU6ZRchphFtjVaIQh6PBl656U8km81xIfcwXA7BE9WtEihstj53Oc_5DNEUxDXxf9Ff32iZbYFt7E1p
Anrg$

SheppardMullin
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
https://urldefense.com/v3/__http://www.sheppardmullin.com__;!!KzIVK9q-
m3Ij!PAgZihvFLWWwe2CAU6ZRchphFtjVaIQh6PBl656U8km81xIfcwXA7BE9WtEihstj53Oc_5DNEUxDXxf9Ff32iZbYFt4MQ
0U0Yw$  | LinkedIn.Com/Company/Sheppard-Mullin-Richter-&-Hampton-LLP/ | Twitter.Com/SheppardMullin


-----Original Message-----
From: Van Houten, Greg <Greg.VanHouten@haynesboone.com>
Sent: Tuesday, October 25, 2022 11:32 AM
To: Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
Subject: RE: Homeland Topic No. 11 and SF Deposition

I forgot to mention this before - what are we doing with Topic No. 11?

Greg Van Houten
Associate
(t) +1 202.654.4562
-----Original Message-----
From: Van Houten, Greg
Sent: Friday, October 21, 2022 9:45 AM
To: Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
Cc: Martin, Ernest <Ernest.Martin@haynesboone.com>; Gail Johnson <gjohnson@germer-austin.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>
Subject: RE: Homeland Topic No. 11 and SF Deposition

Jocelyn,

We understand that Ms. Foster's and Dr. Kratzer's depositions will be remote and will begin at 9 AM CT, but please confirm.

And what you're saying regarding topic 11 makes sense, but I did want to alert you to the fact that we will be supplementing Appendix B and our production of documents related to attorneys' fees, defense costs, settlements, and other costs.  I don't think that'll change anything process-wise, but I just wanted to let you know that is coming.

Thanks,

Greg

Greg Van Houten
Associate
(t) +1 202.654.4562
-----Original Message-----
From: Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
Sent: Thursday, October 20, 2022 9:52 PM
To: Van Houten, Greg <Greg.VanHouten@haynesboone.com>
Cc: Martin, Ernest <Ernest.Martin@haynesboone.com>; Gail Johnson <gjohnson@germer-austin.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>
Subject: RE: Homeland Topic No. 11 and SF Deposition

EXTERNAL: Sent from outside Haynes and Boone, LLP


Greg:

We are confirming that Ms. Foster will go forward on Wednesday and Dr. Kratzer on Tuesday.

With respect to topic 11, we may be able to avoid the deposition of Mr. Scott if CPL is open to this general plan of action:

We are in the process of reviewing appendix B to CPL's responses to Homeland's last set of interrogatories.  We believe there may be some issues to resolve, such as whether the amounts reflect some portion of MedLab's share of indemnity payments.  We are hoping CPL could answer the questions we are currently formulating about appendix B in a manner we could rely on like a declaration, and that CPL would agree to produce Mr. West after the discovery cutoff if we're not able to sort this out among ourselves (which I doubt would be the case).

I know you were a bit under the weather today; hope you're feeling better.

Jocelyn
Jocelyn J. Whiteley | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com |
https://urldefense.com/v3/__http://www.sheppardmullin.com/jwhiteley__;!!KzIVK9q-m3Ij!LZi2onC5oURw4zhLi5SZcbMVGkgMS4bA_6VuahrLuGTQHiWv2zb9udlNd-8b4izbv-cHOsVOX4q9LoGhlSPZYglluBtpab1Bpg$

SheppardMullin
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main

https://urldefense.com/v3/__http://www.sheppardmullin.com__;!!KzIVK9q-
m3Ij!LZi2onC5oURw4zhLi5SZcbMVGkgMS4bA_6VuahrLuGTQHiWv2zb9udlNd-8b4izbv-
cHOsVOX4q9LoGhISPZYglluBso3ITTKg$  | LinkedIn.Com/Company/Sheppard-Mullin-Richter-&-Hampton-LLP/ |
Twitter.Com/SheppardMullin


-----Original Message-----
From: Van Houten, Greg <Greg.VanHouten@haynesboone.com>
Sent: Wednesday, October 19, 2022 2:34 PM
To: Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
Cc: Martin, Ernest <Ernest.Martin@haynesboone.com>; Gail Johnson <gjohnson@germer-austin.com>; Schindler, S.
Benjamin <S.Benjamin.Schindler@haynesboone.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>
Subject: Homeland Topic No. 11 and SF Deposition

Jocelyn -

I got my Topic No. 11 designee wrong.  It's James West, not Scott West.  I imagine that deposition will take no more than
1-2 hours, and I understand it'll be remote.  I could do it Monday or Tuesday.  Let's coordinate on that one ASAP.

Also, I want to confirm that Sheridan is being deposed on Wednesday, and Dr. Kratzer on Tuesday, and both
remote.  Remember Sheridan needs physical documents.

Thanks,

Greg

Sent from my iPhone


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or
retained only by the intended recipient. If you have received this transmission in error, please immediately notify the
sender and delete it from your system.


Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you
received this transmission in error, please notify the sender by reply e-mail and delete the message and any
attachments.


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or
retained only by the intended recipient. If you have received this transmission in error, please immediately notify the
sender and delete it from your system.

# EXHIBIT I

**Lineberger, Storm**

| | |
|---|---|
| **From:** | Jocelyn Whiteley <JWhiteley@sheppardmullin.com> |
| **Sent:** | Thursday, October 27, 2022 6:21 PM |
| **To:** | Van Houten, Greg; John Brooks |
| **Cc:** | Martin, Ernest; Schindler, S. Benjamin; Lineberger, Storm |
| **Subject:** | RE: 10/28/2022; Homeland Insurance Company of New York v Clinical Pathology Laboratories, Inc. et al.; Assignment No. 5554436; Status: Confirmed |

---

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

---

Greg:

As I mentioned earlier today and in my email of yesterday, we will be moving for a protective order tomorrow.  As a result, we will not be producing a witness.

Jocelyn

**Jocelyn J. Whiteley** | Special Counsel
+1 619-338-6583 | direct
JWhiteley@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego,  CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Van Houten, Greg <Greg.VanHouten@haynesboone.com>
**Sent:** Thursday, October 27, 2022 3:46 PM
**To:** John Brooks <JBrooks@sheppardmullin.com>; Jocelyn Whiteley <JWhiteley@sheppardmullin.com>
**Cc:** Martin, Ernest <Ernest.Martin@haynesboone.com>; Schindler, S. Benjamin <S.Benjamin.Schindler@haynesboone.com>; Lineberger, Storm <Storm.Lineberger@haynesboone.com>
**Subject:** Fwd: 10/28/2022; Homeland Insurance Company of New York v Clinical Pathology Laboratories, Inc. et al.; Assignment No. 5554436; Status: Confirmed

John and Jocelyn - We wanted to make sure that you received the below invite from VeriText for tomorrow's 30(b)(6) deposition.  Thanks.

Sent from my iPhone

Begin forwarded message:

> **From:** calendar-dmv@veritext.com
> **Date:** October 27, 2022 at 2:55:37 PM CDT
> **To:** "Van Houten, Greg" <Greg.VanHouten@haynesboone.com>
> **Subject: 10/28/2022; Homeland Insurance Company of New York v Clinical Pathology Laboratories, Inc. et al.; Assignment No. 5554436; Status: Confirmed**

---

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

---



Notes: Good Afternoon, We just need the witness' email to provide their secure link. Thank you! - Ryan K

Your assignment #5554436 has been **SCHEDULED**. Click here to access your Outlook Calendar

| ASSIGNMENT #5554436 | | | STATUS: Confirmed |
|---|---|---|---|
| CASE | Homeland Insurance Company of New York vs. Clinical Pathology Laboratories, Inc. et al. | WITNESS | Corp Rep Homeland Insurance Co |
| DATE | 10/28/2022 | EXPERT WITNESS? | |
| TIME | 9:00 AM | SERVICES REQUESTED | • Court Reporter and a Videographer |
| LOCATION | Remote Proceeding - TX<br><br>Austin, TX 78701<br><br>Get Directions | ADDITIONAL SERVICES | • Exhibit Share(Presenter), Exhibit Share(Viewer), Veritext Virtual 3.0, Veritext Virtual(Participant) |

| THIS ASSIGNMENT IS FOR | |
|---|---|
| FIRM NAME | Haynes & Boone LLP |
| ATTORNEY/LAWYER NAME | Greg Van Houten |
| CONTACT NAME | Greg Van Houten |
| CONTACT PHONE | 202-654-4562 |
| CONTACT E-MAIL | greg.vanhouten@haynesboone.com |
| DUE | Normal in 10 days |

| ASSIGNMENT-SPECIFIC INFORMATION | |
|---|---|
| NOTES | Videographer David Crenshaw - Remote |

Please review the assignment details above for accuracy, including date, time, location and services. Should you need to make any changes or add services, please log into the MyVeritext client portal or contact our office for assistance. We can be reached by **REPLYING TO THIS E-MAIL** or calling **800-734-5292**.

**SAMPLE NOTICE LANGUAGE:** Capture technology continues to advance and Veritext will always provide the service best suited to your requirements. We encourage you to update language on all proceeding notices to reflect all possibilities. Example language you might use is: "**YOU ARE NOTIFIED** that we reserve the right to record the proceeding by stenographic means or by utilizing digital audio recording equipment or any other alternative methods of capture."*

*\*The above language is a suggestion. Veritext does not provide legal advice.*

**NEED A MYVERITEXT ACCOUNT:** Visit www.veritext.com/myveritext and complete the online form. Your unique individual log-in is private, and complies with all standards to ensure data security.

Thank you for choosing Veritext to assist with this proceeding.

**Your Veritext Team**



Copyright © 2000-2022 Veritext Corp. All Rights Reserved.

**PLEASE NOTE:** A late cancellation fee may be charged for cancellations received after 4pm the previous business day. A late scheduling fee may apply to any assignment requested after 2pm the previous business day. Any costs incurred by Veritext on the client's behalf will be invoiced for reimbursement.

Veritext will make every effort to secure resources (e.g. reporters, videographers, etc.) for the above-referenced proceeding. Veritext uses independent contractors to deliver reporting services. Receipt of this notice in no way implies a guarantee that an independent contractor will be available.

**DISCLAIMER:** This email, including any attachments or links, is intended solely for parties authorized to access this specific matter and may contain confidential, proprietary or privileged material. If you are not an authorized party to the matter, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please notify the sender immediately and then permanently delete the email and all copies (including any attachments or download links).

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.