IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, <br><br> Plaintiff, <br><br> v. <br><br> CLINICAL PATHOLOGY LABORATORIES, INC., AND SONIC HEALTHCARE USA, INC., <br><br> Defendants. | CIVIL ACTION NO.: 1-20-cv-783 |

**AGREED MOTION TO EXTEND TWO EXPERT-RELATED DEADLINES
SET IN THE AMENDED AGREED SCHEDULING ORDER**

Plaintiff Homeland Insurance Company of New York ("Homeland"), and Defendants Clinical Pathology Laboratories, Inc. and Sonic Healthcare USA, Inc. (collectively, "Defendants," and with Homeland, the "Parties"), jointly move this Court for the following short extensions of two expert-related deadlines in the Amended Agreed Scheduling Order (the "Scheduling Order") [Dkt. 123], as follows:

1. First, the Parties move for a three-week extension of the two expert deadlines in the Scheduling Order and for an extension of time to serve rebuttal reports. The prior and proposed new deadlines are as follows:

   - The Parties seek to extend the "Deadline for parties asserting claims for relief to file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B)," from November 23, 2022, to December 14, 2022.

1

- The Parties seek to extend the "Deadline for parties resisting claims for relief to file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B)," from December 21, 2022, to January 11, 2023.

- The Parties seek to extend the "Deadline for all parties to file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served," from 15 days from the receipt of the report of the opposing expert to 30 days from the receipt of the report of the opposing expert.

2. Second, consistent with the Parties' agreement, Defendants' Notice of Withdrawal of Motion [Dkt. 170], Federal Rule of Civil Procedure 54(d), and Local Court Rule CV-54(b)(1), the Parties respectfully move to modify the Scheduling Order so that Defendants may present any claim(s) for the attorneys' fees and related expenses that they have incurred in connection with this action by motion after a judgment is rendered, with any adversary submission by Plaintiff, and without requiring either Party to designate attorneys' fees experts.

3. The current Scheduling Order identifies the date by which experts must be designated, which the Parties move to extend by this Motion, but does not separately address experts who may testify as to Defendants' attorneys' fees incurred in this action and related expenses. Similarly, the Scheduling Order identifies the date by which all discovery must be completed but does not separately address supporting documents that may be required by Federal Rule of Civil Procedure 54(d)(2) and Local Court Rule CV-54(b) with respect to Defendants' claim for attorneys' fees incurred in this action and related expenses.

4. Any discovery and/or expert designations regarding the reasonableness and necessity of Defendants' claimed attorneys' fees would be premature, unless and until the Court enters a judgment in favor of Defendants. The Parties therefore request that Defendants be permitted to present their claim for attorneys' fees and related expenses by motion, with any adversary submissions by Plaintiff thereafter, in accordance with Federal Rule of Civil Procedure 54, without requiring either party to designate attorneys' fees experts or disclose supporting documentation prior to this Court's entry of judgment. The requested relief will allow the parties to avoid incurring unnecessary costs and will streamline issues for trial.

5. Specifically, the Parties agree that, in the case judgment is rendered in Defendants' favor, Defendants will have 30 days from the date of judgment to file an application for attorneys' fees and related expenses, which may, but is not required to include, a declaration of an expert who may opine on the reasonableness of those fees and related expenses. Plaintiff will then have 14 days from the date Defendants' application for fees is filed to respond, and its response may but is not required to include a declaration of an expert who may opine on the reasonableness of Defendants' attorneys' fees and related expenses.

6. The Parties further agree to forego (a) formal Rule 26 expert reports with respect to Defendants' claim for attorneys' fees and related expenses, and (b) depositions of the Parties' respective experts on the issue of Defendants' attorneys' fees and related expenses (if any), and the Parties further respectfully request that the Court rule based on the submissions described herein.

7. This Court has granted similar relief in other cases. *See* Order Granting Joint Mot. to Modify Scheduling Order at 1, *Ryan Law Firm, LLC v. N.Y. Marine & Gen. Ins. Co.*, No. 1:19 CV-629-RP (W.D. Tex. Feb. 25, 2020) [Dkt. No. 27]; *see also* Local Rule CV-54(b)(1) ("Unless

3

the substantive law requires a claim for attorneys' fees . . . be proved at trial as an element of damages to be determined by the jury, a claim for fees *shall* be made by motion . . . not later than 14 days *after entry of judgment* . . . .") (emphasis added); FED. R. CIV. P. 54(d)(2)(b).

8. Counsel for the Parties agree that all other deadlines in the Amended Agreed Scheduling Order [Dkt. 123] shall not be changed based on this Agreed Motion, but the Parties recognize that Plaintiff has a pending opposed motion [Dkt. 167] to amend the scheduling order deadline for percipient discovery with respect to the deposition of Ms. Nancy Stratton, and this Agreed Motion is without prejudice to Plaintiff's or Defendants' respective positions regarding that opposed motion.

9. The above agreed proposed extensions are reflected in the proposed order filed with this motion.

\*   \*   \*

Dated:  November 11, 2022

Respectfully and jointly submitted,

| | |
|---|---|
| By: */s/ John T. Brooks*<br>John T. Brooks [CA Bar #167793]*<br>SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP<br>501 West Broadway, 19th Floor<br>San Diego, CA 92101<br>Telephone:  (619) 338-6500<br>Fax:  (619) 234-3815<br>jbrooks@sheppardmullin.com<br>*Admitted *Pro Hac Vice*<br><br>-and-<br><br>Joseph R. Little (Bar No. 784483)<br>The Little Law Firm<br>440 Louisiana Street, Suite 900<br>Houston, Texas 77002<br>Telephone:  (713) 222-1368<br>Fax:  (281) 200-0115<br>jrl@littlelawtexas.com<br><br>**ATTORNEYS FOR PLAINTIFF** | By: */s/ Ernest Martin, Jr.*<br>Ernest Martin, Jr. [Bar No. 13063300]<br>Greg Van Houten*<br>HAYNES AND BOONE, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, TX 75219<br>Tel:  214-651-5651<br>ernest.martin@haynesboone.com<br>greg.vanhouten@haynesboone.com<br>*Admitted *Pro Hac Vice*<br><br>-and-<br><br>Mark T. Beaman [Bar No. 01955700]<br>Ryan Bueche [Bar. No. 24064970]<br>GERMER BEAMAN & BROWN PLLC<br>One Barton Skyway<br>1501 S Mopac Expy Suite A400<br>Austin, TX 78746<br>Tel:  512-482-3504 Direct<br>mbeaman@germer-austin.com<br>rbueche@germer-austin.com<br><br>**ATTORNEYS FOR DEFENDANTS** |

**CERTIFICATE OF CONFERENCE**

      I hereby certify that, consistent with Local Rule CV-7(i), counsel for Defendants and counsel for Plaintiff conferred by telephone and e-mail regarding this motion prior to its filing. As reflected in the motion, both Parties agree to and approve of the filing of this agreed motion.

                                            /s/ *Greg Van Houten*
                                                Greg Van Houten

**CERTIFICATE OF SERVICE**

      I hereby certify that, consistent with Local Court Rule CV-5, a true and correct copy of the foregoing was sent to all Parties of record pursuant to the Electronic Filing Procedures and the Federal Rules of Civil Procedure on this 11th day of November 2022.

                                            /s/ *Ernest Martin, Jr.*
                                              Ernest Martin, Jr.