**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>          Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC., AND SONIC HEALTHCARE USA, INC.,<br><br>          Defendants. | CIVIL ACTION NO.: 1-20-cv-783-RP |

## <u>DEFENDANTS' RESPONSE TO PLAINTIFF HOMELAND INSURANCE COMPANY OF NEW YORK'S OBJECTION TO REPORT AND RECOMMENDATION DENYING ITS MOTION FOR LEAVE TO AMEND ITS PLEADINGS</u>

The Magistrate Judge properly denied Homeland's motion for leave to amend its pleadings yet again.  In the R&R (Dkt. 161), Judge Hightower correctly found there was no "good cause" for Homeland's untimely request to allege a new affirmative defense—the fortuity doctrine—more than a year after the deadline for amended pleadings in this Court's scheduling orders.  That is the right result because, among other things, Homeland offers no valid explanation for waiting so long. Even now, Homeland says it knew about this defense from the outset of the case and wanted to rely on it—but declined to mention it.  At best for Homeland, that shows a lack of diligence that falls short of Rule 16's good-cause standard; at worst, it suggests the kind of gamesmanship that should be discouraged, not rewarded.  That's particularly true because—as the Magistrate Judge found in a ruling this Court already adopted—allowing this new defense so late in the game would create unfair prejudice.  Defendants respectfully submit that the Court should overrule Homeland's Objection (Dkt. 169) and adopt the R&R denying its request for leave to amend.

**ARGUMENT**

As an initial matter, the Magistrate Judge properly determined—and Homeland does not dispute—that this request for leave to amend is governed by Rule 16(b)'s "more stringent" good-cause standard. *See* Dkt. 161 at 4; *Ryan Law Firm, LLC v. N.Y. Marine & Gen. Ins. Co.*, No. 1:19-cv-00629-RP, Dkt. 81 at 2 (W.D. Tex. Nov. 3, 2020) (Pitman, J.). That's because Homeland sought leave more than a year after the Scheduling Order's deadline for amended pleadings. Dkt. 161 at 4; Dkt. 59 ¶ 4. Though the law is clear that Rule 16 controls in this circumstance, Homeland didn't even argue the good-cause standard in its motion for leave to amend. *See* Dkt. 131. Nevertheless, there is no need to rely on waiver to deny Homeland's Objection—because its newfound arguments about the good-cause factors are just as misguided as they are untimely.

A.     **No Good Explanation**

Homeland first argues that it gave a sufficient explanation for waiting so long to plead the fortuity doctrine. Dkt. 169 at 2. The Magistrate Judge held otherwise, and properly so. Dkt. 161 at 6-7. Under settled Fifth Circuit law, Rule 16's good-cause standard requires the moving party to show that the prior deadline could not "reasonably be met despite the[ir] diligence" and, essentially, to explain what facts changed in the interim. *See S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citation and quotations omitted). Homeland does the opposite in its Objection, doubling down on prior admissions that it knew about the fortuity doctrine all along and intended to rely on it—but just never mentioned this defense because it thought the existing pleadings were good enough. *See* Dkt. 169 at 3-4.

Even taken at face value, that explanation is inconsistent with the diligence required by Rule 16. Courts in the Fifth Circuit consistently deny leave to amend when the moving party had sufficient knowledge of the relevant facts prior to the amendment deadline but failed to timely

seek leave to amend.  *See S&W Enters.*, 315 F.3d at 536 ("[T]he same facts were known to S&W from the time of its original complaint to the time it moved for leave to amend.  S&W could have asserted interference with contract from the beginning, but fails to explain why it did not."); *Union Pac. R.R. Co. v. Oglebay Norton Minerals, Inc.*, 2017 WL 10841702, at *4 (W.D. Tex. Nov. 15, 2017) ("Where sufficient information is already known to the party prior to the amendment deadline, however, the Court is hard pressed to find that such good cause exists.").

Homeland *admits* it had this knowledge all along and leans into this dispositive shortcoming, claiming that its longstanding awareness of the fortuity doctrine somehow supports an untimely amendment.  Dkt. 169 at 3-5.  That is just not the law.  And describing this doctrine as an "alternative legal theory" based on the same facts changes nothing.  *Id.* at 3.  Homeland itself cites a Fifth Circuit case making that clear.  In *Texas Indigenous Council v. Simpkins*, 544 F. App'x 418, 420-21 (5th Cir. 2013), the Fifth Circuit approved the *denial* of leave to amend for a new cause of action that turned on facts plaintiff had asserted all along and thus could have raised earlier.  Homeland points to a different part of the opinion that allowed plaintiff to add a statutory reference for a claim it had already pled (*id.* at 421), but that's not what is happening here.  Indeed, Homeland argues in its Objection that the fortuity doctrine is an alternative theory that differs in material ways from its existing contractual theories.  *See* Dkt. 169 at 6.  Assuming that's true, this is not a technical defect like failing to cite the right statute—and *Texas Indigenous Council* supports denial of Homeland's request for leave to amend.

The cases Homeland cites in footnote 3 do not justify a different result.  *Id.* at 3.  Three of the four apply Rule 15's more liberal amendment standard and are thus irrelevant to the good-

cause analysis here.[1]  The one case that applies Rule 16 is so distinguishable as to undermine Homeland's position.  In *Rangel v. Gonzalez Mascorro*, 2011 WL 13353220 (S.D. Tex. Aug. 19, 2011), the plaintiff "missed the deadline for leave to amend by *one* day;" provided the draft amendment to opposing counsel "well before" the scheduling-order deadline; and justified its delay by pointing to a recent deposition that had given it new evidence for new causes of action. *See id.* at *2-3.  Here, on the other hand, Homeland waited a year after the pleading deadline to seek leave; never mentioned the fortuity doctrine until its summary-judgment response; and has consistently conceded it *could* have pled this defense earlier.  *See* Dkt. 169 at 3-5; Dkt. 161 at 3-4.  Those facts are fatal under the good-cause standard.  *S&W Enters.*, 315 F.3d at 535; *see also Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227-28 (5th Cir. 2005) (affirming denial of leave when plaintiffs did not show "why this legal theory was not available [during [earlier motion for leave] or why it could not have been anticipated at that time").

At its core, Homeland's Objection is really just another challenge to this Court's already-settled conclusions that the existing pleadings do not adequately raise the fortuity doctrine and that injecting it now would unfairly surprise and prejudice Defendants.  *See* Dkt. 169 at 4-5.  Although Homeland says it "understands" that ruling (*id.* at 1 n.1), much of its "explanation" here rehashes prior arguments about the alleged sufficiency of its pleadings and about how Defendants should have seen this coming.  This Court rejected those same arguments in adopting the Magistrate Judge's earlier recommendation that Homeland had waived its fortuity doctrine defense by failing to plead it, including because the addition of this new theory would surprise and prejudice Defendants.  *See* Dkt. 161 at 3-4; *see also* Dkt. 112 at 15; Dkt. 149 (adopting report and

---

[1] *McCarty v. Bigge Crane & Rigging*, 2017 WL 10153538, at *1 (S.D. Tex. June 9, 2017) (applying Rule 15); *Garza v. Nationstar Mortg.*, 2014 WL 12599350, at *3 (S.D. Tex. Apr. 22, 2014) (same); *Valdez v. Capital Mgmt. Servs., LP*, 2010 WL 11665010, at *4 (S.D. Tex. Aug. 20, 2010) (same).

recommendation on summary judgment).  There is no reason to reconsider.  And those settled determinations confirm that this wasn't merely a "technical" defect (Dkt. 169 at 5); adding the fortuity doctrine is a substantive change that Homeland could have and should have tried earlier.

Nor do those sensible rulings authorize an untimely amendment.  Other judges in this Court have properly found that "[a]n adverse summary judgment ruling is not justification for [a party's] untimeliness."  *Powers v. Northside Indep. Sch. Dist.*, 2018 WL 3946546, at *3 (W.D. Tex. Aug. 16, 2018), *aff'd*, 951 F.3d 298 (5th Cir. 2020).  And the Magistrate Judge correctly noted that "[i]t is Homeland's responsibility, 'not the Court's, to timely plead its best case within the deadlines set by the Scheduling Order.'"  Dkt. 161 at 6 (citing *Avialae S. De R.L. De C.V. v. Cummins Inc.*, 2020 WL 7488177, at *3 (W.D. Tex. Aug. 24, 2020)).  *Avialae* drives home the point that a court's finding of pleading deficiencies is "not an adequate explanation for delay."  2020 WL 7488177, at *3.  Yet Homeland tries to rely on the exact same argument rejected in *Avialae*: that it failed to seek timely amendment because "it did not yet know that there were defects in its pleadings."  *See id.*  That argument wasn't good enough in *Avialae*.  And it's not good enough here.

When you really think about it, Homeland's "explanation" is a little disconcerting: Homeland says it intended to rely on the fortuity doctrine all along and but declined to say so explicitly.  As the R&R notes, Homeland previously filed two lengthy amended complaints (not to mention answers) and explicitly asserted twenty separate affirmative defenses.  Dkt. 161 at 6.  But it never mentioned the fortuity doctrine.  Surely that can't be just because its lawyers believed the existing pleadings would be good enough—since when do sophisticated lawyers practice that way?  The more likely explanation, unfortunately, is that Homeland opted not to specifically mention this defense for some reason.  At a minimum, Homeland was not as clear as it could have been.  That's inconsistent with the diligence required by Rule 16.

The Fifth Circuit has long held that a busy trial court "need not allow itself to be imposed upon by the presentation of theories seriatim," *i.e.*, by Homeland's strategy of pleading new theories and causes of action every time the Court rejects some existing ones.  *See Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967).  "Much of the value of summary judgment procedure…would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory." *Briddle v. Scott*, 63 F.3d 364, 380 (5th Cir. 1995) (citations and quotations omitted).  That's why we have scheduling orders: the pleadings must close at some point and litigation eventually must come to an end.  *See Freeman*, 381 F.2d at 469; *see also Avialae*, 2020 WL 7488177, at *4 (finding that untimely amendment would prejudice defendant by "forcing [it] to engage in repetitive litigation").  The Fifth Circuit in *Freeman* rejected a request for leave similar to Homeland's—even under the more liberal Rule 15 standard—because the party relied on the same facts throughout the case, "though under a different theory," but did not seek leave to amend until after an adverse summary judgment ruling.  *See Freeman*, 381 F.2d at 469.  That's not a "good cause" explanation.  And the Magistrate Judge properly rejected Homeland's argument to that effect.

### B.    Not Important

Homeland doesn't offer much in the way of independent objection on the second prong of the good-cause test: the importance of the amendment.  Dkt. 169 at 6.  That's likely because the Magistrate Judge found this factor to be "neutral" yet still denied leave to amend, so it obviously didn't play a big part in the decision.  Dkt. 161 at 7.  Homeland nevertheless argues that the R&R's importance finding "is based on the same flawed logic" as the "explanation" analysis above and says it would have amended earlier if it had known that the Court would reject this unpled doctrine.

Dkt. 169 at 6.  That's dubious at best for the reasons discussed above.  But regardless, the fact that Homeland waited so long to make this theory clear—for whatever reason—shows that it is not *that* important to its case.  *See Am. Int'l. Specialty Lines Ins. Co. v. 7-Eleven, Inc.*, 2009 WL 2337356, at *2 (N.D. Tex. July 28, 2009) ("[I]f the claims were important enough for it to desire to assert them with this suit, it could have amended its pleadings before the expiration of the deadline[.]").

### C.      Prejudice to Defendants

In objecting to the Magistrate Judge's finding on the third prong, Homeland continues to challenge *this Court's* determination that Defendants would be unfairly surprised and prejudiced by the addition of this defense.  Dkt. 169 at 6-7.  As discussed above, the Court considered all the same arguments in reviewing Homeland's objections to the R&R on summary judgment, including the Magistrate Judge's conclusion that "allowing Homeland to assert the fortuity doctrine at this late date constitutes unfair surprise that would prejudice Defendants."  Dkt. 112 at 15.  This Court adopted those recommendations in full.  Dkt. 149.  There is no basis for reconsidering, and thus no basis for reversing the corresponding finding of prejudice here.  Dkt. 161 at 7-8.

Yet Homeland argues again that there was no "actual evidence" of prejudice or surprise.  Dkt. 169 at 7.  It is not entirely clear what evidence Homeland is asking for, and it fails to cite any authority to suggest that separate evidence is necessary.  At a minimum, though, the Magistrate Judge (and this Court) had more than enough evidence to find unfair surprise and prejudice from the judicially noticeable facts about the posture of the case, the multiple prior amendments, the deadline for amended pleadings, and the late stage of this proceeding.  *See* Dkt. 161 at 8.

Homeland inadvertently drives home the prejudice point by arguing (again) that it believes the fortuity doctrine changes the case by working around the flaws in its own policy language.  *See* Dkt. 169 at 6.  Even if that's true—and frankly, just *because* Homeland argues it—allowing

amendment would require Defendants to formulate yet another new legal strategy to defeat yet another new legal theory, including through at least additional research, analysis, and dispositive-motion practice.  The Magistrate Judge properly found that is undue prejudice.  Dkt. 161 at 8.  And that conclusion fits with countless other authorities.  *See More, JB, Inc. v. NuTone, Inc.*, 2007 WL 9700713, at *2 (W.D. Tex. Apr. 18, 2007) (Pitman, M.J.) (denying leave where defendant "has prepared its defense in this action for twenty two months, without anticipating that it would have to defend against" the new claim), *report and recommendation adopted*, 2007 WL 9700712 (W.D. Tex. May 10, 2007); *Gilyard v. Texas Laurel Ridge Hosp. LP*, 2008 WL 11334956, at *1 (W.D. Tex. May 6, 2008) (finding prejudice where proposed amendment added new theories of recovery, which would have required the defendant to conduct additional discovery and research).

Homeland's description of the fortuity doctrine as a "meritorious claim" doesn't cure any prejudice.  Dkt. 169 at 7.  That's incorrect for one thing: there is no merit to this defense, although Defendants recognize this is not the time or place for those arguments.  But even setting that aside, merely calling something meritorious cannot be the standard for leave to amend.  Moving parties always *think* their new claims are meritorious.  But that doesn't dictate whether there's good cause for an untimely amendment or whether the non-moving party would be prejudiced.  In a case like this—where the moving party seeks to add the new theory late in the litigation—courts in the Fifth Circuit often find it is unfairly prejudicial to make the non-moving party beat back the new claim in the first place.  Dkt. 139 at 7 (citing cases).  The Magistrate Judge properly found just that.

### D.    Continuance Fixes Nothing

For the fourth and final factor, Homeland argues briefly that the Court could extend the dispositive-motion deadline without disrupting the February 2023 trial date and could thus

ameliorate any prejudice to Defendants.  Dkt. 169 at 7-8.  That's wrong as a matter of fact and legally unhelpful in any event.

The dispositive-motion deadline has now passed, and Defendants have just moved for summary judgment on all of Homeland's claims and defenses based on evidence uncovered in discovery (also closed).  *See* Dkt. 185.  Even if the Court allowed additional dispositive motions after briefing closes on this Objection, that ruling likely won't come until late November or early December.  It's hard to imagine that the parties would be able to fully brief and have another dispositive motion decided much before the February trial date.  So, Defendants will have no choice but to fully prepare for trial on the fortuity doctrine—and thus suffer all the same prejudice.

Even with a continuance, "Defendants would still need to expend time and money formulating new legal strategies and defenses associated with Plaintiff's new cause of action."  *Joe Hand Promotions, Inc. v. Seay*, 2018 U.S. Dist. LEXIS 223774, at *11 (W.D. Tex. Sept. 26, 2018).  The Fifth Circuit has "recognize[d] the insufficiency of a continuance in remedying increased litigation costs caused by an untimely motion to amend."  *Id.* (citing *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 424 (5th Cir. 2013) (per curiam)).  And that's particularly true in a case like this where the Court has diligently ruled on multiple dispositive motions narrowing the live claims and defenses—at some point, the pleadings have to close, not keep expanding.  Homeland has not justified an exception to that rule.  So a continuance merely furthers the prejudice to Defendants.

## CONCLUSION

For all those reasons, Defendants respectfully ask the Court to overrule Homeland's Objection (Dkt. 169) to the Magistrate Judge's recommended denial of its Motion for Leave to Amend (Dkt. 161) and to adopt those recommendations in full.

Dated:  November 16, 2022                              Respectfully submitted,

                                                       By: */s/ Ernest Martin Jr.*
                                                           Ernest Martin, Jr. [Bar No. 13063300]
                                                           Greg Van Houten*
                                                           HAYNES AND BOONE, LLP
                                                           2323 Victory Avenue, Suite 700
                                                           Dallas, TX 75219
                                                           214-651-5651 Direct
                                                           214-651-5000 Main
                                                           214-200-0519 Fax
                                                           ernest.martin@haynesboone.com
                                                           greg.vanhouten@haynesboone.com
                                                           *Admitted *Pro Hac Vice*

                                                           Mark T. Beaman [Bar No. 01955700]
                                                           Ryan Bueche [Bar. No. 24064970]
                                                           GERMER BEAMAN & BROWN PLLC
                                                           One Barton Skyway
                                                           1501 S Mopac Expy Suite A400
                                                           Austin, TX 78746
                                                           512-482-3504 Direct
                                                           512-472-0288 Main
                                                           512-472-0721 Fax
                                                           mbeaman@germer-austin.com
                                                           rbueche@germer-austin.com

                                                           **ATTORNEYS FOR DEFENDANTS**

### **CERTIFICATE OF SERVICE**

I hereby certify that, consistent with Local Court Rule CV-5, a true and correct copy of the foregoing was sent to all parties of record pursuant to the Electronic Filing Procedures and the Federal Rules of Civil Procedure on this 16th Day of November 2022.

*/s/ Ernest Martin Jr.*
Ernest Martin Jr.