IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>    Plaintiff,<br><br>v.<br><br>CLINICAL PATHOLOGY LABORATORIES, INC., AND SONIC HEALTHCARE USA, INC.,<br><br>    Defendants. | CIVIL ACTION NO.: 1-20-cv-783-RP |

**DEFENDANTS' RESPONSE TO PLAINTIFF HOMELAND INSURANCE COMPANY OF NEW YORK'S "SUPPLEMENT" TO ITS MOTIONS TO COMPEL [DKT. 187]**

On November 17, 2022, without conferring with Defendants, Plaintiff filed a "supplement" in support of its motions to compel. [Dkt. 187.] Plaintiff contends that the Court "instructed" Plaintiff to file the supplement during the hearing on its motions to compel, which was held on November 14, 2022. [*See id.* at 1.] Respectfully, Defendants do not recall the Court instructing Plaintiff to file a supplement in support of its motions to compel. If the Court did *not* instruct Plaintiff to do so, the supplement may be stricken because, after a reply brief, "[a]bsent leave of court, no further submissions on . . . motion[s] are allowed." Local Rule CV-7(e)(1).

If the Court in fact instructed Plaintiff to file the supplement, then Defendants wish to supply the Court with three clarifications regarding the supplement [Dkt. 187] and its corresponding exhibit. [Dkt. 187-1.] First, the supplement *exclusively* lists Aon documents, and the Court noted from the bench during the November 14, 2022 hearing that it was inclined to deny the first part, and would deny the second part, of Homeland's first motion to compel, which regarded the Aon documents. [*See* Dkt. 187.] Second, *all* the "category one" documents were sent *after* the March 27, 2018 anticipation of litigation date asserted by Defendants in their briefing

and discussed during the hearing, and three of the "category one" documents were sent to Defendants' outside counsel, Mr. Mark Beaman. [*See* Dkt. 187-1.] Third, *all* the "category two" documents are attachments to e-mails sent *after* the March 27, 2018 anticipation of litigation date and *after* the May 1, 2018 retention of counsel date that Defendants discussed in their briefing and during the hearing. [*See id.* at "Parent ID" and "Date" columns.] And *all* the parent e-mails associated with the "category two" document were sent to, or copied, Mr. Beaman. [*See id.*]

\*   \*   \*

Dated:  November 17, 2022

Respectfully submitted,

By: */s/ Ernest Martin Jr.*
Ernest Martin, Jr. [Bar No. 13063300]
Greg Van Houten\*
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
214-651-5651 Direct
214-651-5000 Main
214-200-0519 Fax
ernest.martin@haynesboone.com
greg.vanhouten@haynesboone.com
\*Admitted *Pro Hac Vice*

Mark T. Beaman [Bar No. 01955700]
Ryan Bueche [Bar. No. 24064970]
GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S Mopac Expy Suite A400
Austin, TX 78746
512-482-3504 Direct
512-472-0288 Main
512-472-0721 Fax
mbeaman@germer-austin.com
rbueche@germer-austin.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that, consistent with Local Court Rule CV-5, a true and correct copy of the foregoing was sent to all parties of record pursuant to the Electronic Filing Procedures and the Federal Rules of Civil Procedure on this 17th Day of November 2022.

                                                    */s/ Ernest Martin Jr.*
                                                    Ernest Martin Jr.