UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, *Plaintiff* § § § § | |
| v. § | CIVIL NO. 1-20-CV-783-RP |
| CLINICAL PATHOLOGY LABORATORIES, INC., *Defendant* § § § § | |

## ORDER

Now before the Court are Homeland Insurance Company of New York's Motion for a Protective Order to Quash Certain Categories in Defendants' Notice of Deposition Pursuant to Rule 30(b)(6), filed October 28, 2022 (Dkt. 164); Homeland Insurance Company of New York's Motion for Leave to Depose Nancy Stratton After the Discovery Cutoff, filed October 28, 2022 (Dkt. 167); and the associated response and reply briefs. By Text Orders entered November 16, 2022, the District Court referred the motions to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I. Background

On July 24, 2020, Homeland Insurance Company of New York ("Homeland") filed this insurance coverage lawsuit against Clinical Pathology Laboratories, Inc. ("CPL") and CPL's parent company, Sonic Healthcare USA, Inc. ("Sonic USA") (collectively, "Defendants"). Dkt. 1. Homeland seeks a declaration that it has no duty to reimburse Defendants for defending medical negligence lawsuits filed against them in Ireland relating to allegedly misread pap smear slides

1

used in cervical cancer screening. Homeland's Second Amended Complaint, Dkt. 56. Homeland also brings claims for breach of warranty, reformation, and promissory estoppel. *Id.* Defendants assert several counterclaims against Homeland, including breach of contract, anticipatory breach of contract, violations of the Texas Insurance Code, and a claim for attorneys' fees. Defendants' First Amended Counterclaim, Dkt. 46.

Per the Amended Agreed Scheduling Order, the discovery period closed on October 28, 2022, the dispositive motion deadline expired on November 15, 2022, and jury trial is scheduled to commence on February 27, 2023. Dkt. 183. Homeland filed the instant motions on the last day of the discovery period.

In its Motion for Leave to Depose Nancy Stratton, Homeland seeks leave under Rule 16(b)(4) to modify the Scheduling Order and depose a former CPL employee after the discovery deadline. In its Motion for a Protective Order under Federal Rule of Civil Procedure 26(c)(1), Homeland seeks to quash certain portions of Defendants' Rule 30(b)(6) deposition notice.

## II. Motion for Leave to Depose Nancy Stratton

Homeland seeks leave to depose former CPL employee Nancy Stratton, who served as CPL's Division Vice President of Quality Improvement and Risk Management and, "during the timeframe relevant to this case," as CPL's CEO/President. Dkt. 167 at 3. Homeland contends that Stratton "may have highly relevant and potentially case dispositive information under the prior knowledge exclusion, or because her knowledge can be imputed to CPL." *Id.* at 7.

### A. Local Rule CV-16(e)

Local Rule CV-16(e) provides, in relevant part, that: "Notices served before the discovery deadline that purport to schedule depositions after the discovery deadline will not be enforced." Homeland issued its deposition notice on October 24, 2022, requesting that Stratton appear for a videotaped deposition on November 1, 2022. Dkt. 167-1 at 33 ("Deposition Notice"). Accordingly,

the Deposition Notice is untimely and unenforceable under Local Rule 16(e). *See Villegas v. M.G. Dyess, Inc.*, No. 5-19-CV-01057-OLG-RBF, 2021 WL 2593633, at *3 (W.D. Tex. June 23, 2021) (finding that depositions were untimely when requested since "depositions must be completed before the discovery deadline"), *R. & R. adopted*, 2021 WL 5194901 (W.D. Tex. July 15, 2021). The Court nonetheless may grant Homeland leave to depose Stratton after the discovery deadline if Homeland shows good cause under Federal Rule of Civil Procedure 16(b)(4).

### B. Rule 16(b)(4)

The Rule 16(b) Scheduling Order in this case required the parties to "complete all discovery on or before **October 28, 2022.**" Dkt. 183 at 2. Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." To demonstrate good cause, the party seeking to modify the scheduling order has the burden to show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015). Courts consider the following factors when determining whether the moving party has demonstrated good cause for delay: (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification of the scheduling order; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Id.* The Court considers the four good cause factors in turn.

#### 1. Homeland's Explanation

Homeland asserts that it "diligently pursued Ms. Stratton's deposition," but the record does not support this argument. Dkt. 167 at 5. Homeland first sought Stratton's deposition on January 18, 2022, when it served on CPL a Notice of Deposition for Stratton's videotaped deposition on February 22, 2022. Dkt. 167-1 at 73. Homeland contends that the deposition did not take place

3

because CPL's counsel told Homeland's counsel that he had "scheduling conflicts." Brooks Decl., Dkt. 167-2 ¶ 2.

Homeland did not contact CPL about rescheduling Stratton's deposition until September 23, 2022, when Homeland's counsel emailed CPL's counsel to inquire about dates for several depositions, including Stratton's. Dkt. 167-1 at 16. Homeland appears to suggest that it did not pursue rescheduling Stratton's deposition sooner because it was busy with "significant written discovery," resulting in "submission of significant motions to compel the production of thousands of pages of documents, two of which are still pending before the Court." Dkt. 167 at 3.[1] CPL responded to Homeland's email on September 28, 2022, stating: "We do not represent Ms. Stratton at this time, and so cannot accept service of a subpoena for her deposition." Dkt. 167-1 at 20.

Homeland contends that it then sought Stratton's contact information and reached out to her directly on October 3, 2022. Dkt. 167 at 3. However, "soon thereafter, CPL's counsel informed Homeland that Ms. Stratton had reached out to CPL through counsel and that CPL was now in contact with her." *Id.* at 3-4. On October 11 and October 19, 2022, Homeland's counsel emailed CPL's counsel asking if he had any update on Stratton and whether Homeland should reach out to Stratton's new counsel. Dkt. 167-1 at 26. Homeland alleges that on October 21, 2022, CPL's counsel informed Homeland's counsel that "it could not accept service or coordinate Ms. Stratton's deposition, and that Ms. Stratton may or may not still be represented." Brooks Decl., Dkt. 167-1 ¶ 8. On October 24, 2022, Homeland served on Stratton a testimony subpoena directing her to appear for a deposition by videoconference on November 1, 2022. Dkt. 167-1 at 33.

---

[1] Homeland also notes the parties' requests to extend scheduling deadlines on February 10, 2022 and July 29, 2022 due to one attorney's medical leave and two other attorneys' paternity leave. *See* Dkt. 167 at 3. Homeland fails to explain how these extensions prevented it from rescheduling Stratton's deposition until September 28, 2022. As Homeland admits, it engaged in extensive discovery "[d]uring that time." *Id.*

4

These facts do not demonstrate that Homeland was diligent in pursuing Stratton's deposition. Homeland does not adequately explain why it waited eight months after its first deposition notice to attempt to reschedule Stratton's deposition. *See Prideaux v. Tyson Foods, Inc.*, 387 F. App'x 474, 478 (5th Cir. 2010) (finding that plaintiff failed to show good cause for waiting until the last month of the seven-month discovery period to begin process of taking depositions).

Homeland fails to allege any conduct by CPL that prevented it from scheduling Stratton's deposition before discovery closed. *See Frizell v. Pegasus Sch., Inc.*, No. A-11-CV-594 LY, 2012 WL 2839906, at *2 (W.D. Tex. July 10, 2012) (denying leave to amend scheduling order where plaintiff did not allege any conduct by defendant that prevented him from noticing the deposition before discovery closed). None of the facts on which Homeland relies excuse its delay. A plaintiff's "difficulty in obtaining discovery" from a defendant does not excuse untimely discovery requests. *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-02255-L, 2018 WL 10391736, at *2 (N.D. Tex. Dec. 17, 2018). Accordingly, Homeland has not offered a persuasive explanation why it waited until the last day of discovery to seek leave to depose Stratton. The first factor weighs against a finding of good cause.

**2. Importance of the Modification**

Homeland argues that Stratton's testimony is important to prove that CPL was aware of potentially misread slides in the CervicalCheck program before it purchased the relevant coverage because she is one of the "few executives" who "may have highly relevant and potentially case dispositive information" regarding CPL's knowledge. Dkt. 167 at 6-7. The Court agrees that Stratton's testimony appears to be relevant and important to CPL's claims in this case. The fact that Homeland waited until the last month of discovery and eight months after it initially sought her deposition, however, undercuts the alleged importance of her testimony. This factor is neutral.

5

### 3. Potential Prejudice

This case has been pending since July 24, 2020. The dispositive motion deadline expired on November 15, 2022, jury trial commences on February 27, 2023, and Defendants' Motion for Summary Judgment (Dkt. 185) is pending before the District Court. The Court finds that allowing further depositions at this late date would prejudice Defendants. As the Court previously stated: "Any amendment of the [Scheduling Order] at this late date would prejudice Defendants by way of imposing additional and avoidable costs in the form of more discovery and motion practice." Dkt. 161 at 8. The third factor weighs against a finding of good cause.

### 4. Availability of a Continuance to Cure Such Prejudice

Homeland argues that a trial continuance is unnecessary, but the dispositive motions deadline has passed. Considering the parties' arguments, the Court finds the final factor to be neutral.

### C. Conclusion as to Homeland's Motion for Leave to Depose Nancy Stratton

Two of the four relevant factors weigh against a finding of good cause under Rule 16(b)(4), two factors are neutral, and no factors weigh in favor of finding good cause. Homeland's Motion for Leave to Depose Nancy Stratton After the Discovery Cutoff (Dkt. 167) therefore is **DENIED**.

## III.  Motion for Protective Order

On October 1, 2022, Defendants served on Homeland a deposition notice pursuant to Rule 30(b)(6), requesting Homeland to designate one or more corporate representatives to testify on 45 deposition topics. Dkt. 164-1 at 4-12. Homeland filed a motion for protective order under Rule 26(c)(1) to quash 31 of the deposition topics in the Notice, contending that they impermissibly require lay witnesses to testify regarding the application of facts to the law, invade the work product doctrine, and seek irrelevant and burdensome information. In response, Defendants withdrew eight of the disputed topics, but still seek to depose Homeland's corporate representative on topics 1, 5, 6, 9-22, 29, and 34-38. Dkt. 173 at 3.

### A. Legal Standards

A trial court has "broad" and "considerable discretion" in ruling on discovery matters. *Equal Emp't Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 569 (5th Cir. 1996)).

#### 1. Rule 26

Under Rule 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A discovery request is relevant when the request seeks admissible evidence or "is reasonably calculated to lead to the discovery of admissible evidence." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Accordingly, "the scope of discovery is broad." *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011).

The scope of discovery in civil cases under Rule 26(b)(1) "does not include privileged information or, absent the showing that Federal Rule of Civil Procedure 26(b)(3) mandates, work product protected information." *Jolivet v. Compass Grp. USA, Inc.*, 340 F.R.D. 7, 17 (N.D. Tex. 2021) (cleaned up). The work product doctrine protects from discovery "documents and tangible things that are prepared in anticipation of litigation." FED. R. CIV. P. 26(b)(3)(A). It "insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries." *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991). "[W]ork product immunity protects only the documents themselves and not the underlying facts." *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982). A party asserting a privilege exemption from discovery bear the burden to demonstrate its applicability. *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

Under Rule 26(c)(1), a party "from whom discovery is sought may move for a protective order," and the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

   2. **Rule 30(b)(6)**

Rule 30(b)(6) provides, in relevant part, that a party may name a corporation as a deponent

> and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

This process "was designed to 'curb the bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2103 (3d ed. Apr. 2022 update) (quoting Rule 30(b)(6) advisory committee's note to 1970 amendment). "If the corporation objects to any matter set forth in the deposition notice, it bears the burden of demonstrating to the court that the notice is objectionable or insufficient and may file a motion for a protective order pursuant to FED. R. CIV. P. 26(c) in order to make that showing." *Westheimer Regency I, L.P. v. Great Lakes Reinsurance (UK) SE*, No. 5:18-CV-14-OLG, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018) (internal citation and quotations omitted).

**B.  Deposition Topics 1, 5, 6, 9-22, and 36-38**

In deposition topics 1, 5, 6, and 9-22, Defendants ask Homeland's corporate representative to testify regarding "[t]he factual bases" for Homeland's 19 affirmative defenses, any unknown affirmative defenses, its reformation claim, and its declaratory judgment claim. Dkt. 164-1 at 6-8. Topics 36 through 38 are:

> 36. The Interval Cancer Report, the Scally Report, the Supplemental Scally Report, and the factual basis for Plaintiff's contention that the Scally Report is not accurate and is unreliable.
>
> 37. The factual bases for Plaintiff's contention that the results of Cancer Audit Reviews may have been disclosed to treating clinicians and/or patients before February 2016, when exactly Plaintiff contends that the results of Cancer Audit Reviews were disclosed to treating clinicians and/or patients, when Plaintiff contends that one or both Defendants first knew of those disclosures, and the factual bases supporting the same.
>
> 38. The factual bases for Plaintiff's contention that Defendants knew or reasonably should have expected the Irish CervicalCheck Claims before June 30, 2013, June 30, 2016, and/or July 27, 2016.

*Id.* at 10. Homeland argues that these subjects are improper because (1) they invade attorney work product, (2) Defendants have had the opportunity to ask Homeland's witnesses about these matters, and (3): "It is a job for lawyers in the case to argue how the facts fit the law." Dkt. 164 at 2.

The mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation are entitled to protection from discovery. FED. R. CIV. P. 26(b)(3)(B). Depositions, therefore, "are designed to discover facts, not contentions or legal theories." *San Marcos Willow Springs, Ltd. v. United States Fire Ins.*, No. A-08-CA-216-LY, 2010 WL 11506381, at *3 (W.D. Tex. Jan. 4, 2010) (internal citation and quotations omitted). However, "if a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, it is its officers, employees, agents or others who must present the position, give reasons for the position, and, more importantly, stand subject to cross-examination." *Id.*

In *San Marcos*, 2010 WL 11506381, the plaintiff sued her insurance company after it failed to provide coverage for hail damage to her rental property. During the Rule 30(b)(6) deposition, the defendant insurance company's representative refused to answer several questions related to the defendant's investigation into the claim and its reason for rejecting the claim, contending that the plaintiff was seeking improper legal conclusions instead of facts. The plaintiff moved to compel. The Court rejected defendant U.S. Fire's argument and granted the motion to compel, pointing out that counsel asked the deponent, Michele Best, to identify the reasons for U.S. Fire's positions:

> The clear intent of this questioning was to obtain the underpinnings for Defendant's positions which Best, as it representative, was required to disclose. Counsel for a party has a duty to direct his client as to the obligations incumbent in the discovery process. Counsel for U.S. Fire cannot evade that duty by simply allowing Best to defer answering deposition questions on the ground that they might implicate protected information. In the Court's view, counsel for U.S. Fire had a duty to instruct Best to answer the questions by relating the factual basis of U.S. Fire's positions in order to fulfill the purpose of discovery.

*Id.* at 3.

Similar to the questions in *San Marcos*, Defendants' deposition topics 1, 5, 6, 9-22, and 36-38 ask Homeland to provide the factual bases for Homeland's affirmative defenses and claims. They do not ask Homeland's legal theories or conclusions or seek attorney work product materials. These matters thus are proper under Rule 30(b)(6). "The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve precious judicial energies." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973); *see also Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978) ("The rules are designed to narrow and clarify the issues and to give the parties mutual knowledge of all relevant facts, thereby preventing surprise.").

Accordingly, Defendants may question Homeland's corporate representative regarding deposition topics 1, 5, 6, 9-22, and 36-38, and Homeland's motion to quash as to these topics is **DENIED**.

### C. Deposition Topics 29 and 34-35

Deposition Topic 29 is: "[T]he factual assertions made by Plaintiff in the briefing it has filed in this action." Dkt. 164-1 at 9. Because Homeland's briefs are of record, Defendants already have this information, and Homeland's Motion for a Protective Order is **GRANTED** with respect to deposition topic 29.

Topics 34 and 35 are:

> 34. The factual bases for Plaintiff's contention that the parties agreed that the 2016 Letter should be incorporated into, and that it was a mutual mistake that the 2016 Letter was not incorporated into, the 2016 Policy and 2017 Policy.
> 35. The factual bases for Plaintiff's contention that the statements in the 2016 Letter constitute "warranties."

Dkt. 164-1 at 10. The Court agrees with Homeland that these requests seek legal theories and conclusions rather than relevant facts. Therefore, Homeland's Motion for a Protective Order is **GRANTED** as to deposition topics 34 and 35.

### D. Conclusion as to Homeland's Motion for Protective Order

As stated above, Homeland's Motion for a Protective Order (Dkt. 164) is **GRANTED** as to deposition topics 29, 34, and 35, and **DENIED** as to topics 1, 5, 6, 9-22, and 36-38.

### IV. Summary of Rulings

In summary,

> Homeland's Motion for Leave to Depose Nancy Stratton After the Discovery Cutoff (Dkt. 167) is **DENIED**; and
>
> Homeland's Motion for a Protective Order to Quash Certain Categories in Defendants' Notice of Deposition Pursuant to Rule 30(b)(6) (Dkt. 164) is **GRANTED IN PART and DENIED IN PART.** The Court **GRANTS** the Motion for Protective Order as to deposition topics 29, 34, and 35, and **DENIES** the Motion as to categories 1, 5, 6, 9-22, and 36-38.

It is **FURTHER ORDERED** that this case be **REMOVED** from the undersigned Magistrate Judge's docket and **RETURNED** to the docket of the Honorable Robert Pitman.

**SIGNED** on December 5, 2022.

                                              SUSAN HIGHTOWER
                                              UNITED STATES MAGISTRATE JUDGE